## ** § 362 INFORMATION COVER SHEET **

Schulte Properties LLC             18-12734-mkn             _____
**Debtor**                         **Case No:**             **Motion #:**
Wells Fargo Bank, N.A.                    **Chapter:** 11
**MOVANT**

---

**Certification of Attempt to Resolve the Matter without Court Action:**

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 06/22/2018 _____        Signature: /s/ Jason C. Kolbe _____
                                                    Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 1528 Splinter Rock Way, North Las Vegas, NV 89031

NOTICE SERVED ON:         Debtor ☒ ;      Debtors' Counsel ☒;          Trustee ☒

DATE OF SERVICE: 06/22/2018 _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: * <br><br> Movant: $138,857.18 <br><br> Total Encumbrances: $138,857.18 <br><br> APPRAISAL or OPINION as to VALUE: <br> "Per attached Schedule "A" $246,775.00 | The EXTENT and PRIORITY of LIENS: <br><br> 1st _____ <br> 2nd _____ <br> Other: _____ <br> Total Encumbrances: $_____ <br><br> APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR:*** <br><br> Amount of Note: $132,600.00 <br> Interest Rate: 7.500% <br> Duration: 30 Year <br> Payment Per Month: $927.16 <br> Date of Default: 01/01/2013 <br> Amount of Contractual Arrearages: $47,728.56 <br> Date of Notice of Default:  12/01/2017 <br> SPECIAL CIRCUMSTANCES: **The undersigned hereby certifies that an attempt has been made to confer with debtor(s) counsel, or with debtor(s) and that more than three (3) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.** <br><br> SUBMITTED BY:  Jason C. Kolbe _____ <br><br> SIGNATURE: /s/ Jason C. Kolbe _____ | **DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT:** <br><br><br><br><br><br><br><br><br><br> SPECIAL CIRCUMSTANCES: <br><br> SUBMITTED BY: _____ <br><br> SIGNATURE: _____ |

\* All amounts due to Movant as of May 24, 2018.

**TIFFANY & BOSCO, P.A**
Jason C. Kolbe, Esq.
Nevada Bar No. 11624
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com

Wells Fargo Bank, N.A.
09-74153

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

## LAS VEGAS DIVISION

| In Re: | BK Case No.: 18-12734-mkn |
|---|---|
| Schulte Properties LLC | Date: 07/25/2018<br>Time: 9:30 AM |
| | Chapter 11 |
| Debtor. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND IN REM RELIEF

 Wells Fargo Bank, N.A., Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 1528 Splinter Rock Way, North Las Vegas, NV 89031 (the "Property").  In further support of this Motion, Movant respectfully states:  This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

 It is abundantly clear from the Debtor's repeated filings and lack of intent to complete his previous bankruptcy cases that the Debtor intends to file the cases to forestall Secured Creditor from pursuing its state law remedies against the Property.  Secured Creditor further requests the Court grant *in rem* relief pursuant to section 11 U.S.C. § 362(d)(4)(B), and the stay imposed under Rule 4001(a)(3), Fed. R. Bankr. P. be waived.

I.    **RELEVANT FACTS**

1.      On 02/29/1996, John and Shellie Killilee executed a Note secured by a Deed of Trust in the amount of $132,600.00 in which Secured Creditor became the beneficiary via Corporation Assignment of Deed of Trust.  Attached hereto as Exhibits "A", "B", and "C" are the Note, Deed of Trust, and Corporation Assignment of Deed of Trust relating to the subject Property.  Movant is an entity entitled to enforce the Note and Deed of Trust.

2.      Movant is informed and believes and therefore alleges that the Debtors and bankruptcy estate have insufficient equity in the property.   The fair market value of the property pursuant to Debtors' Schedule "A" is $246,775.00, less ten percent (10%) cost of marketing, less the first and second secured liens resulting in insufficient equity.  Therefore, secured creditor is not adequately protected.  A copy of the Debtors' Schedule "A" is attached hereto as Exhibit "D".

3.      John and Shellie Killilee executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. Then the property was grant deeded to Melanie and William Schulte in July 06, 1998 attached hereto as Exhibit "E"

4.      There is no Loan Modification in process.

5.      On August 24, 2004, an unauthorized grant deed was executed and subsequently recorded on August 24, 2004, with the Clark County Recorder's office whereby William R. Schulte and Melani Schulte, as Joint Tenants, purported to transfer an interest in the Property to 1528 Splinter Rock, LLC, as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

6.      On May 10, 2007, an unauthorized grant deed was executed and subsequently recorded on May 10, 2007, with the Clark County Recorder's office whereby 1528 Splinter Rock, LLC, purported to transfer an interest in the Property to William and Melani Schulte Trust, as a "gift," for no

consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

7.    On May 10, 2007, an unauthorized grant deed was executed and subsequently recorded on May 10, 2007, with the Clark County Recorder's office whereby William and Melani Schulte Trust, purported to transfer an interest in the Property to a Melani Schulte, a married woman, as her sole and separate property as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

8.    On May 10, 2007, an unauthorized grant deed was executed and subsequently recorded on January 09, 2008, with the Clark County Recorder's office whereby Melani Schulte, a married woman, as her sole and separate property, purported to transfer an interest in the Property to a William and Melani Schulte Trust as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

9.    On May 10, 2007, an unauthorized grant deed was executed and subsequently recorded on January 09, 2008, with the Clark County Recorder's office whereby William and Melani Schulte Trust, purported to transfer an interest in the Property to a 1528 Splinter Rock, LLC,  as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

10.    On October 28, 2010, an unauthorized grant deed was executed and subsequently recorded on November 01, 2010, with the Clark County Recorder's office whereby 1528 Splinter Rock, LLC, purported to transfer an interest in the Property to a William R. Schulte and Melani Schulte, husband and wife, as Joint Tenants with right of survivorship as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

11.    On August 16, 2013 an unauthorized grant deed was executed and subsequently recorded on August 21, 2013, with the Clark County Recorder's office whereby William R. Schulte and Melani Schulte, husband and wife, as Joint Tenants with right of survivorship, purported to transfer an interest in the Property to a Melani Schulte, a single unmarried woman, as her sole and separate

property as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

12.    On May 30, 2017 an unauthorized grant deed was executed and subsequently recorded on May 30, 2017, with the Clark County Recorder's office whereby Melani Schulte, a single unmarried woman, as her sole and separate property, purported to transfer an interest in the Property to a Schulte Properties LLC, a Nevada Limited Liability Company as a "gift," for no consideration. A copy of the unauthorized grant deed is attached hereto as Exhibit F, and incorporated herein by reference.

13.    On 06/08/2009, William R. and Melani Schulte filed their first voluntary petition seeking protection under Chapter 7 of the Bankruptcy Code in the District of Nevada (Bankruptcy Case 09-19658-BAM) (the "First Case").

14.    On 08/04/2009, the First Case was dismissed for failure to file information.

15.    On 10/11/2009, William R. and Melani Schulte filed their second voluntary petition seeking protection under Chapter 11, of the Bankruptcy Code in the District of Nevada (Bankruptcy Case No: 09-29123-MKN) (the "Second Case").

16.    On 12/15/2015, the Second Case was discharged.

17.    On 05/31/2017, Schulte Properties, LLC filed their third voluntary petition seeking protection under Chapter 11 of the Bankruptcy Code in the District of Nevada (Las Vegas) (Bankruptcy Case No: 17-12883-MKN) (the "Third Case").

