Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| SCHULTE PROPERTIES LLC<br><br>Debtor, | Case No. BK-S-18-12734-MKN<br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN REM RELIEF**<br><br>Hearing Date: July 25, 2018<br>Hearing Time: 9:30 a.m. |

SCHULTE PROPERTIES LLC ("Debtor"), by and through its counsel, MATTHEW L.

JOHNSON, ESQ. of JOHNSON & GUBLER, P.C., hereby opposes the Motion For Relief From

Automatic Stay and In Rem Relief (the "Motion") filed by WELLS FARGO BANK, N.A. ("Wells

Fargo") as follows:

### I.    FACTS

1. On October 11, 2009, William R. Schulte and Melani Schulte filed for bankruptcy protection

   under Chapter 11 of the Bankruptcy Code, Case No. 09-29123-MKN (the "2009 Bankruptcy").

   *See Exhibit 1, Docket Report, Case No. 09-29123-MKN, pages 1-3.*

2. At the time of the 2009 Bankruptcy, William R. Schulte and Melani Schulte earned their

   livelihood through the management of residential rental properties. Many of the rental

1

properties were held by entities which were ultimately joint administrative debtors with William R. Schulte and Melani Schulte in the 2009 Bankruptcy.  *See Exhibit 1.  See also Declaration of Melani Schulte filed concurrently herewith.*

3. On September 30, 2010, Judge Markell entered an order authorizing the transfer of the property located at 1528 Splinter Rock Way, North Las Vegas, Nevada ("Splinter Rock") then held by the single asset limited liability company "1528 Splinter Rock, LLC" to William R. Schulte and Melani Schulte, for judicial expediency purposes.  *See Exhibit 2, Order Under 11 U.S.C. §§ 105, 363, and 365 Approving the Transfer of Real Property To, and the Assumption and Assignment of Executory Contracts and Unexpired Leases By, Melani Schulte and William R. Schulte, 2009 Bankruptcy Doc 749.*

4. On November 1, 2010, a Grant, Bargain, Sale Deed was recorded transferring Splinter Rock to William R. Schulte and Melani Schulte, in accordance with the Court's September 30, 2010 order.  *See Exhibit 3, Grant, Bargain, Sale Deed dated November 1, 2010.*

5. On March 8, 2011, an Order Confirming Chapter 11 Plan of Reorganization (the "Confirmation Order") confirming the Third Amended Joint Plan of Reorganization of Melani Schulte and William R. Schulte (the "Confirmed Plan") was entered in the 2009 bankruptcy as docket no. 912.  *See Exhibit 4, Order Confirming the Debtors' Chapter 11 Plan of Reorganization.*

6. The Confirmation Order states, "The secured portions of the claims of the Debtors' lenders (the "Lenders") are reduced to either the appraised value of the underlying properties (the "Properties"), pursuant to 11 U.S.C. §506(a) or as agreed upon between the parties, as set forth in this Order and the Plan."  *See Exhibit 4.*

7. The Confirmed Plan ordered Wells Fargo's secured claims against the Splinter Rock property to be in the amount of $105,942.62 (the "Approved Wells Fargo Claim") and Wells Fargo's unsecured claims against the debtors in the amount of $0.00.  *See Exhibit 4, P.20 L.22.*

2

8. The Confirmed Plan ordered the Approved Wells Fargo Claim to be treated "amortized at 5% over 30 years". *See Exhibit 4, P. 51.*

9. The Approved Wells Fargo Claim of **$105,942.62** amortized at **5%** (the "Approved Interest Rate") over 30 years yielded a monthly payment due to Wells Fargo of **$568.72** (the "Approved Monthly Payment"). *See Exhibit 5, Amortization Schedule.*

10. On February 10, 2012, Melani Schulte filed for divorce from William R. Schulte, Case No. D-12-458809-D, in which case all interest in the Splinter Rock property was awarded to Melani Schulte as her sole and separate property. *See Declaration of Melani Schulte.*

11. On August 21, 2013, a Grant, Bargain, Sale Deed was recorded against the Splinter Rock property as instrument 201308210002055, conveying the Splinter Rock property from William R. Schulte and Melani Schulte as Joint Tenants to Melani Schulte as her sole and separate property. *See Exhibit 6, Grant Bargain, Sale Deed dated August 21, 2013.*

12. Pursuant to the Confirmed Plan, " the unsecured portions of the Lenders' claims are reduced and shall be treated as 'general unsecured claims,' pursuant to 11 U.S.C. §506(a)" and any lenders holding secured claims against the Splinter Rock property in excess of the Approved Wells Fargo Claim were deemed to be unsecured. *See Exhibit 4, P.6, L.32.*

