# EXHIBIT 1

**BAPCPA, JNTADMN, LEAD**

# U.S. Bankruptcy Court
## District of Nevada (Las Vegas)
## Bankruptcy Petition #: 09-29123-mkn

|  |  |
|---|---|
| *Date filed:* | 10/11/2009 |
| *Debtor discharged:* | 12/15/2015 |
| *Joint debtor discharged:* | 12/15/2015 |
| *Plan confirmed:* | 03/08/2011 |
| *341 meeting:* | 12/17/2009 |
| *Deadline for filing claims:* | 02/17/2010 |
| *Deadline for objecting to discharge:* | 01/18/2010 |

*Assigned to:* MIKE K. NAKAGAWA
Chapter 11
Voluntary
Asset

***Debtor***
**MELANI SCHULTE**
9811 W. CHARLESTON BLVD. #2-351
LAS VEGAS, NV 89117
CLARK-NV
SSN / ITIN: xxx-xx-0225

represented by **NEDDA GHANDI**
GHANDI DEETER BLACKHAM
725 SOUTH 8th STREET SUITE 100
LAS VEGAS, NV 89101
(702) 878-1115
Fax : (702) 447-9995
Email: bankruptcy@ghandilaw.com
*TERMINATED: 08/23/2016*

**BRYAN A. LINDSEY**
SCHWARTZ FLANSBURG PLLC
6623 LAS VEGAS BLVD. SO.,, STE
300
LAS VEGAS, NV 89119
Email: bryan@nvfirm.com
*TERMINATED: 08/21/2014*

**DANIEL L. MCGOOKEY**
MCGOOKEY LAW OFFICES, LLC
225 MEIGS STREET
SANDUSKY, OH 44870
(419) 502-7223
Fax : (419) 502 0044
Email: dmcgookey@mcgookeylaw.com

**DAVID A RIGGI**
5550 PAINTED MIRAGE ROAD #120
LAS VEGAS, NV 89149
(702) 808-0359
Email: darnvbk@gmail.com

**SAMUEL A. SCHWARTZ**
6623 LAS VEGAS BLVD. SO., STE
300
LAS VEGAS, NV 89119
(702) 385-5544
Fax : (702) 385-2741
Email: sam@nvfirm.com
*TERMINATED: 08/21/2014*

**STEVEN L. YARMY**
7464 W. SAHARA AVENUE
LAS VEGAS, NV 89117
(702) 586-3513
Fax : (702) 586-3690
Email: sly@stevenyarmylaw.com

*Jnt Admin Debtor*
**5218 MISTY MORNING LLC**
7201 W. LAKE MEAD BLVD.
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477405

represented by **DAVID A RIGGI**
(See above for address)

**SAMUEL A. SCHWARTZ**
(See above for address)

*Jnt Admin Debtor*
**HOT ENDEAVOR LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-2392946

represented by **DANIEL L. MCGOOKEY**
(See above for address)

**DAVID A RIGGI**
(See above for address)

**SAMUEL A. SCHWARTZ**
(See above for address)

**STEVEN L. YARMY**
(See above for address)

*Jnt Admin Debtor*
**2704 SATTLEY LLC**
7201 W. LAKE MEAD BLVD. SUITE 550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478517

represented by **SAMUEL A. SCHWARTZ**
(See above for address)

*Jnt Admin Debtor*
**1341 MINUET LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477364

*Jnt Admin Debtor*
**1708 PLATO PICO LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477561

*Jnt Admin Debtor*
**2228 WARM WALNUT LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478850

*Jnt Admin Debtor*
**9425 VALLEY HILLS LLC**
7201 W LAKE MEAD BLVD

LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478764

*Jnt Admin Debtor*
**9500 ASPEN GLOW LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1434262

*Jnt Admin Debtor*                          represented by **SAMUEL A. SCHWARTZ**
**CHERISH LLC**                                              (See above for address)
7201 W. LAKE MEAD BLVD #550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1999539

*Jnt Admin Debtor*                          represented by **NEDDA GHANDI**
**SABRECO INC.**                                             (See above for address)
7201 W LAKE MEAD BLVD #550                                   *TERMINATED: 08/23/2016*
LAS VEGAS, NV 89128
Tax ID / EIN: 88-0253740                                      **DANIEL L. MCGOOKEY**
                                                             (See above for address)

*Jnt Admin Debtor*                          represented by **SAMUEL A. SCHWARTZ**
**KEEP SAFE LLC**                                            (See above for address)
7201 W LAKE MEAD BLVD #550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1999483

*Joint Debtor*                              represented by **NEDDA GHANDI**
**WILLIAM R. SCHULTE**                                       (See above for address)
9811 W. CHARLESTON BLVD. #2-351                              *TERMINATED: 08/23/2016*
LAS VEGAS, NV 89117
CLARK-NV                                                     **BRYAN A. LINDSEY**
SSN / ITIN: xxx-xx-6233                                       (See above for address)
                                                             *TERMINATED: 08/21/2014*

                                                             **DANIEL L. MCGOOKEY**
                                                             (See above for address)

                                                             **DAVID A RIGGI**
                                                             (See above for address)

                                                             **SAMUEL A. SCHWARTZ**
                                                             (See above for address)
                                                             *TERMINATED: 08/21/2014*

                                                             **STEVEN L. YARMY**
                                                             (See above for address)

*U.S. Trustee*
**U.S. TRUSTEE - LV - 11, 11**
300 LAS VEGAS BOULEVARD S.

# EXHIBIT 2

**Entered on Docket**
**September 30, 2010**

Bruce A. Markell

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Ave., Suite 120
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No. 09-29123-BAM |
| | ) Chapter 11 |
| Melanie Schulte and William Schulte, | ) |
| | ) Jointly Administered with: |
| | ) |
| 2704 Sattley LLC | ) 09-27238-BAM |
| Hot Endeavor LLC | ) 09-27909-BAM |
| Cherish LLC | ) 09-28513-BAM |
| SABRECO Inc. | ) 09-31584-BAM |
| Keep Safe LLC | ) 09-31585-BAM |
| | ) |
| | ) Hearing Date: September 21, 2010 |
| _____ | ) Hearing Time: 2:30 p.m. |

**ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 APPROVING THE
TRANSFER OF REAL PROPERTY TO, AND THE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES BY, MELANI SCHULTE AND WILLIAM R. SCHULTE**

Upon the application (the "**Motion**") of the above-captioned debtors and debtors in

possession (the "**Debtors**") requesting the entry of an order under 11 U.S.C. §§ 105, 363 and 365

Approving the Transfer of Real Property To, and the Assumption and Assignment of Executory

Contracts and Unexpired Leases by, the Debtors; and upon consideration of the objections filed

- 1 -

by City National Bank (the "**CNB Objection**") and The Bernard Greenblatt Living Trust and/or its assignees (the "**Greenblatt Objection**"); it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates and their creditors and other parties in interest, subject to the limitations set forth herein; and adequate notice having been given of the Motion; and after due deliberation thereon; and the Court's findings of fact and conclusions of law as stated on the record are incorporated within this order as if fully set forth herein; and good and sufficient cause existing to grant the Motion;

      **IT IS HEREBY ORDERED** that the Motion, as stated herein, is **GRANTED**; and it is further

      **ORDERED** that the Debtors are hereby authorized to transfer all the real property listed in Exhibit A, attached hereto and fully incorporated herein by this reference (the "**Real Property**"), to the Debtors, in their own individual names; and it is further

      **ORDERED** that the automatic stay of Section 362 of the Bankruptcy Code shall not apply to the transfers, if any, of the properties subject to the CNB Objection and the Greenblatt Objection, which include 5218 Misty Morning, 1341 Minuet, 1708 Plata Pico, 2228 Warm Walnut, 9425 Valley Hills, 9500 Aspen Glow, 1407 Hometown and 5709 Ridgetree; and it is further

      **ORDERED** that pursuant to sections 105(a), 363(b) and 365 of the Bankruptcy Code, the Debtors are authorized and directed to take all actions necessary to consummate the transfers of the Real Property; and it is further

      **ORDERED** that each and every federal, state and local governmental agency or department be, and hereby is, authorized to accept any and all documents and instruments necessary and appropriate to consummate the transfers contemplated by the Motion; and it is further

      **ORDERED** that the terms and provisions of the Motion, together with the terms and

1  provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of,

2  the Debtors, their estates, their creditors, affiliates, successors and assigns, and any affected third

3  parties including, but not limited to, all persons asserting a claim against or interest in any of the

4  Debtors' estates; and it is further

5      **ORDERED** that any and all transfers of the Real Property authorized hereby or the

6  recording of any deed or other instrument to realize the transfers contemplated in the Motion

7  shall be free and clear of any and all stamp, real property transfer or similar taxes imposed upon

8  the making or delivery of any instrument of transfer pursuant to Section 1146(c) of the

9

10  Bankruptcy Code; and it is further

11      **ORDERED** that the Debtors are hereby authorized to assume all rental agreements and

12  various service agreements related to the Real Property (collectively, the "**Agreements**") and

13  receive any assignment of the same; and it is further

14      **ORDERED** that the terms of that certain Global Settlement Order, entered by this Court

15  on May 14, 2010, Docket No. 213 (the "**Global Settlement Order**"), regarding the Debtors' real

16  property located at 2704 Sattley Circle, Las Vegas, Nevada 89117 (the "**Sattley Property**") are

17  expressly incorporated herein and the rights of Maxine Llewellyn and Melvin Elizer are

18

19  expressly preserved therein, including but not limited to, their rights with respect to any transfer

20  of the Sattley Property as provided in Section 5 of the Global Settlement Order; and it is further

21      **ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall become

22  effective immediately upon its entry; and it is further

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

- 3 -

1   **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters

2   arising from the implementation of this order.

3

4   SUBMITTED BY:

5   **THE SCHWARTZ LAW FIRM, INC.**

6   By: /s/ Samuel A. Schwartz
        Samuel A. Schwartz, Esq.
7       Nevada Bar No. 10985
        The Schwartz Law Firm, Inc.
8       701 E. Bridger Avenue, Suite 120
        Las Vegas, Nevada 89101
9       Attorneys for the Debtors

10

11  Approved/Disapproved:

12  MAXINE LLEWELLYN AND MELVIN ELIZER

13  By: _____
        Ogonna M. Atamoh, Esq.
14      Santoro, Driggs, Walch, Kearney, Holley & Thompson
        400 South Fourth Street, Third Floor
15      Las Vegas, NV 89101
16      Attorneys for Maxine Llewellyn and Melvin Elizer

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# Exhibit A

**Exhibit A**
**Limited Liability Companies and Real Property Addresses**

|  | Limited Liability Company Names | Limited Liability Company Address | | | |
|---|---|---|---|---|---|
|  |  | Street Address | City | State | Zip Code |
| 1 | 9500 Aspen Glow, LLC | 9500 Aspen Glow Dr. | Las Vegas | NV | 89134 |
| 2 | 2460 Avenida Cortes, LLC | 2460 Avenida Cortes | Henderson | NV | 89074 |
| 3 | 4710 Brently, LLC | 4710 Brently Place | Las Vegas | NV | 89122 |
| 4 | 7873 Bridgefield, LLC | 7873 Bridgefield Lane | Las Vegas | NV | 89147 |
| 5 | 3322 Cheltenham, LLC | 3322 Cheltenham St. | Las Vegas | NV | 89129 |
| 6 | 3383 Cloverdale, LLC | 3383 Cloverdale Ct. | Las Vegas | NV | 89117 |
| 7 | 1624 Desert Canyon, LLC | 1624 Desert Canyon Ct. | Las Vegas | NV | 89128 |
| 8 | 3729 Discovery Creek, LLC | 3729 Discovery Creek Ave. | N Las Vegas | NV | 89031 |
| 9 | 1392 Echo Falls, LLC | 1392 Echo Falls Ave. | Las Vegas | NV | 89183 |
| 10 | 1701 Empire Mine, LLC | 1701 Empire Mine Dr. | Henderson | NV | 89014 |
| 11 | 9020 Feather River, LLC | 9020 Feather River Ct. | Las Vegas | NV | 89117 |
| 12 | 1013 Golden Hawk, LLC | 1013 Golden Hawk Way | Las Vegas | NV | 89108 |
| 13 | Cherish, LLC | 1407 Hometown Ave. | Henderson | NV | 89074 |
| 14 | 4521 West La Madre, LLC | 4521 W La Madre Way | N Las Vegas | NV | 89031 |
| 15 | 8562 Lambert, LLC | 8562 Lambert Dr. | Las Vegas | NV | 89147 |
| 16 | 276 Manzanita Ranch, LLC | 276 Manzanita Ranch Lane | Henderson | NV | 89012 |
| 17 | 2861 Marathon, LLC | 2861 Marathon Dr. | Henderson | NV | 89074 |
| 18 | 1341 Minuet, LLC | 1341 Minuet St. | Henderson | NV | 89052 |
| 19 | 5218 Misty Morning, LLC | 5218 Misty Morning Dr. | Las Vegas | NV | 89118 |
| 20 | 10317 Neopolitan, LLC | 10317 Neopolitan Pl. | Las Vegas | NV | 89144 |
| 21 | 956 Ostrich Fern, LLC | 956 Ostrich Fern Ct. | Las Vegas | NV | 89183 |
| 22 | 8216 Peaceful Canyon, LLC | 8216 Peaceful Canyon Dr. | Las Vegas | NV | 89128 |
| 23 | 1708 Plata Pico, LLC | 1708 Plata Pico Dr. | Las Vegas | NV | 89128 |
| 24 | 6091 Pumpkin Patch, LLC | 6091 Pumpkin Patch Ave. | Las Vegas | NV | 89142 |
| 25 | Cherish, LLC | 5709 Ridgetree Ave. | Las Vegas | NV | 89107 |
| 26 | 5524 Rock Creek, LLC | 5524 Rock Creek Lane | Las Vegas | NV | 89130 |
| 27 | 922 Saddle Horn, LLC | 922 Saddle Horn Dr. | Henderson | NV | 89002 |
| 28 | 5609 San Ardo, LLC | 5609 San Ardo Place | Las Vegas | NV | 89130 |
| 29 | 2704 Sattley, LLC | 2704 Sattley Cr. | Las Vegas | NV | 89117 |
| 30 | 9521 Sierra Summit, LLC | 9521 Sierra Summit Ave. | Las Vegas | NV | 89134 |
| 31 | 1528 Splinter Rock, LLC | 1528 Splinter Rock Way | N Las Vegas | NV | 89031 |
| 32 | 1194 Stormy Valley, LLC | 1194 Stormy Valley Rd. | Las Vegas | NV | 89123 |
| 33 | 2290 Surrey Meadows, LLC | 2290 Surrey Meadows Ave. | Henderson | NV | 89052 |
| 34 | 2614 Sweet Leilani, LLC | 2614 Sweet Leilani Ave. | N Las Vegas | NV | 89031 |
| 35 | 9425 Valley Hills, LLC | 9425 Valley Hills Ave. | Las Vegas | NV | 89134 |
| 36 | 2525 Via Di Autostrada, LLC | 2525 Via Di Autostrada | Henderson | NV | 89074 |
| 37 | 2228 Warm Walnut, LLC | 2228 Warm Walnut Dr. | Las Vegas | NV | 89134 |

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.


APPROVED:        Ogonna Atamoh, Esq., Brian Shapiro, Esq., Shawn Miller, Esq.

DISAPPROVED:

FAILED TO RESPOND:

                                    xxx

# EXHIBIT 3

Inst #: 201011010003496
Fees: $15.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #011
11/01/2010 01:05:32 PM
Receipt #: 561277
Requestor:
MELANI SCHULTE
Recorded By: ADF  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
WILLIAM R. SCHULTE and MELANI SCHULTE
7201 W. Lake Mead Blvd., Suite 550
Las Vegas, NV  89128

APN: 124-28-314-011
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:**  That 1528 Splinter Rock, LLC, a Nevada limited liability company

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:  1.    Taxes for the fiscal year 2010-2011
             2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: October 28, 2010

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on ___10 - 28 - 10___
by ___Melani Schulte___

Signature ___Mary Wood___
                          Notary Public

My Commission Expires: ___4-24-13___

_____
MELANI SCHULTE, Member

MARY WOOD
NOTARY PUBLIC
STATE OF NEVADA
CLARK COUNTY
APPT. No. 01-67704-1
MY APPT. EXPIRES APRIL 24, 2013

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1.  Assessor Parcel Number(s)
    a. 124-28-314-011
    b. _____
    c. _____
    d. _____

2.  Type of Property:
    a. ☐ Vacant Land      b. ☑ Single Fam. Res.
    c. ☐ Condo/Twnhse     d. ☐ 2-4 Plex
    e. ☐ Apt. Bldg        f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural     h. ☐ Mobile Home
       ☐ Other _____

**FOR RECORDER'S OPTIONAL USE ONLY**
Book: _____ Page: _____
Date of Recording: _____
Notes:

3.  a. Total Value/Sales Price of Property          $ _____
    b. Deed in Lieu of Foreclosure Only (value of property)   ( _____ )
    c. Transfer Tax Value:                          $ _____
    d. Real Property Transfer Tax Due               $ _____

4.  **If Exemption Claimed:**
    a. Transfer Tax Exemption per NRS 375.090, Section 11
    b. Explain Reason for Exemption:  Transfer in accordance with Bankruptcy Order 09-29123-BAM
    _____

5.  Partial Interest: Percentage being transferred:  100      %
    The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: _Meli Schulte_ _____      Capacity: **Grantee** _____

Signature: _____            Capacity: _____

**SELLER (GRANTOR) INFORMATION**             **BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**                               **(REQUIRED)**

Print Name:  1528 Splinter Rock, LLC        Print Name: William R. & Melani Schulte
Address: 7201 W. Lake Mead Blvd., Suite 550  Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas                              City: Las Vegas
State: NV          Zip: 89128                State: NV          Zip: 89128

**COMPANY REQUESTING RECORDING**
Print Name: _____             Escrow #: _____
Address: _____
City: _____                   State: _____ Zip: _____

As a public record this form may be recorded/microfilmed

# EXHIBIT 4

**Entered on Docket**
**March 08, 2011**

_Bruce A. Markell_

**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 09-29123-BAM |
| Melani Schulte and William R. Schulte, | Chapter 11 |
| | Jointly Administered with: |
| 2704 Sattley LLC, | |
| Hot Endeavor LLC, | 09-27238-BAM |
| Cherish LLC, | 09-27909-BAM |
| SABRECO Inc., | 09-28513-BAM |
| Keep Safe LLC, | 09-31584-BAM |
| | 09-31585-BAM |
| Debtors. | |
| | Confirmation Hearing Date: January 31, 2011 |
| | Confirmation Hearing Time:  9:30 a.m. |

## ORDER CONFIRMING THE DEBTORS'
## CHAPTER 11 PLAN OF REORGANIZATION

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), having proposed

and filed their Third Amended Chapter 11 Plan of Reorganization (the "**Plan**");[1] and the Court

---

[1]    All capitalized terms used but not defined herein shall have the respective meanings
ascribed to such terms in the Plan.

1

having conducted a hearing on January 31, 2011 (the "**Hearing**") to consider confirmation of the Plan, and the Court having considered (i) the Debtors' Memorandum of Law in Support of Confirmation of their Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Reply to Objection (the "**Memo**"), (ii) the declaration of the Debtors submitted in support of their Plan, (iii) the arguments of counsel presented at the Hearing, (iv) the objection of Chase Home Finance, LLC filed with respect to confirmation of the Plan and the response filed thereto, and (v) the pleadings filed in support of confirmation; and the Court being familiar with the Plan and other relevant factors affecting these Chapter 11 cases pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); and the Court having taken judicial notice of the entire record of the Chapter 11 cases, including, without limitation, all pleadings and papers filed by the Debtors in the Chapter 11 cases, the order (the "**Disclosure Statement Order**") entered by the Court on December 1, 2010 (a) approving the Debtors' Fourth Amended Disclosure Statement with Respect to the Plan (the "**Disclosure Statement**"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to consider confirmation for the Chapter 11 Plan and (f) appointing The Schwartz Law Firm, Inc. ("**SLF**") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND CONCLUDED,**[2] that:

## JURISDICTION AND VENUE

A.      The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

B.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C.      The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

D.      Each of the conditions precedent to the entry of this Order has been satisfied.

## JUDICIAL NOTICE

E.      This Court takes judicial notice of the docket of the Debtors' Chapter 11 cases maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 cases.

## STANDARDS FOR CONFIRMATION UNDER
## SECTION 1129 OF THE BANKRUPTCY CODE

F.      Section 1129(a)(1).   The Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122, 1123, 1125 and 1126 of the Bankruptcy code.

---

[2]   The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  To the extent any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

3

Case 09-29123-mkn  Doc 52-1  Entered 07/08/11 17:51:52  Page 21 of 74

G.      Section 1129(a)(4).  No payment for services or costs in connection with the Chapter 11 cases or the Plan has been made by the Debtors other than payments that have been authorized by order of the Court.

H.      Section 1129(a)(7).  Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the effective date of the Plan (the "**Effective Date**"), that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

I.      Section 1129(a)(8).  The Plan has not been accepted by all impaired classes of Claims.  Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting classes of Claims.

J.      Section 1129(a)(9).  The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K.      Section 1129(a)(10).  The Plan has been accepted by a class of impaired Claims that voted on the Plan, including Classes 2(c), (f), (h), (i), (l), (n), (o), (v), (x), (y), (cc), (ff) and (kk), and Class 5, determined without including any acceptance of the Plan by any insider.

L.      Section 1129(a)(11).  Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtors.

M.      Section 1129(a)(12).  The Plan provides for the payment of all fees payable under Section 1930, Title 28 of the United States Code by the Debtors on the Effective Date (or as soon as practicable thereafter).  After the Effective Date and until these Chapter 11 cases are closed, converted or dismissed, the Plan provides for the payment by the Disbursement Agent of all such fees as they become due and payable.

N.    <u>Section 1129(a)(15).</u>  There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

O.    <u>Section 1129(c).</u>  The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 cases that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P.    <u>Section 1129(d).</u>  No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## **EXECUTORY CONTRACTS**

Q.    Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is not listed on Exhibit 2 to the Plan as being rejected.  The Debtors' decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtors, are necessary to the implementation of the Plan and are in the best interests of the Debtors, their estate, holders of Claims and other parties in interest in these Chapter 11 cases.

