Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCHULTE PROPERTIES LLC<br><br>Debtor, | Case No. BK-S-18-12734-MKN<br>Chapter 11<br><br>**DECLARATION OF MELANI SCHULTE IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN REM RELIEF**<br><br>Hearing Date: July 25, 2018<br>Hearing Time: 9:30 a.m. |

I, MELANI SCHULTE, declare under penalty of perjury as follows:

1.      I am over the age of 18, am mentally competent, and have personal knowledge of the facts in this matter.

2.      I am the owner and managing member of Schulte Properties LLC, the Debtor in the above-captioned matter.

3.      I file this declaration in support of the Debtor's Opposition to Motion for Relief From the Automatic Stay and In Rem Relief ("Debtor's Opposition").

1

4.      On October 11, 2009, my ex-husband William R. Schulte and I filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, Case No. 09-29123-MKN. *See Exhibit 1 to Debtor's Opposition.*

5.      At the time of the 2009 Bankruptcy, William R. Schulte and I earned our livelihood through the management of residential rental properties. Many of the rental properties were held by entities which were ultimately joint administrative debtors with William R. Schulte and myself in the 2009 Bankruptcy.  *See Exhibit 1 to Debtor's Opposition.*

6.      On September 30, 2010, Judge Markell entered an order authorizing the transfer of the property located at 1528 Splinter Rock Way, North Las Vegas, Nevada ("Splinter Rock") then held by the single asset limited liability company "1528 Splinter Rock, LLC" to William R. Schulte and Melani Schulte, for judicial expediency purposes.  *See Exhibit 2 to Debtor's Opposition.*

7.      On November 1, 2010, a Grant, Bargain, Sale Deed was recorded transferring Splinter Rock to William R. Schulte and Melani Schulte, in accordance with the Court's September 30, 2010 order.  *See Exhibit 3 to Debtor's Opposition.*

8.      On March 8, 2011, an Order Confirming Chapter 11 Plan of Reorganization (the "Confirmation Order") confirming the Third Amended Joint Plan of Reorganization of Melani Schulte and William R. Schulte (the "Confirmed Plan") was entered in the 2009 bankruptcy as docket no. 912.  *See Exhibit 4 to Debtor's Opposition.*

9.      The Confirmation Order states, "The secured portions of the claims of the Debtors' lenders (the "Lenders") are reduced to either the appraised value of the underlying properties (the "Properties"), pursuant to 11 U.S.C. §506(a) or as agreed upon between the parties, as set forth in this Order and the Plan." *See Exhibit 4 to Debtor's Opposition.*

10.      The Confirmed Plan ordered Wells Fargo's secured claims against the Splinter Rock property to be in the amount of $105,942.62 (the "Approved Wells Fargo Claim") and Wells Fargo's unsecured claims against the debtors in the amount of $0.00.  *See Exhibit 4 to Debtor's Opposition.*

1   11.  The Confirmed Plan ordered the Approved Wells Fargo Claim to be treated

2 "amortized at 5% over 30 years".  *See Exhibit 4 to Debtor's Opposition.*

3   12.  The Approved Wells Fargo Claim of $105,942.62 amortized at 5% (the "Approved

4 Interest Rate") over 30 years yielded a monthly payment due to Wells Fargo of $568.72 (the

5 "Approved Monthly Payment").  *See Exhibit 5 to Debtor's Opposition.*

6   13.  On February 10, 2012, I filed for divorce from William R. Schulte, Case No. D-12-

7 458809-D, in which case all interest in the Splinter Rock property was awarded to Melani Schulte as

8 her sole and separate property.

9   14.  On August 21, 2013, a Grant, Bargain, Sale Deed was recorded against the Splinter

10 Rock property as instrument 201308210002055, conveying the Splinter Rock property from William

11 R. Schulte and Melani Schulte as Joint Tenants to Melani Schulte as her sole and separate property.

12 *See Exhibit 6 to Debtor's Opposition.*

13   15.  Pursuant to the Confirmed Plan, " the unsecured portions of the Lenders' claims are

14 reduced and shall be treated as 'general unsecured claims,' pursuant to 11 U.S.C. §506(a)"  and any

15 lenders holding secured claims against the Splinter Rock property in excess of the Approved Wells

16 Fargo Claim were deemed to be unsecured.  *See Exhibit 4 to Debtor's Opposition.*

17   16.  On December 15, 2015, I and William R. Schulte received orders of discharge in the

18 2009 Bankruptcy, which discharge included any unsecured creditors that may have once had a

19 secured claim against the Splinter Rock property in excess of the Approved Wells Fargo Claim.  *See*

20 *Exhibit 1 to Debtor's Opposition.*

21   17.  The Confirmed Plan directs that "the Debtors shall transfer title to their properties to a

