# EXHIBIT 1

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

# U.S. Bankruptcy Court
## District of Nevada (Las Vegas)
## Bankruptcy Petition #: 09-29123-mkn

|  |  |
|---|---|
| *Date filed:* | 10/11/2009 |
| *Debtor discharged:* | 12/15/2015 |
| *Joint debtor discharged:* | 12/15/2015 |
| *Plan confirmed:* | 03/08/2011 |
| *341 meeting:* | 12/17/2009 |
| *Deadline for filing claims:* | 02/17/2010 |
| *Deadline for objecting to discharge:* | 01/18/2010 |

*Assigned to:* MIKE K. NAKAGAWA
Chapter 11
Voluntary
Asset

*Debtor*
**MELANI SCHULTE**
9811 W. CHARLESTON BLVD. #2-351
LAS VEGAS, NV 89117
CLARK-NV
SSN / ITIN: xxx-xx-0225

represented by **NEDDA GHANDI**
GHANDI DEETER BLACKHAM
725 SOUTH 8th STREET SUITE 100
LAS VEGAS, NV 89101
(702) 878-1115
Fax : (702) 447-9995
Email: bankruptcy@ghandilaw.com
*TERMINATED: 08/23/2016*

**BRYAN A. LINDSEY**
SCHWARTZ FLANSBURG PLLC
6623 LAS VEGAS BLVD. SO.,, STE
300
LAS VEGAS, NV 89119
Email: bryan@nvfirm.com
*TERMINATED: 08/21/2014*

**DANIEL L. MCGOOKEY**
MCGOOKEY LAW OFFICES, LLC
225 MEIGS STREET
SANDUSKY, OH 44870
(419) 502-7223
Fax : (419) 502 0044
Email: dmcgookey@mcgookeylaw.com

**DAVID A RIGGI**
5550 PAINTED MIRAGE ROAD #120
LAS VEGAS, NV 89149
(702) 808-0359
Email: darnvbk@gmail.com

**SAMUEL A. SCHWARTZ**
6623 LAS VEGAS BLVD. SO., STE
300
LAS VEGAS, NV 89119
(702) 385-5544
Fax : (702) 385-2741
Email: sam@nvfirm.com
*TERMINATED: 08/21/2014*

**STEVEN L. YARMY**
7464 W. SAHARA AVENUE
LAS VEGAS, NV 89117
(702) 586-3513
Fax : (702) 586-3690
Email: sly@stevenyarmylaw.com

*Jnt Admin Debtor*
**5218 MISTY MORNING LLC**
7201 W. LAKE MEAD BLVD.
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477405

represented by **DAVID A RIGGI**
(See above for address)

**SAMUEL A. SCHWARTZ**
(See above for address)

*Jnt Admin Debtor*
**HOT ENDEAVOR LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-2392946

represented by **DANIEL L. MCGOOKEY**
(See above for address)

**DAVID A RIGGI**
(See above for address)

**SAMUEL A. SCHWARTZ**
(See above for address)

**STEVEN L. YARMY**
(See above for address)

*Jnt Admin Debtor*
**2704 SATTLEY LLC**
7201 W. LAKE MEAD BLVD. SUITE 550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478517

represented by **SAMUEL A. SCHWARTZ**
(See above for address)

*Jnt Admin Debtor*
**1341 MINUET LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477364

*Jnt Admin Debtor*
**1708 PLATO PICO LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1477561

*Jnt Admin Debtor*
**2228 WARM WALNUT LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478850

*Jnt Admin Debtor*
**9425 VALLEY HILLS LLC**
7201 W LAKE MEAD BLVD

LAS VEGAS, NV 89128
Tax ID / EIN: 20-1478764

*Jnt Admin Debtor*
**9500 ASPEN GLOW LLC**
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1434262

*Jnt Admin Debtor*
**CHERISH LLC**
7201 W. LAKE MEAD BLVD #550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1999539

represented by **SAMUEL A. SCHWARTZ**
(See above for address)

*Jnt Admin Debtor*
**SABRECO INC.**
7201 W LAKE MEAD BLVD #550
LAS VEGAS, NV 89128
Tax ID / EIN: 88-0253740

represented by **NEDDA GHANDI**
(See above for address)
*TERMINATED: 08/23/2016*

**DANIEL L. MCGOOKEY**
(See above for address)

*Jnt Admin Debtor*
**KEEP SAFE LLC**
7201 W LAKE MEAD BLVD #550
LAS VEGAS, NV 89128
Tax ID / EIN: 20-1999483

represented by **SAMUEL A. SCHWARTZ**
(See above for address)

*Joint Debtor*
**WILLIAM R. SCHULTE**
9811 W. CHARLESTON BLVD. #2-351
LAS VEGAS, NV 89117
CLARK-NV
SSN / ITIN: xxx-xx-6233

represented by **NEDDA GHANDI**
(See above for address)
*TERMINATED: 08/23/2016*

**BRYAN A. LINDSEY**
(See above for address)
*TERMINATED: 08/21/2014*

**DANIEL L. MCGOOKEY**
(See above for address)

**DAVID A RIGGI**
(See above for address)

**SAMUEL A. SCHWARTZ**
(See above for address)
*TERMINATED: 08/21/2014*

**STEVEN L. YARMY**
(See above for address)

*U.S. Trustee*
**U.S. TRUSTEE - LV - 11, 11**
300 LAS VEGAS BOULEVARD S.

# EXHIBIT 2

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in the Alternative Adequate Protection Payments

**Entered on Docket**
**September 30, 2010**

*Bruce A. Markell*
_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Ave., Suite 120
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors
And Debtors in Possession

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-29123-BAM |
| | ) Chapter 11 |
| Melanie Schulte and William Schulte, | ) |
| | ) Jointly Administered with: |
| | ) |
| 2704 Sattley LLC | ) 09-27238-BAM |
| Hot Endeavor LLC | ) 09-27909-BAM |
| Cherish LLC | ) 09-28513-BAM |
| SABRECO Inc. | ) 09-31584-BAM |
| Keep Safe LLC | ) 09-31585-BAM |
| | ) |
| | ) Hearing Date:  September 21, 2010 |
| _____ | ) Hearing Time: 2:30 p.m. |

**ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 APPROVING THE**
**TRANSFER OF REAL PROPERTY TO, AND THE ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES BY, MELANI SCHULTE AND WILLIAM R. SCHULTE**

Upon the application (the "**Motion**") of the above-captioned debtors and debtors in

possession (the "**Debtors**") requesting the entry of an order under 11 U.S.C. §§ 105, 363 and 365

Approving the Transfer of Real Property To, and the Assumption and Assignment of Executory

Contracts and Unexpired Leases by, the Debtors; and upon consideration of the objections filed

- 1 -

by City National Bank (the "**CNB Objection**") and The Bernard Greenblatt Living Trust and/or its assignees (the "**Greenblatt Objection**"); it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates and their creditors and other parties in interest, subject to the limitations set forth herein; and adequate notice having been given of the Motion; and after due deliberation thereon; and the Court's findings of fact and conclusions of law as stated on the record are incorporated within this order as if fully set forth herein; and good and sufficient cause existing to grant the Motion;

 **IT IS HEREBY ORDERED** that the Motion, as stated herein, is **GRANTED**; and it is further

 **ORDERED** that the Debtors are hereby authorized to transfer all the real property listed in Exhibit A, attached hereto and fully incorporated herein by this reference (the "**Real Property**"), to the Debtors, in their own individual names; and it is further

 **ORDERED** that the automatic stay of Section 362 of the Bankruptcy Code shall not apply to the transfers, if any, of the properties subject to the CNB Objection and the Greenblatt Objection, which include 5218 Misty Morning, 1341 Minuet, 1708 Plata Pico, 2228 Warm Walnut, 9425 Valley Hills, 9500 Aspen Glow, 1407 Hometown and 5709 Ridgetree; and it is further

 **ORDERED** that pursuant to sections 105(a), 363(b) and 365 of the Bankruptcy Code, the Debtors are authorized and directed to take all actions necessary to consummate the transfers of the Real Property; and it is further

 **ORDERED** that each and every federal, state and local governmental agency or department be, and hereby is, authorized to accept any and all documents and instruments necessary and appropriate to consummate the transfers contemplated by the Motion; and it is further

 **ORDERED** that the terms and provisions of the Motion, together with the terms and

provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting a claim against or interest in any of the Debtors' estates; and it is further

**ORDERED** that any and all transfers of the Real Property authorized hereby or the recording of any deed or other instrument to realize the transfers contemplated in the Motion shall be free and clear of any and all stamp, real property transfer or similar taxes imposed upon the making or delivery of any instrument of transfer pursuant to Section 1146(c) of the Bankruptcy Code; and it is further

**ORDERED** that the Debtors are hereby authorized to assume all rental agreements and various service agreements related to the Real Property (collectively, the "**Agreements**") and receive any assignment of the same; and it is further

**ORDERED** that the terms of that certain Global Settlement Order, entered by this Court on May 14, 2010, Docket No. 213 (the "**Global Settlement Order**"), regarding the Debtors' real property located at 2704 Sattley Circle, Las Vegas, Nevada 89117 (the "**Sattley Property**") are expressly incorporated herein and the rights of Maxine Llewellyn and Melvin Elizer are expressly preserved therein, including but not limited to, their rights with respect to any transfer of the Sattley Property as provided in Section 5 of the Global Settlement Order; and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall become effective immediately upon its entry; and it is further

/ / /

/ / /

/ / /

/ / /

1   **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters

2   arising from the implementation of this order.

3

4   SUBMITTED BY:

5   **THE SCHWARTZ LAW FIRM, INC.**

6   By: /s/ Samuel A. Schwartz
        Samuel A. Schwartz, Esq.
7       Nevada Bar No. 10985
        The Schwartz Law Firm, Inc.
8       701 E. Bridger Avenue, Suite 120
        Las Vegas, Nevada 89101
9       Attorneys for the Debtors

10

11  Approved/Disapproved:

12  MAXINE LLEWELLYN AND MELVIN ELIZER

13  By: _____
        Ogonna M. Atamoh, Esq.
14      Santoro, Driggs, Walch, Kearney, Holley & Thompson
        400 South Fourth Street, Third Floor
15      Las Vegas, NV 89101
        Attorneys for Maxine Llewellyn and Melvin Elizer
16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**Exhibit A**
**Limited Liability Companies and Real Property Addresses**

| | Limited Liability Company Names | Limited Liability Company Address | | | |
|---|---|---|---|---|---|
| | | Street Address | City | State | Zip Code |
| 1 | 9500 Aspen Glow, LLC | 9500 Aspen Glow Dr. | Las Vegas | NV | 89134 |
| 2 | 2460 Avenida Cortes, LLC | 2460 Avenida Cortes | Henderson | NV | 89074 |
| 3 | 4710 Brently, LLC | 4710 Brently Place | Las Vegas | NV | 89122 |
| 4 | 7873 Bridgefield, LLC | 7873 Bridgefield Lane | Las Vegas | NV | 89147 |
| 5 | 3322 Cheltenham, LLC | 3322 Cheltenham St. | Las Vegas | NV | 89129 |
| 6 | 3383 Cloverdale, LLC | 3383 Cloverdale Ct. | Las Vegas | NV | 89117 |
| 7 | 1624 Desert Canyon, LLC | 1624 Desert Canyon Ct. | Las Vegas | NV | 89128 |
| 8 | 3729 Discovery Creek, LLC | 3729 Discovery Creek Ave. | N Las Vegas | NV | 89031 |
| 9 | 1392 Echo Falls, LLC | 1392 Echo Falls Ave. | Las Vegas | NV | 89183 |
| 10 | 1701 Empire Mine, LLC | 1701 Empire Mine Dr. | Henderson | NV | 89014 |
| 11 | 9020 Feather River, LLC | 9020 Feather River Ct. | Las Vegas | NV | 89117 |
| 12 | 1013 Golden Hawk, LLC | 1013 Golden Hawk Way | Las Vegas | NV | 89108 |
| 13 | Cherish, LLC | 1407 Hometown Ave. | Henderson | NV | 89074 |
| 14 | 4521 West La Madre, LLC | 4521 W La Madre Way | N Las Vegas | NV | 89031 |
| 15 | 8562 Lambert, LLC | 8562 Lambert Dr. | Las Vegas | NV | 89147 |
| 16 | 276 Manzanita Ranch, LLC | 276 Manzanita Ranch Lane | Henderson | NV | 89012 |
| 17 | 2861 Marathon, LLC | 2861 Marathon Dr. | Henderson | NV | 89074 |
| 18 | 1341 Minuet, LLC | 1341 Minuet St. | Henderson | NV | 89052 |
| 19 | 5218 Misty Morning, LLC | 5218 Misty Morning Dr. | Las Vegas | NV | 89118 |
| 20 | 10317 Neopolitan, LLC | 10317 Neopolitan Pl. | Las Vegas | NV | 89144 |
| 21 | 956 Ostrich Fern, LLC | 956 Ostrich Fern Ct. | Las Vegas | NV | 89183 |
| 22 | 8216 Peaceful Canyon, LLC | 8216 Peaceful Canyon Dr. | Las Vegas | NV | 89128 |
| 23 | 1708 Plata Pico, LLC | 1708 Plata Pico Dr. | Las Vegas | NV | 89128 |
| 24 | 6091 Pumpkin Patch, LLC | 6091 Pumpkin Patch Ave. | Las Vegas | NV | 89142 |
| 25 | Cherish, LLC | 5709 Ridgetree Ave. | Las Vegas | NV | 89107 |
| 26 | 5524 Rock Creek, LLC | 5524 Rock Creek Lane | Las Vegas | NV | 89130 |
| 27 | 922 Saddle Horn, LLC | 922 Saddle Horn Dr. | Henderson | NV | 89002 |
| 28 | 5609 San Ardo, LLC | 5609 San Ardo Place | Las Vegas | NV | 89130 |
| 29 | 2704 Sattley, LLC | 2704 Sattley Cr. | Las Vegas | NV | 89117 |
| 30 | 9521 Sierra Summit, LLC | 9521 Sierra Summit Ave. | Las Vegas | NV | 89134 |
| 31 | 1528 Splinter Rock, LLC | 1528 Splinter Rock Way | N Las Vegas | NV | 89031 |
| 32 | 1194 Stormy Valley, LLC | 1194 Stormy Valley Rd. | Las Vegas | NV | 89123 |
| 33 | 2290 Surrey Meadows, LLC | 2290 Surrey Meadows Ave. | Henderson | NV | 89052 |
| 34 | 2614 Sweet Leilani, LLC | 2614 Sweet Leilani Ave. | N Las Vegas | NV | 89031 |
| 35 | 9425 Valley Hills, LLC | 9425 Valley Hills Ave. | Las Vegas | NV | 89134 |
| 36 | 2525 Via Di Autostrada, LLC | 2525 Via Di Autostrada | Henderson | NV | 89074 |
| 37 | 2228 Warm Walnut, LLC | 2228 Warm Walnut Dr. | Las Vegas | NV | 89134 |

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.


APPROVED:          Ogonna Atamoh, Esq., Brian Shapiro, Esq., Shawn Miller, Esq.

DISAPPROVED:

FAILED TO RESPOND:

xxx

# EXHIBIT 3

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

Inst #: 201011010003378
Fees: $14.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #011
11/01/2010 01:01:04 PM
Receipt #: 561231
Requestor:
MELANI SCHULTE
Recorded By: GWC  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
WILLIAM R. SCHULTE and MELANI SCHULTE
7201 W. Lake Mead Blvd., Suite 550
Las Vegas, NV  89128

APN:  138-26-214-039
ADDRESS: 1013 Golden Hawk Way, Las Vegas, NV 89108

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:**  That 1013 Golden Hawk, LLC, a Nevada limited liability company

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT 1157  IN BLOCK Q OF LEWIS HOMES RAINBOW VISTA, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 53 OF PLATS, PAGE 39 AND AS AMENDED BY CERTIFICATE BY AMENDMENT RECORDED 2/24/93 IN BOOK 930224 AS DOCUMENT NO. 00930, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

SUBJECT TO:    1.    Taxes for the fiscal year 2010-2011
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                     now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: October 28, 2010

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on ___10 - 28 -10___
by _Melani Schulte_

Signature _Mary Wood_
                    Notary Public

My Commission Expires: _4 - 24 - 13_

_Melani Schulte_
MELANI SCHULTE, Member

MARY WOOD
NOTARY PUBLIC
STATE OF NEVADA
CLARK COUNTY
APPT. No. 01-67704-1
MY APPT. EXPIRES APRIL 24, 2013

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. 138-26-214-039
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land        b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse       d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg          f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural       h. ☐ Mobile Home
      ☐ Other _____

   **FOR RECORDER'S OPTIONAL USE ONLY**
   Book: _____ Page: _____
   Date of Recording: _____
   Notes:

3. a. Total Value/Sales Price of Property        $ _____
   b. Deed in Lieu of Foreclosure Only (value of property)  ( _____ )
   c. Transfer Tax Value:                        $ _____
   d. Real Property Transfer Tax Due             $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 11
   b. Explain Reason for Exemption: Transfer in accordance with Bankruptcy Order 09-29123-BAM
   _____

5. Partial Interest: Percentage being transferred: 100          %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: _____          Capacity: Grantee _____

Signature: _____          Capacity: _____

**SELLER (GRANTOR) INFORMATION**              **BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**                                **(REQUIRED)**

Print Name: 1013 Golden Hawk, LLC  ⊞          Print Name: William R. & Melani Schulte
Address: 7201 W. Lake Mead Blvd., Suite 550   Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas                               City: Las Vegas
State: NV          Zip: 89128                 State: NV          Zip: 89128

**COMPANY REQUESTING RECORDING**
Print Name: _____             Escrow #: _____
Address: _____
City: _____                   State: _____ Zip: _____

As a public record this form may be recorded/microfilmed

# EXHIBIT 4

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

**Entered on Docket**
**March 08, 2011**

*Bruce A. Markell*

**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-29123-BAM |
| | ) |
| Melani Schulte and William R. Schulte, | ) Chapter 11 |
| | ) |
| | ) Jointly Administered with: |
| 2704 Sattley LLC, | ) |
| Hot Endeavor LLC, | ) 09-27238-BAM |
| Cherish LLC, | ) 09-27909-BAM |
| SABRECO Inc., | ) 09-28513-BAM |
| Keep Safe LLC | ) 09-31584-BAM |
| | ) 09-31585-BAM |
| Debtors. | ) |
| | ) Confirmation Hearing Date: January 31, 2011 |
| | ) Confirmation Hearing Time: 9:30 a.m. |

## ORDER CONFIRMING THE DEBTORS'
## CHAPTER 11 PLAN OF REORGANIZATION

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), having proposed

and filed their Third Amended Chapter 11 Plan of Reorganization (the "**Plan**");[1] and the Court

---

[1]    All capitalized terms used but not defined herein shall have the respective meanings
ascribed to such terms in the Plan.

1

having conducted a hearing on January 31, 2011 (the "**Hearing**") to consider confirmation of the Plan, and the Court having considered (i) the Debtors' Memorandum of Law in Support of Confirmation of their Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Reply to Objection (the "**Memo**"), (ii) the declaration of the Debtors submitted in support of their Plan, (iii) the arguments of counsel presented at the Hearing, (iv) the objection of Chase Home Finance, LLC filed with respect to confirmation of the Plan and the response filed thereto, and (v) the pleadings filed in support of confirmation; and the Court being familiar with the Plan and other relevant factors affecting these Chapter 11 cases pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); and the Court having taken judicial notice of the entire record of the Chapter 11 cases, including, without limitation, all pleadings and papers filed by the Debtors in the Chapter 11 cases, the order (the "**Disclosure Statement Order**") entered by the Court on December 1, 2010 (a) approving the Debtors' Fourth Amended Disclosure Statement with Respect to the Plan (the "**Disclosure Statement**"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to consider confirmation for the Chapter 11 Plan and (f) appointing The Schwartz Law Firm, Inc. ("**SLF**") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND CONCLUDED**,[2] that:

## JURISDICTION AND VENUE

A.    The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

B.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C.    The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

D.    Each of the conditions precedent to the entry of this Order has been satisfied.

## JUDICIAL NOTICE

E.    This Court takes judicial notice of the docket of the Debtors' Chapter 11 cases maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 cases.

### STANDARDS FOR CONFIRMATION UNDER
### SECTION 1129 OF THE BANKRUPTCY CODE

F.    <u>Section 1129(a)(1)</u>.    The Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122, 1123, 1125 and 1126 of the Bankruptcy code.

---

[2]    The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  To the extent any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

G.      **Section 1129(a)(4).**  No payment for services or costs in connection with the Chapter 11 cases or the Plan has been made by the Debtors other than payments that have been authorized by order of the Court.

H.      **Section 1129(a)(7).**  Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the effective date of the Plan (the "**Effective Date**"), that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

I.      **Section 1129(a)(8).**  The Plan has not been accepted by all impaired classes of Claims.  Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting classes of Claims.

J.      **Section 1129(a)(9).**  The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K.      **Section 1129(a)(10).**  The Plan has been accepted by a class of impaired Claims that voted on the Plan, including Classes 2(c), (f), (h), (i), (l), (n), (o), (v), (x), (y), (cc), (ff) and (kk), and Class 5, determined without including any acceptance of the Plan by any insider.

L.      **Section 1129(a)(11).**  Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtors.

M.      **Section 1129(a)(12).**  The Plan provides for the payment of all fees payable under Section 1930, Title 28 of the United States Code by the Debtors on the Effective Date (or as soon as practicable thereafter).  After the Effective Date and until these Chapter 11 cases are closed, converted or dismissed, the Plan provides for the payment by the Disbursement Agent of all such fees as they become due and payable.

4

N.    Section 1129(a)(15).  There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

O.    Section 1129(c).  The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 cases that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P.    Section 1129(d).   No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## EXECUTORY CONTRACTS

Q.    Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is not listed on Exhibit 2 to the Plan as being rejected.  The Debtors' decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtors, are necessary to the implementation of the Plan and are in the best interests of the Debtors, their estate, holders of Claims and other parties in interest in these Chapter 11 cases.

## SETTLEMENTS

R.    Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions and other benefits provided under the Plan,

5

the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

**A.    General**

1.    The Plan, attached hereto as **Exhibit A**, is hereby confirmed and the record of the Hearing is hereby closed.

2.    The Effective Date of the Plan shall occur on the tenth day after the Court signs and enters this Order confirming the Plan (the "**Confirmation Date**").

3.    In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtors and their respective successors and assigns, (ii) the holders of Claims and their respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed or is deemed to have filed a proof of Claim), (iii) any other Person giving, acquiring or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtors and (v) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians, if any.

**B.    Treatment of Secured Claims**

4.    The secured portions of the claims of the Debtors' lenders (the "**Lenders**") are reduced to either the appraised value of the underlying properties (the "**Properties**"), pursuant to 11 U.S.C. § 506(a) or as agreed upon between the parties, as set forth in this Order and the Plan.

5.    That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a).

6

6.    That the secured and unsecured claims against the property located at 509 Canyon Greens Drive, Las Vegas, Nevada, are bifurcated in accordance in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 509 Canyon Greens Drive, Las Vegas, Nevada are:

a.  First Lien – America's Servicing Company – Loan Number: 1205043971

    i.    Secured Claim -    $807,141.58

    ii.    Unsecured Claim -    $0.00

b.  Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number: 110655785

    i.    Secured Claim -    $0.00

    ii.    Unsecured Claim -    $839,500.00

c.  Third Lien - Deborah Drake

    i.    Secured Claim -    $0.00

    ii.    Unsecured Claim -    $155,000.00

d.  Fourth Lien – Z'REA LP

    i.    Secured Claim -    $0.00

    ii.    Unsecured Claim -    $2,000,000.00

e.  Fifth Lien – Jeffrey Sylvester

    i.    Secured Claim -    $0.00

    ii.    Unsecured Claim -    $72,000.00

7.    That the secured and unsecured claims against the property located at 9500 Aspen Glow Drive, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

7

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9500 Aspen Glow Drive, Las Vegas, Nevada, are:

    a.  First Lien – CitiMortgage - Loan Number – 0577014851-7

        i.     Secured Claim -    $94,646.23

        ii.    Unsecured Claim -    $0.00

    b.  Second Lien – City National Bank - Loan Number – 1824409

        i.     Secured Claim -    $25,777.44

        ii.    Unsecured Claim -    $974,222.56

8.     That the secured and unsecured claims against the property located at 2460 Avenida Cortes, Henderson, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2460 Avenida Cortes, Henderson, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank - Loan Number – 8483094531

        i.     Secured Claim -    $69,436.96

        ii.    Unsecured Claim -    $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP - Loan Number – 156496481

        i.     Secured Claim -    $39,883.68

        ii.    Unsecured Claim -    $125,427.32

9.     That the secured and unsecured claims against the property located at 4710 Brently Place, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4710 Brently Place, Las Vegas, Nevada, are:

a. First Lien – BAC Home Loans Servicing  - Loan Number – 86314260

     i.      Secured Claim -     $109,105.70

     ii.     Unsecured Claim -    $0.00

b. Second Lien – Bank of America - Loan Number – 68189001596799

     i.      Unsecured Claim -    $100,000.00

c. Third Lien – Deborah Drake

     i.      Unsecured Claim -    $155,000.00

10.    That the secured and unsecured claims against the property located at 7873 Bridgefield Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 7873 Bridgefield Lane, Las Vegas, Nevada, are:

a. First Lien – JP Morgan Chase Bank  - Loan Number – 8483094549

     i.      Secured Claim -     $73,213.85

     ii.     Unsecured Claim -    $0.00

b. Second Lien – Bank of Nevada – Loan Number – 910016328

     i.      Secured Claim  -    $37,309.74

     ii.     Unsecured Claim -    $472,690.26

11.    That the secured and unsecured claims against the property located at 3322 Cheltenham Street, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3322 Cheltenham Street, Las Vegas, Nevada, are:

a. First Lien – BAC Home Loans Servicing LP  - Loan Number – 84536650

    i.  Secured Claim -  $99,806.60

    ii.  Unsecured Claim -  $119,936.54

  12.  That the secured and unsecured claims against the property located at 3383 Cloverdale Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3383 Cloverdale Court, Las Vegas, Nevada, are:

  a. First Lien – BAC Home Loans Servicing, LP  - Loan Number – 85885825

    i.  Secured Claim -  $168,856.34

    ii.  Unsecured Claim -  $20,438.13

  b. Second Lien – Bank of America – Loan Number – 68189001211199

    i.  Secured Claim  -  $0.00

    ii.  Unsecured Claim -  $100,000.00

  13.  That the secured and unsecured claims against the property located at 1624 Desert Canyon Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1624 Desert Canyon Court, Las Vegas, Nevada, are:

  a. First Lien – CitiMortgage  - Loan Number – 0011954829-5

    i.  Secured Claim -  $90,568.03

    ii.  Unsecured Claim -  $0.00

  b. Second Lien – Bank of Nevada – Loan Number – 910016328

    i.  Secured Claim  -  $49,244.61

    ii.  Unsecured Claim -  $460,755.39

14.     That the secured and unsecured claims against the property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3729 Discovery Creek Avenue, North Las Vegas, Nevada are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 101427028

        i.      Secured Claim -    $125,446.93

        ii.     Unsecured Claim -    $128,092.53

15.     That the secured and unsecured claims against the property located at 1392 Echo Falls Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1392 Echo Falls Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732478

        i.      Secured Claim -    $132,000.00

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001596999

        i.      Secured Claim -    $0.00

        ii.     Unsecured Claim -    $100,000.00

16.     That the secured and unsecured claims against the property located at 1701 Empire Mine Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1701 Empire Mine Drive, Henderson, Nevada, are:

a. First Lien – BAC Home Loans Servicing, LP  - Loan Number – 85885841

    i.      Secured Claim -     $80,000.00

    ii.     Unsecured Claim -   $99,633.34

17.    That the secured and unsecured claims against the property located at 9020 Feather River Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9020 Feather River Court, Las Vegas, Nevada, are:

a. First Lien – JP Morgan Chase Bank  - Loan Number – 8483094523

    i.      Secured Claim -     $73,692.98

    ii.     Unsecured Claim -   $0.00

b. Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number – 156496465

    i.      Secured Claim -     $44,941.33

    ii.     Unsecured Claim -   $153,468.46

18.    That the secured and unsecured claims against the property located at 1013 Golden Hawk Way, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1013 Golden Hawk Way, Las Vegas, Nevada, are:

a. First Lien – CitiMortgage  - Loan Number – 0616443148-5

    i.      Secured Claim -     $64,854.69

    ii.     Unsecured Claim -   $0.00

b. Second Lien – BAC Home Loans Servicing, LP – Loan Number – 156496457

12

Transferred to Green Tree Servicing – Loan Number: 89741392

    i.        Secured Claim  -     $0.00

    ii.       Unsecured Claim -   $167,756.00

19.     That the secured and unsecured claims against the property located at 4521 W. La Madre Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4521 W. La Madre Way, North Las Vegas, Nevada, are:

   a.  First Lien – CitiMortgage  - Loan Number – 0011951495-8

       i.        Secured Claim -     $74,304.10

       ii.       Unsecured Claim -   $0.00

   b.  Second Lien – Wells Fargo – Loan Number – 65065048763141998

       i.        Secured Claim  -    $0.00

       ii.       Unsecured Claim -   $149,951.83

20.     That the secured and unsecured claims against the property located at 8562 Lambert Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8562 Lambert Drive, Las Vegas, Nevada, are:

   a.  First Lien – CitiMortgage  - Loan Number – 0002525827-8

       i.        Secured Claim -     $138,423.56

       ii.       Unsecured Claim -   $0.00

   b.  Second Lien – BAC Home Loans Servicing – Loan Number – 156496473

       i.        Secured Claim  -    $0.00

   ii.      Unsecured Claim -   $146,269.17

21.    That the secured and unsecured claims against the property located at 276 Manzanita Ranch Lane, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 276 Manzanita Ranch Lane, Henderson, Nevada, are:

   a.  First Lien – CitiMortgage  - Loan Number – 0002525553-0

      i.      Secured Claim -     $126,038.87

      ii.     Unsecured Claim -   $0.00

   b.  Second Lien – Wells Fargo – Loan Number – 65065047357831998

      i.      Secured Claim -     $9,172.80

      ii.     Unsecured Claim -   $134,827.20

22.    That the secured and unsecured claims against the property located at 2861 Marathon Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2861 Marathon Drive, Henderson, Nevada, are:

   a.  First Lien – CitiMortgage  - Loan Number – 0702460064-0

      i.      Secured Claim -     $101,274.22

      ii.     Unsecured Claim -   $0.00

   b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705549

      i.      Secured Claim -     $0.00

      ii.     Unsecured Claim -   $114,363.00

14

23.    That the secured and unsecured claims against the property located at 5218 Misty Morning Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5218 Misty Morning Drive, Las Vegas, Nevada, are:

    a.   First Lien – Fifth Third Bank  - Loan Number – 201746682

        i.     Secured Claim -        $141,640.60

        ii.    Unsecured Claim -     $27,573.99

    b.   Second Lien – City National Bank – Loan Number – 1824409

        i.     Secured Claim  -        $0.00

        ii.    Unsecured Claim -     $1,000,000.00

24.    That the secured and unsecured claims against the property located at 10317 Neopolitan Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 10317 Neopolitan Place, Las Vegas, Nevada, are:

    a.   First Lien – BAC Home Loans Servicing, LP  - Loan Number – 74761662

        i.     Secured Claim -        $122,425.03

        ii.    Unsecured Claim -     $0.00

    b.   Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705533

        i.     Secured Claim  -        $0.00

        ii.    Unsecured Claim -     $117,081.00

25.    That the secured and unsecured claims against the property located at 956 Ostrich Fern Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and

