ZIEVE, BRODNAX & STEELE, LLP
Ryan D. Stibor, Esq. (NV Bar 8897)
9435 W. Russell Road, Suite 120
Las Vegas, NV 89148
Tel:   702-948-8565
Fax:   702-446-9898
Email:   nvbankruptcy@zbslaw.com

Attorneys for Secured Creditor, New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Schulte Properties LLC,<br><br>               Debtor. | Case No.: BK-18-12734-MKN<br><br>Chapter 11<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing –**<br>Date:    October 24, 2018<br>Time:   9:30 A.M.<br>Place:   Foley Federal Building, Third Floor<br>            300 Las Vegas Blvd. South<br>            Las Vegas NV |

COMES NOW New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("Secured Creditor") hereby respectfully submit this memorandum and reply to Debtor's Opposition to Secured Creditor's Motion for Relief from Stay ("Reply").

**A. Secured Creditor did Comply with LR 4001(a)(2)**

1.    Pursuant to Local Rule 4001(a)(2), Secured Creditor did make a good faith attempt to resolve this matter prior to filing any motion for relief from the automatic stay, through a meet and confer letter sent on August 21, 2018. *See Exhibit A attached*.

2.    Thus, Debtor, through Debtor's counsel of record, was contacted in good faith by Secured Creditor in compliance with Local Rule 4001(a)(2), through a meet and confer letter,

which indicated that the Debtors are delinquent on mortgage payments and to contact Secured Creditor counsel's office to resolve prior to filing a motion for relief from the automatic stay.

**B. Cause Does Exists to Grant Relief From Stay Pursuant to §362(d)(1)**

3.     On March 8, 2011, an Order Confirming Chapter 11 Plan of Reorganization (the "Confirmation Order") confirming the Third Amended Joint Plan of Reorganization of Melani Schulte and William R. Schulte (the "Confirmed Plan"). *DKT 912*.

4.     Under Section 18 of the Confirmed Plan, the secured claim against the Subject Property is to be in the amount of $64,854.69. The Confirmed Plan then states that a Class 2(q), the secured claim against the Subject Property shall be impaired and paid the allowed amount of its claim as set forth on Exhibit 1 attached thereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

5.     On March 16, 2011, a Stipulation RE: Treatment of CitiMortgage Claim under Debtor's Chapter 11 Plan of Reorganization was entered (the "Stipulation"). *DKT 921*

6.     Under the Stipulation, Secured Creditor's claim shall remain fully secured over a term of thirty (30) years at a rate of 5.25% interest per annum. Debtors shall commence monthly payments as of March 1, 2011 in the amount of $358.13 each. In addition to Principal and Interest Payments, Debtors shall tender to Creditor regular monthly escrow payments for advances made by Creditor for the maintenance of real property taxes and real property hazard insurances for the Subject Property. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

7.     Accordingly, Secured Creditor has accounted for the loan in accordance with the terms of the Stipulation and continued to abide by Confirmation Order. *See Exhibit B attached.*

8. Although Debtor's monthly payment is $358.13, Debtor's is also and has always remained responsible for payment, in addition to principal and interest payments, of the regular monthly escrow advances made by Secured Creditor for the maintenance of real property taxes and hazard insurances for the Subject Property.

9. Despite Secured Creditor continuing to honor the Confirmation Order and Stipulation, Debtor has failed to make timely full payment, which include Debtor's obligation to make in addition to principal and interest payments, monthly escrow advances for the maintenance of real property taxes and insurances in accordance with the Confirmation Order and Stipulation to the Secured Creditor.

10. If Debtor would have responded to Secured Creditor's meet and confer letter provided, the parties could have presumably resolved any accounting discrepancy prior to filing this Motion for Relief from the Automatic Stay.

11. Accordingly, Debtor has not provided any supporting evidence as to the value of the Subject Property, but notwithstanding, the United States Bankruptcy Code provides pursuant to 11 U.S.C. §362(d) provides in part, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

12. The use of the Subject Property by Debtor mandates adequate protection. Adequate protection is necessary to preserve the value of Secured Creditor's interest in the Subject Property throughout the pendency of the bankruptcy. To the extent Secured Creditor is required to any taxes and insurance in connection with the Subject Property in an effort preserve the value then cause would exist.

