# * * § 362 INFORMATION COVER SHEET * *

Schulte Properties LLC
DEBTOR

Bayview Loan Servicing, LLC., as servicer for THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS  CWALT, INC., ALTERNATIVE LOAN TRUST 2004-36CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-36CB
MOVANT

Case No: 18-12734-mkn

CHAPTER: 11

MOTION #:

---

**Certification of Attempt to Resolve the Matter Without Court Action:**

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.

Date : November 6, 2018            Signature: /s/ Arnold L. Graff
                                               *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 1701 Empire Mine Drive, Henderson, Nevada 89014-4081
NOTICE SERVED ON: Debtor(s)_____; Debtor's counsel_____; Trustee_____;
DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS:<br>1st: $90,934.05<br>2nd:<br>3rd:<br>4th:<br>Other:<br>Total Encumbrances: $90,934.05<br><br>APPRAISAL or OPINION as to VALUE: $199,123.00 | The EXTENT and PRIORITY of LIENS:<br>1st: $<br>2nd:<br>3rd:<br>4th:<br>Other:<br>Total Encumbrances: $<br><br>APPRAISAL or OPINION as to VALUE: |
| TERMS of MOVANT'S CONTRACT<br>with the DEBTOR(S)::<br>Amount of Note: $184,000.00<br>Interest Rate: 5.25000%<br>Duration: 30 years<br>Payment per Month: $441.76<br>Date of Default: October 1, 2015<br>Amount in Arrears: $16,099.12<br>Date of Notice of Default:<br>SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY: /s/ ARNOLD L. GRAFF(SBN 13343) | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:<br>-<br>-<br>-<br>-<br>-<br>-<br>-<br>SPECIAL CIRCUMSTANCES:<br><br><br><br><br>SUBMITTED BY:<br>SIGNATURE: |

ARNOLD L. GRAFF (SBN 13343)
agraff@aldridgepite.com
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorney for *Movant*
Bayview Loan Servicing, LLC., as servicer for THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2004-36CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-36CB

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY**<br><br>**Hearing**:<br>Date:   December 12, 2018<br>Time:   9:30 A.M. |

Bayview Loan Servicing, LLC., as servicer for THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS  CWALT, INC., ALTERNATIVE LOAN TRUST 2004-36CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-36CB[1] ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) and d(4) as to the real property located at 1701 Empire Mine Drive, Henderson, Nevada 89014-4081 (the "Property"). This motion is supported by the points and authorities cited herein and the record

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

currently before the court.

## I. FACTUAL AND PROCEDURAL SUMMARY[2]

On or about December 3, 2004, Melani Schulte ("Borrower") executed a promissory note in the principal sum of $184,000.00 (the "Note"), which was made payable to Countrywide Home Loans, Inc.. A copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property.[3] A copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

Movant currently holds possession of the Note, which is indorsed in blank. *See* **Exhibit 1**.

The Deed of Trust was assigned to Movant. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit 3** and incorporated herein by reference.

On October 11, 2009, the borrowers Melani Schulte and William Schulte (the "Borrowers") filed prior chapter 11 case number 09-29123 (the "First Case"). On March 8, 2011, the court entered an Order Confirming an Amended Plan of Reorganization (ECF No. 834) (the "Plan") in the First Case (ECF No. 912). The confirmed Plan from the First Case provided Bayview with a secured claim of $80,000.00 amortized over thirty (30) years at 5.25% interest per annum (the "Secured Claim"). Principal and Interest Payments of $441.76 were to commence 11/1/2010. On December 15, 2015, Borrowers obtained a chapter 11 discharge in the First Case. (*See In Re Schulte*, 09-29123).

Thereafter, the Borrowers transferred their interest in the Property to Schulte Properties, LLC (the "Debtor") herein.

On May 31, 2017, the Debtor filed a second chapter 11 bankruptcy case number 17-12883 (the "Second Case"). However, Debtor voluntarily dismissed the Second Case on January 16, 2018. (*See In Re Schulte Properties LLC*, 17-12883).

On May 10, 2018, Schulte Properties LLC ("Debtor") commenced this third and instant case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movant requests that the Court take judicial notice of the documents and other records on file in the this case.

[3] The Note and Deed of Trust are collectively referred to herein as the "Loan."

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust.

As of October 24, 2018, the arrearage owed under the Note and Deed of Trust is as follows:

| **PAYMENTS** | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 37 | $441.76 | 10/1/2015 to 10/1/2018 | $16,345.12 |
| | | *Less Suspense*: | ($246.00) |
| | | **Total Payments as of October 24, 2018:** | **$16,099.12** |

An additional payment will come due on November 1, 2018, and on the 1st day of each month thereafter until the Loan is paid in full.

As of October 24, 2018, the total amount owed under the Note is approximately $90,934.05.

In accordance with Local Rule 4001(a)(2), Movant sent a Meet and Confer letter to the parties of interest herein in an attempt to communicate in good faith regarding resolution of the instant motion. To date, Movant has been unable to resolve this matter and as a result, brings this motion. A copy of the Meet and Confer Letter is attached hereto as **Exhibit 4** and incorporated herein by reference.

## II.    LEGAL ARGUMENT

**A.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

Section 362(d) of the Bankruptcy Code provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or[4] defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

---
[4] Pursuant to the Bankruptcy Technical Corrections Act of 2010, Section 362(d)(4) was revised by striking "hinder, and" and inserting "hinder, or."

- 4 -     CASE NO. 18-12734-mkn
**MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

>    (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). (emphasis added). If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. <u>In re Arnold</u>, <u>supra</u> (citing <u>In re Thirteenth Place, Inc.</u>, 30 B.R. 503, 505 (9th Cir. B.A.P. 1983)). In the absence of extraordinary circumstances, successive or serial filings for the purposes of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. <u>In re McKissey</u>, 103 B.R. 189, 192 (Bankr. N.D. IL 1989) (citing <u>In re Russo</u>, 94 B.R. 127, 129 (Bankr. N.D. IL 1988).

The aforementioned multiple bankruptcy filings and unauthorized grant deed transfer have prevented Movant from lawfully exercising its state law remedies with regard to the Real Property. Debtor is not a Borrower under the Subject Loan and lacks privity of contract with Bayview, and has yet to file a Chapter 11 Plan, Disclosure Statement, or substantive motion in this Third Case. Additionally, Movant continues to incur significant legal expenses while the Borrower enjoys use and possession of the Real Property.

**B.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
>    (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Borrowers have failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Borrower is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the

automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### III.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a). Pursuant to Local Bankruptcy Rule 9014(g), a proposed order is attached hereto as **Exhibit 5**.

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. This Order shall be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing;

3. Providing that the Order is binding as to the Debtor for a period of 180 days following entry of the Order in any pending and/or subsequently filed bankruptcy case(s);

4. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

5. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

6. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

7. That the requirements of Local Bankruptcy Rule 9021 be waived; and

/././
/././

8. Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: November 6, 2018

/s/ Arnold L. Graff
ARNOLD L. GRAFF
Attorney for *Movant* BAYVIEW LOAN SERVICING, LLC., AS SERVICER FOR THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2004-36CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-36CB