1  EDDIE R. JIMENEZ (NV Bar #10376)
   ACE VAN PATTEN (NV Bar #11731)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
5
6  Attorneys for CITIMORTGAGE, INC.
7
8
9              **UNITED STATES BANKRUPTCY COURT**
10          **DISTRICT OF NEVADA – LAS VEGAS DIVISION**
11  In re                                09-29123-bam
12  MELANI SCHULTE WILLIAM R.            Chapter 11
    SCHULTE,
13
        Debtor(s).
14                                       **STIPULATION RE: TREATMENT OF
15                                       CITIMORTGAGE, INC.'S CLAIM
                                         UNDER DEBTORS' CHAPTER 11
16                                       PLAN OF REORGANIZATION**
17
18
19
20      This Stipulation is entered into by and between Secured Creditor, CitiMortgage, Inc.
21  ("Creditor"), by and through its attorneys of record, and Melani Schulte and William R. Schulte,
22  the Debtors and Debtors-In-Possession herein (the "Debtors"), by and their attorneys of record.
23      The property which is the subject of this matter is commonly known as 9500 Aspen Glow
24  Drive, Las Vegas, Nevada 89134 (hereinafter the "Subject Property").
25      On or about March 5, 1993, Edward Wendell Porta and Patricia P. Porta (collectively the
26  "Borrowers"), for valuable consideration, made, executed and delivered to Weyerhaeuser
27  Mortgage Company ("Lender") a Note in the principal sum of $126,056.00 (the "Note").
28  /././

- 1 -

Exhibit B

On or about March 5, 1993, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on March 12, 1993, in the Official Records of Clark County, State of Nevada.

On or about June 30, 1997, a Grant Deed was executed by the Borrowers purporting to transfer interest in the Subject Property to William R. Schulte and Melani Schulte, husband and wife as joint tenants with right of survivorship for consideration of $1.00. The Grant Deed was recorded on July 15, 1997, in the Official Records of Clark County, State of Nevada.

Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Creditor.

On or about October 11, 2009, Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and were assigned Bankruptcy Case No. 09-29123-bam.

**THE PARTIES STIPULATE AS FOLLOWS:**

1.     Creditor's claim shall remain fully secured over a term of thirty (30) years at a rate of 5.25% interest per annum.

2.     Debtors shall commence monthly payments as of March 1, 2011 in the amount of $522.64 each.

3.     In addition to Principal and Interest Payments, Debtors shall tender to Creditor regular monthly escrow payments for advances made by Creditor for the maintenance of real property taxes and real property hazard insurances for the Subject Property.

4.     Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

5.     In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via certified mail to Melani Schulte and William R. Schulte, 7201 West Lake Mead Blvd, #500, Las Vegas, Nevada 89128, and to the Debtors' attorney of record, provided the Debtors' bankruptcy remains active, Bryan A. Lindsey, 701 E. Bridger Ave., Ste 120, Las Vegas, Nevada 89101, indicating the nature of default.  If Debtors fail to cure the default with certified funds after passage of thirty (30)

- 2 -

Exhibit B

calendar days from the date said written notice is placed in the mail, then the Automatic Stay is terminated and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

6.    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7.    In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8.    In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

9.    At the request of the Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

10.    The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

11.    In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

/././

/././

/././

/././

- 3 -

Exhibit B

1       12.    Each party shall bear their own attorneys' fees and costs in connection with the

2  preparation and filing of this Stipulation.

3       13.    In exchange for the foregoing, Creditor accepts the Debtor's Plan with respect to

4  the Subject Property.

5

6  Dated: <u>January 31, 2011</u>          <u>/s/ Bryan A. Lindsey</u>

7                        BRYAN A. LINDSEY
                                Attorney for the Debtors

8

9

10  Dated: <u>January 31, 2011</u>         PITE DUNCAN, LLP

11

12                        <u>/s/ Ace Van Patten</u>
                            ACE VAN PATTEN

13                        Attorneys for Creditor

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B