**Entered on Docket
March 18, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

PITE DUNCAN, LLP
ACE VAN PATTEN (NV Bar #11731)
EDDIE R. JIMENEZ (NV Bar #10376)
701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
E-mail:  ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for CITIMORTGAGE, INC.

UNITED STATES COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MELANI SCHULTE  AND WILLIAM R. SCHULTE,<br><br>Debtors. | Bankruptcy Case No. BK-S-09-29123-BAM<br>Chapter 13<br><br>ORDER ON STIPULATED ORDER REGARDING TREATMENT OF CREDITOR'S CLAIM PURSUANT TO CHAPTER 11 PLAN |

/././

/././

/././

Exhibit A

The parties having agreed to the terms set forth in the Stipulated Order Regarding Treatment of Creditor's Claim Pursuant to Chapter 11 Plan are bound by the terms of their stipulation, which shall be the Order of this court.

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒ Failed to respond. - Debtors' Attorney

☐ I certify that this is a case under Chapter 7 or 11, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

By: Ace Van Patten_____
    4375 Jutland Drive, Suite 200
    P.O. Box 17933
    San Diego, CA 92177-0933
    (702) 413-9692
    NV Bar #11731
    Attorney for CITIMORTGAGE, INC.

Exhibit A

```
EDDIE R. JIMENEZ (NV Bar #10376)
ACE VAN PATTEN (NV Bar #11731)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
```

Attorneys for CITIMORTGAGE, INC.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>MELANI SCHULTE WILLIAM R. SCHULTE,<br><br>Debtor(s). | 09-29123-bam<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF CITIMORTGAGE, INC.'S CLAIM UNDER DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION** |

This Stipulation is entered into by and between Secured Creditor, CitiMortgage, Inc. ("Creditor"), by and through its attorneys of record, and Melani Schulte and William R. Schulte, the Debtors and Debtors-In-Possession herein (the "Debtors"), by and their attorneys of record.

The property which is the subject of this matter is commonly known as 9500 Aspen Glow Drive, Las Vegas, Nevada 89134 (hereinafter the "Subject Property").

On or about March 5, 1993, Edward Wendell Porta and Patricia P. Porta (collectively the "Borrowers"), for valuable consideration, made, executed and delivered to Weyerhaeuser Mortgage Company ("Lender") a Note in the principal sum of $126,056.00 (the "Note").

/././

- 1 -

Exhibit A

On or about March 5, 1993, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on March 12, 1993, in the Official Records of Clark County, State of Nevada.

On or about June 30, 1997, a Grant Deed was executed by the Borrowers purporting to transfer interest in the Subject Property to William R. Schulte and Melani Schulte, husband and wife as joint tenants with right of survivorship for consideration of $1.00. The Grant Deed was recorded on July 15, 1997, in the Official Records of Clark County, State of Nevada.

Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Creditor.

On or about October 11, 2009, Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and were assigned Bankruptcy Case No. 09-29123-bam.

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Creditor's claim shall remain fully secured over a term of thirty (30) years at a rate of 5.25% interest per annum.

2. Debtors shall commence monthly payments as of March 1, 2011 in the amount of $522.64 each.

3. In addition to Principal and Interest Payments, Debtors shall tender to Creditor regular monthly escrow payments for advances made by Creditor for the maintenance of real property taxes and real property hazard insurances for the Subject Property.

4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

5. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via certified mail to Melani Schulte and William R. Schulte, 7201 West Lake Mead Blvd, #500, Las Vegas, Nevada 89128, and to the Debtors' attorney of record, provided the Debtors' bankruptcy remains active, Bryan A. Lindsey, 701 E. Bridger Ave., Ste 120, Las Vegas, Nevada 89101, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30)

Exhibit A

calendar days from the date said written notice is placed in the mail, then the Automatic Stay is terminated and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

6. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

9. At the request of the Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

10. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

11. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

/././

/././

/././

/././

- 3 -

Exhibit A

1  12. Each party shall bear their own attorneys' fees and costs in connection with the preparation and filing of this Stipulation.

13. In exchange for the foregoing, Creditor accepts the Debtor's Plan with respect to the Subject Property.

Dated: January 31, 2011          /s/ Bryan A. Lindsey
                                 BRYAN A. LINDSEY
                                 Attorney for the Debtors


Dated: January 31, 2011          PITE DUNCAN, LLP


                                 /s/ Ace Van Patten
                                 ACE VAN PATTEN
                                 Attorneys for Creditor

- 4 -

Exhibit A