NATHAN F. SMITH, # 12642
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
E-mail: nathan@mclaw.org

*Attorneys for Fidelity Bank*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SCHULTE PROPERTIES LLC,<br><br>       Debtor. | Bankruptcy Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM ORDER GRANTING DEBTOR'S EX PARTE MOTION FOR ORDER REQUIRING THE PERSON MOST KNOWLEDGEABLE OF FIDELITY BANK TO APPEAR FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 REGARDING PROPERTY LOCATED AT 5524 ROCK CREEK**<br><br>**<u>HEARING DATE:</u>**<br>DATE:  May 15, 2019<br>TIME:   9:30 AM<br>CTRM:  2<br>PLACE:  300 Las Vegas Blvd. South<br>              Las Vegas, NV 89101 |

**TO THE HONORABLE MIKE K. NAKAGAWA, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Fidelity Bank ("Fidelity"), a secured creditor in this case, hereby moves for relief from the Order Granting Debtor's Ex Parte Motion for Order Requiring the Person Most Knowledgeable of Fidelity Bank to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 Regarding Property

Located at 5524 Rock Creek ("Order").  Fidelity's Motion is based upon the following memorandum of points and authorities, any supplemental pleadings that the Court may require, and any oral argument that may be presented at a hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On March 25, 2019, Schulte Properties LLC ("Debtor") filed an Ex Parte Motion for Order Requiring the Person Most Knowledgeable of Fidelity Bank to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 Regarding Property Located at 5524 Rock Creek ("2004 Motion").  Fidelity now moves for relief from the Order because Fidelity was not afforded the opportunity to respond to or oppose the 2004 Motion prior to entry of the Order and because the 2004 Motion should be denied for the following reasons:

1.    The scope of the discovery requested by the 2004 Motion exceeds that which is authorized by Federal Rule of Bankruptcy Procedure 2004 and Debtor is unable to show good cause in requesting the examination and documentation in the 2004 Motion.

2.    Debtor seeks information from a bankruptcy case filed in 2009 by another debtor, identified as case number 09-29123, which has been fully administered with a substantially consummated plan and confidential information from non-Debtor accounts.

Based upon the foregoing, and as explained in further detail below, the Order should be vacated and the 2004 Motion denied.  Alternatively, Fidelity requests a protective order limiting the scope of the Order.

**II.**

**STATEMENT OF FACTS**

1.    On or about November 17, 1993, Dan Ray Heidemann and Linda Heideman executed a promissory note ("Note") payable to RSL Mortgage Corp., a Kansas Corporation ("RSL") in the original, principal amount of $111,508.00.  The Note is secured by a first priority deed of trust ("Deed of Trust") against the property commonly known as 5524 Rock Creek Lane, Las Vegas, Nevada 89130 ("Property").

Motion for Relief from Order                    2

2.    On March 1, 1994, RSL recorded an Assignment of Deed of Trust to Railroad Savings Bank F.S.B., a Federally Chartered Savings Bank ("RSB") against the Property.

3.    On September 1, 1994, RSB executed an Assignment of Mortgage to Fidelity against the Property.

4.    On September 25, 1996, William R Schulte and Melani Schulte ("The Schultes") executed an Assumption Agreement with Release indicating that Borrowers had sold the Property to The Schultes, wherein The Schultes would assume and agreed to pay the indebtedness and perform all obligations under the loan contract.

5.    On August 24, 2004, The Schultes recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 20040824-0004156 conveying interest in the Property to 5524 Rock Creek, LLC ("Rock Creek LLC").

6.    On February 8, 2007, Rock Creek LLC recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 20070208-0003152 conveying interest in the Property to William and Melani Schulte Trust ("Schulte Trust").

7.    On February 28, 2007, Schulte Trust recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 20070228-0003496 conveying interest in the Property back to Rock Creek LLC.

8.    On September 23, 2009, a Notice of Default and Election to Sell under Deed of Trust was recorded against the Property in the Clark County Recorder's Office as recording number 200909230003778.

9.    On November 1, 2010, Rock Creek LLC recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 201011010003491 conveying interest in the Property to The Schultes.

10.    On August 21, 2013, The Schultes recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 201308210002062 conveying interest in the Property to Melani Schulte.

11.    On April 6, 2018, Melani Schulte recorded a Grant, Bargain, Sale Deed in the Clark County Recorder's Office as recording number 20180406-0002401 conveying interest in the Property to

Debtor.

12.   On May 10, 2018, Debtor filed Chapter 11 bankruptcy case number 18-12734-mkn.

13.   On August 28, 2019, Fidelity filed a proof of claim as Claims Register No. 5 ("Claim"). The Claim reflects a secured claim of $81,010.78 and pre-petition arrears of $4,109.39.   The accompanying Mortgage Proof of Claim Attachment indicates that the arrears are comprised of $1,202.76 in principal and interest payments and pre-petition fees due in the amount of $2,930.06.   *See* Claims Register No. 5, Mortgage Proof of Claim Attachment.

14.   On March 25, 2019, Debtor filed the 2004 Motion.  *See* Docket Entry 242.

15.   On March 26, 2019, the Order was entered.  *See* Docket Entry 275.

### III.

### DISCUSSION

**A.    The Legal Standard for a FRBP 60 Motion for Relief.**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See* Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that a district court's denial of Rule 59 and Rule 60(b) motions is reviewed for an abuse of discretion).

