Allison R. Schmidt, Esq.
Nevada Bar No.: 10743
GHIDOTTI | BERGER
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: aschmidt@ghidottiberger.com

Attorney for Secured Creditor
US Bank Trust N.A., as Trustee
Of the Lodge Series III Trust,
Its successors and assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA, LAS VEGAS

| | |
|---|---|
| In re:<br><br>SCHULTE PROPERTIES, LLC,<br><br>　　　　　　　Debtor. | CASE NO.: 18-12734-mkn<br>**Chapter 11**<br><br>MOTION FOR RELIEF FROM STAY (11 U.S.C. *Section* 362 Bankruptcy Rule 4001) |

### I.  INTRODUCTION

**COMES NOW,** US Bank Trust N.A., as Trustee of the Lodge Series III Trust ("**Movant**") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its security interest held in real property commonly described as 4521 West La Madre, Las Vegas, NV 89117 (the "**Property**"), and

Motion for Relief
Page 1

legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration of SN Servicing Corporation in support of Creditor's Motion for Relief from Stay, on file with the Court. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Borrowers via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Note and Deed of Trust attached to the declaration of SN Servicing Corporation in support of Creditor's Motion for Relief from Stay, on file with the Court. Movant's interest in the Note and Deed of Trust is described above. The Deed of Trust acts as the security for the Debtor's payment on the Note. The Deed of Trust is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

## IV. FACTS

On or about June 11, 2001, Melani Schulte ("Borrower"), for valuable consideration, made, executed and delivered to Amera Mortgage Corporation ("Lender") a Note in the principal sum of $116,800.00 (the "Note"). A true and correct copy of the Note is attached hereto as "**Exhibit A**".

On or about June 11, 2001, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on June 11, 2001, in the Official Records of Clark County, State of Nevada. A true and correct copy of the Deed of Trust is attached hereto as "**Exhibit B**".

Thereafter all beneficial interest in the Note and Deed of Trust were assigned to Movant. A true and correct copy of each Assignment is attached hereto as "**Exhibit C**."

The property was previously included in a Chapter 11 petition filed by Melani Schulte and William Schulte, filed on October 11, 2009, Case No. 09-29123-mkn.

A stipulated plan treatment was entered in which the balance owed on the loan was set to $74,304.10 to be paid at 5.25% interest over a new 30 year term with the Borrower required to make monthly payments of $410.31 on the Loan commencing March 1, 2011. A true and correct copy of the Order on Stipulated Order Regarding Treatment of Creditor's Claim Pursuant to Chapter 11 Plan is attached hereto as "**Exhibit D**."

On February 5, 2015, a notice of termination of automatic stay ("Notice of Termination of Stay") was filed in the 2009 Bankruptcy by Movant's predecessor in interest with regard to the Subject Property pursuant to the default provisions in the Stipulation following the mailing of a written notices of default. A true and correct copy of the Notice of Termination is attached hereto as "**Exhibit E**."

The Debtor herein, Schulte Properties, LLC on May 31, 2017 filed a voluntary petition under Chapter 11 as Case Number 17-12883-mkn (the "2017 Bankruptcy"). The 2017 Bankruptcy was voluntarily dismissed on January 16, 2018.

On May 10, 2018, Debtor filed the instant voluntary petition under Chapter 11 as Case Number 18-12734-mkn. Melani Schulte is the President and Manager of Schulte Properties, LLC.

Movant's claim is evidenced within Proof of Claim #19-1 filed on September 12, 2018.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan and Disclosure Statement. Debtor's Disclosure Statement suggests the instant bankruptcy action is necessary given problems associated with management of the secured loans on the properties as they relate to the confirmed plan in the Second 2009 Bankruptcy; specifically, the Debtor alleges certain lenders have failed to comply with the prior Confirmation Order and misapplication of post-confirmation payments pursuant to said Order. However, no plan has been confirmed.

V. INSTALLMENT DEFAULT

Under the terms of the 2011 Stipulated plan treatment and confirmed plan, debtor was past due pre-petition as indicated in Movant's proof of claim as follows:

| | | |
|---|---|---|
| 12/01/2012 – 05/01/2018 | 66 payments @ $410.31 | = $27,080.46 |
| Pre-petition fees | | = $3,847.42 |
| Escrow Deficiency | | = $5,791.82 |
| Escrow Shortage | | = $394.43 |
| Less Partial Balance | | = $345.05 |
| TOTAL PRE-PETITION ARREARAGES | | = $36,769.08 |

Following the filing of the debtor's most recent Ch. 11 bankruptcy petition on May 10, 2018, debtor is post-petition delinquent as follows:

| | |
|---|---|
| 6 PAYMENTS DUE 11/01/2019 - 04/01/2020 @$568.51 | = $3,411.06 |
| ATTORNEY FEES | = $200.00 |
| PRIOR SERVICER CORPORATE ADVANCE | = $1,900.33 |
| LATE CHARGES thru 3/29/2019 | = $287.28 |
| OWED TO BORROWER (Debtor UA) | = $-115.68 |

| | | |
|---|---|---|
| 1 | Bankruptcy fees & costs | = $1,231.00 |
| 2 | REINSTATEMENT TOTAL | **$6,913.99** |

The total owed to Movant totals no less than $102,810.69 as of April 25, 2020. The outstanding principal balance totals no less than $70,784.10 as of April 25, 2020.

