Allison R. Schmidt, Esq.
Nevada Bar No.: 10743
GHIDOTTI | BERGER
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: aschmidt@ghidottiberger.com

Attorney for Secured Creditor
US Bank Trust N.A., as Trustee
Of the Lodge Series III Trust,
Its successors and assigns

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA, LAS VEGAS

| | |
|---|---|
| In re:<br><br>SCHULTE PROPERTIES, LLC,<br><br>                Debtor. | CASE NO.: 18-12734-mkn<br>**Chapter 11**<br><br>REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY (11 U.S.C. *Section* 362 Bankruptcy Rule 4001) |

**COMES NOW,** US Bank Trust N.A., as Trustee of the Lodge Series III Trust ("**Movant**") in the above-entitled Bankruptcy proceeding and respectfully submits this reply brief in support of its Motion for Relief from Automatic Stay.

    A.    <u>**Creditor did Comply with LR 4001(a)(2)**</u>.

Reply in support of Motion for Relief
Page 1

In accordance with LR 4001(a)(2), three days before filing its motion the undersigned e-mailed debtor's counsel regarding Creditor's intention to file a motion for relief from stay. Following the exchange of emails, counsel discussed the matter by phone. Debtor's counsel was out of the office on a vacation but indicated he would send documents regarding insurance and taxes upon his return. Though the loan required taxes and insurance to be escrow, Debtor claimed to be making tax an insurance payments on her own. In the interim, Creditor filed its motion, in order to comply with internal deadlines. Upon receipt of documents sent by debtor's counsel, the undersigned reviewed the documents with Creditor, and ensured that none of Creditor's property tax payments had been reversed and that Creditor has been paying for insurance premiums. As such, it appeared that the figures provided were accurate and the motion should go forward. *See* Declaration of Allison R. Schmidt, **Exhibit A**.

B.  **Movant's Motion is Proper and Should be Granted**.

With regard to 11 U.S.C. § 362(d)(1), the movant must demonstrate the validity of its lien on the debtor's property and ***allege*** that its interest in the property is not adequately protected. Once the movant meets this initial burden, the debtor has the burden of proving that the secured creditor's interest in property is adequately protected. 11 USC § 362(g); *In re Gauvin* (9th Cir. BAP 1982) 24 BR 578, 580; *La Jolla Mortg. Fund v. Rancho El Cajon Assocs.* (BC SD CA 1982) 18 BR 283, 288; *Matter of Boomgarden* (7th Cir. 1985) 780 F2d 657, 663. Here, Movant has sufficiently established its interest in the Property. Furthermore, the motion adequately alleges that Movant's interest in the Property is not adequately protected pursuant to 11 U.S.C. § 362(d)(1).

"Cause" justifying relief from the automatic stay includes "lack of adequate protection of an interest in property," but it is not otherwise defined. See 11 USC § 362(d)(1). Because § 362(d)(1)

Reply in support of Motion for Relief
Page 2

states that cause "*includes*" lack of adequate protection, lack of adequate protection is *not* the *exclusive* ground for finding "cause." *In re Elmore* (BC CD CA 1988) 94 BR 670, 678; *Matter of Quinlan* (BC WD WI 1981) 12 BR 516, 517. Other grounds constituting "cause" are determined by courts on a *case-by-case* basis. *In re Universal Life Church, Inc.* (ED CA 1991) 127 BR 453, 455; *In re MacDonald* (9th Cir. 1985) 755 F2d 715, 717.

The Motion indicates that the Debtor has been sitting in bankruptcy for close to 2 years with little to no progress toward confirmation and a pending disclosure statement and plan that is unconfirmable. Likewise, Movant and its predecessors have had to maintain taxes and insurance on the Property pursuant to the very stipulated plan treatment that the Debtor is claiming, without any evidence whatsoever, that was not complied with. However, the Debtor continues to only make principal and interest payments even though the stipulated plan treatment provides for the Debtor to also make escrow payments to Movant. All the while Movant and its predecessors have advanced funds for taxes and force placed insurance. Failure to maintain insurance on a secured creditor's property (i.e., collateral) leaves the creditor without adequate protection and generally will be cause for lifting the stay. *In re Monroe Park* (D DE 1982) 17 BR 934, 939; *In re El Patio, Ltd.* (BC CD CA 1980) 6 BR 518, 522. Furthermore, despite an equity cushion providing adequate protection, the court *may* order the debtor to make payments to the creditor where the hardship to the creditor in keeping the stay in place exceeds the hardship to the debtor in lifting the stay. *Matter of Bouquet Investments* (BC CD CA 1983) 32 BR 988, 991-992. Such a lengthy delay in the case without any substantial progress is prejudicial to Movant.

Accordingly, Movant requests that this Court issue an order granting relief from the automatic stay.

1 | Respectfully submitted,

2 | DATED: May 11, 2020   By: /s/ Allison R. Schmidt, Esq.
Allison R. Schmidt, Esq.
Nevada Bar No.: 10743
GHIDOTTI | BERGER
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732