Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-MKN<br>Chapter 11<br><br>Date:  OST REQUESTED<br>Time:  OST REQUESTED |

**APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL**

SCHULTE PROPERTIES LLC, the Debtor in Possession in the above-captioned bankruptcy proceeding (the "Debtor"), hereby applies to the Court for an Order approving Debtor's Application to Employ Special Counsel.  This Application is brought pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 2 of the guidelines of the U.S. Department of Justice of the United States Trustee – North and Eastern Districts of California and District of Nevada, (the "Guidelines").

**I.     GUIDELINES SECTION 2.1 – COMPIANCE**

Pursuant to Guidelines Section 2.1 and Bankruptcy Rule 2014, a copy of this Application for approval of employment of professional persons under 11 U.S.C. § 327 and Bankruptcy Rule 2014, the Verified Statement accompanying this Application and the form of the order (a copy of which is attached hereto as Exhibit A) sought herein is being served on the United States Trustee contemporaneously with the filing of this Application with the Bankruptcy Court.

1

**II.    PROFESSIONAL PERSONS TO BE EMPLOYED - STATEMENT RE: DISINTERESTED PERSONS**

The Debtor wishes to employ MATTHEW CARLYON, ESQ. as special litigation counsel for the Debtor to represent and assist the Debtor in pursuing its claims against lenders and servicers, as disclosed on Debtor's Schedule B and in assisting in claim objections. Bankruptcy Rule 2014(a). The legal work in this regard will be performed primarily by Matthew Carlyon, who has extensive bankruptcy litigation experience and knowledge. Mr. Carlyon is licensed to practice before this Court.

To the best knowledge of Applicant, said professional person does not hold or represent an interest adverse to the above-captioned bankruptcy estate, and is a disinterested person. 11 U.S.C. §327(a). To the best of Applicant's knowledge, no employee of Matthew Carlyon, Esq. is related to a United States Bankruptcy Judge or any employee of the Office of the United States Trustee.

**III.    STATEMENT OF NECESSITY FOR EMPLOYMENT OF PROFESSIONAL PERSONS**

It is necessary for employment of professional persons for whom employment is sought by this Application inasmuch as the Debtor requires professional assistance in the areas, identified hereinafter, where service is to be rendered in this case. Bankruptcy Rule 2014(a); Guidelines Section 2.1.1.

**IV.    STATEMENT OF SCOPE OF PROFESSIONAL SERVICE TO BE RENDERED**

The scope of services to be rendered by said professional is as follows:

1.    Prepare approximately 30 claims objections on behalf of the Debtor;

2.    If requested to institute, prosecute or defend any lawsuits, adversary proceedings and/or contested matters arising out this bankruptcy proceeding in which the Debtor may be a party;

3.    If requested, to pursue the Debtor's claims against third parties, including lenders and servicers, as set forth on the Debtor's Schedule B; and

4.    To assist Debtor's bankruptcy counsel, and advise the Debtor, as may become necessary in this bankruptcy proceeding. Bankruptcy Rule 2014(a). Guidelines Section 2.1.1.

**V.    STATEMENT OF REASONS FOR SELECTING PROFESSIONALS**

The Debtor has selected Matthew Carlyon for the reason that said professional person has had considerable experience in matters of this character and the scope of professional services to be rendered, especially regarding mortgage servicing, bankruptcy litigation, and for the reasons that the Debtor believes that Matthew Carlyon is well qualified to represent the Debtor as special litigation counsel in this proceeding, and that the employment of said firm would be in the best interest of the estate. Matthew Carlyon is admitted to practice in the District of Nevada (Bankruptcy and District Court).

**VI.    STATEMENT RE: TERMS OF EMPLOYMENT AND PROPOSED ARRANGEMENT FOR COMPENSATION**

1.    Disclosure of amount and Source of Retainer or Advance Received (11 U.S.C. § 329(a), Bankruptcy Rules 2016(a) and 2016(b), Guidelines 2.2.1): Counsel has received no retainer, however requires a retainer of $60,000.00, which will be billed on a flat-fee basis for all claims objections deemed appropriate by the Debtor. Debtor may seek separate approval from the Court for post-petition DIP financing for the payment of a retainer to proposed special counsel for any additional work outside of the claims objections.

2.    Terms and Conditions of Employment Agreement: 11 U.S.C. § 328(a) authorizes the Debtor, with Court approval, to employ said professional persons "on any reasonable terms and conditions of employment, including on retainer, an hourly basis, on a fixed or percentage fee basis, or a contingent fee basis." Applicant wished to retain said professional persons on a flat-fee basis for all claims objections, and for any other work outside of the claims objection process, under a general retainer, at the hourly rates charged by said professional persons, due to the unknown length and extent of service performed by said professional persons for Applicant. 11 U.S.C. § 328(a). Bankruptcy Rule 2014(a).

3.    Current Hourly Rates Charged by Professionals, and Other Charges (Guidelines Section

3

2.1.2.): the hourly rates to be charged by professional person expected to render services pursuant to this Application are as follows:

    a.  Not exceeding $350.00 per hour for attorneys, including but not limited to:

        i.  Matthew Carlyon, $350.00 / hour

    b.  Not exceeding $150.00 per hour for paralegals / legal assistants.

