EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for CitiMortgage, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 18-12734-mkn |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **CITIMORTGAGE, INC.'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [FED. R. CIV. PROC. 26(c); FED R. BANKR. PROC. 7026; LBR 7037]** |
| | **Hearing**: |
| | Date: July 14, 2021<br>Time: 10:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

Pursuant to Federal Rule of Civil Procedure 26(c), adopted by Bankruptcy Rule of Civil Procedure 7026, *Creditor* CitiMortgage, Inc. ("Citi") hereby submits its Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) and Memorandum of Points and Authorities in support thereof.

/././

/././

/././

- 1 -
**CITIMORTGAGE, INC.'S MOTION FOR PROTECTIVE ORDER**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Creditor CitiMortgage, Inc. ("Citi") hereby moves this Court pursuant to Federal Rules of Civil Procedure, Rule 26(b)(2)(C)(i) and 26(c) adopted by Bankruptcy Rule of Civil Procedure 7026, for a protective order against the Debtor, Schulte Properties, LLC's ("Debtor") *Subpoena Duces Tecum* ("Subpoena"), which seeks production of documents from Citi.

The Motion is made on the grounds that the Parties executed a confidential *Settlement Agreement and Release* dated March 25, 2021. Pursuant to the Settlement Agreement, Debtor agreed to a broad release of any claims against Citi. The Settlement Agreement resolved all contested matters between the Parties and covers Debtor's present Subpoena. In addition, documents Debtor requests were either: (i) already produced by Citi; (ii) equally available to Debtor; or (iii) objectionable as outlined in Citi's Responses to the original production requests. To the extent Debtor was dissatisfied with Citi's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Citi's objections to the discovery requests. In the meantime, the discovery period expired. Debtor now seeks the same documents from Citi. Debtor's continued pursuit of said documents is inappropriate, burdensome, and an abuse of the judicial process.

Based on the foregoing, Citi requests the Court issue a protective order preventing Debtor from continuing its pursuit of: (1) documents already produced by Citi; (2) documents already in the Debtor's possession, or equally available to the Debtor; (3) documents related to any and all claims released pursuant to the Settlement Agreement; and (4) privileged, proprietary, or confidential documents of Citi, which are irrelevant to a pending contested matter.

Citi attempted to circumvent the need to file the present Motion by sending a meet and confer letter to Debtor's counsel. Citi advised Debtor it intended to file the instant Motion for Protective Order absent the withdrawal of the Subpoena. To date, Debtor has yet to withdraw the Subpoena. Based upon the foregoing, Citi had no choice but to seek protection from the Court.

1  This Motion is based on this Notice of Motion and Motion, the Declaration of Eddie R. Jimenez, the accompanying Memorandum of Points and Authorities, and the pleadings and papers on file in this action.

**PLEASE ALSO TAKE NOTICE** that unless the Court orders otherwise, any party opposing this Motion must file and serve any objections or oppositions no later than fourteen (14) days preceding the hearing date for the Motion in accordance with LR 9014(d). The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of LR 9014(c).

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
> - The court may *refuse to allow you to speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

**ALDRIDGE PITE, LLP**

Dated: June 11, 2021         _/s/ Eddie R. Jimenez_
                             EDDIE R. JIMENEZ

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On May 28, 2021, the Debtor, Schulte Properties, LLC, ("Debtor") filed *a Notice of Issuance of Subpoena* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Citi, related to the Debtor's multiple real properties, including the subject loan encumbering the property located at 1624 Desert Canyon, Las Vegas, Nevada 89128 (the "Property"). The Debtor now seeks blanket, identical, production of all documents, communications, statements, etc., from all servicers for all properties without limitation. As summarized below, Citi requests a protective order prohibiting further pursuit of documents from Citi or, in the alternative, an order modifying the scope and production required under the Subpoena.

First, Citi service released the Loan in February 2014, well before the filing of the instant Bankruptcy Case. Citi is not a party in the instant Bankruptcy Case (regarding the Subject Loan). In the event the Debtor seeks documents or records related to the servicing of the Loan, Debtor may request said documents from the current servicer.

