EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Shadd A. Wade (SBN 11310)
**ZBS LAW, LLP**
P: 702-948-8565 x606
F: 702-446-9898
mailto: swade@zbslaw.com

Attorneys for Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**SHELLPOINT MORTGAGE SERVICING'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [FED. R. CIV. PROC. 26(c); FED R. BANKR. PROC. 7026; LBR 7037]**<br><br>**Hearing**:<br><br>Date: July 14, 2021<br>Time: 10:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

Pursuant to Federal Rule of Civil Procedure 26(c), adopted by Bankruptcy Rule of Civil Procedure 7026, *Creditor* Shellpoint Mortgage Servicing ("Shellpoint") hereby submits its Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) and Memorandum of Points and Authorities in support thereof.

/././

- 1 -
**SHELLPOINT MORTGAGE'S MOTION FOR PROTECTIVE ORDER**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Creditor Shellpoint Mortgage Servicing ("Shellpoint") hereby moves this Court pursuant to Federal Rules of Civil Procedure, Rule 26(b)(2)(C)(i) and 26(c) adopted by Bankruptcy Rule of Civil Procedure 7026, for a protective order against the Debtor, Schulte Properties, LLC's ("Debtor") *Subpoena Duces Tecum* ("Subpoena"), which seeks production of documents from Shellpoint.

The Motion is made on the grounds that documents Debtor requests were either: (i) already produced by Shellpoint; (ii) equally available to Debtor; or (iii) objectionable as outlined in Shellpoint's Responses to the original production requests. To the extent Debtor was dissatisfied with Shellpoint's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the discovery requests. In the meantime, the discovery period expired. Debtor now seeks the same documents from Shellpoint. Debtor's continued pursuit of said documents is inappropriate, burdensome, and an abuse of the judicial process.

Based on the foregoing, Shellpoint requests the Court issue a protective order preventing Debtor from continuing its pursuit of: (1) documents already produced by Shellpoint; (2) documents already in the Debtor's possession, or equally available to the Debtor; (3) irrelevant documents that are not the subject of a current contested matter between the Parties; (4) privileged, proprietary, or confidential documents of Shellpoint, which are irrelevant to a contested matter; (5) and any other discovery not based on Shellpoint's pending Plan Objection.

Shellpoint attempted to circumvent the need to file the present Motion by sending a meet and confer letter to Debtor's counsel. Shellpoint advised Debtor it intended to file the instant Motion for Protective Order absent the withdrawal of the Subpoena. To date, Debtor has yet to withdraw the Subpoena. Based upon the foregoing, Shellpoint had no choice but to seek protection from the Court.

This Motion is based on this Notice of Motion and Motion, the Declaration of Eddie R. Jimenez, the accompanying Memorandum of Points and Authorities, and the pleadings and papers on file in this action.

**PLEASE ALSO TAKE NOTICE** that unless the Court orders otherwise, any party opposing this Motion must file and serve any objections or oppositions no later than fourteen (14) days preceding the hearing date for the Motion in accordance with LR 9014(d). The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of LR 9014(c).

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
>
> - The court may *refuse to allow you to speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

**ALDRIDGE PITE, LLP**

Dated: June 11, 2021            /s/ Eddie R. Jimenez

                                      EDDIE R. JIMENEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On May 28, 2021, the Debtor, Schulte Properties, LLC, ("Debtor") filed *a Notice of Issuance of Subpoena* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Shellpoint, related to the Debtor's multiple real properties. The Debtor now seeks blanket, identical, production of all documents, communications, statements, etc., from all servicers for all properties without limitation. As summarized below, Shellpoint requests a protective order prohibiting further pursuit of documents from Shellpoint or, in the alternative, an order modifying the scope and production required under the Subpoena.

First, the Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Shellpoint responded to multiple Requests for Production of Documents, and provided Debtor with thousands of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Shellpoint asserts the documents Debtor requests were either: (i) already produced by Shellpoint; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Shellpoint's Responses to the original production requests.

Second, to the extent Debtor was dissatisfied with Shellpoint's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the discovery requests. In the meantime, the discovery period expired.

Third, the document requests are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Shellpoint. To comply with these requests (again) would be an undue burden and expense on Shellpoint. To the extent the Court determines additional document production is warranted, Shellpoint requests an order modifying the scope of Subpoena as explained in greater detail below.

