EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for CitiMortgage, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**CITIMORTGAGE, INC.'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA**<br><br>**Hearing**:<br>Date: July 28, 2021<br>Time: 9:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

*Creditor* CitiMortgage, Inc. ("Citi") hereby submits its *Reply* ("Reply") *to Debtor's Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870).

### I.    RELEVANT FACTS

On August 14, 2001, Melani Schulte ("Borrower") executed a promissory note in the principal sum of $140,000.00 (the "Note") to Amera Mortgage Corporation ("Lender") (the "Subject Loan"). The Note reflects it was indorsed. The Note is secured by a deed of trust (the "Deed of Trust") encumbering the property located at 1624 Desert Canyon Ct, Las Vegas, NV 89128 ("Property"). On June 27, 2011, interest in the Deed of Trust was assigned to Citi. On

1  February 12, 2014, Citi assigned interest in the Deed of Trust to Federal National Mortgage
2  Association. On or about February 3, 2014, Citi service released the loan to Seterus.

3  On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third
4  voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-
5  12734-mkn (the "Bankruptcy Case").

6  On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure
7  Statement. (Dkt Nos. 201-202).

8  Citi (or its successors-in-interest) filed *Objections to Confirmation of the Plan* ("Plan
9  Objections"). Following hearings on approval of the Disclosure Statement and Plan, the Court
10  authorized the Parties to proceed with discovery.

11  During the discovery period, the Debtor served *Requests for Production of Documents*
12  ("Discovery Requests") on Citi related to the Subject Loan.

13  On or about May 28, 2020, Citi responded to the Discovery Requests with thousands of
14  pages of documents ("Discovery Responses"). Specifically, Citi provided Debtor with copies of
15  the loan documents, filed claim, filed pleadings, payment histories, monthly statements, escrow
16  statements, and communications with the borrower. However, Citi objected to several requests as
17  irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor
18  failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking
19  additional production, or request a ruling on Citi's objections to the Discovery Requests. In the
20  meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶6-
21  7).

22  In December 2020 Citi provided the Debtor with updated payment histories in connection
23  with the Judicial Settlement Conference Notably, Citi's Accounting reflected all payments
24  received and applied during Citi's servicing of the Subject Loan. Accordingly, the Debtor is
25  already in possession of a detailed accounting for the Subject Loan. (*See* Declaration, ¶8).

26  On or about March 25, 2021, the Parties executed the confidential *Settlement Agreement*
27  *and Release* ("Settlement Agreement"). The Settlement Agreement included Melani Schulte in her
28  individual capacity, and in her capacity as the authorized managing member and agent of Schulte

Properties, LLC, or any other entity holding title to the Property. The Settlement Agreement contained the compromise between the Parties, resolving all Claims related to the Subject Accounts (including the Loan), and all claims related to the Bankruptcy Cases (including Bankruptcy Case No. 18-12734). Pursuant to the Settlement Agreement, Debtor agreed to a broad release of any claims against Citi.

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Citi, related to the Debtor's multiple properties, including the Subject Loan/Property. The Debtor now seeks blanket, identical, production of all documents. (*See* Subpoena, Exhibit 95).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Citi failed to produce. Further, Citi requested the withdrawal of the Subpoena. (*See* Declaration, ¶10).

On June 8, 2021, Debtor's counsel responded to the initial Meet & Confer letter requesting production of the monthly statements for the Loan.

On June 10, Citi reproduced the monthly statements to the Debtor's counsel. Further, Citi sent a **second** follow up requesting withdrawal of the Subpoena.

On June 11, 2021, Citi filed a *Motion for Protective Order or, in the Alternative, Motion for Modification of Subpoena* ("Motion"). (Dkt No. 861). In the Motion, Citi asserted:

- Citi service released the Loan in February 2014, well before the filing of the instant Bankruptcy Case. Citi is not a party in the instant Bankruptcy Case (regarding the Subject Loan). In the event the Debtor seeks documents or records related to the servicing of the Loan, Debtor may request said documents from the current servicer of the Loan;

- The Parties executed a confidential Settlement Agreement and Release dated March 25, 2021. The Settlement Agreement included Melani Schulte in her individual capacity, and in her capacity as the authorized managing member and agent of

Schulte Properties, LLC, or any other entity holding title to the Property. The Settlement Agreement contained the compromise between the Parties, resolving all Claims related to the Subject Accounts (including the Loan), and all claims related to the Bankruptcy Cases (including Bankruptcy Case No. 18-12734). Pursuant to the Settlement Agreement, Debtor agreed to a broad release of any claims against Citi. The Settlement Agreement resolved all contested matters between the Parties and covers Debtor's present Subpoena;

- The Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Citi responded to multiple Requests for Production of Documents and provided Debtor with thousands of pages of documents at great time and expense. Further, Citi provided Debtor with updated payment histories in connection with the Judicial Settlement Conference in December 2020. The Debtor now seeks production of the **same documents**. As a result, Citi asserted the documents Debtor requested were either: (i) already produced by Citi; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Citi's Responses to the original production requests.

