EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Fifth Third Mortgage Company

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 18-12734-mkn |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **FIFTH THIRD MORTGAGE COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA** |
| | **Hearing**:<br>Date: July 28, 2021<br>Time: 9:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

*Creditor* Fifth Third Mortgage Company ("Fifth Third") hereby submits its *Reply* ("Reply") *to Debtor's Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870).

/././

/././

/././

/././

- 1 -

**FIFTH THIRD MORTGAGE COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

## I. RELEVANT FACTS

On April 30, 2001, Borrower executed a promissory note in the principal sum of $152,000.00 (the "Note"). The Note is secured by a deed of trust (the "Deed of Trust") encumbering the property located at 5218 Misty Morning Drive Las Vegas NV 89118 ("Property"). The Deed of Trust was assigned to Fifth Third. (*See* Claim No. 4-2).

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

On October 11, 2018, Fifth Third filed its Amended Proof of Claim reflecting a secured claim of $152,080.87, including *pre-petition* arrears of $29,082.85 (the "Claim"). (*See* Claim No. 4-2). The Claim complies with the terms of the Confirmed Plan from the First Case. The Claim included all loan documents and a pre-petition payment history to support the validity and amount of the Claim. To date, the Debtor has yet to object to the Claim. The Claim is entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and a pre-petition payment history for the Subject Loan.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure Statement. (Dkt Nos. 201-202).

On November 20, 2019, Fifth Third filed an *Objection to Confirmation of the Debtor's Amended Plan* ("Plan Objection"). (Dkt No. 601). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served *Requests for Production of Documents* ("Discovery Requests") on Fifth Third.

On May 29, 2021, Fifth Third responded to the Discovery Requests with hundreds of pages of documents ("Discovery Responses"). Specifically, Fifth Third provided Debtor with copies of the loan documents, filed claim, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower. However, Fifth Third objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to

compel seeking additional production, or request a ruling on Fifth Third's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶5-6).

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Fifth Third, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents at outlined in the Motion. (*See* Subpoena, Exhibit 88).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. To date, Aldridge Pite has yet to receive a substantive response from the Debtor's counsel. (*See* Declaration, ¶8).

On June 11, 2021, Fifth Third filed a *Motion for Protective Order or, in the Alternative, Motion for Modification of Subpoena* ("Motion"). (Dkt No. 861). In the Motion Fifth Third asserted:

- The Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Fifth Third responded to Requests for Production of Documents, and provided Debtor with hundreds of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Fifth Third asserted the documents Debtor requested were either: (i) already produced by Fifth Third; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Fifth Third's Responses to the original production requests.

- To the extent Debtor was dissatisfied with Fifth Third's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Fifth Third's objections to the discovery requests. In the meantime, the discovery period expired.

- The documents requested are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Fifth Third. To comply with these requests (again) would be an undue burden and expense on Fifth Third. To the extent the Court determines additional document production is warranted, Fifth Third requested an order modifying the scope of Subpoena as explained in the Motion.

On June 16, 2021, Aldridge Pite sent a **second** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Fifth Third requested the withdrawal of the Subpoena.

On June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

On July 1, 2021, Aldridge Pite sent a **third** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Fifth Third requested the withdrawal of the Subpoena. To date, Debtor has yet to produce Fifth Third with a substantive response. Nor has the Debtor withdrawn the Subpoena.

## II.    REPLY

First, Debtor alleges it is not requesting documents already produced, but only requesting documents, which have yet to be produced, or are inaccessible by the Debtor. (*See* Opposition, ¶¶1-2). However, this is untrue. Through the Subpoena, Debtor's requests blanket, identical, production of all documents related to the Loan. (*See* Subpoena, Exhibit 95). For instance, Debtor requested copies of the Loan documents, communication(s) with the Borrower, payment histories, and monthly statements sent to the Borrower. Fifth Third asserts said documents were already produced and are equally available to the Debtor. As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement

in 2019. Specifically, Fifth Third responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. Further, Fifth Third produced documents to the Debtor during the Judicial Settlement Conference. The Debtor now seeks production of the **same documents**.

Second, Debtor failed to articulate with specificity, which documents are missing, or should be produced by Fifth Third (again). It is unreasonable for Fifth Third to reproduce all documents based on the Debtor's failure to keep accurate records or track of documents produced with prior discovery responses. As a result, Fifth Third asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Fifth Third's Discovery Responses to the original production requests and again in the Motion.

Third, Debtor asserts it is "requesting documents to have a complete loan file to better respond to objection claims in this matter." (*See* Opposition, ¶3). However, Debtor fails to explain why Fifth Third should be burdened with time and expenses to streamline the Debtor's litigation. Fifth Third already cooperated with prior production requests and should not be forced to incur additional fees and resources every time the Debtor wishes to pursue litigation, and is unable to locate prior records. Again, Debtor failed to explain which documents Fifth Third failed to produce.

Fourth, Debtor failed to resolve the discovery dispute in good faith. As outlined above, Fifth Third sent three (3) Meet and Confer Letters to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. On each occasion, Fifth Third requested the withdrawal of the Subpoena to circumvent the need for Fifth Third to incur additional costs associated with responding to the Subpoena and/or seeking a Protective Order. To date, the Debtor has yet to provide a substantive response to Fifth Third explaining which exact documents Debtor alleges Fifth Third failed to produce in prior discovery. Nor has the Debtor withdrawn the Subpoena.

Finally, to the extent Fifth Third did not produce a given document during the discovery period, Fifth Third raised appropriate objections in its Discovery Responses as outlined in the Motion.

Based on the foregoing, Fifth Third asserts the Court should issue a Protective Order as outlined in the Motion.

**WHEREFORE**, Fifth Third respectfully requests:

1. The court grant the Motion;
2. In the alternative, that the Court modify the Subpoena as outlined in the Motion;
3. Grant Citi its fees and costs associated with responding to the Subpoena, seeking the Protective Order, and prosecuting the present Motion; and
4. For such other and further relief as this Court deems just and proper.

Dated: July 13, 2021

Respectfully submitted:

**ALDRIDGE PITE, LLP**

 /s/ Eddie R. Jimenez
EDDIE R. JIMENEZ
Attorneys for Fifth Third Mortgage Company

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Fifth Third Mortgage Company

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

SCHULTE PROPERTIES LLC,

Debtor.

Bankruptcy Case No. 18-12734-mkn
Chapter 11

**CERTIFICATE OF SERVICE**

    I, <u>Lauren Timby</u> declare that:

    I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

    On July 13, 2021, I caused the **REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/./.
/./.
/./.

| | |
|---|---|
| Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Lauren Timby