EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Shadd A. Wade (SBN 11310)
**ZBS LAW, LLP**
P: 702-948-8565 x606
F: 702-446-9898
mailto: swade@zbslaw.com

Attorneys for Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**SHELLPOINT MORTGAGE SERVICING'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA**<br><br>**Hearing**:<br>Date: July 28, 2021<br>Time: 9:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

*Creditor* Shellpoint Mortgage Servicing ("Shellpoint") hereby submits its *Reply* ("Reply") to *Debtor's Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870).

/././

/././

- 1 -
**SHELLPOINT MORTGAGE'S REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

## I. RELEVANT FACTS

Shellpoint acquired servicing rights for ten (10) loans (the "Subject Loans") encumbering the real properties (collectively the "Properties") described below:

| Loan Number | Property | Law Firm |
|---|---|---|
| xxxx5888 | 2614 Sweet Leilani | Aldridge Pite |
| xxxx3594 | 5609 San Ardo | ZBS Law |
| xxxx5845 | 5709 Ridgetree | Aldridge Pite |
| xxxx2256 | 8216 Peaceful Cyn | Aldridge Pite |
| xxxx6860 | 956 Ostrich Fern | Aldridge Pite |
| xxxx4232 | 1013 Golden Hawk | ZBS Law |
| xxxx5215 | 1701 Empire Mine | Aldridge Pite |
| xxxx6861 | 1392 Echo Falls | Aldridge Pite |
| xxxx7197 | 3729 Discovery Crk | Aldridge Pite |
| xxxx5214 | 3383 Cloverdale | Aldridge Pite |

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

Shellpoint (or its predecessors in interest) filed Proofs of Claims in the Bankruptcy Case, reflecting the terms of the Confirmed Plan. The Claims included all loan documents and pre-petition payment histories to support the validity and amount of each Claim. To date, the Debtor has yet to object to any of the Claims. The Claims are entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and pre-petition payment histories for the Subject Loans.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure Statement. (Dkt Nos. 201-202).

Shellpoint (or its predecessors-in-interest) filed multiple *Objections to Confirmation of the Plan* ("Plan Objections"). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served multiple *Requests for Production of Documents* ("Discovery Requests") on Shellpoint.

From January 2020 – June 2020, Shellpoint responded to the Discovery Requests with thousands of pages of documents ("Discovery Responses").[1] Specifically, Shellpoint provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower for each Loan. However, Shellpoint objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶6-7).

On January 5, 2021, the Court entered an [Amended] Order Scheduling Settlement Conference ("Amended Settlement Order") between the Debtor and Shellpoint. (Dkt No. 790-791).

On February 18, 2021, Shellpoint submitted a copy of its revised accounting spreadsheet to the Debtor ("Shellpoint Accounting") pursuant to the Amended Settlement Order. Notably, Shellpoint's Accounting reflected all payments received and applied since acquisition of each Subject Loan. Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan. (*See* Declaration, ¶9).

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Shellpoint, related to the Debtor's dozens of real properties. The

---

[1] With the exception of the San Ardo Property, Discovery Creek Property, and Peaceful Canyon Property as Shellpoint did not receive Discovery Requests from Debtor.

Debtor now seeks blanket, identical, production of all documents as outlined in the Motion. (*See* Subpoena, Exhibits 34-43).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. (*See* Declaration, ¶11).

On June 16, 2021, Aldridge Pite sent a **second** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Shellpoint requested the withdrawal of the Subpoena.

On June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

On July 1, 2021, Aldridge Pite sent a **third** follow up letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Shellpoint requested the withdrawal of the Subpoena. To date, Debtor has yet to produce Shellpoint with a substantive response. Nor has the Debtor withdrawn the Subpoena.

