ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Rushmore Loan Management Services, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Schulte Properties, LLC,<br><br>Debtor. | Case No.: 18-12734-mkn<br><br>Chapter 11<br><br>**MOTION TO ENFORCE SETTLEMENT TERMS**<br><br>**Properties:**<br>10317 Neopolitan Pl., Las Vegas, NV 89144<br>2861 Marathon Drive, Henderson, NV 89074<br><br>Hearing Date: September 15, 2021<br>Hearing Time: 9:30 a.m. |

Rushmore Loan Management Services, LLC moves to enforce the terms as outlined in the settlement agreement between Rushmore and Schulte Properties, LLC related to the loans for property located at 10317 Neopolitan Place, Las Vegas, Nevada 89144 and 2861 Marathon Drive, Henderson, Nevada.

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

///

1

59317936;1

2. Venue of Schulte Properties' chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in this motion is Bankruptcy Code § 105(a). This court possesses the power to summarily enforce its own orders and to enforce settlements made to put an end to litigation before it. *City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 958 (9th Cir. 1994); *see also Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999).

## BACKGROUND

### A. Relevant Background

#### i. Loan History for Neopolitan

On August 28, 2001, Melani Schulte acquired the property at a foreclosure sale for $137,000.00. On October 15, 2001, she conveyed the property to Leola E. Brinker, Ms. Schulte's mother. Brinker financed the purchase with a loan from Amera Mortgage Corporation of $136,800.00, secured by a deed of trust. On October 25, 2001, Brinker conveyed the property back to Ms. Schulte via a grant, bargain and sale deed. Since then, the property was transferred multiple times between and among Ms. Schulte, her ex-husband William Schulte, and various LLCs and trusts created by them to hold the property. Ms. Schulte transferred the property to Schulte Properties in 2018.

U.S. Bank National Association, not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CTT, is the current recorded beneficiary of the deed of trust. Rushmore is the servicer of the Neopolitan loan (defined below).

#### ii. Loan History for Marathon

On July 30, 1999, William R. Schulte and Melani Schulte financed the property with a loan from Summit Mortgage Corporation of $113,600.00, secured by a deed of trust. Since then, the property was transferred multiple times between and among Ms. Schulte, her ex-husband William Schulte, and various LLCs and trusts created by them to hold the property. Ms. Schulte transferred the property to Schulte Properties in 2018.

///

2

59317936;1

U.S. Bank National Association not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT is the current recorded beneficiary of the deed of trust. Rushmore is the servicer of the Marathon loan (defined below).

### iii. Bankruptcy History

The Schultes filed for chapter 11 bankruptcy on October 11, 2009 (the **2009 bankruptcy**). The court confirmed the plan of reorganization in the 2009 bankruptcy. It crammed the Neopolitan property loan down to $140,000.00 with a 5% interest rate, to be paid over 30 years (the **Neopolitan loan**). It crammed the Marathon property loan down to $125,000.00 with a 5.25% interest rate, to be paid over 30 years (the **Marathon loan**). The order directed the Schultes to "transfer title to their properties to a Nevada limited liability company ("the Holding Company"), for liability purposes." The holding company was not immediately created. On February 10, 2012, the Schultes divorced and the court awarded Ms. Schulte the subject property as her sole and separate property.

On December 15, 2015, the Schultes received their discharge. The properties were eventually transferred to Schulte Properties as the holding company, pursuant to the 2009 bankruptcy confirmation order.

On May 31, 2017, Schulte Properties filed for chapter 11 bankruptcy in case no. 17-12883. Schulte Properties voluntarily dismissed the second bankruptcy on January 16, 2018.

On May 10, 2018, Schulte Properties commenced this third bankruptcy. ECF No. 1. Following discovery as to the viability of Schulte Properties' proposed plan, Schulte Properties and Rushmore attended two settlement conferences in an effort to resolve the claims between them—one on September 18, 2020 and one on December 4, 2020. ECF Nos. 706, 756. Rushmore and Schulte Properties resolved the issues between them. They filed a joint motion to approve settlement on February 3, 2021, ECF No. 814, which the court granted on March 4, 2021, ECF No. 828.

