EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Fifth Third Mortgage Company

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Case No. 18-12734-mkn<br><br>Chapter 11<br><br>**STATUS REPORT RE: FIFTH THIRD MORTGAGE COMPANY'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 863]**<br><br>**Hearing**:<br>Date: October 6, 2021<br>Time: 9:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

*Creditor* Fifth Third Mortgage Company ("Fifth Third") hereby submits its *Status Report Re: Motion for Protective Order* ("Status Report"). (Dkt No. 863).

## I.    RELEVANT FACTS

On April 30, 2001, Borrower executed a promissory note in the principal sum of $152,000.00 (the "Note"). The Note is secured by a deed of trust (the "Deed of Trust")

encumbering the property located at 5218 Misty Morning Drive Las Vegas NV 89118 ("Property"). The Deed of Trust was assigned to Fifth Third. (*See* Claim No. 4-2).

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

On October 11, 2018, Fifth Third filed its Amended Proof of Claim reflecting a secured claim of $152,080.87, including *pre-petition* arrears of $29,082.85 (the "Claim"). (*See* Claim No. 4-2). The Claim complies with the terms of the Confirmed Plan from the First Case. The Claim included all loan documents and a pre-petition payment history to support the validity and amount of the Claim. To date, the Debtor has yet to object to the Claim. The Claim is entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and a pre-petition payment history for the Subject Loan.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure Statement. (Dkt Nos. 201-202).

On November 20, 2019, Fifth Third filed an *Objection to Confirmation of the Debtor's Amended Plan* ("Plan Objection"). (Dkt No. 601). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served *Requests for Production of Documents* ("Discovery Requests") on Fifth Third.

On May 29, 2021, Fifth Third responded to the Discovery Requests with hundreds of pages of documents ("Discovery Responses"). Specifically, Fifth Third provided Debtor with copies of the loan documents, filed claim, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower. However, Fifth Third objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Fifth Third's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶5-6).

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Fifth Third, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents at outlined in the Motion. (*See* Subpoena, Exhibit 88).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. To date, Aldridge Pite has yet to receive a substantive response from the Debtor's counsel. (*See* Declaration, ¶8).

On June 11, 2021, Fifth Third filed a *Motion for Protective Order or, in the Alternative, Motion for Modification of Subpoena* ("Motion"). (Dkt No. 861). In the Motion Fifth Third asserted:

- The Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Fifth Third responded to Requests for Production of Documents, and provided Debtor with hundreds of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Fifth Third asserted the documents Debtor requested were either: (i) already produced by Fifth Third; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Fifth Third's Responses to the original production requests.

- To the extent Debtor was dissatisfied with Fifth Third's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Fifth Third's objections to the discovery requests. In the meantime, the discovery period expired.

- The documents requested are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Fifth Third. To comply with these requests (again) would be an undue burden and expense on Fifth Third. To the extent the Court

determines additional document production is warranted, Fifth Third requested an order modifying the scope of Subpoena as explained in the Motion.

On June 16, 2021, Aldridge Pite sent **a second follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Fifth Third requested the withdrawal of the Subpoena.

On June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

On July 1, 2021, Aldridge Pite sent a **third follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Fifth Third requested the withdrawal of the Subpoena. To date, Debtor has yet to produce Fifth Third with a substantive response. Nor has the Debtor withdrawn the Subpoena.

On July 13, 2021, Fifth Third filed a *Reply to Debtor's Limited Opposition to Motion for Protective Order* ("Reply"). (Dkt No. 877). In the Reply, Fifth Third asserted the requested documents were already produced, equally available to the Debtor, or not in Fifth Third's possession.

On July 28, 2021, the Court held an initial hearing on the Motion for Protective Order. At the hearing, Debtor requested a continuance to review the documents produced by Fifth Third.

On July 28, 2021, Fifth Third received a response from the Debtor stating:

> "The proof of claim contains the note, deed of trust, and some orders from Melani Schulte's prior bankruptcy. There is not a single statement or any transaction history. Therefore we need the following:
>
> Misty Morning – (1) monthly mortgage statements from January 2010 forward; (2) an escrow analysis from January 2010 forward (or at least from the prior confirmation order that was entered on March 8, 2011 forward) showing how payments were applied and at what interest rate. If Fifth Third

did not have the loan that far back, then we want the records from the predecessor servicer that are in Fifth Third's possession. My understanding is that Fifth Third has had the loan since at least 2009; (3) I also need copies of the IRS Form 1098 issued by Fifth Third for the property from 2010 to 2020."

