EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Shellpoint Mortgage Servicing

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. 18-12734-mkn |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **STATUS REPORT RE: SHELLPOINT MORTGAGE SERVICING'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 862]** |
| | **Hearing**:<br>Date: October 6, 2021<br>Time: 9:30 am<br>Judge: Honorable Mike K. Nakagawa<br>Courtroom: 2 |

*Creditor* Shellpoint Mortgage Servicing ("Shellpoint") hereby submits its *Status Report Re: Motion for Protective Order* ("Status Report"). (Dkt No. 862).

## I.   RELEVANT FACTS

Shellpoint acquired servicing rights for ten (10) loans (the "Subject Loans") encumbering the real properties (collectively the "Properties") described below:

| Loan Number | Property | Law Firm |
|---|---|---|
| xxxx5888 | 2614 Sweet Leilani | Aldridge Pite |
| xxxx3594 | 5609 San Ardo | ZBS Law |
| xxxx5845 | 5709 Ridgetree | Aldridge Pite |
| xxxx2256 | 8216 Peaceful Cyn | Aldridge Pite |
| xxxx6860 | 956 Ostrich Fern | Aldridge Pite |
| xxxx4232 | 1013 Golden Hawk | ZBS Law |
| xxxx5215 | 1701 Empire Mine | Aldridge Pite |
| xxxx6861 | 1392 Echo Falls | Aldridge Pite |
| xxxx7197 | 3729 Discovery Crk | Aldridge Pite |
| xxxx5214 | 3383 Cloverdale | Aldridge Pite |

On May 10, 2018, Debtor commenced the instant Bankruptcy Case by filing a third voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned case number 18-12734-mkn (the "Bankruptcy Case").

Shellpoint (or its predecessors in interest) filed *Proofs of Claims* in the Bankruptcy Case, reflecting the terms of the Confirmed Plan. The Claims included all loan documents and pre-petition payment histories to support the validity and amount of each Claim. To date, the Debtor has yet to object to any of the Claims. The Claims are entitled to a presumption of validity under the Federal Bankruptcy Rules. As a result, the Debtor is already in possession of all loan documents and pre-petition payment histories for the Subject Loans.

On February 27, 2019, Debtor filed its proposed Chapter 11 Plan ("Plan") and Disclosure Statement. (Dkt Nos. 201-202).

Shellpoint (or its predecessors-in-interest) filed multiple *Objections to Confirmation of the Plan* ("Plan Objections"). Following hearings on approval of the Disclosure Statement and Plan, the Court authorized the Parties to proceed with discovery.

During the discovery period, the Debtor served multiple *Requests for Production of Documents* ("Discovery Requests") on Shellpoint.

From January 2020 – June 2020, Shellpoint responded to the Discovery Requests with thousands of pages of documents ("Discovery Responses").[1] Specifically, Shellpoint provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower for each Loan. However, Shellpoint objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege. Debtor failed to meet and confer regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the Discovery Requests. In the meantime, the discovery period expired. (*See* Declaration of Eddie Jimenez ("Declaration"), ¶6-7).

On January 5, 2021, the Court entered an [Amended] Order Scheduling Settlement Conference ("Amended Settlement Order") between the Debtor and Shellpoint. (Dkt No. 790-791).

On February 18, 2021, Shellpoint submitted a copy of its revised accounting spreadsheet to the Debtor ("Shellpoint Accounting") pursuant to the Amended Settlement Order. Notably, Shellpoint's Accounting reflected all payments received and applied since acquisition of each Subject Loan. Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan. (*See* Declaration, ¶9).

On May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum ("Subpoena")* requesting production of documents from twenty-seven (27) loan servicers/creditors, including Shellpoint, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents as outlined in the Motion. (*See* Subpoena, Exhibits 34-43).

Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. (*See* Declaration, ¶11).

---

[1] With the exception of the San Ardo Property, Discovery Creek Property, and Peaceful Canyon Property as Shellpoint did not receive Discovery Requests from Debtor.

