EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Shellpoint Mortgage Servicing

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 18-12734-mkn |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **SUPPLEMENTAL DECLARATION OF GREG CAMPBELL IN SUPPORT OF SHELLPOINT MORTGAGE SERVICING'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 862]** |

I, Greg Campbell declare:

1.     I am over the age of 18 and am employed as an Attorney by Aldridge Pite, LLP ("Aldridge Pite"), under the supervision of designated counsel, Eddie Jimenez, attorneys for Shellpoint Mortgage Servicing ("Shellpoint") in this proceeding. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, could and would competently testify thereto.

2     As part of my job responsibilities for Aldridge Pite, I have personal knowledge of and am familiar with the records maintained by Aldridge Pite in connection with this matter and the procedures for creating those types of records. I have access to and have reviewed the books, records, and files of Aldridge Pite that pertain to this matter.

- 1 -
**SUPPLEMENTAL DECLARATION RE: MOTION FOR PROTECTIVE ORDER**

3. The information in this declaration is taken from Aldridge Pite's business records regarding this case. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (b) kept in the course of Aldridge Pite's regularly conducted business activities. It is the regular practice of Aldridge Pite to create and maintain such records.

4. Pursuant to Aldridge Pite's records, the Debtor served multiple *Requests for Production of Documents* ("Discovery Requests") on Shellpoint.

5. Aldridge Pite responded to the Discovery Requests on Shellpoint's behalf for the Subject Loans with hundreds of pages of documents ("Discovery Responses"). Specifically, Aldridge Pite provided Debtor with copies of the loan documents, filed claims, filed pleadings, payment histories, monthly statements, escrow statements (if any), and communications with the borrower. However, Aldridge Pite objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege.

6. Debtor failed to meet and confer with Aldridge Pite regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the Discovery Requests. In the meantime, the discovery period expired.

7. Following issuance of an Amended Scheduled Order, on February 18, 2021, Aldridge Pite submitted a copy of its revised accounting spreadsheet to the Debtor ("Shellpoint Accounting"). Notably, Shellpoint's Accounting reflected all payments received and applied since acquisition of each Subject Loan. Accordingly, the Debtor is already in possession of a detailed accounting for each Subject Loan.

8. On or about May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Shellpoint, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents at outlined in the Motion. (*See* Subpoena, Exhibits 34-43).

9. Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer Letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Debtor's counsel failed to respond.

10. On June 11, 2021, Aldridge Pite filed a *Motion for Protective Order or, in the Alternative, Motion for Modification of Subpoena* ("Motion"). (Dkt No. 862). In the Motion Shellpoint asserted:

- The Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Shellpoint responded to Requests for Production of Documents, and provided Debtor with hundreds of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Shellpoint asserted the documents Debtor requested were either: (i) already produced by Shellpoint; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Shellpoint's Responses to the original production requests.

- To the extent Debtor was dissatisfied with Shellpoint's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Shellpoint's objections to the discovery requests. In the meantime, the discovery period expired.

11. On June 16, 2021, Aldridge Pite sent a **second follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Aldridge Pite requested the withdrawal of the Subpoena.

12. On or about June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

13. On July 1, 2021, Aldridge Pite sent a **third follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Shellpoint failed to produce. Further, Aldridge Pite requested the withdrawal of the Subpoena. To date, Debtor has yet to provide Aldridge Pite with a substantive response. Nor has the Debtor withdrawn the Subpoena.

14. On July 13, 2021, Aldridge Pite filed a *Reply to Debtor's Limited Opposition to Motion for Protective Order* ("Reply"). (Dkt No. 878). In the Reply, Shellpoint asserted the requested documents were already produced, equally available to the Debtor, or not in Shellpoint's possession.

15. On July 28, 2021, the Court held an initial hearing on the Motion for Protective Order. At the hearing, Debtor requested a continuance to review the documents produced by Shellpoint.

16. On July 28, 2021, Aldridge Pite received a response from the Debtor stating: "We have a reinstatement and payoff for each property. We also have a spreadsheet that provided a transaction history from 2016 forward on the Discovery Creek property. We have nothing else. Nothing is attached to the proofs of claim either."