18.    On 01/16/2018, the Third Case was dismissed for other reasons.

19.    On 05/10/2018, Schulte Properties, LLC filed their fourth voluntary petition seeking bankruptcy protection under Chapter 11of the Bankruptcy Code in the District of Nevada (Bankruptcy Case No: 18-12734-MKN) (the "Fourth Case").

II.    **LEGAL ARGUMENT**

    **A.  Relief From Stay Pursuant to 11 U.S.C. § 362(d)(1) and (2) is Warranted.**

Secured Creditor requests that the Court enter an Order terminating the automatic stay as to this Secured Creditor. This loan is contractually due for 01/01/2013. Bankruptcy Code Sections 362(d)(1) and (2) provide as follows:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization;

This loan is contractually due for 01/01/2013, and as of 06/19/2018 has $47,728.56 in monthly payment arrears. Although the majority of the arrears are pre-petition delinquency, it is important to note the Borrower has been in and out of bankruptcy four times since 06/08/2009, in an obvious attempt to avoid foreclosure. The Borrowers have been filing bankruptcies with no apparent intention of fulfilling the requirements of the Bankruptcy Code. Additionally, the Secured Creditor lacks adequate protection. Therefore, cause for relief under section 362(d)(1) exists.

**B. *In Rem* Relief is Warranted Under Section 11 U.S.C. § 362(d)(4)(B) as the Debtor is Scheming to Delay Foreclosure by the Filing of Multiple Bankruptcies.**

Section 11 U.S.C. § 362(d)(4)(B) states:
> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> . . . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> > (B) multiple bankruptcy filings affecting such real property.

*In rem* relief is critical here because the Debtor is clearly seeking to delay and hinder the exercise of the Secured Creditor's rights, particularly with respect to foreclosure. In this case, even if the Court lifts the stay, Secured Creditor will have to expend additional fees and costs seeking relief in future bankruptcy filings, unless *in rem* relief is granted.

Secured Creditor requests, pursuant to 11 U.S.C.§ 362(d)(4), that the Court's order lifting the automatic stay contain findings that (1) Debtor's bankruptcy is part of a scheme; (2) the object of the scheme is to delay and hinder Secured Creditor; and (3) the scheme involves multiple bankruptcy filings affecting the Property.  In other words, Secured Creditor asks that the order lifting the stay be binding, *in rem*, with respect to the Property.  Secured Creditor submits that, in light of the factual history presented above, there can be no doubt that the requirements of section 362(d)(4)(B) are met.

## **CONCLUSION**

Based on the foregoing reasons, Secured Creditor requests that the Court lift the stay pursuant to 11 U.S.C. § 362(d)(1) and (2).  Moreover, Secured Creditor also requests pursuant to 11 U.S.C. § 362(d)(4)(B), that the Court grant *in rem* relief and that the order contain findings that (1) Debtor's bankruptcy is part of a scheme; (2) the object of the scheme is delay and hinder, Secured Creditor; and (4) the scheme involves multiple bankruptcy filings affecting the Subject Property.

DATED this 21st day of June, 2018.


**TIFFANY & BOSCO, P.A**

By:/s/ Jason C. Kolbe

**JASON C. KOLBE, ESQ.**
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

**TIFFANY & BOSCO, P.A**
Jason C. Kolbe, Esq.
Nevada Bar No. 11624
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com

Wells Fargo Bank, N.A.
09-74153

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

## LAS VEGAS DIVISION

| In Re: | BK 18-12734-mkn |
|---|---|
| Schulte Properties LLC | Date: 07/25/2018<br>Time: 9:30 AM |
| | Chapter 11 |
| Debtor | |

## [PROPOSED] ORDER TERMINATING AUTOMATIC STAY AND GRANTING IN REM RELIEF

The Court has reviewed the Secured Creditor's Motion for Relief from Automatic Stay and In Rem Relief:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is terminated as to the Debtor and the Trustee in favor of Secured Creditor Wells Fargo Bank, N.A, its assignees and/or successors in interest, of the subject

property, generally described as 1528 Splinter Rock Way, North Las Vegas, NV 89031 and legally

described as follows:

THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO 3

- RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON FILE

IN BOOK 54 OF PLATS, PAGE 7. IN THE OFFICE OF THE COUNTY RECORDER OF CLARK

COUNTY NEVADA.

      IT IS FURTHER ORDERED that *in rem* relief pursuant to 11 USC 362(d)(4)(B) be and hereby

is granted with respect to the Subject Property and that this order shall be binding in any other case

under the United States Bankruptcy Code purporting to affect such real property filed not later than 2

years after the date of the entry of this order by the court.

      IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Order is binding and

effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of

the United States Code.

**Submitted by:**

**TIFFANY & BOSCO, P.A**

By:/s/ Jason C. Kolbe
**Jason C. Kolbe, Esq.**
Attorney for Secured Creditor

**APPROVED / DISAPPROVED**

By:
Matthew L. Johnson
Attorney for Debtor(s)

**APPROVED / DISAPPROVED**

By:
U.S. Trustee - LV - 11
Chapter 13 Trustee

**TIFFANY & BOSCO, P.A**
Jason C. Kolbe, Esq.
Nevada Bar No. 11624
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com

Wells Fargo Bank, N.A.
09-74153 UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| In Re: | BK Case No.: 18-12734-mkn |
|---|---|
| Schulte Properties LLC | Date: 07/25/2018<br>Time: 9:30 AM |
| | Chapter 11 |
| Debtor. | |

### CERTIFICATE OF SERVICE OF NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY AND IN REM RELIEF

1.  On 06/22/2018 I served the following documents:

    *NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY AND IN REM RELIEF*

2.  I served the above-named documents by the following means to the persons as listed below:

    X  **a. ECF System**

        Matthew L. Johnson
        annabelle@mjohnsonlaw.com
        Attorney for Debtor

        U.S. Trustee - LV - 11
        USTPRegion17.lv.ecf@usdoj.gov
        Trustee

X   **b. United States mail, postage fully prepaid:**

Matthew L. Johnson
8831 West Sahara Avenue
Las Vegas, NV 89117
Attorney for Debtor

Schulte Properties LLC
9811 W. Charleston Blvd.
Ste 2-351
Las Vegas, NV  89117
Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 21st day of June, 2018.

By: /s/ Brad Anderson

# Exhibit A

# NOTE

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

FEBRUARY 29th, 1996    ,            LAS VEGAS        , NEVADA
[Date]                          [City]                   [State]

1528 SPLINTER ROCK WAY, NORTH LAS VEGAS, NEVADA 89031
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $      **132,600.00**    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is

PROVIDENT SAVINGS BANK, F.S.B.