13. On December 15, 2015, Melani Schulte and William R. Schulte received orders of discharge in the 2009 Bankruptcy, which discharge included any unsecured creditors that may have once had a secured claim against the Splinter Rock property in excess of the Approved Wells Fargo Claim. *See Exhibit 1.*

14. The Confirmed Plan directs that "the Debtors shall transfer title to their properties to a Nevada limited liability company (the "Holding Company"), for liability purposes." *See Exhibit 4, P.57.*

15. The Confirmation Order directs that "the Debtors are authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate

and implement the provisions of the Plan, prior to, on and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments or documents necessary to implement the Plan." *See Exhibit 4, P. 23 L. 7.*

16. On May 30, 2017, Melani Schulte, in conformity with the Confirmation Order and the Confirmed Plan, transferred the Splinter Rock property into its' Holding Company, Schulte Properties LLC, which is the Debtor in the instant case, by recording a Grant, Bargain, Sale Deed as instrument 20170530-0000547. *See Exhibit 7, Grant Bargain Sale Deed dated May 30, 2017. See also Declaration of Melani Schulte.*

17. Schulte Properties LLC and/or its agent Melani Schulte (collectively hereafter referred to as the "Debtor") made proper Approved Monthly Payments under the Confirmed Plan to the Splinter Rock Approved Wells Fargo Claim for years. *See Exhibit 8, Evidence of Payments Made. See also Declaration of Melani Schulte.*

18. Despite numerous requests, Wells Fargo has never yet provided the Debtor with accurate records reflecting the Approved Wells Fargo Claim and the Debtor's Approved Monthly Payments thereto. *See Exhibit 9, Correspondence with Wells Fargo. See also Declaration of Melani Schulte.*

19. The Debtor has been trying to obtain accurate records that reflect the Court's Confirmation Order and proper application of Debtor's payments from various lenders regarding all 32 of its properties, without success. *See Declaration of Melani Schulte.*

20. Facing foreclosure proceedings on several of its properties due to lenders' inaccurate records, the Debtor filed for Chapter 11 bankruptcy protection on May 31, 2017 as Case No. 17-12883-MKN (the "2017 Bankruptcy"). *See Exhibit 10, Docket Report, Case No. 17-12883-MKN.*

21. Believing it could effectively negotiate and obtain proper records from secured lenders (Wells Fargo and others) outside of bankruptcy with reduced administrative costs, the Debtor sought and obtained voluntary dismissal of the 2017 Bankruptcy. *See Declaration of Melani Schulte.*

22. Following the dismissal of the 2017 Bankruptcy, several properties that had not yet been transferred to the Holding Company were transferred to Schulte Properties LLC as authorized and directed by the Confirmation Order.  *See Declaration of Melani Schulte.*

23. Again facing foreclosure proceedings on several of its properties due to lenders' inaccurate records, and resigned to the necessity of bringing secured lenders to be held accountable before the Court for failure to abide by the Confirmation Order, Debtor again filed for Chapter 11 bankruptcy protection on May 10, 2018, which bankruptcy proceeding is the above-captioned Case No. 18-12734.  *See Declaration of Melani Schulte.*

24. Debtor's Scheduled Value of the Splinter Rock property of $246,775.00 is based upon a Zillow.com "Zestimate" obtained on May 9, 2018, the day before Debtor's bankruptcy filing. *See Exhibit 11, Zillow.com estimate.*

25. On June 22, 2018, Wells Fargo filed the instant Motion seeking relief from the automatic stay provided the Debtor.  Wells Fargo's Motion's coversheet alone contains numerous errors evidencing Wells Fargo's failure to maintain accurate records under the Confirmation Order, such as:

    a. "Amount of Note: $132,600.00" if accurate would reflect the Approved Wells Fargo Claim of $105,942.62.

    b. "Interest Rate: 7.500%" if accurate would reflect the Court's Approved Interest Rate of 5.0%

    c. "Payment Per Month: $927.16" if accurate would reflect the Approved Monthly Payment of $568.72.

    *See Exhibit 12, Coversheet to Wells Fargo's Motion.*

26. To the best of Debtor's counsel's knowledge and belief, no attempt to resolve this matter was made by Wells Fargo.  *See Declaration of Matthew L. Johnson filed concurrently herewith.*

27. The Debtor is preparing a Motion to Assume Lease regarding the Splinter Rock property tenants, who make regular payments to the Debtor. *See Declaration of Melani Schulte.*

28. Post-petition, the Debtor has transmitted one payment to Wells Fargo in the Approved Monthly Payment of $568.72. *See Declaration of Melani Schulte.*

29. Although the Debtor is wary of its' lenders' inaccurate record keeping and misapplication of Debtor's payments, the Debtor fully intends to make all regular post-petition monthly payments to its creditors, including making the Approved Monthly Payment of $568.72 to Wells Fargo in payment of the Splinter Rock Approved Wells Fargo Claim. *See Declaration of Melani Schulte.*