## **SETTLEMENTS**

R.    Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions and other benefits provided under the Plan,

5

the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

**A.    General**

1.    The Plan, attached hereto as **Exhibit A**, is hereby confirmed and the record of the Hearing is hereby closed.

2.    The Effective Date of the Plan shall occur on the tenth day after the Court signs and enters this Order confirming the Plan (the "**Confirmation Date**").

3.    In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtors and their respective successors and assigns, (ii) the holders of Claims and their respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed or is deemed to have filed a proof of Claim), (iii) any other Person giving, acquiring or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtors and (v) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians, if any.

**B.    Treatment of Secured Claims**

4.    The secured portions of the claims of the Debtors' lenders (the "**Lenders**") are reduced to either the appraised value of the underlying properties (the "**Properties**"), pursuant to 11 U.S.C. § 506(a) or as agreed upon between the parties, as set forth in this Order and the Plan.

5.    That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a).

6

6.     That the secured and unsecured claims against the property located at 509 Canyon Greens Drive, Las Vegas, Nevada, are bifurcated in accordance in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 509 Canyon Greens Drive, Las Vegas, Nevada  are:

a.  First Lien – America's Servicing Company – Loan Number: 1205043971

    i.      Secured Claim -     $807,141.58

    ii.     Unsecured Claim -   $0.00

b.  Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number: 110655785

    i.      Secured Claim -     $0.00

    ii.     Unsecured Claim -   $839,500.00

c.  Third Lien - Deborah Drake

    i.      Secured Claim -     $0.00

    ii.     Unsecured Claim -   $155,000.00

d.     Fourth Lien – Z'REA LP

    i.      Secured Claim -     $0.00

    ii.     Unsecured Claim -   $2,000,000.00

e.  Fifth Lien – Jeffrey Sylvester

    i.      Secured Claim -     $0.00

    ii.     Unsecured Claim -   $72,000.00

7.     That the secured and unsecured claims against the property located at 9500 Aspen Glow Drive, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

7

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9500 Aspen Glow Drive, Las Vegas, Nevada, are:

    a.  First Lien – CitiMortgage - Loan Number – 0577014851-7

        i.      Secured Claim -     $94,646.23

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – City National Bank - Loan Number – 1824409

        i.      Secured Claim -     $25,777.44

        ii.     Unsecured Claim -   $974,222.56

8.     That the secured and unsecured claims against the property located at 2460 Avenida Cortes, Henderson, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2460 Avenida Cortes, Henderson, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank - Loan Number – 8483094531

        i.      Secured Claim -     $69,436.96

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP - Loan Number – 156496481

        i.      Secured Claim -     $39,883.68

        ii.     Unsecured Claim -   $125,427.32

9.     That the secured and unsecured claims against the property located at 4710 Brently Place, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4710 Brently Place, Las Vegas, Nevada, are:

a.  First Lien – BAC Home Loans Servicing  - Loan Number – 86314260

    i.        Secured Claim -     $109,105.70

    ii.       Unsecured Claim -   $0.00

b.  Second Lien – Bank of America - Loan Number – 68189001596799

    i.        Unsecured Claim -   $100,000.00

c.  Third Lien – Deborah Drake

    i.        Unsecured Claim -   $155,000.00

10.    That the secured and unsecured claims against the property located at 7873 Bridgefield Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 7873 Bridgefield Lane, Las Vegas, Nevada, are:

a.  First Lien – JP Morgan Chase Bank  - Loan Number – 8483094549

    i.        Secured Claim -     $73,213.85

    ii.       Unsecured Claim -   $0.00

b.  Second Lien – Bank of Nevada – Loan Number – 910016328

    i.        Secured Claim  -    $37,309.74

    ii.       Unsecured Claim -   $472,690.26

11.    That the secured and unsecured claims against the property located at 3322 Cheltenham Street, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3322 Cheltenham Street, Las Vegas, Nevada, are:

a.  First Lien – BAC Home Loans Servicing LP  - Loan Number – 84536650

9

    i.   Secured Claim -  $99,806.60

    ii.   Unsecured Claim -  $119,936.54

  12.  That the secured and unsecured claims against the property located at 3383 Cloverdale Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3383 Cloverdale Court, Las Vegas, Nevada, are:

   a. First Lien – BAC Home Loans Servicing, LP  - Loan Number – 85885825

    i.   Secured Claim -  $168,856.34

    ii.   Unsecured Claim -  $20,438.13

   b. Second Lien – Bank of America – Loan Number – 68189001211199

    i.   Secured Claim  -  $0.00

    ii.   Unsecured Claim -  $100,000.00

  13.  That the secured and unsecured claims against the property located at 1624 Desert Canyon Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1624 Desert Canyon Court, Las Vegas, Nevada, are:

   a. First Lien – CitiMortgage  - Loan Number – 0011954829-5

    i.   Secured Claim -  $90,568.03

    ii.   Unsecured Claim -  $0.00

   b. Second Lien – Bank of Nevada – Loan Number – 910016328

    i.   Secured Claim  -  $49,244.61

    ii.   Unsecured Claim -  $460,755.39

14.     That the secured and unsecured claims against the property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3729 Discovery Creek Avenue, North Las Vegas, Nevada are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 101427028

        i.     Secured Claim -          $125,446.93

        ii.    Unsecured Claim -     $128,092.53

15.     That the secured and unsecured claims against the property located at 1392 Echo Falls Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1392 Echo Falls Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732478

        i.     Secured Claim -          $132,000.00

        ii.    Unsecured Claim -     $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001596999

        i.     Secured Claim  -         $0.00

        ii.    Unsecured Claim -     $100,000.00

16.     That the secured and unsecured claims against the property located at 1701 Empire Mine Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1701 Empire Mine Drive, Henderson, Nevada, are:

11

a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 85885841

    i.        Secured Claim -       $80,000.00

    ii.      Unsecured Claim -   $99,633.34

17.    That the secured and unsecured claims against the property located at 9020 Feather River Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9020 Feather River Court, Las Vegas, Nevada, are:

a.  First Lien – JP Morgan Chase Bank  - Loan Number – 8483094523

    i.        Secured Claim -       $73,692.98

    ii.      Unsecured Claim -   $0.00

b.  Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number – 156496465

    i.        Secured Claim  -     $44,941.33

    ii.      Unsecured Claim -   $153,468.46

18.    That the secured and unsecured claims against the property located at 1013 Golden Hawk Way, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1013 Golden Hawk Way, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0616443148-5

    i.        Secured Claim -       $64,854.69

    ii.      Unsecured Claim -   $0.00

b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 156496457

Transferred to Green Tree Servicing – Loan Number: 89741392

     i.        Secured Claim -     $0.00

     ii.       Unsecured Claim -   $167,756.00

19.     That the secured and unsecured claims against the property located at 4521 W. La Madre Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4521 W. La Madre Way, North Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0011951495-8

     i.        Secured Claim -     $74,304.10

     ii.       Unsecured Claim -   $0.00

b.  Second Lien – Wells Fargo – Loan Number – 65065048763141998

     i.        Secured Claim -     $0.00

     ii.       Unsecured Claim -   $149,951.83

20.     That the secured and unsecured claims against the property located at 8562 Lambert Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8562 Lambert Drive, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002525827-8

     i.        Secured Claim -     $138,423.56

     ii.       Unsecured Claim -   $0.00

b.  Second Lien – BAC Home Loans Servicing – Loan Number – 156496473

     i.        Secured Claim -     $0.00

ii.     Unsecured Claim -     $146,269.17

21.     That the secured and unsecured claims against the property located at 276 Manzanita Ranch Lane, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 276 Manzanita Ranch Lane, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002525553-0

  i.     Secured Claim -     $126,038.87

  ii.     Unsecured Claim -     $0.00

b.  Second Lien – Wells Fargo – Loan Number – 65065047357831998

  i.     Secured Claim -     $9,172.80

  ii.     Unsecured Claim -     $134,827.20

22.     That the secured and unsecured claims against the property located at 2861 Marathon Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2861 Marathon Drive, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0702460064-0

  i.     Secured Claim -     $101,274.22

  ii.     Unsecured Claim -     $0.00

b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705549

  i.     Secured Claim -     $0.00

  ii.     Unsecured Claim -     $114,363.00

14

23.     That the secured and unsecured claims against the property located at 5218 Misty Morning Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5218 Misty Morning Drive, Las Vegas, Nevada, are:

   a.  First Lien – Fifth Third Bank  - Loan Number – 201746682

      i.       Secured Claim -        $141,640.60

      ii.      Unsecured Claim -      $27,573.99

   b.  Second Lien – City National Bank – Loan Number – 1824409

      i.       Secured Claim  -       $0.00

      ii.      Unsecured Claim -      $1,000,000.00

24.     That the secured and unsecured claims against the property located at 10317 Neopolitan Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 10317 Neopolitan Place, Las Vegas, Nevada, are:

   a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 74761662

      i.       Secured Claim -        $122,425.03

      ii.      Unsecured Claim -      $0.00

   b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705533

      i.       Secured Claim  -       $0.00

      ii.      Unsecured Claim -      $117,081.00

25.     That the secured and unsecured claims against the property located at 956 Ostrich Fern Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and

15

the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 956 Ostrich Fern Court, Las Vegas, Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732460

        i.      Secured Claim -     $152,440.29

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001609399

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $102,022.20

    26.     That the secured and unsecured claims against the property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8216 Peaceful Canyon Drive, Las Vegas, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank  - Loan Number – 5942618181

        i.      Secured Claim -     $86,994.02

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705557

        i.      Secured Claim -    $39,302.59

        ii.     Unsecured Claim -   $114,127.41

    27.     That the secured and unsecured claims against the property located at 6091 Pumpkin Patch Avenue, Las Vegas, Nevada, are bifurcated in accordance with that certain stipulation between the parties and filed with this court on March 3, 2011 (Docket No. 907); and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

16

11 U.S.C. § 506(a), and the total amounts of the claims against 6091 Pumpkin Patch Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Chase Home Finance, LLC  - Loan Number – 1251107609

        i.      Secured Claim -      $108,307.50

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Wells Fargo – Loan Number – 65065046945011998

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $154,555.66

28.      That the secured and unsecured claims against the property located at 5709 Ridgetree Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5709 Ridgetree Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 943813

        i.      Secured Claim -     $57,963.85

        ii.     Unsecured Claim -   $17,235.43

    b.  Second Lien – Deborah Drake

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $155,000.00

29.      That the secured and unsecured claims against the property located at 5524 Rock Creek Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5524 Rock Creek Lane, Las Vegas, Nevada, are:

a.  First Lien – Fidelity Bank  - Loan Number – 99010769

    i.        Secured Claim -        $83,380.18

    ii.       Unsecured Claim -    $0.00

b.  Second Lien – Wells Fargo – Loan Number - 65065047320381998

    i.        Secured Claim  -       $0.00

    ii.       Unsecured Claim -    $145,000.00

30.  That the secured and unsecured claims against the property located at 922 Saddle Horn Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 922 Saddle Horn Drive, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002415316-5

    i.        Secured Claim -        $96,734.23

    ii.       Unsecured Claim -    $0.00

b.  Second Lien – Bank of America – Loan Number - 68189001224599

    i.        Secured Claim  -       $0.00

    ii.       Unsecured Claim -    $100,000.00

31.  That the secured and unsecured claims against the property located at 5609 San Ardo Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5609 San Ardo Place, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 00001535955-7

    i.        Secured Claim -        $100,573.39

     ii.     Unsecured Claim -     $0.00

  b.  Second Lien – U.S. Bank – Loan Number: 007-0176-529-098

     i.     Secured Claim  -     $0.00

     ii.     Unsecured Claim -     $48,600.00

  c.  Third Lien – Deborah Drake

     i.     Secured Claim -     $0.00

     ii.     Unsecured Claim -     $155,000.00

32.     That the secured and unsecured claims against the property located at 2704 Sattley Circle, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2704 Sattley Circle, Las Vegas, Nevada, are:

  a.  First Lien – Maxine Llewellyn and Mel Elizer

     i.     Secured Claim -     $210,000.00

     ii.     Unsecured Claim -     $0.00

  b.  Second Lien – Wells Fargo – Loan Number - 83082507423330001

     i.     Secured Claim  -     $0.00

     ii.     Unsecured Claim -     $31,531.11

  c.  Third Lien – Bank of Nevada – Loan Number – 910016328

     i.     Secured Claim -     $0.00

     ii.     Unsecured Claim -     $510,000.00

33.     That the secured and unsecured claims against the property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9521 Sierra Summit Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number - 5266345

        i.      Secured Claim -      $103,824.33

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705541

        Transferred to Green Tree Servicing – Loan Number: 89720808

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $151,713.00

34.    That the secured and unsecured claims against the property located at 1528 Splinter Rock Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1528 Splinter Rock Way, North Las Vegas, Nevada, are:

    a.  First Lien – Wells Fargo – Loan Number - 3464851

        i.      Secured Claim -      $105,942.62

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Bank of Nevada – Loan Number - 910016328

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $510,000.00

35.    That the secured and unsecured claims against the property located at 1194 Stormy Valley Road, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 1194 Stormy Valley Road, Las Vegas, Nevada, are:

    a.  First Lien – CitiMortgage– Loan Number – 0002411561-0

        i.      Secured Claim -     $107,161.54

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Wells Fargo – Loan Number - 83765049832011998

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $130,000.00

36.     That the secured and unsecured claims against the property located at 2290 Surrey Meadows Avenue, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2290 Surrey Meadows Avenue, Henderson, Nevada, are:

    a.  First Lien – CitiMortgage– Loan Number – 0002488054-4

        i.      Secured Claim -    $160,723.30

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705565

       Transferred to Green Tree Servicing – Loan Number: 89741262

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $168,075.00

37.     That the secured and unsecured claims against the property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number – 100242287

        i.      Secured Claim -      $130,720.99

        ii.     Unsecured Claim -   $48,298.87

    b.  Second Lien – Jeff Sylvester

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $72,000.00

38.     That the secured and unsecured claims against the property located at 2525 Via Di Autostrada, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2525 Via Di Autostrada, Henderson, Nevada, are:

    a.  First Lien – CitiMortgage – Loan Number – 002519792-2

        i.      Secured Claim -     $85,280.12

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Homecomings Financial – Loan Number – 9125505

      Transferred to GMAC Mortgage – Loan Number: 7392714689

      Transferred to Specialized Loan Servicing – Loan Number: 1004257193

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $141,800.00

39.     That the unsecured portions of the Lenders' claims be reclassified as general unsecured claims with other general unsecured creditors through the Debtors' Plan.

40.     That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, provided, however, all remaining terms of the mortgages and notes related to the Properties, except as expressly modified herein or in the Plan, shall remain the same.

**C.     Plan Implementation.**

41.     The Debtors are authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments or documents necessary to implement the Plan.  All such actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtors.

42.     Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

**D.     Plan Distributions.**

43.     There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

44.     In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date (or, if such date is not a Business Day, by the next Business Day thereafter).  Any Person or entity that fails to file such an application or request on or before such date shall be forever barred from asserting such

Administrative Claim against the Debtors or their property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.  Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 cases may be included in such professional's final applications as set forth herein and in the Plan.  Objections, if any, to fee Claims shall be filed and served not later than fourteen (14) business days prior to the date set by the Court for the hearing to consider such requests.

**E.    Executory Contracts and Leases.**

45.    As of the Confirmation Date, all executory contracts and unexpired leases of the Debtors shall be assumed or rejected, as set forth in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code.

46.    Upon the Confirmation Date of the Plan, the Debtors shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties.  In the event the Plan otherwise is not consummated, the Debtors may modify or amend (including, without limitation, making additions and/or deletions) all rights of the Debtors to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

**F.    Taxes and Transfers.**

47.    The transfer of any asset under the Plan or this Order has been duly authorized, and when issued, as provided in the Plan, will be validly issued, fully paid and nonassessable.

48.    Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing statements, deeds of trust, mortgages or other documents and take any and all actions as they deem

24

appropriate, in their respective discretion, to confirm the perfection of such security interests and liens.

49.     Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and all appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

50.     All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable non-bankruptcy law.  This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

**G.     Miscellaneous.**

51.     From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction over all matters arising out of these Chapter 11 cases pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth *in extenso*.

52.     Except as otherwise provided in the Plan and this Order, notice of all subsequent pleadings in these Chapter 11 cases shall be limited to counsel for the Debtors, the United States Trustee and any party known to be directly affected by the relief sought.

53.     Notwithstanding anything in the Plan or this Order to the contrary, the amount of any priority tax Claim for U.S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation

of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if the Chapter 11 cases had not been commenced; and (b) not be discharged, impaired or adversely affected by the Plan.  In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

54.      Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

55.      All entities holding Claims against the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

56.      In accordance with section 1142 of the Bankruptcy Code, the Debtors and any other entity designated pursuant to the Plan, are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

57.      Any document related to the Plan that refers to a plan of reorganization of the Debtors, other than the Plan confirmed by this Order, shall be, and it hereby is, deemed to be

modified such that the reference to a plan of reorganization of the Debtors in such document shall mean the Plan confirmed by this Order, as appropriate.

58.     In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument or document).  In the event of any inconsistency between the Plan or any agreement, instrument or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

59.     The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

60.     This Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

61.     If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

62.    The Plan shall be substantially consummated on the Confirmation Date because the

transactions described in the Plan shall have occurred or shall have been provided for.


Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

## SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

\_\_X\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order or failed to respond, as indicated below [list each party and whether the party has approved, disapproved or failed to respond to the document]:

\_\_\_\_\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:          Michael Chen, Esq.; Brittany Wood, Esq.; Ace Van Patten, Esq.

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

# # #

29

# EXHIBIT A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-29123-BAM |
| | ) Chapter 11 |
| Melani Schulte and William R. Schulte, | ) |
| | ) Jointly Administered with: |
| | ) |
| 2704 Sattley LLC, | ) 09-27238-BAM |
| Hot Endeavor LLC, | ) 09-27909-BAM |
| Cherish LLC, | ) 09-28513-BAM |
| SABRECO Inc., | ) 09-31584-BAM |
| Keep Safe LLC | ) 09-31585-BAM |
| | ) |
| Debtors. | ) Confirmation Hearing Date: January 31, 2011 |
| | ) Confirmation Hearing Time: 9:30 a.m. |
| | ) |

### THIRD AMENDED JOINT PLAN OF REORGANIZATION OF
### MELANI SCHULTE AND WILLIAM R. SCHULTE

### ARTICLE I - SUMMARY

This Third Amended Joint Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") proposes to pay creditors of the above-captioned debtors and debtors-in-possession (the "**Debtors**") from the reorganization of their residential property and secured debt.

This Plan provides for 2 classes of secured claims and 3 classes of unsecured claims. Unsecured creditors holding allowed claims may receive distributions, if objections to the Plan are lodged under Section 1129(a)(15) of the Bankruptcy Code, which the Debtors have valued at approximately 4% of each creditor's allowed claim. If no objections are lodged, the Debtors may elect to make zero distributions to general unsecured creditors. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Fourth Amended Joint Disclosure Statement (the "**Disclosure Statement**") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtors. All Claims against the Debtors are placed in classes (each a "**Class**") as designated by Classes 1 through 5. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtors have not classified Administrative Claims and Priority Tax Claims.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**THE DEBTORS INTEND TO SEEK SUBSTANTIVE CONSOLIDATION IN CONNECTION WITH THE PAYMENT OF THE GENERAL UNSECURED CLAIMS AGAINST THEIR ESTATES THROUGH THE PLAN. IF SUCH SUBSTANTIVE CONSOLIDATION IS AUTHORIZED AND ORDERED BY THE COURT, CERTAIN ALLOWED CLAIMS OF THE DEBTORS OR THEIR ESTATES SHALL BE SATISFIED FROM THE COMBINED CASH AND OTHER PROPERTY OF THE DEBTORS AND THEIR COMBINED ESTATES. ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

**Classification of Claims**

2.01    Class 1(a) – Secured Claim of America's Servicing Company

(a)    *Classification*: Class 1(a) consists of the Secured Claim of America's Servicing Company against the Debtors' property located at 509 Canyon Greens, Las Vegas, Nevada 89144, which is secured by a lien against the Debtors' residential property, loan number 1205043971.

(b)    *Treatment*: The holder of the allowed Class 1(a) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c)     *Voting*: Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

2.02     Class 2(a) –Secured Claim of CitiMortgage

(a)     *Classification*: Class 2(a) consists of the Secured Claim of CitiMortgage against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134 which is secured by a lien against the Debtors' residential property, loan number 0577014851-7.

(b)     *Treatment*: The holder of the allowed Class 2(a) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(a) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(a) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(a) is an impaired class, and the holder of the Class 2(a) claim is entitled to vote to accept or reject the Plan.

Class 2(b) –Secured Claim of City National Bank

(a)     *Classification*: Class 2(b) consists of the Secured Claim of City National Bank against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 1824409.

(b)     *Treatment*: The holder of the allowed Class 2(b) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(b) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving

the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(b) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(b) is an impaired class, and the holder of the Class 2(b) claim is entitled to vote to accept or reject the Plan.

Class 2(c) –Secured Claim of Chase Home Finance

(a)   *Classification*: Class 2(c) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 8483094531.

(b)   *Treatment*: The holder of the allowed Class 2(c) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(c) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(c) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(c) is an impaired class, and the holder of the Class 2(c) claim is entitled to vote to accept or reject the Plan.

Class 2(d) –Secured Claim of Countywide Home Loans

(a)   *Classification*: Class 2(d) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 156496481.

(b)   *Treatment*: The holder of the allowed Class 2(d) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(d) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(d) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(d) is an impaired class, and the holder of the Class 2(d) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(e) –Secured Claim of Countrywide Home Loans</u>

(a)     *Classification*: Class 2(e) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 4710 Brently Place, Las Vegas, Nevada 89122, which is secured by a lien against the Debtors' residential property, loan number 86314260.

(b)     *Treatment*: The holder of the allowed Class 2(e) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(e) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(e) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(e) is an impaired class, and the holder of the Class 2(e) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(f) –Secured Claim of Chase Home Finance</u>

(a)     *Classification*: Class 2(f) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 8483094549.

(b)     *Treatment*: The holder of the allowed Class 2(f) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(f) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(f) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(f) is an impaired class, and the holder of the Class 2(f) claim is entitled to vote to accept or reject the Plan.

Class 2(g) –Secured Claim of Bank of Nevada

(a)     *Classification*: Class 2(g) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)     *Treatment*: The holder of the allowed Class 2(g) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(g) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(g) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(g) is an impaired class, and the holder of the Class 2(g) claim is entitled to vote to accept or reject the Plan.