22 Nevada limited liability company (the "Holding Company"), for liability purposes."  *See Exhibit 4*

23 *to Debtor's Opposition.*

24   18.  The Confirmation Order directs that "the Debtors are authorized to undertake or cause

25 to be undertaken any and all acts and actions contemplated by the Plan or required to consummate

26

and implement the provisions of the Plan, prior to, on and after the Effective Date, including without

limitation, entering, executing, delivering, filing or recording any agreements, instruments or

documents necessary to implement the Plan." *See Exhibit 4 to Debtor's Opposition.*

19.    On May 30, 2017, I, in conformity with the Confirmation Order and the Confirmed

Plan, transferred the Splinter Rock property into its' Holding Company, Schulte Properties LLC,

which is the Debtor in the instant case, by recording a Grant, Bargain, Sale Deed as instrument

20170530-0000547. *See Exhibit 7 to Debtor's Opposition.*

20.    I and/or Schulte Properties LLC made proper Approved Monthly Payments under the

Confirmed Plan to the Splinter Rock Approved Wells Fargo Claim for years. *See Exhibit 8 to*

*Debtor's Opposition.*

21.    Despite numerous requests, Wells Fargo has never yet provided me with accurate

records reflecting the Approved Wells Fargo Claim and the Debtor's Approved Monthly Payments

thereto. *See Exhibit 9 to Debtor's Opposition.*

22.    I have been trying to obtain accurate records that reflect the Court's Confirmation

Order and proper application of Debtor's payments from various lenders regarding all 32 of the

Debtor's properties, without success.

23.    Facing foreclosure proceedings on several of its properties due to lenders' inaccurate

records, the Debtor filed for Chapter 11 bankruptcy protection on May 31, 2017 as Case No. 17-

12883-MKN (the "2017 Bankruptcy"). *See Exhibit 10 to Debtor's Opposition.*

24.    Believing I and my counsel could effectively negotiate and obtain proper records from

secured lenders (Wells Fargo and others) outside of bankruptcy with reduced administrative costs,

the Debtor sought and obtained voluntary dismissal of the 2017 Bankruptcy.

25.    Following the dismissal of the 2017 Bankruptcy, several properties that had not yet

been transferred to the Holding Company were transferred to Schulte Properties LLC as authorized

and directed by the Confirmation Order.

1    26.    Again facing foreclosure proceedings on several of Debtor's properties due to lenders'

2  inaccurate records, and resigned to the necessity of bringing secured lenders to be held accountable

3  before the Court for failure to abide by the Confirmation Order, Debtor again filed for Chapter 11

4  bankruptcy protection on May 10, 2018, which bankruptcy proceeding is the above-captioned Case

5  No. 18-12734.

6    27.    Debtor's Scheduled Value of the Splinter Rock property of $246,775.00 is based upon

7  a Zillow.com "Zestimate" obtained on May 9, 2018, the day before Debtor's bankruptcy filing. *See*

8  *Exhibit 11 to Debtor's Opposition.*

9    28.    On June 22, 2018, Wells Fargo filed the instant Motion seeking relief from the

10  automatic stay provided the Debtor.  Wells Fargo's Motion's coversheet alone contains numerous

11  errors evidencing Wells Fargo's failure to maintain accurate records under the Confirmation Order,

12  such as:

13    a.    "Amount of Note: $132,600.00" if accurate would reflect the Approved Wells Fargo

14  Claim of $105,942.62.

15    b.    "Interest Rate: 7.500%" if accurate would reflect the Court's Approved Interest Rate

16  of 5.0%

17    c.    "Payment Per Month: $927.16" if accurate would reflect the Approved Monthly

18  Payment of $568.72.

19    *See Exhibit 12 to Debtor's Opposition.*

20    29.    The Debtor is preparing a Motion to Assume Lease regarding the Splinter Rock

21  property tenants, who make regular payments to the Debtor.

22    30.    Post-petition, the Debtor has transmitted one payment to Wells Fargo in the Approved

23  Monthly Payment of $568.72.

24    31.    Although I am wary of the Debtor's lenders' inaccurate record keeping and

25  misapplication of Debtor's payments, the Debtor fully intends to make all regular post-petition

26

5

monthly payments to its creditors, including making the Approved Monthly Payment of $568.72 to

Wells Fargo in payment of the Splinter Rock Approved Wells Fargo Claim.

DATED: July 11, 2018.

_____

MELANI SCHULTE

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Johnson & Gubler, PC, and that on July 11, 2018 I

caused to be served a true and correct copy of the **DECLARATION OF MELANI SCHULTE IN**

**SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**AND IN REM RELIEF** in the following manner:

[X]   a.   **Electronic Service**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: July 11, 2018.

/s/ Suzanne Alexander                              .
An Employee of Johnson & Gubler, P.C.