15

the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 956 Ostrich Fern Court, Las Vegas,

Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732460

        i.      Secured Claim -    $152,440.29

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001609399

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -    $102,022.20

    26.     That the secured and unsecured claims against the property located at 8216 Peaceful

Canyon Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and

the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 8216 Peaceful Canyon Drive, Las

Vegas, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank  - Loan Number – 5942618181

        i.      Secured Claim -    $86,994.02

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705557

        i.      Secured Claim  -    $39,302.59

        ii.     Unsecured Claim -    $114,127.41

    27.     That the secured and unsecured claims against the property located at 6091

Pumpkin Patch Avenue, Las Vegas, Nevada, are bifurcated in accordance with that certain

stipulation between the parties and filed with this court on March 3, 2011 (Docket No. 907); and

the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

16

11 U.S.C. § 506(a), and the total amounts of the claims against 6091 Pumpkin Patch Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Chase Home Finance, LLC  - Loan Number – 1251107609

        i.      Secured Claim -     $108,307.50

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Wells Fargo – Loan Number – 65065046945011998

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $154,555.66

28.     That the secured and unsecured claims against the property located at 5709 Ridgetree Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5709 Ridgetree Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 943813

        i.      Secured Claim -     $57,963.85

        ii.     Unsecured Claim -   $17,235.43

    b.  Second Lien – Deborah Drake

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $155,000.00

29.     That the secured and unsecured claims against the property located at 5524 Rock Creek Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5524 Rock Creek Lane, Las Vegas, Nevada, are:

a. First Lien – Fidelity Bank  - Loan Number – 99010769

    i.      Secured Claim -    $83,380.18

    ii.     Unsecured Claim -    $0.00

b. Second Lien – Wells Fargo – Loan Number - 65065047320381998

    i.      Secured Claim  -    $0.00

    ii.     Unsecured Claim -    $145,000.00

30.    That the secured and unsecured claims against the property located at 922 Saddle Horn Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 922 Saddle Horn Drive, Henderson, Nevada, are:

a. First Lien – CitiMortgage  - Loan Number – 0002415316-5

    i.      Secured Claim -    $96,734.23

    ii.     Unsecured Claim -    $0.00

b. Second Lien – Bank of America – Loan Number - 68189001224599

    i.      Secured Claim  -    $0.00

    ii.     Unsecured Claim -    $100,000.00

31.    That the secured and unsecured claims against the property located at 5609 San Ardo Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5609 San Ardo Place, Las Vegas, Nevada, are:

a. First Lien – CitiMortgage  - Loan Number – 00001535955-7

    i.      Secured Claim -    $100,573.39

      ii.      Unsecured Claim -    $0.00

b.  Second Lien – U.S. Bank – Loan Number: 007-0176-529-098

      i.       Secured Claim  -    $0.00

      ii.      Unsecured Claim -    $48,600.00

c.  Third Lien – Deborah Drake

      i.       Secured Claim -    $0.00

      ii.      Unsecured Claim -    $155,000.00

32.     That the secured and unsecured claims against the property located at 2704 Sattley Circle, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2704 Sattley Circle, Las Vegas, Nevada, are:

a.  First Lien – Maxine Llewellyn and Mel Elizer

      i.       Secured Claim -    $210,000.00

      ii.      Unsecured Claim -    $0.00

b.  Second Lien – Wells Fargo – Loan Number - 83082507423330001

      i.       Secured Claim  -    $0.00

      ii.      Unsecured Claim -    $31,531.11

c.  Third Lien – Bank of Nevada – Loan Number – 910016328

      i.       Secured Claim -    $0.00

      ii.      Unsecured Claim -    $510,000.00

33.     That the secured and unsecured claims against the property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9521 Sierra Summit Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number - 5266345

        i.      Secured Claim -    $103,824.33

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705541

        Transferred to Green Tree Servicing – Loan Number: 89720808

        i.      Secured Claim -    $0.00

        ii.     Unsecured Claim -   $151,713.00

34.     That the secured and unsecured claims against the property located at 1528 Splinter Rock Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1528 Splinter Rock Way, North Las Vegas, Nevada, are:

    a.  First Lien – Wells Fargo – Loan Number - 3464851

        i.      Secured Claim -    $105,942.62

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Bank of Nevada – Loan Number - 910016328

        i.      Secured Claim -    $0.00

        ii.     Unsecured Claim -   $510,000.00

35.     That the secured and unsecured claims against the property located at 1194 Stormy Valley Road, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 1194 Stormy Valley Road, Las Vegas, Nevada, are:

    a.  First Lien – CitiMortgage– Loan Number – 0002411561-0

        i.      Secured Claim -    $107,161.54

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – Wells Fargo – Loan Number - 83765049832011998

        i.      Secured Claim -    $0.00

        ii.     Unsecured Claim -    $130,000.00

36. That the secured and unsecured claims against the property located at 2290 Surrey Meadows Avenue, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2290 Surrey Meadows Avenue, Henderson, Nevada, are:

    a.  First Lien – CitiMortgage– Loan Number – 0002488054-4

        i.      Secured Claim -    $160,723.30

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705565

        Transferred to Green Tree Servicing – Loan Number: 89741262

        i.      Secured Claim -    $0.00

        ii.     Unsecured Claim -    $168,075.00

37. That the secured and unsecured claims against the property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number – 100242287

        i.       Secured Claim -    $130,720.99

        ii.      Unsecured Claim -   $48,298.87

    b.  Second Lien – Jeff Sylvester

        i.       Secured Claim -    $0.00

        ii.      Unsecured Claim -   $72,000.00

38.    That the secured and unsecured claims against the property located at 2525 Via Di Autostrada, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2525 Via Di Autostrada, Henderson, Nevada, are:

    a.  First Lien – CitiMortgage – Loan Number – 002519792-2

        i.       Secured Claim -    $85,280.12

        ii.      Unsecured Claim -   $0.00

    b.  Second Lien – Homecomings Financial – Loan Number – 9125505

       Transferred to GMAC Mortgage – Loan Number: 7392714689

       Transferred to Specialized Loan Servicing – Loan Number: 1004257193

        i.       Secured Claim -    $0.00

        ii.      Unsecured Claim -   $141,800.00

39.    That the unsecured portions of the Lenders' claims be reclassified as general unsecured claims with other general unsecured creditors through the Debtors' Plan.

40.     That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, provided, however, all remaining terms of the mortgages and notes related to the Properties, except as expressly modified herein or in the Plan, shall remain the same.

**C.     Plan Implementation.**

41.     The Debtors are authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments or documents necessary to implement the Plan.  All such actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtors.

42.     Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

**D.     Plan Distributions.**

43.     There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

44.     In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date (or, if such date is not a Business Day, by the next Business Day thereafter).  Any Person or entity that fails to file such an application or request on or before such date shall be forever barred from asserting such

23

Administrative Claim against the Debtors or their property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.  Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 cases may be included in such professional's final applications as set forth herein and in the Plan.  Objections, if any, to fee Claims shall be filed and served not later than fourteen (14) business days prior to the date set by the Court for the hearing to consider such requests.

**E.      Executory Contracts and Leases.**

45.      As of the Confirmation Date, all executory contracts and unexpired leases of the Debtors shall be assumed or rejected, as set forth in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code.

46.      Upon the Confirmation Date of the Plan, the Debtors shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties.  In the event the Plan otherwise is not consummated, the Debtors may modify or amend (including, without limitation, making additions and/or deletions) all rights of the Debtors to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

**F.      Taxes and Transfers.**

47.      The transfer of any asset under the Plan or this Order has been duly authorized, and when issued, as provided in the Plan, will be validly issued, fully paid and nonassessable.

48.      Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing statements, deeds of trust, mortgages or other documents and take any and all actions as they deem

appropriate, in their respective discretion, to confirm the perfection of such security interests and liens.

49.     Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and all appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

50.     All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable non-bankruptcy law.  This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

## G.     Miscellaneous.

51.     From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction over all matters arising out of these Chapter 11 cases pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth *in extenso*.

52.     Except as otherwise provided in the Plan and this Order, notice of all subsequent pleadings in these Chapter 11 cases shall be limited to counsel for the Debtors, the United States Trustee and any party known to be directly affected by the relief sought.

53.     Notwithstanding anything in the Plan or this Order to the contrary, the amount of any priority tax Claim for U.S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation

of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if the Chapter 11 cases had not been commenced; and (b) not be discharged, impaired or adversely affected by the Plan.  In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

54.     Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

55.     All entities holding Claims against the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

56.     In accordance with section 1142 of the Bankruptcy Code, the Debtors and any other entity designated pursuant to the Plan, are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

57.     Any document related to the Plan that refers to a plan of reorganization of the Debtors, other than the Plan confirmed by this Order, shall be, and it hereby is, deemed to be

modified such that the reference to a plan of reorganization of the Debtors in such document shall mean the Plan confirmed by this Order, as appropriate.

58.     In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument or document). In the event of any inconsistency between the Plan or any agreement, instrument or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

59.     The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

60.     This Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

61.     If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

62.     The Plan shall be substantially consummated on the Confirmation Date because the transactions described in the Plan shall have occurred or shall have been provided for.

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

28

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

___X___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order or failed to respond, as indicated below [list each party and whether the party has approved, disapproved or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:            Michael Chen, Esq.; Brittany Wood, Esq.; Ace Van Patten, Esq.

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

# # #

29

# EXHIBIT A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 09-29123-BAM |
| | ) | Chapter 11 |
| Melani Schulte and William R. Schulte, | ) | |
| | ) | Jointly Administered with: |
| | ) | |
| 2704 Sattley LLC, | ) | 09-27238-BAM |
| Hot Endeavor LLC, | ) | 09-27909-BAM |
| Cherish LLC, | ) | 09-28513-BAM |
| SABRECO Inc., | ) | 09-31584-BAM |
| Keep Safe LLC | ) | 09-31585-BAM |
| | ) | |
| Debtors. | ) | Confirmation Hearing Date: January 31, 2011 |
| | ) | Confirmation Hearing Time: 9:30 a.m. |
| | ) | |

## THIRD AMENDED JOINT PLAN OF REORGANIZATION OF
## MELANI SCHULTE AND WILLIAM R. SCHULTE

### ARTICLE I - SUMMARY

This Third Amended Joint Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") proposes to pay creditors of the above-captioned debtors and debtors-in-possession (the "**Debtors**") from the reorganization of their residential property and secured debt.

This Plan provides for 2 classes of secured claims and 3 classes of unsecured claims. Unsecured creditors holding allowed claims may receive distributions, if objections to the Plan are lodged under Section 1129(a)(15) of the Bankruptcy Code, which the Debtors have valued at approximately 4% of each creditor's allowed claim. If no objections are lodged, the Debtors may elect to make zero distributions to general unsecured creditors. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Fourth Amended Joint Disclosure Statement (the "**Disclosure Statement**") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtors. All Claims against the Debtors are placed in classes (each a "**Class**") as designated by Classes 1 through 5. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtors have not classified Administrative Claims and Priority Tax Claims.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**THE DEBTORS INTEND TO SEEK SUBSTANTIVE CONSOLIDATION IN CONNECTION WITH THE PAYMENT OF THE GENERAL UNSECURED CLAIMS AGAINST THEIR ESTATES THROUGH THE PLAN. IF SUCH SUBSTANTIVE CONSOLIDATION IS AUTHORIZED AND ORDERED BY THE COURT, CERTAIN ALLOWED CLAIMS OF THE DEBTORS OR THEIR ESTATES SHALL BE SATISFIED FROM THE COMBINED CASH AND OTHER PROPERTY OF THE DEBTORS AND THEIR COMBINED ESTATES. ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

**Classification of Claims**

2.01    Class 1(a) – Secured Claim of America's Servicing Company

(a)    *Classification*: Class 1(a) consists of the Secured Claim of America's Servicing Company against the Debtors' property located at 509 Canyon Greens, Las Vegas, Nevada 89144, which is secured by a lien against the Debtors' residential property, loan number 1205043971.

(b)    *Treatment*: The holder of the allowed Class 1(a) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c) *Voting*: Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

2.02    Class 2(a) –Secured Claim of CitiMortgage

(a) *Classification*: Class 2(a) consists of the Secured Claim of CitiMortgage against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134 which is secured by a lien against the Debtors' residential property, loan number 0577014851-7.

(b) *Treatment*: The holder of the allowed Class 2(a) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(a) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(a) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(a) is an impaired class, and the holder of the Class 2(a) claim is entitled to vote to accept or reject the Plan.

Class 2(b) –Secured Claim of City National Bank

(a) *Classification*: Class 2(b) consists of the Secured Claim of City National Bank against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 1824409.

(b) *Treatment*: The holder of the allowed Class 2(b) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(b) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving

the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(b) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(b) is an impaired class, and the holder of the Class 2(b) claim is entitled to vote to accept or reject the Plan.

Class 2(c) –Secured Claim of Chase Home Finance

(a)     *Classification*: Class 2(c) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 8483094531.

(b)     *Treatment*: The holder of the allowed Class 2(c) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(c) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(c) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(c) is an impaired class, and the holder of the Class 2(c) claim is entitled to vote to accept or reject the Plan.

Class 2(d) –Secured Claim of Countywide Home Loans

(a)     *Classification*: Class 2(d) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 156496481.

(b)     *Treatment*: The holder of the allowed Class 2(d) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(d) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(d) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(d) is an impaired class, and the holder of the Class 2(d) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(e) –Secured Claim of Countrywide Home Loans</u>

(a) *Classification*: Class 2(e) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 4710 Brently Place, Las Vegas, Nevada 89122, which is secured by a lien against the Debtors' residential property, loan number 86314260.

(b) *Treatment*: The holder of the allowed Class 2(e) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(e) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(e) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(e) is an impaired class, and the holder of the Class 2(e) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(f) –Secured Claim of Chase Home Finance</u>

(a) *Classification*: Class 2(f) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 8483094549.

(b)    *Treatment*: The holder of the allowed Class 2(f) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(f) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(f) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(f) is an impaired class, and the holder of the Class 2(f) claim is entitled to vote to accept or reject the Plan.

Class 2(g) –Secured Claim of Bank of Nevada

(a)    *Classification*: Class 2(g) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)    *Treatment*: The holder of the allowed Class 2(g) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(g) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(g) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(g) is an impaired class, and the holder of the Class 2(g) claim is entitled to vote to accept or reject the Plan.

Class 2(h) –Secured Claim of Countrywide Home Loans

(a)    *Classification*: Class 2(h) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3322 Cheltenham Street, Las Vegas, Nevada 89129, which is secured by a lien against the Debtors' residential property, loan number 84536650.

(b)    *Treatment*: The holder of the allowed Class 2(h) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(h) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(h) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(h) is an impaired class, and the holder of the Class 2(h) claim is entitled to vote to accept or reject the Plan.

Class 2(i) –Secured Claim of Countrywide Home Loans

(a)    *Classification*: Class 2(i) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3383 Cloverdale Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 85885825.

(b)    *Treatment*: The holder of the allowed Class 2(i) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(i) is an impaired class, and the holder of the Class 2(i) claim is entitled to vote to accept or reject the Plan.

Class 2(j) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(j) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 0011954829-5.

(b)     *Treatment*: The holder of the allowed Class 2(j) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(j) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(j) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(j) is an impaired class, and the holder of the Class 2(j) claim is entitled to vote to accept or reject the Plan.

Class 2(k) –Secured Claim of Bank of Nevada

(a)     *Classification*: Class 2(k) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)     *Treatment*: The holder of the allowed Class 2(k) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(k) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(k) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(k) is an impaired class, and the holder of the Class 2(k) claim is entitled to vote to accept or reject the Plan.

Class 2(l) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(l) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 101427028.

(b)     *Treatment*: The holder of the allowed Class 2(l) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(l) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(l) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(l) is an impaired class, and the holder of the Class 2(l) claim is entitled to vote to accept or reject the Plan.

Class 2(m) –Secured Claim of Litton Loan Servicing

(a)     *Classification*: Class 2(m) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 1392 Echo Falls Avenue, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732478.

(b)     *Treatment*: The holder of the allowed Class 2(m) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(m) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(m) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(m) is an impaired class, and the holder of the Class 2(m) claim is entitled to vote to accept or reject the Plan.

Class 2(n) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(n) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 1701 Empire Mine Drive, Henderson, Nevada 89014, which is secured by a lien against the Debtors' residential property, loan number 85885841.

(b)     *Treatment*: The holder of the allowed Class 2(n) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(n) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(n) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(n) is an impaired class, and the holder of the Class 2(n) claim is entitled to vote to accept or reject the Plan.

Class 2(o) –Secured Claim of Chase Home Finance

(a)     *Classification*: Class 2(o) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 8483094523.

(b)     *Treatment*: The holder of the allowed Class 2(o) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(o) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth in **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(o) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(o) is an impaired class, and the holder of the Class 2(o) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(p) –Secured Claim of Countrywide Home Loans</u>

(a)     *Classification*: Class 2(p) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 156496465.

(b)     *Treatment*: The holder of the allowed Class 2(p) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(p) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(p) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(p) is an impaired class, and the holder of the Class 2(p) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(q) –Secured Claim of CitiMortgage, Inc.</u>

(a)     *Classification*: Class 2(q) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1013 Golden Hawk Way, Las Vegas, Nevada 89108, which is secured by a lien against the Debtors' residential property, loan number 0616443148-5.

(b) *Treatment*: The holder of the allowed Class 2(q) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(q) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(q) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(q) is an impaired class, and the holder of the Class 2(q) claim is entitled to vote to accept or reject the Plan.

Class 2(r) –Secured Claim of CitiMortgage, Inc.

(a) *Classification*: Class 2(r) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 4521 W. La Madre Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 0011951495-8.

(b) *Treatment*: The holder of the allowed Class 2(r) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(r) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(r) is an impaired class, and the holder of the Class 2(r) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(s) –Secured Claim of CitiMortgage, Inc.</u>

(a)   *Classification*: Class 2(s) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 8562 Lambert Drive, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 0002525827-8.

(b)   *Treatment*: The holder of the allowed Class 2(s) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(s) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(s) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(s) is an impaired class, and the holder of the Class 2(s) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(t) –Secured Claim of CitiMortgage, Inc.</u>

(a)   *Classification*: Class 2(t) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89052 which is secured by a lien against the Debtors' residential property, loan number 0002525553-0.

(b)   *Treatment*: The holder of the allowed Class 2(t) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(t) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(t) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(t) is an impaired class, and the holder of the Class 2(t) claim is entitled to vote to accept or reject the Plan.

Class 2(u) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(u) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2861 Marathon Drive, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0702460064-0.

(b)     *Treatment*: The holder of the allowed Class 2(u) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(u) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(u) is an impaired class, and the holder of the Class 2(u) claim is entitled to vote to accept or reject the Plan.

Class 2(v) –Secured Claim of Fifth Third Bank

(a)     *Classification*: Class 2(v) consists of the Secured Claim of Fifth Third Bank against the Debtors' property located at 5218 Misty Morning Drive, Las Vegas, Nevada 89118, which is secured by a lien against the Debtors' residential property, loan number 0201746682.

(b)     *Treatment*: The holder of the allowed Class 2(v) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(v) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(v) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(v) is an impaired class, and the holder of the Class 2(v) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(w) –Secured Claim of Countrywide Home Loans</u>

(a)    *Classification*: Class 2(w) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 10317 Neopolitan Place, Las Vegas, Nevada 89144 which is secured by a lien against the Debtors' residential property, loan number 74761662.

(b)    *Treatment*: The holder of the allowed Class 2(w) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(w) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(w) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(w) is an impaired class, and the holder of the Class 2(w) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(x) –Secured Claim of Litton Loan Servicing</u>

(a)    *Classification*: Class 2(x) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 956 Ostrich Fern Court, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732460.

(b)    *Treatment*: The holder of the allowed Class 2(x) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(x) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(x) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(x) is an impaired class, and the holder of the Class 2(x) claim is entitled to vote to accept or reject the Plan.

Class 2(y) –Secured Claim of Chase Home Finance

(a)    *Classification*: Class 2(y) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 5942618181.

(b)    *Treatment*: The holder of the allowed Class 2(y) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(y) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(y) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(y) is an impaired class, and the holder of the Class 2(y) claim is entitled to vote to accept or reject the Plan.

Class 2(z) –Secured Claim of Countrywide Home Loans

(a)    *Classification*: Class 2(z) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 154705557.

(b)    *Treatment*: The holder of the allowed Class 2(z) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(z) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(z) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(z) is an impaired class, and the holder of the Class 2(z) claim is entitled to vote to accept or reject the Plan.

Class 2(aa) –Secured Claim of Chase Manhattan Mortgage

(a)     *Classification*: Class 2(aa) consists of the Secured Claim of Chase Manhattan Mortgage against the Debtors' property located at 6091 Pumpkin Patch Avenue, Las Vegas, Nevada 89142, which is secured by a lien against the Debtors' residential property, loan number 001251107609.

(b)     *Treatment*: The holder of the allowed Class 2(aa) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over the remaining loan term, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(aa) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(aa) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(aa) is an impaired class, and the holder of the Class 2(aa) claim is entitled to vote to accept or reject the Plan.

Class 2(bb) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(bb) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 5709 Ridgetree Avenue, Las Vegas, Nevada 89107, which is secured by a lien against the Debtors' residential property, loan number 943813.

(b) *Treatment*: The holder of the allowed Class 2(bb) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(bb) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(bb) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(bb) is an impaired class, and the holder of the Class 2(bb) claim is entitled to vote to accept or reject the Plan.

Class 2(cc) –Secured Claim of Fidelity Bank

(a) *Classification*: Class 2(cc) consists of the Secured Claim of Fidelity Bank against the Debtors' property located at 5524 Rock Creek Lane, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 0099010769.

(b) *Treatment*: The holder of the allowed Class 2(cc) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(cc) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(cc) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(cc) is an impaired class, and the holder of the Class 2(cc) claim is entitled to vote to accept or reject the Plan.

Class 2(dd) –Secured Claim of CitiMortgage, Inc.

(a)   *Classification*: Class 2(dd) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 922 Saddle Horn Drive, Henderson, Nevada 89002, which is secured by a lien against the Debtors' residential property, loan number 0002415316-5.

(b)   *Treatment*: The holder of the allowed Class 2(dd) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(dd) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(dd) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(dd) is an impaired class, and the holder of the Class 2(dd) claim is entitled to vote to accept or reject the Plan.

Class 2(ee) –Secured Claim of CitiMortgage, Inc.

(a)   *Classification*: Class 2(ee) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 5609 San Ardo Place, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 00001535955-7.

(b)   *Treatment*: The holder of the allowed Class 2(ee) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(ee) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(ee) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ee) is an impaired class, and the holder of the Class 2(ee) claim is entitled to vote to accept or reject the Plan.

Class 2(ff) –Secured Claim of Maxine Llewellyn and Mel Elizer

(a)     *Classification*: Class 2(ff) consists of the Secured Claim of Maxine Llewellyn and Mel Elizer against the Debtors' property located at 2704 Sattley Circle, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property.

(b)     *Treatment*: The holder of the allowed Class 2(ff) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, payable in monthly installments of $700.00, over a period of 5 years, with a balloon payment of the amount of its claim after the five-year period.

(c)     *Valuation*: The Class 2(ff) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ff) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ff) is an impaired class, and the holder of the Class 2(ff) claim is entitled to vote to accept or reject the Plan.

Class 2(gg) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(gg) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 005266345.

(b)     *Treatment*: The holder of the allowed Class 2(gg) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(gg) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(gg) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(gg) is an impaired class, and the holder of the Class 2(gg) claim is entitled to vote to accept or reject the Plan.

Class 2(hh) –Secured Claim of Wells Fargo Home Mortgage

(a) *Classification*: Class 2(hh) consists of the Secured Claim of Wells Fargo Home Mortgage against the Debtors' property located at 1528 Splinter Rock Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 3464851.

(b) *Treatment*: The holder of the allowed Class 2(hh) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(hh) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 2(hh) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e) *Voting*: Class 2(hh) is an impaired class, and the holder of the Class 2(hh) claim is entitled to vote to accept or reject the Plan.

Class 2(ii) –Secured Claim of CitiMortgage, Inc.

(a) *Classification*: Class 2(ii) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1194 Stormy Valley Road, Las Vegas, Nevada 89123, which is secured by a lien against the Debtors' residential property, loan number 0002411561-0.

(b) *Treatment*: The holder of the allowed Class 2(ii) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c) *Valuation*: The Class 2(ii) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ii) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ii) is an impaired class, and the holder of the Class 2(ii) claim is entitled to vote to accept or reject the Plan.

Class 2(jj) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(jj) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2290 Surrey Meadows Avenue, Henderson, Nevada 89052, which is secured by a lien against the Debtors' residential property, loan number 0002488054-4.

(b)     *Treatment*: The holder of the allowed Class 2(jj) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(jj) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(jj) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(jj) is an impaired class, and the holder of the Class 2(jj) claim is entitled to vote to accept or reject the Plan.

Class 2(kk) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(kk) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 100242287.

(b)     *Treatment*: The holder of the allowed Class 2(kk) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(kk) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(kk) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(kk) is an impaired class, and the holder of the Class 2(kk) claim is entitled to vote to accept or reject the Plan.

Class 2(ll) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(ll) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2525 Via Di Autostrada, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0002519792-2.

(b)    *Treatment*: The holder of the allowed Class 2(ll) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(ll) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(ll) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(ll) is an impaired class, and the holder of the Class 2(ll) claim is entitled to vote to accept or reject the Plan.

Class 2(mm) –Secured Claim of Wells Fargo Bank, N.A.

(a)    *Classification*: Class 2(mm) consists of the Secured Claim of Wells Fargo Bank, N.A. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89012, which is secured by a lien against the Debtors' residential property, loan number 65065047357831998.

(b)   *Treatment*: The holder of the allowed Class 2(mm) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(mm) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(mm) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(mm) is an impaired class, and the holder of the Class 2(mm) claim is entitled to vote to accept or reject the Plan.

2.03   Class 3 – Priority Claims

(a)   *Classification*: Class 3 consists of the Priority Claims against the Debtors.

(b)   *Treatment*:  The legal, equitable and contractual rights of the holders of allowed Class 3 Claims are unaltered.  Except to the extent that a holder of an allowed Class 3 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 3 Claim shall receive, in full and final satisfaction of such allowed Class 3 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 3 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c)   *Voting*: Class 3 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

2.04   Class 4 – Convenience Claims

(a)   *Classification:* Class 4 consists of Convenience Claims in an amount under $1,000.00 each against the Debtors in accordance with section 1122(b) of the Bankruptcy Code.

(b)   *Treatment:*  The legal, equitable and contractual rights of the holders of allowed Class 4 claims are unaltered.  Except to the extent that a holder of an allowed Class 4 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each

holder of an allowed Class 4 claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c)     *Voting:* Class 4 is an unimpaired class, and the holders of Class 4 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

2.05     Class 5 - General Unsecured Claims

(a)     *Classification:* Class 5 consists of General Unsecured Claims against the Debtors, which includes the unsecured portion of the Debtors' first and second lien holders' claims.

(b)     *Treatment:*  Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 5 claims, their pro rata share of the Debtors' monthly plan payments, which the Debtors estimate to be 4% of such creditor's claim.

(c)     *Voting:* Class 5 is an impaired Class, and holders of Class 5 claims are entitled to vote to accept or reject the Plan.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
### U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01     Unclassified Claims. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02     Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03     Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04     United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
## PROVISIONS FOR EXECUTORY CONTRACTS, UNEXPIRED LEASES AND DISPOSITION OF VACANT LAND

4.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtors shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto.  Listed on **Exhibit 2** is also the Debtors' estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan.  The Debtors reserve the right to amend **Exhibit 2** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtors' proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtors at least seven (7) days prior to the confirmation hearing of this Plan.  Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease.  The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption.  If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtors at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

## ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01    <u>Source of Payments</u>.  If an objection to the Plan is lodged under Section 1129(a)(15) of the Bankruptcy Code, the Debtors' Payments and distributions under the Plan will be funded by the Debtors, based upon their (a) projected monthly rental income and (b) personal income.  The Liquidation Analysis attached the Disclosure Statement as **Exhibit C**, outlines the Debtors' sources and uses of income.  The Debtors' monthly Plan payment shall be four thousand dollars

($4,000.00). If no objections are lodged to the Plan, the Debtors may make no distributions to general unsecured creditors.

5.02    Method of Plan Payments

(a)      On or about the effective date of the Plan, to the extent necessary, the Debtors shall retain Cynthia Bitaut of Baxter Distribution Services, LLP, 2655 Box Canyon Drive #190, Las Vegas, Nevada 89128 as their disbursement agent (the "**Disbursement Agent**"). Except as otherwise provided in the Plan, upon the first full month after the entry of the order confirming the Plan, the Debtors shall begin making monthly distributions to the Disbursement Agent under the Plan. The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtors' unsecured creditors holding allowed claims, on a quarterly basis, until such claims are paid as set forth in the Plan.

(b)      Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by the Disbursement Agent, which is at least thirty (30) days after such claim becomes an allowed claim.

(c)      Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court. In the event that there are disputed claims requiring adjudication and resolution, the Disbursement Agent shall establish appropriate reserves for potential payment of such Claims.

(d)      In no event, however, shall the Disbursement Agent be held liable for any failures of the Debtors to make any of their payments required under the Plan. If any holders of allowed claims against the Debtors' estate fail to receive payment in accordance with the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters related to the implementation of this Plan and the payments required hereunder.

(e)      The Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to proofs of claim, pay administrative expenses and collect a reasonable fee for administering the Debtors' post-confirmation estate from the Debtors' plan payments.

5.03    The Holding Company. On or after the effective date of the Plan, the Debtors shall transfer title to their properties to a Nevada limited liability company (the "**Holding Company**"), for liability purposes. The transfer shall not limit the Debtors' personal liability to their Class 1 creditors or their obligations to make payments under this Plan.

5.04    Post-confirmation Management. The Debtors will manage their properties post-petition in the ordinary course, which will include the assumption and continued operation under all partnership agreements, as well as the debt service obligations thereunder. They will be authorized to enter into, terminate and renew lease agreements as they see fit. Such activities will include retaining management companies to aid in the renting of their property, drafting and

serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater.  In addition, the Debtors will be authorized to transfer the properties to the Holding Company to limit their liability from claims arising from their rental business (such as injuries occurring at the homes) after the date of confirmation.