13. As such, pursuant to Section 1322 of the Bankruptcy Code, Debtor is obligated to make all post-petition payments owing under the Note. Failure to do so constitutes cause for relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

**C.    Debtor's Discovery Requests are Improper**

14. Debtor improperly mailed Secured Creditor certain discovery requests pursuant to Federal Rules of Bankruptcy Procedure 9014 in connection with this Motion for Relief from Stay.

15. FRBP Rule 9014(a), states <u>in a contested matter not otherwise governed by these rules</u>, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

16. However, Secured Creditor's Motion for Relief from Stay is governed by these rules under FRBP Rule 4001. Thus, Debtor's discovery requests in response to a Motion for Relief from Stay do not apply and are improper.

WHEREFORE, Secured Creditor prays for an Order as follows:

1. Granting relief from the automatic stay, or

2. In the alternative, that the Debtor be required to pay adequate protection payments in the amount of the post petition payment amount immediately.

3. For such other relief as the Court deems just and proper.

Dated: <u>October 22, 2018</u>                    ZIEVE, BRODNAX & STEELE, LLP

/s/ *Ryan D. Stibor*
Ryan D. Stibor, Esq.
Attorney for Secured Creditor

# Tiffany Wilson

| | |
|---|---|
| **From:** | Tiffany Wilson |
| **Sent:** | Tuesday, August 21, 2018 1:24 PM |
| **To:** | annabelle@mjohnsonlaw.com |
| **Cc:** | Ryan Stibor |
| **Subject:** | Loan #▇▇▇▇4232 / Schulte Properties LLC / Our File#957000069 |
| **Attachments:** | MEET AND CONFER.pdf |

Dear Counsel,
Please see attached correspondence.

Tiffany S. Wilson
Paralegal
Zieve, Brodnax & Steele, LLP
9435 West Russell Road, Suite 120
Las Vegas, Nevada 89148
P:  702-948-8565 | F:  702-446-9898
mailto: twilson@zbslaw.com

Not licensed to practice law

Representation in: CA | AZ |  NV |  WA | OR ü Please consider the environment before printing this email.
Reduce.  Reuse.  Recycle.
Notice of Confidentiality & Electronic Privacy Notice:
This e-mail message and its attachments, if any, is inclusive and protected by electronic communications privacy laws and is proprietary in nature to Zieve, Brodnax & Steele, LLP ("Company"), and is intended solely for the use of the addressee hereof.  Please be advised that this message, and the attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If the reader of this message is not a specified and intended recipient, you are hereby notified and strictly prohibited from reading, retaining, disclosing, reproducing, distributing, disseminating or otherwise using this transmission.  The accidental delivery of this message to any person other than the intended recipient does not waive any rights, privilege or protection.  If you have received this message in error, please promptly notify the "Company" by reply e-mail or telephone and immediately delete this message from your system. You are further advised that this e-mail and any response thereto is the property of the Company and can be accessed and reviewed by the Company at any time.


Our File #957000069
Loan▇▇▇▇4232
-------------------------------------------------------------------------------------

1

Exhibit "A"
Page 1 of 2



August 21, 2018

<u>VIA ELECTRONIC MAIL</u>

MATTHEW L. JOHNSON
JOHNSON & GUBLER, P.C.
8831 WEST SAHARA AVENUE
Email: annabelle@mjohnsonlaw.com

Re:   In re:   Schulte Properties LLC (Loan No. ▇▇▇▇4232)
              Property Address: 1013 Golden Hawk Way, Las Vegas, NV 89108
              Bankruptcy Case No.: BK-18-12734-mkn/Chapter 11
              Our File No.: 957000069

Dear Mr. Johnson:

Please be advised that this office represents the secured creditor holding the first mortgage in regards to the real property referenced above.

This letter will serve as the required notice under Local Rule 4001(a)(2), for the above-referenced case that the above referenced Debtors are delinquent on mortgage payments and our office has been retained to file a motion for relief from the automatic stay.

Please review and contact our office to discuss a possible resolution. If you have no opposition to the relief requested no response is required (though a response is always appreciated). If you desire time to cure the default, please contact our office. If you believe there are other issues, please contact undersigned counsel directly.