Since the Order was entered on an ex parte basis, Fidelity did not have the opportunity to respond and/or oppose the 2004 Motion and now moves for relief from the Order.

**B.    The 2004 Motion is Beyond the Scope of Discovery Warranted by Bankruptcy Code Section 2004.**

FRBP 2004(a) provides that any party in interest may file a motion for examination and a court may subsequently order the examination of any entity provided in such motion.  "The examination of an entity . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FRBP 2004(b).  Specifically under chapter 11, the examination can also relate to operation of any business and its continuance, the source of any money or property acquired by the

debtor in order to consummate a plan, and any other matter relevant to the instant case or the formulation of the plan itself. FRBP 2004(b).

### a. __The Debtor Is Not In Privity Of Contract With Fidelity With Respect To The Loan Secured Against The Property, Which Would Prevent Disclosure Of Confidential Information To The Debtor.__

The discovery requested in the 2004 Motion is beyond the scope of a FRBP 2004 examnination because there is no privity of contract between Debtor and Fidelity.  Therefore, Fidelity is unable to discuss confidential loan information with the Debtor. For this reason, Fidelity objects to the disclosure of the information identified in the 2004 Motion absent a protective ordere.

### b. __Debtor's Attempt To Obtain Discovery From The 2009 Bankruptcy Case In The Instant Bankruptcy Case Is Not Warranted As The 2009 Bankruptcy Case Has Been Fully Administered With A Substantially Consummated Plan.__

Debtor is not entitled under FRBP 2004 to seek information related to the Schultes' 2009 Bankruptcy Case as this case has been fully administered with a substantially consummated plan and discharge entered.  Additionally, the 2009 Bankruptcy Case involved different debtors.  The acts, conduct, liabilities, property or financial condition of the 2009 Bankruptcy Case are not relevant to the instant bankruptcy case.  Because of these reasons, the 2004 Order should be vacated.

### C. __If the Court Finds that the Order Should be Upheld, Fidelity Respectfully Requests that the Court to Issue a Protective Order Limiting the Scope of the Order.__

Fidelity objects to requests for oral examination and production requests with respect to confidential and personal financial information related to the loan account as protected, private information in which Debtor has no privity of contract with Fidelity.

Fidelity objects to requests for oral examination and production requests relating to the 2009 Bankruptcy Case as the Debtor was not a party to that case nor is it relevant to the instant bankruptcy case.

Fidelity objects to requests relating to its "general policies and procedures" for Fidelity's compliance with bankruptcy court orders as this is an attempt to obtain confidential information from Fidelity's business records, which Fidelity would not otherwise disclose.

Fidelity objects to production of recorded documents as this information is readily available to Debtor through the Clark County Recorder's Office or that which Debtor already has access to via its own records.

## IV.

## CONCLUSION

Based upon the foregoing, Fidelity respectfully requests that the Court grant the Motion and enter an order vacating the Order, or in the alternative, enter a protective order limiting the scope of the 2004 Motion/Examination.

DATED:  April 17, 2019                    Respectfully Submitted,

                                          MALCOLM ♦ CISNEROS, A Law Corporation

                                          By:  /s/ Nathan F. Smith
                                               NATHAN F. SMITH
                                               *Attorneys for Fidelity Bank*

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                                          )          ss.
COUNTY OF ORANGE       )

     I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action; my business address is: 2112 Business Center Drive, Irvine, California, 92612.

     On April 17, 2019, I served the following document described as **MOTION FOR RELIEF FROM ORDER GRANTING DEBTOR'S EX PARTE MOTION FOR ORDER REQUIRING THE PERSON MOST KNOWLEDGEABLE OF FIDELITY BANK TO APPEAR FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 REGARDING PROPERTY LOCATED AT 5524 ROCK CREEK** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California (and via telecopy or overnight mail where indicated), addressed as follows:

**DEBTOR:**
Schulte Properties LLC
9811 W. Charleston Blvd Ste 2-351
Las Vegas, NV 89117

**DEBTOR'S ATTORNEY:**
Matthew L. Johnson
8831 West Sahara Avenue
Las Vegas, NV 89117

Johnson & Gubler, P.C.
8831 W. Sahara Ave
Las Vegas, NV 89117

Karen L. Kellett
11300 N. Central Expy., Ste 301
Dallas, TX 75243

Caitlyn N. Wells
11300 N. Central Expy., Ste 301
Dallas, TX 75243

Motion for Relief from Order                              7

**UNITED STATES TRUSTEE:**
U.S. Trustee - LV - 11
300 Las Vegas Boulevard S.
Suite 4300
Las Vegas, NV 89101

Jason Blumberg
Office Of The United States Trustee
501 I St, Suite 7-500
Sacramento, CA 95814

Edward M. Mcdonald
Office Of U.S. Trustee
300 Las Vegas Blvd., So., Ste 4300
Las Vegas, NV 89101

     I declare under penalty of perjury that the foregoing is true and correct. Executed on April 17, 2019, at Irvine, California

            By: */s/ Kelli Brown*
                Kelli Brown

Motion for Relief from Order         7