**VI. AUTHORITY**

**A. <u>Cause Exists to Grant Relief Pursuant to Section 362(d)(1)</u>**

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. With regard to 11 U.S.C. § 362(d)(1), the movant must demonstrate the validity of its lien on the debtor's property and ***allege*** that its interest in the property is not adequately protected. Once the movant meets this initial burden, the debtor has the burden of proving that the secured creditor's interest in property is adequately protected. 11 USC § 362(g); *In re Gauvin* (9th Cir. BAP 1982) 24 BR 578, 580; *La Jolla Mortg. Fund v. Rancho El Cajon Assocs.* (BC SD CA 1982) 18 BR 283, 288; *Matter of Boomgarden* (7th Cir. 1985) 780 F2d 657, 663. Here, the motion adequately alleges that Movant's interest in the Property is not adequately protected pursuant to 11 U.S.C. § 362(d)(1).

"Cause" justifying relief from the automatic stay includes "lack of adequate protection of an interest in property," but it is not otherwise defined. See 11 USC § 362(d)(1). Because § 362(d)(1) states that cause "*includes*" lack of adequate protection, lack of adequate protection is *not* the *exclusive* ground for finding "cause." *In re Elmore* (BC CD CA 1988) 94 BR 670, 678; *Matter of Quinlan* (BC WD WI 1981) 12 BR 516, 517. Other grounds constituting "cause" are determined by courts on a *case-by-case* basis. *In re Universal Life Church, Inc.* (ED CA 1991) 127 BR 453, 455; *In re MacDonald* (9th Cir. 1985) 755 F2d 715, 717.

Among the factors to be considered in determining whether the automatic stay should be modified for cause are the good or bad faith of the debtor and the injury to the movant if the stay is

Motion for Relief
Page 5

not modified. *In re A Partners, LLC,* 344 B.R. 114, 127 (Bankr.E.D.Cal.2006). *See also In re Superior Siding & Window, Inc.,* 14 F.3d 240, 242 (4th Cir.1994). As one judge has eloquently stated: "The totality of the circumstances of a case encompasses, among other things, how the parties have conducted themselves, their good or bad faith, and their motives. Good faith is an intrinsic and integral component of the bankruptcy process. *In re Mack,* 347 B.R. 911, 915(Bankr.M.D.Fla.2006), citing *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1071 (5th Cir.1986). Evidence that the debtor has not proposed a plan in months or years since the filing or has proposed a plan that is not feasible or otherwise confirmable may amount to proof that there is no realistic prospect for an effective reorganization. [See *In re Novak* (BC ED NY 1989) 103 BR 403, 411-412 (Chapter 12 case); *Farmers & Merchants Bank & Trust of Watertown v. Trail West, Inc.*(DC SD 1983) 28 BR 389, 394 (Chapter 11 case).

  Here, the Debtor's instant bankruptcy case was filed in May of 2018. However, despite the fact that almost 2 years have passed, the Debtor has not moved forward with confirmation as there remains a voluminous amount of objections to confirmation from most, if not all, secured creditors. Furthermore, while the impetus for the current bankruptcy filing by the Debtor is the alleged lack of compliance by various creditors with the previously confirmed plan and the Debtor's desire to contest the amount of various secured claims, no claim objections have been filed. Likewise, while the plan and disclosure statement are on file, they have been since February of 2019 without much, if any progress toward resolution of the various objections and confirmation. In their current form, the plan and disclosure statement are simply not confirmable. Permitting the Debtor to take advantage of the automatic stay without progressing the case forward is harmful to the Movant and other secured creditors.

  Lastly, Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. The loan is 6 months delinquent post-petition. A continuing failure to maintain required regular payments has been held, in and of itself, to

Motion for Relief
Page 6

constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.*, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing *In re Hinkle*, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also *In re Jones*, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing *Hinkle*, 14 BR at 204)).  Though Debtor has made some payments to Movant following the filing of the instant petition, the payments are incomplete, and the Debtor falls further and further behind, with no plan confirmed in nearly 2 years following the filing of the Instant Petition.  The Borrower's failure to tender regular, complete ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

**VII.    CONCLUSION**

THEREFORE, Movant respectfully requests an Order be entered by this Court as follows:

1. Terminating the automatic stay pursuant to 11 U.S.C. §362 allowing Movant to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interest held under its Note and Deed of Trust in the Property;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to enter into such agreement with Borrowers;

///
///
///
///
///
///

5. That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: April 10, 2020         By: /s/ Allison R. Schmidt, Esq.
                              Allison R. Schmidt, Esq.
                              Nevada Bar No.: 10743
                              GHIDOTTI | BERGER
                              8716 Spanish Ridge Ave., #115
                              Las Vegas, NV 89148
                              Phone: (949) 427-2010
                              Fax: (949) 427-2732