Other charges that may be considered in an application for compensation include, but are not limited to:

    a.  Messenger service;

    b.  Postage and delivery;

    c.  Process service and investigator charges;

    d.  Copy charges;

    e.  Computer research and word processing charges;

    f.  Travel expenses;

    g.  Miscellaneous expenses necessarily incurred in connection with the scope of services to be performed. Guidelines Section 2.1.2.

**VII.  STATEMENT RE: PAYMENTS MADE AND SHARING COMPENSATION**

To the best knowledge of the Debtor, no payments have heretofore been made or promised to said professional persons for services rendered or to be rendered in any capacity whatsoever in connection with this case, and no agreement or understanding exists between said professional persons and any other entity for the sharing of compensation to be received for services rendered in connection with this case. Bankruptcy Rule 2016(a). Guidelines Sections 2.1.

**VIII.  STATEMENT RE: PREPETITION SERVICES (GUIDELINE SECTION 2.1.3)**

Said professional persons were not retained for pre-petition services. Guidelines Section 2.1.3.

**IX.  PROFESSIONAL DISCLOSURE (GUIDELINES SECTION 2.1.4)**

This Application is accompanied by a Declaration/Verified Statement showing that the

professional persons comply with the requirements of 11 U.S.C. §§ 327, 329 or 1103(b) and Bankruptcy Rules 2014, 2016 and 5002, and setting for the professional persons' connections with the Debtor, creditors, and any other party in interest, and their respective attorneys and accountants. To the best of the Debtor's knowledge, said professional persons have no connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, which connection may constitute a conflict of interest or adverse position with respect to the scope of the services to be rendered by said professional persons in the above-captioned bankruptcy case. Furthermore, to the best of Applicants' knowledge, the professional persons are not related to a bankruptcy judge or any employee of the Office of the United States Trustee. Bankruptcy Rule 2014(1). Guidelines Section 2.1.4.

WHEREFORE, the Debtor respectfully requests that this Application be granted and approved, and that the Debtor be authorized to employ and appoint Matthew Carlyon as Special Litigation Counsel for the Debtor in the above-captioned bankruptcy case.

Dated: April 13, 2021.

/s/ *Melani Schulte*
Melani Schulte, Managing Member
Schulte Properties LLC

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

SCHULTE PROPERTIES LLC,

Debtor.

Bankruptcy Case No. 18-12734-MKN
Chapter 11

Date:
Time:

### VERIFIED STATEMENT/DECLARATION OF PROFESSIONAL
### IN SUPPORT OF APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

MATTHEW CARLYON, states under penalty of perjury as follows:

1. I am an attorney and counselor at law, admitted to practice in the District of Nevada (Bankruptcy and District Courts), and in Illinois.

2. I am an attorney and I maintain an office for the practice of law at 205 North Michigan Avenue, Suite 810, Chicago, IL 60601.

3. Neither I nor any of the partners, associates, of counsel attorneys, or employees are relatives of the United States Bankruptcy Judges serving in the United States Bankruptcy Court for the District of Nevada, which Judges are making appointments or approving employment of professional persons in the above-captioned Court, as the term "relative" is defined in 11 U.S.C. Section 101(39).  Bankruptcy Rule 5002(a). Furthermore, to the best of my knowledge, neither nor

any of the partners, associates, of counsel attorneys, or employees of Matthew Carlyon is related to a bankruptcy judge or any employee of the Office of the United States Trustee. (Bankruptcy rule 2014(a); Guidelines Section 2.1.4).

4.  Matthew Carlyon and the members thereof have no connection with the United States Trustee, the Debtor, creditors or any other party in interest, or their respective attorneys and accountants, and represents no interest that is adverse to the Debtor, or to the Estate, in matters upon which it will be engaged as counsel.

5.  To the best knowledge of Affiant, the law firm of Matthew Carlyon does not hold or represent an interest adverse to the above-captioned estate, and Matthew Carlyon is a "disinterested person/entity" within the meaning of the United States Bankruptcy Code.  11 U.S.C. Section 327 (a); "Guidelines" Section 2.1.4.

6.  Matthew Carlyon has not provided pre-petition services to the Debtor.

7.  Matthew Carlyon has not received any retainer from or on behalf of the Debtor, however Matthew Carlyon does require a retainer of $60,000.00 flat-fee retainer prior to the commencement of work in this case.  11 U.S.C. Section 329(a); "Guidelines" Section 2.1.4.

8.  To the best knowledge of Affiant, Matthew Carlyon has no connections with the Debtor, creditors or any other party in interest, or their respective attorneys and accountants with respect to the scope of services to be rendered by Matthew Carlyon for services rendered or to be rendered in any capacity whatsoever in connection with the above-captioned case, and no agreement or understanding exists between Matthew Carlyon and any other person or entity for the sharing of compensation to be received for services rendered in connection with the above-captioned case, nor shall Matthew Carlyon agree to share in the compensation of any other person rendering services in connection with the above captioned case.  Bankruptcy Rule 2016(a); "Guidelines" Section 2.1.4.

DATED:  April 8, 2021.

*/s/ Matthew Carlyon*
MATTHEW CARLYON