Second, the Parties executed a confidential *Settlement Agreement and Release* dated March 25, 2021. The Settlement Agreement included Melani Schulte in her individual capacity, and in her capacity as the authorized managing member and agent of Schulte Properties, LLC, or any other entity holding title to the Property. The Settlement Agreement contained the compromise between the Parties, resolving all Claims related to the Subject Accounts (including the Loan), and all claims related to the Bankruptcy Cases (including Bankruptcy Case No. 18-12734). Pursuant to the Settlement Agreement, Debtor agreed to a broad release of any claims against Citi. The Settlement Agreement resolved all contested matters between the Parties and covers Debtor's present Subpoena.

Third, the Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Citi responded to multiple Requests for Production of Documents and provided Debtor with thousands of pages of documents at great time and expense. Further, Citi provided Debtor with

updated payment histories in connection with the Judicial Settlement Conference in December 2020. The Debtor now seeks production of the **same documents**. As a result, Citi asserts the documents Debtor requests were either: (i) already produced by Citi; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Citi's Responses to the original production requests.

Fourth, to the extent Debtor was dissatisfied with Citi's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Citi's objections to the discovery requests. In the meantime, the discovery period expired.

Finally, the document requests are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Citi. To comply with these requests (again) would be an undue burden and expense on Citi. To the extent the Court determines additional document production is warranted, Citi requests an order modifying the scope of Subpoena as explained in greater detail below.

## II.    RELEVANT FACTS

On August 14, 2001, Melani Schulte ("Borrower") executed a promissory note in the principal sum of $140,000.00 (the "Note") to Amera Mortgage Corporation ("Lender") (the "Subject Loan"). The Note reflects it was indorsed. The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property. On June 27, 2011, interest in the Deed of Trust was assigned to Citi. On February 12, 2014, Citi assigned interest in the Deed of Trust to Federal National Mortgage Association. On or about February 3, 2014, Citi service released the loan to Seterus.

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure Statement. (Dkt Nos. 201-202).

Citi (or its successors-in-interest) filed *Objections to Confirmation of the Plan* ("Plan Objections"). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served *Requests for Production of Documents* ("Discovery Requests") on Citi related to the Subject Loan.

On or about May 28, 2020, Citi responded to the Discovery Requests with thousands of pages of documents ("Discovery Responses"). Specifically, Citi provided Debtor with copies of the loan documents, filed claim, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower. However, Citi objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Citi's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶6-7).

Citi provided the Debtor with updated payment histories in connection with the Judicial Settlement Conference in December 2020. Notably, Citi's Accounting reflected all payments received and applied during Citi's servicing of the Subject Loan. Accordingly, the Debtor is already in possession of a detailed accounting for the Subject Loan. (*See* Declaration, ¶8).

On or about March 25, 2021, the Parties executed the confidential *Settlement Agreement and Release* ("Settlement Agreement"). The Settlement Agreement included Melani Schulte in her individual capacity, and in her capacity as the authorized managing member and agent of Schulte Properties, LLC, or any other entity holding title to the Property. The Settlement Agreement contained the compromise between the Parties, resolving all Claims related to the Subject Accounts (including the Loan), and all claims related to the Bankruptcy Cases (including Bankruptcy Case No. 18-12734). Pursuant to the Settlement Agreement, Debtor agreed to a broad release of any claims against Citi.

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan

servicers/creditors, including Citi, related to the Debtor's multiple properties, including the Subject Loan/Property. The Debtor now seeks blanket, identical, production of all documents including:

1. Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications.
2. The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.
3. Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debts, interest charges, late fees, attorney fees, advances for taxes and insurance, any other fees or charges placed on the account, and credits applied to the mortgage Loan account.
4. Collection notes, full payment histories, including any and all payment history commentary, account summaries, call logs, notices, and correspondence of any kind.
5. Mortgage and escrow statements, including records indicating account balance, and status since the Loans commencement with Citi's Servicing.
6. Internal communications such as memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone records, and correspondence from the Debtor.
7. Any and all communications and/or documents sent to the Debtor at the commencement of CitiMortgage's servicing the Loan including the address where the documents were sent.
8. Any and all contracts and/or agreements between you and the Debtor.
9. All documents evidencing any charges, fees, advances for taxes and insurance, or any amount applied for the Loan.
10. Any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage related to the Loan.
11. Any and all documents that identify the owner of the mortgage Loan as well as documents governing the relationship between Citi Mortgage and the owner of the mortgage Loan.
12. Any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan.
13. Any and all Form 1098, Mortgage Interest Statement, for the above loan.