### II.   RELEVANT FACTS

Shellpoint acquired servicing rights for ten (10) loans (the "Subject Loans") encumbering the real properties (collectively the "Properties") described below:

| Loan Number | Property | Law Firm |
|---|---|---|
| xxxx5888 | 2614 Sweet Leilani | Aldridge Pite |
| xxxx3594 | 5609 San Ardo | ZBS Law |
| xxxx5845 | 5709 Ridgetree | Aldridge Pite |
| xxxx2256 | 8216 Peaceful Cyn | Aldridge Pite |
| xxxx6860 | 956 Ostrich Fern | Aldridge Pite |
| xxxx4232 | 1013 Golden Hawk | ZBS Law |
| xxxx5215 | 1701 Empire Mine | Aldridge Pite |
| xxxx6861 | 1392 Echo Falls | Aldridge Pite |
| xxxx7197 | 3729 Discovery Crk | Aldridge Pite |
| xxxx5214 | 3383 Cloverdale | Aldridge Pite |

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

Shellpoint (or its predecessors in interest) filed Proofs of Claims in the Bankruptcy Case, reflecting the terms of the Confirmed Plan from the First Case as follows:

Loan No. xxxx5888 (Sweet Leilani)

 POC: $126,286.86, with arrears of $12,151.43 (Claim No. 24-2).

Loan No. xxxx3594 (San Ardo)

 POC: $130,120.69, with arrears of $42,701.16 (Claim No. 8-1).

Loan No. xxxx5845 (Ridgetree)

 POC: $81,275.24, with arrears of $29,478.92 (Claim No. 14-1).

Loan No. xxxx2256 (Peaceful Cyn)

 POC: $123,097.07, with arrears of $47,415.01 (Claim No. 7-2).

Loan No. xxxx6860 (Ostrich Fern)

 POC: $209,465.18, with arrears of $74,003.87 (Claim No. 22-1).

<u>Loan No. xxxx4232</u> (Golden Hawk)

    POC: $87,941.48, with arrears of $30,885.89 (Claim No. 13-1).

<u>Loan No. xxxx5215</u> (Empire Mine)

    POC: $90,449.77, with arrears of $20,234.45 (Claim No. 21-1).

<u>Loan No. xxxx6861</u> (Echo Falls)

    POC: $171,520.96, with arrears of $54,510.99. (Claim No. 16-1).

<u>Loan No. xxxx7197</u> (Discovery)

    POC: $135,528.95, with arrears of $25,322.92. (Claim No. 23-2).

<u>Loan No. xxxx5214</u> (Cloverdale)

    POC: $221,656.29, with arrears of $71,482.32 (Claim No. 25-1).

The Claims included all loan documents and pre-petition payment histories to support the validity and amount of each Claim. To date, the Debtor has yet to object to any of the Claims. The Claims are entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and pre-petition payment histories for the Subject Loans.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("<u>Plan</u>") and Disclosure Statement. (Dkt Nos. 201-202).

Shellpoint (or its predecessors-in-interest) filed multiple *Objections to Confirmation of the Plan* ("<u>Plan Objections</u>"). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served multiple *Requests for Production of Documents* ("<u>Discovery Requests</u>") on Shellpoint.

From January 2020 – June 2020, Shellpoint responded to the Discovery Requests with thousands of pages of documents ("<u>Discovery Responses</u>").[1] Specifically, Shellpoint provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower for each Loan. However,

---

[1] With the exception of the San Ardo Property, Discovery Creek Property, and Peaceful Canyon Property as Shellpoint did not receive Discovery Requests from Debtor.

Shellpoint objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶6-7).

On January 5, 2021, the Court entered an [Amended] Order Scheduling Settlement Conference ("Amended Settlement Order") between the Debtor and Shellpoint. (Dkt No. 790-791).

On February 18, 2021, Shellpoint submitted a copy of its revised accounting spreadsheet to the Debtor ("Shellpoint Accounting") pursuant to the Amended Settlement Order. Notably, Shellpoint's Accounting reflected all payments received and applied since acquisition of each Subject Loan. Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan. (*See* Declaration, ¶9).