- The documents requested are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Citi. To comply with the requests (again) would be an undue burden and expense on Citi. To the extent the Court determines additional document production is warranted, Citi requested an order modifying the scope of Subpoena as explained in the Motion.

On June 16, 2021, Aldridge Pite sent a **third** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Citi failed to produce. Further, Citi requested the withdrawal of the Subpoena.

On June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have

- 4 - | Page

yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

On July 1, 2021, Aldridge Pite sent a **fourth** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Citi failed to produce. Further, Citi requested the withdrawal of the Subpoena. To date, Debtor has yet to produce Citi with a substantive response. Nor has the Debtor withdrawn the Subpoena.

## II.    REPLY

First, Debtor alleges it is <u>not</u> requesting documents already produced, but only requesting documents, which have yet to be produced, or are inaccessible by the Debtor. (*See* Opposition, ¶¶1-2). However, this is untrue. Through the Subpoena, Debtor's requests blanket, identical, production of all documents related to the Loan. (*See* Subpoena, Exhibit 95). For instance, Debtor requested copies of the Loan documents, communication(s) with the Borrower, payment histories, and monthly statements sent to the Borrower. Citi asserts said documents were already produced and are equally available to the Debtor. As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement in 2019. Specifically, Citi responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. Further, Citi produced documents to the Debtor during the Judicial Settlement Conference. The Debtor now seeks production of the **same documents**.

Second, Debtor failed to articulate with specificity, which documents are missing, or should be produced by Citi (again). It is unreasonable for Citi to reproduce all documents based on the Debtor's failure to keep accurate records or track of documents produced with prior discovery responses. As a result, Citi asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Citi's Discovery Responses to the original production requests and again in the Motion.

Third, Debtor asserts it is "requesting documents to have a complete loan file to better respond to objection claims in this matter." (*See* Opposition, ¶3). However, Debtor fails to explain

why Citi should incur undue burden and expense to streamline the Debtor's litigation against third parties. Citi already cooperated with prior production requests and should not be forced to incur additional fees and resources every time the Debtor wishes to pursue litigation, and is unable to locate prior records. Again, Debtor failed to explain which documents Citi failed to produce.

Fourth, Debtor failed to resolve the discovery dispute in good faith. As outlined above, Citi sent four (4) Meet and Confer Letters to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Citi failed to produce. On each occasion, Citi requested the withdrawal of the Subpoena to circumvent the need for Citi incur additional costs associated with responding to the Subpoena and/or seeking a Protective Order. Further, Citi reproduced the monthly statements upon the Debtor's request. To date, the Debtor has yet to provide a substantive response to Citi explaining which exact documents Debtor alleges Citi failed to produce in prior discovery. Nor has the Debtor withdrawn the Subpoena.

Fifth, to the extent Citi did not produce a given document during the discovery period, Citi raised appropriate objections in its Discovery Responses as outlined in the Motion.

Finally, Citi asserts the broad release in the Settlement Agreement prohibits the Debtor from continuing to harass Citi with endless litigation and discovery, including the issuance of the Subpoena and the request for information/documents comprising the Subpoena. Further, the Settlement Agreement effectively resolved all contested matters between the Parties. Accordingly, the Subpoena is unrelated to a current contested matter. Accordingly, Citi request a protective order preventing the Debtor from propounding any additional discovery on Citi.

Based on the foregoing, Citi asserts the Court should issue a Protective Order as outlined in the Motion.

**WHEREFORE**, Citi respectfully requests:

1. The Court grant the Motion;
2. In the alternative, the Court modify the Subpoena as outlined in the Motion;
3. Grant Citi its fees and costs associated with responding to the Subpoena, seeking the Protective Order, and prosecuting the present Motion; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted:

**ALDRIDGE PITE, LLP**

Dated: July 13, 2021

  /s/ *Eddie R. Jimenez*
EDDIE R. JIMENEZ
Attorneys for CitiMortgage, Inc.

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for CitiMortgage, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

    I, <u>Lauren Timby,</u> declare that:

    I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

    On July 13, 2021, I caused the **REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/./././
/./././
/./././

| | |
|---|---|
| Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Lauren Timby

**CERTIFICATE OF SERVICE**