## II.    REPLY

First, Debtor alleges it is not requesting documents already produced, but only requesting documents, which have yet to be produced, or are inaccessible by the Debtor. (*See* Opposition, ¶¶1-2). However, this is untrue. Through the Subpoena, Debtor requests blanket, identical, production of all documents related to the Loan. (*See* Subpoena, Exhibit 95). For instance, Debtor requested copies of the Loan documents, communication(s) with the Borrower, payment histories, and monthly statements sent to the Borrower. Shellpoint asserts said documents were already produced and are equally available to the Debtor. As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement

in 2019. Specifically, Shellpoint responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. Further, Shellpoint produced documents to the Debtor during the Judicial Settlement Conference. The Debtor now seeks production of the **same documents**.

Second, Debtor failed to articulate with specificity, which documents are missing, or should be produced by Shellpoint (again). It is unreasonable for Shellpoint to reproduce all documents based on the Debtor's failure to keep accurate records or track of documents produced with prior discovery responses. As a result, Shellpoint asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Shellpoint's Discovery Responses to the original production requests and again in the Motion.

Third, Debtor asserts it is "requesting documents to have a complete loan file to better respond to objection claims in this matter." (*See* Opposition, ¶3). However, Debtor fails to explain why Shellpoint should be burdened with time and expenses to streamline the Debtor's litigation. Shellpoint already cooperated with prior production requests and should not be forced to incur additional fees and resources every time the Debtor wishes to pursue litigation, and is unable to locate prior records. Again, Debtor failed to explain which documents Shellpoint failed to produce.

Fourth, Debtor failed to resolve the discovery dispute in good faith. As outlined above, Shellpoint sent three (3) Meet and Confer Letters to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. On each occasion, Shellpoint requested the withdrawal of the Subpoena to circumvent the need for Shellpoint incur additional costs associated with responding to the Subpoena and/or seeking a Protective Order. To date, the Debtor has yet to provide a substantive response to Shellpoint explaining which exact documents Debtor alleges Shellpoint failed to produce in prior discovery. Nor has the Debtor withdrawn the Subpoena.

Finally, to the extent Shellpoint did not produce a given document during the discovery period, Shellpoint raised appropriate objections in its Discovery Responses as outlined in the Motion.

Based on the foregoing, Shellpoint asserts the Court should issue a Protective Order as outlined in the Motion.

**WHEREFORE**, Shellpoint respectfully requests:

1. That the court grant the Motion;
2. In the alternative, that the Court modify the Subpoena as outlined in the Motion;
3. Grant Citi its fees and costs associated with responding to the Subpoena, seeking the Protective Order, and prosecuting the present Motion; and
4. For such other and further relief as this Court deems just and proper.

Respectfully submitted:

**ALDRIDGE PITE, LLP**

Dated: July 13, 2021

 /s/ *Eddie R. Jimenez*
EDDIE R. JIMENEZ
Attorneys for Shellpoint Mortgage Servicing

| | |
|---|---|
| 1 | EDDIE R. JIMENEZ (SBN 10376) |
| 2 | ejimenez@aldridgepite.com<br>**ALDRIDGE PITE, LLP** |
| 3 | 7220 South Cimarron Road, Suite 140<br>Las Vegas, NV 89113 |
| 4 | Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385 |
| 5 | **Mailing Address**:<br>4375 Jutland Drive, Suite 200 |
| 6 | P.O. Box 17933<br>San Diego, California 92177-0933 |

Shadd A. Wade (SBN 11310)
**ZBS LAW, LLP**
P:  702-948-8565 x606
F:  702-446-9898
mailto: swade@zbslaw.com

Attorneys for Shellpoint Mortgage Servicing

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

I, <u>Lauren Timby</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On July 13, 2021, I caused the **REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/././

/././

/././

1
2
3

Schulte Properties LLC
9811 W. Charleston Blvd Ste 2-351
Las Vegas, NV 89117

Matthew L. Johnson
Johnson & Gubler, P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
annabelle@mjohnsonlaw.com

4
5
6
7

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

8

9  /s/ Lauren Timby

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2                                              CASE No. 18-12734-mkn
**CERTIFICATE OF SERVICE**