### B. At-Issue Settlement Term and Correspondence

After significant negotiations between Rushmore and Schulte Properties, the parties executed written settlement agreements. ECF No. 814 at Ex. B; ECF No. 811 at Ex. B. The settlement agreement included provisions that required Rushmore to de-escrow the modified loan accounts. *Id*. at 1(b)(iv). Schulte Properties is responsible for the payment of all taxes and insurance associated

3

59317936;1

with the modified loans. *Id*. "Schulte *must* provide proof of payment of insurance and/or taxes to Rushmore upon the written request of Rushmore." *Id*. (emphasis added). "If Schulte fails to timely provide proof of payment of insurance or taxes within thirty (30) days of written request, Rushmore may seek court intervention to compel Schulte to provide proof of payment of insurance and/or taxes, and shall be entitled to any fees and costs associated with the filing of such motion. . . ." *Id*. Rushmore is required to provide written notice to Schulte prior to filing a motion, and Rushmore is entitled to reasonable fees and costs associated with the written notice. *Id*.

On July 2, 2021, Rushmore's counsel sent written correspondence to Schulte Properties, Melani Schulte, and their counsel pursuant to § 1(b)(iv) of the settlement agreement. **Ex. A**. Rushmore's counsel advised:

> Pursuant to the terms of the agreements, Ms. Schulte and Schulte Properties LLC are required to pay all taxes and insurance associated with the loans for these properties. They shall pay the taxes and insurance directly to the applicable taxing authorities and insurance companies. Rushmore is entitled to proof of payment of the taxes and insurance.
>
> . . .
>
> **Please provide me with proof of insurance for the loans associated with the Marathon property and Neopolitan property immediately**. If I do not receive proof of payment within 30 days of the date of this written correspondence, Rushmore will seek court intervention . . . .

*Id*. (emphasis in original).

To date, Rushmore has not received proof of payment. **Ex. B**.

## LEGAL ARGUMENT

It is undisputed that Schulte Properties failed to perform its obligations under the settlement agreements. *See* Ex. A, Ex. B. Accordingly, the court should order that Schulte Properties immediately provide proof of payment of insurance for the two properties. Ex. A at 1(B)(iv). *See, e.g. In re Elmira Litho, Inc.*, 174 B.R. 892, 902 n.9 (S.D.N.Y. 1994) (describing failure to maintain property insurance as a "threat" to the property).

Rushmore also intends to seek its attorneys' fees pursuant to the terms of the settlement agreement. The automatic stay under § 362 is inapplicable because the attorneys' fees obligation occurred post-petition. Regardless, Schulte Properties waived any stay rights when it executed the

4

59317936;1

settlement agreement with the attorneys' fees provision, which the court approved. Ex. A at 1(b)(iv). To the extent the bankruptcy stay may apply, Rushmore requests the court lift the stay to allow Rushmore to seek its attorneys' fees incurred for seeking proof of insurance.[1]

## CONCLUSION

Rushmore requests the court immediately require Schulte Properties to comply with its obligations under the settlement agreements by providing proof of insurance to Rushmore. Rushmore also requests the court lift any automatic stay so that Rushmore can seek its attorneys' fees pursuant to the terms of the court-approved settlement agreement.

DATED: August 12, 2021.

**AKERMAN LLP**

/s/ *Natalie L. Winslow*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for Rushmore Loan Management Services, LLC*

---

[1] If the court lifts the stay or determines a stay is not currently in effect as it relates to a request from Rushmore for attorneys' fees, Rushmore will submit a formal request for attorneys' fees with supporting documentation.

5

59317936;1

# CERTIFICATE OF SERVICE

On August 12, 2021 I served the following document: **MOTION TO ENFORCE SETTLEMENT TERMS** by the following means to the persons as listed below: *(Check all that apply)*

☒ **a.** **ECF System**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ **b.** **United States mail, postage fully prepaid**

☐ **c.** **Personal Service**

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d.** **By direct mail (as opposed to through the ECF System)**

☐ **e.** **By fax transmission**

☐ **f.** **By messenger**

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: August 12, 2021

| Patricia Larsen | */s/ Patricia Larsen* |
|---|---|
| (Name of Declarant) | (Signature of Declarant) |

6

59317936;1

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | July 2, 2021 Letter |
| Exhibit B | Declaration of Natalie L. Winslow |

59317936;1