On July 29, 2021, Aldridge Pite sent a **fourth follow up** letter to Debtor's counsel outlining the history of document production for the Subject Loan. Further, Fifth Third informed the Debtor the monthly statements and payment histories were previously produced to the Debtor (either through the discovery in 2020, the settlement conferences, or originally sent to the Debtor through regular servicing). Accordingly, Fifth Third asserted the documents were already in the Debtor's possession or equally available to the Debtor. In addition, Fifth Third informed Debtor's counsel if Debtor is seeking documents from a prior servicer, Debtor may serve discovery on said third parties.

On August 6, 2021, Aldridge Pite sent a **fifth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Fifth Third requested the status of: (1) the filing of the notice of withdrawal of the Subpoena; (2) Debtor's review of the documents provided and summary of produced discovery; and (3) which discoverable documents (exactly) Debtor alleged Fifth Third failed to produce.

On August 11, 2021, the Court held a **second hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Fifth Third.

On August 18, 2021, Fifth Third <u>reproduced</u> many of the documents pursuant to the Debtor's request.

On August 18, 2021, Aldridge Pite sent a **sixth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. With the recent production and prior production, Fifth Third asserted it produced the requested documents in its possession (either through the 8/18/21 reproduction, discovery in 2020, the settlement conferences in 2020, or originally sent to the Debtor through regular servicing). Upon Debtor's review of the documents provided thus far and summary of produced discovery, Fifth Third requested clarification regarding which discoverable documents (exactly) Debtor is still seeking for <u>each</u> loan.

On September 1, 2021, Aldridge Pite sent a **seventh follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

On September 15, 2021, the Court held a **third hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Fifth Third.

On September 22, 2021, Fifth Third received a response from the Debtor regarding the production stating:

1. <u>Mortgage Statements (Subpoena Item 5)</u>
   2010-2014 - I am missing all mortgage statements from January 2010 through December 2014.
   2015 - I have all of statements for 2015
   2016 – I have January through May 2016, as well as December 2016. I am missing June through November, 2016
   2017 – I have January through June, 2017. I am missing July through December, 2017
   2018 – I have no statements. I am missing January through December 2018
   2019- I have no statements. I am missing January through December 2019
   2020- I have no statements. I am missing January through December 2020
   2021- I have no statements. I am missing January through current for 2021

2. <u>Notes/Deeds of Trust (Subpoena Items 1-2, 8)</u>
   I have a note, deed of trust, and an assignment of deed of trust. I also have a family rider, and an assignment of deed of trust to Federal Home Loan Mortgage Corporation. Assuming there are no other documents related to paragraph 1 and 2 of the subpoena, which requests, "1. Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications. " and "2. The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.", then we appear to have these items.

3. <u>Statement of Accounts, accountings/etc. (Subpoena Items 3, 4, 6, 7)</u>
   I have an "Annual Escrow Disclosure" dated May 26, 2015. That is the only one of these I see. I am missing any others Fifth Third may have prepared
   I have inspection reports from Safeguard for 2016-2020. I do not have any others, so if there are others, they were not produced.
   I have a loan history statement consisting of 36 pages, bates nos. 126-161. There are no other loan history statements.
   There is a loan history payoff dated May 26, 2020, which is bates Nos. 0228-0229. There are no other loan histories.

4. <u>Other documents requested by Subpoena (items 9, 10, 11, 12, and 13</u>
   I do not have documents other that those above. If there is anything applicable, such as a loan history, documents relating to forced placed insurance, payment of taxes, insurance, etc., I will need that information.

   Do you have a list of your bates numbered documents so that I may ensure that I have the same documents that you do? I would appreciate that.

Please let me know if you are willing to provide these missing documents, including any loan history and how payments were applied, payments for insurance and taxes, etc., please send those as well.