On June 16, 2021, Aldridge Pite sent a **second follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Shellpoint requested the withdrawal of the Subpoena.

On June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

On July 1, 2021, Aldridge Pite sent a **third follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Shellpoint requested the withdrawal of the Subpoena. To date, Debtor has yet to provide Shellpoint with a substantive response. Nor has the Debtor withdrawn the Subpoena.

On July 13, 2021, Shellpoint filed a *Reply to Debtor's Limited Opposition to Motion for Protective Order* ("Reply"). (Dkt No. 878). In the Reply, Shellpoint asserted the requested documents were already produced, equally available to the Debtor, or not in Shellpoint's possession.

On July 28, 2021, the Court held an initial hearing on the Motion for Protective Order. At the hearing, Debtor requested a continuance to review the documents produced by Shellpoint.

On July 28, 2021, Shellpoint received a response from the Debtor stating: "We have a reinstatement and payoff for each property. We also have a spreadsheet that provided a transaction history from 2016 forward on the Discovery Creek property. We have nothing else. Nothing is attached to the proofs of claim either."

On July 29, 2021, Aldridge Pite sent a **fourth follow up** letter to Debtor's counsel outlining the history of document production for each loan. Further, Shellpoint informed the Debtor the monthly statements and payment histories were previously produced to the Debtor (either through the discovery in 2020, the settlement conferences in 2020/2021, or originally sent

to the Debtor through regular servicing). Accordingly, Shellpoint asserted the documents were already in the Debtor's possession or equally available to the Debtor. In addition, Shellpoint informed Debtor's counsel if Debtor is seeking documents from a prior servicer, Debtor may serve discovery on said third parties. For instance, Shellpoint began servicing Cloverdale Loan in Feb 2020. It did not issue statements before acquiring servicing rights. Debtor may request said documents from the prior servicer(s).

On August 6, 2021, Aldridge Pite sent a **fifth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Shellpoint requested the status of: (1) the filing of the notice of withdrawal of the Subpoena; (2) Debtor's review of the documents provided and summary of produced discovery; and (3) which discoverable documents (exactly) Debtor alleged Shellpoint failed to produce (for each loan).

On August 11, 2021, the Court held a **second hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Shellpoint.

On August 13, 2021, Shellpoint <u>reproduced</u> many of the documents pursuant to the Debtor's request.

On August 18, 2021, Aldridge Pite sent a **sixth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. With the recent production and prior production, Shellpoint asserted it produced the requested documents in its possession (either through the 8/13/21 reproduction, discovery in 2020, the settlement conferences in 2020/2021, or originally sent to the Debtor through regular servicing). Upon Debtor's review of the documents provided thus far and summary of produced discovery, Shellpoint requested clarification regarding which discoverable documents (exactly) Debtor is still seeking for <u>each</u> loan.

On September 1, 2021, Aldridge Pite sent a **seventh follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

On September 15, 2021, the Court held a **third hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Shellpoint.

On September 22, 2021, Aldridge Pite received a response from the Debtor requesting clarification regarding which law firm Shellpoint retained for each loan.

On September 22, 2021, Aldridge Pite sent an **eighth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena and outlining Shellpoint's retention of each law firm. Specifically, Shellpoint again provided the Debtor with a catalog of the production for each Loan. With the recent production and prior production, Shellpoint asserted it produced the requested documents in its possession (either through the 8/13/21 production, discovery in 2020, the settlement conferences in 2020/2021, or originally sent to the Debtor through regular servicing). Debtor may contact the prior servicers for their records.