17. On July 29, 2021, Aldridge Pite sent a **fourth follow up** letter to Debtor's counsel outlining the history of document production for each loan. Further, Aldridge Pite informed the Debtor the monthly statements and payment histories were previously produced to the Debtor (either through the discovery in 2020, the settlement conferences in 2020/2021, or originally sent to the Debtor through regular servicing). Accordingly, Aldridge Pite asserted the documents were already in the Debtor's possession or equally available to the Debtor. In addition, Aldridge Pite informed Debtor's counsel if Debtor is seeking documents from a prior servicer, Debtor may serve discovery on said third parties.

18. On August 6, 2021, Aldridge Pite sent a **fifth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Aldridge Pite requested the status of: (1) the filing of the notice of withdrawal of the Subpoena; (2) Debtor's review of the documents

provided and summary of produced discovery; and (3) which discoverable documents (exactly) Debtor alleged Shellpoint failed to produce (for each loan).

19. On August 11, 2021, the Court held a **second hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Shellpoint.

20. On August 13, 2021, Aldridge Pite <u>reproduced</u> many of the documents pursuant to the Debtor's request.

21. On August 18, 2021, Aldridge Pite sent a **sixth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. With the recent production and prior production, Shellpoint asserted it produced the requested documents in its possession (either through the 8/13/21 reproduction, discovery in 2020, the settlement conferences in 2020/2021, or originally sent to the Debtor through regular servicing). Upon Debtor's review of the documents provided thus far and summary of produced discovery, Aldridge Pite requested clarification regarding which discoverable documents (exactly) Debtor is still seeking for <u>each</u> loan.

22. On September 1, 2021, Aldridge Pite sent a **seventh follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

23. On September 15, 2021, the Court held a **third hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Shellpoint.

24. On September 22, 2021, Aldridge Pite received a response from the Debtor requesting clarification regarding which law firm Shellpoint retained for each loan.

25. On September 22, 2021, Aldridge Pite sent an **eighth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena and outlining Shellpoint's retention of each law firm. Specifically, Aldridge Pite again provided the Debtor with a catalog of the production for each Loan. With the recent production and prior production, Shellpoint asserted it produced the requested documents in its possession (either through the 8/13/21 production, discovery in 2020, the settlement conferences in 2020/2021, or originally sent to the Debtor through regular servicing). Debtor may contact the prior servicers for their records.

26. On October 4, 2021, Aldridge Pite filed a Status Report outlining attempts to meet and confer with Debtor's counsel to resolve the Motion and ascertain which documents Debtor alleged Shellpoint failed to produce.

27. On October 6, 2021, the Court held a **fourth hearing** on the Motion for Protective Order. At the hearing, the Court instructed counsel to file supplemental declarations in support of the Status Report.

28. On October 21, 2021, Aldridge Pite served the Debtor with monthly statements received from *prior servicers* on the Subject Loans.

29. On October 22, 2021, Aldridge Pite sent a **ninth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

30. Pursuant to Aldridge Pite's records and information from co-counsel, ZBS Law, Below is a summary of the produced documents as provided to the Debtor's counsel:

| Address | Servicing Start Date | Discovery Produced |
|---|---|---|
| 2614 Sweet Leilani | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021<br>- Updated payoff/reinstatement produced 3/4/2021<br>- Loan is de-escrowed.<br>- Claim with 410(A) history<br>- More documents produced on 8/13/21 (attached)<br>- Prior Servicer Statements produced 10/21/2021 |
| 3383 Cloverdale Court | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020 |

| | | |
|---|---|---|
| | | - Updated Pay history produced prior to Settlement Conference on 2/18/2021<br>- Updated payoff/reinstatement produced 3/4/2021<br>- Loan is de-escrowed<br>- Claim with 410(A) history<br>- More documents produced on 8/13/21<br>- Prior Servicer Statements produced 10/21/2021 |
| 1701 Empire Mine Drive | February 1, 2020 | - Statements, Pay Histories, produced 5/29/2020<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021<br>- Updated payoff/reinstatement produced 3/4/2021<br>- Loan is de-escrowed<br>- Claim with 410(A) history<br>- More documents produced on 8/13/21<br>- Prior Servicer Statements produced 10/21/2021 |
| 1392 Echo Falls Avenue | Service transfer from BANA to Shellpoint on August 17, 2015 | - Debtor has all statements/docs as she filed as exhibits in support of her |