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **7.500** %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the    **first**    day of each month beginning on    **April 1** **1996**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **March 1**    ,    **2026**    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **3756 CENTRAL AVENUE, RIVERSIDE, CA 92506**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $    **927.16**    .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **4.00** % of my overdue payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument

Form 3200 12/83
Amended 4/92

VMP ®-5V (9204)
VMP MORTGAGE FORMS - (313)293-8100 - (800)521-7291
Page 1 of 2    Initials:

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. ALLONGE TO THIS NOTE

If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge        ☐ Other [Specify]                ☐ Other [Specify]

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Regulations (38 C.F.R. Part 36) issued under the Department of Veteran's Affairs ("V.A.") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JOHN KILLILEE                -Borrower
SSN: ▆▆▆▆▆

_____ (Seal)
SHELLIE KILLILEE             -Borrower
SSN: ▆▆▆▆▆

_____ (Seal)
SSN:                         -Borrower

_____ (Seal)
SSN:                         -Borrower

**PAY TO THE ORDER OF**

**WITHOUT RECOURSE**

**NORWEST MORTGAGE INC.**
BY: PROVIDENT SAVINGS BANK, FSB

SIGNED: _____

NAME: RICHARD L. GALE, SENIOR VICE PRESIDENT

*(Sign Original Only)*

WITHOUT RECOURSE
PAY TO THE ORDER OF

NORWEST MORTGAGE, INC.
By _____
Anne McAnallen
Assistant Secretary

VMP -5V (9204)                Page 2 of 2                Form 3200 12/83

WHEN RECORDED MAIL TO:

PROVIDENT SAVINGS BANK
3755 CENTRAL AVENUE
RIVERSIDE, CA   92506

Exhibit B

─────────── [Space Above This Line For Recording Data] ───────────

# DEED OF TRUST

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS DEED OF TRUST ("Security Instrument") is made on    **FEBRUARY 29th, 1996**                    . The grantor is
**JOHN KILLILEE  AND**
**SHELLIE KILLILEE , HUSBAND AND WIFE**

("Borrower"). The trustee is      **PROVIDENT FINANCIAL CORP., A CALIFORNIA CORPORATION**

("Trustee"). The beneficiary is   **PROVIDENT SAVINGS BANK, F.S.B.**

which is organized and existing under the laws of   **THE UNITED STATES OF AMERICA**                , and whose
address is **3755 CENTRAL AVENUE, RIVERSIDE, CA 92506**

("Lender"). Borrower owes Lender the principal sum of
**ONE HUNDRED THIRTY TWO THOUSAND SIX HUNDRED & 00/100**

Dollars (U.S. $      **132,600.00** )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on **MARCH 1st, 2026**              . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of
this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described
property located in          **CLARK**                                            County, Nevada:
**THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO
3 - RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON
FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF
CLARK COUNTY, NEVADA.**

which has the address of      **1528 SPLINTER ROCK WAY, NORTH LAS VEGAS**
Nevada          **89031**            [Zip Code]  ("Property Address"):                        [Street, City].

NEVADA- Single Family -FNMA/FHLMC UNIFORM
           INSTRUMENT  Form 3029 9/90
-BV(NV) (9409)              Amended 8/93
    VMP MORTGAGE FORMS - (330)521-7291
Page 1 of 8                    Initials: _____

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any, (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Form 3029 9/90

Initials: JJK

-6V(NV) (9302)                          Page 2 of 8

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

-6V(NV) (9401)

Page 3 of 6

Form 3029 9/90
Initials: _____

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

 -6V(NV) (9309)

Page 5 of 6

Form 3029 9/90
Initials: _____

20. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Reconveyance.    Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

23. Substitute Trustee. Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

24. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S.
$

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☒ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ V.A. Rider | ☒ Other(s) [specify] ASSUMPTION POLICY RIDER | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____     _____ (Seal)
                                                                JOHN KILLILEE                        -Borrower

_____     _____ (Seal)
                                                                SHELLIE KILLILEE                   -Borrower

_____ (Seal)      _____ (Seal)
                                       -Borrower                                                    -Borrower

STATE OF NEVADA
COUNTY OF    Clark

This instrument was acknowledged before me on    February 29, 1996                              by
John Killilee and Shellie Killilee

GAYLENA S. GORGAS
Notary Public · Nevada
Clark County
My appt. exp. Apr. 5, 1997

                                                          _____
My Commission Expires:    4-5-97

@D -5V(NV) (9402)                      Page 6 of 6                      Form 3029 9/90

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 29th    day of    FEBRUARY    .
1996   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

PROVIDENT SAVINGS BANK, F.S.B.

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

1528 SPLINTER ROCK WAY,
NORTH LAS VEGAS, NEVADA 89031

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

COVENANTS, CONDITIONS, AND RESTRICTIONS                  (the "Declaration").

The Property is a part of a planned unit development known as

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations.  Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance.  So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

(i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

(ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. Public Liability Insurance.  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3150  9/90

Page 1 of 2
VMP MORTGAGE FORMS  (313)293-8100  (800)521-7291

-7 (9103)

Initials: ___

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 10.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to.

(i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association, or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
JOHN KILLILEE                            -Borrower

_____ (Seal)
SHELLIE KILLILEE                         -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         Borrower



## VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER is made this    29th    day of FEBRUARY    ,    1996    , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Deed to Secure Debt (herein "Security Instrument") dated of even date herewith, given by the undersigned (herein "Borrower") to secure Borrower's Note to

PROVIDENT SAVINGS BANK, F.S.B.

(herein "Lender") and covering the Property described in the Security Instrument and located at

1528 SPLINTER ROCK WAY, NORTH LAS VEGAS, NEVADA 89031
(Property Address)

VA GUARANTEED LOAN COVENANT. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of Borrower and Lender. Any provisions of the Security Instrument or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the Lender may accelerate payment of the secured indebtedness pursuant to Covenant 17 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

LATE CHARGE: At Lender's option, Borrower will pay a "late charge" not exceeding four per centum (4%) of the overdue payment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby

GUARANTY. Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY. This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) ASSUMPTION FUNDING FEE: A fee equal to one-half of 1 percent (.50%) of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of

VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

-538B (9504)    1/95

VMP MORTGAGE FORMS (800)521-7291

Page 1 of 2    Initials _____

transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Borrower(s) has executed this VA Guaranteed Loan and Assumption Policy Rider.

JOHN KILLIAN _____
                                          -Borrower

SHELLIE KILLIAN _____
                                          -Borrower

_____
                                          -Borrower

_____
                                          -Borrower

-538B (9504) 01                    Page 2 of 2

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
OLD REPUBLIC TITLE COMPANY OF NE

03-05-96  14:52   JMC        10
                OFFICIAL RECORDS
BOOK:   960305  INST:   01234

FEE:      16.00  RPTT:        .00

Exhibit C

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME  **PROVIDENT SAVINGS BANK**
ADDRESS  **3756 CENTRAL AVENUE**
CITY &  **RIVERSIDE, CA  92506**
STATE

LOAN #

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Corporation Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

**NORWEST MORTGAGE INC., A CALIFORNIA CORPORATION**

all beneficial interest under that certain Deed of Trust dated **FEBRUARY 29,**            **1996**            ,
executed by  **John Killilee AND**
    **Shellie Killilee, HUSBAND AND WIFE**

, Trustor            ,

to **PROVIDENT FINANCIAL CORP, A CALIFORNIA CORPORATION**
Trustee, and recorded as Instrument No.    **01234**        on  **3/05/96**            in book            ,
page   **\*\***   , of Official Records in the County Recorder's office of  **CLARK**
County, California, describing land therein as:  **\*\*NEVADA**
    **THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO**
    **3 - RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON**
    **FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF**
    **CLARK COUNTY, NEVADA.**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Deed of Trust.
    **PROVIDENT SAVINGS BANK, F.S.B.**

Dated    **04/09/96**

**RICHARD L. GALE, SENIOR VICE PRESIDENT**

**State of California**
**County of RIVERSIDE**            } ss.

**E. H. SNYDER, ASSISTANT VICE PRESIDENT**

On  **4/10/96**                before me,   **KIMBERLY A. SAMSON, NOTARY PUBLIC**
personally appeared   **RICHARD L. GALE AND E. H. SNYDER**

, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ (Seal)
**KIMBERLY A. SAMSON**

FOR NOTARY SEAL OR STAMP

KIMBERLY A. SAMSON
COMM. #1017218
Notary Public - California
Riverside County
My Comm. Exp. Oct. 17, 1997

Title Order No.            Escrow No.