## II.    ARGUMENT

### A.  Wells Fargo Has Failed to Comply With LR 4001(a)(2)

Wells Fargo was required, pursuant to Local Rule 4001(a)(2), to in good faith attempt resolution of this matter prior to filing any motion for relief from the automatic stay.   LR 4001(a)(2) states:

> Parties in interest are directed to communicate in good faith regarding resolution of the motion before filing a motion for relief from stay including, as appropriate, communication with any trustee appointed in the case.  Such attempts to resolve the dispute must be made in a reasonable time frame prior to, but in any case no less than three (3) business days (if debtor is represented by an attorney) or five (5) business days (if debtor(s) are representing themselves), before the motion is filed.  **Movant must provide evidence of their attempt to resolve the matter with more than conclusory declarations, which shall be filed with the motion.  The court may refuse to entertain a motion or opposition if the parties do not comply with this rule.**  The court may award, deny, or adjust the fees of an attorney for noncompliance. Compliance with this subsection is not required for motions for relief from stay relating to property identified by the debtor as being surrendered in the schedules, statements, or the proposed plan of reorganization. [Emphasis added.]

Debtor's counsel, on information and belief, was not contacted in good faith by Wells Fargo.  Had Wells Fargo made contact with Debtor's counsel, the Debtor would have offered to make payments to Wells Fargo for adequate protection in addition to the equity adequate protection Wells Fargo already has, as discussed below.  Debtor has already made one Approved Monthly Payment towards

the Approved Wells Fargo Claim since the filing of the petition.  Furthermore, Wells Fargo's only evidence of their alleged "communication in good faith" is a single declaratory sentence on the Motion's coversheet stating, "Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so," which statement was electronically signed by Wells Fargo's counsel.  No further correspondence or other evidence of Wells Fargo's "communication in good faith" was presented as an attachment to the Motion, although clearly required by LR 4001(a)(2): "Movant must provide evidence of their attempt to resolve the matter with more than conclusory declarations, which shall be filed with the motion.  The court may refuse to entertain a motion or opposition if the parties do not comply with this rule."

Having failed to 1) communicate in good faith, and 2) provide evidence of their attempt to resolve the matter with more than conclusory declarations, Wells Fargo's Motion should be denied for failure to abide by Local Rule 4001(a)(2).

### B.  No Cause Exists to Grant Relief From Stay Pursuant to §362(d)(1) or (d)(2)

Wells Fargo has not demonstrated that any cause exists for relief from the stay pursuant to §362 (d)(1) or (d)(2) because no cause exists.  The United States Bankruptcy Code provides pursuant to 11 U.S.C. §362:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization.

Here, the Debtor values the Splinter Rock property at approximately $246,775.00.  Wells Fargo has not disputed the Debtor's estimated value.  Further, the Approved Wells Fargo Claim pursuant to the Confirmed Plan is $105,942.62.  Following confirmation of the 2009 Bankruptcy plan, the Debtor

and/or its predecessors made Approved Monthly Payments for a period of time.  Due to Wells

Fargo's failure to provide the Debtor with accurate accounting, the Debtor cannot be sure what the

actual amount owing to Wells Fargo is.  However, given that the Approved Wells Fargo Claim is

$105,942.62 (which was paid down by some unknown amount through Debtor's payments), even if

you add to that Wells Fargo's claimed "Amount of Contractual Arrearages" of $47,728.56, which

amount Debtor disputes, the sum is only $153,671.18, which would leave ***equity of $93,103.82*** in the

Splinter Rock property[1].  In actuality, the Debtor must have even more equity than this estimation,

due to both Debtor's Approved Monthly Payments made, and Wells Fargo's faulty loan and interest

calculations.  Thus, while we cannot be sure of the exact figures, it is crystal clear that significant

equity in the Splinter Rock property, and therefore adequate protection, exists.  Wells Fargo has

demonstrated no grounds to seek relief from the automatic stay pursuant to §362(d)(1) or (2).

### C.  No Cause Exists to Grant Relief From Stay Pursuant to 11 U.S.C. §362(d)(4)(B).

The Debtor sought Chapter 11 Bankruptcy Protection precisely because its lenders, including

Wells Fargo, have egregiously failed to abide by Judge Markell's Confirmation Order.  Wells Fargo's

Motion is a prime example.  Although the Approved Wells Fargo Claim is $105,942.62, the Motion

states the note amount is $132,600.00.  Although the Approved Interest Rate is 5.0%, Wells Fargo's

Motion states the interest rate is 7.5%.  Although the Approved Monthly Payment is $568.72, Wells