Class 2(h) –Secured Claim of Countrywide Home Loans

(a)  *Classification*: Class 2(h) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3322 Cheltenham Street, Las Vegas, Nevada 89129, which is secured by a lien against the Debtors' residential property, loan number 84536650.

(b)  *Treatment*: The holder of the allowed Class 2(h) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(h) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(h) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(h) is an impaired class, and the holder of the Class 2(h) claim is entitled to vote to accept or reject the Plan.

Class 2(i) –Secured Claim of Countrywide Home Loans

(a)  *Classification*: Class 2(i) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3383 Cloverdale Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 85885825.

(b)  *Treatment*: The holder of the allowed Class 2(i) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(i) is an impaired class, and the holder of the Class 2(i) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(j) –Secured Claim of CitiMortgage, Inc.</u>

(a)    *Classification*: Class 2(j) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 0011954829-5.

(b)    *Treatment*: The holder of the allowed Class 2(j) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(j) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(j) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(j) is an impaired class, and the holder of the Class 2(j) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(k) –Secured Claim of Bank of Nevada</u>

(a)    *Classification*: Class 2(k) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)    *Treatment*: The holder of the allowed Class 2(k) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(k) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(k) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(k) is an impaired class, and the holder of the Class 2(k) claim is entitled to vote to accept or reject the Plan.

Class 2(l) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(l) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 101427028.

(b)     *Treatment*: The holder of the allowed Class 2(l) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(l) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(l) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(l) is an impaired class, and the holder of the Class 2(l) claim is entitled to vote to accept or reject the Plan.

Class 2(m) –Secured Claim of Litton Loan Servicing

(a)     *Classification*: Class 2(m) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 1392 Echo Falls Avenue, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732478.

(b)     *Treatment*: The holder of the allowed Class 2(m) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(m) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(m) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(m) is an impaired class, and the holder of the Class 2(m) claim is entitled to vote to accept or reject the Plan.

Class 2(n) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(n) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 1701 Empire Mine Drive, Henderson, Nevada 89014, which is secured by a lien against the Debtors' residential property, loan number 85885841.

(b)     *Treatment*: The holder of the allowed Class 2(n) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(n) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(n) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(n) is an impaired class, and the holder of the Class 2(n) claim is entitled to vote to accept or reject the Plan.

Class 2(o) –Secured Claim of Chase Home Finance

(a)     *Classification*: Class 2(o) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 8483094523.

(b)     *Treatment*: The holder of the allowed Class 2(o) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

Case 18-12734-mkn    Doc 312    Entered 06/09/18 10:54:52    Page 58 of 764

(c)    *Valuation*: The Class 2(o) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(o) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(o) is an impaired class, and the holder of the Class 2(o) claim is entitled to vote to accept or reject the Plan.

Class 2(p) –Secured Claim of Countrywide Home Loans

(a)    *Classification*: Class 2(p) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 156496465.

(b)    *Treatment*: The holder of the allowed Class 2(p) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(p) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(p) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(p) is an impaired class, and the holder of the Class 2(p) claim is entitled to vote to accept or reject the Plan.

Class 2(q) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(q) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1013 Golden Hawk Way, Las Vegas, Nevada 89108, which is secured by a lien against the Debtors' residential property, loan number 0616443148-5.

(b)     *Treatment*: The holder of the allowed Class 2(q) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(q) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(q) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(q) is an impaired class, and the holder of the Class 2(q) claim is entitled to vote to accept or reject the Plan.

Class 2(r) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(r) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 4521 W. La Madre Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 0011951495-8.

(b)     *Treatment*: The holder of the allowed Class 2(r) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(r) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(r) is an impaired class, and the holder of the Class 2(r) claim is entitled to vote to accept or reject the Plan.

Class 2(s) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(s) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 8562 Lambert Drive, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 0002525827-8.

(b)    *Treatment*: The holder of the allowed Class 2(s) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(s) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(s) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(s) is an impaired class, and the holder of the Class 2(s) claim is entitled to vote to accept or reject the Plan.

Class 2(t) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(t) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89052 which is secured by a lien against the Debtors' residential property, loan number 0002525553-0.

(b)    *Treatment*: The holder of the allowed Class 2(t) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(t) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(t) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(t) is an impaired class, and the holder of the Class 2(t) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(u) –Secured Claim of CitiMortgage, Inc.</u>

(a)     *Classification*: Class 2(u) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2861 Marathon Drive, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0702460064-0.

(b)     *Treatment*: The holder of the allowed Class 2(u) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(u) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(u) is an impaired class, and the holder of the Class 2(u) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(v) –Secured Claim of Fifth Third Bank</u>

(a)     *Classification*: Class 2(v) consists of the Secured Claim of Fifth Third Bank against the Debtors' property located at 5218 Misty Morning Drive, Las Vegas, Nevada 89118, which is secured by a lien against the Debtors' residential property, loan number 0201746682.

(b)     *Treatment*: The holder of the allowed Class 2(v) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(v) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(v) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(v) is an impaired class, and the holder of the Class 2(v) claim is entitled to vote to accept or reject the Plan.

Class 2(w) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(w) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 10317 Neopolitan Place, Las Vegas, Nevada 89144 which is secured by a lien against the Debtors' residential property, loan number 74761662.

(b)     *Treatment*: The holder of the allowed Class 2(w) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(w) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(w) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(w) is an impaired class, and the holder of the Class 2(w) claim is entitled to vote to accept or reject the Plan.

Class 2(x) –Secured Claim of Litton Loan Servicing

(a)     *Classification*: Class 2(x) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 956 Ostrich Fern Court, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732460.

(b)     *Treatment*: The holder of the allowed Class 2(x) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(x) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(x) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(x) is an impaired class, and the holder of the Class 2(x) claim is entitled to vote to accept or reject the Plan.

Class 2(y) –Secured Claim of Chase Home Finance

(a)     *Classification*: Class 2(y) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 5942618181.

(b)     *Treatment*: The holder of the allowed Class 2(y) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(y) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(y) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(y) is an impaired class, and the holder of the Class 2(y) claim is entitled to vote to accept or reject the Plan.

Class 2(z) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(z) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 154705557.

(b)     *Treatment*: The holder of the allowed Class 2(z) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(z) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(z) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(z) is an impaired class, and the holder of the Class 2(z) claim is entitled to vote to accept or reject the Plan.

Class 2(aa) –Secured Claim of Chase Manhattan Mortgage

(a)     *Classification*: Class 2(aa) consists of the Secured Claim of Chase Manhattan Mortgage against the Debtors' property located at 6091 Pumpkin Patch Avenue, Las Vegas, Nevada 89142, which is secured by a lien against the Debtors' residential property, loan number 001251107609.

(b)     *Treatment*: The holder of the allowed Class 2(aa) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over the remaining loan term, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(aa) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(aa) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(aa) is an impaired class, and the holder of the Class 2(aa) claim is entitled to vote to accept or reject the Plan.

Class 2(bb) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(bb) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 5709 Ridgetree Avenue, Las Vegas, Nevada 89107, which is secured by a lien against the Debtors' residential property, loan number 943813.

(b)     *Treatment*: The holder of the allowed Class 2(bb) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(bb) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(bb) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(bb) is an impaired class, and the holder of the Class 2(bb) claim is entitled to vote to accept or reject the Plan.

Class 2(cc) –Secured Claim of Fidelity Bank

(a)     *Classification*: Class 2(cc) consists of the Secured Claim of Fidelity Bank against the Debtors' property located at 5524 Rock Creek Lane, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 0099010769.

(b)     *Treatment*: The holder of the allowed Class 2(cc) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(cc) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(cc) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(cc) is an impaired class, and the holder of the Class 2(cc) claim is entitled to vote to accept or reject the Plan.

Case 18-12734-mkn   Doc 312   Entered 03/09/18 10:54:52   Page 66 of 764

Class 2(dd) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(dd) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 922 Saddle Horn Drive, Henderson, Nevada 89002, which is secured by a lien against the Debtors' residential property, loan number 0002415316-5.

(b)     *Treatment*: The holder of the allowed Class 2(dd) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(dd) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(dd) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(dd) is an impaired class, and the holder of the Class 2(dd) claim is entitled to vote to accept or reject the Plan.

Class 2(ee) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(ee) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 5609 San Ardo Place, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 00001535955-7.

(b)     *Treatment*: The holder of the allowed Class 2(ee) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(ee) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ee) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ee) is an impaired class, and the holder of the Class 2(ee) claim is entitled to vote to accept or reject the Plan.

Class 2(ff) –Secured Claim of Maxine Llewellyn and Mel Elizer

(a)     *Classification*: Class 2(ff) consists of the Secured Claim of Maxine Llewellyn and Mel Elizer against the Debtors' property located at 2704 Sattley Circle, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property.

(b)     *Treatment*: The holder of the allowed Class 2(ff) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, payable in monthly installments of $700.00, over a period of 5 years, with a balloon payment of the amount of its claim after the five-year period.

(c)     *Valuation*: The Class 2(ff) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ff) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ff) is an impaired class, and the holder of the Class 2(ff) claim is entitled to vote to accept or reject the Plan.

Class 2(gg) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(gg) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 005266345.

(b)     *Treatment*: The holder of the allowed Class 2(gg) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(gg) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(gg) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(gg) is an impaired class, and the holder of the Class 2(gg) claim is entitled to vote to accept or reject the Plan.

## Class 2(hh) –Secured Claim of Wells Fargo Home Mortgage

(a)   *Classification*: Class 2(hh) consists of the Secured Claim of Wells Fargo Home Mortgage against the Debtors' property located at 1528 Splinter Rock Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 3464851.

(b)   *Treatment*: The holder of the allowed Class 2(hh) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(hh) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(hh) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(hh) is an impaired class, and the holder of the Class 2(hh) claim is entitled to vote to accept or reject the Plan.

## Class 2(ii) –Secured Claim of CitiMortgage, Inc.

(a)   *Classification*: Class 2(ii) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1194 Stormy Valley Road, Las Vegas, Nevada 89123, which is secured by a lien against the Debtors' residential property, loan number 0002411561-0.

(b)   *Treatment*: The holder of the allowed Class 2(ii) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(ii) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ii) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ii) is an impaired class, and the holder of the Class 2(ii) claim is entitled to vote to accept or reject the Plan.

Class 2(jj) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(jj) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2290 Surrey Meadows Avenue, Henderson, Nevada 89052, which is secured by a lien against the Debtors' residential property, loan number 0002488054-4.

(b)     *Treatment*: The holder of the allowed Class 2(jj) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(jj) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(jj) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(jj) is an impaired class, and the holder of the Class 2(jj) claim is entitled to vote to accept or reject the Plan.

Class 2(kk) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(kk) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 100242287.

(b)     *Treatment*: The holder of the allowed Class 2(kk) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(kk) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(kk) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(kk) is an impaired class, and the holder of the Class 2(kk) claim is entitled to vote to accept or reject the Plan.

Class 2(ll) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(ll) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2525 Via Di Autostrada, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0002519792-2.

(b)    *Treatment*: The holder of the allowed Class 2(ll) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(ll) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(ll) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(ll) is an impaired class, and the holder of the Class 2(ll) claim is entitled to vote to accept or reject the Plan.

Class 2(mm) –Secured Claim of Wells Fargo Bank, N.A.

(a)    *Classification*: Class 2(mm) consists of the Secured Claim of Wells Fargo Bank, N.A. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89012, which is secured by a lien against the Debtors' residential property, loan number 65065047357831998.

(b)     *Treatment*: The holder of the allowed Class 2(mm) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(mm) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(mm) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(mm) is an impaired class, and the holder of the Class 2(mm) claim is entitled to vote to accept or reject the Plan.

2.03     Class 3 – Priority Claims

(a)     *Classification*: Class 3 consists of the Priority Claims against the Debtors.

(b)     *Treatment*:  The legal, equitable and contractual rights of the holders of allowed Class 3 Claims are unaltered.  Except to the extent that a holder of an allowed Class 3 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 3 Claim shall receive, in full and final satisfaction of such allowed Class 3 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 3 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c)     *Voting*: Class 3 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

2.04     Class 4 – Convenience Claims

(a)     *Classification:* Class 4 consists of Convenience Claims in an amount under $1,000.00 each against the Debtors in accordance with section 1122(b) of the Bankruptcy Code.

(b)     *Treatment:*  The legal, equitable and contractual rights of the holders of allowed Class 4 claims are unaltered.  Except to the extent that a holder of an allowed Class 4 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each

holder of an allowed Class 4 claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

    (c)    *Voting:* Class 4 is an unimpaired class, and the holders of Class 4 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

2.05    Class 5 - General Unsecured Claims

    (a)    *Classification:* Class 5 consists of General Unsecured Claims against the Debtors, which includes the unsecured portion of the Debtors' first and second lien holders' claims.

    (b)    *Treatment:*  Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 5 claims, their pro rata share of the Debtors' monthly plan payments, which the Debtors estimate to be 4% of such creditor's claim.

    (c)    *Voting:* Class 5 is an impaired Class, and holders of Class 5 claims are entitled to vote to accept or reject the Plan.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
PROVISIONS FOR EXECUTORY CONTRACTS, UNEXPIRED LEASES AND
DISPOSITION OF VACANT LAND

4.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtors shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto.  Listed on **Exhibit 2** is also the Debtors' estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan.  The Debtors reserve the right to amend **Exhibit 2** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtors' proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtors at least seven (7) days prior to the confirmation hearing of this Plan.  Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease.   The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption.   If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtors at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01    Source of Payments.  If an objection to the Plan is lodged under Section 1129(a)(15) of the Bankruptcy Code, the Debtors' Payments and distributions under the Plan will be funded by the Debtors, based upon their (a) projected monthly rental income and (b) personal income.  The Liquidation Analysis attached the Disclosure Statement as **Exhibit C**, outlines the Debtors' sources and uses of income.  The Debtors' monthly Plan payment shall be four thousand dollars

($4,000.00).  If no objections are lodged to the Plan, the Debtors may make no distributions to general unsecured creditors.

5.02    Method of Plan Payments

(a)      On or about the effective date of the Plan, to the extent necessary, the Debtors shall retain Cynthia Bitaut of Baxter Distribution Services, LLP, 2655 Box Canyon Drive #190, Las Vegas, Nevada 89128 as their disbursement agent (the "**Disbursement Agent**").  Except as otherwise provided in the Plan, upon the first full month after the entry of the order confirming the Plan, the Debtors shall begin making monthly distributions to the Disbursement Agent under the Plan. The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtors' unsecured creditors holding allowed claims, on a quarterly basis, until such claims are paid as set forth in the Plan.

(b)      Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by the Disbursement Agent, which is at least thirty (30) days after such claim becomes an allowed claim.

(c)      Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court.  In the event that there are disputed claims requiring adjudication and resolution, the Disbursement Agent shall establish appropriate reserves for potential payment of such Claims.

(d)      In no event, however, shall the Disbursement Agent be held liable for any failures of the Debtors to make any of their payments required under the Plan.  If any holders of allowed claims against the Debtors' estate fail to receive payment in accordance with the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters related to the implementation of this Plan and the payments required hereunder.

(e)      The Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to proofs of claim, pay administrative expenses and collect a reasonable fee for administering the Debtors' post-confirmation estate from the Debtors' plan payments.

5.03    The Holding Company.  On or after the effective date of the Plan, the Debtors shall transfer title to their properties to a Nevada limited liability company (the "**Holding Company**"), for liability purposes.  The transfer shall not limit the Debtors' personal liability to their Class 1 creditors or their obligations to make payments under this Plan.

5.04    Post-confirmation Management.  The Debtors will manage their properties post-petition in the ordinary course, which will include the assumption and continued operation under all partnership agreements, as well as the debt service obligations thereunder.  They will be authorized to enter into, terminate and renew lease agreements as they see fit.  Such activities will include retaining management companies to aid in the renting of their property, drafting and

serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater. In addition, the Debtors will be authorized to transfer the properties to the Holding Company to limit their liability from claims arising from their rental business (such as injuries occurring at the homes) after the date of confirmation.

5.05    Liquidation and Abandonment of Certain Debtor Entities. Pursuant to Sections 363 and 554 of the Bankruptcy Code, the Debtors may abandon or liquidate Cherish LLC, Keep Safe LLC, 2704 Sattley LLC and Hot Endeavor, LLC (the "**Abandoned Entities**"), as all properties owned by those entities will be transferred back to the Debtors Melani and William R. Schulte, personally. Therefore, the order confirming the Plan will constitute the Bankruptcy Court's finding and determination that the abandonment or liquidation of the Abandoned Entities is (1) in the best interests of the Debtors, their estates and parties in interest, (2) fair, equitable and reasonable, (3) made in good faith and (4) approved pursuant to section 363 and 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

5.06    Post-confirmation Payment. The post-confirmation payment of the claims of allowed general unsecured creditors in the Debtors' cases shall be jointly administered. Accordingly, the Debtors will pay their combined creditor pool through the continued joint administration of their estates post-confirmation, in order to maximize the distributions to unsecured creditors and avoid the related costs of paying their joint creditors separately for 5 years. The order confirming the Plan shall direct the foregoing administration of the Debtors' post-confirmation estates.

5.07    Substantive Consolidation. The filing of the Plan shall constitute a motion for an order of the Bankruptcy Court approving, and the Confirmation Order shall constitute the Bankruptcy Court's approval of, substantive consolidation of the payment of the general unsecured claims against the reorganized Debtors' estates, specifically the estates of Melani and William R. Schulte and SABRECO, Inc. (collectively, the "**Reorganized Debtors**"). On the effective date of the Plan, pursuant to Section 105(a) of the Bankruptcy Code, the Reorganized Debtors' estates shall be substantively consolidated solely for the purposes related to the Plan (including voting and distributions to general unsecured creditors). The substantive consolidation of the Reorganized Debtors' estates shall have the following effects:

(a)    All assets of the Reorganized Debtors' estates shall be treated as though they were assets of a single consolidated estate for purposes of distributions under the Plan;

(b)    Each and every claim scheduled, filed, to be filed, or deemed to have been filed in these Chapter 11 cases against either Reorganized Debtor shall be deemed scheduled or filed against a single consolidated Estate; and

(c)    No distributions shall be made under the Plan on account of claims among the Reorganized Debtors, and any and all liability on account of such claims between the Reorganized Debtors shall be deemed satisfied and discharged upon confirmation.

Notwithstanding the foregoing, on or after the effective date of the Plan, the Reorganized Debtors may take such actions as are necessary to complete a merger with or dissolution of any of the Reorganized Debtors' assets under applicable law.

**ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS, SHALL BE PAID AS SET FORTH IN CLASSES 1 AND 2, AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

ARTICLE VI
GENERAL PROVISIONS

6.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02    <u>Effective Date of Plan</u>.   The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03    <u>Modification of Plan</u>.

The Debtors may modify the Plan at any time before confirmation of the Plan.  The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan.  The Debtors may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtors, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04    <u>Final Decree</u>**.**  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtors, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final

decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

6.05    Vesting of Assets in the Reorganized Debtors and the Holding Company.  After confirmation of the Plan, all property of the Debtors shall vest in the reorganized Debtors and the Holding Company, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in Section 6.06, the order approving the Motion to Value and the confirmation order.  The reorganized Debtors may operate their business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order.  Without limiting the foregoing, the Debtors shall pay the charges that incur after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06    Release of Liens, Claims and Equity Interests.  Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estate shall be fully released and discharged.  The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan.  To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.07    Certificate of Incorporation and Bylaws.  The articles of organization and bylaws (or other formation documents) of the Holding Company shall be amended as may be required to be consistent with the provisions of the Plan and the Bankruptcy Code or as otherwise required by, and in a form reasonably acceptable to, the Debtors.  On or as soon as reasonably practicable after confirmation of the Plan, the reorganized Debtors shall file a new certificate of organization with the Nevada secretary of state, as required by section 1123(a)(6) of the Bankruptcy Code.

6.08    Effectuating Documents; Further Transactions.  The Debtors may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.09    Exemption from Certain Transfer Taxes.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.10    Revocation of Plan.  The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans.  If the Debtors revoke or

withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other entity.

6.11   <u>Successors and Assigns</u>.   The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.12   <u>Reservation of Rights</u>.   Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order.   Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtors or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan. The Debtors expressly reserve all rights to pursue any claims they may hold against their mortgage lenders or against any other entity prior to or after the effective date of the Plan.