5.05    Liquidation and Abandonment of Certain Debtor Entities.  Pursuant to Sections 363 and 554 of the Bankruptcy Code, the Debtors may abandon or liquidate Cherish LLC, Keep Safe LLC, 2704 Sattley LLC and Hot Endeavor, LLC (the "**Abandoned Entities**"), as all properties owned by those entities will be transferred back to the Debtors Melani and William R. Schulte, personally.  Therefore, the order confirming the Plan will constitute the Bankruptcy Court's finding and determination that the abandonment of the Abandoned Entities is (1) in the best interests of the Debtors, their estates and parties in interest, (2) fair, equitable and reasonable, (3) made in good faith and (4) approved pursuant to section 363 and 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

5.06    Post-confirmation Payment.  The post-confirmation payment of the claims of allowed general unsecured creditors in the Debtors' cases shall be jointly administered.  Accordingly, the Debtors will pay their combined creditor pool through the continued joint administration of their estates post-confirmation, in order to maximize the distributions to unsecured creditors and avoid the related costs of paying their joint creditors separately for 5 years.  The order confirming the Plan shall direct the foregoing administration of the Debtors' post-confirmation estates.

5.07    Substantive Consolidation.  The filing of the Plan shall constitute a motion for an order of the Bankruptcy Court approving, and the Confirmation Order shall constitute the Bankruptcy Court's approval of, substantive consolidation of the payment of the general unsecured claims against the reorganized Debtors' estates, specifically the estates of Melani and William R. Schulte and SABRECO, Inc. (collectively, the "**Reorganized Debtors**").  On the effective date of the Plan, pursuant to Section 105(a) of the Bankruptcy Code, the Reorganized Debtors' estates shall be substantively consolidated solely for the purposes related to the Plan (including voting and distributions to general unsecured creditors). The substantive consolidation of the Reorganized Debtors' estates shall have the following effects:

(a)    All assets of the Reorganized Debtors' estates shall be treated as though they were assets of a single consolidated estate for purposes of distributions under the Plan;

(b)    Each and every claim scheduled, filed, to be filed, or deemed to have been filed in these Chapter 11 cases against either Reorganized Debtor shall be deemed scheduled or filed against a single consolidated Estate; and

(c)    No distributions shall be made under the Plan on account of claims among the Reorganized Debtors, and any and all liability on account of such claims between the Reorganized Debtors shall be deemed satisfied and discharged upon confirmation.

Notwithstanding the foregoing, on or after the effective date of the Plan, the Reorganized Debtors may take such actions as are necessary to complete a merger with or dissolution of any of the Reorganized Debtors' assets under applicable law.

**ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS, SHALL BE PAID AS SET FORTH IN CLASSES 1 AND 2, AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

ARTICLE VI
GENERAL PROVISIONS

6.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03    Modification of Plan.

The Debtors may modify the Plan at any time before confirmation of the Plan.  The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan.  The Debtors may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtors, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04    Final Decree.  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtors, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final

decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

6.05    Vesting of Assets in the Reorganized Debtors and the Holding Company.  After confirmation of the Plan, all property of the Debtors shall vest in the reorganized Debtors and the Holding Company, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in Section 6.06, the order approving the Motion to Value and the confirmation order.  The reorganized Debtors may operate their business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order.  Without limiting the foregoing, the Debtors shall pay the charges that incur after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06    Release of Liens, Claims and Equity Interests.  Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estate shall be fully released and discharged.  The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan.  To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.07    Certificate of Incorporation and Bylaws.  The articles of organization and bylaws (or other formation documents) of the Holding Company shall be amended as may be required to be consistent with the provisions of the Plan and the Bankruptcy Code or as otherwise required by, and in a form reasonably acceptable to, the Debtors.  On or as soon as reasonably practicable after confirmation of the Plan, the reorganized Debtors shall file a new certificate of organization with the Nevada secretary of state, as required by section 1123(a)(6) of the Bankruptcy Code.

6.08    Effectuating Documents; Further Transactions.  The Debtors may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.09    Exemption from Certain Transfer Taxes.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.10    Revocation of Plan.  The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans.  If the Debtors revoke or

withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other entity.

6.11    <u>Successors and Assigns</u>.  The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.12    <u>Reservation of Rights</u>.  Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order.  Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtors or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan. The Debtors expressly reserve all rights to pursue any claims they may hold against their mortgage lenders or against any other entity prior to or after the effective date of the Plan.

6.13    <u>Further Assurances</u>.  The Debtors or the reorganized Debtors, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.14    <u>Severability</u>.  If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, *provided* that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.15    <u>Return of Security Deposits</u>.  Unless the Debtors agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtors to any person or entity at any time after the petition date shall be returned to the Debtors within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.16    <u>Filing of Additional Documents</u>.  On or before the Effective Date, the Debtors may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.17   <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE VII
DISCHARGE

**7.01 Discharge.**  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, if the Debtors elect to make such payments, which is 5 years or 20 quarterly payments, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated:  November 23, 2010

Respectfully submitted,

MELANI SCHULTE

/s/ Melani Schulte

WILLIAM R. SCHULTE

/s/ William R. Schulte

# EXHIBIT 1

**Exhibit 1**

**Residential Property Owned by Melani and William R. Schulte**          .

9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Value:                                    $142,500.00


2460 Avenida Cortes
Henderson, Nevada 89074
Value:                                    $123,000.00


4710 Brently Place
Las Vegas, Nevada 89122
Value:                                    $109,105.70


7873 Bridgefield Lane
Las Vegas, Nevada 89147
Value:                                    $126,000.00


3322 Cheltenham Street
Las Vegas, Nevada 89129
Value:                                     $99,806.60


3383 Cloverdale Court
Las Vegas, Nevada 89117
Value:                                    $168,856.34


1624 Desert Canyon Court
Las Vegas, Nevada 89128
Value:                                    $168,000.00


3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Value:                                    $125,446.93


1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Value:                                    $132,000.00


1701 Empire Mine Drive
Henderson, Nevada 89014
Value:                                     $80,000.00

9020 Feather River Court
Las Vegas, Nevada 89117
Value:                                              $135,000.00

1013 Golden Hawk Way
Las Vegas, Nevada 89108
Value:                                              $94,000.00

4521 W. La Madre Way
Las Vegas, Nevada 89031
Value:                                              $100,000.00

8562 Lambert Drive
Las Vegas, Nevada 89147
Value:                                              $148,000.00

276 Manzanita Ranch Lane
Henderson, Nevada 89012
Value:                                              $162,000.00

2861 Marathon Drive
Henderson, Nevada 89074
Value:                                              $125,000.00

5218 Misty Morning Drive
Las Vegas, Nevada 89118
Value:                                              $138,000.00

10317 Neopolitan Place
Las Vegas, Nevada 89144
Value:                                              $140,000.00

956 Ostrich Fern Court
Las Vegas, Nevada 89183
Value:                                              $152,440.29

8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Value:                                              $143,000.00

6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Value:                                              $108,307.50

5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Value:                                    $57,963.85

5524 Rock Creek Lane
Las Vegas, Nevada 89130
Value:                                    $100,000.00

922 Saddle Horn Drive
Henderson, Nevada 89002
Value:                                    $114,000.00

5609 San Ardo Place
Las Vegas, Nevada 89130
Value:                                    $115,000.00

2704 Sattley Circle
Las Vegas, Nevada 89117
Value:                                    $210,000.00

9521 Sierra Summit Avenue
Las Vegas, Nevada 89134
Value:                                    $135,000.00

1528 Splinter Rock Way
Las Vegas, Nevada 89031
Value:                                    $112,000.00

1194 Stormy Valley Road
Las Vegas, Nevada 89123
Value:                                    $127,000.00

2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130
Value:                                    $195,000.00

2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131
Value:                                    $130,720.99

2525 Via Di Autostrada
Henderson, Nevada 89074
Value:                                    $125,000.00

509 Canyon Greens
Las Vegas, Nevada 89144
Value: _____ $807,141.58


**Total Appraised Value:** _____ **$4,949,289.78**

# EXHIBIT 2

# EXHIBIT 2

Melani Schulte and William R. Schulte Leases and Executory Contracts to be Assumed Pursuant to the Plan

Residential Lease Agreements

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Luther and Rita Cobbs for the rental of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated June 27, 2008 between the Debtors and Shireen McGrath for the rental of:
2460 Avenida Cortes
Henderson, Nevada 89074

Standard Residential Lease Agreement dated February 18, 2005 between the Debtors and Evelyn and Richard Deschamps for the rental of:
4710 Brently Place
Las Vegas, Nevada 89122

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Antonio & Linda Reina for the rental of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated May 27, 2008 between the Debtors and William Hallman for the rental of:
3322 Cheltenham Street
Las Vegas, Nevada 89129

Standard Residential Lease Agreement dated March 7, 2010 between the Debtors and Nikheel Arnold Prasad for the rental of:
3383 Cloverdale Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Ryan Mack & Lorraine Acevedo for the rental of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 27, 2005 between the Debtors and Tyler Taylor for the rental of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated June 12, 2004 between the Debtors and Shaun Powell, Nicholas Hurd and Chad Jordan for the rental of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Roly Agreda for the rental of:
1701 Empire Mine Drive
Henderson, Nevada 89014

Standard Residential Lease Agreement dated June 17, 2007 between the Debtors and James and Judy Craig for the rental of:
9020 Feather River Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated December 1, 2010 between the Debtors and Arni Flenoy for the rental of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Linda Marrone for the rental of:
4521 W. La Madre Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated March 19, 2009 between the Debtors and Be Ngoc Dong and Tran Kim for the rental of:
8562 Lambert Drive
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated March 27, 2010 between the Debtors and Xeomara Ramos for the rental of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012

Standard Residential Lease Agreement dated March 17, 2007 between the Debtors and Benjamin Tranquillo and Nicole Carpenter for the rental of:
2861 Marathon Drive
Henderson, Nevada 89074

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Earl Humphrey for the rental of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118

Standard Residential Lease Agreement dated May 14, 2010 between the Debtors and Rosemary Karnay and Daniel Shaefer for the rental of:
10317 Neopolitan Place
Las Vegas, Nevada 89144

Standard Residential Lease Agreement dated September 1, 2007 between the Debtors and Clint Fisher for the rental of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated April 30, 2001 between the Debtors and James Earl and Lisa Hammond for the rental of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Darrin and Jody Miller for the rental of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142

Standard Residential Lease Agreement dated February 1, 2010 between the Debtors and Donald and Bonnie Lee for the rental of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Charles Gallo for the rental of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated October 1, 2009 between the Debtors and Richard and Mary Gordon for the rental of:
922 Saddle Horn Drive
Henderson, Nevada 89002

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and J. Richard Stull for the rental of:
5609 San Ardo Place
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Devin Marrin for the rental of:
2704 Sattley Circle
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated August 27, 2009 between the Debtors and Lyla and Phillip Dwyer for the rental of:
9521 Sierra Summit Avenue
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated April 27, 2010 between the Debtors and Karen Yos for the rental of:
1528 Splinter Rock Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated July 27, 2009 between the Debtors and Donna Hanna and Kenneth Wade for the rental of:
1194 Stormy Valley Road
Las Vegas, Nevada 89123

Standard Residential Lease Agreement dated April 27, 2007 between the Debtors and William Lundy and Theresa Orden for the rental of:
2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated January 4, 2007 between the Debtors and Tyler Taylor for the rental of:
2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Brian Hobbs for the rental of:
2525 Via Di Autostrada
Henderson, Nevada 89074

**Residential Mortgages**

Residential Mortgage by and between the Debtors and America's Servicing Company for the purchase of:
509 Canyon Greens
Las Vegas, Nevada 89144
Cure Amount:                        $ 0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Cure Amount:                        $0.00

Residential Mortgage by and between Debtors and Chase Home Finance for the purchase of:
2460 Avenida Cortes
Henderson, Nevada 89074
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Loans for the purchase of:
4710 Brently Place
Las Vegas, Nevada 89122
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3322 Cheltenham Street
Las Vegas, Nevada 89129
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3383 Cloverdale Court
Las Vegas, Nevada 89117
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Litton Loan Servicing for the purchase of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
1701 Empire Mine Drive
Henderson, Nevada 89014
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
9020 Feather River Court
Las Vegas, Nevada 89117
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
4521 W. La Madre Way
Las Vegas, Nevada 89031
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
8562 Lambert Drive
Las Vegas, Nevada 89147
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
2861 Marathon Drive
Henderson, Nevada 89074
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Fifth Third Bank for the purchase of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
10317 Neopolitan Place
Las Vegas, Nevada 89144
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Litton Loan for the purchase of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Manhattan Mortgage for the purchase of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Fidelity Bank for the purchase of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
922 Saddle Horn Drive
Henderson, Nevada 89002
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
5609 San Ardo Place
Las Vegas, Nevada 89130
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Mel Elizer and Maxine Llewellyn for the purchase of:
2704 Sattley Circle
Las Vegas, Nevada 89117
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
9521 Sierra Summit Avenue
Las Vegas, Nevada 89134
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Wells Fargo Home Mortgage for the purchase of:
1528 Splinter Rock Way
Las Vegas, Nevada 89031
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1194 Stormy Valley Road
Las Vegas, Nevada 89123
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131
Cure Amount:                              $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
2525 Via Di Autostrada
Henderson, Nevada 89074
Cure Amount:                              $0.00

# EXHIBIT 5

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

# LOAN AMORTIZATION SCHEDULE

**ENTER VALUES**

| | |
|---|---|
| Loan amount | $64,854.69 |
| Annual interest rate | 5.25% |
| Loan period in years | 30 |
| Number of payments per year | 12 |
| Start date of loan | 5/8/2011 |

**LOAN SUMMARY**

| | |
|---|---|
| Scheduled payment | $358.13 |
| Scheduled number of payments | 360 |
| Actual number of payments | 360 |
| Total early payments | $0.00 |
| Total interest | $64,072.11 |

LENDER NAME    CitiMortgage, Inc.