In the event we do not receive a response within 3 (three) days, we will proceed with a motion for relief from stay pursuant to the United States Bankruptcy Code.

                                  Regards,
                                  ZIEVE, BRODNAX & STEELE, LLP

                                  */s/Ryan D. Stibor*
                                  Ryan D. Stibor, Esq.

RDS/tsw

Exhibit "A"
Page 2 of 2

## Reinstatement Balance — 4232

### LOAN DETAILS

| | |
|---|---|
| LoanID: | 4232 |
| Due Date: | 4/1/2013 |
| Current Principal Balance: | $62,813.73 |
| Escrow Balance: | ($6,359.63) |
| Unapplied Balance: | $237.64 |
| Late Charge Balance: | $0.00 |
| NSF Fee Balance: | $0.00 |
| Legal Fee Balance: | $1,899.25 |
| Accrual Balance: | $0.00 |
| Other Fees Balance: | $366.44 |
| Figure Good Thru Date: | 8/15/2018 |

### BORROWER INFO

| | |
|---|---|
| Primary Borrower Name: | Schulte, Melani |
| Co Borrower Name: | |

### REINSTATEMENT FIGURES

| | |
|---|---|
| Total PITI Payments Due: | $31,331.82 |
| Total Corp Adv/Late/NSF/Atty Fees: | $2,265.69 |
| Unapplied Balance: | ($237.64) |
| Escrow Required: | $0.00 |
| Outstanding FC Fees & Costs: | $0.00 |
| **Total Reinstatement Figure*:** | **$33,359.87** |

*(Total PITI + Fees + Unapplied + Escrow Required + FC Fees & Costs)

The account may not be funded for the coming year

### PAYMENTS DUE DETAIL

| Due Date | Interest Rate | Prin & Int Pmt | Escrow Pmt | Total Payment | Principal Amount | Interest Amount | Principal Bal |
|---|---|---|---|---|---|---|---|
| 4/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $83.32 | $274.81 | $62,730.41 |
| 5/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $83.68 | $274.45 | $62,646.73 |
| 6/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $84.05 | $274.08 | $62,562.68 |
| 7/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $84.42 | $273.71 | $62,478.26 |
| 8/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $84.79 | $273.34 | $62,393.47 |
| 9/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $85.16 | $272.97 | $62,308.31 |
| 10/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $85.53 | $272.60 | $62,222.78 |
| 11/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $85.91 | $272.22 | $62,136.87 |
| 12/1/2013 | 5.250% | $358.13 | $120.49 | $478.62 | $86.28 | $271.85 | $62,050.59 |
| 1/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $86.66 | $271.47 | $61,963.93 |
| 2/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $87.04 | $271.09 | $61,876.89 |
| 3/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $87.42 | $270.71 | $61,789.47 |
| 4/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $87.80 | $270.33 | $61,701.67 |
| 5/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $88.19 | $269.94 | $61,613.48 |
| 6/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $88.57 | $269.56 | $61,524.91 |
| 7/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $88.96 | $269.17 | $61,435.95 |
| 8/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $89.35 | $268.78 | $61,346.60 |
| 9/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $89.74 | $268.39 | $61,256.86 |
| 10/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $90.13 | $268.00 | $61,166.73 |
| 11/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $90.53 | $267.60 | $61,076.20 |
| 12/1/2014 | 5.250% | $358.13 | $120.49 | $478.62 | $90.92 | $267.21 | $60,985.28 |
| 1/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $91.32 | $266.81 | $60,893.96 |
| 2/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $91.72 | $266.41 | $60,802.24 |
| 3/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $92.12 | $266.01 | $60,710.12 |
| 4/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $92.52 | $265.61 | $60,617.60 |
| 5/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $92.93 | $265.20 | $60,524.67 |
| 6/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $93.33 | $264.80 | $60,431.34 |
| 7/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $93.74 | $264.39 | $60,337.60 |

**Please add any outstanding foreclosure fees and costs to this reinstatement



Shellpoint Mortgage Servicing

8/15/2018 1:39:13 PM  -  Page 1 of 2

Exhibit "B"