(*See* Subpoena, Exhibit 95).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Citi failed to produce. To date, Citi has yet to resolve its dispute with the Debtor. (*See* Declaration, ¶10).

Debtor's continued pursuit of additional documents already in the Debtor's possession, equally available to the Debtor, and/or previously objected to by Citi is inappropriate, burdensome, and an abuse of the judicial process. As a result, Citi seeks a protective order as described below.

### III. ARGUMENT

**A. GOOD CAUSE EXISTS TO ENTER A PROTECTIVE ORDER TO PREVENT THE DEBTOR'S CONTINUED HARRASSMENT AND OPPRESSION OF CITI WITH UNWARRANTED DISCOVERY**

**1. Legal Standard**

Federal Rule of Civil Procedure 26(c) adopted by Bankruptcy Rule of Civil Procedure 7026, permits the court "for good cause shown" to issue a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure of discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the person who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. Proc. 26(c)(1)(A)-(H). A party or other affected person may seek a protective order from the court to limit the frequency or extent of use of discovery methods Fed. R. Civ. P. 26(b) and (c).

In order to establish good cause, the person moving for a protective order must provide a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). The determination of good cause must include "a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id.*; *DeJong v. Bell Helicopter Textron, Inc.*, 124 F.R.D. 207, 208 (W.D. Mo. 1988). The determination "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477, 479 (W.D. Mo. 1950). Good cause may be shown where a party seeks discovery of matters that are relevant only to issues that are no longer before the court, and therefore not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *United States v. 416.81 7 Acres of Land,* 514 F.2d 627, 632 (1975) (finding no error in the district court's *sua sponte* striking of interrogatories on the ground that they related to objections and issues that had previously been stricken by the court).

The court has broad latitude in granting protective orders to prevent the disclosure of information. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The language of the statute confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips*, 307 F.3d at 1211 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). A protective order will be reversed only for abuse of discretion. *See Seattle Times Co.*, 467 U.S. at 36.

### 2. A Protective Order is Necessary as the Debtor Agreed to Release Citi from All Claims via the Settlement Agreement.

On or about March 25, 2021, the Parties executed the confidential Settlement Agreement. The Settlement Agreement included Melani Schulte in her individual capacity, and in her capacity as the authorized managing member and agent of Schulte Properties, LLC, or any other entity holding title to the Property. The Settlement Agreement contained the compromise between the Parties, resolving all Claims related to the Subject Accounts (including the Loan), and all claims

related to the Bankruptcy Cases (including Bankruptcy Case No. 18-12734). Pursuant the Settlement Agreement Debtor agreed to a broad release of any claims against Citi.

Citi asserts the broad release in the Settlement Agreement prohibits the Debtor from continuing to harass Citi with endless litigation and discovery, including the issuance of the Subpoena and the request for information/documents comprising the Subpoena. Further, the Settlement Agreement effectively resolved all contested matters between the Parties. Accordingly, the Subpoena is unrelated to a current contested matter. Accordingly, Citi request a protective order preventing the Debtor from propounding any additional discovery on Citi.

3. **A Protective Order is Necessary as the Documents were Already Provided to the Debtor, are Equally Available to the Debtor, or Objectionable.**

As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement in 2019. Specifically, Citi responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Citi asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Citi's Discovery Responses to the original production requests.

First, the Debtor is already in possession of all loan documents and pre-petition payment histories for the Subject Loans. Accordingly, the Subpoena requests relating to copies of the Notes, Deeds of Trust, Assignments, ownership of the Loans, Contracts with the Debtor, and accountings are already in the Debtor's possession and unwarranted. (Requests 1, 2, 3, 8, 10, 11). The Debtor's intention in issuing the Subpoena is to harass or annoy Citi. Requiring Citi to re-produce documents already provided to the Debtor, or equally available to the Debtor would be overly burdensome, time consuming, expensive, and a waste of judicial resources.