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum ("Subpoena")* requesting production of documents from twenty-seven (27) loan servicers/creditors, including Shellpoint, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents including:

1. Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications.
2. The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.
3. Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debts, interest charges, late fees, attorney fees, advances for taxes and insurance, any other fees or charges placed on the account, and credits applied to the mortgage Loan account.
4. Collection notes, full payment histories, including any and all payment history commentary, account summaries, call logs, notices, and correspondence of any kind.
5. Mortgage and escrow statements, including records indicating account balance, and status since the Loans commencement with Shellpoint Mortgage Servicing.
6. Internal communications such as memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone records, and correspondence from the Debtor.
7. Any and all communications and/or documents sent to the Debtor at the commencement of Shellpoint Mortgage Servicing servicing the Loan including the address where the documents were sent.
8. Any and all contracts and/or agreements between you and the Debtor.

9. All documents evidencing any charges, fees, advances for taxes and insurance, or any amount applied for the Loan.
10. Any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage related to the Loan.
11. Any and all documents that identify the owner of the mortgage Loan as well as documents governing the relationship between Shellpoint Mortgage Servicing and the owner of the mortgage Loan.
12. Any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan.
13. Any and all Form 1098, Mortgage Interest Statement, for the above loan.

(*See* Subpoena, Exhibits 34-43).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. To date, Aldridge Pite has yet to receive a substantive response from the Debtor's counsel. (*See* Declaration, ¶11).

Debtor's continued pursuit of additional documents already in the Debtor's possession, equally available to the Debtor, and/or previously objected to by Shellpoint is inappropriate, burdensome, and an abuse of the judicial process. As a result, Shellpoint seeks a protective order as described below.

### III.   ARGUMENT

**A.   GOOD CAUSE EXISTS TO ENTER A PROTECTIVE ORDER TO PREVENT THE DEBTOR'S CONTINUED HARRASSMENT AND OPPRESSION OF SHELLPOINT WITH UNWARRANTED DISCOVERY**

**1.   Legal Standard**

Federal Rule of Civil Procedure 26(c) adopted by Bankruptcy Rule of Civil Procedure 7026, permits the court "for good cause shown" to issue a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

      (A)    forbidding the disclosure of discovery;
      (B)    specifying terms, including time and place, for the disclosure or discovery;
      (C)    prescribing a discovery method other than the one selected by the party seeking discovery;
      (D)    forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
      (E)    designating the person who may be present while the discovery is conducted;
      (F)    requiring that a deposition be sealed and opened only on court order;
      (G)    requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
      (H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. Proc. 26(c)(1)(A)-(H). A party or other affected person may seek a protective order from the court to limit the frequency or extent of use of discovery methods Fed. R. Civ. P. 26(b) and (c).

In order to establish good cause, the person moving for a protective order must provide a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). The determination of good cause must include "a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id.*; *DeJong v. Bell Helicopter Textron, Inc.*, 124 F.R.D. 207, 208 (W.D. Mo. 1988). The determination "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477, 479 (W.D. Mo. 1950). Good cause may be shown where a party seeks discovery of matters that are relevant only to issues that are no longer before the court, and therefore not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *United States v. 416.81 7 Acres of Land,* 514 F.2d 627, 632 (1975) (finding no error in the district court's *sua sponte* striking of interrogatories on the ground that they related to objections and issues that had previously been stricken by the court).

The court has broad latitude in granting protective orders to prevent the disclosure of information. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The language of the statute confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips*, 307 F.3d at 1211 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). A protective order will be reversed only for abuse of discretion. *See Seattle Times Co.*, 467 U.S. at 36.

**2.    A Protective Order is Necessary as the Documents were Already Provided to the Debtor, are Equally Available to the Debtor, or Objectionable.**

As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement in 2019. Specifically, Shellpoint responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Shellpoint asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Shellpoint's Discovery Responses to the original production requests.

First, the filed Claims included all loan documents and pre-petition payment histories to support the validity and amount of each Claim. To date, the Debtor has yet to object to any of the Claims. The Claims are entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and pre-petition payment histories for the Subject Loans. Accordingly, the Subpoena requests relating to copies of the Notes, Deeds of Trust, Assignments, ownership of the Loans, Contracts with the Debtor, and accountings are already in the Debtor's possession and unwarranted. (Requests 1, 2, 3, 8, 10, 11). The Debtor's intention in issuing the Subpoena is to harass or annoy Shellpoint. Requiring Shellpoint to re-produce documents already provided to the Debtor, or equally available to the Debtor would be overly burdensome, time consuming, expensive, and a waste of judicial resources.