On September 22, 2021, Aldridge Pite sent an **eighth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Fifth Third again provided the Debtor with a catalog of the production. Fifth Third informed Debtor the above summary is inaccurate as Fifth Third previously produced many of the requested documents. Further, Aldridge Pite re-attached the emails where our firm provided the documents to Debtor. In addition, Fifth Third produced additional monthly statements for 2018 - 2021. Below is a summary of the produced documents as provided to the Debtor's counsel:

| Address | Servicing Start Date | Discovery Produced |
|---|---|---|
| 5218 Misty Morning | Confirmation (4/2011) – Pre | - Statements produced 8/18/2021 (Attached Email) <br> -Statements, Pay Histories, Escrow Histories produced 5/29/2020 (Attached Email) <br> -See also Claim with 410(A) history |

With respect to the statements from 2011 – 2014, Fifth Third informed Debtor it is unable to produce said documents as the documents are not in Fifth Third's possession. However, if the statements were sent to the Debtor, she should have access to the same.  Fifth Third cannot produce documents it does not possess. Further, Fifth Third informed Debtor the loan is de-escrowed. Payment histories have been produced as well. Upon Debtor's review of the documents provided, Fifth Third requested an updated list of the discoverable documents Debtor is still seeking from

Fifth Third. With the recent production and prior production, Fifth Third asserted it produced the requested documents in its possession (either through the 8/18/21 production, discovery in 2020, the settlement conferences in 2020, or originally sent to the Debtor through regular servicing).

## II.   STATUS REPORT

First, Fifth Third provided Debtor with ample opportunity to review the documents and clarify which discoverable documents (if any) Fifth Third failed to produce. Fifth Third acted in good faith to resolve the Subpoena and Motion for Protective Order with little to no cooperation form the Debtor. Specifically, Fifth Third's counsel sent **eight (8) letters** to the Debtor's counsel seeking to resolve the Subpoena. In each instance, Debtor failed to respond to the request to meet and confer or responded with inaccurate or incomplete information. Similarly, while the Court held **three (3) hearings** on the Motion for Protective Order, at each hearing, Debtor requested a continuance to review the documents. To date, the Debtor has yet to provide Fifth Third with a clear and accurate catalog of the alleged missing documents.

Second, Debtor alleged it is <u>not</u> requesting documents already produced, but only requesting documents, which have yet to be produced, or are inaccessible by the Debtor. (*See* Opposition, ¶¶1-2). However, this is untrue. Through the Subpoena, Debtor's requests blanket, identical, production of all documents related to the Loan. (*See* Subpoena, Exhibit 95). For instance, Debtor requested copies of the Loan documents, communication(s) with the Borrower, payment histories, and monthly statements sent to the Borrower. Fifth Third asserts said documents were already produced and are equally available to the Debtor. As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement in 2019. Specifically, Fifth Third responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. Further, Fifth Third produced documents to the Debtor during the Judicial Settlement Conference. The Debtor now seeks production of the **same documents**. Nevertheless, Fifth Third *reproduced* many of the documents on August 18, 2021 pursuant to a request from the Debtor. Moreover, Fifth Third provided Debtor with the following catalog of document production for the Subject Loan:

| Address | Servicing Start Date | Discovery Produced |
|---|---|---|
| 5218 Misty Morning | Confirmation (4/2011) – Pre | - Statements produced 8/18/2021 (Attached Email)<br>-Statements, Pay Histories, Escrow Histories produced 5/29/2020 (Attached Email)<br>-See also Claim with 410(A) history |

Third, Debtor failed to articulate with specificity, which documents are missing, or should be produced by Fifth Third (again). It is unreasonable for Fifth Third to reproduce all documents based on the Debtor's failure to keep accurate records or track of documents produced with prior discovery responses. As a result, Fifth Third asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Fifth Third's Discovery Responses to the original production requests and again in the Motion.

Fourth, Debtor asserts it is "requesting documents to have a complete loan file to better respond to objection claims in this matter." (*See* Opposition, ¶3). However, Debtor fails to explain why Fifth Third should be burdened with time and expenses to streamline the Debtor's litigation. Fifth Third already cooperated with prior production requests and should not be forced to incur additional fees and resources every time the Debtor wishes to pursue litigation, and is unable to locate prior records. Again, Debtor failed to explain which documents Fifth Third failed to produce.