## II.    STATUS REPORT

First, Shellpoint provided Debtor with ample opportunity to review the documents and clarify which discoverable documents (if any) Shellpoint failed to produce for each account. Shellpoint acted in good faith to resolve the Subpoena and Motion for Protective Order with little to no cooperation form the Debtor. Specifically, Shellpoint's counsel sent **eight (8) letters** to the Debtor's counsel seeking to resolve the Subpoena. In each instance, Debtor failed to respond to the request to meet and confer or responded with inaccurate or incomplete information. Similarly, while the Court held **three (3) hearings** on the Motion for Protective Order, at each hearing, Debtor requested a continuance to review the documents. To date, the Debtor has yet to provide Shellpoint with a clear and accurate catalog of the alleged missing documents.

Second, Debtor alleged it is <u>not</u> requesting documents already produced, but only requesting documents, which have yet to be produced, or are inaccessible by the Debtor. (*See* Opposition, ¶¶1-2). However, this is untrue. Through the Subpoena, Debtor requests blanket, identical, production of all documents related to the Loan. (*See* Subpoena, Exhibit 95). For instance, Debtor requested copies of the Loan documents, communication(s) with the Borrower, payment histories, and monthly statements sent to the Borrower. Shellpoint asserts said

documents were already produced and are equally available to the Debtor. As discussed above, the Parties already engaged in extensive discovery production following the hearing on approval of the Disclosure Statement in 2019. Specifically, Shellpoint responded to multiple Requests for Production of Documents and provided the Debtor with thousands of pages of documents at great time and expense. Further, Shellpoint produced documents to the Debtor during the Judicial Settlement Conference. The Debtor now seeks production of the **same documents**. Nevertheless, Shellpoint *reproduced* many of the documents on August 13, 2021 pursuant to a request from the Debtor. Moreover, Shellpoint provided Debtor with the following catalog of document production for each Loan:

| Loan# | Address | Servicing Start Date | Discovery Produced |
|---|---|---|---|
| xxxx5888 | 2614 Sweet Leilani | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020 (attached email)<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement produced 3/4/2021 (attached email)<br>- Loan is de-escrowed…<br>- See also Claim with 410(A) history |

| | | | |
|---|---|---|---|
| | | | - More documents produced on 8/13/21 (attached) |
| | | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020 (attached email)<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement produced 3/4/2021 (attached email)<br>- Loan is de-escrowed…<br>- See also Claim with 410(A) history<br>- More documents produced on 8/13/21 (attached) |
| xxxx5214 | 3383 Cloverdale Court | | |
| xxxx5215 | 1701 Empire Mine Drive | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020 (attached email) |

| | | | |
|---|---|---|---|
| | | | - Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement produced 3/4/2021 (attached email)<br>- Loan is de-escrowed…<br>- See also Claim with 410(A) history<br>- More documents produced on 8/13/21 (attached) |
| xxxx6861 | 1392 Echo Falls Avenue | Service transfer from BANA to Shellpoint on August 17, 2015 | - Debtor has all statements/docs as she filed as exhibits in support of her Motion for Contempt…<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement |

- 9 - | Page

| | | | |
|---|---|---|---|
| | | | produced 3/4/2021 (attached email)<br>- Loan is de-escrowed…<br>- See also Claim with 410(A) history<br> - More documents produced on 8/13/21 (attached) |
| | | Service transfer from Ditech to Shellpoint on June 16, 2017 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination.<br>- All requested documents were also provided to DC on May 27, 2020, in response to written discovery requests.<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement |
| xxxx4232 | 1013 Golden Hawk Way | | |

| | | | |
|---|---|---|---|
| | | | produced 3/4/2021 (attached email)<br>- Loan is de-escrowed…<br>- See also Claim with 410(A) history |
| xxxx5845 | 5709 Ridgetree Avenue | Service transfer from BANA to Shellpoint on June 15, 2014 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination.<br>- All requested documents were also provided to DC on May 27, 2020, in response to written discovery requests.<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement produced 3/4/2021 (attached email) |