| | | | |
|---|---|---|---|
| | | | pending Motion for Contempt in First Case<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021<br>- Updated payoff/reinstatement produced 3/4/2021<br>- Loan is de-escrowed<br>- Claim with 410(A) history<br>- More documents produced on 8/13/21<br>- Prior Servicer Statements produced 10/21/2021<br>- Entire loan file reproduced on 10/22/21 in response to Request for Production of Documents related to Motion to Contempt filed in First Case |
| | 1013 Golden Hawk Way | Service transfer from Ditech to Shellpoint on June 16, 2017 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination.<br>- All requested documents were also provided on May 27, 2020, in response to written discovery requests. |

| | | | |
|---|---|---|---|
| 1 | | | - Updated Pay history produced prior to Settlement Conference on 2/18/2021 |
| 2 | | | |
| 3 | | | |
| 4 | | | - Updated payoff/reinstatement produced 3/4/2021 |
| 5 | | | |
| 6 | | | |
| 7 | | | - Loan is de-escrowed |
| 8 | | | - Claim with 410(A) history |
| 9 | | | - Prior Servicer Statements produced 10/21/2021 |
| 10 | | | |
| 11 | | Service transfer from BANA to Shellpoint on June 15, 2014 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination. |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | - All requested documents were also provided on May 27, 2020, in response to written discovery requests. |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | - Updated Pay history produced prior to Settlement Conference on 2/18/2021 |
| 20 | | | |
| 21 | | | |
| 22 | | | - Updated payoff/reinstatement produced 3/4/2021 |
| 23 | | | |
| 24 | | | |
| 25 | | | - Loan is de-escrowed |
| 26 | | | - Claim with 410(A) history |
| 27 | | | - More documents produced on 8/13/21 |
| 28 | 5709 Ridgetree Avenue | | |

| | | | |
|---|---|---|---|
| | 3729 Discovery Creek | | - Updated Pay history produced prior to Settlement Conference on 3/2/2021<br>- Claim with 410(A) history<br>- More documents produced on 8/13/21<br>- Prior Servicer Statements produced 10/21/2021 |
| | 956 Ostrich Fern Court | Service transfer from BANA to Shellpoint on August 17, 2015 | - Entire loan file was made available in June 2019 to debtor's counsel, Karen Kellett, pursuant to Subpoena for Rule 2004 Examination.<br>- All requested documents were also provided on May 27, 2020, in response to written discovery requests.<br>- Updated Pay history produced prior to Settlement Conference on 2/18/2021<br>- Updated payoff/reinstatement produced 3/4/2021<br><br>- Claim with 410(A) history<br>- More documents produced on 8/13/21<br>- Prior Servicer Statements produced 10/21/2021 |

31. Upon Debtor's review of the documents provided, Aldridge Pite requested an updated list of the discoverable documents Debtor is still seeking from Shellpoint. To date, the Debtor has yet to provide a substantive response.

32. Aldridge Pite has incurred attorneys' fees and costs in responding to the discovery dispute.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that this declaration was executed at San Diego, CA on October 26, 2021.

**ALDRIDGE PITE, LLP**

_/s/ Greg Campbell_
GREG CAMPBELL
Attorneys for Shellpoint Mortgage Servicing

| | |
|---|---|
| 1 | EDDIE R. JIMENEZ (SBN 10376) |
| 2 | ejimenez@aldridgepite.com<br>**ALDRIDGE PITE, LLP** |
| 3 | 7220 South Cimarron Road, Suite 140<br>Las Vegas, NV 89113 |
| 4 | Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385 |
| 5 | **Mailing Address**: |
| 6 | 4375 Jutland Drive, Suite 200<br>P.O. Box 17933 |
| 7 | San Diego, California 92177-0933 |
| 8 | Attorneys for Shellpoint Mortgage Servicing |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11 |
| SCHULTE PROPERTIES LLC, | **CERTIFICATE OF SERVICE** |
| Debtor. | |

I, <u>Lauren Timby</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On October 27, 2021, I caused the **Supplemental Declaration of Greg Campbell in Support of Shellpoint Mortgage Servicing's Motion For Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 862]** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/./.

/./.

1  /./../

2  Schulte Properties LLC                              Matthew L. Johnson
   9811 W. Charleston Blvd Ste 2-351                   Johnson & Gubler, P.C.
3  Las Vegas, NV 89117                                 8831 West Sahara Avenue
                                                       Las Vegas, NV 89117
4                                                      annabelle@mjohnsonlaw.com

5

6  U.S. Trustee
   Department of Justice
   300 Las Vegas Boulevard, SO.
7  Suite 4300  Las Vegas, NV 89101
   USTPRegion17.LV.ECF@usdoj.gov
8

9

10 /s/ Lauren Timby