VMP -901(CA) (9402)                2/94
VMP MORTGAGE FORMS - (800)521-7291



CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

PROVIDENT SAVINGS BANK

06-18-96   14:54    NEL        2
OFFICIAL RECORDS
BOOK:   960618   INST:    01640

FEE:      8.00   RPTT:        .00



**State of California**

## SECRETARY OF STATE

I, *BILL JONES*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this day of

APR 1 1 2000

_____

Secretary of State

Sec/State Form CE-107 (rev. 9/88)

A0542642

## CERTIFICATE OF AMENDMENT
## OF
## ARTICLES OF INCORPORATION
## OF
## NORWEST MORTGAGE, INC.

ENDORSED-FILED
IN THE OFFICE OF THE
SECRETARY OF STATE
OF THE STATE OF CALIFORNIA

APR -3 2000

BILL JONES, SECRETARY OF STATE

We, James M. Strother, the Secretary, and David V. Gorsche, the Assistant Vice President of Norwest Mortgage, Inc., a corporation duly organized and existing under the laws of the State of California, do hereby certify:

1.    That they are the Secretary and Assistant Vice President, respectively, of Norwest Mortgage, Inc., a California corporation.

2.    That an Amendment to the Articles of Incorporation of this corporation has been approved by the board of directors.

3.    The Amendment so approved by the board of directors is as follows:

Article I of the Articles of Incorporation of this corporation is hereby amended to read as follows:

Article I:  The name of this Corporation is Wells Fargo Home Mortgage, Inc.

4.    The foregoing Amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with section 902 of the Corporations Code. The total number of outstanding shares of Corporation is 100. The number of shares voting in favor of the amendment equaled or exceeding the vote required. The percentage vote required was more than fifty percent (50%).

5.    That this certificate shall become effective on April 14, 2000.

Each of the undersigned declares under penalty of perjury of the laws of California that the statements contained in the foregoing certificate are true of their own knowledge.

Executed at Des Moines, Iowa on March 29, 2000.

James M. Strother, Secretary

David V. Gorsche, Assistant Vice President





## State of California

## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of _*9*_ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

MAY – 5 2004



Secretary of State

Sec/State Form CE-107 (rev. 1/03)

OSP 03 80510

05/05/2004 11:56 FAX 415 393 8304          GD&C S.F.#2                    ☑002

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

MAY − 5 2004

**KEVIN SHELLEY**
**Secretary of State**

## AGREEMENT OF MERGER OF
## WELLS FARGO HOME MORTGAGE, INC.
### INTO
## WELLS FARGO BANK, NATIONAL ASSOCIATION

THIS AGREEMENT OF MERGER (the "Agreement") entered into and to be effective on the Effective Time set forth below, is by and between Wells Fargo Home Mortgage, Inc., a California corporation ("Mortgage Company"), and Wells Fargo Bank, National Association, a national banking association ("WFB").

### WITNESSETH

WHEREAS, Mortgage Company and WFB have entered into an agreement and plan of merger dated April 30, 2004.

WHEREAS, the Boards of Directors of each of Mortgage Company and WFB deem it advisable and in their mutual best interests and in the best interests of the shareholders of each of Mortgage Company and WFB that Mortgage Company merge (the "Merger") with and into WFB, with WFB as the surviving corporation of the Merger.

NOW THEREFORE, in consideration of the promises and the mutual covenants set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

### AGREEMENT

1.      **Merger.**  Upon the Effective Time, as defined below, Mortgage Company shall be merged with and into WFB in accordance with the provisions of 12 U.S.C. § 215 et seq. (the "US Law") and the General Corporation Law of California, Section 1100 et seq. (the "CA Law").  For purposes of the US Law, the CA Law and this Agreement, WFB shall be the surviving corporation, and Mortgage Company shall be the disappearing corporation.

2.      **Surviving Corporation.**  Mortgage Company shall be merged with and into WFB and WFB shall be the surviving corporation (the "Surviving Corporation").  The name of the Surviving Corporation shall be Wells Fargo Bank, National Association.

3.      **Effective Time.**  The Merger shall become effective as prescribed by law (the "Effective Time").

4.      **Compliance With the Law.**  The parties shall take such steps as may be necessary under the US Law, the CA Law or otherwise to give effect to this Agreement, including the filing of a copy of this Agreement in the offices of the Secretary of State of the State of California, together with the certificates required by Section 1103 of the CA Law.

5.      **Articles of Incorporation.**  The Articles of Association of WFB shall not be amended as a result of the Merger and shall be the Articles of Association of the Surviving Corporation.

6.      **Board of Directors.**  The Board of Directors of the Surviving Corporation immediately following the Effective Time shall be those persons serving as directors of WFB as of the Effective Time until the next annual meeting of the shareholders, or until such time as their successor have been elected and have qualified.

7.      **Officers.**  The officers of WFB as of the Effective Time shall be the officers of the Surviving Corporation, each of whom shall hold office in accordance with the Articles of Association and Bylaws of the Surviving Corporation for the term prescribed in the Bylaws except that (i) John G. Stumpf shall be the Chairman of the Board and Carrie L. Tolstedt shall be President of the Association, (ii) each person who is now Chairman, President, Chief Executive Officer or Executive Vice President of Mortgage Company shall be elected or appointed to such officer position, if any, of the Surviving Corporation as the Board of Directors shall determine, and (iii) each person who now holds the position of Secretary, Cashier, Treasurer, Controller, or Chief Financial Officer of Mortgage Company shall relinquish such position as of the Effective Time.

8.      **Effect on Outstanding Shares of Disappearing and Surviving Corporation.**  At the Effective Time, all outstanding shares of common stock, no par value per share, of Mortgage Company issued and outstanding immediately prior to the Effective Time shall be cancelled without consideration and cease to exist as of the Effective Time, and no securities of the Surviving Corporation or any other corporation, or any money or property, shall be issued or transferred in exchange therefor.  One shareholder owns all of the outstanding shares of Mortgage Company.  At the Effective Time, the outstanding shares of WFB shall remain outstanding.

9.      **Effect of Merger.**  The effect of the Merger shall be as set forth in the US Law and the CA Law.  Without limiting the generality of the foregoing and subject thereto, at the Effective Time, all the properties, rights, privileges, powers and franchises of Mortgage Company and WFB shall vest in the Surviving Corporation, and all debts, liabilities and duties of Mortgage Company and WFB shall become the debts, liabilities and duties of the Surviving Corporation.

10.     **Further Assurances.**  WFB shall, from time to time, take all such actions, and execute and deliver, or cause to be executed and delivered, all such instruments and documents, as WFB may deem necessary or advisable to carry out the intent and purpose of the Merger.

11.     **Miscellaneous.**

        (a)      **Governing Law.**  This Agreement shall be governed by, and shall be construed and enforced in accordance with, the US Law.

        (b)      **Headings.**  The headings and subheadings used in this Agreement are for convenience of reference only and shall not be considered in construing this Agreement.