Fargo asserts the payment per month is $927.16.  Given these discrepancies, it is easy to understand

how Wells Fargo has misapplied Debtor's Approved Monthly Payments over the years and has

generated unfounded alleged arrearages.  Wells Fargo would have considered Debtor's payments of

$568.72 as insufficient, and therefore charged extra fees and interest rather than properly paying

down the Approved Wells Fargo Claim.  Debtor and/or Melani Schulte has spent an exhaustive

---

[1] In Debtor's 2009 Bankruptcy, Debtor gave a second position trust deed to Bank of Nevada on Splinter Rock and two other properties for a total of approximately $98,000.00.  Regardless, as to Wells Fargo, there is at least $93,000 in equity, leaving Wells Fargo more than adequately protected even if no payments were to be made while the case is pending.

amount of time and resources attempting to coax Wells Fargo, and various other lenders unrelated to the instant Motion, into complying with the Confirmation Order, to no avail. It is for this reason exactly that the Debtor has sought Chapter 11 bankruptcy protection, and for this reason exactly that the Debtor desperately needs the automatic stay in place.[2] Wells Fargo must be prevented from foreclosing on Debtor's property based upon its false record keeping in violation of the Court's Confirmation Order in the 2009 Bankruptcy. This Court must hold Wells Fargo accountable for its actions.

It should be noted that Wells Fargo makes numerous false or inexplicable statements in its Motion, which mislead or otherwise distract from actual facts. Wells Fargo has completely misstated the terms of the loan owed by the Debtor, as outlined above. Further, Wells Fargo states twice, "This loan is contractually due for 01/01/2013". Debtor is not certain what this statement intends to convey, but does know that pursuant to the Confirmation Order, the Approved Wells Fargo Claim is payable over 30 years from 2011. Finally, Wells Fargo throws around the word "scheme", making completely baseless allegations of mal intent.

In fact, the Debtor's intent is only for its creditors to honor the Court's Confirmation Order and be held accountable for failing to do so thus far. It is true that once it became clear to the Debtor and/or Melani Schulte that Approved Monthly Payments sent to Wells Fargo were not being properly applied, the Debtor ceased making payments and incurred attorney fees. However, given the stay afforded the Debtor in the present case, the Debtor is hopeful that Wells Fargo (and others) can be held accountable for its actions, the Debtor can continue making the Approved Monthly Payment, and any actual, justifiable arrearages, if any, can be resolved. In short, Debtor's intent is precisely what the stay afforded the Debtor is designed for. Wells Fargo's claims for relief under 11 U.S.C. §362(d)(4)(B) are unfounded and should be denied.

---

[2] Due to William R. Schulte and Melani Schulte's divorce, and the transfer of properties into a Holding Company per the Confirmed Plan, the Debtor filed this case rather than attempting to seek relief in Melani Schulte's 2009 Bankruptcy that was confirmed years ago.

### III.    <u>CONCLUSION</u>

Make no mistake, Wells Fargo's Motion is about the numbers – Wells Fargo's **false** numbers. One has to wonder if it is more cost effective for Wells Fargo to persist in churning out mechanical responses and motions than for it to actually pause to comply with the Court's orders.  Why Wells Fargo persists is unanswerable.  Truly, if there is a party "scheming" here, it is not the Debtor.  What the consequences should be for Wells Fargo's actions is better addressed by separate motion/action. However, it is clear that without having met a minimum requirement of accurate accounting, Wells Fargo has no right to proceed against the Debtor.

Wells Fargo's Motion should be denied just for failure to abide by Local Rule 4001(a)(2). However, Wells Fargo also completely fails in its arguments based upon §362(d)(1) or (d)(2), as the Splinter Rock property has equity estimated to be in excess of $90,000.  Wells Fargo even further fails to prove relief under §362(d)(4)(B) is justified, because Debtor's actions have been in accordance with Court order or in seeking others to be accountable to the Court's order.  Had Wells Fargo and Debtor's other lenders properly complied with the Confirmation Order, years of exhaustive correspondence, litigation, and expense could have been avoided.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Code provides the Debtor a much needed stay against actions of creditors, such as Wells Fargo, who would otherwise proceed against the Debtor in an unjust and unconscionable manner, detrimental to the Debtor's estate.  Wells Fargo has failed to provide cause for relief from this stay, and has failed to comply with LR 4001(a)(2).  The Debtor therefore respectfully requests the Court deny Wells Fargo's Motion and grant the Debtor such other relief as it deems appropriate and just.

DATED: July 11, 2018.

JOHNSON & GUBLER, P.C.

/s/ Matthew L. Johnson
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Johnson & Gubler, PC, and that on July 11, 2018 I caused to be served a true and correct copy of the **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN REM RELIEF** in the following manner:

[X]    a.    **Electronic Service**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: July 11, 2018.

/s/ Suzanne Alexander                           .
An Employee of Johnson & Gubler, P.C.