6.13   <u>Further Assurances</u>.   The Debtors or the reorganized Debtors, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.14   <u>Severability</u>.   If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, <u>*provided*</u> that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.15   <u>Return of Security Deposits</u>.   Unless the Debtors agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtors to any person or entity at any time after the petition date shall be returned to the Debtors within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.16   <u>Filing of Additional Documents</u>.   On or before the Effective Date, the Debtors may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.17 <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

<div align="center">

ARTICLE VII

DISCHARGE

</div>

**7.01 Discharge.**  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, if the Debtors elect to make such payments, which is 5 years or 20 quarterly payments, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated:   November 23, 2010

Respectfully submitted,

MELANI SCHULTE

/s/ Melani Schulte____


WILLIAM R. SCHULTE

/s/ William R. Schulte_____

# EXHIBIT 1

**Exhibit 1**

**Residential Property Owned by Melani and William R. Schulte**          .

9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Value:                                                    $142,500.00


2460 Avenida Cortes
Henderson, Nevada 89074
Value:                                                    $123,000.00


4710 Brently Place
Las Vegas, Nevada 89122
Value:                                                    $109,105.70


7873 Bridgefield Lane
Las Vegas, Nevada 89147
Value:                                                    $126,000.00


3322 Cheltenham Street
Las Vegas, Nevada 89129
Value:                                                    $99,806.60


3383 Cloverdale Court
Las Vegas, Nevada 89117
Value:                                                    $168,856.34


1624 Desert Canyon Court
Las Vegas, Nevada 89128
Value:                                                    $168,000.00


3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Value:                                                    $125,446.93


1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Value:                                                    $132,000.00


1701 Empire Mine Drive
Henderson, Nevada 89014
Value:                                                    $80,000.00

9020 Feather River Court
Las Vegas, Nevada 89117
Value:                                          $135,000.00

1013 Golden Hawk Way
Las Vegas, Nevada 89108
Value:                                          $94,000.00

4521 W. La Madre Way
Las Vegas, Nevada 89031
Value:                                          $100,000.00

8562 Lambert Drive
Las Vegas, Nevada 89147
Value:                                          $148,000.00

276 Manzanita Ranch Lane
Henderson, Nevada 89012
Value:                                          $162,000.00

2861 Marathon Drive
Henderson, Nevada 89074
Value:                                          $125,000.00

5218 Misty Morning Drive
Las Vegas, Nevada 89118
Value:                                          $138,000.00

10317 Neopolitan Place
Las Vegas, Nevada 89144
Value:                                          $140,000.00

956 Ostrich Fern Court
Las Vegas, Nevada 89183
Value:                                          $152,440.29

8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Value:                                          $143,000.00

6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Value:                                          $108,307.50

Case 18-12734-mkn   Doc 311   Entered 05/09/18 10:54:52   Page 83 of 174

5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Value:                                        $57,963.85


5524 Rock Creek Lane
Las Vegas, Nevada 89130
Value:                                        $100,000.00


922 Saddle Horn Drive
Henderson, Nevada 89002
Value:                                        $114,000.00


5609 San Ardo Place
Las Vegas, Nevada 89130
Value:                                        $115,000.00


2704 Sattley Circle
Las Vegas, Nevada 89117
Value:                                        $210,000.00


9521 Sierra Summit Avenue
Las Vegas, Nevada 89134
Value:                                        $135,000.00


1528 Splinter Rock Way
Las Vegas, Nevada 89031
Value:                                        $112,000.00


1194 Stormy Valley Road
Las Vegas, Nevada 89123
Value:                                        $127,000.00


2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130
Value:                                        $195,000.00


2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131
Value:                                        $130,720.99


2525 Via Di Autostrada
Henderson, Nevada 89074
Value:                                        $125,000.00

509 Canyon Greens
Las Vegas, Nevada 89144
Value:                                 $807,141.58

**Total Appraised Value:**                **$4,949,289.78**

# EXHIBIT 2

# EXHIBIT 2

Melani Schulte and William R. Schulte Leases and Executory Contracts to be Assumed Pursuant to the Plan

Residential Lease Agreements

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Luther and Rita Cobbs for the rental of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated June 27, 2008 between the Debtors and Shireen McGrath for the rental of:
2460 Avenida Cortes
Henderson, Nevada 89074

Standard Residential Lease Agreement dated February 18, 2005 between the Debtors and Evelyn and Richard Deschamps for the rental of:
4710 Brently Place
Las Vegas, Nevada 89122

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Antonio & Linda Reina for the rental of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated May 27, 2008 between the Debtors and William Hallman for the rental of:
3322 Cheltenham Street
Las Vegas, Nevada 89129

Standard Residential Lease Agreement dated March 7, 2010 between the Debtors and Nikheel Arnold Prasad for the rental of:
3383 Cloverdale Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Ryan Mack & Lorraine Acevedo for the rental of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 27, 2005 between the Debtors and Tyler Taylor for the rental of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated June 12, 2004 between the Debtors and Shaun Powell, Nicholas Hurd and Chad Jordan for the rental of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Roly Agreda for the rental of:
1701 Empire Mine Drive
Henderson, Nevada 89014

Standard Residential Lease Agreement dated June 17, 2007 between the Debtors and James and Judy Craig for the rental of:
9020 Feather River Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated December 1, 2010 between the Debtors and Arni Flenoy for the rental of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Linda Marrone for the rental of:
4521 W. La Madre Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated March 19, 2009 between the Debtors and Be Ngoc Dong and Tran Kim for the rental of:
8562 Lambert Drive
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated March 27, 2010 between the Debtors and Xeomara Ramos for the rental of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012

Standard Residential Lease Agreement dated March 17, 2007 between the Debtors and Benjamin Tranquillo and Nicole Carpenter for the rental of:
2861 Marathon Drive
Henderson, Nevada 89074

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Earl Humphrey for the rental of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118

Standard Residential Lease Agreement dated May 14, 2010 between the Debtors and Rosemary Karnay and Daniel Shaefer for the rental of:
10317 Neopolitan Place
Las Vegas, Nevada 89144

Standard Residential Lease Agreement dated September 1, 2007 between the Debtors and Clint Fisher for the rental of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated April 30, 2001 between the Debtors and James Earl and Lisa Hammond for the rental of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Darrin and Jody Miller for the rental of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142

Standard Residential Lease Agreement dated February 1, 2010 between the Debtors and Donald and Bonnie Lee for the rental of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Charles Gallo for the rental of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated October 1, 2009 between the Debtors and Richard and Mary Gordon for the rental of:
922 Saddle Horn Drive
Henderson, Nevada 89002

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and J. Richard Stull for the rental of:
5609 San Ardo Place
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Devin Marrin for the rental of:
2704 Sattley Circle
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated August 27, 2009 between the Debtors and Lyla and Phillip Dwyer for the rental of:
9521 Sierra Summit Avenue
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated April 27, 2010 between the Debtors and Karen Yos for the rental of:
1528 Splinter Rock Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated July 27, 2009 between the Debtors and Donna Hanna and Kenneth Wade for the rental of:
1194 Stormy Valley Road
Las Vegas, Nevada 89123

Standard Residential Lease Agreement dated April 27, 2007 between the Debtors and William Lundy and Theresa Orden for the rental of:
2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated January 4, 2007 between the Debtors and Tyler Taylor for the rental of:
2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Brian Hobbs for the rental of:
2525 Via Di Autostrada
Henderson, Nevada 89074


**Residential Mortgages**

Residential Mortgage by and between the Debtors and America's Servicing Company for the purchase of:
509 Canyon Greens
Las Vegas, Nevada 89144
Cure Amount:                    $ 0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Cure Amount:                    $0.00

Residential Mortgage by and between Debtors and Chase Home Finance for the purchase of:
2460 Avenida Cortes
Henderson, Nevada 89074
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Loans for the purchase of:
4710 Brently Place
Las Vegas, Nevada 89122
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3322 Cheltenham Street
Las Vegas, Nevada 89129
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3383 Cloverdale Court
Las Vegas, Nevada 89117
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Litton Loan Servicing for the purchase of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
1701 Empire Mine Drive
Henderson, Nevada 89014
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
9020 Feather River Court
Las Vegas, Nevada 89117
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
4521 W. La Madre Way
Las Vegas, Nevada 89031
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
8562 Lambert Drive
Las Vegas, Nevada 89147
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
2861 Marathon Drive
Henderson, Nevada 89074
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and Fifth Third Bank for the purchase of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
10317 Neopolitan Place
Las Vegas, Nevada 89144
Cure Amount:                  $0.00

Residential Mortgage by and between the Debtors and Litton Loan for the purchase of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Chase Manhattan Mortgage for the
purchase of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the
purchase of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Fidelity Bank for the purchase of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
922 Saddle Horn Drive
Henderson, Nevada 89002
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
5609 San Ardo Place
Las Vegas, Nevada 89130
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Mel Elizer and Maxine Llewellyn for the
purchase of:
2704 Sattley Circle
Las Vegas, Nevada 89117
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:

9521 Sierra Summit Avenue

Las Vegas, Nevada 89134

Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Wells Fargo Home Mortgage for the purchase of:

1528 Splinter Rock Way

Las Vegas, Nevada 89031

Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

1194 Stormy Valley Road

Las Vegas, Nevada 89123

Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

2290 Surrey Meadows Avenue

Las Vegas, Nevada 89130

Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:

2614 Sweet Leilani Avenue

North Las Vegas, Nevada 89131

Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

2525 Via Di Autostrada

Henderson, Nevada 89074

Cure Amount:                              $0.00

# EXHIBIT 5

# LOAN AMORTIZATION SCHEDULE

## ENTER VALUES

| | |
|---|---|
| Loan amount | $105,942.62 |
| Annual interest rate | 5.00% |
| Loan period in years | 30 |
| Number of payments per year | 12 |
| Start date of loan | 3/18/2011 |
| Optional extra payments | |

## LOAN SUMMARY

| | |
|---|---|
| Scheduled payment | $568.72 |
| Scheduled number of payments | 360 |
| Actual number of payments | 360 |
| Total early payments | $0.00 |
| Total interest | $98,797.62 |