Optional extra payments

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/8/2011 | $64,854.69 | $358.13 | $0.00 | $358.13 | $74.39 | $283.74 | $64,780.30 | $283.74 |
| 2 | 6/8/2011 | $64,780.30 | $358.13 | $0.00 | $358.13 | $74.72 | $283.41 | $64,705.58 | $567.15 |
| 3 | 7/8/2011 | $64,705.58 | $358.13 | $0.00 | $358.13 | $75.04 | $283.09 | $64,630.54 | $850.24 |
| 4 | 8/8/2011 | $64,630.54 | $358.13 | $0.00 | $358.13 | $75.37 | $282.76 | $64,555.17 | $1,133.00 |
| 5 | 9/8/2011 | $64,555.17 | $358.13 | $0.00 | $358.13 | $75.70 | $282.43 | $64,479.47 | $1,415.43 |
| 6 | 10/8/2011 | $64,479.47 | $358.13 | $0.00 | $358.13 | $76.03 | $282.10 | $64,403.44 | $1,697.53 |
| 7 | 11/8/2011 | $64,403.44 | $358.13 | $0.00 | $358.13 | $76.36 | $281.77 | $64,327.07 | $1,979.29 |
| 8 | 12/8/2011 | $64,327.07 | $358.13 | $0.00 | $358.13 | $76.70 | $281.43 | $64,250.37 | $2,260.72 |
| 9 | 1/8/2012 | $64,250.37 | $358.13 | $0.00 | $358.13 | $77.03 | $281.10 | $64,173.34 | $2,541.82 |
| 10 | 2/8/2012 | $64,173.34 | $358.13 | $0.00 | $358.13 | $77.37 | $280.76 | $64,095.96 | $2,822.57 |
| 11 | 3/8/2012 | $64,095.96 | $358.13 | $0.00 | $358.13 | $77.71 | $280.42 | $64,018.25 | $3,102.99 |
| 12 | 4/8/2012 | $64,018.25 | $358.13 | $0.00 | $358.13 | $78.05 | $280.08 | $63,940.20 | $3,383.07 |
| 13 | 5/8/2012 | $63,940.20 | $358.13 | $0.00 | $358.13 | $78.39 | $279.74 | $63,861.81 | $3,662.81 |
| 14 | 6/8/2012 | $63,861.81 | $358.13 | $0.00 | $358.13 | $78.73 | $279.40 | $63,783.08 | $3,942.21 |
| 15 | 7/8/2012 | $63,783.08 | $358.13 | $0.00 | $358.13 | $79.08 | $279.05 | $63,704.00 | $4,221.26 |
| 16 | 8/8/2012 | $63,704.00 | $358.13 | $0.00 | $358.13 | $79.43 | $278.70 | $63,624.57 | $4,499.96 |
| 17 | 9/8/2012 | $63,624.57 | $358.13 | $0.00 | $358.13 | $79.77 | $278.36 | $63,544.80 | $4,778.32 |
| 18 | 10/8/2012 | $63,544.80 | $358.13 | $0.00 | $358.13 | $80.12 | $278.01 | $63,464.68 | $5,056.33 |
| 19 | 11/8/2012 | $63,464.68 | $358.13 | $0.00 | $358.13 | $80.47 | $277.66 | $63,384.21 | $5,333.99 |
| 20 | 12/8/2012 | $63,384.21 | $358.13 | $0.00 | $358.13 | $80.82 | $277.31 | $63,303.38 | $5,611.29 |
| 21 | 1/8/2013 | $63,303.38 | $358.13 | $0.00 | $358.13 | $81.18 | $276.95 | $63,222.21 | $5,888.25 |
| 22 | 2/8/2013 | $63,222.21 | $358.13 | $0.00 | $358.13 | $81.53 | $276.60 | $63,140.67 | $6,164.84 |
| 23 | 3/8/2013 | $63,140.67 | $358.13 | $0.00 | $358.13 | $81.89 | $276.24 | $63,058.78 | $6,441.08 |
| 24 | 4/8/2013 | $63,058.78 | $358.13 | $0.00 | $358.13 | $82.25 | $275.88 | $62,976.54 | $6,716.97 |
| 25 | 5/8/2013 | $62,976.54 | $358.13 | $0.00 | $358.13 | $82.61 | $275.52 | $62,893.93 | $6,992.49 |
| 26 | 6/8/2013 | $62,893.93 | $358.13 | $0.00 | $358.13 | $82.97 | $275.16 | $62,810.96 | $7,267.65 |
| 27 | 7/8/2013 | $62,810.96 | $358.13 | $0.00 | $358.13 | $83.33 | $274.80 | $62,727.63 | $7,542.45 |
| 28 | 8/8/2013 | $62,727.63 | $358.13 | $0.00 | $358.13 | $83.70 | $274.43 | $62,643.93 | $7,816.88 |
| 29 | 9/8/2013 | $62,643.93 | $358.13 | $0.00 | $358.13 | $84.06 | $274.07 | $62,559.87 | $8,090.95 |
| 30 | 10/8/2013 | $62,559.87 | $358.13 | $0.00 | $358.13 | $84.43 | $273.70 | $62,475.44 | $8,364.65 |
| 31 | 11/8/2013 | $62,475.44 | $358.13 | $0.00 | $358.13 | $84.80 | $273.33 | $62,390.64 | $8,637.98 |
| 32 | 12/8/2013 | $62,390.64 | $358.13 | $0.00 | $358.13 | $85.17 | $272.96 | $62,305.47 | $8,910.94 |
| 33 | 1/8/2014 | $62,305.47 | $358.13 | $0.00 | $358.13 | $85.54 | $272.59 | $62,219.92 | $9,183.52 |
| 34 | 2/8/2014 | $62,219.92 | $358.13 | $0.00 | $358.13 | $85.92 | $272.21 | $62,134.01 | $9,455.74 |
| 35 | 3/8/2014 | $62,134.01 | $358.13 | $0.00 | $358.13 | $86.29 | $271.84 | $62,047.71 | $9,727.57 |
| 36 | 4/8/2014 | $62,047.71 | $358.13 | $0.00 | $358.13 | $86.67 | $271.46 | $61,961.04 | $9,999.03 |
| 37 | 5/8/2014 | $61,961.04 | $358.13 | $0.00 | $358.13 | $87.05 | $271.08 | $61,873.99 | $10,270.11 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 38 | 6/8/2014 | $61,873.99 | $358.13 | $0.00 | $358.13 | $87.43 | $270.70 | $61,786.56 | $10,540.81 |
| 39 | 7/8/2014 | $61,786.56 | $358.13 | $0.00 | $358.13 | $87.81 | $270.32 | $61,698.74 | $10,811.12 |
| 40 | 8/8/2014 | $61,698.74 | $358.13 | $0.00 | $358.13 | $88.20 | $269.93 | $61,610.55 | $11,081.06 |
| 41 | 9/8/2014 | $61,610.55 | $358.13 | $0.00 | $358.13 | $88.58 | $269.55 | $61,521.96 | $11,350.60 |
| 42 | 10/8/2014 | $61,521.96 | $358.13 | $0.00 | $358.13 | $88.97 | $269.16 | $61,432.99 | $11,619.76 |
| 43 | 11/8/2014 | $61,432.99 | $358.13 | $0.00 | $358.13 | $89.36 | $268.77 | $61,343.63 | $11,888.53 |
| 44 | 12/8/2014 | $61,343.63 | $358.13 | $0.00 | $358.13 | $89.75 | $268.38 | $61,253.88 | $12,156.91 |
| 45 | 1/8/2015 | $61,253.88 | $358.13 | $0.00 | $358.13 | $90.14 | $267.99 | $61,163.73 | $12,424.89 |
| 46 | 2/8/2015 | $61,163.73 | $358.13 | $0.00 | $358.13 | $90.54 | $267.59 | $61,073.20 | $12,692.49 |
| 47 | 3/8/2015 | $61,073.20 | $358.13 | $0.00 | $358.13 | $90.93 | $267.20 | $60,982.26 | $12,959.68 |
| 48 | 4/8/2015 | $60,982.26 | $358.13 | $0.00 | $358.13 | $91.33 | $266.80 | $60,890.93 | $13,226.48 |
| 49 | 5/8/2015 | $60,890.93 | $358.13 | $0.00 | $358.13 | $91.73 | $266.40 | $60,799.20 | $13,492.88 |
| 50 | 6/8/2015 | $60,799.20 | $358.13 | $0.00 | $358.13 | $92.13 | $266.00 | $60,707.06 | $13,758.87 |
| 51 | 7/8/2015 | $60,707.06 | $358.13 | $0.00 | $358.13 | $92.54 | $265.59 | $60,614.53 | $14,024.47 |
| 52 | 8/8/2015 | $60,614.53 | $358.13 | $0.00 | $358.13 | $92.94 | $265.19 | $60,521.59 | $14,289.66 |
| 53 | 9/8/2015 | $60,521.59 | $358.13 | $0.00 | $358.13 | $93.35 | $264.78 | $60,428.24 | $14,554.44 |
| 54 | 10/8/2015 | $60,428.24 | $358.13 | $0.00 | $358.13 | $93.76 | $264.37 | $60,334.48 | $14,818.81 |
| 55 | 11/8/2015 | $60,334.48 | $358.13 | $0.00 | $358.13 | $94.17 | $263.96 | $60,240.31 | $15,082.77 |
| 56 | 12/8/2015 | $60,240.31 | $358.13 | $0.00 | $358.13 | $94.58 | $263.55 | $60,145.74 | $15,346.33 |
| 57 | 1/8/2016 | $60,145.74 | $358.13 | $0.00 | $358.13 | $94.99 | $263.14 | $60,050.74 | $15,609.46 |
| 58 | 2/8/2016 | $60,050.74 | $358.13 | $0.00 | $358.13 | $95.41 | $262.72 | $59,955.33 | $15,872.18 |
| 59 | 3/8/2016 | $59,955.33 | $358.13 | $0.00 | $358.13 | $95.83 | $262.30 | $59,859.51 | $16,134.49 |
| 60 | 4/8/2016 | $59,859.51 | $358.13 | $0.00 | $358.13 | $96.24 | $261.89 | $59,763.26 | $16,396.37 |
| 61 | 5/8/2016 | $59,763.26 | $358.13 | $0.00 | $358.13 | $96.67 | $261.46 | $59,666.60 | $16,657.84 |
| 62 | 6/8/2016 | $59,666.60 | $358.13 | $0.00 | $358.13 | $97.09 | $261.04 | $59,569.51 | $16,918.88 |
| 63 | 7/8/2016 | $59,569.51 | $358.13 | $0.00 | $358.13 | $97.51 | $260.62 | $59,472.00 | $17,179.50 |
| 64 | 8/8/2016 | $59,472.00 | $358.13 | $0.00 | $358.13 | $97.94 | $260.19 | $59,374.06 | $17,439.69 |
| 65 | 9/8/2016 | $59,374.06 | $358.13 | $0.00 | $358.13 | $98.37 | $259.76 | $59,275.69 | $17,699.45 |
| 66 | 10/8/2016 | $59,275.69 | $358.13 | $0.00 | $358.13 | $98.80 | $259.33 | $59,176.89 | $17,958.78 |
| 67 | 11/8/2016 | $59,176.89 | $358.13 | $0.00 | $358.13 | $99.23 | $258.90 | $59,077.66 | $18,217.68 |
| 68 | 12/8/2016 | $59,077.66 | $358.13 | $0.00 | $358.13 | $99.67 | $258.46 | $58,977.99 | $18,476.14 |
| 69 | 1/8/2017 | $58,977.99 | $358.13 | $0.00 | $358.13 | $100.10 | $258.03 | $58,877.89 | $18,734.17 |
| 70 | 2/8/2017 | $58,877.89 | $358.13 | $0.00 | $358.13 | $100.54 | $257.59 | $58,777.35 | $18,991.76 |
| 71 | 3/8/2017 | $58,777.35 | $358.13 | $0.00 | $358.13 | $100.98 | $257.15 | $58,676.37 | $19,248.91 |
| 72 | 4/8/2017 | $58,676.37 | $358.13 | $0.00 | $358.13 | $101.42 | $256.71 | $58,574.95 | $19,505.62 |
| 73 | 5/8/2017 | $58,574.95 | $358.13 | $0.00 | $358.13 | $101.86 | $256.27 | $58,473.09 | $19,761.89 |
| 74 | 6/8/2017 | $58,473.09 | $358.13 | $0.00 | $358.13 | $102.31 | $255.82 | $58,370.78 | $20,017.71 |
| 75 | 7/8/2017 | $58,370.78 | $358.13 | $0.00 | $358.13 | $102.76 | $255.37 | $58,268.02 | $20,273.08 |
| 76 | 8/8/2017 | $58,268.02 | $358.13 | $0.00 | $358.13 | $103.21 | $254.92 | $58,164.81 | $20,528.00 |
| 77 | 9/8/2017 | $58,164.81 | $358.13 | $0.00 | $358.13 | $103.66 | $254.47 | $58,061.15 | $20,782.47 |
| 78 | 10/8/2017 | $58,061.15 | $358.13 | $0.00 | $358.13 | $104.11 | $254.02 | $57,957.04 | $21,036.49 |
| 79 | 11/8/2017 | $57,957.04 | $358.13 | $0.00 | $358.13 | $104.57 | $253.56 | $57,852.47 | $21,290.05 |
| 80 | 12/8/2017 | $57,852.47 | $358.13 | $0.00 | $358.13 | $105.03 | $253.10 | $57,747.45 | $21,543.16 |
| 81 | 1/8/2018 | $57,747.45 | $358.13 | $0.00 | $358.13 | $105.48 | $252.65 | $57,641.96 | $21,795.80 |
| 82 | 2/8/2018 | $57,641.96 | $358.13 | $0.00 | $358.13 | $105.95 | $252.18 | $57,536.02 | $22,047.99 |
| 83 | 3/8/2018 | $57,536.02 | $358.13 | $0.00 | $358.13 | $106.41 | $251.72 | $57,429.61 | $22,299.71 |
| 84 | 4/8/2018 | $57,429.61 | $358.13 | $0.00 | $358.13 | $106.88 | $251.25 | $57,322.73 | $22,550.96 |
| 85 | 5/8/2018 | $57,322.73 | $358.13 | $0.00 | $358.13 | $107.34 | $250.79 | $57,215.39 | $22,801.75 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 86 | 6/8/2018 | $57,215.39 | $358.13 | $0.00 | $358.13 | $107.81 | $250.32 | $57,107.58 | $23,052.07 |
| 87 | 7/8/2018 | $57,107.58 | $358.13 | $0.00 | $358.13 | $108.28 | $249.85 | $56,999.29 | $23,301.91 |
| 88 | 8/8/2018 | $56,999.29 | $358.13 | $0.00 | $358.13 | $108.76 | $249.37 | $56,890.53 | $23,551.28 |
| 89 | 9/8/2018 | $56,890.53 | $358.13 | $0.00 | $358.13 | $109.23 | $248.90 | $56,781.30 | $23,800.18 |
| 90 | 10/8/2018 | $56,781.30 | $358.13 | $0.00 | $358.13 | $109.71 | $248.42 | $56,671.59 | $24,048.60 |
| 91 | 11/8/2018 | $56,671.59 | $358.13 | $0.00 | $358.13 | $110.19 | $247.94 | $56,561.40 | $24,296.54 |
| 92 | 12/8/2018 | $56,561.40 | $358.13 | $0.00 | $358.13 | $110.67 | $247.46 | $56,450.72 | $24,543.99 |
| 93 | 1/8/2019 | $56,450.72 | $358.13 | $0.00 | $358.13 | $111.16 | $246.97 | $56,339.56 | $24,790.96 |
| 94 | 2/8/2019 | $56,339.56 | $358.13 | $0.00 | $358.13 | $111.64 | $246.49 | $56,227.92 | $25,037.45 |
| 95 | 3/8/2019 | $56,227.92 | $358.13 | $0.00 | $358.13 | $112.13 | $246.00 | $56,115.79 | $25,283.45 |
| 96 | 4/8/2019 | $56,115.79 | $358.13 | $0.00 | $358.13 | $112.62 | $245.51 | $56,003.16 | $25,528.95 |
| 97 | 5/8/2019 | $56,003.16 | $358.13 | $0.00 | $358.13 | $113.12 | $245.01 | $55,890.05 | $25,773.97 |
| 98 | 6/8/2019 | $55,890.05 | $358.13 | $0.00 | $358.13 | $113.61 | $244.52 | $55,776.44 | $26,018.49 |
| 99 | 7/8/2019 | $55,776.44 | $358.13 | $0.00 | $358.13 | $114.11 | $244.02 | $55,662.33 | $26,262.51 |
| 100 | 8/8/2019 | $55,662.33 | $358.13 | $0.00 | $358.13 | $114.61 | $243.52 | $55,547.72 | $26,506.03 |
| 101 | 9/8/2019 | $55,547.72 | $358.13 | $0.00 | $358.13 | $115.11 | $243.02 | $55,432.61 | $26,749.05 |
| 102 | 10/8/2019 | $55,432.61 | $358.13 | $0.00 | $358.13 | $115.61 | $242.52 | $55,317.00 | $26,991.57 |
| 103 | 11/8/2019 | $55,317.00 | $358.13 | $0.00 | $358.13 | $116.12 | $242.01 | $55,200.88 | $27,233.58 |
| 104 | 12/8/2019 | $55,200.88 | $358.13 | $0.00 | $358.13 | $116.63 | $241.50 | $55,084.26 | $27,475.09 |
| 105 | 1/8/2020 | $55,084.26 | $358.13 | $0.00 | $358.13 | $117.14 | $240.99 | $54,967.12 | $27,716.08 |
| 106 | 2/8/2020 | $54,967.12 | $358.13 | $0.00 | $358.13 | $117.65 | $240.48 | $54,849.47 | $27,956.56 |
| 107 | 3/8/2020 | $54,849.47 | $358.13 | $0.00 | $358.13 | $118.16 | $239.97 | $54,731.31 | $28,196.53 |
| 108 | 4/8/2020 | $54,731.31 | $358.13 | $0.00 | $358.13 | $118.68 | $239.45 | $54,612.63 | $28,435.98 |
| 109 | 5/8/2020 | $54,612.63 | $358.13 | $0.00 | $358.13 | $119.20 | $238.93 | $54,493.43 | $28,674.91 |
| 110 | 6/8/2020 | $54,493.43 | $358.13 | $0.00 | $358.13 | $119.72 | $238.41 | $54,373.70 | $28,913.31 |
| 111 | 7/8/2020 | $54,373.70 | $358.13 | $0.00 | $358.13 | $120.25 | $237.88 | $54,253.46 | $29,151.20 |
| 112 | 8/8/2020 | $54,253.46 | $358.13 | $0.00 | $358.13 | $120.77 | $237.36 | $54,132.69 | $29,388.56 |
| 113 | 9/8/2020 | $54,132.69 | $358.13 | $0.00 | $358.13 | $121.30 | $236.83 | $54,011.39 | $29,625.39 |
| 114 | 10/8/2020 | $54,011.39 | $358.13 | $0.00 | $358.13 | $121.83 | $236.30 | $53,889.56 | $29,861.69 |
| 115 | 11/8/2020 | $53,889.56 | $358.13 | $0.00 | $358.13 | $122.36 | $235.77 | $53,767.20 | $30,097.46 |
| 116 | 12/8/2020 | $53,767.20 | $358.13 | $0.00 | $358.13 | $122.90 | $235.23 | $53,644.30 | $30,332.69 |
| 117 | 1/8/2021 | $53,644.30 | $358.13 | $0.00 | $358.13 | $123.44 | $234.69 | $53,520.86 | $30,567.38 |
| 118 | 2/8/2021 | $53,520.86 | $358.13 | $0.00 | $358.13 | $123.98 | $234.15 | $53,396.88 | $30,801.53 |
| 119 | 3/8/2021 | $53,396.88 | $358.13 | $0.00 | $358.13 | $124.52 | $233.61 | $53,272.37 | $31,035.15 |
| 120 | 4/8/2021 | $53,272.37 | $358.13 | $0.00 | $358.13 | $125.06 | $233.07 | $53,147.30 | $31,268.21 |
| 121 | 5/8/2021 | $53,147.30 | $358.13 | $0.00 | $358.13 | $125.61 | $232.52 | $53,021.69 | $31,500.73 |
| 122 | 6/8/2021 | $53,021.69 | $358.13 | $0.00 | $358.13 | $126.16 | $231.97 | $52,895.53 | $31,732.70 |
| 123 | 7/8/2021 | $52,895.53 | $358.13 | $0.00 | $358.13 | $126.71 | $231.42 | $52,768.82 | $31,964.12 |
| 124 | 8/8/2021 | $52,768.82 | $358.13 | $0.00 | $358.13 | $127.27 | $230.86 | $52,641.55 | $32,194.98 |
| 125 | 9/8/2021 | $52,641.55 | $358.13 | $0.00 | $358.13 | $127.82 | $230.31 | $52,513.73 | $32,425.29 |
| 126 | 10/8/2021 | $52,513.73 | $358.13 | $0.00 | $358.13 | $128.38 | $229.75 | $52,385.35 | $32,655.04 |
| 127 | 11/8/2021 | $52,385.35 | $358.13 | $0.00 | $358.13 | $128.94 | $229.19 | $52,256.40 | $32,884.22 |
| 128 | 12/8/2021 | $52,256.40 | $358.13 | $0.00 | $358.13 | $129.51 | $228.62 | $52,126.90 | $33,112.85 |
| 129 | 1/8/2022 | $52,126.90 | $358.13 | $0.00 | $358.13 | $130.07 | $228.06 | $51,996.82 | $33,340.90 |
| 130 | 2/8/2022 | $51,996.82 | $358.13 | $0.00 | $358.13 | $130.64 | $227.49 | $51,866.18 | $33,568.39 |
| 131 | 3/8/2022 | $51,866.18 | $358.13 | $0.00 | $358.13 | $131.22 | $226.91 | $51,734.96 | $33,795.30 |
| 132 | 4/8/2022 | $51,734.96 | $358.13 | $0.00 | $358.13 | $131.79 | $226.34 | $51,603.17 | $34,021.64 |
| 133 | 5/8/2022 | $51,603.17 | $358.13 | $0.00 | $358.13 | $132.37 | $225.76 | $51,470.81 | $34,247.41 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 134 | 6/8/2022 | $51,470.81 | $358.13 | $0.00 | $358.13 | $132.95 | $225.18 | $51,337.86 | $34,472.59 |
| 135 | 7/8/2022 | $51,337.86 | $358.13 | $0.00 | $358.13 | $133.53 | $224.60 | $51,204.33 | $34,697.19 |
| 136 | 8/8/2022 | $51,204.33 | $358.13 | $0.00 | $358.13 | $134.11 | $224.02 | $51,070.22 | $34,921.21 |
| 137 | 9/8/2022 | $51,070.22 | $358.13 | $0.00 | $358.13 | $134.70 | $223.43 | $50,935.52 | $35,144.64 |
| 138 | 10/8/2022 | $50,935.52 | $358.13 | $0.00 | $358.13 | $135.29 | $222.84 | $50,800.24 | $35,367.49 |
| 139 | 11/8/2022 | $50,800.24 | $358.13 | $0.00 | $358.13 | $135.88 | $222.25 | $50,664.36 | $35,589.74 |
| 140 | 12/8/2022 | $50,664.36 | $358.13 | $0.00 | $358.13 | $136.47 | $221.66 | $50,527.89 | $35,811.40 |
| 141 | 1/8/2023 | $50,527.89 | $358.13 | $0.00 | $358.13 | $137.07 | $221.06 | $50,390.81 | $36,032.45 |
| 142 | 2/8/2023 | $50,390.81 | $358.13 | $0.00 | $358.13 | $137.67 | $220.46 | $50,253.14 | $36,252.91 |
| 143 | 3/8/2023 | $50,253.14 | $358.13 | $0.00 | $358.13 | $138.27 | $219.86 | $50,114.87 | $36,472.77 |
| 144 | 4/8/2023 | $50,114.87 | $358.13 | $0.00 | $358.13 | $138.88 | $219.25 | $49,975.99 | $36,692.02 |
| 145 | 5/8/2023 | $49,975.99 | $358.13 | $0.00 | $358.13 | $139.49 | $218.64 | $49,836.51 | $36,910.67 |
| 146 | 6/8/2023 | $49,836.51 | $358.13 | $0.00 | $358.13 | $140.10 | $218.03 | $49,696.41 | $37,128.70 |
| 147 | 7/8/2023 | $49,696.41 | $358.13 | $0.00 | $358.13 | $140.71 | $217.42 | $49,555.71 | $37,346.13 |
| 148 | 8/8/2023 | $49,555.71 | $358.13 | $0.00 | $358.13 | $141.32 | $216.81 | $49,414.38 | $37,562.93 |
| 149 | 9/8/2023 | $49,414.38 | $358.13 | $0.00 | $358.13 | $141.94 | $216.19 | $49,272.44 | $37,779.12 |
| 150 | 10/8/2023 | $49,272.44 | $358.13 | $0.00 | $358.13 | $142.56 | $215.57 | $49,129.88 | $37,994.69 |
| 151 | 11/8/2023 | $49,129.88 | $358.13 | $0.00 | $358.13 | $143.19 | $214.94 | $48,986.69 | $38,209.63 |
| 152 | 12/8/2023 | $48,986.69 | $358.13 | $0.00 | $358.13 | $143.81 | $214.32 | $48,842.88 | $38,423.95 |
| 153 | 1/8/2024 | $48,842.88 | $358.13 | $0.00 | $358.13 | $144.44 | $213.69 | $48,698.44 | $38,637.63 |
| 154 | 2/8/2024 | $48,698.44 | $358.13 | $0.00 | $358.13 | $145.07 | $213.06 | $48,553.36 | $38,850.69 |
| 155 | 3/8/2024 | $48,553.36 | $358.13 | $0.00 | $358.13 | $145.71 | $212.42 | $48,407.65 | $39,063.11 |
| 156 | 4/8/2024 | $48,407.65 | $358.13 | $0.00 | $358.13 | $146.35 | $211.78 | $48,261.31 | $39,274.89 |
| 157 | 5/8/2024 | $48,261.31 | $358.13 | $0.00 | $358.13 | $146.99 | $211.14 | $48,114.32 | $39,486.04 |
| 158 | 6/8/2024 | $48,114.32 | $358.13 | $0.00 | $358.13 | $147.63 | $210.50 | $47,966.69 | $39,696.54 |
| 159 | 7/8/2024 | $47,966.69 | $358.13 | $0.00 | $358.13 | $148.28 | $209.85 | $47,818.41 | $39,906.39 |
| 160 | 8/8/2024 | $47,818.41 | $358.13 | $0.00 | $358.13 | $148.92 | $209.21 | $47,669.49 | $40,115.60 |
| 161 | 9/8/2024 | $47,669.49 | $358.13 | $0.00 | $358.13 | $149.58 | $208.55 | $47,519.91 | $40,324.15 |
| 162 | 10/8/2024 | $47,519.91 | $358.13 | $0.00 | $358.13 | $150.23 | $207.90 | $47,369.68 | $40,532.05 |
| 163 | 11/8/2024 | $47,369.68 | $358.13 | $0.00 | $358.13 | $150.89 | $207.24 | $47,218.79 | $40,739.29 |
| 164 | 12/8/2024 | $47,218.79 | $358.13 | $0.00 | $358.13 | $151.55 | $206.58 | $47,067.25 | $40,945.88 |
| 165 | 1/8/2025 | $47,067.25 | $358.13 | $0.00 | $358.13 | $152.21 | $205.92 | $46,915.04 | $41,151.80 |
| 166 | 2/8/2025 | $46,915.04 | $358.13 | $0.00 | $358.13 | $152.88 | $205.25 | $46,762.16 | $41,357.05 |
| 167 | 3/8/2025 | $46,762.16 | $358.13 | $0.00 | $358.13 | $153.55 | $204.58 | $46,608.61 | $41,561.63 |
| 168 | 4/8/2025 | $46,608.61 | $358.13 | $0.00 | $358.13 | $154.22 | $203.91 | $46,454.40 | $41,765.55 |
| 169 | 5/8/2025 | $46,454.40 | $358.13 | $0.00 | $358.13 | $154.89 | $203.24 | $46,299.50 | $41,968.78 |
| 170 | 6/8/2025 | $46,299.50 | $358.13 | $0.00 | $358.13 | $155.57 | $202.56 | $46,143.93 | $42,171.34 |
| 171 | 7/8/2025 | $46,143.93 | $358.13 | $0.00 | $358.13 | $156.25 | $201.88 | $45,987.68 | $42,373.22 |
| 172 | 8/8/2025 | $45,987.68 | $358.13 | $0.00 | $358.13 | $156.93 | $201.20 | $45,830.75 | $42,574.42 |
| 173 | 9/8/2025 | $45,830.75 | $358.13 | $0.00 | $358.13 | $157.62 | $200.51 | $45,673.13 | $42,774.93 |
| 174 | 10/8/2025 | $45,673.13 | $358.13 | $0.00 | $358.13 | $158.31 | $199.82 | $45,514.82 | $42,974.75 |
| 175 | 11/8/2025 | $45,514.82 | $358.13 | $0.00 | $358.13 | $159.00 | $199.13 | $45,355.82 | $43,173.88 |
| 176 | 12/8/2025 | $45,355.82 | $358.13 | $0.00 | $358.13 | $159.70 | $198.43 | $45,196.12 | $43,372.31 |
| 177 | 1/8/2026 | $45,196.12 | $358.13 | $0.00 | $358.13 | $160.40 | $197.73 | $45,035.72 | $43,570.04 |
| 178 | 2/8/2026 | $45,035.72 | $358.13 | $0.00 | $358.13 | $161.10 | $197.03 | $44,874.62 | $43,767.07 |
| 179 | 3/8/2026 | $44,874.62 | $358.13 | $0.00 | $358.13 | $161.80 | $196.33 | $44,712.82 | $43,963.40 |
| 180 | 4/8/2026 | $44,712.82 | $358.13 | $0.00 | $358.13 | $162.51 | $195.62 | $44,550.31 | $44,159.02 |
| 181 | 5/8/2026 | $44,550.31 | $358.13 | $0.00 | $358.13 | $163.22 | $194.91 | $44,387.09 | $44,353.93 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 182 | 6/8/2026 | $44,387.09 | $358.13 | $0.00 | $358.13 | $163.94 | $194.19 | $44,223.15 | $44,548.12 |
| 183 | 7/8/2026 | $44,223.15 | $358.13 | $0.00 | $358.13 | $164.65 | $193.48 | $44,058.50 | $44,741.60 |
| 184 | 8/8/2026 | $44,058.50 | $358.13 | $0.00 | $358.13 | $165.37 | $192.76 | $43,893.12 | $44,934.35 |
| 185 | 9/8/2026 | $43,893.12 | $358.13 | $0.00 | $358.13 | $166.10 | $192.03 | $43,727.02 | $45,126.38 |
| 186 | 10/8/2026 | $43,727.02 | $358.13 | $0.00 | $358.13 | $166.82 | $191.31 | $43,560.20 | $45,317.69 |
| 187 | 11/8/2026 | $43,560.20 | $358.13 | $0.00 | $358.13 | $167.55 | $190.58 | $43,392.65 | $45,508.27 |
| 188 | 12/8/2026 | $43,392.65 | $358.13 | $0.00 | $358.13 | $168.29 | $189.84 | $43,224.36 | $45,698.11 |
| 189 | 1/8/2027 | $43,224.36 | $358.13 | $0.00 | $358.13 | $169.02 | $189.11 | $43,055.33 | $45,887.21 |
| 190 | 2/8/2027 | $43,055.33 | $358.13 | $0.00 | $358.13 | $169.76 | $188.37 | $42,885.57 | $46,075.58 |
| 191 | 3/8/2027 | $42,885.57 | $358.13 | $0.00 | $358.13 | $170.51 | $187.62 | $42,715.07 | $46,263.21 |
| 192 | 4/8/2027 | $42,715.07 | $358.13 | $0.00 | $358.13 | $171.25 | $186.88 | $42,543.81 | $46,450.08 |
| 193 | 5/8/2027 | $42,543.81 | $358.13 | $0.00 | $358.13 | $172.00 | $186.13 | $42,371.81 | $46,636.21 |
| 194 | 6/8/2027 | $42,371.81 | $358.13 | $0.00 | $358.13 | $172.75 | $185.38 | $42,199.06 | $46,821.59 |
| 195 | 7/8/2027 | $42,199.06 | $358.13 | $0.00 | $358.13 | $173.51 | $184.62 | $42,025.55 | $47,006.21 |
| 196 | 8/8/2027 | $42,025.55 | $358.13 | $0.00 | $358.13 | $174.27 | $183.86 | $41,851.28 | $47,190.07 |
| 197 | 9/8/2027 | $41,851.28 | $358.13 | $0.00 | $358.13 | $175.03 | $183.10 | $41,676.25 | $47,373.17 |
| 198 | 10/8/2027 | $41,676.25 | $358.13 | $0.00 | $358.13 | $175.80 | $182.33 | $41,500.46 | $47,555.51 |
| 199 | 11/8/2027 | $41,500.46 | $358.13 | $0.00 | $358.13 | $176.57 | $181.56 | $41,323.89 | $47,737.07 |
| 200 | 12/8/2027 | $41,323.89 | $358.13 | $0.00 | $358.13 | $177.34 | $180.79 | $41,146.55 | $47,917.86 |
| 201 | 1/8/2028 | $41,146.55 | $358.13 | $0.00 | $358.13 | $178.11 | $180.02 | $40,968.44 | $48,097.88 |
| 202 | 2/8/2028 | $40,968.44 | $358.13 | $0.00 | $358.13 | $178.89 | $179.24 | $40,789.55 | $48,277.12 |
| 203 | 3/8/2028 | $40,789.55 | $358.13 | $0.00 | $358.13 | $179.68 | $178.45 | $40,609.87 | $48,455.57 |
| 204 | 4/8/2028 | $40,609.87 | $358.13 | $0.00 | $358.13 | $180.46 | $177.67 | $40,429.41 | $48,633.24 |
| 205 | 5/8/2028 | $40,429.41 | $358.13 | $0.00 | $358.13 | $181.25 | $176.88 | $40,248.16 | $48,810.12 |
| 206 | 6/8/2028 | $40,248.16 | $358.13 | $0.00 | $358.13 | $182.04 | $176.09 | $40,066.11 | $48,986.20 |
| 207 | 7/8/2028 | $40,066.11 | $358.13 | $0.00 | $358.13 | $182.84 | $175.29 | $39,883.27 | $49,161.49 |
| 208 | 8/8/2028 | $39,883.27 | $358.13 | $0.00 | $358.13 | $183.64 | $174.49 | $39,699.63 | $49,335.98 |
| 209 | 9/8/2028 | $39,699.63 | $358.13 | $0.00 | $358.13 | $184.44 | $173.69 | $39,515.19 | $49,509.67 |
| 210 | 10/8/2028 | $39,515.19 | $358.13 | $0.00 | $358.13 | $185.25 | $172.88 | $39,329.94 | $49,682.55 |
| 211 | 11/8/2028 | $39,329.94 | $358.13 | $0.00 | $358.13 | $186.06 | $172.07 | $39,143.87 | $49,854.61 |
| 212 | 12/8/2028 | $39,143.87 | $358.13 | $0.00 | $358.13 | $186.88 | $171.25 | $38,957.00 | $50,025.87 |
| 213 | 1/8/2029 | $38,957.00 | $358.13 | $0.00 | $358.13 | $187.69 | $170.44 | $38,769.31 | $50,196.31 |
| 214 | 2/8/2029 | $38,769.31 | $358.13 | $0.00 | $358.13 | $188.51 | $169.62 | $38,580.79 | $50,365.92 |
| 215 | 3/8/2029 | $38,580.79 | $358.13 | $0.00 | $358.13 | $189.34 | $168.79 | $38,391.45 | $50,534.71 |
| 216 | 4/8/2029 | $38,391.45 | $358.13 | $0.00 | $358.13 | $190.17 | $167.96 | $38,201.29 | $50,702.67 |
| 217 | 5/8/2029 | $38,201.29 | $358.13 | $0.00 | $358.13 | $191.00 | $167.13 | $38,010.29 | $50,869.81 |
| 218 | 6/8/2029 | $38,010.29 | $358.13 | $0.00 | $358.13 | $191.83 | $166.30 | $37,818.45 | $51,036.10 |
| 219 | 7/8/2029 | $37,818.45 | $358.13 | $0.00 | $358.13 | $192.67 | $165.46 | $37,625.78 | $51,201.56 |
| 220 | 8/8/2029 | $37,625.78 | $358.13 | $0.00 | $358.13 | $193.52 | $164.61 | $37,432.26 | $51,366.17 |
| 221 | 9/8/2029 | $37,432.26 | $358.13 | $0.00 | $358.13 | $194.36 | $163.77 | $37,237.90 | $51,529.94 |
| 222 | 10/8/2029 | $37,237.90 | $358.13 | $0.00 | $358.13 | $195.21 | $162.92 | $37,042.68 | $51,692.85 |
| 223 | 11/8/2029 | $37,042.68 | $358.13 | $0.00 | $358.13 | $196.07 | $162.06 | $36,846.61 | $51,854.91 |
| 224 | 12/8/2029 | $36,846.61 | $358.13 | $0.00 | $358.13 | $196.93 | $161.20 | $36,649.69 | $52,016.12 |
| 225 | 1/8/2030 | $36,649.69 | $358.13 | $0.00 | $358.13 | $197.79 | $160.34 | $36,451.90 | $52,176.46 |
| 226 | 2/8/2030 | $36,451.90 | $358.13 | $0.00 | $358.13 | $198.65 | $159.48 | $36,253.25 | $52,335.94 |
| 227 | 3/8/2030 | $36,253.25 | $358.13 | $0.00 | $358.13 | $199.52 | $158.61 | $36,053.72 | $52,494.54 |
| 228 | 4/8/2030 | $36,053.72 | $358.13 | $0.00 | $358.13 | $200.39 | $157.74 | $35,853.33 | $52,652.28 |
| 229 | 5/8/2030 | $35,853.33 | $358.13 | $0.00 | $358.13 | $201.27 | $156.86 | $35,652.06 | $52,809.14 |

Page 5 of 8

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 230 | 6/8/2030 | $35,652.06 | $358.13 | $0.00 | $358.13 | $202.15 | $155.98 | $35,449.91 | $52,965.12 |
| 231 | 7/8/2030 | $35,449.91 | $358.13 | $0.00 | $358.13 | $203.04 | $155.09 | $35,246.87 | $53,120.21 |
| 232 | 8/8/2030 | $35,246.87 | $358.13 | $0.00 | $358.13 | $203.92 | $154.21 | $35,042.94 | $53,274.41 |
| 233 | 9/8/2030 | $35,042.94 | $358.13 | $0.00 | $358.13 | $204.82 | $153.31 | $34,838.13 | $53,427.73 |
| 234 | 10/8/2030 | $34,838.13 | $358.13 | $0.00 | $358.13 | $205.71 | $152.42 | $34,632.41 | $53,580.14 |
| 235 | 11/8/2030 | $34,632.41 | $358.13 | $0.00 | $358.13 | $206.61 | $151.52 | $34,425.80 | $53,731.66 |
| 236 | 12/8/2030 | $34,425.80 | $358.13 | $0.00 | $358.13 | $207.52 | $150.61 | $34,218.28 | $53,882.27 |
| 237 | 1/8/2031 | $34,218.28 | $358.13 | $0.00 | $358.13 | $208.43 | $149.70 | $34,009.86 | $54,031.98 |
| 238 | 2/8/2031 | $34,009.86 | $358.13 | $0.00 | $358.13 | $209.34 | $148.79 | $33,800.52 | $54,180.77 |
| 239 | 3/8/2031 | $33,800.52 | $358.13 | $0.00 | $358.13 | $210.25 | $147.88 | $33,590.27 | $54,328.65 |
| 240 | 4/8/2031 | $33,590.27 | $358.13 | $0.00 | $358.13 | $211.17 | $146.96 | $33,379.10 | $54,475.61 |
| 241 | 5/8/2031 | $33,379.10 | $358.13 | $0.00 | $358.13 | $212.10 | $146.03 | $33,167.00 | $54,621.64 |
| 242 | 6/8/2031 | $33,167.00 | $358.13 | $0.00 | $358.13 | $213.02 | $145.11 | $32,953.98 | $54,766.74 |
| 243 | 7/8/2031 | $32,953.98 | $358.13 | $0.00 | $358.13 | $213.96 | $144.17 | $32,740.02 | $54,910.92 |
| 244 | 8/8/2031 | $32,740.02 | $358.13 | $0.00 | $358.13 | $214.89 | $143.24 | $32,525.13 | $55,054.16 |
| 245 | 9/8/2031 | $32,525.13 | $358.13 | $0.00 | $358.13 | $215.83 | $142.30 | $32,309.29 | $55,196.45 |
| 246 | 10/8/2031 | $32,309.29 | $358.13 | $0.00 | $358.13 | $216.78 | $141.35 | $32,092.52 | $55,337.81 |
| 247 | 11/8/2031 | $32,092.52 | $358.13 | $0.00 | $358.13 | $217.73 | $140.40 | $31,874.79 | $55,478.21 |
| 248 | 12/8/2031 | $31,874.79 | $358.13 | $0.00 | $358.13 | $218.68 | $139.45 | $31,656.11 | $55,617.66 |
| 249 | 1/8/2032 | $31,656.11 | $358.13 | $0.00 | $358.13 | $219.63 | $138.50 | $31,436.48 | $55,756.16 |
| 250 | 2/8/2032 | $31,436.48 | $358.13 | $0.00 | $358.13 | $220.60 | $137.53 | $31,215.88 | $55,893.69 |
| 251 | 3/8/2032 | $31,215.88 | $358.13 | $0.00 | $358.13 | $221.56 | $136.57 | $30,994.32 | $56,030.26 |
| 252 | 4/8/2032 | $30,994.32 | $358.13 | $0.00 | $358.13 | $222.53 | $135.60 | $30,771.79 | $56,165.86 |
| 253 | 5/8/2032 | $30,771.79 | $358.13 | $0.00 | $358.13 | $223.50 | $134.63 | $30,548.29 | $56,300.49 |
| 254 | 6/8/2032 | $30,548.29 | $358.13 | $0.00 | $358.13 | $224.48 | $133.65 | $30,323.81 | $56,434.14 |
| 255 | 7/8/2032 | $30,323.81 | $358.13 | $0.00 | $358.13 | $225.46 | $132.67 | $30,098.35 | $56,566.81 |
| 256 | 8/8/2032 | $30,098.35 | $358.13 | $0.00 | $358.13 | $226.45 | $131.68 | $29,871.90 | $56,698.49 |
| 257 | 9/8/2032 | $29,871.90 | $358.13 | $0.00 | $358.13 | $227.44 | $130.69 | $29,644.46 | $56,829.18 |
| 258 | 10/8/2032 | $29,644.46 | $358.13 | $0.00 | $358.13 | $228.44 | $129.69 | $29,416.02 | $56,958.87 |
| 259 | 11/8/2032 | $29,416.02 | $358.13 | $0.00 | $358.13 | $229.43 | $128.70 | $29,186.59 | $57,087.56 |
| 260 | 12/8/2032 | $29,186.59 | $358.13 | $0.00 | $358.13 | $230.44 | $127.69 | $28,956.15 | $57,215.26 |
| 261 | 1/8/2033 | $28,956.15 | $358.13 | $0.00 | $358.13 | $231.45 | $126.68 | $28,724.70 | $57,341.94 |
| 262 | 2/8/2033 | $28,724.70 | $358.13 | $0.00 | $358.13 | $232.46 | $125.67 | $28,492.24 | $57,467.61 |
| 263 | 3/8/2033 | $28,492.24 | $358.13 | $0.00 | $358.13 | $233.48 | $124.65 | $28,258.76 | $57,592.26 |
| 264 | 4/8/2033 | $28,258.76 | $358.13 | $0.00 | $358.13 | $234.50 | $123.63 | $28,024.27 | $57,715.90 |
| 265 | 5/8/2033 | $28,024.27 | $358.13 | $0.00 | $358.13 | $235.52 | $122.61 | $27,788.74 | $57,838.50 |
| 266 | 6/8/2033 | $27,788.74 | $358.13 | $0.00 | $358.13 | $236.55 | $121.58 | $27,552.19 | $57,960.08 |
| 267 | 7/8/2033 | $27,552.19 | $358.13 | $0.00 | $358.13 | $237.59 | $120.54 | $27,314.60 | $58,080.62 |
| 268 | 8/8/2033 | $27,314.60 | $358.13 | $0.00 | $358.13 | $238.63 | $119.50 | $27,075.97 | $58,200.12 |
| 269 | 9/8/2033 | $27,075.97 | $358.13 | $0.00 | $358.13 | $239.67 | $118.46 | $26,836.30 | $58,318.58 |
| 270 | 10/8/2033 | $26,836.30 | $358.13 | $0.00 | $358.13 | $240.72 | $117.41 | $26,595.58 | $58,435.99 |
| 271 | 11/8/2033 | $26,595.58 | $358.13 | $0.00 | $358.13 | $241.77 | $116.36 | $26,353.80 | $58,552.34 |
| 272 | 12/8/2033 | $26,353.80 | $358.13 | $0.00 | $358.13 | $242.83 | $115.30 | $26,110.97 | $58,667.64 |
| 273 | 1/8/2034 | $26,110.97 | $358.13 | $0.00 | $358.13 | $243.89 | $114.24 | $25,867.08 | $58,781.87 |
| 274 | 2/8/2034 | $25,867.08 | $358.13 | $0.00 | $358.13 | $244.96 | $113.17 | $25,622.11 | $58,895.04 |
| 275 | 3/8/2034 | $25,622.11 | $358.13 | $0.00 | $358.13 | $246.03 | $112.10 | $25,376.08 | $59,007.14 |
| 276 | 4/8/2034 | $25,376.08 | $358.13 | $0.00 | $358.13 | $247.11 | $111.02 | $25,128.97 | $59,118.16 |
| 277 | 5/8/2034 | $25,128.97 | $358.13 | $0.00 | $358.13 | $248.19 | $109.94 | $24,880.78 | $59,228.10 |