Page 1 of 2

| Date | Rate | | | | | | |
|---|---|---|---|---|---|---|---|
| 8/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $94.15 | $263.98 | $60,243.45 |
| 9/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $94.56 | $263.57 | $60,148.89 |
| 10/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $94.98 | $263.15 | $60,053.91 |
| 11/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $95.39 | $262.74 | $59,958.52 |
| 12/1/2015 | 5.250% | $358.13 | $120.49 | $478.62 | $95.81 | $262.32 | $59,862.71 |
| 1/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $96.23 | $261.90 | $59,766.48 |
| 2/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $96.65 | $261.48 | $59,669.83 |
| 3/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $97.07 | $261.06 | $59,572.76 |
| 4/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $97.50 | $260.63 | $59,475.26 |
| 5/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $97.93 | $260.20 | $59,377.33 |
| 6/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $98.35 | $259.78 | $59,278.98 |
| 7/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $98.78 | $259.35 | $59,180.20 |
| 8/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $99.22 | $258.91 | $59,080.98 |
| 9/1/2016 | 5.250% | $358.13 | $120.49 | $478.62 | $99.65 | $258.48 | $58,981.33 |
| 10/1/2016 | 5.250% | $358.13 | $128.53 | $486.66 | $100.09 | $258.04 | $58,881.24 |
| 11/1/2016 | 5.250% | $358.13 | $128.53 | $486.66 | $100.52 | $257.61 | $58,780.72 |
| 12/1/2016 | 5.250% | $358.13 | $128.53 | $486.66 | $100.96 | $257.17 | $58,679.76 |
| 1/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $101.41 | $256.72 | $58,578.35 |
| 2/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $101.85 | $256.28 | $58,476.50 |
| 3/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $102.30 | $255.83 | $58,374.20 |
| 4/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $102.74 | $255.39 | $58,271.46 |
| 5/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $103.19 | $254.94 | $58,168.27 |
| 6/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $103.64 | $254.49 | $58,064.63 |
| 7/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $104.10 | $254.03 | $57,960.53 |
| 8/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $104.55 | $253.58 | $57,855.98 |
| 9/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $105.01 | $253.12 | $57,750.97 |
| 10/1/2017 | 5.250% | $358.13 | $128.53 | $486.66 | $105.47 | $252.66 | $57,645.50 |
| 11/1/2017 | 5.250% | $358.13 | $132.19 | $490.32 | $105.93 | $252.20 | $57,539.57 |
| 12/1/2017 | 5.250% | $358.13 | $132.19 | $490.32 | $106.39 | $251.74 | $57,433.18 |
| 1/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $106.86 | $251.27 | $57,326.32 |
| 2/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $107.33 | $250.80 | $57,218.99 |
| 3/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $107.80 | $250.33 | $57,111.19 |
| 4/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $108.27 | $249.86 | $57,002.92 |
| 5/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $108.74 | $249.39 | $56,894.18 |
| 6/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $109.22 | $248.91 | $56,784.96 |
| 7/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $109.70 | $248.43 | $56,675.26 |
| 8/1/2018 | 5.250% | $358.13 | $132.19 | $490.32 | $110.18 | $247.95 | $56,565.08 |
| | | Total Payments Due: | | $31,331.82 | Count: | 65 | |

**Please add any outstanding foreclosure fees and costs to this reinstatement



8/15/2018 1:39:13 PM   -  Page 2 of 2

Exhibit "B"

Page 2 of 2

# **CERTIFICATE OF SERVICE**

I certify that I transmitted a true and correct copy of the foregoing Reply to Debtor's Opposition to Motion For Relief From Automatic Stay on October 22, 2018 to the listed recipients. Unless otherwise noted, mailings were by regular U.S. mail, postage prepaid:

SCHULTE PROPERTIES LLC, Debtor
9811 W. CHARLESTON BLVD STE 2-351
LAS VEGAS NV 89117

SCHULTE PROPERTIES LLC, Debtor
1013 GOLDEN HAWK WAY
LAS VEGAS NV 89108

MATTHEW L. JOHNSON, Debtor's Counsel
JOHNSON & GUBLER, P.C.
8831 WEST SAHARA AVENUE
LAS VEGAS, NV 89117
Sent via ECF registered email

U.S. Trustee
U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101
Sent via ECF registered email

/s/Michelle Dapello