Second, Citi responded to Debtor's Discovery Requests with thousands of pages of documents. Specifically, Citi provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower. (*See* Declaration, ¶6-7). Accordingly, in the Subpoena Debtor requests relating

to loan documents, account statements, payment histories, escrow statements, and communications with the Debtor are already in the Debtor's possession and unwarranted. (Requests 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13). Again, requiring Citi to re-produce documents already provided to the Debtor, or equally available to the Debtor would be overly burdensome.

Third, the Parties participated in a Judicial Settlement Conference with Judge Spraker in December 2020. Prior to the Settlement Conference, Citi provided the Debtor with full accountings and payment histories for each Loan (as required by the Amended Settlement Order). Notably, Citi's Accounting reflected all payments received and applied for the Subject Loan. (*See* Declaration, ¶8). Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan. Accordingly, the Subpoena requests relating to payment histories and accountings are already in the Debtor's possession and unwarranted. (Requests 3, 4).

Fourth, to the extent Citi did not produce a given document during the discovery period, Citi raised appropriate objections in its Discovery Responses. Specifically, Citi asserts the following objections to each production request attached to the Debtor's Subpoena:

- Request #1: Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications.
    - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's responses.
    - Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Proof of Claim and prior Discovery Responses.

- Request #2: The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.
    - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's responses.
    - Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Proof of Claim and prior Discovery Responses. Further, this document is matter of public record.

- Request #3: Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debts, interest charges, late fees, attorney fees, advances for taxes and insurance, any other fees or charges placed on the account, and credits applied to the mortgage Loan account.
    - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Citi's Discovery Responses, or the Citi Accounting produced in connection with the Settlement Conference.

- o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #4: Collection notes, full payment histories, including any and all payment history commentary, account summaries, call logs, notices, and correspondence of any kind.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Citi's Discovery Responses, or the Citi Accounting produced in connection with the Settlement Conference.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.
  - o Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

- Request #5: Mortgage and escrow statements, including records indicating account balance and status since the Loans commencement with Citi Mortgage.
  - o Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Citi's prior Discovery Responses and the mortgage and escrow statements sent to the Debtor. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses. Debtor may refer to the previously produced mortgage and escrow statements with Citi's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #6: Internal communications such as memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone records, and correspondence from the Debtor.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses. Debtor may refer to Citi's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.
  - o Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product. Debtor

broadly seeks internal communications, memoranda, and notes, which may contain information subject to attorney-client privilege.
- o  Objection: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information. Debtor broadly seeks internal communications, memoranda, and notes, which may contain propriety or confidential information.

- Request #7: Any and all communications and/or documents sent to the Debtor at the commencement of CitiMortgage, Inc.'s servicing the Loan including the address where the documents were sent.
  - o  Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses. Debtor may refer to Citi's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o  Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #8: Any and all contracts and/or agreements between you and the Debtor.
  - o  Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses.
  - o  Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Citi's Proof of Claim and prior Discovery Responses.
  - o  Objection: *Vague and Ambiguous* - Citi objects to this Request on the grounds that it is vague and ambiguous. Once Debtor provides additional information to clarify the vague and ambiguous terms used in this request, Citi will be in a position to amend its response to this request, if necessary.

- Request #9: All documents evidencing any charges, fees, advances for taxes and insurance, or any amount applied for the Loan.
  - o  Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Citi's Discovery Responses, or the Citi Accounting produced in connection with the Settlement Conference.
  - o  Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Citi. The request is calculated to annoy and harass Citi. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #10: Any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage related to the Loan.
  - o  Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses.
  - o  Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Citi's Proof of Claim and prior Discovery Responses. Further, this document is matter of public record.

- Request #11: Any and all documents that identify the owner of the mortgage Loan as well as documents governing the relationship between Citi Mortgage Servicing and the owner of the mortgage Loan.

- Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses.
- Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Citi's Proof of Claim and prior Discovery Responses.

- Request #12: Any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan.
  - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses. Debtor may refer to Citi's Discovery Responses.
  - Objection: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information.
  - Objection: *Vague and Ambiguous* - Citi objects to this Request on the grounds that it is vague and ambiguous. Once Debtor provides additional information to clarify the vague and ambiguous terms used in this request, Citi will be in a position to amend its response to this request, if necessary.
  - Objection: *Relevance* – This Request is not relevant to the Contested Matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

- Request #13: Any and all Form 1098, Mortgage Interest Statement, for the above loan.
  - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Citi's above responses.
  - Objection: *Equally Available* - The information sought is equally available to the Debtor. Debtor may refer to the Citi's prior Discovery Responses. Further, said documents were sent to the Debtor in the ordinary course of business.

Based on the foregoing, Citi asserts the Subpoena and production requests are unwarranted. Citi requests the Court issue a protective order preventing Debtor from continuing its pursuit of: (1) documents already produced by Citi; (2) documents already in the Debtor's possession, or equally available to the Debtor; (3) documents related to any and all claims released pursuant to the Settlement Agreement; and (4) privileged, proprietary, or confidential documents of Citi, which are irrelevant to a pending contested matter.

**B.  IN THE ALTERNATIVE, CITI SEEKS A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA**

In the alternative Citi seeks a protective order modifying and limiting the scope of the Subpoena and the requested documents.

First, Citi objects to every production request to the extent it seeks confidential/proprietary information from Citi's business records. Specifically, Citi asserts production requests 4, 6, and 12 attempt to elicit confidential information regarding Citi's internal practices, policies, or procedures, including notes, commentary, and memoranda. Further, Debtor requests servicing

agreements and contracts between Citi and third parties. Moreover, the requests seek information, which may be subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, the requests seek attorney work product.

Second, the periods for which documents and information requested to be produced are not tailored to Debtor's claims in *this* Bankruptcy Case or the resolution of a contested matter. Indeed, Debtor demands production of documents from the commencement of loan servicing. However, the Parties resolved all contested matters via the Settlement Agreement. Thus, the requests are overbroad and unlimited in scope. Accordingly, the requests are calculated to annoy, embarrass, or oppress Citi. To comply with these requests would be an undue burden and expense on Citi.

Finally, as discussed above, many of the loan documents are readily accessible to Debtor via its own records, the claims register, public records, and documents on file with the Bankruptcy Court. As discussed above, Citi already produced thousands of pages of additional documents in response to the Debtor's Discovery Requests. Rather than reviewing said documents, Debtor seeks production of the **same documents, from all servicers for all properties/loans**. The requests are duplicative and intended to harass or annoy Citi. As a result, Citi asserts the documents requested in the Subpoena were either (i) already produced to the Debtor; (ii) equally available to the Debtor; (iii) unrelated to a current contested matter between the Parties; or (iv) objectionable as outlined above.

/././
/././
/././
/././
/././
/././
/././
/././
/././

Based on the foregoing, to the extent the Court determines the Subpoena is reasonable, Citi seeks a protective order modifying and limiting the scope of the Subpoena as outlined above.

**WHEREFORE**, Citi respectfully requests:

1. That the court issue a Protective Order as outlined above;
2. In the alternative, that the Court modify the Subpoena as outlined above; and
3. For such other and further relief as this Court deems just and proper.

Respectfully submitted:

**ALDRIDGE PITE, LLP**

Dated: June 11, 2021

 /s/ *Eddie R. Jimenez*
EDDIE R. JIMENEZ

Attorneys for CitiMortgage, Inc.

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for CitiMortgage, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

    I, <u>Priscilla Johnson</u> declare that:

    I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

    On June 11, 2021, I caused the **CITIMORTGAGE, INC.'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [FED. R. CIV. PROC. 26(c); FED R. BANKR. PROC. 7026; LBR 7037]** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/././/

/././/

| | | |
|---|---|---|
| 1 | Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Priscilla Johnson

**CERTIFICATE OF SERVICE**