Second, from January 2020 – June 2020, Shellpoint responded to Debtor's Discovery Requests with thousands of pages of documents. Specifically, Shellpoint provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements,

escrow statements, and communications with the borrower for each Loan. (*See* Declaration, ¶6-7). Accordingly, in the Subpoena Debtor requests relating to loan documents, account statements, payment histories, escrow statements, and communications with the Debtor are already in the Debtor's possession and unwarranted. (Requests 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13). Again, requiring Shellpoint to re-produce documents already provided to the Debtor, or equally available to the Debtor would be overly burdensome.

Third, the Parties participated in a Judicial Settlement Conference with Judge Spraker earlier this year. Prior to the Settlement Conference, Shellpoint provided the Debtor with full accountings and payment histories for each Loan (as required by the Amended Settlement Order). Notably, Shellpoint's Accounting reflected all payments received and applied since acquisition of each Subject Loan. (*See* Declaration, ¶9). Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan. Accordingly, the Subpoena requests relating to payment histories and accountings are already in the Debtor's possession and unwarranted. (Requests 3, 4).

Fourth, to the extent Shellpoint did not produce a given document during the discovery period, Shellpoint raised appropriate objections in its Discovery Responses. Specifically, Shellpoint asserts the following objections to each production request attached to the Debtor's Subpoena:

- Request #1: Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications.
    - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's responses.
    - Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's Proof of Claim and prior Discovery Responses.

- Request #2: The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.
    - Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's responses.
    - Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's Proof of Claim and prior Discovery Responses. Further, this document is matter of public record.

- Request #3: Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debts, interest charges, late fees, attorney fees,

advances for taxes and insurance, any other fees or charges placed on the account, and credits applied to the mortgage Loan account.
- o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Shellpoint's Discovery Responses, or the Shellpoint Accounting produced in connection with the Settlement Conference.
- o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #4: Collection notes, full payment histories, including any and all payment history commentary, account summaries, call logs, notices, and correspondence of any kind.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Shellpoint's Discovery Responses, or the Shellpoint Accounting produced in connection with the Settlement Conference.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.
  - o Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

- Request #5: Mortgage and escrow statements, including records indicating account balance and status since the Loans commencement with Shellpoint Mortgage Servicing.
  - o Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's prior Discovery Responses and the mortgage and escrow statements sent to the Debtor. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses. Debtor may refer to the previously produced mortgage and escrow statements with Shellpoint's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #6: Internal communications such as memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone records, and correspondence from the Debtor.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses. Debtor may refer to Shellpoint's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and

   is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.
  - o Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product. Debtor broadly seeks internal communications, memoranda, and notes, which may contain information subject to attorney-client privilege.
  - o Objection: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information. Debtor broadly seeks internal communications, memoranda, and notes, which may contain propriety or confidential information.

- Request #7: Any and all communications and/or documents sent to the Debtor at the commencement of Shellpoint Mortgage Servicing servicing the Loan including the address where the documents were sent.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses. Debtor may refer to Shellpoint's Discovery Responses. Further, Debtor is already in possession of any communications to/from the Debtor.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #8: Any and all contracts and/or agreements between you and the Debtor.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses.
  - o Objection: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's Proof of Claim and prior Discovery Responses.
  - o Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. Once Debtor provides additional information to clarify the vague and ambiguous terms used in this request, Shellpoint will be in a position to amend its response to this request, if necessary.

- Request #9: All documents evidencing any charges, fees, advances for taxes and insurance, or any amount applied for the Loan.
  - o Objection: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses. Debtor may refer to the Proof of Claim or the previously produced payment histories with Shellpoint's Discovery Responses, or the Shellpoint Accounting produced in connection with the Settlement Conference.
  - o Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Creditor has no duty to create or modify responsive documents for the Debtor.

- Request #10: Any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage related to the Loan.

- o <u>Objection</u>: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses.
- o <u>Objection</u>: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's Proof of Claim and prior Discovery Responses. Further, this document is matter of public record.

- <u>Request #11</u>: Any and all documents that identify the owner of the mortgage Loan as well as documents governing the relationship between Shellpoint Mortgage Servicing and the owner of the mortgage Loan.
  - o <u>Objection</u>: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses.
  - o <u>Objection</u>: *Equally Available* - The information sought in this interrogatory is equally available to the Debtor. Debtor may refer to the Shellpoint's Proof of Claim and prior Discovery Responses.