Fifth, Debtor failed to resolve the discovery dispute in good faith. As outlined above, Fifth Third sent eight (8) Meet and Confer Letters to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. On each occasion, Fifth Third requested the withdrawal of the Subpoena to

circumvent the need for Fifth Third incur additional costs associated with responding to the Subpoena and/or seeking a Protective Order. To date, the Debtor has yet to provide a ***substantive and accurate*** response to Fifth Third explaining which documents Fifth Third failed to produce in prior discovery. Nor has the Debtor withdrawn the Subpoena.

Rather, Debtor continues to request documents, which have already been produced or are unavailable. Fifth Third responded to Debtor by providing a catalog of the production. Fifth Third informed Debtor the above summary is inaccurate as Fifth Third previously produced many of the requested documents. Further, Aldridge Pite re-attached the emails where our firm provided the documents to Debtor. In addition, Fifth Third produced additional monthly statements for 2018 – 2021. With respect to the statements from 2011 – 2014, Fifth Third informed Debtor it is unable to produce said documents as the documents are not in Fifth Third's possession. However, if the statements were sent to the Debtor, she should have access to the same. Fifth Third cannot produce documents it does not possess. Further, Fifth Third informed Debtor the loan is de-escrowed. Payment histories have been produced as well. Upon Debtor's review of the documents provided, Fifth Third requested an updated list of the discoverable documents Debtor is still seeking from Fifth Third. With the recent production and prior production, Fifth Third asserted it produced the requested documents in its possession (either through the 8/18/21 production, discovery in 2020, the settlement conferences in 2020, or originally sent to the Debtor through regular servicing).

Finally, to the extent Fifth Third did not produce a given document during the discovery period, Fifth Third raised appropriate objections in its Discovery Responses as outlined in the Motion.

Put simply, Fifth Third has gone above and beyond to provide the Debtor with the requested documents. However, Fifth Third should not be burdened with endless discovery based on the Debtor's failure to keep accurate records. Based on the foregoing, Fifth Third asserts the Court should issue a Protective Order as outlined in the Motion.

**WHEREFORE**, Fifth Third respectfully requests:

1. That the court grant the Motion for Protective Order;
2. In the alternative, that the Court modify the Subpoena as outlined in the Motion;

3. Grant Fifth Third its fees and costs associated with responding to the Subpoena, seeking the Protective Order, and prosecuting the present Motion; and

4. For such other and further relief as this Court deems just and proper

Respectfully submitted:

**ALDRIDGE PITE, LLP**

Dated: October 1, 2021

 /s/ Eddie R. Jimenez
EDDIE R. JIMENEZ
Attorneys for Fifth Third Mortgage Company

| | |
|---|---|
| 1 | EDDIE R. JIMENEZ (SBN 10376) |
| 2 | ejimenez@aldridgepite.com<br>**ALDRIDGE PITE, LLP** |
| 3 | 7220 South Cimarron Road, Suite 140<br>Las Vegas, NV 89113 |
| 4 | Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385 |
| 5 | **Mailing Address**:<br>4375 Jutland Drive, Suite 200 |
| 6 | P.O. Box 17933<br>San Diego, California 92177-0933 |
| 7 | Shadd A. Wade (SBN 11310) |
| 8 | **ZBS LAW, LLP**<br>P:  702-948-8565 x606 |
| 9 | F: 702-446-9898<br>mailto: swade@zbslaw.com |
| 10 | Attorneys for Shellpoint Mortgage Servicing |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 13 | In re | Bankruptcy Case No. 18-12734-mkn |
| 14 | SCHULTE PROPERTIES LLC, | Chapter 11 |
| 15 | Debtor. | **CERTIFICATE OF SERVICE** |

I, <u>Lauren Timby</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On October 4, 2021, I caused the **Status Report Re: Fifth Third Mortgage Company's Motion For Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 863]** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/./../

/././

/././

1            CASE No. 18-12734-mkn
**CERTIFICATE OF SERVICE**

| | | |
|---|---|---|
| 1 | Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Lauren Timby