| | | | |
|---|---|---|---|
| | | | - Loan is de-escrowed…<br>- See also Claim with 410(A) history<br>- More documents produced on 8/13/21 (attached) |
| xxxx7197 | 3729 Discovery Creek | | - Updated Pay history produced prior to Settlement Conference on 3/2/2021 (attached email)<br>- See also Claim with 410(A) history<br> - More documents produced on 8/13/21 (attached) |
| xxxx5845 | 956 Ostrich Fern Court | Service transfer from BANA to Shellpoint on August 17, 2015 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination.<br>- All requested documents were also provided to DC on May 27, 2020, in |

| | | | |
|---|---|---|---|
| | | | response to written discovery requests.<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021 (attached email)<br>- Updated payoff/reinstatement produced 3/4/2021 (attached email)<br>- See also Claim with 410(A) history<br> - More documents produced on 8/13/21 (attached) |

Third, Debtor failed to articulate with specificity, which documents are missing, or should be produced by Shellpoint (again). It is unreasonable for Shellpoint to reproduce all documents based on the Debtor's failure to keep accurate records or track of documents produced with prior discovery responses. As a result, Shellpoint asserts the documents requested in the Subpoena were either: (i) already produced to the Debtor; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Shellpoint's Discovery Responses to the original production requests and again in the Motion.

Fourth, Debtor asserts it is "requesting documents to have a complete loan file to better respond to objection claims in this matter." (*See* Opposition, ¶3). However, Debtor fails to explain why Shellpoint should be burdened with time and expenses to streamline the Debtor's litigation. Shellpoint already cooperated with prior production requests and should not be forced to incur additional fees and resources every time the Debtor wishes to pursue litigation, and is unable to locate prior records. Again, Debtor failed to explain which documents Shellpoint failed to produce.

Fifth, Debtor failed to resolve the discovery dispute in good faith. As outlined above, Shellpoint sent eight (8) Meet and Confer Letters to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. On each occasion, Shellpoint requested the withdrawal of the Subpoena to circumvent the need for Shellpoint incur additional costs associated with responding to the Subpoena and/or seeking a Protective Order. To date, the Debtor has yet to provide a substantive response to Shellpoint explaining which documents Debtor alleges Shellpoint failed to produce in prior discovery. Nor has the Debtor withdrawn the Subpoena. Rather, Debtor continues to request documents, which have already been produced or are unavailable.

Finally, to the extent Shellpoint did not produce a given document during the discovery period, Shellpoint raised appropriate objections in its Discovery Responses as outlined in the Motion.

Put simply, Shellpoint has gone above and beyond to provide the Debtor with the requested documents. However, Shellpoint should not be burdened with endless discovery based on the Debtor's failure to keep accurate records. Based on the foregoing, Shellpoint asserts the Court should issue a Protective Order as outlined in the Motion.

**WHEREFORE**, Shellpoint respectfully requests:

1. That the court grant the Motion for Protective Order;
2. In the alternative, that the Court modify the Subpoena as outlined in the Motion;
3. Grant Shellpoint its fees and costs associated with responding to the Subpoena, seeking the Protective Order, and prosecuting the present Motion; and
4. For such other and further relief as this Court deems just and proper.

Dated: October 1, 2021

Respectfully submitted:

**ALDRIDGE PITE, LLP**

_/s/ Eddie R. Jimenez_

EDDIE R. JIMENEZ
Attorneys for Shellpoint Mortgage Servicing

```
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
ALDRIDGE PITE, LLP
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
Mailing Address:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Shadd A. Wade (SBN 11310)
ZBS LAW, LLP
P:  702-948-8565 x606
F:  702-446-9898
mailto: swade@zbslaw.com
```

Attorneys for Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

I, <u>Lauren Timby</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On October 4, 2021, I caused the **Status Report Re: Shellpoint Mortgage Servicing's Motion For Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 862]** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/././

/././

/././

| | | |
|---|---|---|
| 1 | Schulte Properties LLC | Matthew L. Johnson |
| 2 | 9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Johnson & Gubler, P.C.<br>8831 West Sahara Avenue |
| 3 | | Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Lauren Timby