Merger CA docs - WFHM into WFB050404FINAL          2

    (c)    **Counterpart Execution.**  This Agreement may be executed in multiple counterparts with the same effect as if all parties hereto had signed the same document.  All counterparts so executed shall be deemed to be an original, shall be construed together and shall constitute one Agreement.

    (d)    **Severability.**  In the event any provision, or portion thereof, of this Agreement is held by a court having proper jurisdiction to be unenforceable in any jurisdiction, then such portion or provision shall be deemed to be severable as to such jurisdiction (but, to the extent permitted by law, not elsewhere) and shall not affect the remainder of this Agreement, which shall continue in full force and effect.  If any provision of this Agreement is held to be so broad as to be unenforceable, such provision shall be interpreted to be only so broad as is necessary for it to be enforceable.

    (e)    **Amendments.**  This Agreement may not be amended except by an instrument in writing, specifying such amendment, alteration or modification, signed by each of the parties hereto.  Such amendment must occur prior to the Effective Time.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

05/05/2004 11:58 FAX 415 393 8304          GD&C S.F.#2                          ☑005

 

 

 

      IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of May 4, 2004.

 

 

                                     **WELLS FARGO BANK,**
                                     **NATIONAL ASSOCIATION**

                           By:_____
                                James E. Hanson
                                Vice President

 

                                  Patricia A. Ruedenberg
                                  Assistant Secretary

 

                         **WELLS FARGO HOME MORTGAGE, INC.**

                         By:_____
                             _____
                             _____

 

                      _____
                         _____
                         _____

 

 

*[Signature Page to Agreement of Merger of*
*Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank, National Association.]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of May 4, 2004.

**WELLS FARGO BANK,
NATIONAL ASSOCIATION**

By:_____
  James E. Hanson
  Vice President

_____
  Patricia A. Ruedenberg
  Assistant Secretary

**WELLS FARGO HOME MORTGAGE, INC.**

By:_____
  Michael J. Heid
  Executive Vice President

_____
  David V. Gorsche
  Assistant Secretary

*[Signature Page to Agreement of Merger of
Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank, National Association.]*

## CERTIFICATE OF APPROVAL
## OF
## AGREEMENT OF MERGER
## OF
## WELLS FARGO BANK, NATIONAL ASSOCIATION,
a national banking association

We, James E. Hanson and Patricia A. Ruedenberg, do hereby certify:

1.    That we are the duly elected and acting Vice President and Assistant Secretary, respectively, of Wells Fargo Bank, National Association, a national banking association (the "Corporation");

2.    That the Agreement of Merger in the form attached and the terms thereof were duly approved by the board of directors of the Corporation;

3.    That the Agreement of Merger in the form attached and the terms thereof were approved by the holders of 100% of the outstanding shares of the Corporation; and

4.    That, as of the date hereof, Wells Fargo Bank had (i) 1,225,000 shares of preferred stock, with a par value of $.01 per share authorized, of which no shares were outstanding, and (ii) 112,200,000 shares of common stock, with a par value of $10 per share authorized, of which 52,015,261 shares of common stock were issued and outstanding.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATED: May 4, 2004

_____
James E. Hanson
Vice President

_____
Patricia A. Ruedenberg
Assistant Secretary

*[Signature Page to Certificate of Approval of Agreement of Merger of*
*Wells Fargo Bank, National Association]*

## CERTIFICATE OF APPROVAL
### OF
### AGREEMENT OF MERGER
### OF
### WELLS FARGO HOME MORTGAGE, INC.,

a California corporation

We, Michael J. Heid and David V. Gorsche, do hereby certify:

1.     That we are the duly elected and acting Executive Vice President and Assistant Secretary of Wells Fargo Home Mortgage, Inc., a California corporation (the "Corporation");

2.     That the Agreement of Merger in the form attached and the terms thereof were duly approved by the board of directors of the Corporation;

3.     That the Agreement of Merger in the form attached and the terms thereof were approved by the holder of 100% of the outstanding shares of the Corporation; and

4.     That, as of the date hereof, there is only one class of shares of the Corporation and the number of shares outstanding is 100.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Merger-Agmt of Merger into WFB.doc

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATED: May 4, 2004

_____
Michael J. Heid
Executive Vice President

_____
David V. Gorsche
Assistant Secretary

*[Signature Page to Certificate of Approval of Agreement of Merger of Wells Fargo Home Mortgage, Inc., a California corporation]*





# State of California

## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___l___ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.

*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this day of

MAY - 5 2004



Secretary of State

Sec/State Form CE-107 (rev. 1/03)

OSP 03 80510

**STATEMENT AND DESIGNATION
BY FOREIGN CORPORATION**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

MAY – 4 2004

**KEVIN SHELLEY**
Secretary of State

Wells Fargo Bank, National Association
_____
(Name of Corporation)

_____, a corporation organized and existing under the

laws of _____ the United States of America _____ , makes the following statements and designation:
(State or Place of Incorporation)

1.  The address of its principal executive office is _____

    101 North Phillips Avenue, Sioux Falls, South Dakota  57104

2.  The address of its principal office in the State of California is _____

    464 California Street, San Francisco, California  94163

**DESIGNATION OF AGENT FOR SERVICE OF PROCESS IN THE STATE OF CALIFORNIA**
(Complete either Item 3 or Item 4.)

3.  (Use this paragraph if the process agent is a natural person.)

    _____ , a natural person residing in the State of

    California, whose complete address is _____

    _____ , is designated as agent upon whom process directed to
    this corporation may be served within the State of California, in the manner provided by law.

4.  (Use this paragraph if the process agent is a corporation.)

    Corporation Service Company which will do business in California as
    CSC-Lawyers Incorporating Service _____ , a corporation organized and existing

    under the laws of _____ Delaware _____ , is designated as agent upon whom process directed
    to this corporation may be served within the State of California, in the manner provided by law.

    **NOTE:  Corporate agents must have complied with California Corporations Code Section 1505
    prior to designation.**

5.  It irrevocably consents to service of process directed to it upon the agent designated above, and to service
    of process on the Secretary of State of the State of California if the agent so designated or the agent's
    successor is no longer authorized to act or cannot be found at the address given.

    _____
    (Signature of Corporate Officer)

    James E. Hanson, Vice President
    _____
    (Typed Name and Title of Officer Signing)

Secretary of State Form
S&DC-STOCK/NONPROFIT (05/2003)



Debtor **SCHULTE PROPERTIES LLC**                                    Case number *(If known)* **18-12734**
        Name

☐ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

| Part 9: | Real property |

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest *(Where available)* | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **1528 Splinter Rock Way, North Las Vegas, NV 89031 [Value is based on Zillow.com estimate]** | Fee simple | $0.00 | | $246,775.00 |
| 55.2.  **2614 Sweet Leilani Ave, North Las Vegas, NV 89031 [Value is based on Zillow.com estimate]** | Fee Simple | $0.00 | | $272,178.00 |
| 55.3.  **3729 Discovery Creek Ave, North Las Vegas, NV 89031 [Value is based on Zillow.com estimate]** | Fee Simple | $0.00 | | $266,804.00 |
| 55.4.  **9500 Aspen Glow Dr, Las Vegas NV 89134 [Value is based on Zillow.com estimate]** | Fee Simple | $0.00 | | $299,137.00 |
| 55.5.  **1624 Desert Canyon Ct, Las Vegas, NV 89128 [Value is based on Zillow.com estimate]** | Fee Simple | $0.00 | | $329,445.00 |
| 55.6.  **6091 Pumpkin Patch Ave, Las Vegas, NV 89142 [Value is based on Zillow.com estimate]** | Fee Simple | $0.00 | | $240,357.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Exhibit E

980811.00725

## GRANT, BARGAIN, SALE DEED

RPTT $ 327.50

③

FOR VALUABLE CONSIDERATION the receipt of which is hereby acknowledged
JOHN KILLILEE AND SHELLIE KILLILEE, HUSBAND AND WIFE AS JOINT
TENANTS
do(es) hereby Grant, Bargain, Sell and convey to
WILLIAM R. SCHULTE AND MELANI SCHULTE, HUSBAND AND WIFE AS JOINT
TENANTS WITH RIGHTS OF SURVIVORSHIP
all that real property situate in the _____ County of ____CLARK____
State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO.
8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7,
IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

SEE EXHIBIT "A" ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF.