**LENDER NAME**  Wells Fargo Bank

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 3/18/2011 | $105,942.62 | $568.72 | $0.00 | $568.72 | $127.30 | $441.43 | $105,815.32 | $441.43 |
| 2 | 4/18/2011 | $105,815.32 | $568.72 | $0.00 | $568.72 | $127.83 | $440.90 | $105,687.50 | $882.32 |
| 3 | 5/18/2011 | $105,687.50 | $568.72 | $0.00 | $568.72 | $128.36 | $440.36 | $105,559.14 | $1,322.69 |
| 4 | 6/18/2011 | $105,559.14 | $568.72 | $0.00 | $568.72 | $128.89 | $439.83 | $105,430.25 | $1,762.52 |
| 5 | 7/18/2011 | $105,430.25 | $568.72 | $0.00 | $568.72 | $129.43 | $439.29 | $105,300.82 | $2,201.81 |
| 6 | 8/18/2011 | $105,300.82 | $568.72 | $0.00 | $568.72 | $129.97 | $438.75 | $105,170.85 | $2,640.57 |
| 7 | 9/18/2011 | $105,170.85 | $568.72 | $0.00 | $568.72 | $130.51 | $438.21 | $105,040.34 | $3,078.78 |
| 8 | 10/18/2011 | $105,040.34 | $568.72 | $0.00 | $568.72 | $131.05 | $437.67 | $104,909.28 | $3,516.45 |
| 9 | 11/18/2011 | $104,909.28 | $568.72 | $0.00 | $568.72 | $131.60 | $437.12 | $104,777.68 | $3,953.57 |
| 10 | 12/18/2011 | $104,777.68 | $568.72 | $0.00 | $568.72 | $132.15 | $436.57 | $104,645.53 | $4,390.14 |
| 11 | 1/18/2012 | $104,645.53 | $568.72 | $0.00 | $568.72 | $132.70 | $436.02 | $104,512.83 | $4,826.16 |
| 12 | 2/18/2012 | $104,512.83 | $568.72 | $0.00 | $568.72 | $133.25 | $435.47 | $104,379.58 | $5,261.63 |
| 13 | 3/18/2012 | $104,379.58 | $568.72 | $0.00 | $568.72 | $133.81 | $434.91 | $104,245.77 | $5,696.55 |
| 14 | 4/18/2012 | $104,245.77 | $568.72 | $0.00 | $568.72 | $134.37 | $434.36 | $104,111.41 | $6,130.91 |
| 15 | 5/18/2012 | $104,111.41 | $568.72 | $0.00 | $568.72 | $134.93 | $433.80 | $103,976.48 | $6,564.70 |
| 16 | 6/18/2012 | $103,976.48 | $568.72 | $0.00 | $568.72 | $135.49 | $433.24 | $103,840.99 | $6,997.94 |
| 17 | 7/18/2012 | $103,840.99 | $568.72 | $0.00 | $568.72 | $136.05 | $432.67 | $103,704.94 | $7,430.61 |
| 18 | 8/18/2012 | $103,704.94 | $568.72 | $0.00 | $568.72 | $136.62 | $432.10 | $103,568.32 | $7,862.71 |
| 19 | 9/18/2012 | $103,568.32 | $568.72 | $0.00 | $568.72 | $137.19 | $431.53 | $103,431.13 | $8,294.25 |
| 20 | 10/18/2012 | $103,431.13 | $568.72 | $0.00 | $568.72 | $137.76 | $430.96 | $103,293.37 | $8,725.21 |
| 21 | 11/18/2012 | $103,293.37 | $568.72 | $0.00 | $568.72 | $138.33 | $430.39 | $103,155.04 | $9,155.60 |
| 22 | 12/18/2012 | $103,155.04 | $568.72 | $0.00 | $568.72 | $138.91 | $429.81 | $103,016.13 | $9,585.41 |
| 23 | 1/18/2013 | $103,016.13 | $568.72 | $0.00 | $568.72 | $139.49 | $429.23 | $102,876.64 | $10,014.65 |
| 24 | 2/18/2013 | $102,876.64 | $568.72 | $0.00 | $568.72 | $140.07 | $428.65 | $102,736.57 | $10,443.30 |
| 25 | 3/18/2013 | $102,736.57 | $568.72 | $0.00 | $568.72 | $140.65 | $428.07 | $102,595.92 | $10,871.37 |
| 26 | 4/18/2013 | $102,595.92 | $568.72 | $0.00 | $568.72 | $141.24 | $427.48 | $102,454.68 | $11,298.85 |
| 27 | 5/18/2013 | $102,454.68 | $568.72 | $0.00 | $568.72 | $141.83 | $426.89 | $102,312.85 | $11,725.75 |
| 28 | 6/18/2013 | $102,312.85 | $568.72 | $0.00 | $568.72 | $142.42 | $426.30 | $102,170.43 | $12,152.05 |
| 29 | 7/18/2013 | $102,170.43 | $568.72 | $0.00 | $568.72 | $143.01 | $425.71 | $102,027.42 | $12,577.76 |
| 30 | 8/18/2013 | $102,027.42 | $568.72 | $0.00 | $568.72 | $143.61 | $425.11 | $101,883.81 | $13,002.87 |
| 31 | 9/18/2013 | $101,883.81 | $568.72 | $0.00 | $568.72 | $144.21 | $424.52 | $101,739.60 | $13,427.39 |
| 32 | 10/18/2013 | $101,739.60 | $568.72 | $0.00 | $568.72 | $144.81 | $423.92 | $101,594.79 | $13,851.31 |
| 33 | 11/18/2013 | $101,594.79 | $568.72 | $0.00 | $568.72 | $145.41 | $423.31 | $101,449.38 | $14,274.62 |
| 34 | 12/18/2013 | $101,449.38 | $568.72 | $0.00 | $568.72 | $146.02 | $422.71 | $101,303.36 | $14,697.32 |
| 35 | 1/18/2014 | $101,303.36 | $568.72 | $0.00 | $568.72 | $146.63 | $422.10 | $101,156.74 | $15,119.42 |
| 36 | 2/18/2014 | $101,156.74 | $568.72 | $0.00 | $568.72 | $147.24 | $421.49 | $101,009.50 | $15,540.91 |
| 37 | 3/18/2014 | $101,009.50 | $568.72 | $0.00 | $568.72 | $147.85 | $420.87 | $100,861.65 | $15,961.78 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 38 | 4/18/2014 | $100,861.65 | $568.72 | $0.00 | $568.72 | $148.47 | $420.26 | $100,713.19 | $16,382.04 |
| 39 | 5/18/2014 | $100,713.19 | $568.72 | $0.00 | $568.72 | $149.08 | $419.64 | $100,564.10 | $16,801.67 |
| 40 | 6/18/2014 | $100,564.10 | $568.72 | $0.00 | $568.72 | $149.71 | $419.02 | $100,414.40 | $17,220.69 |
| 41 | 7/18/2014 | $100,414.40 | $568.72 | $0.00 | $568.72 | $150.33 | $418.39 | $100,264.07 | $17,639.08 |
| 42 | 8/18/2014 | $100,264.07 | $568.72 | $0.00 | $568.72 | $150.96 | $417.77 | $100,113.11 | $18,056.85 |
| 43 | 9/18/2014 | $100,113.11 | $568.72 | $0.00 | $568.72 | $151.58 | $417.14 | $99,961.53 | $18,473.99 |
| 44 | 10/18/2014 | $99,961.53 | $568.72 | $0.00 | $568.72 | $152.22 | $416.51 | $99,809.31 | $18,890.50 |
| 45 | 11/18/2014 | $99,809.31 | $568.72 | $0.00 | $568.72 | $152.85 | $415.87 | $99,656.46 | $19,306.37 |
| 46 | 12/18/2014 | $99,656.46 | $568.72 | $0.00 | $568.72 | $153.49 | $415.24 | $99,502.97 | $19,721.60 |
| 47 | 1/18/2015 | $99,502.97 | $568.72 | $0.00 | $568.72 | $154.13 | $414.60 | $99,348.84 | $20,136.20 |
| 48 | 2/18/2015 | $99,348.84 | $568.72 | $0.00 | $568.72 | $154.77 | $413.95 | $99,194.07 | $20,550.15 |
| 49 | 3/18/2015 | $99,194.07 | $568.72 | $0.00 | $568.72 | $155.41 | $413.31 | $99,038.66 | $20,963.46 |
| 50 | 4/18/2015 | $99,038.66 | $568.72 | $0.00 | $568.72 | $156.06 | $412.66 | $98,882.60 | $21,376.12 |
| 51 | 5/18/2015 | $98,882.60 | $568.72 | $0.00 | $568.72 | $156.71 | $412.01 | $98,725.89 | $21,788.13 |
| 52 | 6/18/2015 | $98,725.89 | $568.72 | $0.00 | $568.72 | $157.37 | $411.36 | $98,568.52 | $22,199.49 |
| 53 | 7/18/2015 | $98,568.52 | $568.72 | $0.00 | $568.72 | $158.02 | $410.70 | $98,410.50 | $22,610.19 |
| 54 | 8/18/2015 | $98,410.50 | $568.72 | $0.00 | $568.72 | $158.68 | $410.04 | $98,251.82 | $23,020.24 |
| 55 | 9/18/2015 | $98,251.82 | $568.72 | $0.00 | $568.72 | $159.34 | $409.38 | $98,092.48 | $23,429.62 |
| 56 | 10/18/2015 | $98,092.48 | $568.72 | $0.00 | $568.72 | $160.00 | $408.72 | $97,932.48 | $23,838.34 |
| 57 | 11/18/2015 | $97,932.48 | $568.72 | $0.00 | $568.72 | $160.67 | $408.05 | $97,771.81 | $24,246.39 |
| 58 | 12/18/2015 | $97,771.81 | $568.72 | $0.00 | $568.72 | $161.34 | $407.38 | $97,610.46 | $24,653.77 |
| 59 | 1/18/2016 | $97,610.46 | $568.72 | $0.00 | $568.72 | $162.01 | $406.71 | $97,448.45 | $25,060.48 |
| 60 | 2/18/2016 | $97,448.45 | $568.72 | $0.00 | $568.72 | $162.69 | $406.04 | $97,285.76 | $25,466.52 |
| 61 | 3/18/2016 | $97,285.76 | $568.72 | $0.00 | $568.72 | $163.37 | $405.36 | $97,122.40 | $25,871.88 |
| 62 | 4/18/2016 | $97,122.40 | $568.72 | $0.00 | $568.72 | $164.05 | $404.68 | $96,958.35 | $26,276.55 |
| 63 | 5/18/2016 | $96,958.35 | $568.72 | $0.00 | $568.72 | $164.73 | $403.99 | $96,793.62 | $26,680.55 |
| 64 | 6/18/2016 | $96,793.62 | $568.72 | $0.00 | $568.72 | $165.42 | $403.31 | $96,628.21 | $27,083.85 |
| 65 | 7/18/2016 | $96,628.21 | $568.72 | $0.00 | $568.72 | $166.11 | $402.62 | $96,462.10 | $27,486.47 |
| 66 | 8/18/2016 | $96,462.10 | $568.72 | $0.00 | $568.72 | $166.80 | $401.93 | $96,295.30 | $27,888.40 |
| 67 | 9/18/2016 | $96,295.30 | $568.72 | $0.00 | $568.72 | $167.49 | $401.23 | $96,127.81 | $28,289.63 |
| 68 | 10/18/2016 | $96,127.81 | $568.72 | $0.00 | $568.72 | $168.19 | $400.53 | $95,959.62 | $28,690.16 |
| 69 | 11/18/2016 | $95,959.62 | $568.72 | $0.00 | $568.72 | $168.89 | $399.83 | $95,790.73 | $29,089.99 |
| 70 | 12/18/2016 | $95,790.73 | $568.72 | $0.00 | $568.72 | $169.59 | $399.13 | $95,621.14 | $29,489.12 |
| 71 | 1/18/2017 | $95,621.14 | $568.72 | $0.00 | $568.72 | $170.30 | $398.42 | $95,450.83 | $29,887.54 |
| 72 | 2/18/2017 | $95,450.83 | $568.72 | $0.00 | $568.72 | $171.01 | $397.71 | $95,279.82 | $30,285.25 |
| 73 | 3/18/2017 | $95,279.82 | $568.72 | $0.00 | $568.72 | $171.72 | $397.00 | $95,108.10 | $30,682.25 |
| 74 | 4/18/2017 | $95,108.10 | $568.72 | $0.00 | $568.72 | $172.44 | $396.28 | $94,935.66 | $31,078.53 |
| 75 | 5/18/2017 | $94,935.66 | $568.72 | $0.00 | $568.72 | $173.16 | $395.57 | $94,762.50 | $31,474.10 |
| 76 | 6/18/2017 | $94,762.50 | $568.72 | $0.00 | $568.72 | $173.88 | $394.84 | $94,588.62 | $31,868.94 |
| 77 | 7/18/2017 | $94,588.62 | $568.72 | $0.00 | $568.72 | $174.60 | $394.12 | $94,414.02 | $32,263.06 |
| 78 | 8/18/2017 | $94,414.02 | $568.72 | $0.00 | $568.72 | $175.33 | $393.39 | $94,238.69 | $32,656.45 |
| 79 | 9/18/2017 | $94,238.69 | $568.72 | $0.00 | $568.72 | $176.06 | $392.66 | $94,062.63 | $33,049.12 |
| 80 | 10/18/2017 | $94,062.63 | $568.72 | $0.00 | $568.72 | $176.80 | $391.93 | $93,885.83 | $33,441.04 |
| 81 | 11/18/2017 | $93,885.83 | $568.72 | $0.00 | $568.72 | $177.53 | $391.19 | $93,708.30 | $33,832.23 |
| 82 | 12/18/2017 | $93,708.30 | $568.72 | $0.00 | $568.72 | $178.27 | $390.45 | $93,530.03 | $34,222.69 |
| 83 | 1/18/2018 | $93,530.03 | $568.72 | $0.00 | $568.72 | $179.01 | $389.71 | $93,351.01 | $34,612.39 |
| 84 | 2/18/2018 | $93,351.01 | $568.72 | $0.00 | $568.72 | $179.76 | $388.96 | $93,171.25 | $35,001.36 |
| 85 | 3/18/2018 | $93,171.25 | $568.72 | $0.00 | $568.72 | $180.51 | $388.21 | $92,990.74 | $35,389.57 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 86 | 4/18/2018 | $92,990.74 | $568.72 | $0.00 | $568.72 | $181.26 | $387.46 | $92,809.48 | $35,777.03 |
| 87 | 5/18/2018 | $92,809.48 | $568.72 | $0.00 | $568.72 | $182.01 | $386.71 | $92,627.47 | $36,163.74 |
| 88 | 6/18/2018 | $92,627.47 | $568.72 | $0.00 | $568.72 | $182.78 | $385.95 | $92,444.69 | $36,549.69 |
| 89 | 7/18/2018 | $92,444.69 | $568.72 | $0.00 | $568.72 | $183.54 | $385.19 | $92,261.15 | $36,934.87 |
| 90 | 8/18/2018 | $92,261.15 | $568.72 | $0.00 | $568.72 | $184.30 | $384.42 | $92,076.85 | $37,319.29 |
| 91 | 9/18/2018 | $92,076.85 | $568.72 | $0.00 | $568.72 | $185.07 | $383.65 | $91,891.78 | $37,702.95 |
| 92 | 10/18/2018 | $91,891.78 | $568.72 | $0.00 | $568.72 | $185.84 | $382.88 | $91,705.94 | $38,085.83 |
| 93 | 11/18/2018 | $91,705.94 | $568.72 | $0.00 | $568.72 | $186.61 | $382.11 | $91,519.33 | $38,467.94 |
| 94 | 12/18/2018 | $91,519.33 | $568.72 | $0.00 | $568.72 | $187.39 | $381.33 | $91,331.94 | $38,849.27 |
| 95 | 1/18/2019 | $91,331.94 | $568.72 | $0.00 | $568.72 | $188.17 | $380.55 | $91,143.76 | $39,229.82 |
| 96 | 2/18/2019 | $91,143.76 | $568.72 | $0.00 | $568.72 | $188.96 | $379.77 | $90,954.81 | $39,609.58 |
| 97 | 3/18/2019 | $90,954.81 | $568.72 | $0.00 | $568.72 | $189.74 | $378.98 | $90,765.06 | $39,988.56 |
| 98 | 4/18/2019 | $90,765.06 | $568.72 | $0.00 | $568.72 | $190.54 | $378.19 | $90,574.53 | $40,366.75 |
| 99 | 5/18/2019 | $90,574.53 | $568.72 | $0.00 | $568.72 | $191.33 | $377.39 | $90,383.20 | $40,744.14 |
| 100 | 6/18/2019 | $90,383.20 | $568.72 | $0.00 | $568.72 | $192.13 | $376.60 | $90,191.07 | $41,120.74 |
| 101 | 7/18/2019 | $90,191.07 | $568.72 | $0.00 | $568.72 | $192.93 | $375.80 | $89,998.14 | $41,496.54 |
| 102 | 8/18/2019 | $89,998.14 | $568.72 | $0.00 | $568.72 | $193.73 | $374.99 | $89,804.41 | $41,871.53 |
| 103 | 9/18/2019 | $89,804.41 | $568.72 | $0.00 | $568.72 | $194.54 | $374.19 | $89,609.87 | $42,245.71 |
| 104 | 10/18/2019 | $89,609.87 | $568.72 | $0.00 | $568.72 | $195.35 | $373.37 | $89,414.53 | $42,619.09 |
| 105 | 11/18/2019 | $89,414.53 | $568.72 | $0.00 | $568.72 | $196.16 | $372.56 | $89,218.36 | $42,991.65 |
| 106 | 12/18/2019 | $89,218.36 | $568.72 | $0.00 | $568.72 | $196.98 | $371.74 | $89,021.38 | $43,363.39 |
| 107 | 1/18/2020 | $89,021.38 | $568.72 | $0.00 | $568.72 | $197.80 | $370.92 | $88,823.58 | $43,734.31 |
| 108 | 2/18/2020 | $88,823.58 | $568.72 | $0.00 | $568.72 | $198.62 | $370.10 | $88,624.96 | $44,104.41 |
| 109 | 3/18/2020 | $88,624.96 | $568.72 | $0.00 | $568.72 | $199.45 | $369.27 | $88,425.51 | $44,473.68 |
| 110 | 4/18/2020 | $88,425.51 | $568.72 | $0.00 | $568.72 | $200.28 | $368.44 | $88,225.22 | $44,842.12 |
| 111 | 5/18/2020 | $88,225.22 | $568.72 | $0.00 | $568.72 | $201.12 | $367.61 | $88,024.11 | $45,209.73 |
| 112 | 6/18/2020 | $88,024.11 | $568.72 | $0.00 | $568.72 | $201.96 | $366.77 | $87,822.15 | $45,576.49 |
| 113 | 7/18/2020 | $87,822.15 | $568.72 | $0.00 | $568.72 | $202.80 | $365.93 | $87,619.35 | $45,942.42 |
| 114 | 8/18/2020 | $87,619.35 | $568.72 | $0.00 | $568.72 | $203.64 | $365.08 | $87,415.71 | $46,307.50 |
| 115 | 9/18/2020 | $87,415.71 | $568.72 | $0.00 | $568.72 | $204.49 | $364.23 | $87,211.22 | $46,671.73 |
| 116 | 10/18/2020 | $87,211.22 | $568.72 | $0.00 | $568.72 | $205.34 | $363.38 | $87,005.88 | $47,035.11 |
| 117 | 11/18/2020 | $87,005.88 | $568.72 | $0.00 | $568.72 | $206.20 | $362.52 | $86,799.68 | $47,397.64 |
| 118 | 12/18/2020 | $86,799.68 | $568.72 | $0.00 | $568.72 | $207.06 | $361.67 | $86,592.62 | $47,759.30 |
| 119 | 1/18/2021 | $86,592.62 | $568.72 | $0.00 | $568.72 | $207.92 | $360.80 | $86,384.70 | $48,120.11 |
| 120 | 2/18/2021 | $86,384.70 | $568.72 | $0.00 | $568.72 | $208.79 | $359.94 | $86,175.91 | $48,480.04 |
| 121 | 3/18/2021 | $86,175.91 | $568.72 | $0.00 | $568.72 | $209.66 | $359.07 | $85,966.26 | $48,839.11 |
| 122 | 4/18/2021 | $85,966.26 | $568.72 | $0.00 | $568.72 | $210.53 | $358.19 | $85,755.73 | $49,197.30 |
| 123 | 5/18/2021 | $85,755.73 | $568.72 | $0.00 | $568.72 | $211.41 | $357.32 | $85,544.32 | $49,554.62 |
| 124 | 6/18/2021 | $85,544.32 | $568.72 | $0.00 | $568.72 | $212.29 | $356.43 | $85,332.03 | $49,911.05 |
| 125 | 7/18/2021 | $85,332.03 | $568.72 | $0.00 | $568.72 | $213.17 | $355.55 | $85,118.86 | $50,266.60 |
| 126 | 8/18/2021 | $85,118.86 | $568.72 | $0.00 | $568.72 | $214.06 | $354.66 | $84,904.80 | $50,621.26 |
| 127 | 9/18/2021 | $84,904.80 | $568.72 | $0.00 | $568.72 | $214.95 | $353.77 | $84,689.85 | $50,975.03 |
| 128 | 10/18/2021 | $84,689.85 | $568.72 | $0.00 | $568.72 | $215.85 | $352.87 | $84,474.00 | $51,327.91 |
| 129 | 11/18/2021 | $84,474.00 | $568.72 | $0.00 | $568.72 | $216.75 | $351.97 | $84,257.25 | $51,679.88 |
| 130 | 12/18/2021 | $84,257.25 | $568.72 | $0.00 | $568.72 | $217.65 | $351.07 | $84,039.60 | $52,030.95 |
| 131 | 1/18/2022 | $84,039.60 | $568.72 | $0.00 | $568.72 | $218.56 | $350.16 | $83,821.04 | $52,381.12 |
| 132 | 2/18/2022 | $83,821.04 | $568.72 | $0.00 | $568.72 | $219.47 | $349.25 | $83,601.57 | $52,730.37 |
| 133 | 3/18/2022 | $83,601.57 | $568.72 | $0.00 | $568.72 | $220.38 | $348.34 | $83,381.19 | $53,078.71 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 134 | 4/18/2022 | $83,381.19 | $568.72 | $0.00 | $568.72 | $221.30 | $347.42 | $83,159.89 | $53,426.13 |
| 135 | 5/18/2022 | $83,159.89 | $568.72 | $0.00 | $568.72 | $222.22 | $346.50 | $82,937.66 | $53,772.63 |
| 136 | 6/18/2022 | $82,937.66 | $568.72 | $0.00 | $568.72 | $223.15 | $345.57 | $82,714.51 | $54,118.21 |
| 137 | 7/18/2022 | $82,714.51 | $568.72 | $0.00 | $568.72 | $224.08 | $344.64 | $82,490.44 | $54,462.85 |
| 138 | 8/18/2022 | $82,490.44 | $568.72 | $0.00 | $568.72 | $225.01 | $343.71 | $82,265.42 | $54,806.56 |
| 139 | 9/18/2022 | $82,265.42 | $568.72 | $0.00 | $568.72 | $225.95 | $342.77 | $82,039.47 | $55,149.33 |
| 140 | 10/18/2022 | $82,039.47 | $568.72 | $0.00 | $568.72 | $226.89 | $341.83 | $81,812.58 | $55,491.17 |
| 141 | 11/18/2022 | $81,812.58 | $568.72 | $0.00 | $568.72 | $227.84 | $340.89 | $81,584.74 | $55,832.05 |
| 142 | 12/18/2022 | $81,584.74 | $568.72 | $0.00 | $568.72 | $228.79 | $339.94 | $81,355.96 | $56,171.99 |
| 143 | 1/18/2023 | $81,355.96 | $568.72 | $0.00 | $568.72 | $229.74 | $338.98 | $81,126.22 | $56,510.97 |
| 144 | 2/18/2023 | $81,126.22 | $568.72 | $0.00 | $568.72 | $230.70 | $338.03 | $80,895.52 | $56,849.00 |
| 145 | 3/18/2023 | $80,895.52 | $568.72 | $0.00 | $568.72 | $231.66 | $337.06 | $80,663.86 | $57,186.06 |
| 146 | 4/18/2023 | $80,663.86 | $568.72 | $0.00 | $568.72 | $232.62 | $336.10 | $80,431.24 | $57,522.16 |
| 147 | 5/18/2023 | $80,431.24 | $568.72 | $0.00 | $568.72 | $233.59 | $335.13 | $80,197.65 | $57,857.29 |
| 148 | 6/18/2023 | $80,197.65 | $568.72 | $0.00 | $568.72 | $234.57 | $334.16 | $79,963.08 | $58,191.45 |
| 149 | 7/18/2023 | $79,963.08 | $568.72 | $0.00 | $568.72 | $235.54 | $333.18 | $79,727.54 | $58,524.63 |
| 150 | 8/18/2023 | $79,727.54 | $568.72 | $0.00 | $568.72 | $236.52 | $332.20 | $79,491.01 | $58,856.83 |
| 151 | 9/18/2023 | $79,491.01 | $568.72 | $0.00 | $568.72 | $237.51 | $331.21 | $79,253.50 | $59,188.04 |
| 152 | 10/18/2023 | $79,253.50 | $568.72 | $0.00 | $568.72 | $238.50 | $330.22 | $79,015.00 | $59,518.26 |
| 153 | 11/18/2023 | $79,015.00 | $568.72 | $0.00 | $568.72 | $239.49 | $329.23 | $78,775.51 | $59,847.49 |
| 154 | 12/18/2023 | $78,775.51 | $568.72 | $0.00 | $568.72 | $240.49 | $328.23 | $78,535.02 | $60,175.72 |
| 155 | 1/18/2024 | $78,535.02 | $568.72 | $0.00 | $568.72 | $241.49 | $327.23 | $78,293.52 | $60,502.95 |
| 156 | 2/18/2024 | $78,293.52 | $568.72 | $0.00 | $568.72 | $242.50 | $326.22 | $78,051.02 | $60,829.17 |
| 157 | 3/18/2024 | $78,051.02 | $568.72 | $0.00 | $568.72 | $243.51 | $325.21 | $77,807.51 | $61,154.39 |
| 158 | 4/18/2024 | $77,807.51 | $568.72 | $0.00 | $568.72 | $244.52 | $324.20 | $77,562.99 | $61,478.58 |
| 159 | 5/18/2024 | $77,562.99 | $568.72 | $0.00 | $568.72 | $245.54 | $323.18 | $77,317.44 | $61,801.76 |
| 160 | 6/18/2024 | $77,317.44 | $568.72 | $0.00 | $568.72 | $246.57 | $322.16 | $77,070.88 | $62,123.92 |
| 161 | 7/18/2024 | $77,070.88 | $568.72 | $0.00 | $568.72 | $247.59 | $321.13 | $76,823.28 | $62,445.05 |
| 162 | 8/18/2024 | $76,823.28 | $568.72 | $0.00 | $568.72 | $248.63 | $320.10 | $76,574.66 | $62,765.14 |
| 163 | 9/18/2024 | $76,574.66 | $568.72 | $0.00 | $568.72 | $249.66 | $319.06 | $76,324.99 | $63,084.21 |
| 164 | 10/18/2024 | $76,324.99 | $568.72 | $0.00 | $568.72 | $250.70 | $318.02 | $76,074.29 | $63,402.23 |
| 165 | 11/18/2024 | $76,074.29 | $568.72 | $0.00 | $568.72 | $251.75 | $316.98 | $75,822.55 | $63,719.20 |
| 166 | 12/18/2024 | $75,822.55 | $568.72 | $0.00 | $568.72 | $252.80 | $315.93 | $75,569.75 | $64,035.13 |
| 167 | 1/18/2025 | $75,569.75 | $568.72 | $0.00 | $568.72 | $253.85 | $314.87 | $75,315.90 | $64,350.00 |
| 168 | 2/18/2025 | $75,315.90 | $568.72 | $0.00 | $568.72 | $254.91 | $313.82 | $75,060.99 | $64,663.82 |
| 169 | 3/18/2025 | $75,060.99 | $568.72 | $0.00 | $568.72 | $255.97 | $312.75 | $74,805.03 | $64,976.57 |
| 170 | 4/18/2025 | $74,805.03 | $568.72 | $0.00 | $568.72 | $257.04 | $311.69 | $74,547.99 | $65,288.26 |
| 171 | 5/18/2025 | $74,547.99 | $568.72 | $0.00 | $568.72 | $258.11 | $310.62 | $74,289.88 | $65,598.88 |
| 172 | 6/18/2025 | $74,289.88 | $568.72 | $0.00 | $568.72 | $259.18 | $309.54 | $74,030.70 | $65,908.42 |
| 173 | 7/18/2025 | $74,030.70 | $568.72 | $0.00 | $568.72 | $260.26 | $308.46 | $73,770.44 | $66,216.88 |
| 174 | 8/18/2025 | $73,770.44 | $568.72 | $0.00 | $568.72 | $261.35 | $307.38 | $73,509.09 | $66,524.26 |
| 175 | 9/18/2025 | $73,509.09 | $568.72 | $0.00 | $568.72 | $262.43 | $306.29 | $73,246.66 | $66,830.55 |
| 176 | 10/18/2025 | $73,246.66 | $568.72 | $0.00 | $568.72 | $263.53 | $305.19 | $72,983.13 | $67,135.74 |
| 177 | 11/18/2025 | $72,983.13 | $568.72 | $0.00 | $568.72 | $264.63 | $304.10 | $72,718.50 | $67,439.84 |
| 178 | 12/18/2025 | $72,718.50 | $568.72 | $0.00 | $568.72 | $265.73 | $302.99 | $72,452.78 | $67,742.83 |
| 179 | 1/18/2026 | $72,452.78 | $568.72 | $0.00 | $568.72 | $266.84 | $301.89 | $72,185.94 | $68,044.72 |
| 180 | 2/18/2026 | $72,185.94 | $568.72 | $0.00 | $568.72 | $267.95 | $300.77 | $71,917.99 | $68,345.49 |
| 181 | 3/18/2026 | $71,917.99 | $568.72 | $0.00 | $568.72 | $269.06 | $299.66 | $71,648.93 | $68,645.15 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 182 | 4/18/2026 | $71,648.93 | $568.72 | $0.00 | $568.72 | $270.19 | $298.54 | $71,378.74 | $68,943.69 |
| 183 | 5/18/2026 | $71,378.74 | $568.72 | $0.00 | $568.72 | $271.31 | $297.41 | $71,107.43 | $69,241.10 |
| 184 | 6/18/2026 | $71,107.43 | $568.72 | $0.00 | $568.72 | $272.44 | $296.28 | $70,834.99 | $69,537.38 |
| 185 | 7/18/2026 | $70,834.99 | $568.72 | $0.00 | $568.72 | $273.58 | $295.15 | $70,561.41 | $69,832.53 |
| 186 | 8/18/2026 | $70,561.41 | $568.72 | $0.00 | $568.72 | $274.72 | $294.01 | $70,286.69 | $70,126.53 |
| 187 | 9/18/2026 | $70,286.69 | $568.72 | $0.00 | $568.72 | $275.86 | $292.86 | $70,010.83 | $70,419.39 |
| 188 | 10/18/2026 | $70,010.83 | $568.72 | $0.00 | $568.72 | $277.01 | $291.71 | $69,733.82 | $70,711.10 |
| 189 | 11/18/2026 | $69,733.82 | $568.72 | $0.00 | $568.72 | $278.17 | $290.56 | $69,455.66 | $71,001.66 |
| 190 | 12/18/2026 | $69,455.66 | $568.72 | $0.00 | $568.72 | $279.32 | $289.40 | $69,176.33 | $71,291.06 |
| 191 | 1/18/2027 | $69,176.33 | $568.72 | $0.00 | $568.72 | $280.49 | $288.23 | $68,895.84 | $71,579.30 |
| 192 | 2/18/2027 | $68,895.84 | $568.72 | $0.00 | $568.72 | $281.66 | $287.07 | $68,614.19 | $71,866.36 |
| 193 | 3/18/2027 | $68,614.19 | $568.72 | $0.00 | $568.72 | $282.83 | $285.89 | $68,331.36 | $72,152.25 |
| 194 | 4/18/2027 | $68,331.36 | $568.72 | $0.00 | $568.72 | $284.01 | $284.71 | $68,047.35 | $72,436.97 |
| 195 | 5/18/2027 | $68,047.35 | $568.72 | $0.00 | $568.72 | $285.19 | $283.53 | $67,762.15 | $72,720.50 |
| 196 | 6/18/2027 | $67,762.15 | $568.72 | $0.00 | $568.72 | $286.38 | $282.34 | $67,475.77 | $73,002.84 |
| 197 | 7/18/2027 | $67,475.77 | $568.72 | $0.00 | $568.72 | $287.57 | $281.15 | $67,188.20 | $73,283.99 |
| 198 | 8/18/2027 | $67,188.20 | $568.72 | $0.00 | $568.72 | $288.77 | $279.95 | $66,899.43 | $73,563.94 |
| 199 | 9/18/2027 | $66,899.43 | $568.72 | $0.00 | $568.72 | $289.98 | $278.75 | $66,609.45 | $73,842.69 |
| 200 | 10/18/2027 | $66,609.45 | $568.72 | $0.00 | $568.72 | $291.18 | $277.54 | $66,318.27 | $74,120.23 |
| 201 | 11/18/2027 | $66,318.27 | $568.72 | $0.00 | $568.72 | $292.40 | $276.33 | $66,025.87 | $74,396.55 |
| 202 | 12/18/2027 | $66,025.87 | $568.72 | $0.00 | $568.72 | $293.62 | $275.11 | $65,732.26 | $74,671.66 |
| 203 | 1/18/2028 | $65,732.26 | $568.72 | $0.00 | $568.72 | $294.84 | $273.88 | $65,437.42 | $74,945.55 |
| 204 | 2/18/2028 | $65,437.42 | $568.72 | $0.00 | $568.72 | $296.07 | $272.66 | $65,141.35 | $75,218.20 |
| 205 | 3/18/2028 | $65,141.35 | $568.72 | $0.00 | $568.72 | $297.30 | $271.43 | $64,844.05 | $75,489.62 |
| 206 | 4/18/2028 | $64,844.05 | $568.72 | $0.00 | $568.72 | $298.54 | $270.18 | $64,545.51 | $75,759.81 |
| 207 | 5/18/2028 | $64,545.51 | $568.72 | $0.00 | $568.72 | $299.78 | $268.94 | $64,245.73 | $76,028.75 |
| 208 | 6/18/2028 | $64,245.73 | $568.72 | $0.00 | $568.72 | $301.03 | $267.69 | $63,944.70 | $76,296.44 |
| 209 | 7/18/2028 | $63,944.70 | $568.72 | $0.00 | $568.72 | $302.29 | $266.44 | $63,642.41 | $76,562.87 |
| 210 | 8/18/2028 | $63,642.41 | $568.72 | $0.00 | $568.72 | $303.55 | $265.18 | $63,338.86 | $76,828.05 |
| 211 | 9/18/2028 | $63,338.86 | $568.72 | $0.00 | $568.72 | $304.81 | $263.91 | $63,034.05 | $77,091.96 |
| 212 | 10/18/2028 | $63,034.05 | $568.72 | $0.00 | $568.72 | $306.08 | $262.64 | $62,727.97 | $77,354.60 |
| 213 | 11/18/2028 | $62,727.97 | $568.72 | $0.00 | $568.72 | $307.36 | $261.37 | $62,420.62 | $77,615.97 |
| 214 | 12/18/2028 | $62,420.62 | $568.72 | $0.00 | $568.72 | $308.64 | $260.09 | $62,111.98 | $77,876.06 |
| 215 | 1/18/2029 | $62,111.98 | $568.72 | $0.00 | $568.72 | $309.92 | $258.80 | $61,802.06 | $78,134.86 |
| 216 | 2/18/2029 | $61,802.06 | $568.72 | $0.00 | $568.72 | $311.21 | $257.51 | $61,490.84 | $78,392.37 |
| 217 | 3/18/2029 | $61,490.84 | $568.72 | $0.00 | $568.72 | $312.51 | $256.21 | $61,178.33 | $78,648.58 |
| 218 | 4/18/2029 | $61,178.33 | $568.72 | $0.00 | $568.72 | $313.81 | $254.91 | $60,864.52 | $78,903.49 |
| 219 | 5/18/2029 | $60,864.52 | $568.72 | $0.00 | $568.72 | $315.12 | $253.60 | $60,549.40 | $79,157.09 |
| 220 | 6/18/2029 | $60,549.40 | $568.72 | $0.00 | $568.72 | $316.43 | $252.29 | $60,232.96 | $79,409.38 |
| 221 | 7/18/2029 | $60,232.96 | $568.72 | $0.00 | $568.72 | $317.75 | $250.97 | $59,915.21 | $79,660.35 |
| 222 | 8/18/2029 | $59,915.21 | $568.72 | $0.00 | $568.72 | $319.08 | $249.65 | $59,596.13 | $79,910.00 |
| 223 | 9/18/2029 | $59,596.13 | $568.72 | $0.00 | $568.72 | $320.41 | $248.32 | $59,275.73 | $80,158.31 |
| 224 | 10/18/2029 | $59,275.73 | $568.72 | $0.00 | $568.72 | $321.74 | $246.98 | $58,953.99 | $80,405.30 |
| 225 | 11/18/2029 | $58,953.99 | $568.72 | $0.00 | $568.72 | $323.08 | $245.64 | $58,630.91 | $80,650.94 |
| 226 | 12/18/2029 | $58,630.91 | $568.72 | $0.00 | $568.72 | $324.43 | $244.30 | $58,306.48 | $80,895.23 |
| 227 | 1/18/2030 | $58,306.48 | $568.72 | $0.00 | $568.72 | $325.78 | $242.94 | $57,980.70 | $81,138.18 |
| 228 | 2/18/2030 | $57,980.70 | $568.72 | $0.00 | $568.72 | $327.14 | $241.59 | $57,653.56 | $81,379.76 |
| 229 | 3/18/2030 | $57,653.56 | $568.72 | $0.00 | $568.72 | $328.50 | $240.22 | $57,325.06 | $81,619.99 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 230 | 4/18/2030 | $57,325.06 | $568.72 | $0.00 | $568.72 | $329.87 | $238.85 | $56,995.19 | $81,858.84 |
| 231 | 5/18/2030 | $56,995.19 | $568.72 | $0.00 | $568.72 | $331.24 | $237.48 | $56,663.95 | $82,096.32 |
| 232 | 6/18/2030 | $56,663.95 | $568.72 | $0.00 | $568.72 | $332.62 | $236.10 | $56,331.33 | $82,332.42 |
| 233 | 7/18/2030 | $56,331.33 | $568.72 | $0.00 | $568.72 | $334.01 | $234.71 | $55,997.32 | $82,567.13 |
| 234 | 8/18/2030 | $55,997.32 | $568.72 | $0.00 | $568.72 | $335.40 | $233.32 | $55,661.92 | $82,800.46 |
| 235 | 9/18/2030 | $55,661.92 | $568.72 | $0.00 | $568.72 | $336.80 | $231.92 | $55,325.12 | $83,032.38 |
| 236 | 10/18/2030 | $55,325.12 | $568.72 | $0.00 | $568.72 | $338.20 | $230.52 | $54,986.92 | $83,262.90 |
| 237 | 11/18/2030 | $54,986.92 | $568.72 | $0.00 | $568.72 | $339.61 | $229.11 | $54,647.31 | $83,492.01 |
| 238 | 12/18/2030 | $54,647.31 | $568.72 | $0.00 | $568.72 | $341.03 | $227.70 | $54,306.28 | $83,719.71 |
| 239 | 1/18/2031 | $54,306.28 | $568.72 | $0.00 | $568.72 | $342.45 | $226.28 | $53,963.84 | $83,945.99 |
| 240 | 2/18/2031 | $53,963.84 | $568.72 | $0.00 | $568.72 | $343.87 | $224.85 | $53,619.96 | $84,170.84 |
| 241 | 3/18/2031 | $53,619.96 | $568.72 | $0.00 | $568.72 | $345.31 | $223.42 | $53,274.66 | $84,394.25 |
| 242 | 4/18/2031 | $53,274.66 | $568.72 | $0.00 | $568.72 | $346.75 | $221.98 | $52,927.91 | $84,616.23 |
| 243 | 5/18/2031 | $52,927.91 | $568.72 | $0.00 | $568.72 | $348.19 | $220.53 | $52,579.72 | $84,836.76 |
| 244 | 6/18/2031 | $52,579.72 | $568.72 | $0.00 | $568.72 | $349.64 | $219.08 | $52,230.08 | $85,055.85 |
| 245 | 7/18/2031 | $52,230.08 | $568.72 | $0.00 | $568.72 | $351.10 | $217.63 | $51,878.98 | $85,273.47 |
| 246 | 8/18/2031 | $51,878.98 | $568.72 | $0.00 | $568.72 | $352.56 | $216.16 | $51,526.42 | $85,489.63 |
| 247 | 9/18/2031 | $51,526.42 | $568.72 | $0.00 | $568.72 | $354.03 | $214.69 | $51,172.39 | $85,704.33 |
| 248 | 10/18/2031 | $51,172.39 | $568.72 | $0.00 | $568.72 | $355.50 | $213.22 | $50,816.89 | $85,917.54 |
| 249 | 11/18/2031 | $50,816.89 | $568.72 | $0.00 | $568.72 | $356.99 | $211.74 | $50,459.90 | $86,129.28 |
| 250 | 12/18/2031 | $50,459.90 | $568.72 | $0.00 | $568.72 | $358.47 | $210.25 | $50,101.43 | $86,339.52 |
| 251 | 1/18/2032 | $50,101.43 | $568.72 | $0.00 | $568.72 | $359.97 | $208.76 | $49,741.46 | $86,548.29 |
| 252 | 2/18/2032 | $49,741.46 | $568.72 | $0.00 | $568.72 | $361.47 | $207.26 | $49,380.00 | $86,755.54 |
| 253 | 3/18/2032 | $49,380.00 | $568.72 | $0.00 | $568.72 | $362.97 | $205.75 | $49,017.02 | $86,961.29 |
| 254 | 4/18/2032 | $49,017.02 | $568.72 | $0.00 | $568.72 | $364.49 | $204.24 | $48,652.54 | $87,165.53 |
| 255 | 5/18/2032 | $48,652.54 | $568.72 | $0.00 | $568.72 | $366.00 | $202.72 | $48,286.53 | $87,368.25 |
| 256 | 6/18/2032 | $48,286.53 | $568.72 | $0.00 | $568.72 | $367.53 | $201.19 | $47,919.00 | $87,569.44 |
| 257 | 7/18/2032 | $47,919.00 | $568.72 | $0.00 | $568.72 | $369.06 | $199.66 | $47,549.94 | $87,769.11 |
| 258 | 8/18/2032 | $47,549.94 | $568.72 | $0.00 | $568.72 | $370.60 | $198.12 | $47,179.35 | $87,967.23 |
| 259 | 9/18/2032 | $47,179.35 | $568.72 | $0.00 | $568.72 | $372.14 | $196.58 | $46,807.20 | $88,163.81 |
| 260 | 10/18/2032 | $46,807.20 | $568.72 | $0.00 | $568.72 | $373.69 | $195.03 | $46,433.51 | $88,358.84 |
| 261 | 11/18/2032 | $46,433.51 | $568.72 | $0.00 | $568.72 | $375.25 | $193.47 | $46,058.26 | $88,552.32 |
| 262 | 12/18/2032 | $46,058.26 | $568.72 | $0.00 | $568.72 | $376.81 | $191.91 | $45,681.45 | $88,744.22 |
| 263 | 1/18/2033 | $45,681.45 | $568.72 | $0.00 | $568.72 | $378.38 | $190.34 | $45,303.06 | $88,934.56 |
| 264 | 2/18/2033 | $45,303.06 | $568.72 | $0.00 | $568.72 | $379.96 | $188.76 | $44,923.10 | $89,123.33 |
| 265 | 3/18/2033 | $44,923.10 | $568.72 | $0.00 | $568.72 | $381.54 | $187.18 | $44,541.56 | $89,310.51 |
| 266 | 4/18/2033 | $44,541.56 | $568.72 | $0.00 | $568.72 | $383.13 | $185.59 | $44,158.43 | $89,496.10 |
| 267 | 5/18/2033 | $44,158.43 | $568.72 | $0.00 | $568.72 | $384.73 | $183.99 | $43,773.70 | $89,680.09 |
| 268 | 6/18/2033 | $43,773.70 | $568.72 | $0.00 | $568.72 | $386.33 | $182.39 | $43,387.36 | $89,862.48 |
| 269 | 7/18/2033 | $43,387.36 | $568.72 | $0.00 | $568.72 | $387.94 | $180.78 | $42,999.42 | $90,043.26 |
| 270 | 8/18/2033 | $42,999.42 | $568.72 | $0.00 | $568.72 | $389.56 | $179.16 | $42,609.86 | $90,222.42 |
| 271 | 9/18/2033 | $42,609.86 | $568.72 | $0.00 | $568.72 | $391.18 | $177.54 | $42,218.68 | $90,399.97 |
| 272 | 10/18/2033 | $42,218.68 | $568.72 | $0.00 | $568.72 | $392.81 | $175.91 | $41,825.87 | $90,575.88 |
| 273 | 11/18/2033 | $41,825.87 | $568.72 | $0.00 | $568.72 | $394.45 | $174.27 | $41,431.42 | $90,750.15 |
| 274 | 12/18/2033 | $41,431.42 | $568.72 | $0.00 | $568.72 | $396.09 | $172.63 | $41,035.33 | $90,922.78 |
| 275 | 1/18/2034 | $41,035.33 | $568.72 | $0.00 | $568.72 | $397.74 | $170.98 | $40,637.59 | $91,093.76 |
| 276 | 2/18/2034 | $40,637.59 | $568.72 | $0.00 | $568.72 | $399.40 | $169.32 | $40,238.19 | $91,263.09 |
| 277 | 3/18/2034 | $40,238.19 | $568.72 | $0.00 | $568.72 | $401.06 | $167.66 | $39,837.12 | $91,430.75 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 278 | 4/18/2034 | $39,837.12 | $568.72 | $0.00 | $568.72 | $402.73 | $165.99 | $39,434.39 | $91,596.73 |
| 279 | 5/18/2034 | $39,434.39 | $568.72 | $0.00 | $568.72 | $404.41 | $164.31 | $39,029.98 | $91,761.04 |
| 280 | 6/18/2034 | $39,029.98 | $568.72 | $0.00 | $568.72 | $406.10 | $162.62 | $38,623.88 | $91,923.67 |
| 281 | 7/18/2034 | $38,623.88 | $568.72 | $0.00 | $568.72 | $407.79 | $160.93 | $38,216.09 | $92,084.60 |
| 282 | 8/18/2034 | $38,216.09 | $568.72 | $0.00 | $568.72 | $409.49 | $159.23 | $37,806.60 | $92,243.83 |
| 283 | 9/18/2034 | $37,806.60 | $568.72 | $0.00 | $568.72 | $411.20 | $157.53 | $37,395.40 | $92,401.36 |
| 284 | 10/18/2034 | $37,395.40 | $568.72 | $0.00 | $568.72 | $412.91 | $155.81 | $36,982.50 | $92,557.18 |
| 285 | 11/18/2034 | $36,982.50 | $568.72 | $0.00 | $568.72 | $414.63 | $154.09 | $36,567.87 | $92,711.27 |
| 286 | 12/18/2034 | $36,567.87 | $568.72 | $0.00 | $568.72 | $416.36 | $152.37 | $36,151.51 | $92,863.64 |
| 287 | 1/18/2035 | $36,151.51 | $568.72 | $0.00 | $568.72 | $418.09 | $150.63 | $35,733.42 | $93,014.27 |
| 288 | 2/18/2035 | $35,733.42 | $568.72 | $0.00 | $568.72 | $419.83 | $148.89 | $35,313.58 | $93,163.16 |
| 289 | 3/18/2035 | $35,313.58 | $568.72 | $0.00 | $568.72 | $421.58 | $147.14 | $34,892.00 | $93,310.30 |
| 290 | 4/18/2035 | $34,892.00 | $568.72 | $0.00 | $568.72 | $423.34 | $145.38 | $34,468.66 | $93,455.68 |
| 291 | 5/18/2035 | $34,468.66 | $568.72 | $0.00 | $568.72 | $425.10 | $143.62 | $34,043.56 | $93,599.30 |
| 292 | 6/18/2035 | $34,043.56 | $568.72 | $0.00 | $568.72 | $426.87 | $141.85 | $33,616.68 | $93,741.15 |
| 293 | 7/18/2035 | $33,616.68 | $568.72 | $0.00 | $568.72 | $428.65 | $140.07 | $33,188.03 | $93,881.22 |
| 294 | 8/18/2035 | $33,188.03 | $568.72 | $0.00 | $568.72 | $430.44 | $138.28 | $32,757.59 | $94,019.50 |
| 295 | 9/18/2035 | $32,757.59 | $568.72 | $0.00 | $568.72 | $432.23 | $136.49 | $32,325.36 | $94,155.99 |
| 296 | 10/18/2035 | $32,325.36 | $568.72 | $0.00 | $568.72 | $434.03 | $134.69 | $31,891.32 | $94,290.68 |
| 297 | 11/18/2035 | $31,891.32 | $568.72 | $0.00 | $568.72 | $435.84 | $132.88 | $31,455.48 | $94,423.56 |
| 298 | 12/18/2035 | $31,455.48 | $568.72 | $0.00 | $568.72 | $437.66 | $131.06 | $31,017.82 | $94,554.62 |
| 299 | 1/18/2036 | $31,017.82 | $568.72 | $0.00 | $568.72 | $439.48 | $129.24 | $30,578.34 | $94,683.87 |
| 300 | 2/18/2036 | $30,578.34 | $568.72 | $0.00 | $568.72 | $441.31 | $127.41 | $30,137.03 | $94,811.28 |
| 301 | 3/18/2036 | $30,137.03 | $568.72 | $0.00 | $568.72 | $443.15 | $125.57 | $29,693.88 | $94,936.85 |
| 302 | 4/18/2036 | $29,693.88 | $568.72 | $0.00 | $568.72 | $445.00 | $123.72 | $29,248.88 | $95,060.57 |
| 303 | 5/18/2036 | $29,248.88 | $568.72 | $0.00 | $568.72 | $446.85 | $121.87 | $28,802.02 | $95,182.44 |
| 304 | 6/18/2036 | $28,802.02 | $568.72 | $0.00 | $568.72 | $448.71 | $120.01 | $28,353.31 | $95,302.45 |
| 305 | 7/18/2036 | $28,353.31 | $568.72 | $0.00 | $568.72 | $450.58 | $118.14 | $27,902.73 | $95,420.59 |
| 306 | 8/18/2036 | $27,902.73 | $568.72 | $0.00 | $568.72 | $452.46 | $116.26 | $27,450.26 | $95,536.85 |
| 307 | 9/18/2036 | $27,450.26 | $568.72 | $0.00 | $568.72 | $454.35 | $114.38 | $26,995.92 | $95,651.23 |
| 308 | 10/18/2036 | $26,995.92 | $568.72 | $0.00 | $568.72 | $456.24 | $112.48 | $26,539.68 | $95,763.71 |
| 309 | 11/18/2036 | $26,539.68 | $568.72 | $0.00 | $568.72 | $458.14 | $110.58 | $26,081.54 | $95,874.29 |
| 310 | 12/18/2036 | $26,081.54 | $568.72 | $0.00 | $568.72 | $460.05 | $108.67 | $25,621.49 | $95,982.96 |
| 311 | 1/18/2037 | $25,621.49 | $568.72 | $0.00 | $568.72 | $461.97 | $106.76 | $25,159.52 | $96,089.72 |
| 312 | 2/18/2037 | $25,159.52 | $568.72 | $0.00 | $568.72 | $463.89 | $104.83 | $24,695.63 | $96,194.55 |
| 313 | 3/18/2037 | $24,695.63 | $568.72 | $0.00 | $568.72 | $465.82 | $102.90 | $24,229.80 | $96,297.45 |
| 314 | 4/18/2037 | $24,229.80 | $568.72 | $0.00 | $568.72 | $467.77 | $100.96 | $23,762.04 | $96,398.41 |
| 315 | 5/18/2037 | $23,762.04 | $568.72 | $0.00 | $568.72 | $469.71 | $99.01 | $23,292.32 | $96,497.42 |
| 316 | 6/18/2037 | $23,292.32 | $568.72 | $0.00 | $568.72 | $471.67 | $97.05 | $22,820.65 | $96,594.47 |
| 317 | 7/18/2037 | $22,820.65 | $568.72 | $0.00 | $568.72 | $473.64 | $95.09 | $22,347.02 | $96,689.55 |
| 318 | 8/18/2037 | $22,347.02 | $568.72 | $0.00 | $568.72 | $475.61 | $93.11 | $21,871.41 | $96,782.67 |
| 319 | 9/18/2037 | $21,871.41 | $568.72 | $0.00 | $568.72 | $477.59 | $91.13 | $21,393.81 | $96,873.80 |
| 320 | 10/18/2037 | $21,393.81 | $568.72 | $0.00 | $568.72 | $479.58 | $89.14 | $20,914.23 | $96,962.94 |
| 321 | 11/18/2037 | $20,914.23 | $568.72 | $0.00 | $568.72 | $481.58 | $87.14 | $20,432.65 | $97,050.08 |
| 322 | 12/18/2037 | $20,432.65 | $568.72 | $0.00 | $568.72 | $483.59 | $85.14 | $19,949.07 | $97,135.22 |
| 323 | 1/18/2038 | $19,949.07 | $568.72 | $0.00 | $568.72 | $485.60 | $83.12 | $19,463.46 | $97,218.34 |
| 324 | 2/18/2038 | $19,463.46 | $568.72 | $0.00 | $568.72 | $487.63 | $81.10 | $18,975.84 | $97,299.44 |
| 325 | 3/18/2038 | $18,975.84 | $568.72 | $0.00 | $568.72 | $489.66 | $79.07 | $18,486.18 | $97,378.50 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 326 | 4/18/2038 | $18,486.18 | $568.72 | $0.00 | $568.72 | $491.70 | $77.03 | $17,994.48 | $97,455.53 |
| 327 | 5/18/2038 | $17,994.48 | $568.72 | $0.00 | $568.72 | $493.75 | $74.98 | $17,500.74 | $97,530.50 |
| 328 | 6/18/2038 | $17,500.74 | $568.72 | $0.00 | $568.72 | $495.80 | $72.92 | $17,004.94 | $97,603.42 |
| 329 | 7/18/2038 | $17,004.94 | $568.72 | $0.00 | $568.72 | $497.87 | $70.85 | $16,507.07 | $97,674.28 |
| 330 | 8/18/2038 | $16,507.07 | $568.72 | $0.00 | $568.72 | $499.94 | $68.78 | $16,007.12 | $97,743.06 |
| 331 | 9/18/2038 | $16,007.12 | $568.72 | $0.00 | $568.72 | $502.03 | $66.70 | $15,505.10 | $97,809.75 |
| 332 | 10/18/2038 | $15,505.10 | $568.72 | $0.00 | $568.72 | $504.12 | $64.60 | $15,000.98 | $97,874.36 |
| 333 | 11/18/2038 | $15,000.98 | $568.72 | $0.00 | $568.72 | $506.22 | $62.50 | $14,494.76 | $97,936.86 |
| 334 | 12/18/2038 | $14,494.76 | $568.72 | $0.00 | $568.72 | $508.33 | $60.39 | $13,986.43 | $97,997.26 |
| 335 | 1/18/2039 | $13,986.43 | $568.72 | $0.00 | $568.72 | $510.45 | $58.28 | $13,475.98 | $98,055.53 |
| 336 | 2/18/2039 | $13,475.98 | $568.72 | $0.00 | $568.72 | $512.57 | $56.15 | $12,963.41 | $98,111.68 |
| 337 | 3/18/2039 | $12,963.41 | $568.72 | $0.00 | $568.72 | $514.71 | $54.01 | $12,448.70 | $98,165.70 |
| 338 | 4/18/2039 | $12,448.70 | $568.72 | $0.00 | $568.72 | $516.85 | $51.87 | $11,931.85 | $98,217.57 |
| 339 | 5/18/2039 | $11,931.85 | $568.72 | $0.00 | $568.72 | $519.01 | $49.72 | $11,412.84 | $98,267.28 |
| 340 | 6/18/2039 | $11,412.84 | $568.72 | $0.00 | $568.72 | $521.17 | $47.55 | $10,891.67 | $98,314.84 |
| 341 | 7/18/2039 | $10,891.67 | $568.72 | $0.00 | $568.72 | $523.34 | $45.38 | $10,368.33 | $98,360.22 |
| 342 | 8/18/2039 | $10,368.33 | $568.72 | $0.00 | $568.72 | $525.52 | $43.20 | $9,842.81 | $98,403.42 |
| 343 | 9/18/2039 | $9,842.81 | $568.72 | $0.00 | $568.72 | $527.71 | $41.01 | $9,315.10 | $98,444.43 |
| 344 | 10/18/2039 | $9,315.10 | $568.72 | $0.00 | $568.72 | $529.91 | $38.81 | $8,785.19 | $98,483.24 |
| 345 | 11/18/2039 | $8,785.19 | $568.72 | $0.00 | $568.72 | $532.12 | $36.60 | $8,253.07 | $98,519.85 |
| 346 | 12/18/2039 | $8,253.07 | $568.72 | $0.00 | $568.72 | $534.34 | $34.39 | $7,718.74 | $98,554.24 |
| 347 | 1/18/2040 | $7,718.74 | $568.72 | $0.00 | $568.72 | $536.56 | $32.16 | $7,182.18 | $98,586.40 |
| 348 | 2/18/2040 | $7,182.18 | $568.72 | $0.00 | $568.72 | $538.80 | $29.93 | $6,643.38 | $98,616.32 |
| 349 | 3/18/2040 | $6,643.38 | $568.72 | $0.00 | $568.72 | $541.04 | $27.68 | $6,102.34 | $98,644.01 |
| 350 | 4/18/2040 | $6,102.34 | $568.72 | $0.00 | $568.72 | $543.30 | $25.43 | $5,559.04 | $98,669.43 |
| 351 | 5/18/2040 | $5,559.04 | $568.72 | $0.00 | $568.72 | $545.56 | $23.16 | $5,013.48 | $98,692.59 |
| 352 | 6/18/2040 | $5,013.48 | $568.72 | $0.00 | $568.72 | $547.83 | $20.89 | $4,465.65 | $98,713.48 |
| 353 | 7/18/2040 | $4,465.65 | $568.72 | $0.00 | $568.72 | $550.12 | $18.61 | $3,915.53 | $98,732.09 |
| 354 | 8/18/2040 | $3,915.53 | $568.72 | $0.00 | $568.72 | $552.41 | $16.31 | $3,363.12 | $98,748.41 |
| 355 | 9/18/2040 | $3,363.12 | $568.72 | $0.00 | $568.72 | $554.71 | $14.01 | $2,808.41 | $98,762.42 |
| 356 | 10/18/2040 | $2,808.41 | $568.72 | $0.00 | $568.72 | $557.02 | $11.70 | $2,251.39 | $98,774.12 |
| 357 | 11/18/2040 | $2,251.39 | $568.72 | $0.00 | $568.72 | $559.34 | $9.38 | $1,692.05 | $98,783.50 |
| 358 | 12/18/2040 | $1,692.05 | $568.72 | $0.00 | $568.72 | $561.67 | $7.05 | $1,130.38 | $98,790.55 |
| 359 | 1/18/2041 | $1,130.38 | $568.72 | $0.00 | $568.72 | $564.01 | $4.71 | $566.36 | $98,795.26 |
| 360 | 2/18/2041 | $566.36 | $568.72 | $0.00 | $566.36 | $564.00 | $2.36 | $0.00 | $98,797.62 |