Page 6 of 8

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 278 | 6/8/2034 | $24,880.78 | $358.13 | $0.00 | $358.13 | $249.28 | $108.85 | $24,631.50 | $59,336.95 |
| 279 | 7/8/2034 | $24,631.50 | $358.13 | $0.00 | $358.13 | $250.37 | $107.76 | $24,381.14 | $59,444.72 |
| 280 | 8/8/2034 | $24,381.14 | $358.13 | $0.00 | $358.13 | $251.46 | $106.67 | $24,129.67 | $59,551.38 |
| 281 | 9/8/2034 | $24,129.67 | $358.13 | $0.00 | $358.13 | $252.56 | $105.57 | $23,877.11 | $59,656.95 |
| 282 | 10/8/2034 | $23,877.11 | $358.13 | $0.00 | $358.13 | $253.67 | $104.46 | $23,623.44 | $59,761.41 |
| 283 | 11/8/2034 | $23,623.44 | $358.13 | $0.00 | $358.13 | $254.78 | $103.35 | $23,368.67 | $59,864.77 |
| 284 | 12/8/2034 | $23,368.67 | $358.13 | $0.00 | $358.13 | $255.89 | $102.24 | $23,112.77 | $59,967.00 |
| 285 | 1/8/2035 | $23,112.77 | $358.13 | $0.00 | $358.13 | $257.01 | $101.12 | $22,855.76 | $60,068.12 |
| 286 | 2/8/2035 | $22,855.76 | $358.13 | $0.00 | $358.13 | $258.14 | $99.99 | $22,597.63 | $60,168.12 |
| 287 | 3/8/2035 | $22,597.63 | $358.13 | $0.00 | $358.13 | $259.27 | $98.86 | $22,338.36 | $60,266.98 |
| 288 | 4/8/2035 | $22,338.36 | $358.13 | $0.00 | $358.13 | $260.40 | $97.73 | $22,077.96 | $60,364.71 |
| 289 | 5/8/2035 | $22,077.96 | $358.13 | $0.00 | $358.13 | $261.54 | $96.59 | $21,816.42 | $60,461.30 |
| 290 | 6/8/2035 | $21,816.42 | $358.13 | $0.00 | $358.13 | $262.68 | $95.45 | $21,553.74 | $60,556.75 |
| 291 | 7/8/2035 | $21,553.74 | $358.13 | $0.00 | $358.13 | $263.83 | $94.30 | $21,289.91 | $60,651.05 |
| 292 | 8/8/2035 | $21,289.91 | $358.13 | $0.00 | $358.13 | $264.99 | $93.14 | $21,024.92 | $60,744.19 |
| 293 | 9/8/2035 | $21,024.92 | $358.13 | $0.00 | $358.13 | $266.15 | $91.98 | $20,758.77 | $60,836.17 |
| 294 | 10/8/2035 | $20,758.77 | $358.13 | $0.00 | $358.13 | $267.31 | $90.82 | $20,491.46 | $60,926.99 |
| 295 | 11/8/2035 | $20,491.46 | $358.13 | $0.00 | $358.13 | $268.48 | $89.65 | $20,222.98 | $61,016.64 |
| 296 | 12/8/2035 | $20,222.98 | $358.13 | $0.00 | $358.13 | $269.65 | $88.48 | $19,953.33 | $61,105.12 |
| 297 | 1/8/2036 | $19,953.33 | $358.13 | $0.00 | $358.13 | $270.83 | $87.30 | $19,682.50 | $61,192.41 |
| 298 | 2/8/2036 | $19,682.50 | $358.13 | $0.00 | $358.13 | $272.02 | $86.11 | $19,410.48 | $61,278.53 |
| 299 | 3/8/2036 | $19,410.48 | $358.13 | $0.00 | $358.13 | $273.21 | $84.92 | $19,137.27 | $61,363.45 |
| 300 | 4/8/2036 | $19,137.27 | $358.13 | $0.00 | $358.13 | $274.40 | $83.73 | $18,862.86 | $61,447.17 |
| 301 | 5/8/2036 | $18,862.86 | $358.13 | $0.00 | $358.13 | $275.60 | $82.53 | $18,587.26 | $61,529.70 |
| 302 | 6/8/2036 | $18,587.26 | $358.13 | $0.00 | $358.13 | $276.81 | $81.32 | $18,310.45 | $61,611.02 |
| 303 | 7/8/2036 | $18,310.45 | $358.13 | $0.00 | $358.13 | $278.02 | $80.11 | $18,032.42 | $61,691.12 |
| 304 | 8/8/2036 | $18,032.42 | $358.13 | $0.00 | $358.13 | $279.24 | $78.89 | $17,753.19 | $61,770.02 |
| 305 | 9/8/2036 | $17,753.19 | $358.13 | $0.00 | $358.13 | $280.46 | $77.67 | $17,472.73 | $61,847.69 |
| 306 | 10/8/2036 | $17,472.73 | $358.13 | $0.00 | $358.13 | $281.69 | $76.44 | $17,191.04 | $61,924.13 |
| 307 | 11/8/2036 | $17,191.04 | $358.13 | $0.00 | $358.13 | $282.92 | $75.21 | $16,908.12 | $61,999.34 |
| 308 | 12/8/2036 | $16,908.12 | $358.13 | $0.00 | $358.13 | $284.16 | $73.97 | $16,623.96 | $62,073.31 |
| 309 | 1/8/2037 | $16,623.96 | $358.13 | $0.00 | $358.13 | $285.40 | $72.73 | $16,338.56 | $62,146.04 |
| 310 | 2/8/2037 | $16,338.56 | $358.13 | $0.00 | $358.13 | $286.65 | $71.48 | $16,051.91 | $62,217.52 |
| 311 | 3/8/2037 | $16,051.91 | $358.13 | $0.00 | $358.13 | $287.90 | $70.23 | $15,764.01 | $62,287.75 |
| 312 | 4/8/2037 | $15,764.01 | $358.13 | $0.00 | $358.13 | $289.16 | $68.97 | $15,474.85 | $62,356.72 |
| 313 | 5/8/2037 | $15,474.85 | $358.13 | $0.00 | $358.13 | $290.43 | $67.70 | $15,184.42 | $62,424.42 |
| 314 | 6/8/2037 | $15,184.42 | $358.13 | $0.00 | $358.13 | $291.70 | $66.43 | $14,892.72 | $62,490.85 |
| 315 | 7/8/2037 | $14,892.72 | $358.13 | $0.00 | $358.13 | $292.97 | $65.16 | $14,599.75 | $62,556.01 |
| 316 | 8/8/2037 | $14,599.75 | $358.13 | $0.00 | $358.13 | $294.26 | $63.87 | $14,305.49 | $62,619.88 |
| 317 | 9/8/2037 | $14,305.49 | $358.13 | $0.00 | $358.13 | $295.54 | $62.59 | $14,009.95 | $62,682.47 |
| 318 | 10/8/2037 | $14,009.95 | $358.13 | $0.00 | $358.13 | $296.84 | $61.29 | $13,713.11 | $62,743.76 |
| 319 | 11/8/2037 | $13,713.11 | $358.13 | $0.00 | $358.13 | $298.14 | $59.99 | $13,414.98 | $62,803.76 |
| 320 | 12/8/2037 | $13,414.98 | $358.13 | $0.00 | $358.13 | $299.44 | $58.69 | $13,115.54 | $62,862.45 |
| 321 | 1/8/2038 | $13,115.54 | $358.13 | $0.00 | $358.13 | $300.75 | $57.38 | $12,814.79 | $62,919.83 |
| 322 | 2/8/2038 | $12,814.79 | $358.13 | $0.00 | $358.13 | $302.07 | $56.06 | $12,512.72 | $62,975.89 |
| 323 | 3/8/2038 | $12,512.72 | $358.13 | $0.00 | $358.13 | $303.39 | $54.74 | $12,209.34 | $63,030.64 |
| 324 | 4/8/2038 | $12,209.34 | $358.13 | $0.00 | $358.13 | $304.71 | $53.42 | $11,904.62 | $63,084.05 |
| 325 | 5/8/2038 | $11,904.62 | $358.13 | $0.00 | $358.13 | $306.05 | $52.08 | $11,598.58 | $63,136.14 |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 326 | 6/8/2038 | $11,598.58 | $358.13 | $0.00 | $358.13 | $307.39 | $50.74 | $11,291.19 | $63,186.88 |
| 327 | 7/8/2038 | $11,291.19 | $358.13 | $0.00 | $358.13 | $308.73 | $49.40 | $10,982.46 | $63,236.28 |
| 328 | 8/8/2038 | $10,982.46 | $358.13 | $0.00 | $358.13 | $310.08 | $48.05 | $10,672.38 | $63,284.33 |
| 329 | 9/8/2038 | $10,672.38 | $358.13 | $0.00 | $358.13 | $311.44 | $46.69 | $10,360.94 | $63,331.02 |
| 330 | 10/8/2038 | $10,360.94 | $358.13 | $0.00 | $358.13 | $312.80 | $45.33 | $10,048.14 | $63,376.35 |
| 331 | 11/8/2038 | $10,048.14 | $358.13 | $0.00 | $358.13 | $314.17 | $43.96 | $9,733.97 | $63,420.31 |
| 332 | 12/8/2038 | $9,733.97 | $358.13 | $0.00 | $358.13 | $315.54 | $42.59 | $9,418.42 | $63,462.89 |
| 333 | 1/8/2039 | $9,418.42 | $358.13 | $0.00 | $358.13 | $316.92 | $41.21 | $9,101.50 | $63,504.10 |
| 334 | 2/8/2039 | $9,101.50 | $358.13 | $0.00 | $358.13 | $318.31 | $39.82 | $8,783.19 | $63,543.92 |
| 335 | 3/8/2039 | $8,783.19 | $358.13 | $0.00 | $358.13 | $319.70 | $38.43 | $8,463.49 | $63,582.35 |
| 336 | 4/8/2039 | $8,463.49 | $358.13 | $0.00 | $358.13 | $321.10 | $37.03 | $8,142.38 | $63,619.37 |
| 337 | 5/8/2039 | $8,142.38 | $358.13 | $0.00 | $358.13 | $322.51 | $35.62 | $7,819.88 | $63,655.00 |
| 338 | 6/8/2039 | $7,819.88 | $358.13 | $0.00 | $358.13 | $323.92 | $34.21 | $7,495.96 | $63,689.21 |
| 339 | 7/8/2039 | $7,495.96 | $358.13 | $0.00 | $358.13 | $325.34 | $32.79 | $7,170.62 | $63,722.00 |
| 340 | 8/8/2039 | $7,170.62 | $358.13 | $0.00 | $358.13 | $326.76 | $31.37 | $6,843.86 | $63,753.37 |
| 341 | 9/8/2039 | $6,843.86 | $358.13 | $0.00 | $358.13 | $328.19 | $29.94 | $6,515.68 | $63,783.32 |
| 342 | 10/8/2039 | $6,515.68 | $358.13 | $0.00 | $358.13 | $329.62 | $28.51 | $6,186.05 | $63,811.82 |
| 343 | 11/8/2039 | $6,186.05 | $358.13 | $0.00 | $358.13 | $331.07 | $27.06 | $5,854.99 | $63,838.89 |
| 344 | 12/8/2039 | $5,854.99 | $358.13 | $0.00 | $358.13 | $332.51 | $25.62 | $5,522.47 | $63,864.50 |
| 345 | 1/8/2040 | $5,522.47 | $358.13 | $0.00 | $358.13 | $333.97 | $24.16 | $5,188.50 | $63,888.66 |
| 346 | 2/8/2040 | $5,188.50 | $358.13 | $0.00 | $358.13 | $335.43 | $22.70 | $4,853.07 | $63,911.36 |
| 347 | 3/8/2040 | $4,853.07 | $358.13 | $0.00 | $358.13 | $336.90 | $21.23 | $4,516.17 | $63,932.59 |
| 348 | 4/8/2040 | $4,516.17 | $358.13 | $0.00 | $358.13 | $338.37 | $19.76 | $4,177.80 | $63,952.35 |
| 349 | 5/8/2040 | $4,177.80 | $358.13 | $0.00 | $358.13 | $339.85 | $18.28 | $3,837.95 | $63,970.63 |
| 350 | 6/8/2040 | $3,837.95 | $358.13 | $0.00 | $358.13 | $341.34 | $16.79 | $3,496.61 | $63,987.42 |
| 351 | 7/8/2040 | $3,496.61 | $358.13 | $0.00 | $358.13 | $342.83 | $15.30 | $3,153.78 | $64,002.72 |
| 352 | 8/8/2040 | $3,153.78 | $358.13 | $0.00 | $358.13 | $344.33 | $13.80 | $2,809.45 | $64,016.52 |
| 353 | 9/8/2040 | $2,809.45 | $358.13 | $0.00 | $358.13 | $345.84 | $12.29 | $2,463.61 | $64,028.81 |
| 354 | 10/8/2040 | $2,463.61 | $358.13 | $0.00 | $358.13 | $347.35 | $10.78 | $2,116.26 | $64,039.59 |
| 355 | 11/8/2040 | $2,116.26 | $358.13 | $0.00 | $358.13 | $348.87 | $9.26 | $1,767.39 | $64,048.85 |
| 356 | 12/8/2040 | $1,767.39 | $358.13 | $0.00 | $358.13 | $350.40 | $7.73 | $1,416.99 | $64,056.58 |
| 357 | 1/8/2041 | $1,416.99 | $358.13 | $0.00 | $358.13 | $351.93 | $6.20 | $1,065.06 | $64,062.78 |
| 358 | 2/8/2041 | $1,065.06 | $358.13 | $0.00 | $358.13 | $353.47 | $4.66 | $711.59 | $64,067.44 |
| 359 | 3/8/2041 | $711.59 | $358.13 | $0.00 | $358.13 | $355.02 | $3.11 | $356.57 | $64,070.55 |
| 360 | 4/8/2041 | $356.57 | $358.13 | $0.00 | $356.57 | $355.01 | $1.56 | $0.00 | $64,072.11 |

# EXHIBIT 6

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

Loanhist.rpt
08/17/2017 12:11:23PM

# Shellpoint Mortgage Servicing
## Loan History Summary

Page #1

**Loan ID** 4232  **Borrower Name** Melani Schulte

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Escrow Amount | Escrow Balance | Late Charge Amount | Late Charge Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/08/17 | 08/15/17 | County Tax Bill 1 | 0 | 0 | (279.41) | | 62,896.69 | | (279.41) | (5,314.18) | | 0.00 | $0.00 | None |
| | | Payee: CLARK COUNTY  Batch ID: 4039 | | | | | | | | | | | | |
| 08/08/17 | 03/01/13 | Tax Contract Xfer Disb | 0 | 0 | (5.00) | | 62,896.69 | | | (5,034.77) | | 0.00 | $0.00 | ACH |
| | | Payee: CoreLogic Tax Services LLC  Batch ID: 3856 | | | | | | | | | | | | |
| | | Invoice Number: 706-1122412 | | | | | | | | | | | | |
| 08/08/17 | 03/01/13 | Property Inspection Disb | 0 | 0 | (13.00) | | 62,896.69 | | | (5,034.77) | | 0.00 | $0.00 | ACH |
| | | Payee: CYPREXX SERVICES  Batch ID: 3462 | | | | | | | | | | | | |
| | | Invoice Number: 6659682 | | | | | | | | | | | | |
| 07/10/17 | 03/01/13 | Property Inspection Disb | 0 | 0 | (13.00) | | 62,896.69 | | | (5,034.77) | | 0.00 | $0.00 | ACH |
| | | Payee: CYPREXX SERVICES  Batch ID: 21073 | | | | | | | | | | | | |
| | | Invoice Number: 6586372 | | | | | | | | | | | | |
| 06/29/17 | 07/23/17 | Hazard Disb | 0 | 0 | (474.00) | | 62,896.69 | | (474.00) | (5,034.77) | | 0.00 | $0.00 | None |
| | | Payee: CENTURY NATIONAL INSURANCE  Batch ID: 16274 | | | | | | | | | | | | |
| 06/22/17 | 03/01/13 | New Loan | 0 | 0 | 0.00 | | 62,896.69 | | | (4,560.77) | | 0.00 | $0.00 | None |
| 05/10/17 | 02/01/17 | FC Costs Assess | 0 | 0 | (517.50) | | 62,896.69 | | | (4,560.77) | | 0.00 | $0.00 | None |
| 05/10/17 | 02/01/17 | FC Costs Assess | 0 | 0 | (43.00) | | 62,896.69 | | | (4,560.77) | | 0.00 | $0.00 | None |
| 03/14/17 | 02/01/17 | FC Costs Assess | -0 | 0 | (315.00) | | 62,896.69 | | | (4,560.77) | | 0.00 | $0.00 | None |
| 02/28/17 | 02/01/17 | Property Inspection Asse | 0 | 0 | (15.00) | | 62,896.69 | | | (4,560.77) | | 0.00 | $0.00 | None |
| 02/16/17 | 02/01/17 | County Tax Bill 1 | 0 | 0 | (270.59) | | 62,896.69 | | (270.59) | (4,560.77) | | 0.00 | $0.00 | None |
| 12/16/16 | 12/01/16 | County Tax Bill 1 | 0 | 0 | (270.59) | | 62,896.69 | | (270.59) | (4,290.18) | | 0.00 | $0.00 | None |
| 09/15/16 | 09/01/16 | County Tax Bill 1 | 0 | 0 | (270.59) | | 62,896.69 | | (270.59) | (4,290.18) | | 0.00 | $0.00 | None |
| 09/01/16 | 03/01/13 | Principal Only Payment | 0 | 0 | 161.19 | 161.19 | 63,057.88 | | | (4,019.59) | | 0.00 | $0.00 | None |
| 09/01/16 | 03/01/13 | Unapplied Payment | 0 | 0 | (161.19) | | 63,057.88 | | | (3,749.00) | | 0.00 | $0.00 | None |
| 07/27/16 | 08/01/16 | County Tax Bill 1 | 0 | 0 | (272.40) | | 63,057.88 | | (272.40) | (3,749.00) | | 0.00 | $0.00 | None |
| 07/06/16 | 07/01/16 | Hazard Disb | 0 | 0 | (460.00) | | 63,057.88 | | (460.00) | (3,476.60) | | 0.00 | $0.00 | None |
| 07/07/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | 13.50 | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |
| 04/07/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | 13.50 | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |
| 04/07/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | 13.50 | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |
| 04/06/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |
| 04/06/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |
| 04/06/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | 63,057.88 | | | (3,476.60) | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:13PM

# Shellpoint Mortgage Servicing
## Loan History Summary

Page #2

**Borrower Name**
Melani Schulte

**Loan ID** :232

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/22/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | | | | (3,476.60) | | 0.00 | $0.00 | None |
| 03/22/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | | | | (3,476.60) | | 0.00 | $0.00 | None |
| 03/22/16 | 07/01/16 | Property Inspection Asse | 0 | 0 | (13.50) | | | | | (3,476.60) | | 0.00 | $0.00 | None |
| 02/09/16 | 02/01/13 | Interest Only Payment | 0 | 0 | (270.05) | | 63,057.88 | | (270.05) | (39.00) | | 0.00 | $0.00 | None |
| 12/11/15 | 02/01/13 | Interest Only Payment | 0 | 0 | (270.05) | | 63,057.88 | | (270.05) | 231.05 | | 0.00 | $0.00 | None |
| 09/14/15 | 02/01/13 | Interest Only Payment | 0 | 0 | (271.01) | | 63,057.88 | | (271.01) | 501.10 | | 0.00 | $0.00 | None |
| 08/03/15 | 02/01/13 | Interest Only Payment | 0 | 0 | (445.00) | | 63,057.88 | | (445.00) | 771.15 | | 0.00 | $0.00 | None |
| 07/03/15 | 02/01/13 | Interest Only Payment | 0 | 0 | (261.68) | | 63,057.88 | | (261.68) | 1,042.16 | | 0.00 | $0.00 | None |
| 02/09/15 | 02/01/13 | Interest Only Payment | 0 | 0 | (261.68) | | 63,057.88 | | (261.68) | 1,467.16 | | 0.00 | $0.00 | None |
| 12/15/14 | 02/01/13 | Interest Only Payment | 0 | 0 | (261.68) | | 63,057.88 | | (261.68) | 1,746.84 | | 0.00 | $0.00 | None |
| 09/16/14 | 02/01/13 | Interest Only Payment | 0 | 0 | (261.68) | | 63,057.88 | | (261.68) | 2,010.52 | | 0.00 | $0.00 | None |
| 08/01/14 | 02/01/13 | Interest Only Payment | 0 | 0 | (262.40) | | 63,057.88 | | (262.40) | 2,272.20 | | 0.00 | $0.00 | None |
| 07/03/14 | 02/01/13 | Interest Only Payment | 0 | 0 | (443.00) | | 63,057.88 | | (443.00) | 2,534.60 | | 0.00 | $0.00 | None |
| 03/05/14 | 02/01/13 | Escrow Disbursement | 0 | 0 | (3,815.74) | | 63,057.88 | (3,815.74) | | 2,977.60 | | 0.00 | $0.00 | None |

Payee: Melani Schulte Batch ID: 0

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/26/14 | 02/01/13 | Regular Payment | 0 | 0 | 358.13 | 81.89 | 63,057.88 | 276.24 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 01/01/13 | Regular Payment | 0 | 0 | 358.13 | 81.54 | 63,139.77 | 276.59 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 12/01/12 | Regular Payment | 0 | 0 | 358.13 | 81.18 | 63,221.31 | 276.95 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 11/01/12 | Regular Payment | 0 | 0 | 358.13 | 80.83 | 63,302.49 | 277.30 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 10/01/12 | Regular Payment | 0 | 0 | 358.13 | 80.48 | 63,383.32 | 277.65 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 09/01/12 | Regular Payment | 0 | 0 | 358.13 | 80.13 | 63,463.80 | 278.00 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 08/01/12 | Regular Payment | 0 | 0 | 358.13 | 79.78 | 63,543.93 | 278.35 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 07/01/12 | Regular Payment | 0 | 0 | 358.13 | 79.43 | 63,623.71 | 278.70 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 06/01/12 | Regular Payment | 0 | 0 | 358.13 | 79.08 | 63,703.14 | 279.05 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 05/01/12 | Regular Payment | 0 | 0 | 358.13 | 78.74 | 63,782.22 | 279.39 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 04/01/12 | Regular Payment | 0 | 0 | 358.13 | 78.40 | 63,860.96 | 279.73 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 03/01/12 | Regular Payment | 0 | 0 | 358.13 | 78.05 | 63,939.36 | 280.08 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 02/01/12 | Regular Payment | 0 | 0 | 358.13 | 77.71 | 64,017.41 | 280.42 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 01/01/12 | Regular Payment | 0 | 0 | 358.13 | 77.38 | 64,095.12 | 280.75 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 12/01/11 | Regular Payment | 0 | 0 | 358.13 | 77.04 | 64,172.50 | 281.09 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 11/01/11 | Regular Payment | 0 | 0 | 358.13 | 76.70 | 64,249.54 | 281.43 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 10/01/11 | Regular Payment | 0 | 0 | 358.13 | 76.37 | 64,326.24 | 281.76 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 09/01/11 | Regular Payment | 0 | 0 | 358.13 | 76.04 | 64,402.61 | 282.09 | | 2,977.60 | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

## Shellpoint Mortgage Servicing
## Loan History Summary

**Borrower Name:** Melani Schulte

**Loan ID:** 232

| Trans Date / Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Escrow Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/26/14 | 08/01/11 | Regular Payment | 0 | 0 | 358.13 | 75.70 | 64,478.65 | 282.43 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 07/01/11 | Regular Payment | 0 | 0 | 358.13 | 75.37 | 64,554.35 | 282.76 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 06/01/11 | Regular Payment | 0 | 0 | 358.13 | 75.05 | 64,629.72 | 283.08 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 05/01/11 | Regular Payment | 0 | 0 | 358.13 | 74.72 | 64,704.77 | 283.41 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 04/01/11 | Regular Payment | 0 | 0 | 358.13 | 74.39 | 64,779.49 | 283.74 | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/26/14 | 03/01/11 | Unapplied Payment | 0 | 0 | (8,236.99) | | 64,853.88 | | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/25/14 | 02/25/14 | Regular Payment | 0 | 0 | 11,913.72 | 3,507.00 | 64,853.88 | 7,328.16 | | 2,977.60 | 1,078.56 | 0.00 | $0.00 | None |
| 02/25/14 | 02/25/14 | Principal Only Payment | 0 | 0 | (7,451.32) | (7,451.32) | 68,360.88 | | | 2,977.60 | | 0.00 | $0.00 | None |
| 02/25/14 | 02/25/14 | Escrow Only Payment | 0 | 0 | 7,451.32 | | 60,909.56 | | 7,451.32 | 2,977.60 | | 0.00 | $0.00 | None |
| 02/20/14 | 12/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (569.21) | 60,909.56 | (329.78) | (190.63) | (4,473.72) | | 0.00 | $0.00 | None |
| 02/20/14 | 11/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (565.97) | 60,340.35 | (333.02) | (190.63) | (4,283.09) | | 0.00 | $0.00 | None |
| 02/20/14 | 10/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (562.74) | 59,774.38 | (336.25) | (190.63) | (4,092.46) | | 0.00 | $0.00 | None |
| 02/20/14 | 09/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (559.54) | 59,211.64 | (339.45) | (190.63) | (3,901.83) | | 0.00 | $0.00 | None |
| 02/20/14 | 08/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (556.35) | 58,652.10 | (342.64) | (190.63) | (3,711.20) | | 0.00 | $0.00 | None |
| 02/20/14 | 07/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (553.18) | 58,095.75 | (345.81) | (190.63) | (3,520.57) | | 0.00 | $0.00 | None |
| 02/20/14 | 06/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (550.03) | 57,542.57 | (348.96) | (190.63) | (3,329.94) | | 0.00 | $0.00 | None |
| 02/20/14 | 06/01/09 | Unapplied Payment | 0 | 0 | 7,627.34 | | 56,992.54 | | | (3,139.31) | | 0.00 | $0.00 | None |
| 02/17/14 | 09/01/13 | Late Charge Assess | 0 | 0 | (1,078.56) | | 56,992.54 | | | (3,139.31) | (1,078.56) | 0.00 | $0.00 | None |
| 02/17/14 | 09/01/13 | Late Charge Assess | 0 | 0 | (1,078.56) | | 56,992.54 | | | (3,139.31) | (1,078.56) | 0.00 | $0.00 | None |
| 02/17/14 | 09/01/13 | Interest Only Payment | 0 | 0 | (5,354.73) | | 56,992.54 | (5,354.73) | | (3,139.31) | | 0.00 | $0.00 | None |
| 02/17/14 | 03/01/11 | Regular Payment | 0 | 0 | (412.71) | (65.37) | 56,992.54 | (249.34) | (98.00) | 2,215.42 | | 0.00 | $0.00 | None |
| 02/17/14 | 03/01/11 | Unapplied Payment | 0 | 0 | 412.71 | | 56,927.17 | | | 2,313.42 | | 0.00 | $0.00 | None |
| 02/14/14 | 04/01/11 | Interest Only Payment | 0 | 0 | (254.06) | | 56,927.17 | (254.06) | | 2,313.42 | | 0.00 | $0.00 | None |
| 12/13/14 | 04/01/11 | Interest Only Payment | 0 | 0 | (254.06) | | 56,927.17 | (254.06) | | 2,567.48 | | 0.00 | $0.00 | None |
| 11/08/14 | 04/01/11 | Unapplied Payment | 0 | 0 | 358.13 | | 56,927.17 | | | 2,821.54 | | 0.00 | $0.00 | None |
| 09/23/13 | 09/01/13 | Late Charge Assess | 0 | 0 | (584.22) | | 56,927.17 | | | 2,821.54 | (584.22) | 0.00 | $0.00 | None |
| 09/23/13 | 09/01/13 | Late Charge Assess | 0 | 0 | (584.22) | | 56,927.17 | | | 2,821.54 | (584.22) | 0.00 | $0.00 | None |
| 09/23/13 | 09/01/13 | Escrow Only Payment | 0 | 0 | 5,354.73 | | 56,827.17 | | 5,354.73 | 2,821.54 | | 0.00 | $0.00 | None |
| 09/23/13 | 09/01/13 | Escrow Disbursement | 0 | 0 | 5,649.84 | | 56,927.17 | 4,571.28 | 5,354.73 | (2,533.19) | 1,078.56 | 0.00 | $0.00 | None |

Payee: Melani Schulte   Batch ID: 0

| Trans Date / Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Escrow Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/23/13 | 04/01/11 | Late Charge Assess | 0 | 0 | (15.73) | | 56,927.17 | | | (2,533.19) | (15.73) | 0.00 | $0.00 | None |
| 09/23/13 | 04/01/11 | Regular Payment | 0 | 0 | 98.00 | 65.37 | 56,927.17 | 249.34 | 98.00 | (2,533.19) | | 0.00 | $0.00 | None |
| 09/23/13 | 04/01/11 | Late Charge Payment | 0 | 0 | 15.73 | | 56,992.54 | | | (2,631.19) | 15.73 | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

Borrower Name
Melani Schulte

Loan ID
4232

# Shellpoint Mortgage Servicing
## Loan History Summary

Page #4

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/16/13 | 01/01/10 | Interest Only Payment | 0 | 0 | (254.06) | | 56,992.54 | | (254.06) | (2,631.19) | | 0.00 | $0.00 | None |
| 08/01/13 | 01/01/10 | Interest Only Payment | 0 | 0 | (254.70) | | 56,992.54 | | (254.70) | (2,377.13) | | 0.00 | $0.00 | None |
| 07/03/13 | 01/01/10 | Interest Only Payment | 0 | 0 | (429.00) | | 56,992.54 | | (429.00) | (2,122.43) | | 0.00 | $0.00 | None |
| 05/20/13 | 01/01/10 | Unapplied Payment | 0 | 0 | 358.13 | | 56,992.54 | | | (1,693.43) | | 0.00 | $0.00 | None |
| 02/12/13 | 01/01/10 | Interest Only Payment | 0 | 0 | (243.82) | | 56,992.54 | | (243.82) | (1,693.43) | | 0.00 | $0.00 | None |
| 12/28/12 | 01/01/10 | Late Charge Assess | 0 | 0 | (44.94) | | 56,992.54 | | | (1,449.61) | | 0.00 | $0.00 | None |
| 12/28/12 | 01/01/10 | Regular Payment | 0 | 0 | 190.63 | 569.21 | 56,992.54 | 329.78 | 190.63 | (1,449.61) | (44.94) | 0.00 | $0.00 | None |
| 12/28/12 | 12/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 56,992.54 | | | (1,640.24) | | 0.00 | $0.00 | None |
| 12/28/12 | 12/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 57,561.75 | | | (1,640.24) | | 0.00 | $0.00 | None |
| 12/19/12 | 12/01/09 | Interest Only Payment | 0 | 0 | (243.82) | | 57,561.75 | | (243.82) | (1,640.24) | | 0.00 | $0.00 | None |
| 12/14/12 | 12/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 57,561.75 | | | (1,396.42) | | 0.00 | $0.00 | None |
| 12/06/12 | 12/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 57,561.75 | | | (1,396.42) | | 0.00 | $0.00 | None |
| 12/06/12 | 12/01/09 | Regular Payment | 0 | 0 | 190.63 | 565.97 | 57,561.75 | 333.02 | 190.63 | (1,567.05) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 11/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 58,127.72 | | | (1,587.05) | | 0.00 | $0.00 | None |
| 12/06/12 | 11/01/09 | Regular Payment | 0 | 0 | 190.63 | 562.74 | 58,127.72 | 336.25 | 190.63 | (1,587.05) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 10/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 58,690.46 | | | (1,777.68) | | 0.00 | $0.00 | None |
| 12/06/12 | 10/01/09 | Regular Payment | 0 | 0 | 190.63 | 559.54 | 58,690.46 | 339.45 | 190.63 | (1,777.68) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 09/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 59,250.00 | | | (1,968.31) | | 0.00 | $0.00 | None |
| 12/06/12 | 09/01/09 | Regular Payment | 0 | 0 | 190.63 | 556.35 | 59,250.00 | 342.84 | 190.63 | (1,968.31) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 08/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 59,806.35 | | | (2,158.94) | | 0.00 | $0.00 | None |
| 12/06/12 | 08/01/09 | Regular Payment | 0 | 0 | 190.63 | 553.18 | 59,806.35 | 345.81 | 190.63 | (2,158.94) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 07/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 60,359.53 | | | (2,349.57) | | 0.00 | $0.00 | None |
| 12/06/12 | 07/01/09 | Regular Payment | 0 | 0 | 190.63 | 550.03 | 60,359.53 | 348.98 | 190.63 | (2,349.57) | (44.94) | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