- <u>Request #12</u>: Any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan.
  - o <u>Objection</u>: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses. Debtor may refer to Shellpoint's Discovery Responses.
  - o <u>Objection</u>: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information.
  - o <u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. Once Debtor provides additional information to clarify the vague and ambiguous terms used in this request, Shellpoint will be in a position to amend its response to this request, if necessary.
  - o <u>Objection</u>: *Relevance* – This Request is not relevant to the Contested Matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

- <u>Request #13</u>: Any and all Form 1098, Mortgage Interest Statement, for the above loan.
  - o <u>Objection</u>: *Asked and Answered*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses.
  - o <u>Objection</u>: *Equally Available* - The information sought is equally available to the Debtor. Debtor may refer to the Shellpoint's prior Discovery Responses. Further, said documents were sent to the Debtor in the ordinary course of business.

Based on the foregoing, Shellpoint asserts the Subpoena and production requests are unwarranted. Shellpoint requests the Court issue a protective order preventing Debtor from continuing its pursuit of: (1) documents already produced by Shellpoint; (2) documents already in the Debtor's possession, or equally available to the Debtor; (3) irrelevant documents that are not the subject of a current contested matter between the Parties; (4) privileged, proprietary, or confidential documents of Shellpoint, which are irrelevant to a contested matter; (5) and any other discovery not based on Shellpoint's pending Plan Objections.

B. **IN THE ALTERNATIVE, SHELLPOINT SEEKS A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA**

In the alternative Shellpoint seeks a protective order modifying and limiting the scope of the Subpoena and the requested documents.

First, Shellpoint objects to every production request to the extent it seeks confidential/proprietary information from Shellpoint's business records. Specifically, Shellpoint asserts production requests 4, 6, and 12 attempt to elicit confidential information regarding Shellpoint's internal practices, policies, or procedures, including notes, commentary, and memoranda. Further, Debtor requests servicing agreements and contracts between Shellpoint and third parties. Moreover, the requests seek information, which may be subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, the requests seek attorney work product.

Second, the periods for which documents and information requested to be produced are not tailored to Debtor's claims in *this* Bankruptcy Case or the resolution of the Plan Objections. Indeed, Debtor demands production of documents from the commencement of loan servicing. Thus, the requests are overbroad and unlimited in scope. Accordingly, the requests are calculated to annoy, embarrass, or oppress Shellpoint. To comply with these requests would be an undue burden and expense on Shellpoint.

Finally, as discussed above, many of the loan documents are readily accessible to Debtor via its own records, the claims register, public records and documents on file with the Bankruptcy Court. As discussed above, Shellpoint already produced thousands of pages of additional documents in response to the Debtor's Discovery Requests. Rather than reviewing said documents, Debtor seeks production of the **same documents, from all servicers for all properties/loans**. The requests are duplicative and intended to harass or annoy Shellpoint. As a result, Shellpoint asserts the documents requested in the Subpoena were either (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined above.

Based on the foregoing, to the extent the Court determines the Subpoena is reasonable, Shellpoint seeks a protective order modifying and limiting the scope of the Subpoena as outlined above.

**WHEREFORE**, Shellpoint respectfully requests:

1. That the court issue a Protective Order as outlined above;
2. In the alternative, that the Court modify the Subpoena as outlined above; and
3. For such other and further relief as this Court deems just and proper.

Respectfully submitted:

**ALDRIDGE PITE, LLP**

Dated: June 11, 2021

 /s/ *Eddie R. Jimenez*
EDDIE R. JIMENEZ
Attorneys for Shellpoint Mortgage Servicing

Case 18-12734-mkn    Doc 862    Entered 06/11/21 14:21:52    Page 17 of 19

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Shadd A. Wade (SBN 11310)
**ZBS LAW, LLP**
P:  702-948-8565 x606
F:  702-446-9898
mailto: swade@zbslaw.com

Attorneys for Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re | Bankruptcy Case No. 18-12734-mkn |
|---|---|
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **CERTIFICATE OF SERVICE** |

I, <u>Priscilla Johnson</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On June 11, 2021, I caused the SHELLPOINT MORTGAGE SERVICING'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [FED. R. CIV. PROC. 26(c); FED R. BANKR. PROC. 7026; LBR 7037] to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

| | | |
|---|---|---|
| 1 | Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Priscilla Johnson