A.P.N.: ████████████

SUBJECT TO: 1. Taxes for fiscal year 1998 - 1999.
2. Reservations, restrictions and conditions if any; rights of way and easements either of record
or actually existing on said premises.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging
in otherwise appertaining.

DATED: ____July 06, 1998____

_____          _____
JOHN KILLILEE                       SHELLIE KILLILEE

STATE OF NEVADA,
COUNTY OF _____Clark_____  } ss.

On ____8/10/98____
before me, the undersigned, a Notary Public in and for
said County and State, personally appeared
JOHN KILLILEE
SHELLIE KILLILEE

known to me  to be  the person(s) described in and who
executed the foregoing instrument, who acknowledged to
me that  T he y  executed the same freely and voluntarily
and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.

_____

EDWINA L. CARROLL
Notary Public - Nevada
My appt. exp. Nov. 4, 2001
No. 98-0263-1

ESCROW NO. }
ORDER NO.    ████████████
WHEN RECORDED MAIL TO: William & Melanie Schulte
6010 Smoke Ranch Road
Las Vegas, NV 89108

980811.00725

Loan Number ▓▓▓▓

# THE FOLLOWING CLAUSE MUST
# BE CONTAINED IN THE DEED
# USED TO TRANSFER TITLE ON
# THIS PROPERTY

### (IF ATTACHED TO THE DEED AS AN EXHIBIT BOTH BUYERS
### AND SELLERS MUST SIGN DIRECTLY BELOW THE CLAUSE)

Grantees herein, as a part of the purchase price and consideration for this deed, assume and agree to pay the indebtedness evidenced by that certain mortgage (or Deed of Trust) made from JOHN KILLILEE and SHELLIE KILLILEE to Norwest Mortgage, Inc., which mortgage is recorded in the office of   County Recorder of Clark County   , in book   960305   and page _____ and/or Document Number   01234   . And for the same consideration Grantees hereby assume the obligation of JOHN KILLILEE and SHELLIE KILLILEE under the terms of the instruments creating the loan to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness above mentioned. This liability to the Department of Veterans Affairs is under the authority of Chapter 37, Title 38 of the United States Code, and supersedes any State or local law barring or limiting deficiencies following foreclosure of real property.

_____
JOHN KILLILEE

_____
WILLIAM R. SCHULTE

_____
SHELLIE KILLILEE

_____
MELANI SCHULTE

_____

_____

_____

_____

980811.00725

*EXHIBIT*
SCHEDULE A (CONTINUED)

DESCRIPTION:  THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF
CLARK, STATE OF NEVADA AND IS DESCRIBED AS FOLLOWS:

Lot TWENTY-THREE (23) in Block FOUR (4) of ELDORADO 3 - RCL NO.
8, recorded September 25, 1992 in Book 54, Page 7 in the Office
of the County Recorder of Clark County, Nevada.

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
STEWART TITLE OF NEVADA

08-11-98  10:54    PAR        3
                 OFFICIAL RECORDS
BOOK:   980811 INST:  00725

FEE:     9.00 RPTT:        3.75

Exhibit F

20040824-0004161
Fee: $16.00          RPTT: EX#008
08/24/2004 13:58:38  T20040089168
Req: WILLIAM R SCHULTE
Frances Deane                N/C: $0.00
Clark County Recorder       Pgs: 3

Parcel No. ▮▮▮▮▮▮

RPTT: Exempt #8

Recording Requested by and
when recorded, return to:          ③

William R. Schulte
7201 W Lake Mead Blvd # 550
Las Vegas, Nevada 89128

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

---

## Grant, Bargain, Sale Deed

THIS INDENTURE WITNESSETH:    That **William R. Schulte and Melani Schulte, as Joint Tenants,** for good and other valuable consideration, do hereby Grant, Bargain, Sell and Convey to 1528 SPLINTER ROCK, LLC, a Nevada limited liability company, all of their right, title and interest in that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) in ELDORADO 3 - RCL No. 8, as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7 in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:    1.    Taxes for the current fiscal year.
                   2.    Restrictions, conditions, reservations, rights, rights of way and easements now of record, if any, or any that actually exist on the property.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining.

IN WITNESS WHEREOF, this instrument has been executed this _24th_ day of _August_ , 2004.

_____          _____
William R. Schulte                  Melani Schulte

M&A:09030-007 271326 1 282304 16:12

STATE OF <u>NEVADA</u>              )
                                                    ) ss.
COUNTY OF <u>CLARK</u>            )

On this <u>24th</u> day of <u>August</u> , 2004, before me, personally appeared **William R. Schulte** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

B. Saunders
Notary Public

> Notary Public - State of Nevada
> County of Clark
> **B. SAUNDERS**
> My Appointment Expires
> April 4, 2008
> No. 04-90180-1

STATE OF <u>NEVADA</u>              )
                                                    ) ss.
COUNTY OF <u>CLARK</u>            )

On this <u>24th</u> day of <u>August</u> , 2004, before me, personally appeared **Melani X Schulte** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

B. Saunders
Notary Public

> Notary Public - State of Nevada
> County of Clark
> **B. SAUNDERS**
> My Appointment Expires
> April 4, 2008
> No. 04-90180-1

**Grantee's Name and Mail future tax statements to:**

**1528 SPLINTER ROCK, LLC**
**William R. Schulte, Manager**
**7201 W Lake Mead Blvd, #550**
**Las Vegas, Nevada 89128**

M&A 09870-007 273326 1 082304 16 12

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a) ▇▇▇▇▇▇▇▇
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land      b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse    d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg        f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural     h) ☐ Mobile Home
      ☐ Other_____

   | FOR RECORDER'S OPTIONAL USE ONLY |
   |---|
   | Book:_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes: |

3. Total Value/Sales Price of Property        $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____)
   Transfer Tax Value:                         $_____
   Real Property Transfer Tax Due              $_____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _8_
   b. Explain Reason for Exemption: TRANSFER TO LLC without consideration

5. Partial Interest: Percentage being transferred: _____ %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   Signature _Melani Schulte_                Capacity _Grantor_

   Signature _____                 Capacity _____

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: William + Melani Schulte | Print Name: 1528 Splinter Rock LLC |
| Address: 7201 W. Lake Mead Bl #550 | Address: 7201 W. Lake Mead Bl. 550 |
| City: Las Vegas | City: Las Vegas |
| State: NV   Zip: 89128 | State: NV   Zip: 89128 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name:_____        Escrow #:_____
Address:_____
City:_____              State:_____ Zip:_____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