# EXHIBIT 6

(7) - 1

Inst #: 201308210002055
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #006
08/21/2013 11:45:12 AM
Receipt #: 1741326
Requestor:
MELANI SCHULTE
Recorded By: ANI  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
MELANI SCHULTE
9330 W. Sahara Ave., Suite 210
Las Vegas, NV  89117

APN: 124-28-314-011
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  MELANI SCHULTE , a single unmarried woman, as her sole and separate property

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:  1.    Taxes for the fiscal year 2013-2014
             2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: July 17, 2013

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _____ 8/16/13 _____
by _WILLIAM R. SCHULTE_____

Signature _Hannah Given_____
                              Notary Public

My Commission Expires: _10-27-16____



WILLIAM R. SCHULTE

HANNAH JUILFS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-27-16
Certificate No: 12-8632-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1.  Assessor Parcel Number(s)
    a.  *124-28-314-011*
    b.  _____
    c.  _____
    d.  _____

2.  Type of Property:

    | | | |
    |---|---|---|
    | a. ☐ Vacant Land | b. ☑ Single Fam. Res. | |
    | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | |
    | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | |
    | g. ☐ Agricultural | h. ☐ Mobile Home | |
    | ☐ Other | | |

    | FOR RECORDERS OPTIONAL USE ONLY |
    |---|
    | Book _____ Page: _____ |
    | Date of Recording: _____ |
    | Notes: _____ |

3.a. Total Value/Sales Price of Property                                    $ _____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                                                   $ _____
   d. Real Property Transfer Tax Due                                        $ _____

4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption per NRS 375.090, Section 6 _____
    b.  Explain Reason for Exemption:    TRANSFER BETWEEN SPOUSES IN COMPLIANCE
        WITH A DIVORCE.