## Shellpoint Mortgage Servicing
## Loan History Summary

Page #5

**Borrower Name**
Melani Schulte

**Loan ID** 4232

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Escrow Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/06/12 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 11/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (565.97) | 60,909.56 | (333.02) | (190.63) | (2,540.20) | | 0.00 | $0.00 | None |
| 12/05/12 | 10/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (562.74) | 60,343.59 | (336.25) | (190.63) | (2,343.57) | | 0.00 | $0.00 | None |
| 12/05/12 | 09/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (559.54) | 59,780.85 | (339.45) | (190.63) | (2,158.94) | | 0.00 | $0.00 | None |
| 12/05/12 | 08/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (556.35) | 59,221.31 | (342.84) | (190.63) | (1,968.31) | | 0.00 | $0.00 | None |
| 12/05/12 | 07/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (553.18) | 58,664.96 | (345.81) | (190.63) | (1,777.68) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Regular Payment | 0 | 0 | (1,089.62) | (550.03) | 58,111.78 | (348.96) | (190.63) | (1,587.05) | | 0.00 | $0.00 | None |
| 12/05/12 | 06/01/09 | Unapplied Payment | 0 | 0 | 6,537.72 | | 57,561.75 | | | (1,396.42) | | 0.00 | $0.00 | None |
| 11/14/12 | 12/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 57,561.75 | | | (1,396.42) | | 0.00 | $0.00 | None |
| 10/05/12 | 12/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 57,561.75 | | | (1,396.42) | | 0.00 | $0.00 | None |
| 09/17/12 | 12/01/09 | Interest Only Payment | 0 | 0 | (243.82) | | 57,561.75 | | (243.82) | (1,396.42) | | 0.00 | $0.00 | None |
| 08/14/12 | 12/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 57,561.75 | | | (1,152.60) | (44.94) | 0.00 | $0.00 | None |
| 08/14/12 | 12/01/09 | Regular Payment | 0 | 0 | 190.63 | 565.97 | 57,561.75 | 333.02 | 190.63 | (1,152.60) | | 0.00 | $0.00 | None |
| 08/14/12 | 11/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 58,127.72 | | | (1,343.23) | | 0.00 | $0.00 | None |
| 08/14/12 | 11/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 58,127.72 | | | (1,343.23) | | 0.00 | $0.00 | None |
| 08/14/12 | 11/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 58,127.72 | | | (1,343.23) | | 0.00 | $0.00 | None |
| 08/01/12 | 11/01/09 | Interest Only Payment | 0 | 0 | (244.27) | | 58,127.72 | | (244.27) | (1,343.23) | | 0.00 | $0.00 | None |
| 07/04/12 | 11/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 58,127.72 | | | (1,098.96) | | 0.00 | $0.00 | None |
| 07/03/12 | 11/01/09 | Interest Only Payment | 0 | 0 | (429.00) | | 58,127.72 | | (429.00) | (1,098.96) | | 0.00 | $0.00 | None |
| 06/24/12 | 11/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 58,127.72 | | | (669.96) | | 0.00 | $0.00 | None |
| 05/16/12 | 11/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 58,127.72 | | | (669.96) | (44.94) | 0.00 | $0.00 | None |
| 05/16/12 | 11/01/09 | Regular Payment | 0 | 0 | 190.63 | 562.74 | 58,127.72 | 336.25 | 190.63 | (669.96) | | 0.00 | $0.00 | None |
| 05/16/12 | 10/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 58,690.46 | | | (860.59) | | 0.00 | $0.00 | None |
| 05/16/12 | 10/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 58,690.46 | | | (860.59) | | 0.00 | $0.00 | None |
| 03/21/12 | 10/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 58,690.46 | | | (860.59) | | 0.00 | $0.00 | None |
| 02/16/12 | 10/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 58,690.46 | | | (860.59) | | 0.00 | $0.00 | None |
| 02/15/12 | 10/01/09 | Interest Only Payment | 0 | 0 | (269.63) | | 58,690.46 | | (269.63) | (860.59) | | 0.00 | $0.00 | None |
| 01/12/12 | 10/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 58,690.46 | | | (590.96) | (44.94) | 0.00 | $0.00 | None |
| 01/12/12 | 10/01/09 | Regular Payment | 0 | 0 | 190.63 | 559.54 | 58,690.46 | 339.45 | 190.63 | (590.96) | | 0.00 | $0.00 | None |
| 01/12/12 | 09/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,250.00 | | | (781.59) | | 0.00 | $0.00 | None |
| 09/12/12 | 09/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 59,250.00 | | | (781.59) | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

# Shellpoint Mortgage Servicing
## Loan History Summary

Loan ID **4232**

Borrower Name
**Melani Schulte**

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Amount | Escrow Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/12/12 | 09/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 59,250.00 | | | (781.59) | | 0.00 | $0.00 | None |
| 12/15/11 | 09/01/09 | Interest Only Payment | 0 | 0 | (269.63) | | 59,250.00 | | (269.63) | (781.59) | | 0.00 | $0.00 | None |
| 12/13/11 | 09/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,250.00 | | | (511.96) | | 0.00 | $0.00 | None |
| 11/11/11 | 09/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,250.00 | | | (511.96) | | 0.00 | $0.00 | None |
| 10/17/11 | 09/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 59,250.00 | | | (511.96) | (44.94) | 0.00 | $0.00 | None |
| 10/17/11 | 09/01/09 | Regular Payment | 0 | 0 | 190.63 | 556.35 | 59,250.00 | 342.64 | 190.63 | (511.96) | | 0.00 | $0.00 | None |
| 10/17/11 | 08/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,806.35 | | | (702.59) | | 0.00 | $0.00 | None |
| 10/17/11 | 08/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 59,806.35 | | | (702.59) | | 0.00 | $0.00 | None |
| 10/17/11 | 08/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 59,806.35 | | | (702.59) | | 0.00 | $0.00 | None |
| 09/16/11 | 08/01/09 | Interest Only Payment | 0 | 0 | (269.63) | | 59,806.35 | | (269.63) | (702.59) | | 0.00 | $0.00 | None |
| 09/11/11 | 08/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,806.35 | | | (432.96) | | 0.00 | $0.00 | None |
| 08/10/11 | 08/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 59,806.35 | | | (432.96) | | 0.00 | $0.00 | None |
| 07/26/11 | 08/01/09 | Interest Only Payment | 0 | 0 | (270.16) | | 59,806.35 | | (270.16) | (162.80) | | 0.00 | $0.00 | None |
| 07/13/11 | 08/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 59,806.35 | | | (162.80) | (44.94) | 0.00 | $0.00 | None |
| 07/13/11 | 08/01/09 | Regular Payment | 0 | 0 | 190.63 | 553.18 | 59,806.35 | 345.81 | 190.63 | (162.80) | | 0.00 | $0.00 | None |
| 07/13/11 | 07/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 60,359.53 | | | (353.43) | | 0.00 | $0.00 | None |
| 07/13/11 | 07/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,359.53 | | | (353.43) | | 0.00 | $0.00 | None |
| 07/13/11 | 07/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,359.53 | | | (353.43) | | 0.00 | $0.00 | None |
| 07/06/11 | 07/01/09 | Interest Only Payment | 0 | 0 | (429.00) | | 60,359.53 | | (429.00) | (353.43) | | 0.00 | $0.00 | None |
| 06/08/11 | 07/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 60,359.53 | | | 75.57 | | 0.00 | $0.00 | None |
| 05/09/11 | 07/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 60,359.53 | | | 75.57 | | 0.00 | $0.00 | None |
| 04/13/11 | 07/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 60,359.53 | | | 75.57 | (44.94) | 0.00 | $0.00 | None |
| 04/13/11 | 07/01/09 | Regular Payment | 0 | 0 | 190.63 | 550.03 | 60,359.53 | 348.96 | 190.63 | 75.57 | | 0.00 | $0.00 | None |
| 04/13/11 | 06/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 60,909.56 | | | (115.06) | | 0.00 | $0.00 | None |
| 04/13/11 | 06/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 60,909.56 | | | (115.06) | | 0.00 | $0.00 | None |
| 04/13/11 | 06/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 60,909.56 | | | (115.06) | | 0.00 | $0.00 | None |
| 03/10/11 | 06/01/09 | Unapplied Payment | 0 | 0 | 358.13 | | 60,909.56 | | | (115.06) | | 0.00 | $0.00 | None |
| 02/16/11 | 06/01/09 | Interest Only Payment | 0 | 0 | (304.93) | | 60,909.56 | | (304.93) | (115.06) | | 0.00 | $0.00 | None |
| 01/18/11 | 06/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 60,909.56 | | | 189.87 | (44.94) | 0.00 | $0.00 | None |
| 01/18/11 | 06/01/09 | Regular Payment | 0 | 0 | 190.63 | 546.90 | 60,909.56 | 352.09 | 190.63 | 189.87 | | 0.00 | $0.00 | None |
| 01/18/11 | 05/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 61,456.46 | | | (0.76) | (44.94) | 0.00 | $0.00 | None |
| 01/18/11 | 05/01/09 | Regular Payment | 0 | 0 | 190.63 | 543.78 | 61,456.46 | 355.21 | 190.63 | (0.76) | | 0.00 | $0.00 | None |
| 01/18/11 | 04/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 62,000.24 | | | (191.39) | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

# Shellpoint Mortgage Servicing
## Loan History Summary

Loan ID: 4232

Borrower Name: Melani Schulte

| Trans Date Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Principal Balance | Interest Amount | Escrow Amount | Escrow Balance | Late Charge Amount | Late Charge Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/18/11 | 04/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 62,000.24 | | | (191.39) | | 0.00 | $0.00 | None |
| 01/18/11 | 04/01/09 | Unapplied Payment | 0 | 0 | (1,089.62) | | 62,000.24 | | | (191.39) | | 0.00 | $0.00 | None |
| 01/18/11 | 04/01/09 | Unapplied Payment | 0 | 0 | 1,089.62 | | 62,000.24 | | | (191.39) | | 0.00 | $0.00 | None |
| 01/04/11 | 04/01/09 | Unapplied Payment | 0 | 0 | 975.56 | | 62,000.24 | | | (191.39) | | 0.00 | $0.00 | None |
| 12/15/10 | 04/01/09 | Interest Only Payment | 0 | 0 | (304.93) | | 62,000.24 | | (304.93) | (191.39) | | 0.00 | $0.00 | None |
| 12/01/10 | 04/01/09 | Unapplied Payment | 0 | 0 | 975.56 | | 62,000.24 | | | 113.54 | | 0.00 | $0.00 | None |
| 11/06/10 | 04/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 62,000.24 | | | 113.54 | (44.94) | 0.00 | $0.00 | None |
| 11/06/10 | 04/01/09 | Regular Payment | 0 | 0 | 190.63 | 540.68 | 62,000.24 | 358.31 | 190.63 | 113.54 | | 0.00 | $0.00 | None |
| 11/03/10 | 03/01/09 | Unapplied Payment | 0 | 0 | 975.56 | | 62,540.92 | | | (77.09) | | 0.00 | $0.00 | None |
| 09/27/10 | 03/01/09 | Late Charge Assess | 0 | 0 | (44.94) | | 62,540.92 | | | (77.09) | (44.94) | 0.00 | $0.00 | None |
| 09/27/10 | 03/01/09 | Regular Payment | 0 | 0 | 975.56 | 537.60 | 62,540.92 | 361.39 | 190.63 | (77.09) | | 0.00 | $0.00 | None |
| 09/16/10 | 02/01/09 | Interest Only Payment | 0 | 0 | (304.93) | | 63,078.52 | | (304.93) | (267.72) | | 0.00 | $0.00 | None |
| 08/31/10 | 02/01/09 | Unapplied Payment | 0 | 0 | 975.56 | | 63,078.52 | | | 37.21 | | 0.00 | $0.00 | None |
| 08/02/10 | 02/01/09 | Interest Only Payment | 0 | 0 | (304.93) | | 63,078.52 | | (304.93) | 37.21 | | 0.00 | $0.00 | None |
| 07/03/10 | 02/01/09 | Interest Only Payment | 0 | 0 | (429.00) | | 63,078.52 | | (429.00) | 342.14 | | 0.00 | $0.00 | None |
| 02/11/10 | 02/01/09 | Interest Only Payment | 0 | 0 | (431.15) | | 63,078.52 | | (431.15) | 771.14 | | 0.00 | $0.00 | None |
| 12/16/09 | 02/01/09 | Interest Only Payment | 0 | 0 | (431.15) | | 63,078.52 | | (431.15) | 1,202.29 | | 0.00 | $0.00 | None |
| 09/17/09 | 02/01/09 | Interest Only Payment | 0 | 0 | (431.15) | | 63,078.52 | | (431.15) | 1,633.44 | | 0.00 | $0.00 | None |
| 08/03/09 | 02/01/09 | Interest Only Payment | 0 | 0 | (431.13) | | 63,078.52 | | (431.13) | 2,064.59 | | 0.00 | $0.00 | None |
| 07/03/09 | 02/01/09 | Interest Only Payment | 0 | 0 | (409.00) | | 63,078.52 | | (409.00) | 2,495.72 | | 0.00 | $0.00 | None |
| 02/13/09 | 02/01/09 | Regular Payment | 0 | 0 | 1,089.62 | 534.54 | 63,078.52 | 384.45 | 190.63 | 2,904.72 | | 0.00 | $0.00 | None |
| 02/13/09 | 01/01/09 | Interest Only Payment | 0 | 0 | (496.56) | | 63,613.06 | | (496.56) | 2,714.09 | | 0.00 | $0.00 | None |
| 01/15/09 | 01/01/09 | Regular Payment | 0 | 0 | 1,089.62 | 531.50 | 63,613.08 | 367.49 | 190.63 | 3,210.65 | | 0.00 | $0.00 | None |
| 12/16/08 | 12/01/08 | Interest Only Payment | 0 | 0 | (496.56) | | 64,144.56 | | (496.56) | 3,020.02 | | 0.00 | $0.00 | None |
| 12/15/08 | 12/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 528.47 | 64,144.56 | 370.52 | 190.63 | 3,516.58 | | 0.00 | $0.00 | None |
| 11/14/08 | 11/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 525.46 | 64,673.03 | 373.53 | 190.63 | 3,325.95 | | 0.00 | $0.00 | None |
| 10/15/08 | 10/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 522.46 | 65,198.49 | 376.53 | 190.63 | 3,135.32 | | 0.00 | $0.00 | None |
| 09/01/08 | 09/01/08 | Interest Only Payment | 0 | 0 | (496.56) | | 65,720.95 | | (496.56) | 2,944.69 | | 0.00 | $0.00 | None |
| 09/15/08 | 09/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 519.49 | 65,720.95 | 379.50 | 190.63 | 3,441.25 | | 0.00 | $0.00 | None |
| 08/15/08 | 08/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 516.53 | 66,240.44 | 382.46 | 190.63 | 3,250.62 | | 0.00 | $0.00 | None |
| 08/03/08 | 07/01/08 | Interest Only Payment | 0 | 0 | (496.57) | | 66,756.97 | | (496.57) | 3,059.99 | | 0.00 | $0.00 | None |
| 07/14/08 | 07/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 513.59 | 66,756.97 | 385.40 | 190.63 | 3,556.56 | | 0.00 | $0.00 | None |
| 07/04/08 | 06/01/08 | Interest Only Payment | 0 | 0 | (393.00) | | 67,270.56 | | (393.00) | 3,365.93 | | 0.00 | $0.00 | None |

Loanhist.rpt
08/17/2017 12:11:23PM

# Shellpoint Mortgage Servicing
## Loan History Summary

**Loan ID** 4232

**Borrower Name** Melani Schulte

| Trans Date / Eff Date | Due Date | Trans Desc | Rev Code | Flag | Trans Amount | Principal Amount | Balance | Interest Amount | Escrow Amount | Balance | Late Charge Amount | Balance | Unappl. Balance | Money Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/13/08 | 06/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 510.66 | 67,270.56 | 388.33 | 190.63 | 3,758.93 | | 0.00 | $0.00 | None |
| 05/14/08 | 05/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 507.75 | 67,781.22 | 391.24 | 190.63 | 3,568.30 | | 0.00 | $0.00 | None |
| 04/14/08 | 04/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 504.66 | 68,288.97 | 394.13 | 190.63 | 3,377.67 | | 0.00 | $0.00 | None |
| 03/14/08 | 03/01/08 | Regular Payment | 0 | 0 | 1,089.62 | 501.98 | 68,793.83 | 397.01 | 190.63 | 3,187.04 | | 0.00 | $0.00 | None |
| 02/15/08 | 02/01/08 | Interest Only Payment | 0 | 0 | (459.78) | | 69,295.81 | | (459.78) | 2,996.41 | | 0.00 | $0.00 | None |
| 02/10/08 | 02/01/08 | Regular Payment | 0 | 0 | 1,108.71 | 499.12 | 69,295.81 | 399.87 | 209.72 | 3,456.19 | | 0.00 | $0.00 | None |
| 01/17/08 | 01/01/08 | Interest Only Payment | 0 | 0 | (144.98) | | 69,794.93 | | (144.98) | 3,246.47 | | 0.00 | $0.00 | None |
| 01/11/08 | 01/01/08 | Regular Payment | 0 | 0 | 1,108.71 | 496.28 | 69,794.93 | 402.71 | 209.72 | 3,391.45 | | 0.00 | $0.00 | None |
| 12/18/07 | 12/01/07 | Interest Only Payment | 0 | 0 | (459.78) | | 70,291.21 | | (459.78) | 3,181.73 | | 0.00 | $0.00 | None |
| 12/10/07 | 12/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 493.45 | 70,291.21 | 405.54 | 209.72 | 3,641.51 | | 0.00 | $0.00 | None |
| 11/13/07 | 11/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 490.64 | 70,784.66 | 408.35 | 209.72 | 3,431.79 | | 0.00 | $0.00 | None |
| 10/16/07 | 10/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 487.85 | 71,275.30 | 411.14 | 209.72 | 3,222.07 | | 0.00 | $0.00 | None |
| 09/12/07 | 09/01/07 | Interest Only Payment | 0 | 0 | (459.78) | | 71,763.15 | | (459.78) | 3,012.35 | | 0.00 | $0.00 | None |
| 09/11/07 | 09/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 485.07 | 71,763.15 | 413.92 | 209.72 | 3,472.13 | | 0.00 | $0.00 | None |
| 08/13/07 | 08/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 482.30 | 72,248.22 | 416.69 | 209.72 | 3,262.41 | | 0.00 | $0.00 | None |
| 07/30/07 | 07/01/07 | Interest Only Payment | 0 | 0 | (459.78) | | 72,730.52 | | (459.78) | 3,052.69 | | 0.00 | $0.00 | None |
| 07/11/07 | 07/01/07 | Interest Only Payment | 0 | 0 | (373.00) | | 72,730.52 | | (373.00) | 3,512.47 | | 0.00 | $0.00 | None |
| 07/10/07 | 07/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 479.56 | 72,730.52 | 419.43 | 209.72 | 3,885.47 | | 0.00 | $0.00 | None |
| 06/11/07 | 06/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 476.83 | 73,210.08 | 422.16 | 209.72 | 3,675.75 | | 0.00 | $0.00 | None |
| 05/23/07 | 05/01/07 | Late Charge Payment | 0 | 0 | 44.95 | | 73,686.91 | | | | 44.95 | 0.00 | $0.00 | None |
| 05/21/07 | 05/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 474.11 | 73,686.91 | 424.88 | 209.72 | 3,466.03 | | 0.00 | $0.00 | None |
| 05/16/07 | 04/01/07 | Late Charge Assess | 0 | 0 | (44.95) | | 74,161.02 | | | | (44.95) | 0.00 | $0.00 | None |
| 04/13/07 | 04/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 471.41 | 74,161.02 | 427.58 | 209.72 | 3,256.31 | | 0.00 | $0.00 | None |
| 03/12/07 | 03/01/07 | Regular Payment | 0 | 0 | 1,108.71 | 468.72 | 74,632.43 | 430.27 | 209.72 | 3,046.59 | | 0.00 | $0.00 | None |
| | | | | | $12,204.46 | | | $25,504.82 | ($5,173.45) | | | | $0.00 | |

# EXHIBIT 7

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

Inst #: 201308210002194
Fees: $17.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #006
08/21/2013 12:47:45 PM
Receipt #: 1741360
Requestor:
MELANI SCHULTE
Recorded By: ANI   Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
MELANI SCHULTE
9330 W. Sahara Ave., Suite 210
Las Vegas, NV 89117

APN: 138-26-214-039
ADDRESS: 1013 Golden Hawk Way, Las Vegas, NV 89108

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to MELANI SCHULTE , a single unmarried woman, as her sole and separate property

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT 1157 IN BLOCK Q OF LEWIS HOMES RAINBOW VISTA, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 53 OF PLATS, PAGE 39 AND AS AMENDED BY CERTIFICATE BY AMENDMENT RECORDED 2/24/93 IN BOOK 930224 AS DOCUMENT NO. 00930, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

SUBJECT TO:    1.    Taxes for the fiscal year 2013-2014
              2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                    now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: July 17, 2013

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _____
by WILLIAM R. SCHULTE _____

Signature _____
                        Notary Public

My Commission Expires: _____

WILLIAM R. SCHULTE

HANNAH JUILFS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-27-16
Certificate No: 12-8632-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1.  Assessor Parcel Number(s)
    a.  *138-26-214-039*
    b.  _____
    c.  _____
    d.  _____

2.  Type of Property:
    a. ☐ Vacant Land     b. ☑ Single Fam. Res.
    c. ☐ Condo/Twnhse    d. ☐ 2-4 Plex
    e. ☐ Apt. Bldg       f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural    h. ☐ Mobile Home
       ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property        $ _____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                        $ _____
   d. Real Property Transfer Tax Due             $ _____

4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption per NRS 375.090, Section ⁶ _____
    b.  Explain Reason for Exemption:    TRANSFER BETWEEN SPOUSES IN COMPLIANCE
        WITH A DIVORCE.

5.  Partial Interest: Percentage being transferred: 100  %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature ___*Melani Schulte*___        Capacity: GRANTEE

Signature _____   Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: WILLIAM R. SCHULTE | Print Name: MELANI SCHULTE |
| Address:9330 W. SAHARA AVE., SUITE 210 | Address: 9330 W. SAHARA AVE., SUITE 210 |
| City:LAS VEGAS | City: LAS VEGAS |
| State: NEVADA          Zip: 89117 | State:NEVADA          Zip:89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
|---|---|
| Address: | |
| City: | State:          Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 8

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

| Fill in this information to identify the case: |
|---|

Debtor 1   SCHULTE PROPERTIES LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **District of Nevada**

Case number:  **18−12734**

**FILED**

**U.S. Bankruptcy Court**
**District of Nevada**

9/11/2018

**Mary A. Schott, Clerk**

## Official Form 410
## Proof of Claim

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

New Penn Financial, LLC d/b/a Shellpoint Mortgage

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

New Penn Financial, LLC d/b/a Shellpoint Mortgage

Name

PO Box 10826
Greenville, SC 29603−0826

Contact phone _____800−365−7107_____

Contact email
_____mtgbk@shellpointmtg.com_____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                   Proof of Claim                                   page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    4232 |

| | |
|---|---|
| 7. **How much is the claim?** | $   87941.48    **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>      Money Loaned |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>    **Nature of property:**<br>    ☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>    ☐ Motor vehicle<br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:**    Note/Mortgage<br><br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**   $ _____<br><br>    **Amount of the claim that is secured:**   $   87941.48<br><br>    **Amount of the claim that is unsecured:**   $   0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition.**   $   30885.89<br><br>    **Annual Interest Rate** (when case was filed)   5.250   %<br>    ☑ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| Official Form 410 | Proof of Claim | page 2 |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

\* Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date       9/11/2018
                       _____
                       MM / DD / YYYY

/s/  /s/ Latoya Tatum
_____
Signature

Print the name of the person who is completing and signing this claim:

Name          /s/ Latoya Tatum

Title         First name    Middle name    Last name
              Bankruptcy Case Manager

Company       Shellpoint Mortgage Servicing

Address       Identify the corporate servicer as the company if the authorized agent is a servicer
              PO Box 10826

              Number   Street
              Greenville, SC 29603−0826

              City  State  ZIP Code
Contact phone   800−365−7107          Email   mtgbk@shellpointmtg.com

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | SCHULTE PROPERTIES LLC |
| Debtor 2 | |
| United States Bankruptcy Court for the: | District of Nevada, Las Vegas Division |
| Case number | 1812734 |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C.§503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| **1. Who is the current creditor?** | New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing |
| | Other names the creditor used with the debtor |
| **2. Has this claim been acquired from anyone else?** | ☒ No<br><br>☐ Yes    From whom? |

| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Shellpoint Mortgage Servicing<br>PO Box 10826 | Shellpoint Mortgage Servicing |
| | Greenville           SC         29603-0826 | |
| | Contact phone    (800) 365-7107 | Contact phone    (800) 365-7107 |
| | Contact email    mtgbk@shellpointmtg.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one) | |

| **4. Does this claim amend one already filed?** | ☒ No<br><br>☐ Yes    Claim number on court claims registry (if known)                Filed on |
|---|---|
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br><br>☐ Yes    Who made the earlier filing? |

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No |
| | ☑ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor:                4232 |

| | |
|---|---|
| **7. How much is the claim?** | $87,941.48    **Does this amount include interest or other charges?** |
| | ☐ No |
| | ☑ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes    The claim is secured by a lien on property.

**Nature of property:**    1013 Golden Hawk Way, Las Vegas, NV 89108

☑ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle.

☐ Other. Describe:

**Basis for perfection:**    Note/Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recordsd.)

**Value of Property:**

**Amount of the claim that is secured:**    $87,941.48

**Amount of the claim that is unsecured:**    $0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $30,885.89

**Annual Interest Rate** (when case was filed)    5.2500000%

☑ Fixed

☐ Variable

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No |
| | ☐ Yes    **Amount necessary to cure any default as of  the date of the petition.** |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No |
| | ☐ Yes    Identify the property: |

Official Form 410                    Proof of Claim                    Page                    2

**12. Is all or part of this claim entitled to priority under 11 U.S.C. § 507(a)??**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

[x] No

[ ] Yes    *Check all that apply:*

| | Amount entitled to priority |
|---|---|

[ ] Domestic support obligations (including alimony and child support) under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B).

[ ] Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

[ ] Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

[ ] Taxes or penalties owed to government units. 11 U.S.C. § 507(a)(8)

[ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5)

[ ] Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRPB 599(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

[ ] I am the creditor.

[x] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim*  serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim*  and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        09/10/2018

/s/ Latoya Tatum
_____
    Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Latoya Tatum |
| Title | Bankruptcy Case Manager |
| Company | Shellpoint Mortgage Servicing |
| Address | PO Box 10826 |
| | Greenville                    SC                              29603-0826 |
| Contact phone | (800) 365-7107        Contact email    mtgbk@shellpointmtg.com |

Case 18-12734-mkn   Claim 13   Filed 09/11/18   Page 4 of 39

# Mortgage Proof of Claim Attachment

**(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of the Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case Number: | 1812734 | Principal balance: | $62,896.69 | Principal & interest due: | $22,562.19 | Principal & Interest: | $358. |
| Debtor 1: | SCHULTE PROPERTIES LLI | Interest due: | $17,119.53 | Prepetition fees due: | $2,252.19 | Monthly escrow: | $139.12 |
| Debtor 2: | | Fees, costs due: | $2,252.19 | Escrow deficiency for funds advanced: | $5,673.07 | Private mortgage insurance: | $0.00 |
| Last 4 digits to identify: | 4232 | Escrow deficiency for funds advanced: | $5,673.07 | Projected escrow shortage: | $398.44 | Total monthly payment: | $497. |
| Creditor: | New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing | Less funds on hand: - | $0.00 | Less funds on hand: - | $0.00 | | |
| | | Total debt: | $87,941.48 | Total prepetition arrearage: | $30,885.89 | | |
| Servicer: | Shellpoint Mortgage Servicing | | | | | | |
| Fixed accrual/daily simple interest/other: | Fixed | | | | | | |

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 358.13 | 358.13 | | Regular Payment | 3/1/13 | 358.13 | | | | | | 56992.54 | | -4671.03 | | -358.13 |
| | 358.13 | 358.13 | | Regular Payment | 4/1/13 | 716.26 | | | | | | | | | | |
| | 358.13 | 358.13 | | Regular Payment | 5/1/13 | 1074.39 | | | | | | | | | | |
| 5/20/13 | | 358.13 | | Unapplied Payment | 1/1/10 | | | | | | 358.13 | | | | | |
| | 358.13 | 358.13 | | Regular Payment | 6/1/13 | 1432.52 | | | | | | | | | | |
| | 358.13 | 358.13 | | Regular Payment | 7/1/13 | 1790.65 | | | | | | | | | | |
| 7/3/13 | | -429.00 | | Escrow Disbursemer | 1/1/10 | | | | -429.00 | | | | | -5100.03 | | |
| 8/1/13 | 358.13 | 358.13 | | Regular Payment | 8/1/13 | 2148.78 | | | | | | | | | | |
| | | -254.70 | | Escrow Disbursemer | 1/1/10 | | | | -254.70 | | | | | -5354.73 | | |
| | 358.13 | 358.13 | | Regular Payment | 9/1/13 | 2506.91 | | | | | | | | | | |
| 9/16/13 | | -254.06 | | Escrow Disbursemer | 1/1/10 | | | | -254.06 | | | | | -5608.79 | | |
| 9/23/13 | | 5354.73 | | Escrow Only Payme | | | | | 5354.73 | | | | | -254.06 | | |
| 9/23/13 | 4571.28 | 4571.28 | | Regular Payment | 9/1/13 | 2506.91 | | 4571.28 | | | | | | | | |

**Mortgage Proof of Claim Attachment**

Offical Form 410A

Page 1 of 6

# Mortgage Proof of Claim Attachment

(12/15)