4/161

RECORDING REQUESTED BY:
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV 89128

APN: ▓▓▓▓▓▓▓
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031



20070510-0002854

Fee: $14.00    RPTT: EX#007
N/C Fee: $0.00

05/10/2007                12:46:52
T20070082566
Requestor:
    W SCHULTE

Debbie Conway            SOL
Clark County Recorder    Pgs: 2

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **1528 SPLINTER ROCK, LLC, a Nevada limited liability company**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **WILLIAM AND MELANI SCHULTE TRUST**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:     1.     Taxes for the fiscal year 2006-2007
                2.     Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                       record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF ___Clark___

This instrument was acknowledged before me
on ___May 10, 2007___
by ___MELANI SCHULTE___

_____

Signature _____

My Commission Expires: __6 28 2010__

_____
**MELANI SCHULTE, Member**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

Notary Public

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. ████████████████
   b. _____
   c. _____
   d. _____

2. Type of Property:

| | | | |
|---|---|---|---|
| a. ☐ Vacant Land | | b. ☑ Single Fam. Res. | |
| c. ☐ Condo/Twnhse | | d. ☐ 2-4 Plex | |
| e. ☐ Apt. Bldg | | f. ☐ Comm'l/Ind'l | |
| g. ☐ Agricultural | | h. ☐ Mobile Home | |
| ☐ Other | | | |

| FOR RECORDER'S OPTIONAL USE ONLY |
|---|
| Book:_____ Page:_____ |
| Date of Recording:_____ |
| Notes: Trust Sol |

3. a. Total Value/Sales Price of Property          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property)  $ _____
   c. Transfer Tax Value:                          $ _____
   d. Real Property Transfer Tax Due               $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: Transfer To Trust w/o Consideration

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____   Capacity _Grantor_

Signature _____   Capacity _Grantor_

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: William + Melani Schulte TRUST | Print Name: _____ |
| Address: 7201 W. Lake Mead Blvd #550 | Address: _____ |
| City: Las Vegas | City: SAME |
| State: NV   Zip: 89128 | State: _____ Zip: _____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____   Escrow #: _____
Address: _____
City: _____   State: _____ Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

2854



20070510-0002855

Fee: $14.00          RPTT: EX#007
N/C Fee:  $0.00

05/10/2007                    12:46:52
T20070082566
Requestor:
W SCHULTE

Debbie Conway              SOL
Clark County Recorder      Pgs: 2

**RECORDING REQUESTED BY:**
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV  89128

APN: ▮▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **WILLIAM AND MELANI SCHULTE TRUST**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant,
Bargain, Sell and Convey to **MELANI SCHULTE, a married woman, as her sole and separate property**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded
September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County,
Nevada

SUBJECT TO:    1.    Taxes for the fiscal year 2006-2007
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                     record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in
anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____ CLARK _____

This instrument was acknowledged before me
on ____ MAY 10, 2007 _____
by __ MELANI SCHULTE _____

_____
Signature

My Commission Expires: ____ 6/28/2010

_____
**MELANI SCHULTE, Trustee**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

Notary Public

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____

2. Type of Property:

| | | | |
|---|---|---|---|
| a. ☐ Vacant Land | b. ☑ Single Fam. Res. | | |
| c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | | |
| e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | | |
| g. ☐ Agricultural | h. ☐ Mobile Home | | |
| ☐ Other _____ | | | |

| FOR RECORDER'S OPTIONAL USE ONLY |
|---|
| Book:_____  Page:_____ |
| Date of Recording:_____ |
| Notes: _Trust Sov_ |

3. a. Total Value/Sales Price of Property          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property) ( _____ )
   c. Transfer Tax Value:                          $ _____
   d. Real Property Transfer Tax Due               $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: _Transfer From Trust w/o Consideration_

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Melani Schulte_          Capacity _Grantor_

Signature _Melani Schulte_          Capacity _Grantor._

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: _William + Melani Schulte Trust_ | Print Name: _____ |
| Address: _7201 W. Lake Mead Blvd #550_ | Address: _____ |
| City: _Las Vegas_ | City: _SAME_ |
| State: _NV_   Zip: _89128_ | State: _____ Zip: _____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____     Escrow #: _____
Address: _____
City: _____     State: _____ Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

_2855_

**20080109-0000925**

Fee: $14.00    RPTT: EX#007
N/C Fee: $0.00

01/09/2008          09:46:29
T20080004311
Requestor:
MELANI SCHULTE

Debbie Conway              SOL
Clark County Recorder  Pgs: 2

RECORDING REQUESTED BY:
WILLIAM AND MELANI SCHULTE TRUST
When Recorded Mail Document
and Tax Statement To:
WILLIAM AND MELANI SCHULTE TRUST
7201 W. Lake Mead Blvd., #550
Las Vegas, NV 89128

APN:
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **MELANI SCHULTE, a married woman, as her sole and separate property**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **WILLIAM AND MELANI SCHULTE TRUST**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:    1.    Taxes for the fiscal year 2006-2007
                        2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                              record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____CLARK_____

This instrument was acknowledged before me
on ___MAY  10, 2007_____
by ___MELANI  SCHULTE_____

_____
Signature

_____
Notary Public

My Commission Expires: __6/28/2010__

_____
**Melani Schulte**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1. Assessor Parcel Number(s)
   a. _[redacted]_____
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land          b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse       d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg            f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural         h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDER'S OPTIONAL USE ONLY |
   | --- |
   | Book: _____  Page: _____ |
   | Date of Recording: _____ |
   | Notes: _Trust Sol_ |

3. a. Total Value/Sales Price of Property                          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property)   ( _____ )
   c. Transfer Tax Value:                                        $ _____
   d. Real Property Transfer Tax Due                            $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: _transfer to Trust w/o Consideration_

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Melani Schulte_                        Capacity _grantor_

Signature _Melani Schulte_                        Capacity _grantor_

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
| --- | --- |
| Print Name: _Melani Schulte_ | Print Name: _William + Melani Schulte_ |
| Address: _7201 W. Lake Mead Blvd #550_ | Address: _Trust_ |
| City: _Las Vegas_ | City: _SAME_ |
| State: _NV_   Zip: _89128_ | State: _____  Zip: _____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____        Escrow #: _____
Address: _____
City: _____        State: _____  Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

925





20080109-0000926

RECORDING REQUESTED BY:
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV 89128

APN: ▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

Fee: $14.00    RPTT: EX#007
N/C Fee: $0.00

01/09/2008         09:46:29
T20080004311
Requestor:
MELANI SCHULTE

Debbie Conway          SOL
Clark County Recorder  Pgs: 2

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That WILLIAM AND MELANI SCHULTE TRUST

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **1528 SPLINTER ROCK, LLC, a Nevada limited liability company**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8, as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:    1.    Taxes for the fiscal year 2006-2007
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____CLARK_____

This instrument was acknowledged before me
on ___MAY 10, 2007___
by ___MELANI SCHULTE___

_____

Signature _____

Notary Public

My Commission Expires: ___6/28/2010___

_____
**Melani Schulte, Trustee**



NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____
2. Type of Property:
   a. ☐ Vacant Land      b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse     d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg        f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural     h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDER'S OPTIONAL USE ONLY |
   | Book:_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes: _Trust S O L_ |