5.  Partial Interest: Percentage being transferred: 100  %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____          Capacity: GRANTEE _____

Signature _____          Capacity: _____

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: WILLIAM R. SCHULTE | Print Name: MELANI SCHULTE |
| Address: 9330 W. SAHARA AVE., SUITE 210 | Address: 9330 W. SAHARA AVE., SUITE 210 |
| City: LAS VEGAS | City: LAS VEGAS |
| State: NEVADA        Zip: 89117 | State: NEVADA        Zip: 89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| | |
|---|---|
| Print Name: | Escrow # |
| Address: | |
| City: | State:        Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 7

Inst #: 20170530-0000547
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #009
06/30/2017 08:54:32 AM
Receipt #: 3096423
Requestor:
SCHULTE PROPERTIES LLC
Recorded By: RNS    Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
MELANI SCHULTE
**When Recorded Mail Document
and Tax Statement To:**
SCHULTE PROPERTIES LLC
9811 W. Charleston Blvd #2-351
Las Vegas, NV 89117

APN: 124-28-314-011
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That, **MELANI SCHULTE , a single unmarried woman, as
her sole and separate property**

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is
hereby acknowledged,** do(es) hereby GRANT, BARGAIN, SELL and CONVEY to
**SCHULTE PROPERTIES LLC , a Nevada Limited Liability Company**

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS
AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER
MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY
DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF
500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT
WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET
BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:   1.   Taxes for the current fiscal year.
              2.   Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or
in anywise appertaining.

DATED: May 30, 2017

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _5/30/17_
by _Melani Schulte_

Signature _____

My Commission Expires: _10/31/18_

_____
MELANI SCHULTE

Amberlea Davis
Notary Public
No: 14-14876-1 Exp 10/31/2018

Notary Public

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. *124-28-314-011*
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land   b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse   d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg   f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural   h. ☐ Mobile Home
      ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property          $ *181,343*
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:          $ *0*
   d. Real Property Transfer Tax Due          $ *0*

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section *9*
   b. Explain Reason for Exemption: *TRANSFER TO A BUSINESS ENTITY OF WHICH GRANTOR IS 100% OWNER*

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____   Capacity: *GRANTOR*

Signature _____   Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: *MELANi SCHULTE* | Print Name: *SCHULTE PROPERTIES LLC* |
| Address: *9811 W. ChaRLESTON BL.#2-351* | Address: *9811 W. Charleston Bl.#2-351* |
| City: *LAS VEGAS* | City: *LAS VEGAS* |
| State: *NV*   Zip: *89117* | State: *NV*   Zip: *89117* |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
|---|---|
| Address: | |
| City: | State:     Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 8

SPLIR

# U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #23 | | |
|---|---|---|
| Account No.: 060 | Check No.: 1351 | Sequence No.: 008996786384 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 03/14/2011 |

Front:

WILLIAM R. & MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8384

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

1351

PRIORITY

3/1/2011

PAY TO THE ORDER OF    WELLS FARGO HOME MORTGAGE    $ **568.72

Five Hundred Sixty-Eight and 72/100************************************ DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

VOID AFTER 90 DAYS

MEMO    LOAN #    851  1528 SPLINTER ROCK WAY

⑈001351⑈ ⑆121201694⑆    ⑈060⑈

Back:

SPUR

## U.S. Bank Confidential Communication

**us bank.**
For Your Service Guaranteed

Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #48 | | | |
|---|---|---|---|
| Account No.: | 060 | Check No.: 1440 | Sequence No.: 008892237625 |
| Amount: $568.72 | | Routing No.: 12120169 | Date: 04/14/2011 |
| Front: | | | |

WILLIAM R. & MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-188/1212

1440

**PRIORITY**

4/6/2011

PAY TO THE ORDER OF ___ WELLS FARGO HOME MORTGAGE ___ $ **568.72

Five Hundred Sixty-Eight and 72/100*************************************** DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

VOID AFTER 90 DAYS

MEMO    LOAN #:   851 1528 SPLINTER ROCK WAY

⑈001440⑈ ⑈121201694⑈     360⑈

Back:

DO NOT WRITE STAMP OR SIGN BELOW THIS LINE

ENDORSE HERE



## U.S. Bank Confidential Communication

Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



**Item #18**
Account No.: 060
Amount: $568.72
Check No.: 1554
Routing No.: 12120169
Sequence No.: 008891907343
Date: 05/10/2011

WILLIAM R. & MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

1554

5/3/2011

PAY TO THE ORDER OF   WELLS FARGO HOME MORTGAGE        $ **568.72

Five Hundred Sixty-Eight and 72/100                    DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

VOID AFTER 90 DAYS

MEMO   LOAN # 851-1528 SPLINTER ROCK WAY

*001554*  *12120169*  060*

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #39**

| Account No.: | 060 | Check No.: 1640 | Sequence No.: 008894821395 |
|---|---|---|---|
| Amount: $568.72 | | Routing No.: 12120169 | Date: 06/10/2011 |

Front:



Back:



# U.S. Bank Confidential Communication

Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #20 | | |
|---|---|---|
| Account No.: 060 | Check No.: 1766 | Sequence No.: 008992054692 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 07/18/2011 |
| Front: | | |

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



**Item #41**
Account No.: )060    Check No.: 1885    Sequence No.:008898776064
Amount: $568.72    Routing No.: 12120169    Date: 08/10/2011
Front:

WILLIAM R. & MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD. STE 550
LAS VEGAS, NV 89128-8364
EXPRESS

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

1885

8/5/2011

3464851

PAY TO THE ORDER OF  WELLS FARGO HOME MORTGAGE    $ **568.72

Five Hundred Sixty-Eight and 72/100    DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

VOID AFTER 90 DAYS

MEMO  LOAN # 851, 1628 SPLINTER ROCK WAY

⑈001885⑈ ⑆121201694⑆    )060

Back:

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #45 | | | |
|---|---|---|---|
| Account No.: 060 | Check No.: 1981 | Sequence No.: 008992455156 | |
| Amount: $568.72 | Routing No.: 12120169 | Date: 09/12/2011 | |



## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



Item #35
Account No.: 060
Amount: $568.72
Check No.: 2091
Routing No.: 12120169
Sequence No.: 008998729270
Date: 10/17/2011

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check Image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #46 | | | |
|---|---|---|---|
| Account No.: | )60 | Check No.: 2144 | Sequence No.: 008998468202 |
| Amount: $568.72 | | Routing No.: 12120169 | Date: 11/14/2011 |

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #45 | | | |
|---|---|---|---|
| Account No.: | 060 | Check No.: 2251 | Sequence No.: 008894317323 |
| Amount: $568.72 | | Routing No.: 12120169 | Date: 12/15/2011 |

Front:



**U.S. Bank Confidential Communication**



Requested by: Kyle Lopez

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #1**

| | | | |
|---|---|---|---|
| Account No.: | 060 | Check No.: 2356 | Sequence No.: 008893386913 |
| Amount: $568.72 | | Routing No.: 12120169 | Date: 01/10/2012 |

Front:



## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

Item #28

| | | | |
|---|---|---|---|
| Account No.: | 060 | Check No.: 2454 | Sequence No.: 008896676425 |
| Amount: $568.72 | | Routing No.: 12120169 | Date: 02/13/2012 |

Front:



Back:

## U.S. Bank Confidential Communication



Requested by: Kyle Lopez

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #13 | | | |
|---|---|---|---|
| Account No.: 907 | Check No.: 1038 | | Sequence No.: 008993656769 |
| Amount: $568.72 | Routing No.: 12120169 | | Date: 03/19/2012 |

Front:

1038

MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK N.A.
LAS VEGAS, NV 89102
94-168/1212

3/15/2012

PAY TO THE ORDER OF    WELLS FARGO HOME MORTGAGE                    $ **568.72

Five Hundred Sixty-Eight and 72/100***************************************    DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

MEMO    LOAN # 151 1528 SPLINTER ROCK WAY

⑈0010 38⑈  ⑆121201694⑆    0907⑈

Back:



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
May 12, 2012
through
Jun 13, 2012

Page 12 of 42



## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)

Account Number                    907





| 1182" | May 14 | 568.72 |

" Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Jun 14, 2012
through
Jul 13, 2012

Page 12 of 42



**IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)**

Account Number            907





1221              Jun 14              568.72

* Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Jun 14, 2012
through
Jul 13, 2012

Page 23 of 42

**IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT** (CONTINUED)

Account Number                907




| 1413 | Jul 03 | 568.72 |

* Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Jul 14, 2012
through
Aug 13, 2012

Page 13 of 31

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                (CONTINUED)

Account Number          907





| 1462 | Aug 07 | 568.72 |

* Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Aug 14, 2012
through
Sep 14, 2012

Page 17 of 37

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT (CONTINUED)

Account Number 907



| 1669 | Sep 10 | 568.72 |



* Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Oct 13, 2012
through
Nov 14, 2012

Page 11 of 31

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                              (CONTINUED)

Account Number          907





| 1854 | Nov 13 | 568.72 |

* Gap in check sequence



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV 89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Mar 1, 2013
through
Mar 31, 2013

Page 10 of 27

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)

Account Number                907





2260*                     Mar 06                     568.72

* Gap in check sequence

02/18/2013

**WELLS FARGO HOME MORTGAGE**                                          568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #       851 1528 SPLINTER RO...

**Date:** 02/18/2013      **Check #**2260      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 02/18/2013      **Check #**2260      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |



**ESTATE OF MELANI SCHULTE**
**DEBTOR IN POSSESSION**
**BANKRUPTCY CASE #09-29123-BAM**
**509 CANYON GREENS DR**
**LAS VEGAS NV  89144-0830**

**Uni-Statement**
Account Number:
907

Statement Period:
Mar 1, 2013
through
Mar 31, 2013

Page 19 of 27

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)

Account Number          907





| 2321 | Mar 26 | 568.72 |

\* Gap in check sequence

03/08/2013

**WELLS FARGO HOME MORTGAGE**                                    568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

<u>LOAN #</u>      <u>851 1528 SPLINTER RO...</u>

**Date:** 03/08/2013      **Check** #2321      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 03/08/2013      **Check** #2321      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

04/24/2013

**WELLS FARGO HOME MORTGAGE**                          568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #     351 1528 SPLINTER RO...

**Date:** 04/24/2013     **Check #**2475     **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 04/24/2013     **Check #**2475     **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |



**ESTATE OF MELANI SCHULTE**
**DEBTOR IN POSSESSION**
**BANKRUPTCY CASE #09-29123-BAM**
**509 CANYON GREENS DR**
**LAS VEGAS NV  89144-0830**

**Uni-Statement**
Account Number:
907

Statement Period:
May 1, 2013
through
May 31, 2013



Page 28 of 34

**IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT**                                    **(CONTINUED)**

Account Number                907





| 2549 | May 20 | 568.72 |

* Gap in check sequence

05/06/2013

**WELLS FARGO HOME MORTGAGE**                                    568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #       351 1528 SPLINTER RO...

**Date:** 05/06/2013      **Check #**2549      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 05/06/2013      **Check #**2549      **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Jun 1, 2013
through
Jun 30, 2013

Page 19 of 26

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)

Account Number                    907





| 2670 | Jun 24 | 568.72 |

\* Gap in check sequence

06/14/2013

**WELLS FARGO HOME MORTGAGE**                                        568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #        851 1528 SPLINTER RO...

**Date:** 06/14/2013        **Check #**2670        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|----------|------|-----------|-------------|--|--------|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 06/14/2013        **Check #**2670        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|----------|------|-----------|-------------|--|--------|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |



ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**
Account Number:
907

Statement Period:
Sep 1, 2013
through
Sep 30, 2013

Page 12 of 22



## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT    (CONTINUED)

Account Number    907



2963                    Sep 24                    568.72



* Gap in check sequence

09/06/2013

**WELLS FARGO HOME MORTGAGE**                                    568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #        351 1528 SPLINTER RO...

**Date:** 09/06/2013     **Check #**2963     **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 09/06/2013     **Check #**2963     **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |





ESTATE OF MELANI SCHULTE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #09-29123-BAM
509 CANYON GREENS DR
LAS VEGAS NV  89144-0830

**Uni-Statement**

Account Number:
                                        307

Statement Period:
Mar 1, 2014
through
Mar 31, 2014

Page 17 of 23

## IMAGES FOR YOUR PREMIUM CHECKING ACCOUNT                    (CONTINUED)

Account Number                    307





| 3518 | Mar 19 | 568.72 |

* Gap in check sequence

03/13/2014

**WELLS FARGO HOME MORTGAGE**                                   568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

LOAN #        851 1528 SPLINTER RO...

**Date:** 03/13/2014        **Check #**3518        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 03/13/2014        **Check #**3518        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

02/10/2016

**WELLS FARGO HOME MORTGAGE**                                          568.72

**** FIVE HUNDRED SIXTY-EIGHT AND 72/100 DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

<u>LOAN #</u>        351 1528 SPLINTER RO...

**Date:** 02/10/2016        **Check #5325**        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 351 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

**Date:** 02/10/2016        **Check #5325**        **Account:** SCHULTE OPERATING
**Pay to:** WELLS FARGO HOME MORTGAGE

| Property | Unit | Reference | Description | | Amount |
|---|---|---|---|---|---|
| SPLIR - 124-28-314-011 - 1528 SPLINTE... | | | LOAN # | 851 1528 SPLINT... | 568.72 |
| | | | | | 568.72 |

# EXHIBIT 9

# MS Melani Schulte

SPLIR

Date: **21 March 2017**

In Re:   **1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617**
**APN: 124-28-314-011**
**Associated Account Numbers: LOAN # 3464851**
**Associated Borrowers: William R. Schulte and Melani Schulte**

**Request for Information Pursuant to 12 CFR § 1024.36**

Pursuant to 12 CFR § 1024.36, please consider this letter to be a Request for Information regarding the loan account of the borrower identified above. Specifically, I request the following information:

1. Itemized Payoff Statement and Reinstatement Statement;
2. Complete contractual "life of loan history" from the system of record with all transaction codes and code definitions;
3. Current and most recent property valuation based on your system of record;
4. Most recent escrow analysis;
5. Most recent Periodic Billing Statement;
6. Current loss mitigation package;
7. List of home retention programs that are available per the investor if this Mortgage Loan; and
8. Copy of note, mortgage and any allonge(s) if applicable.

Pursuant to 12 CFR § 1024.36, you must acknowledge in writing your receipt of this request for information within five business days of such receipt. Please send the information to my address listed below. Thank you for your attention to this matter.

Sincerely,

Melani Schulte

Enclosure: Release of Information – signed by William R. Schulte

**9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117**

# William R. Schulte

c/o Melani Schulte, 9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117



**SPLIR**

In Re:    1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617
APN: 124-28-314-011
William R. Schulte, SSN: 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, DOB 8/16/51
Loan:

*Please be advised, that per our divorce and bankruptcy, Melani Schulte is solely responsible for the debt associated with the property. Therefore, I authorize you to communicate all information with her about the loan. Further, I authorize Melani Schulte's agents (including but not limited to the employees and agents of the Law Offices Max Gardner, Max Gardner Law, PLLC, RR Compliance Consulting and the Law Offices of Amberlea Davis) to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to my mortgage loan.*

*This information may include (but is not limited to) the name, address, telephone number, social security number, credit score, credit report, income, government monitoring information, loss mitigation application status, account balances, program eligibility, and payment activity of the Borrower. I also understand and consent to the disclosure of my personal information and the terms of any agreements under the Making Home Affordable or Hardest Hit Fund Programs by Servicer or State HFA to the U.S. Department of the Treasury or their agents in connection with their responsibilities under the Emergency Economic Stabilization Act.*

*Please send all mail directly to Melani Schulte at 9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117. If you include my name on the mail, you must also include c/o Melani Schulte. You are authorized to make those changes immediately.*

Sincerely,

William R. Schulte

State of Nevada
County of Clark

This instrument was acknowledged before me on 3/8/17 by William R. Schulte.

Notary

Amberlea Davis
Notary Public
No: 14-14876-1 Exp 10/31/2018

# MS Melani Schulte

SPLIR

**▮▮▮▮▮▮▮▮▮▮**   **▮▮▮▮▮▮▮▮▮▮**   **▮▮▮▮▮▮▮▮▮▮**

# \*2ND REQUEST FOR INFORMATION. Please reply as 1st request was mailed 3/21/17. Copy of 1st RFI enclosed.

**Date:  21 April 2017**

In Re:    **1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617**
APN:  124-28-314-011
Associated Account Numbers:  LOAN # 3464851
Associated Borrowers:  William R. Schulte and Melani Schulte

## Request for Information Pursuant to 12 CFR § 1024.36

Pursuant to 12 CFR § 1024.36, please consider this letter to be a Request for Information regarding the loan account of the borrower identified above. Specifically, I request the following information:

1. Itemized Payoff Statement and Reinstatement Statement;
2. Complete contractual "life of loan history" from the system of record with all transaction codes and code definitions;
3. Current and most recent property valuation based on your system of record;
4. Most recent escrow analysis;
5. Most recent Periodic Billing Statement;
6. Current loss mitigation package;
7. List of home retention programs that are available per the investor if this Mortgage Loan; and
8. Copy of note, mortgage and any allonge(s) if applicable.

Pursuant to 12 CFR § 1024.36, you must acknowledge in writing your receipt of this request for information within five business days of such receipt. Please send the information to my address listed below.  Thank you for your attention to this matter.

Sincerely,

*Melani Schulte*

Melani Schulte

Enclosure:  Release of Information - signed by William R. Schulte

**9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117**

# MS Melani Schulte

SPLIR

**Date: May 17, 2017**

**In Re:**    1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617
APN: 124-28-314-011
Associated Account Numbers: LOAN # 3464851
Associated Borrowers: William R. Schulte and Melani Schulte

## Request for Information Pursuant to 12 CFR § 1024.36

On requests dated March 21, 2017 and April 21, 2017, I requested the following information:

1. Itemized Payoff Statement and Reinstatement Statement
2. Complete contractual "life of loan history"
3. Current and most recent property valuation based on your system of record
4. Most recent escrow analysis
5. Most recent Periodic Billing Statement
6. Loss mitigation package
7. List of home retention programs that are available per the investor of this Mortgage Loan
8. Copy of note, mortgage and any allonge(s) if applicable.

You received the 1st request on March 24, 2017, and the 2nd request on April 22, 2017, and have failed to provide the requested information. I again request the above information. Thank you for your attention to this matter.

Sincerely,

Melani Schulte

Enclosure: Release of Information - signed by William R. Schulte

**9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117**

# MS Melani Schulte

SPLIR

████████████    ████████████████    ████████████

**Date: June 19, 2017**

In Re:      1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617
            APN: 124-28-314-011
            Associated Account Numbers: LOAN # 3464851
            Associated Borrowers: William R. Schulte and Melani Schulte

**Request for Information Pursuant to 12 CFR § 1024.36**

On requests dated March 21, 2017, April 21, 2017 and May 17, 2017, I requested the following information:

1. Itemized Payoff Statement and Reinstatement Statement
2. Complete contractual "life of loan history"
3. Current and most recent property valuation based on your system of record
4. Most recent escrow analysis
5. Most recent Periodic Billing Statement
6. Loss mitigation package
7. List of home retention programs that are available per the investor of this Mortgage Loan
8. Copy of note, mortgage and any allonge(s) if applicable.

You have failed to provide the requested information. I again request the above information. Thank you for your attention to this matter.

_Mel Schlte_

Melani Schulte

Enclosure: Release of Information - signed by William R. Schulte

**9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117**

# William R. Schulte

c/o Melani Schulte, 9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117

*SPLIR*

In Re:      **1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617**
            **APN: 124-28-314-011**
            **William R. Schulte, SSN: 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, DOB 8/16/51**
            **Loan:**

*Please be advised, that per our divorce and bankruptcy, Melani Schulte is solely responsible for the debt associated with the property. Therefore, I authorize you to communicate all information with her about the loan. Further, I authorize Melani Schulte's agents (including but not limited to the employees and agents of the Law Offices Max Gardner, Max Gardner Law, PLLC, RR Compliance Consulting and the Law Offices of Amberlea Davis) to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to my mortgage loan.*

*This information may include (but is not limited to) the name, address, telephone number, social security number, credit score, credit report, income, government monitoring information, loss mitigation application status, account balances, program eligibility, and payment activity of the Borrower. I also understand and consent to the disclosure of my personal information and the terms of any agreements under the Making Home Affordable or Hardest Hit Fund Programs by Servicer or State HFA to the U.S. Department of the Treasury or their agents in connection with their responsibilities under the Emergency Economic Stabilization Act.*

*Please send all mail directly to Melani Schulte at 9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117. If you include my name on the mail, you must also include c/o Melani Schulte. You are authorized to make those changes immediately.*

Sincerely,

William R. Schulte

State of Nevada
County of Clark

This instrument was acknowledged before me on 3/8/17 by William R. Schulte.

Notary

Amberlea Davis
Notary Public
Acc 14-14976-1 Exp 10/5/2018

# MS Melani Schulte                                        SPLIR

5th Request for Information.  Copies of previous RFI's enclosed.

**Date:  November 8, 2017**

**In Re:**     1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617
APN:  124-28-314-011
Associated Account Numbers:  LOAN # 3464851
Associated Borrowers:  William R. Schulte and Melani Schulte

**Request for Information Pursuant to 12 CFR § 1024.36**

On requests dated March 21, 2017, April 21, 2017, May 17, 2017 and June 19, 2017, I requested the following information:

1. Itemized Payoff Statement and Reinstatement Statement
2. Complete contractual "life of loan history"
3. Current and most recent property valuation based on your system of record
4. Most recent escrow analysis
5. Most recent Periodic Billing Statement
6. Loss mitigation package
7. List of home retention programs that are available per the investor of this Mortgage Loan
8. Copy of note, mortgage and any allonge(s) if applicable.

You received the 1st request on March 24, 2017, the 2nd request on April 22, 2017, the 3rd request on May 29, 2017 and the 4th request on June 22, 2017 and have failed to provide all the requested information.  I again request the above information. Thank you for your attention to this matter.

Sincerely,

Enclosure:  Release of Information - signed by William R. Schulte

**9811 W Charleston Blvd, Ste 2-351, Las Vegas, NV 89117**



U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☑ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage
$

Sent To    Wells Fargo Home Mortgage
           P.O. Box 10335
           Des Moines, IA 50306-0335
Street and Apt.
City, State, Zip

SPLIR
5TH RFI

Postmark
Here    WF

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 0530 0000 0480 7853

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2703 6351 0827 97

2. Article Number *(Transfer from service label)*
7017 0530 0000 0480 7853

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                       ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ ...il Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**Melani Schulte**
9811 West Charleston Blvd. #2-351
Las Vegas, NV 89117

April 25, 2018

Wells Fargo Home Mortgage
P.O.Box 10335
Des Moines, IA 50306-0335

| | |
|---|---|
| Property Address: | 1528 Splinter Rock Way, North Las Vegas, NV 89031-1617 |
| Associated Account Numbers: | Wells Fargo Loan #0535704241; CitiMortgage Loan #0577014851 |
| Associated Borrowers: | William R. Schulte & Melani Schulte |
| RE: | **NOTICE OF ERROR UNDER 12 CRF SECTION 1024.35** |
| | **NOTICE OF BANKRUPTCY VIOLATION** |
| | **CEASE & DESIST OF NOTICE OF DEFAULT & BREACH** |

**YOU ARE IN COMPLETE** <u>VIOLATION</u> **OF THE ORDER CONFIRMING MY CHAPTER 11 BANKRUPTCY PLAN OF REORGANIZATION ENTERED 3/8/2011, CASE 09-29123-BAM (SEE ATTACHED – HIGHLIGHTED ON PAGE 20 OF THE BANKRUPTCY ORDER).**

**\*THIS IS AN OFFICIAL NOTICE TO CEASE AND DESIST OF THE NOTICE OF DEFAULT & BREACH**

**\*THERE ARE NO ATTORNEYS ON MY BK CASE.  PLEASE SEND ME THE INFORMATION I REQUESTED OVER THE LAST 2 + YEARS.**

**\*PLEASE NOTE THAT BK 17-12883 HAS BEEN DISMISSED 1/16/2018 (SEE ATTACHED).  PLEASE SEND THE REQUESTED INFORMATION IMMEDIATELY.**

In correspondence sent to Wells Fargo on March 21, 2017, April 21, 2017, May 17, 2017 and November 8, 2017, I requested information which I have not received.  I therefore note the following **ERRORS:**

1) Not sending me **monthly statements** with correct information detailed within.
2) Placing payments in unapplied funds (see page 1, line 2 of Account Activity Statement).
3) Not sending the complete **Life of Loan History, Most Recent Property Valuation Escrow Analysis, Loss Mitigation Package, List of Retention Programs, Copy of Note, Mortgage and any Allonge(s).**
4) The **Loan History** sent only dates back to February 2014. The property was purchase in 1998 therefore this is incomplete.
5) Continually adding in **pre-bankruptcy charges, fees etc.** that were stripped from the loan at confirmation.
6) Continually adding these **false amounts**, claiming that I'm due and owing to you placing me into default status as your numbers are completely inaccurate.
7) Filing **false documents** with the Clark County Recorder's Office based on the above **inaccurate and incorrect** numbers.
8) Failing to correctly **Board the loan** per the bankruptcy confirmation numbers.
9) **Filing incorrect and inaccurate information** on my credit report causing my credit score to be lowered.

In reviewing the Payment History, I noticed the following errors:

1) Bankruptcy order was not followed. I've attached the bankruptcy order again for your reference.

Please consider this letter to constitute a **Notice of Error** under 12 CRF Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing.  Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

Under Section 102.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.

(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.

(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CRF 1026.36(c)(1).

(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of §1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).

(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an **accurate** payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

Please provide the requested information in the time outlined under the amendments to the address provided.

Best regards,

Melani Schulte

# EXHIBIT 10

**BAPCPA, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## District of Nevada (Las Vegas)
## Bankruptcy Petition #: 17-12883-mkn

*Date filed:* 05/31/2017
*Date terminated:* 02/01/2018
*Debtor dismissed:* 01/16/2018
*341 meeting:* 07/06/2017

*Assigned to:* MIKE K. NAKAGAWA
Chapter 11
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **AMBERLEA DAVIS** |
| **SCHULTE PROPERTIES, LLC** | 415 S. 6TH STREET, STE 300 |
| 9811 W. CHARLESTON BLVD., STE 2-351 | LAS VEGAS, NV 89101 |
| LAS VEGAS, NV 89117 | (702) 518 4377 |
| CLARK-NV | Fax : (702) 933 9117 |
| Tax ID / EIN: 82-1677615 | Email: Amber@SheIsMyLawyer.com |

*U.S. Trustee*
**U.S. TRUSTEE - LV - 11**
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101

| Filing Date | # | Docket Text |
|---|---|---|
| 05/31/2017 | 1<br>(65 pgs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717. Filed by AMBERLEA DAVIS on behalf of Schulte Properties, LLC (DAVIS, AMBERLEA) Modified on 6/2/2017 to correct debtor name (Ivey, SD). (Entered: 05/31/2017) |
| 05/31/2017 | 2 | Receipt of Filing Fee for Voluntary Petition (Chapter 11)(17-12883) [misc,volp11pb] (1717.00). Receipt number 17532042, fee amount $1717.00.(re: Doc#1) (U.S. Treasury) (Entered: 05/31/2017) |
| 05/31/2017 | 3<br>(2 pgs) | Meeting of Creditors 341 Meeting to be held on 07/06/2017 at 01:00 PM at 341s - Foley Bldg,Rm 1500. Last day to file Proof of Claims 10/04/2017. (Entered: 05/31/2017) |
| 05/31/2017 | 4 | Set Deficient Filing Deadlines. Incomplete Filings due by 6/14/2017. Resolution of Board of Directors Authorizing Bankruptcy Filing due by 6/14/2017. Verification of Creditor Matrix due by 6/14/2017. Schedule G due by 6/14/2017. Schedule H due by 6/14/2017. (mrb) (Entered: 06/01/2017) |
| 05/31/2017 | 6 | Set Deficient Filing Deadlines. Incomplete Filings due by |

| | | |
|---|---|---|
| | | 6/14/2017. Statement of Financial Affairs due by 6/14/2017. (mrb) (Entered: 06/01/2017) |
| 06/01/2017 | 5 | (NONCONFORMING ENTRY) Notice of Incomplete and/or Deficient Filing. (mrb) Modified on 6/1/2017 to reflect docket entry change. See #7 (Youngblood, CL). (Entered: 06/01/2017) |
| 06/01/2017 | 7 (2 pgs) | Notice of Incomplete and/or Deficient Filing. (mrb) (Entered: 06/01/2017) |
| 06/02/2017 | 8 (1 pg) | Notice of Debtor(s) Name Change To Match The Petition Filed (Related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor SCHULTE PROPERTIES, LLC) (sdi) (Entered: 06/02/2017) |
| 06/03/2017 | 9 (4 pgs) | BNC Certificate of Mailing (Related document(s)3 Meeting of Creditors Chapter 11 (BNC)) No. of Notices: 61. Notice Date 06/03/2017. (Admin.) (Entered: 06/03/2017) |
| 06/03/2017 | 10 (3 pgs) | BNC Certificate of Mailing. (Related document(s)7 Incomplete and/or Deficient Filing-Ch 11 Non-Individual (BNC)) No. of Notices: 1. Notice Date 06/03/2017. (Admin.) (Entered: 06/03/2017) |
| 06/04/2017 | 11 (3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)8 Notice of Debtor(s) Name Change) No. of Notices: 61. Notice Date 06/04/2017. (Admin.) (Entered: 06/04/2017) |
| 07/07/2017 | 12 (4 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of BAYVIEW LOAN SERVICING, LLC (WILDE, GREGORY) (Entered: 07/07/2017) |
| 07/07/2017 | 13 (1 pg) | 341 Meeting Concluded (STROZZA (rl), NICHOLAS) (Entered: 07/07/2017) |
| 07/26/2017 | 14 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 9500 Aspen Glow Dr, Las Vegas, NV 89134* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 15 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 2460 AVENIDA CORTES, HENDERSON NV 89074-6349* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 16 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 7873 BRIDGEFIELD LN, LAS VEGAS NV 89147-5099* Filed by AMBERLEA DAVIS on |

| | | behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
|---|---|---|
| 07/26/2017 | 17 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 3383 CLOVERDALE CT, LAS VEGAS NV 89117-3951* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 18 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 1624 DESERT CANYON CT, LAS VEGAS NV 89128-7900* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 19 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 3729 DISCOVERY CREEK AVE, NORTH LAS VEGAS NV 89031-3603* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 20 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 9020 FEATHER RIVER CT, LAS VEGAS NV 89117-2367* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 21 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 5218 MISTY MORNING DR, LAS VEGAS NV 89118-0600* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 22 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 956 OSTRICH FERN CT, LAS VEGAS NV 89123-4050* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 23 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 6091 PUMPKIN PATCH AVE, LAS VEGAS NV 89142-0791* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 24 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE |

| | | |
|---|---|---|
| | | PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 25 (7 pgs) | Motion to Assume Lease or Executory Contract *for lease of residential property located at 2290 SURREY MEADOWS AVE, HENDERSON NV 89052-2335* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 26 (8 pgs) | Motion to Assume Lease or Executory Contract *for Property Management Services* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 27 (8 pgs) | Errata *Correct Document Title on Certificate of Service* with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 28 (2 pgs) | Resolution of Board of Directors Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 29 (8 pgs) | Certificate of Service *of Bankruptcy Filing to parties added to the creditor matrix*. Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/27/2017 | 30 (1 pg) | Notice of Docketing Error (Related document(s)28 Resolution of Board of Directors filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 07/27/2017) |
| 08/07/2017 | 31 (4 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (WILDE, GREGORY) (Entered: 08/07/2017) |
| 08/11/2017 | 32 (5 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of CITIMORTGAGE, INC. (WILDE, GREGORY) (Entered: 08/11/2017) |
| 08/17/2017 | 33 (3 pgs) | Request for Special Notice with Certificate of Service Filed by ARNOLD L. GRAFF on behalf of Fifth Third Bank (GRAFF, ARNOLD) (Entered: 08/17/2017) |
| 08/28/2017 | 34 (6 pgs) | Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:00 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to |

| | | |
|---|---|---|
| | | Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 08/28/2017) |
| 08/29/2017 | 35<br>(6 pgs) | Amended Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:00 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 08/29/2017) |
| 08/29/2017 | 36 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/27/2017 at 09:00 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor |

| | | |
|---|---|---|
| | | SCHULTE PROPERTIES, LLC, <u>16</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>17</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>18</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>19</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>20</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>21</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>22</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>23</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>24</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>25</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>26</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 08/29/2017) |
| 09/05/2017 | 37 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>18</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm) (Entered: 09/05/2017) |
| 09/05/2017 | 38 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>20</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 39 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>26</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 40 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>21</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 41 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>22</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 42 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>17</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 43 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - |

| | | |
|---|---|---|
| | | Incorrectly Calendared (related document(s): <u>23</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 44 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>15</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 45 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>25</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 46 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>14</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 47 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>19</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 48 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>24</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 49 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>16</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | <u>50</u> (6 pgs) | Amended Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:30 AM with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)<u>14</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>15</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>16</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>17</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>18</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>19</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>20</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>21</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>22</u> Motion to Assume Lease or Executory Contract filed by Debtor |

| | | |
|---|---|---|
| | | SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 09/05/2017) |
| 09/06/2017 | 51 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/27/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 09/06/2017) |
| 09/15/2017 | 52 (59 pgs) | Motion for Relief from Stay Property: 1528 Splinter Rock Way, North Las Vegas NV 89031 Fee Amount $181. with Proposed Order with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (WILDE, GREGORY) (Entered: 09/15/2017) |
| 09/15/2017 | 53 (4 pgs) | Notice of Hearing *Motion for Relief from the Automatic Stay* Hearing Date: 10/18/2017 Hearing Time: 09:30 AM with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (Related document(s)52 Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A.) (WILDE, GREGORY) (Entered: 09/15/2017) |
| 09/18/2017 | 54 | Receipt of Filing Fee for Motion for Relief from Stay(17-12883-mkn) [motion,mrlfsty] ( 181.00). Receipt number 17756790, fee amount $ 181.00.(re: Doc#52) (U.S. Treasury) (Entered: 09/18/2017) |

| 09/19/2017 | 55 | Hearing Scheduled/Rescheduled. Hearing scheduled 10/18/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)52 Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A.) (mrb) (Entered: 09/19/2017) |
| 09/20/2017 | 56 (1 pg) | Request for Special Notice Filed by EDWARD G SCHLOSS on behalf of BAYVIEW LOAN SERVICING, LLC as servicing agent for The Bank of New York Mellon (SCHLOSS, EDWARD) (Entered: 09/20/2017) |
| 09/27/2017 | 57 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 20 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 58 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 18 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 59 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 21 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 60 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 26 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 61 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 17 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 62 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 22 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 63 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 23 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |

| 09/27/2017 | 64 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 15 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| --- | --- | --- |
| 09/27/2017 | 65 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 25 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 66 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 19 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 67 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 14 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 68 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 24 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 69 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 16 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 10/13/2017 | 70 (2 pgs) | Request for Special Notice Filed by NICHOLE L GLOWIN on behalf of MTGLQ Investors, L.P. (GLOWIN, NICHOLE) (Entered: 10/13/2017) |
| 10/17/2017 | 71 (116 pgs) | Objection with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)52 Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A..) (DAVIS, AMBERLEA) (Entered: 10/17/2017) |
| 10/18/2017 | 72 (14 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 06/30/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/18/2017) |

| 10/24/2017 | 73 (15 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 07/31/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
|---|---|---|
| 10/24/2017 | 74 (15 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 08/31/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
| 10/24/2017 | 75 (16 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 09/30/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
| 11/07/2017 | 76 (3 pgs) | Order Granting Motion For Relief From the Automatic Stay (Related document(s) 52) (mrb) (Entered: 11/07/2017) |
| 11/07/2017 | 77 (6 pgs) | Notice of Entry of Order *Terminating the Automatic Stay* with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (Related document(s)76 Order on Motion For Relief From Stay) (WILDE, GREGORY) (Entered: 11/07/2017) |
| 11/15/2017 | 78 (9 pgs; 2 docs) | Motion to Dismiss Case with Proposed Order Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Attachments: # 1 Exhibit Proposed Order)(DAVIS, AMBERLEA) (Entered: 11/15/2017) |
| 11/15/2017 | 79 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 20 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 80 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 18 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 81 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 21 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 82 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 26 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 83 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 17 Motion to Assume Lease |

| | | or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
|---|---|---|
| 11/15/2017 | 84 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 22 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 85 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 23 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 86 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 15 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 87 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 25 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 88 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 19 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 89 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 14 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 90 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 24 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 91 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): 16 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/20/2017 | 92 (5 pgs) | Notice of Hearing Hearing Date: 11/30/2017 Hearing Time: 9:30 am with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)78 Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/20/2017) |
| 11/20/2017 | 93 (4 pgs) | Certificate of Service *OF MOTION AND NOTICE* with Certificate of Service Filed by AMBERLEA DAVIS on behalf |

| | | |
|---|---|---|
| | | of SCHULTE PROPERTIES, LLC (Related document(s)78 Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC, 92 Notice of Hearing filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/20/2017) |
| 11/21/2017 | 94 (7 pgs) | Amended Notice of Hearing Hearing Date: 12/20/2017 Hearing Time: 9:30 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)78 Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/21/2017) |
| 11/21/2017 | 95 | Hearing Scheduled/Rescheduled. Hearing scheduled 12/20/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)78 Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 11/21/2017) |
| 11/22/2017 | 96 (15 pgs) | Monthly Operating Report for Filing Period Ending October 2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 11/22/2017) |
| 11/28/2017 | 97 (4 pgs) | Request for Special Notice with Certificate of Service Filed by WILMINGTON SAVINGS FUND SOCIETY, FSB (TREDER, EDWARD) (Entered: 11/28/2017) |
| 12/20/2017 | 98 (15 pgs) | Monthly Operating Report for Filing Period Ending November 2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 12/20/2017) |
| 01/16/2018 | 99 (2 pgs) | Order Granting Motion to Dismiss Case (Related document(s) 78) (mrb) (Entered: 01/16/2018) |
| 01/16/2018 | 100 (1 pg) | Notice of Dismissal; Notice that all Pending Hearings are Vacated.(admin) (Entered: 01/16/2018) |
| 01/19/2018 | 101 (4 pgs) | BNC Certificate of Mailing. (Related document(s)100 Notice of Dismissal; Notice That All Pending Hearings Are Vacated (BNC-BK)) No. of Notices: 108. Notice Date 01/19/2018. (Admin.) (Entered: 01/19/2018) |
| 02/01/2018 | 102 | Bankruptcy Case Closed (mrb) (Entered: 02/01/2018) |

**PACER Service Center**

| **Transaction Receipt** | | | |
|---|---|---|---|
| 05/08/2018 14:51:30 | | | |
| **PACER Login:** | johnsonml:2953190:0 | **Client Code:** | 2145-001 |
| **Description:** | Docket Report | **Search Criteria:** | 17-12883-mkn Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

# EXHIBIT 11

1528 Splinter Rock Way, North Las Vegas, NV 89031 | Zillow

LIST FOR RENT    ♡ SAVE    ✉ SHARE    ⊘ HIDE    MORE ▾        ⧉ EXPAND    ✕ CLOSE

Public    Landlord                    Nevada · North Las Vegas · 89031 · 1528 Splinter Rock Way




# 1528 Splinter Rock Way, North Las Vegas, NV 89031

OFF MARKET

Zestimate®:
$246,775

Rent Zestimate®:
$1,395 /mo

4 beds · 2.5 baths · 1,722 sqft

## Instant Offers

This home qualifies for Zillow Instant Offers. Get cash offers in 2-3 business days.

Cash offer _____ $

Cash offer _____ $

Cash offer _____ $

# EXHIBIT 12

## ** § 362 INFORMATION COVER SHEET **

Schulte Properties LLC                18-12734-mkn                    _____
**Debtor**                                 **Case No:**                              **Motion #:**
<u>Wells Fargo Bank, N.A.</u>                     **Chapter:** 11
**MOVANT**

<table>
<tr><td><u>Certification of Attempt to Resolve the Matter without Court Action:</u><br><br>Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.<br><br>Date:<u> 06/22/2018</u>          Signature: <u> /s/ Jason C. Kolbe</u><br>                                        Attorney for Movant</td></tr>
</table>

PROPERTY INVOLVED IN THIS MOTION: 1528 Splinter Rock Way, North Las Vegas, NV 89031

NOTICE SERVED ON:        Debtor ☒  ;      Debtors' Counsel ☒ ;          Trustee ☒

DATE OF SERVICE: <u>06/22/2018</u>

<table>
<tr>
<td>

<u>MOVING PARTY'S CONTENTIONS:</u>

The EXTENT and PRIORITY of LIENS: *

Movant: $138,857.18

Total Encumbrances:  $138,857.18

APPRAISAL or OPINION as to VALUE:
 "Per attached Schedule "A" $246,775.00

</td>
<td>

<u>DEBTOR'S CONTENTIONS:</u>

The EXTENT and PRIORITY of LIENS:

1st _____

2nd _____

Other:_____

Total Encumbrances:  $_____

APPRAISAL or OPINION as to VALUE:

</td>
</tr>
<tr>
<td>

<u>TERMS OF MOVANT'S CONTRACT<br>WITH THE DEBTOR:*</u>

Amount of Note: $132,600.00
Interest Rate: 7.500%
Duration: 30 Year
Payment Per Month: $927.16
Date of Default: 01/01/2013
Amount of Contractual Arrearages: $47,728.56
Date of Notice of Default:  12/01/2017
SPECIAL CIRCUMSTANCES: **The undersigned hereby certifies that an attempt has been made to confer with debtor(s) counsel, or with debtor(s) and that more than three (3) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.**

SUBMITTED BY:  <u>Jason C. Kolbe</u>

SIGNATURE: <u>/s/ Jason C. Kolbe</u>

</td>
<td>

<u>DEBTOR'S OFFER OF "ADEQUATE<br>PROTECTION" FOR MOVANT:</u>

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____

SIGNATURE: _____

</td>
</tr>
</table>

* All amounts due to Movant as of May 24, 2018.