Case Number: 1812734

Debtor 1: SCHULTE PROPERTIES LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/23/13 | | 412.71 | 412.71 | Regular Payment | 4/1/11 | 2506.91 | 65.37 | 249.34 | 98.00 | | | 56927.17 | | -156.06 | | |
| | 358.13 | 358.13 | 358.13 | Regular Payment | 10/1/13 | 2865.04 | | | | | | | | | | |
| | 358.13 | 358.13 | 358.13 | Regular Payment | 11/1/13 | 3223.17 | | | | | | | | | | |
| 11/8/13 | | 358.13 | | Unapplied Payment | 4/1/11 | | | | | | 358.13 | | | | | 358.13 |
| | 358.13 | 358.13 | 358.13 | Regular Payment | 12/1/13 | 3581.30 | | | | | | | | | | |
| 12/13/13 | | -254.06 | | Escrow Disbursement | 4/1/11 | | | | -254.06 | | | | | -410.12 | | |
| | 358.13 | 358.13 | 358.13 | Regular Payment | 1/1/14 | 3939.43 | | | | | | | | | | |
| | 358.13 | 358.13 | 358.13 | Regular Payment | 2/1/14 | 4297.56 | | | | | | | | | | |
| 2/12/14 | | -254.06 | | Escrow Disbursement | 4/1/14 | | | | -254.06 | | | | | -664.18 | | |
| 2/17/14 | | -5354.73 | | Escrow Disbursement | 9/1/13 | | | | -5354.73 | | | | | -6018.91 | | |
| 2/17/14 | | -412.71 | -412.71 | Regular Payment | 3/1/11 | 4297.56 | -65.37 | -249.34 | -98.00 | | | | | -6116.91 | | |
| 2/17/14 | | 412.71 | | Unapplied Payment | 3/1/11 | | | | | | 412.71 | | | | | 770.84 |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 12/1/09 | 4297.56 | -569.21 | -329.78 | -190.63 | | | 57561.75 | | -6307.54 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 11/1/09 | 4297.56 | -565.97 | -333.02 | -190.63 | | | 58127.72 | | -6498.17 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 10/1/09 | 4297.56 | -562.74 | -336.25 | -190.63 | | | 58690.46 | | -6688.80 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 9/1/09 | 4297.56 | -559.54 | -339.45 | -190.63 | | | 59250.00 | | -6879.43 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 8/1/09 | 4297.56 | -556.35 | -342.64 | -190.63 | | | 59806.35 | | -7070.06 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 7/1/09 | 4297.56 | -553.18 | -345.81 | -190.63 | | | 60359.53 | | -7260.69 | | |
| 2/20/14 | | -1089.62 | -1089.62 | Regular Payment | 6/1/09 | 4297.56 | -550.03 | -348.96 | -190.63 | | | 60909.56 | | -7451.32 | | |
| 2/25/14 | | 7627.34 | | Unapplied Payment | 6/1/09 | | | | | | 7627.34 | | | | | 8398.18 |
| 2/25/14 | 10835.16 | 10835.16 | 10835.16 | Regular Payment | 2/25/14 | 4297.56 | 3507.00 | 7328.16 | | | | 57402.56 | | | | |
| 2/25/14 | | -7451.32 | -7451.32 | Principal Only Payme | 2/25/14 | | -7451.32 | | | | | 64853.88 | | | | |
| 2/25/14 | | 7451.32 | 7451.32 | Escrow Only Payme | 2/25/14 | | | | 7451.32 | | | | | | | |
| 2/26/14 | | -8236.99 | | Unapplied Payment | 3/1/11 | | | | | | -8236.99 | | | | | 161.19 |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 4/1/11 | 4297.56 | 74.39 | 283.74 | | | | 64779.49 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 5/1/11 | 4297.56 | 74.72 | 283.41 | | | | 64704.77 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 6/1/11 | 4297.56 | 75.05 | 283.08 | | | | 64629.72 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 7/1/11 | 4297.56 | 75.37 | 282.76 | | | | 64554.35 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 8/1/11 | 4297.56 | 75.70 | 282.43 | | | | 64478.65 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 9/1/11 | 4297.56 | 76.04 | 282.09 | | | | 64402.61 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 10/1/11 | 4297.56 | 76.37 | 281.76 | | | | 64326.24 | | | | |
| 2/26/14 | 358.13 | 358.13 | 358.13 | Regular Payment | 11/1/11 | 4297.56 | 76.70 | 281.43 | | | | 64249.54 | | | | |

**Offical Form 410A**    **Mortgage Proof of Claim Attachment**

**Mortgage Proof of Claim Attachment**

Case 18-12734-mkn    Claim 13    Filed 09/11/18    Page 6 of 39

**(12/15)**

Case Number: 1812734

Debtor 1: SCHULTE PROPERTIES LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 12/1/11 | 4297.56 | 77.04 | 281.09 | | | | 64172.50 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 1/1/12 | 4297.56 | 77.38 | 280.75 | | | | 64095.12 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 2/1/12 | 4297.56 | 77.71 | 280.42 | | | | 64017.41 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 3/1/12 | 4297.56 | 78.05 | 280.08 | | | | 63939.36 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 4/1/12 | 4297.56 | 78.40 | 279.73 | | | | 63860.96 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 5/1/12 | 4297.56 | 78.74 | 279.39 | | | | 63782.22 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 6/1/12 | 4297.56 | 79.08 | 279.05 | | | | 63703.14 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 7/1/12 | 4297.56 | 79.43 | 278.70 | | | | 63623.71 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 8/1/12 | 4297.56 | 79.78 | 278.35 | | | | 63543.93 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 9/1/12 | 4297.56 | 80.13 | 278.00 | | | | 63463.80 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 10/1/12 | 4297.56 | 80.48 | 277.65 | | | | 63383.32 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 11/1/12 | 4297.56 | 80.83 | 277.30 | | | | 63302.49 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 12/1/12 | 4297.56 | 81.18 | 276.95 | | | | 63221.31 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 1/1/13 | 4297.56 | 81.54 | 276.59 | | | | 63139.77 | | | | |
| 2/26/14 | | 358.13 | 358.13 | Regular Payment | 2/1/13 | 4297.56 | 81.89 | 276.24 | | | | 63057.88 | | | | |
| | 358.13 | | 358.13 | Regular Payment | 3/1/14 | 4655.69 | | | | | | | | | | |
| 3/5/14 | | 3815.74 | 3815.74 | Interest Only Payme | 2/1/13 | | | 3815.74 | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 4/1/14 | 5013.82 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 5/1/14 | 5371.95 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 6/1/14 | 5730.08 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 7/1/14 | 6088.21 | | | | | | | | | | |
| 7/3/14 | | 443.00 | | Escrow Disbursemer | 2/1/13 | | | | 443.00 | | | | | -443.00 | | |
| | 358.13 | | 358.13 | Regular Payment | 8/1/14 | 6446.34 | | | | | | | | | | |
| 8/1/14 | | 262.40 | | Escrow Disbursemer | 2/1/13 | | | | 262.40 | | | | | -705.40 | | |
| | 358.13 | | 358.13 | Regular Payment | 9/1/14 | 6804.47 | | | | | | | | | | |
| 9/16/14 | | 261.68 | | Escrow Disbursemer | 2/1/13 | | | | 261.68 | | | | | -967.08 | | |
| | 358.13 | | 358.13 | Regular Payment | 10/1/14 | 7162.60 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 11/1/14 | 7520.73 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 12/1/14 | 7878.86 | | | | | | | | | | |
| 12/15/14 | | 261.68 | | Escrow Disbursemer | 2/1/13 | | | | 261.68 | | | | | -1228.76 | | |
| | 358.13 | | 358.13 | Regular Payment | 1/1/15 | 8236.99 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 2/1/15 | 8595.12 | | | | | | | | | | |

**Offical Form 410A**        **Mortgage Proof of Claim Attachment**        Page 3 of 6

(12/15)

# Mortgage Proof of Claim Attachment

Case Number: 1812734

Debtor 1: SCHULTE PROPERTIES LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/9/15 | | -261.68 | | Escrow Disbursemer | 2/1/13 | | | | -261.68 | | | | | -1490.44 | | |
| | 358.13 | | 358.13 | Regular Payment | 3/1/15 | 8953.25 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 4/1/15 | 9311.38 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 5/1/15 | 9669.51 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 6/1/15 | 10027.64 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 7/1/15 | 10385.77 | | | | | | | | | | |
| 7/3/15 | | -445.00 | | Escrow Disbursemer | 2/1/13 | | | | -445.00 | | | | | -1935.44 | | |
| 8/1/15 | 358.13 | | 358.13 | Regular Payment | 2/1/13 | 10743.90 | | | | | | | | | | |
| 8/3/15 | | -271.01 | | Escrow Disbursemer | 2/1/13 | | | | -271.01 | | | | | -2206.45 | | |
| | 358.13 | | 358.13 | Regular Payment | 9/1/15 | 11102.03 | | | | | | | | | | |
| 9/14/15 | | -270.05 | | Escrow Disbursemer | 2/1/13 | | | | -270.05 | | | | | -2476.50 | | |
| | 358.13 | | 358.13 | Regular Payment | 10/1/15 | 11460.16 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 11/1/15 | 11818.29 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 12/1/15 | 12176.42 | | | | | | | | | | |
| 12/11/15 | | -270.05 | | Escrow Disbursemer | 2/1/13 | | | | -270.05 | | | | | -2746.55 | | |
| | 358.13 | | 358.13 | Regular Payment | 1/1/16 | 12534.55 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 2/1/16 | 12892.68 | | | | | | | | | | |
| 2/9/16 | | -270.05 | | Escrow Disbursemer | 2/1/13 | | | | -270.05 | | | | | -3016.60 | | |
| | 358.13 | | 358.13 | Regular Payment | 3/1/16 | 13250.81 | | | | | | | | | | |
| 3/22/16 | -13.50 | | -13.50 | Property Inspection | 7/1/16 | | | | | -13.50 | | | | | 13.50 | |
| | 358.13 | | 358.13 | Regular Payment | 4/1/16 | 13608.94 | | | | | | | | | | |
| 4/6/16 | -13.50 | | -13.50 | Property Inspection | 7/1/16 | | | | | -13.50 | | | | | 27.00 | |
| | 358.13 | | 358.13 | Regular Payment | 5/1/16 | 13967.07 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 6/1/16 | 14325.20 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 7/1/16 | 14683.33 | | | | | | | | | | |
| 7/6/16 | | -460.00 | | Insurance Premium 1 | 7/1/16 | | | | -460.00 | | | | | -3476.60 | | |
| 7/27/16 | | -272.40 | | Tax Bill 1 Disburser | 8/1/16 | | | | -272.40 | | | | | -3749.00 | | |
| | 358.13 | | 358.13 | Regular Payment | 8/1/16 | 15041.46 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 9/1/16 | 15399.59 | | | | | | | | | | |
| 9/1/16 | | -161.19 | | Unapplied Payment | 3/1/13 | | | | | | -161.19 | | | | | |
| 9/1/16 | | 161.19 | 161.19 | Principal Only Payr | 3/1/13 | | 161.19 | | | | | 62896.69 | | | | |
| 9/15/16 | | -270.59 | | Tax Bill 1 Disburser | 9/1/16 | | | | -270.59 | | | | | -4019.59 | | |

**(12/15)**

# Mortgage Proof of Claim Attachment

Case Number: 1812734

Debtor 1: SCHULTE PROPERTIES LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 358.13 | | | Regular Payment | 10/1/16 | 15757.72 | | | | | | | | | | |
| | 358.13 | | | Regular Payment | 11/1/16 | 16115.85 | | | | | | | | | | |
| | 358.13 | | | Regular Payment | 12/1/16 | 16473.98 | | | | | | | | | | |
| 12/16/16 | | -270.59 | | Tax Bill 1 Disburser | 12/1/16 | | | | -270.59 | | | | | -4290.18 | | |
| | 358.13 | | | Regular Payment | 1/1/17 | 16832.11 | | | | | | | | | | |
| | 358.13 | | | Regular Payment | 2/1/17 | 17190.24 | | | | | | | | | | |
| 2/16/17 | | -270.59 | | Tax Bill 1 Disburser | 2/1/17 | | | | -270.59 | | | | | -4560.77 | | |
| 2/28/17 | | | -15.00 | Property Inspection | 2/1/17 | | | | | -15.00 | | | | | 42.00 | |
| 3/14/17 | 358.13 | | | Regular Payment | 3/1/17 | 17548.37 | | | | | | | | | | |
| | | | -315.00 | FC Costs | 2/1/17 | | | | | -315.00 | | | | | 357.00 | |
| | 358.13 | | | Regular Payment | 4/1/17 | 17906.50 | | | | | | | | | | |
| | 358.13 | | | Regular Payment | 5/1/17 | 18264.63 | | | | | | | | | | |
| 5/10/17 | | | -517.50 | FC Costs | 2/1/17 | | | | | -517.50 | | | | | 874.50 | |
| 5/10/17 | | | -43.00 | FC Costs | 2/1/17 | | | | | -43.00 | | | | | 917.50 | |
| | 358.13 | | | Regular Payment | 6/1/17 | 18622.76 | | | | | | | | | | |
| 6/29/17 | | -474.00 | | Insurance Premium 1 | 7/23/17 | | | | -474.00 | | | | | -5034.77 | | |
| 7/10/17 | 358.13 | | | Regular Payment | 7/1/17 | 18980.89 | | | | | | | | | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 930.50 | |
| 8/8/17 | 358.13 | | | Regular Payment | 8/1/17 | 19339.02 | | | | | | | | | | |
| 8/8/17 | | -279.41 | | Tax Bill 1 Disburser | 8/15/17 | | | | -279.41 | | | | | -5314.18 | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 943.50 | |
| 9/7/17 | 358.13 | | | Regular Payment | 9/1/17 | 19697.15 | | | | | | | | | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 956.50 | |
| 9/20/17 | | -277.63 | | Tax Bill 2 Disburser | 10/3/17 | | | | -277.63 | | | | | -5591.81 | | |
| 10/5/17 | 358.13 | | | Regular Payment | 10/1/17 | 20055.28 | | | | | | | | | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 969.50 | |
| 10/13/17 | | 474.00 | | Insurance Refund | 3/1/13 | | | | 474.00 | | | | | -5117.81 | | |
| 11/6/17 | 358.13 | | | Regular Payment | 11/1/17 | 20413.41 | | | | | | | | | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 982.50 | |
| 12/1/17 | 358.13 | | | Regular Payment | 12/1/17 | 20771.54 | | | | | | | | | | |
| | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 995.50 | |
| 12/13/17 | | -277.63 | | Tax Bill 3 Disburser | 1/2/18 | | | | -277.63 | | | | | -5395.44 | | |

**Mortgage Proof of Claim Attachment**

Offical Form 410A

**(12/15)**

# Mortgage Proof of Claim Attachment

Case Number: 1812734

Debtor 1: SCHULTE PROPERTIES LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 358.13 | | 358.13 | Regular Payment | 1/1/18 | 21129.67 | | | | | | | | | | |
| 1/4/18 | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 1008.50 | |
| 2/8/18 | 358.13 | | 358.13 | Regular Payment | 2/1/18 | 21487.80 | | | | | | | | | | |
| 2/8/18 | | -277.63 | | Tax Bill 4 Disburser | 3/6/18 | | | | -277.63 | | | | | -5673.07 | | |
| 2/8/18 | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 1021.50 | |
| | 358.13 | | 358.13 | Regular Payment | 3/1/18 | 21845.93 | | | | | | | | | | |
| 3/15/18 | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 1034.50 | |
| | 358.13 | | 358.13 | Regular Payment | 4/1/18 | 22204.06 | | | | | | | | | | |
| | 358.13 | | 358.13 | Regular Payment | 5/1/18 | 22562.19 | | | | | | | | | | |
| 5/2/18 | | | -13.00 | Property Inspection | 3/1/13 | | | | | -13.00 | | | | | 1047.50 | |
| 5/10/18 | | | -40.00 | Recording Cost | 4/1/13 | | | | | -40.00 | | | | | 1087.50 | |
| 5/10/18 | | | -11.78 | Certified Mail Cost | 4/1/13 | | | | | -11.78 | | | | | 1099.28 | |
| 5/10/18 | | | -113.58 | Certified Mail Cost | 4/1/13 | | | | | -113.58 | | | | | 1212.86 | |
| 5/10/18 | | | -15.58 | Certified Mail Cost | 4/1/13 | | | | | -15.58 | | | | | 1228.44 | |
| 5/10/18 | | | -25.00 | FC Costs | 4/1/13 | | | | | -25.00 | | | | | 1253.44 | |
| 5/10/18 | | | -948.75 | FC Costs | 4/1/13 | | | | | -948.75 | | | | | 2202.19 | |
| 5/10/18 | | | -50.00 | FC Costs | 4/1/13 | 22562.19 | | | | | -50.00 | | 62896.69 | | -5673.07 | 2252.19 | |

**Offical Form 410A**                    **Mortgage Proof of Claim Attachment**                    Page 6 of 6

Exhibit 'A'

Case No.: 1812734

Debtors: SCHULTE PROPERTIES LLC                    SS No.    XXX-XX-7615

Address: 1013 Golden Hawk Way

Las Vegas                    NV                    89108

Loan No: 4232

On filing petition 05/10/2018 debtor(s) owed claimant $62,896.69 plus interest on arrearages at   5.250000%   per annum (rate at petition) from 03/01/2013.

ARREARAGES owed as of 05/10/2018, the date of filing of the petition.

| From Date | Through Date | Type of Charge | # | Unit Charge | Total |
|-----------|--------------|----------------|---|-------------|-------|
| 03/01/2013 | 05/01/2018 | Payment @ 5.25% | 63 | $358.13 | $22,562.19 |
| | | FC Costs | | | $1,899.25 |
| | | Recording Cost | | | $40.00 |
| | | Property Inspection | | | $172.00 |
| | | Certified Mail Cost | | | $140.94 |
| | | Escrow Deficiency | | | $5,673.07 |
| | | Escrow Shortage | | | $398.44 |
| | | Unapplied | | | $0.00 |
| | | | | Subtotal | **$30,885.89** |
| | | | | **Total:** | **$30,885.89** |

The above figures represent the delinquency at the time of filing and do not reflect payments received after the date of filing of the bankruptcy.

Late charges accrue to the account when payments are received 16 days past the payment due date.

Loan agreements that provided for interest calculated at a daily simple rate will be reset to reflect a standard amortization rate during the pendency of your current bankruptcy.

Exhibit 'A1'

Case No.:        1812734

Debtors:         SCHULTE PROPERTIES LLC                    SS No.        XXX-XX-7615

Address:         1013 Golden Hawk Way

                 Las Vegas              NV              89108

Loan No:         4232

On filing petition  05/10/2018  debtor(s) owed claimant total debt of $87,941.48.


The Total Debt owed at petition:

| | |
|---|---|
| Principal Balance | $62,896.69 |
| Interest | $17,119.53 |
| FC Costs | $1,899.25 |
| Recording Cost | $40.00 |
| Property Inspection | $172.00 |
| Certified Mail Cost | $140.94 |
| Escrow Deficiency | $5,673.07 |
| Unapplied | $0.00 |
| **Total Debt:** | **$87,941.48** |

The above figures represent the owed at the time of filing and do not reflect payments received after the date of filing of the bankruptcy.

Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this proof of claim for FHLMC VPC 198746. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing .

Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.



55 Beattie Place
Suite 110
Greenville, SC  29601
For Inquiries:  (800) 365-7107

MELANI SCHULTE
9811 W Charleston Blvd
suite 2-351
Las Vegas NV  89117

Analysis Date:                    May 10, 2018
Loan:
Property Address:
1013 Golden Hawk Way
Las Vegas, NV  89108

### Annual Escrow Account Disclosure Statement - Account History

The following is an overview of your escrow account with Shellpoint Mortgage Servicing. It contains  the history of escrow payments made on your behalf in the prior year, and a snapshot of the anticipated disbursements for the coming year. Any potential adjustments due to increases or decreases with your escrow items may affect your monthly escrow payment. If your escrow payment increases, your monthly payment will also increase. If the escrow payment decreases, your mortgage payment will decrease.

| Payment Information | Contractual | Effective Jun 01, 2018 |
|---|---|---|
| P & I Pmt: | $358.13 | $358.13 |
| Escrow Pmt: | $0.00 | $139.58 |
| Other Funds Pmt: | $0.00 | $0.00 |
| Asst. Pmt (-): | $0.00 | $0.00 |
| Reserve Acct Pmt: | $0.00 | $0.00 |
| Total Payment: | $358.13 | $497.71 |

| Prior Esc Pmt | December 01, 2017 |
|---|---|
| P & I Pmt: | $358.13 |
| Escrow Pmt: | $132.19 |
| Other Funds Pmt: | $0.00 |
| Asst. Pmt (-): | $0.00 |
| Resrv Acct Pmt: | $0.00 |
| Total Payment: | $490.32 |

| Escrow Balance Calculation | |
|---|---|
| Due Date: | Apr 01, 2013 |
| Escrow Balance: | $0.00 |
| Anticipated Pmts to Escrow: | $0.00 |
| Anticipated Pmts from Escrow (-): | $0.00 |
| Anticipated Escrow Balance: | $0.00 |

| Shortage/Overage Information | Effective Jun 01, 2018 |
|---|---|
| Upcoming Total Annual Bills | $1,674.92 |
| Required Cushion | $0.00 |
| Required Starting Balance | $398.44 |
| Escrow Shortage | ($398.44) |
| Surplus | $0.00 |

**Cushion Calculation:** Because Shellpoint Mortgage Servicing does not set your tax amounts or insurance premiums, your escrow balance contains a cushion of $0.00. A cushion is an additional amount of funds held in your escrow in order to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Your lowest monthly balance should not be below $279.15 or 1/6 of the anticipated payment from the account.

This is a statement of actual activity in your escrow account from Dec 2017 to May 2018.  Last year's anticipated activity (payments to and from your escrow account) is next to the actual activity.

| Date | Payments to Escrow Anticipated | Actual | Payments From Escrow Anticipated | Actual | | Description | Escrow Balance Required | Actual |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Starting Balance | $132.21 | ($5,117.81) |
| Dec 2017 | $132.19 | | | | * | | $264.40 | ($5,117.81) |
| Dec 2017 | | | | $277.63 | * | County Tax | $264.40 | ($5,395.44) |
| Jan 2018 | $132.19 | | $277.63 | | * | County Tax | $118.96 | ($5,395.44) |
| Feb 2018 | $132.19 | | | | * | | $251.15 | ($5,395.44) |
| Feb 2018 | | | | $277.63 | * | County Tax | $251.15 | ($5,673.07) |
| Mar 2018 | $132.19 | | $277.63 | | * | County Tax | $105.71 | ($5,673.07) |
| Apr 2018 | $132.19 | | | | * | | $237.90 | ($5,673.07) |
| May 2018 | $132.19 | | | | * | | $370.09 | ($5,673.07) |
| | | | | | | Anticipated Transactions | $370.09 | ($5,673.07) |
| May 2018 | | | P | | | | | ($5,673.07) |
| | $793.14 | $0.00 | $555.26 | $555.26 | | | | |

**An asterisk (*) indicates a difference from a previous estimate either in the date or the amount.  If you want a further explanation, please call our toll-free number.**
**P - The letter (P) beside an amount indicates that the payment or disbursement has not yet occurred but is estimated to occur as shown.**

For Inquiries: (800) 365-7107

|  |  |
|---|---|
| Analysis Date: | May 10, 2018 |
| Loan: | |

## Annual Escrow Account Disclosure Statement - Projections for Coming Year

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made to and from your account.

| Date | Anticipated Payments | | | Escrow Balance | |
|---|---|---|---|---|---|
| | To Escrow | From Escrow | Description | Anticipated | Required |
| | | | Starting Balance | $0.00 | $398.44 |
| Jun 2018 | $139.58 | | | $139.58 | $538.02 |
| Jul 2018 | $139.58 | $516.00 | Hazard | ($236.84) | $161.60 |
| Aug 2018 | $139.58 | $291.05 | County Tax | ($388.31) | $10.13 |
| Sep 2018 | $139.58 | | | ($248.73) | $149.71 |
| Oct 2018 | $139.58 | $289.29 | County Tax | ($398.44) | $0.00 |
| Nov 2018 | $139.58 | | | ($258.86) | $139.58 |
| Dec 2018 | $139.58 | | | ($119.28) | $279.16 |
| Jan 2019 | $139.58 | $289.29 | County Tax | ($268.99) | $129.45 |
| Feb 2019 | $139.58 | | | ($129.41) | $269.03 |
| Mar 2019 | $139.58 | $289.29 | County Tax | ($279.12) | $119.32 |
| Apr 2019 | $139.58 | | | ($139.54) | $258.90 |
| May 2019 | $139.58 | | | $0.04 | $398.48 |
| | $1,674.96 | $1,674.92 | | | |

(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)

Your ending balance from the last month of the account history (escrow balance anticipated) is ($0.00). Your starting balance (escrow balance required) according to this analysis should be $398.44. This means you have a shortage of $398.44. This shortage may be collected from you over a period of 12 months or more unless the shortage is less than 1 month's deposit, in which case we have the additional option of requesting payment within 30 days. We have decided to do nothing. We anticipate the total of your coming year bills to be $1,674.92. We divide that amount by the number of payments expected during the coming year to obtain your escrow payment.

| New Escrow Payment Calculation | |
|---|---|
| Unadjusted Escrow Payment | $139.58 |
| Surplus Reduction: | $0.00 |
| Shortage Installment: | $0.00 |
| Rounding Adjustment Amount: | $0.00 |
| Escrow Payment: | $139.58 |

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED, DISMISSED OR IS SUBJECT TO AN AUTOMATIC STAY OF BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, NOTICE IS FOR COMPLIANCE AND INFORMATION PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR ANY ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**

---

✂ Detach Here



Shellpoint Mortgage Servicing
55 Beattie Place
Suite 110
Greenville, SC 29601
(800) 365-7107

**Escrow Shortage Reply (This is not a bill)**

Loan Number:

Full Shortage Amount: $398.44

Payment Amount: $_____

Your escrow shortage has been spread over 0 months, resulting in an additional increase in your monthly payment in the amount of $0.00.

Shellpoint Mortgage Servicing
P.O. Box 740039
Cincinnati, OH 45274-0039

IF YOU CHOOSE to pay your shortage in full, please visit http://www.shellpointmtg.com/ in order to expedite your payment You can also mail this coupon with your remittance of the full shortage amount to the address to the left

# EXHIBIT "ONE"

Lot 1157 in Block Q of Lewis Homes Rainbow Vista, as shown by map thereof on file in Book 53 of Plats, Page 39 and as amended by Certificate by Amendment recorded 2/24/93 in Book 930224 as Document No. 00930, in the Office of the County Recorder of Clark County, Nevada.

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

2

After Recording Return To: *and Tox statements to*
ABN AMRO MORTGAGE GROUP,
INC.
777 E. EISENHOWER PKWY #700
ANN ARBOR, MI 48108



[Space Above This Line For Recording Data]

# DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
 (A) "**Security Instrument**" means this document, which is dated    JULY 18, 2001                                   ,
together with all Riders to this document.
(B) "**Borrower**" is    MELANI SCHULTE,  MARRIED WOMAN AS HER SOLE AND
SEPARATE PROPERTY

Borrower is the trustor under this Security Instrument.
(C) "**Lender**" is    AMERA MORTGAGE CORPORATION

Lender is a    CORPORATION                                  organized and existing under the
laws of    NEVADA                          Lender's address is    3515 W.
CHARLESTON BLVD. LAS VEGAS, NV 89102
Lender is the beneficiary under this Security Instrument.
(D) "**Trustee**" is    FIDELITY NATIONAL TITLE

(E) "**Note**" means the promissory note signed by Borrower and dated    JULY 18, 2001
The Note states that Borrower owes Lender
ONE HUNDRED THOUSAND EIGHT HUNDRED AND 00/100
Dollars (U.S. $    100,800.00                       ) plus interest. Borrower has promised to pay this
debt in regular Periodic Payments and to pay the debt in full not later than    AUGUST 1, 2016
(F) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due
under the Note, and all sums due under this Security Instrument, plus interest.

NEVADA--Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3029 1/01
DOCU1NV1
DOCU1NV1.VTX  11/18/2000            *(Page 1 of 12 pages)*



**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☒ 1-4 Family Rider | ☐ Other(s) [specify] | |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the          COUNTY
                                                                        (Type of Recording Jurisdiction)
of     CLARK                                                           :
       (Name of Recording Jurisdiction)
SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.
ASSESSORS PARCEL NO. 138-26-214-039


which currently has the address of        1013 GOLDEN HAWK WAY
                                                                        [Street]
LAS VEGAS                                     , Nevada     89108                        ("Property Address").
              [City]                                                    [Zip Code]

NEVADA--Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                    Form 3029 1/01
DOCU1NV2                                       *(Page 2 of 12 pages)*
DOCU1NV2.VTX  11/18/2000



2001 07 19
.01661

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                          Form 3029 1/01
DOCU1NV3                                   *(Page 3 of 12 pages)*
DOCU1NV3.VTX  11/18/2000

Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or

In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make                be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which



that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                     Form 3029 1/01
DOCU1NV5
DOCU1NV5.VTX  11/18/2000
*(Page 5 of 12 pages)*



are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3029 1/01
DOCU1NV6
DOCU1NV6.VTX  11/18/2000
*(Page 6 of 12 pages)*

the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe**

**(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

NEVADA--Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                    Form 3029 1/01
DOCU1NV7
DOCU1NV7.VTX  11/18/2000                              *(Page 7 of 12 pages)*

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3029 1/01
DOCU1NV8                                      *(Page 8 of 12 pages)*
DOCU1NV8.VTX  11/18/2000



other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b)

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3029 1/01
DOCUINV9                                                      *(Page 9 of 12 pages)*
DOCU1NV9.VTX  11/18/2000

such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3029 1/01
DOCU1NV10
DOCU13NVA.VTX  11/18/2000                    *(Page 10 of 12 pages)*

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lenders' election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**25. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $

NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         Form 3029 1/01
DOCU1NV11                                  *(Page 11 of 12 pages)*
DOCU1NVB.VTX  11/18/2000



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____(Seal)
                              Borrower

_____(Seal)
                              Borrower

_Melani Schulte_____(Seal)
MELANI SCHULTE          Borrower

_____(Seal)
                              Borrower

_____(Seal)
                              Borrower

_____(Seal)
                              Borrower

**[Space Below This Line For Acknowledgment]**

STATE OF *Nevada*
COUNTY OF *Clark*

This instrument was acknowledged before me on *July 18, 2001*
by *Melani Schulte*

_____
NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
P. WALTER
Appt. No. 92-1387-1
My Appt. Expires June 21, 2004

Title (and Rank) *Sr. E. Officer*_____

My Commission expires:_____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
P. WALTER
Appt. No. 92-1387-1
My Appt. Expires June 21, 2004

**NEVADA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          Form 3029 1/01
DOCU1NV12                          *(Page 12 of 12 pages)*
DOCU1NVC.VTX  11/18/2000

# 1-4 FAMILY RIDER
### (Assignment of Rents)

SCHULTE
LOAN NO.:

THIS 1-4 FAMILY RIDER is made this **18TH** day of **JULY, 2001** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **AMERA MORTGAGE CORPORATION**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
**1013 GOLDEN HAWK WAY LAS VEGAS, NV 89108**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

MULTISTATE 1-4 FAMILY RIDER--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3170 1/01
DOCUR4A1
DOCUR4A1.VTX  11/28/2000        *(page 1 of 3 pages)*

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or

MULTISTATE 1-4 FAMILY RIDER--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3170 1/01
DOCUR4A2
DOCUR4A2.VTX  11/28/2000                    *(page 2 of 3 pages)*



remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)
MELANI SCHULTE                                              -Borrower

_____ (Seal)
                                                                        -Borrower

_____ (Seal)
                                                                        -Borrower

_____ (Seal)
                                                                        -Borrower

**MULTISTATE 1-4 FAMILY RIDER--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3170 1/01**
DOCUR4A3
DOCUR4A3.VTX  11/28/2000                                    *(page 3 of 3  pages)*

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIDELITY NATIONAL TITLE
07-19-2001  14:30  CDO
                    OFFICIAL RECORDS      16
BOOK: 20010719  INST:    01661
FEE:         22.00  RPTT:              .00

# NOTE

SCHULTE

JULY 18, 2001        LAS VEGAS        NEVADA
   [Date]                [City]             [State]

1013 GOLDEN HAWK WAY LAS VEGAS, NV 89108
            [Property Address]

## 1 BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U S $   100,800 00 (this amount is called "Principal"), plus interest, to the order of the Lender The Lender is   **AMERA MORTGAGE CORPORATION**

I will make all payments under this Note in the form of cash, check or money order

I understand that the Lender may transfer this Note The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder"

## 2 INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid I will pay interest at a yearly rate of   6 875     %

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note

## 3 PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month

I will make my monthly payment on the   **1ST**   day of each month beginning on **SEPTEMBER 2001** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal If, on **AUGUST 1, 2016**       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date"

I will make my monthly payments at   **3515 W CHARLESTON BLVD , LAS VEGAS NV 89102** or at a different place if required by the Note Holder

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U S $   898 99

## 4 BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due A payment of Principal only is known as a "Prepayment" When I make a Prepayment, I will tell the Note Holder in writing that I am doing so I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes

## 5 LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits,

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3200 1/01
DOCUCPA1
DOCUCPA1 VTX   11/25/2000        *(page 1 of 3 pages)*

then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me which exceeded permitted limits will be refunded to me  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me  If a refund reduces Principal, the reduction will be treated as a partial Prepayment

## 6  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    **15** calendar days after the date it is due, I will pay a late charge to the Note Holder  The amount of the charge will be  **5 000**        % of my overdue payment of principal and interest  I will pay this late charge promptly but only once on each late payment

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses include, for example, reasonable attorneys' fees

## 7  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

## 8  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note  The Note Holder may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

## 9  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor  "Presentment" means the right to require the Note Holder to demand payment of amounts due  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid

## 10  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note  Some of those conditions are described as follows

**MULTISTATE FIXED RATE NOTE**—Single Family—Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**          **Form 3200 1/01**
DOCUCI A2
DOCUCPA2 VTX   11/24/2000                    *(page 2 of 3 pages)*

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
MELANI SCHULTE                   -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

[Sign Original Only]

PAY TO THE ORDER OF ABN AMRO MORTGAGE GROUP, INC
WITHOUT RECOURSE
777 E EISENHOWER PKWY #700
ANN ARBOR, MI 48108

BY AMERA MORTGAGE CORPORATION
3515 W CHARLESTON BLVD
LAS VEGAS, NV 89102

THIS 18th DAY OF July 2001

SIGNED _____
        GARY R HORNS
        VICE PRESIDENT
        AMERA MORTGAGE CORPORATION

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
DOCUCFA1
DOCUCFA3 VTX  01/02/2001
                                        (page 3 of 3 pages)

PAY TO THE ORDER OF _____

WITHOUT RECOURSE
ABN AMRO MORTGAGE GROUP, INC

_____
MARGARET A BEZY
VICE PRESIDENT



2001 07 19
.01662



When Recorded Mail to:
ABN AMRO MORTGAGE GROUP,
INC.
777 E. EISENHOWER PKWY #700
ANN ARBOR, MI 48108
ATTN: POST CLOSING/COLLECTION

(Space Above This Line For Recording Data)

# ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED**, the undersigned hereby grants, and assigns and transfers to   ABN AMRO
MORTGAGE GROUP, INC.
whose address is   777 E. EISENHOWER PKWY #700 ANN ARBOR, MI 48108

all beneficial interest under that certain Deed of Trust dated the  18TH  day of  JULY, 2001
executed by  MELANI SCHULTE, MARRIED WOMAN AS HER SOLE AND
SEPARATE PROPERTY
as Trustor, to  FIDELITY NATIONAL TITLE
, as Trustee,

was recorded on ___07-19-2001___, in Book 2001 0719 at page 0166 ,

Docket No _____, of the records of the County Recorder of
CLARK                        County,  NEVADA                 and covers real
property situated in said county described as follows:
SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.
ASSESSORS PARCEL NO. 138-26-214-039

Together with the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated_____7-1-01_____

                                    AMERA MORTGAGE CORPORATION

                                    By_____
                                       GARY R. HORNS
                                    Its  VICE PRESIDENT

STATE OF NEVADA          }
                         SS.
COUNTY OF CLARK          ;

    On this  18TH  day of  JULY, 2001    , before me, the undersigned, a Notary
Public in and for said State of  NEVADA          , duly commissioned and sworn,
personally appeared  GARY R. HORNS                                      ,to
me known to be the  VICE PRESIDENT                        , of
AMERA MORTGAGE CORPORATION

the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and
voluntary act and deed of said corporation, for the uses and purposes therein mentioned, an oath stated that
are is authorized to execute the said instrument and that the seal affixed is the corporate seal of said
corporation.

    Witness my hand and official seal hereto affixed the day and year first above written.

                                    _____
                                    Notary Public
                                    C. HODEK
My Commission Expires:  AUGUST 1, 2001
        Residing at:_____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
C. HODEK
Appt. No. 97-3713-1
My Appt. Expires Aug. 1, 2001

## EXHIBIT "ONE"

Lot 1157 in Block Q of Lewis Homes Rainbow Vista, as shown by map thereof on file in Book 53 of Plats, Page 39 and as amended by Certificate by Amendment recorded 2/24/9 ; in Book 930224 as Document No. 00930, in the Office of the County Recorder of Clark County, Nevada.



RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

2

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
FIDELITY NATIONAL TITLE
07-19-2001 14:30   CDO
OFFICIAL RECORDS
BOOK: 20010719   INST: 01662
FEE:   8.00   RPTT:    .00

Inst #: 20160321-0001762
Fees: $18.00
N/C Fee: $0.00
03/21/2016 12:25:42 PM
Receipt #: 2713684
Requestor:
NATIONWIDE TITLE CLEARING I
Recorded By: LEX   Pgs: 2

**DEBBIE CONWAY**

**CLARK COUNTY RECORDER**

The undersigned does hereby affirm that this
document submitted for recording does not contain
personal information about any person.

.

**When Recorded Mail To:**
**CitiMortgage, Inc.**
**C/O Nationwide Title Clearing, Inc.**
**2100 Alt. 19 North**
**Palm Harbor, FL 34683**

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust together with all interest secured thereby, all liens, and any rights due or to become due thereon to **DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS 7360 SOUTH KYRENE ROAD, T314, TEMPE, AZ 85283 (800)643-0202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Deed of Trust is dated , made by **MELANI SCHULTE** and recorded as **Instrument # 20010719-01661**, in the Recorder's office of **CLARK** County, **Nevada**.

**Dated this 21st day of March in the year 2016**
**CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.**

By: _____

    **KRISTOPHER SANDBERG**
    **VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

**STATE OF FLORIDA**
**COUNTY OF PINELLAS**
The foregoing instrument was acknowledged before me on this 21st day of March in the year 2016, by Kristopher Sandberg as VICE PRESIDENT of CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.



**CYNTHIA ALBANO - NOTARY PUBLIC**
**COMM EXPIRES:  08/01/2016**

Cynthia Albano
Notary Public State of Florida
My Commission # EE 221270
Expires August 1, 2016

**Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**

Inst #: 20170630-0000281
Fees: $18.00
N/C Fee: $0.00
06/30/2017 08:02:53 AM
Receipt #: 3128711
Requestor:
NATIONWIDE TITLE CLEARING I
Recorded By: RYUD   Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

The undersigned does hereby affirm that this document submitted for recording does not contain personal information about any person.

When Recorded Mail To:
Ditech Financial LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, WHOSE ADDRESS IS 2100 E. ELLIOT RD., TEMPE, AZ 85284, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust together with all interest secured thereby, all liens, and any rights due or to become due thereon to **NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, WHOSE ADDRESS IS 55 BEATTIE PLACE, SUITE 300, GREENVILLE, SC 29601 (800)365-7107, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Deed of Trust is dated , made by **MELANI SCHULTE** and recorded as **Instrument # 2001071901661**, in the Recorder's office of **CLARK** County, **Nevada**.

**Dated this 29th day of June in the year 2017**
**DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC**

By: _____

    **ERIC CHRISTEN**
    **VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

**STATE OF FLORIDA**
**COUNTY OF PINELLAS**
The foregoing instrument was acknowledged before me on this 29th day of June in the year 2017, by Eric Christen as VICE PRESIDENT of DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

**CYNTHIA ALBANO**
**COMM EXPIRES: 08/01/2020**

CYNTHIA ALBANO
Notary Public - State of Florida
My Comm. Expires August 1, 2020
Commission # GG001222

**Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**

Shellpoint Mortgage Servicing
PO Box 10826

Greenville, SC 29603-0826

Phone Number: (800) 365-7107
Fax: (866) 467-1137

Email: mtgbk@shellpointmtg.com

---

RE: Debtor 1     SCHULTE PROPERTIES LLC
     Debtor 2

Case No:    1812734

PROOF OF SERVICE

I certify that a copy of the foregoing documents were served upon the following persons electronically or by mail via the U.S. Postal Service, postage prepaid or by personal delivery, at their scheduled addresses on this day, 9/10/2018.

District of Nevada, Las Vegas Division
300 Las Vegas Blvd. South
Las Vegas, NV 89101

Matthew L. Johnson
8831 West Sahara Ave
Las Vegas, NV 89117

/s/ Latoya Tatum

# EXHIBIT 9

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

**BAPCPA, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## District of Nevada (Las Vegas)
## Bankruptcy Petition #: 17-12883-mkn

|  |  |
|---|---|
| | Date filed: 05/31/2017 |
| Assigned to: MIKE K. NAKAGAWA | Date terminated: 02/01/2018 |
| Chapter 11 | Debtor dismissed: 01/16/2018 |
| Voluntary | 341 meeting: 07/06/2017 |
| Asset | |

Debtor disposition: Dismissed for Other Reason

| Debtor | represented by **AMBERLEA DAVIS** |
|---|---|
| **SCHULTE PROPERTIES, LLC** | 415 S. 6TH STREET, STE 300 |
| 9811 W. CHARLESTON BLVD., STE 2-351 | LAS VEGAS, NV 89101 |
| LAS VEGAS, NV 89117 | (702) 518 4377 |
| CLARK-NV | Fax : (702) 933 9117 |
| Tax ID / EIN: 82-1677615 | Email: Amber@SheIsMyLawyer.com |

U.S. Trustee
**U.S. TRUSTEE - LV - 11**
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101

| Filing Date | # | Docket Text |
|---|---|---|
| 05/31/2017 | 1<br>(65 pgs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717. Filed by AMBERLEA DAVIS on behalf of Schulte Properties, LLC (DAVIS, AMBERLEA) Modified on 6/2/2017 to correct debtor name (Ivey, SD). (Entered: 05/31/2017) |
| 05/31/2017 | 2 | Receipt of Filing Fee for Voluntary Petition (Chapter 11)(17-12883) [misc,volp11pb] (1717.00). Receipt number 17532042, fee amount $1717.00.(re: Doc#1) (U.S. Treasury) (Entered: 05/31/2017) |
| 05/31/2017 | 3<br>(2 pgs) | Meeting of Creditors 341 Meeting to be held on 07/06/2017 at 01:00 PM at 341s - Foley Bldg,Rm 1500. Last day to file Proof of Claims 10/04/2017. (Entered: 05/31/2017) |
| 05/31/2017 | 4 | Set Deficient Filing Deadlines. Incomplete Filings due by 6/14/2017. Resolution of Board of Directors Authorizing Bankruptcy Filing due by 6/14/2017. Verification of Creditor Matrix due by 6/14/2017. Schedule G due by 6/14/2017. Schedule H due by 6/14/2017. (mrb) (Entered: 06/01/2017) |
| 05/31/2017 | 6 | Set Deficient Filing Deadlines. Incomplete Filings due by |

| | | 6/14/2017. Statement of Financial Affairs due by 6/14/2017. (mrb) (Entered: 06/01/2017) |
|---|---|---|
| 06/01/2017 | 5 | (NONCONFORMING ENTRY) Notice of Incomplete and/or Deficient Filing. (mrb) Modified on 6/1/2017 to reflect docket entry change. See #7 (Youngblood, CL). (Entered: 06/01/2017) |
| 06/01/2017 | 7 (2 pgs) | Notice of Incomplete and/or Deficient Filing. (mrb) (Entered: 06/01/2017) |
| 06/02/2017 | 8 (1 pg) | Notice of Debtor(s) Name Change To Match The Petition Filed (Related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor SCHULTE PROPERTIES, LLC) (sdi) (Entered: 06/02/2017) |
| 06/03/2017 | 9 (4 pgs) | BNC Certificate of Mailing (Related document(s)3 Meeting of Creditors Chapter 11 (BNC)) No. of Notices: 61. Notice Date 06/03/2017. (Admin.) (Entered: 06/03/2017) |
| 06/03/2017 | 10 (3 pgs) | BNC Certificate of Mailing. (Related document(s)7 Incomplete and/or Deficient Filing-Ch 11 Non-Individual (BNC)) No. of Notices: 1. Notice Date 06/03/2017. (Admin.) (Entered: 06/03/2017) |
| 06/04/2017 | 11 (3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)8 Notice of Debtor(s) Name Change) No. of Notices: 61. Notice Date 06/04/2017. (Admin.) (Entered: 06/04/2017) |
| 07/07/2017 | 12 (4 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of BAYVIEW LOAN SERVICING, LLC (WILDE, GREGORY) (Entered: 07/07/2017) |
| 07/07/2017 | 13 (1 pg) | 341 Meeting Concluded (STROZZA (rl), NICHOLAS) (Entered: 07/07/2017) |
| 07/26/2017 | 14 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 9500 Aspen Glow Dr, Las Vegas, NV 89134 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 15 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 2460 AVENIDA CORTES, HENDERSON NV 89074-6349 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 16 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 7873 BRIDGEFIELD LN, LAS VEGAS NV 89147-5099 Filed by AMBERLEA DAVIS on |

| | | behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
|---|---|---|
| 07/26/2017 | 17 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 3383 CLOVERDALE CT, LAS VEGAS NV 89117-3951 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 18 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 1624 DESERT CANYON CT, LAS VEGAS NV 89128-7900 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 19 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 3729 DISCOVERY CREEK AVE, NORTH LAS VEGAS NV 89031-3603 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 20 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 9020 FEATHER RIVER CT, LAS VEGAS NV 89117-2367 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 21 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 5218 MISTY MORNING DR, LAS VEGAS NV 89118-0600 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 22 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 956 OSTRICH FERN CT, LAS VEGAS NV 89123-4050 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 23 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 6091 PUMPKIN PATCH AVE, LAS VEGAS NV 89142-0791 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 24 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 1528 SPLINTER ROCK WAY, NORTH LAS VEGAS NV 89031-1617 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE |

| | | |
|---|---|---|
| | | PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 25 (7 pgs) | Motion to Assume Lease or Executory Contract for lease of residential property located at 2290 SURREY MEADOWS AVE, HENDERSON NV 89052-2335 with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 26 (8 pgs) | Motion to Assume Lease or Executory Contract for Property Management Services with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 27 (8 pgs) | Errata Correct Document Title on Certificate of Service with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 28 (2 pgs) | Resolution of Board of Directors Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/26/2017 | 29 (8 pgs) | Certificate of Service of Bankruptcy Filing to parties added to the creditor matrix. Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 07/26/2017) |
| 07/27/2017 | 30 (1 pg) | Notice of Docketing Error (Related document(s)28 Resolution of Board of Directors filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 07/27/2017) |
| 08/07/2017 | 31 (4 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (WILDE, GREGORY) (Entered: 08/07/2017) |
| 08/11/2017 | 32 (5 pgs) | Request for Special Notice with Certificate of Service Filed by GREGORY L. WILDE on behalf of CITIMORTGAGE, INC. (WILDE, GREGORY) (Entered: 08/11/2017) |
| 08/17/2017 | 33 (3 pgs) | Request for Special Notice with Certificate of Service Filed by ARNOLD L. GRAFF on behalf of Fifth Third Bank (GRAFF, ARNOLD) (Entered: 08/17/2017) |
| 08/28/2017 | 34 (6 pgs) | Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:00 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to |

| | | |
|---|---|---|
| | | Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 08/28/2017) |
| 08/29/2017 | 35 (6 pgs) | Amended Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:00 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 08/29/2017) |
| 08/29/2017 | 36 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/27/2017 at 09:00 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor |

|  |  | SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 08/29/2017) |
|---|---|---|
| 09/05/2017 | 37 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 18 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm) (Entered: 09/05/2017) |
| 09/05/2017 | 38 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 20 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 39 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 26 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 40 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 21 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 41 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 22 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 42 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): 17 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 43 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - |

| | | |
|---|---|---|
| | | Incorrectly Calendared (related document(s): <u>23</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (sm ) (Entered: 09/05/2017) |
| 09/05/2017 | 44 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>15</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 45 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>25</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 46 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>14</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 47 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>19</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 48 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>24</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | 49 | **Minute Entry** Re: hearing on 9/27/2017 9:00 AM. Vacated - Incorrectly Calendared (related document(s): <u>16</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (ctw ) (Entered: 09/05/2017) |
| 09/05/2017 | <u>50</u><br>(6 pgs) | Amended Notice of Hearing Hearing Date: 09/27/2017 Hearing Time: 9:30 AM with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)<u>14</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>15</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>16</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>17</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>18</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>19</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>20</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>21</u> Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, <u>22</u> Motion to Assume Lease or Executory Contract filed by Debtor |

| | | |
|---|---|---|
| | | SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 09/05/2017) |
| 09/06/2017 | 51 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/27/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)14 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 15 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 16 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 17 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 18 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 19 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 20 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 21 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 22 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 23 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 24 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 25 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC, 26 Motion to Assume Lease or Executory Contract filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 09/06/2017) |
| 09/15/2017 | 52 (59 pgs) | Motion for Relief from Stay Property: 1528 Splinter Rock Way, North Las Vegas NV 89031 Fee Amount $181. with Proposed Order with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (WILDE, GREGORY) (Entered: 09/15/2017) |
| 09/15/2017 | 53 (4 pgs) | Notice of Hearing Motion for Relief from the Automatic Stay Hearing Date: 10/18/2017 Hearing Time: 09:30 AM with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (Related document(s)52 Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A.) (WILDE, GREGORY) (Entered: 09/15/2017) |
| 09/18/2017 | 54 | Receipt of Filing Fee for Motion for Relief from Stay(17-12883-mkn) [motion,mrlfsty] ( 181.00). Receipt number 17756790, fee amount $ 181.00.(re: Doc#52) (U.S. Treasury) (Entered: 09/18/2017) |

| 09/19/2017 | 55 | Hearing Scheduled/Rescheduled. Hearing scheduled 10/18/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)52 Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A.) (mrb) (Entered: 09/19/2017) |
|---|---|---|
| 09/20/2017 | 56 (1 pg) | Request for Special Notice Filed by EDWARD G SCHLOSS on behalf of BAYVIEW LOAN SERVICING, LLC as servicing agent for The Bank of New York Mellon (SCHLOSS, EDWARD) (Entered: 09/20/2017) |
| 09/27/2017 | 57 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 20 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas) (Entered: 09/27/2017) |
| 09/27/2017 | 58 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 18 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 59 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 21 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 60 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 26 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 61 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 17 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 62 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 22 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 63 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): 23 Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |

| | | |
|---|---|---|
| 09/27/2017 | 64 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>15</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 65 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>25</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 66 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>19</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 67 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>14</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 68 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>24</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 09/27/2017 | 69 | **Minute Entry** Re: hearing on 9/27/2017 9:30 AM. Continued. (related document(s): <u>16</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) Appearance : AMBERLEA DAVIS Status Hearing to be held on 11/15/2017 at 09:30 AM. (cas ) (Entered: 09/27/2017) |
| 10/13/2017 | <u>70</u><br>(2 pgs) | Request for Special Notice Filed by NICHOLE L GLOWIN on behalf of MTGLQ Investors, L.P. (GLOWIN, NICHOLE) (Entered: 10/13/2017) |
| 10/17/2017 | <u>71</u><br>(116 pgs) | Objection with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)<u>52</u> Motion for Relief from Stay filed by Creditor WELLS FARGO BANK, N.A..) (DAVIS, AMBERLEA) (Entered: 10/17/2017) |
| 10/18/2017 | <u>72</u><br>(14 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 06/30/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/18/2017) |

| | | |
|---|---|---|
| 10/24/2017 | <u>73</u><br>(15 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 07/31/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
| 10/24/2017 | <u>74</u><br>(15 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 08/31/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
| 10/24/2017 | <u>75</u><br>(16 pgs) | Monthly Operating Report for Filing Period Ending Month Ending 09/30/2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 10/24/2017) |
| 11/07/2017 | <u>76</u><br>(3 pgs) | Order Granting Motion For Relief From the Automatic Stay (Related document(s) <u>52</u>) (mrb) (Entered: 11/07/2017) |
| 11/07/2017 | <u>77</u><br>(6 pgs) | Notice of Entry of Order Terminating the Automatic Stay with Certificate of Service Filed by GREGORY L. WILDE on behalf of WELLS FARGO BANK, N.A. (Related document(s)<u>76</u> Order on Motion For Relief From Stay) (WILDE, GREGORY) (Entered: 11/07/2017) |
| 11/15/2017 | <u>78</u><br>(9 pgs; 2 docs) | Motion to Dismiss Case with Proposed Order Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Attachments: # <u>1</u> Exhibit Proposed Order)(DAVIS, AMBERLEA) (Entered: 11/15/2017) |
| 11/15/2017 | 79 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>20</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 80 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>18</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 81 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>21</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 82 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>26</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas) (Entered: 11/15/2017) |
| 11/15/2017 | 83 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>17</u> Motion to Assume Lease |

| | | or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
|---|---|---|
| 11/15/2017 | 84 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>22</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 85 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>23</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 86 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>15</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 87 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>25</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 88 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>19</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 89 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>14</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 90 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>24</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/15/2017 | 91 | **Minute Entry** Re: hearing on 11/15/2017 9:30 AM. Hearing Off Calendar (related document(s): <u>16</u> Motion to Assume Lease or Executory Contract filed by SCHULTE PROPERTIES, LLC) (cas ) (Entered: 11/15/2017) |
| 11/20/2017 | <u>92</u><br>(5 pgs) | Notice of Hearing Hearing Date: 11/30/2017 Hearing Time: 9:30 am with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)<u>78</u> Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/20/2017) |
| 11/20/2017 | <u>93</u><br>(4 pgs) | Certificate of Service OF MOTION AND NOTICE with Certificate of Service Filed by AMBERLEA DAVIS on behalf |

| | | |
|---|---|---|
| | | of SCHULTE PROPERTIES, LLC (Related document(s)<u>78</u> Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC, <u>92</u> Notice of Hearing filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/20/2017) |
| 11/21/2017 | <u>94</u> (7 pgs) | Amended Notice of Hearing Hearing Date: 12/20/2017 Hearing Time: 9:30 a.m. with Certificate of Service Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (Related document(s)<u>78</u> Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (DAVIS, AMBERLEA) (Entered: 11/21/2017) |
| 11/21/2017 | 95 | Hearing Scheduled/Rescheduled. Hearing scheduled 12/20/2017 at 09:30 AM at MKN-Courtroom 2, Foley Federal Bldg. (Related document(s)<u>78</u> Motion to Dismiss Case filed by Debtor SCHULTE PROPERTIES, LLC) (mrb) (Entered: 11/21/2017) |
| 11/22/2017 | <u>96</u> (15 pgs) | Monthly Operating Report for Filing Period Ending October 2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 11/22/2017) |
| 11/28/2017 | <u>97</u> (4 pgs) | Request for Special Notice with Certificate of Service Filed by WILMINGTON SAVINGS FUND SOCIETY, FSB (TREDER, EDWARD) (Entered: 11/28/2017) |
| 12/20/2017 | <u>98</u> (15 pgs) | Monthly Operating Report for Filing Period Ending November 2017 Filed by AMBERLEA DAVIS on behalf of SCHULTE PROPERTIES, LLC (DAVIS, AMBERLEA) (Entered: 12/20/2017) |
| 01/16/2018 | <u>99</u> (2 pgs) | Order Granting Motion to Dismiss Case (Related document(s) <u>78</u>) (mrb) (Entered: 01/16/2018) |
| 01/16/2018 | <u>100</u> (1 pg) | Notice of Dismissal; Notice that all Pending Hearings are Vacated.(admin) (Entered: 01/16/2018) |
| 01/19/2018 | <u>101</u> (4 pgs) | BNC Certificate of Mailing. (Related document(s)<u>100</u> Notice of Dismissal; Notice That All Pending Hearings Are Vacated (BNC-BK)) No. of Notices: 108. Notice Date 01/19/2018. (Admin.) (Entered: 01/19/2018) |
| 02/01/2018 | 102 | Bankruptcy Case Closed (mrb) (Entered: 02/01/2018) |

**PACER Service Center**

| | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/08/2018 14:51:30 | | | |
| **PACER Login:** | johnsonml:2953190:0 | **Client Code:** | 2145-001 |
| **Description:** | Docket Report | **Search Criteria:** | 17-12883-mkn Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

# EXHIBIT 10

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

Inst #: 20180406-0002396
Fees: $40.00
RPTT: $0.00  Ex #: 009
04/06/2018 03:56:12 PM
Receipt #: 3368682
Requestor:
MELANI SCHULTE
Recorded By: GYOUNG   Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE

**RECORDING REQUESTED BY:**
MELANI SCHULTE
**When Recorded Mail Document
and Tax Statement To:**
SCHULTE PROPERTIES LLC
9811 W. Charleston Blvd #2-351
Las Vegas, NV 89117

APN: 138-26-214-039
ADDRESS: 1013 Golden Hawk Way, Las Vegas, NV 89108

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That, **MELANI SCHULTE , a single unmarried woman, as her sole and separate property**

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby GRANT, BARGAIN, SELL and CONVEY to **SCHULTE PROPERTIES LLC , a Nevada Limited Liability Company**

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT 1157 IN BLOCK Q OF LEWIS HOMES RAINBOW VISTA, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 53 OF PLATS, PAGE 39 AND AS AMENDED BY CERTIFICATE BY AMENDMENT RECORDED 2/24/93 IN BOOK 930224 AS DOCUMENT NO. 00930, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

SUBJECT TO:   1.   Taxes for the current fiscal year.
              2.   Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: April 6, 2018

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before me on    April 6, 2018

By    Melani Schulte

Signature _____
                        Notary Public

My Commission Expires:   10/31/18

MELANI SCHULTE

Amberlea Davis
Notary Public
No: 14-14876-1 Exp 10/31/2018

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a.  138-26-214-039
   b.  _____
   c.  _____
   d.  _____

2. Type of Property:

| | | | |
|---|---|---|---|
| a. ☐ Vacant Land | b. ☑ Single Fam. Res. | | |
| c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | | |
| e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | | |
| g. ☐ Agricultural | h. ☐ Mobile Home | | |
| ☐ Other | | | |

FOR RECORDERS OPTIONAL USE ONLY
Book_____ Page:_____
Date of Recording: _____
Notes:

3.a. Total Value/Sales Price of Property          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                          $ 0.00
   d. Real Property Transfer Tax Due               $ 0.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 9
   b. Explain Reason for Exemption: Transfer to a Business entity of which Grantor is
      100% Owner.

5. Partial Interest: Percentage being transferred: 100  %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity: GRANTOR

Signature _____    Capacity: _____

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: MELANI SCHULTE | Print Name: SCHULTE PROPERTIES LLC |
| Address:9811 W. Charleston Blvd #2-351 | Address: 9811 W. Charleston Blvd #2-351 |
| City:Las Vegas | City: Las Vegas |
| State:NV          Zip: 89117 | State:NV          Zip:89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
|---|---|
| Address: | |
| City: | State:          Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 11

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments



LIST FOR RENT     ♡ SAVE     ✉ SHARE     ⊘ HIDE     MORE ▾          ⧉ EXPAND     ✕ CLOSE

Nevada · Las Vegas · 89108 · Michael Way · 1013 Golden Hawk Way ·





PLATINUM PROPERTIES

# 1013 Golden Hawk Way, Las Vegas, NV 89108

**OFF MARKET**

Zestimate®:
$235,106

Rent Zestimate®:
$1,350 /mo

4 beds · 3 baths · 1,663 sqft

## Instant Offers

This home qualifies for Zillow Instant Offers. Get cash offers in 2-3 business days.

**Cash offer** ———— $

**Cash offer** ———— $

**Cash offer** ———— $

**500+** homeowners in your area

# EXHIBIT 12

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

## * * § 362 INFORMATION SHEET * *

Schulte Properties LLC                          BK-18-12734-MKN          _____
**Debtor**                                      **Case No:**             **Motion No:**

New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing
**Movant**                                                               **CHAPTER: 11**

---

*Certification of Attempt to Resolve the Matter Without Court Action*

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.

*Date:* September 17, 2018                    *Signature:*      */s/ Ryan D. Stibor*
                                                                  *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 1013 Golden Hawk Way, Las Vegas NV 89108

NOTICE SERVED ON: Debtor(s) ☑ ; Debtor's Counsel ☑ ; Trustee ☑

DATE OF SERVICE: August 31, 2018

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  Movant                     $89,279.76 | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances:        $89,279.76 | Other Encumbrances: _____ |
| APPRAISAL OF OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| $235,106.00 from Debtor's schedules | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of ADEQUATE PROTECTION for MOVANT: |
|---|---|
| Amount of Note:              $100,800.00 | * |
| Interest Rate:                   5.25% | * |
| Duration:                      15 Years | * |
| Payment per Month:             $490.32 | * |
| Date of Default:             June 1, 2018 | * |
| Amount in Arrears:            $1,470.96 | * |
| Date of Notice of Default:   April 19, 2018 | * |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: /s/ Ryan D. Stibor | SUBMITTED BY: _____ |
|                Attorney for Secured Creditor | SIGNATURE: _____ |

Exhibit A

# EXHIBIT 13

to Debtor's Opposition to Motion for Relief from Automatic Stay or, in
the Alternative Adequate Protection Payments

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10184
Date Processed 7/16/2018
Amount$358.13

Review Back

| Print | Save

SCHULTE PROPERTIES LLC
DEBTOR IN POSSESSION
BANKRUPTCY CASE #18-12734-MKN
9811 W CHARLESTON BLVD STE 2-351
LAS VEGAS, NV 89117

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

10184

07/09/2018

PAY TO THE ORDER OF  SHELLPOINT MORTGAGE SERVICING LLC          $   358.13

**** THREE HUNDRED FIFTY-EIGHT AND 13/100 DOLLARS                          DOLLARS

SHELLPOINT MORTGAGE SERVICING
LLC
P.O. BOX 740039
CINCINNATI, OH 45274-0039

VOID AFTER 90 DAYS

MEMO   LN#_____4232 1013 GOLDEN HAWK WAY

SCHULTE PROPERTIES LLC 2018 OPERATI

⑈010184⑈ ⑆121201694⑆          3877⑈

Cancel

Done

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10184
Date Processed 7/16/2018
Amount$358.13

Review Front

| Print | Save



Cancel

Done

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10282
Date Processed 8/13/2018
Amount$358.13

Review Back

| Print | Save



Cancel

Done

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10282
Date Processed 8/13/2018
Amount$358.13

Review Front

| Print | Save



New Penn Financial LLC dba Shellpoint Mtg Svc
Deposit Only
Credit to Account
003$8.13  of wthin named payee without
041 Dyn Prejudice Fifth Third Bank‑          k

Cancel

Done

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10387
Date Processed 9/11/2018
Amount$358.13

Review Back

| Print | Save



Cancel

Done

Return

# Find Past Check or Deposit Slip Images

## View Image

Account Checking - 3877
Check Number 10387
Date Processed 9/11/2018
Amount $358.13

Review Front

| Print | Save

New Penn Financial LLC dba Shellpoint Mtg Svc
Deposit Only
Credit to Account
00358.13 of within named payee without
008 Dyn Prejudice Fifth Third Bank

Cancel

Done