3. a. Total Value/Sales Price of Property               $_____
   b. Deed in Lieu of Foreclosure Only (value of property) (_____)
   c. Transfer Tax Value:                                $_____
   d. Real Property Transfer Tax Due                     $_____
4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: _Transfer from Trust w/o Consideration_

5. Partial Interest: Percentage being transferred: _____ %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____       Capacity _Grantor_
Signature _____       Capacity _Grantor_

| **SELLER (GRANTOR) INFORMATION (REQUIRED)** | **BUYER (GRANTEE) INFORMATION (REQUIRED)** |
| Print Name: _William + Melani Schulte Trust_ | Print Name: _1528 Splinter Rock LLC_ |
| Address: _7201 W. Lake Mead Blvd #550_ | Address: |
| City: _Las Vegas_ | City: _Same_ |
| State: _NV_   Zip: _89128_ | State:____ Zip:____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____
Address: _____      Escrow #:_____
City: _____       State:_____ Zip:_____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

_926_

Inst #: **201011010003496**
Fees: $15.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #011
11/01/2010 01:05:32 PM
Receipt #: 561277
Requestor:
MELANI SCHULTE
Recorded By: ADF   Pgs: 3
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
WILLIAM R. SCHULTE and MELANI SCHULTE
7201 W. Lake Mead Blvd., Suite 550
Las Vegas, NV  89128



APN: [REDACTED]
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:**  That 1528 Splinter Rock, LLC, a Nevada limited liability company

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

All that real property situated in Clark County, State of Nevada, bounded and described as follows:·

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:    1.    Taxes for the fiscal year 2010-2011
                       2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                              now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: October 28, 2010

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on  10 - 28 - 10
by  Melani Schulte

Signature  Mary Wood
                                  Notary Public

My Commission Expires:  4-24-13

_____
MELANI SCHULTE, Member

MARY WOOD
NOTARY PUBLIC
STATE OF NEVADA
CLARK COUNTY
APPT. No. 01-67704-1
MY APPT. EXPIRES APRIL 24, 2013

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land      b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse      d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg      f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural      h. ☐ Mobile Home
   ☐ Other _____

   **FOR RECORDER'S OPTIONAL USE ONLY**
   Book: _____ Page: _____
   Date of Recording: _____
   Notes:

3. a. Total Value/Sales Price of Property        $ _____
   b. Deed in Lieu of Foreclosure Only (value of property)   ( _____ )
   c. Transfer Tax Value:        $ _____
   d. Real Property Transfer Tax Due        $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section  11  _____
   b. Explain Reason for Exemption:  Transfer in accordance with Bankruptcy Order 09-29123-BAM
   _____

5. Partial Interest: Percentage being transferred:  100  %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   Signature: _Mela Schulte_____        Capacity: _Grantee_____

   Signature: _____        Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**

Print Name:  1528 Splinter Rock, LLC ▪
Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas
State: NV        Zip: 89128

**COMPANY REQUESTING RECORDING**
Print Name: _____
Address: _____
City: _____

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**

Print Name:  William R. & Melani Schulte
Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas
State: NV        Zip: 89128

Escrow #: _____

State: _____ Zip: _____

As a public record this form may be recorded/microfilmed

(24)-1

Inst #: 201308210002055
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #006
08/21/2013 11:45:12 AM
Receipt #: 1741326
Requestor:
MELANI SCHULTE
Recorded By: ANI  Pgs: 3

DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
MELANI SCHULTE
9330 W. Sahara Ave., Suite 210
Las Vegas, NV 89117

APN: ▮▮▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

### GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That  WILLIAM R. SCHULTE and MELANI SCHULTE, husband
and wife, as Joint Tenants, with right of survivorship

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is
hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  MELANI SCHULTE , a
single unmarried woman, as her sole and separate property

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS
AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER
MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY
DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF
500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT
WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET
BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:    1.    Taxes for the fiscal year 2013-2014
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                     now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or
in anywise appertaining.

DATED: July 17, 2013

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _____8/11/13_____
by _WILLIAM R. SCHULTE__



WILLIAM R. SCHULTE

Signature _Hannah Julfs_
                              Notary Public

My Commission Expires: _6-27-16_

HANNAH JULFS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 06-27-16
Certificate No. 12-8632-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. ▓▓▓▓▓▓▓▓▓▓
   b. _____
   c. _____
   d. _____
2. Type of Property:
   a. ☐ Vacant Land   b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse  d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg     f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural  h. ☐ Mobile Home
      ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property) ( _____ )
   c. Transfer Tax Value:                          $ _____
   d. Real Property Transfer Tax Due               $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 6 _____
   b. Explain Reason for Exemption: ___ TRANSFER BETWEEN SPOUSES IN COMPLIANCE
      WITH A DIVORCE.
5. Partial Interest: Percentage being transferred: 100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Nela Schulte_                    Capacity: **GRANTEE**

Signature _____                   Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: WILLIAM R. SCHULTE | Print Name: MELANI SCHULTE |
| Address:9330 W. SAHARA AVE., SUITE 210 | Address: 9330 W. SAHARA AVE., SUITE 210 |
| City: LAS VEGAS | City: LAS VEGAS |
| State: NEVADA       Zip: 89117 | State: NEVADA       Zip: 89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
|---|---|
| Address: | |
| City: | State:       Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

Inst #: 20170530-0000547
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #009
05/30/2017 08:54:32 AM
Receipt #: 3096423
Requestor:
SCHULTE PROPERTIES LLC
Recorded By: RNS  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

(3)

**RECORDING REQUESTED BY:**
MELANI SCHULTE
**When Recorded Mail Document**
**and Tax Statement To:**
SCHULTE PROPERTIES LLC
9811 W. Charleston Blvd #2-351
Las Vegas, NV  89117

APN: █████████
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:  That, MELANI SCHULTE , a single unmarried woman, as her sole and separate property**

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby GRANT, BARGAIN, SELL and CONVEY to **SCHULTE PROPERTIES LLC , a Nevada Limited Liability Company**

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:    1.    Taxes for the current fiscal year.
                       2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                              now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: May 30, 2017

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _5/30/17_____
by _Melani Schulte_____

_____

Signature _~Davis_____
                              Notary Public

My Commission Expires: _10/31/18_____

_____

MELANI SCHULTE

Amberlea Davis
Notary Public
No. 14-14876-1 Exp 10/31/2018

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land   b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse   d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg   f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural   h. ☐ Mobile Home
   ☐ Other

   | FOR RECORDERS OPTIONAL USE ONLY |
   | --- |
   | Book_____ Page:_____ |
   | Date of Recording: _____ |
   | Notes: |

3.a. Total Value/Sales Price of Property   $ _181,343_____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:   $ _0_____
   d. Real Property Transfer Tax Due   $ _0_____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _9__
   b. Explain Reason for Exemption: _TRANSFER TO A BUSINESS ENTITY OF WHICH GRANTOR IS 100% OWNER_

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _[signature]_____ Capacity: _GRANTOR_____

Signature _____ Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: _MELANi SCHULTE_
Address: _9811 W. CHARLESTON BL.#2-351_
City: _LAS VEGAS_
State: _NV_   Zip: _89117_

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: _SCHULTE PROPERTIES LLC_
Address: _9811 W. Charleston Bl.#2-351_
City: _LAS VEGAS_
State: _NV_   Zip: _89117_

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____   Escrow # _____
Address: _____
City: _____   State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED