EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Fifth Third Mortgage Company

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 18-12734-mkn |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **SUPPLEMENTAL DECLARATION OF GREG CAMPBELL IN SUPPORT OF FIFTH THIRD MORTGAGE COMPANY'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICAION OF SUBPOENA [DKT NO. 863]** |

I, Greg Campbell declare:

1. I am over the age of 18 and am employed as an Attorney by Aldridge Pite, LLP ("Aldridge Pite"), under the supervision of designated counsel, Eddie Jimenez, attorneys for Fifth Third Mortgage Company ("Fifth Third") in this proceeding. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, could and would competently testify thereto.

2  As part of my job responsibilities for Aldridge Pite, I have personal knowledge of and am familiar with the records maintained by Aldridge Pite in connection with this matter and

- 1 -
**DECLARATION IN SUPPORT OF FIFTH THIRD MORTGAGE'S MOTION FOR PROTECTIVE ORDER**

1  the procedures for creating those types of records. I have access to and have reviewed the books, records, and files of Aldridge Pite that pertain to this matter.

3. The information in this declaration is taken from Aldridge Pite's business records regarding this case. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (b) kept in the course of Aldridge Pite's regularly conducted business activities. It is the regular practice of Aldridge Pite to create and maintain such records.

4. Pursuant to Aldridge Pite's records, Debtor served *Requests for Production of Documents* ("Discovery Requests") on Fifth Third.

5. On May 29, 2020, Aldridge Pite responded to the Discovery Requests on Fifth Third's behalf with hundreds of pages of documents ("Discovery Responses"). Specifically, Aldridge Pite provided Debtor with copies of the loan documents, filed claim, filed pleadings, payment histories, monthly statements, escrow statements, and communications with the borrower. However, Aldridge Pite objected to several requests as irrelevant, burdensome, overbroad, vague, proprietary, confidential, or subject to privilege.

6. Debtor failed to meet and confer with Aldridge Pite regarding the Discovery Responses, file a motion to compel seeking additional production, or request a ruling on Fifth Third's objections to the Discovery Requests. In the meantime, the discovery period expired.

7. On or about May 28, 2021, the Debtor filed *a Notice of Issuance of Subpoena Duces Tecum* ("Subpoena") requesting production of documents from twenty-seven (27) loan servicers/creditors, including Fifth Third, related to the Debtor's dozens of real properties. The Debtor now seeks blanket, identical, production of all documents at outlined in the Motion. (*See* Subpoena, Exhibit 88).

8. Following the issuance of the Subpoena, Aldridge Pite sent a Meet & Confer letter to the Debtor's counsel seeking to resolve the Subpoena and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. To date, Aldridge Pite has yet to receive a substantive response from the Debtor's counsel.

9. On June 11, 2021, Aldridge Pite filed a *Motion for Protective Order or, in the Alternative, Motion for Modification of Subpoena* ("Motion"). (Dkt No. 861). In the Motion Fifth Third asserted:

- The Parties already engaged in extensive discovery, including production of documents, following the hearing on approval of the Disclosure Statement in 2019. Specifically, Fifth Third responded to Requests for Production of Documents, and provided Debtor with hundreds of pages of documents at great time and expense. The Debtor now seeks production of the **same documents**. As a result, Fifth Third asserted the documents Debtor requested were either: (i) already produced by Fifth Third; (ii) equally available to the Debtor; or (iii) objectionable as outlined in Fifth Third's Responses to the original production requests.

- To the extent Debtor was dissatisfied with Fifth Third's Responses to the production requests, Debtor failed to meet and confer regarding the Responses, file a motion to compel seeking additional production, or request a ruling on Fifth Third's objections to the discovery requests. In the meantime, the discovery period expired.

- The documents requested are overbroad and unlimited in scope. Thus, the requests are calculated to annoy, embarrass, or oppress Fifth Third. To comply with these requests (again) would be an undue burden and expense on Fifth Third. To the extent the Court determines additional document production is warranted, Fifth Third requested an order modifying the scope of Subpoena as explained in the Motion.

10. On June 16, 2021, Aldridge Pite sent **a second follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Aldridge Pite requested the withdrawal of the Subpoena.

11. On or about June 30, 2021, Debtor filed a *Limited Opposition to Motion for Protective Order* ("Opposition"). (Dkt No. 870). In the Opposition, Debtor alleged: (i) Debtor is not requesting documents already produced in this matter; (ii) Debtor is only requesting

documents, which have yet to be provided or are not accessible by the Debtor; and (iii) Debtor is requesting documents to have a complete loan file to facilitate the filing of claim objections.

12. On July 1, 2021, Aldridge Pite sent a **third follow up** letter to the Debtor's counsel seeking to resolve the Subpoena, and seeking clarification of any discoverable documents the Debtor believed Fifth Third failed to produce. Further, Aldridge Pite requested the withdrawal of the Subpoena. To date, Debtor has yet to provide Aldridge Pite with a substantive response. Nor has the Debtor withdrawn the Subpoena.

13. On July 13, 2021, Aldridge Pite filed a *Reply to Debtor's Limited Opposition to Motion for Protective Order* ("Reply"). (Dkt No. 877). In the Reply, Fifth Third asserted the requested documents were already produced, equally available to the Debtor, or not in Fifth Third's possession.

14. On July 28, 2021, the Court held an initial hearing on the Motion for Protective Order. At the hearing, Debtor requested a continuance to review the documents produced by Fifth Third.

15. On July 28, 2021, Aldridge Pite received a response from the Debtor stating:

> "The proof of claim contains the note, deed of trust, and some orders from Melani Schulte's prior bankruptcy. There is not a single statement or any transaction history. Therefore we need the following:
>
> Misty Morning – (1) monthly mortgage statements from January 2010 forward; (2) an escrow analysis from January 2010 forward (or at least from the prior confirmation order that was entered on March 8, 2011 forward) showing how payments were applied and at what interest rate. If Fifth Third did not have the loan that far back, then we want the records from the predecessor servicer that are in Fifth Third's possession. My understanding is that Fifth Third has had the loan since at least 2009; (3) I also need copies of the IRS Form 1098 issued by Fifth Third for the property from 2010 to 2020."

16. On July 29, 2021, Aldridge Pite sent a **fourth follow up** letter to Debtor's counsel outlining the history of document production for the Subject Loan. Further, Aldridge Pite informed the Debtor the monthly statements and payment histories were previously produced to the Debtor (either through the discovery in 2020, the settlement conferences, or originally sent to the Debtor through regular servicing). Accordingly, Aldridge Pite asserted the documents were

already in the Debtor's possession or equally available to the Debtor. In addition, Aldridge Pite informed Debtor's counsel if Debtor is seeking documents from a prior servicer, Debtor may serve discovery on said third parties.

17. On August 6, 2021, Aldridge Pite sent a **fifth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Aldridge Pite requested the status of: (1) the filing of the notice of withdrawal of the Subpoena; (2) Debtor's review of the documents provided and summary of produced discovery; and (3) which discoverable documents (exactly) Debtor alleged Fifth Third failed to produce.

18. On August 11, 2021, the Court held a **second hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Fifth Third.

19. On August 18, 2021, Aldridge Pite <u>reproduced</u> many of the documents pursuant to the Debtor's request.

20. On August 18, 2021, Aldridge Pite sent a **sixth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. With the recent production and prior production, Fifth Third asserted it produced the requested documents in its possession (either through the 8/18/21 reproduction, discovery in 2020, the settlement conferences in 2020, or originally sent to the Debtor through regular servicing). Upon Debtor's review of the documents provided thus far and summary of produced discovery, Aldridge Pite requested clarification regarding which discoverable documents (exactly) Debtor is still seeking from Fifth Third.

21. On September 1, 2021, Aldridge Pite sent a **seventh follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

22. On September 15, 2021, the Court held a **third hearing** on the Motion for Protective Order. At the hearing, Debtor requested another continuance to review the documents produced by Fifth Third.

23. On September 22, 2021, Aldridge Pite received a response from the Debtor regarding the production stating:

1. <u>Mortgage Statements (Subpoena Item 5)</u>
   2010-2014 - I am missing all mortgage statements from January 2010 through December 2014.
   2015 - I have all of statements for 2015
   2016 – I have January through May 2016, as well as December 2016. I am missing June through November, 2016
   2017 – I have January through June, 2017. I am missing July through December, 2017
   2018 – I have no statements. I am missing January through December 2018
   2019- I have no statements. I am missing January through December 2019
   2020- I have no statements. I am missing January through December 2020
   2021- I have no statements. I am missing January through current for 2021

2. <u>Notes/Deeds of Trust (Subpoena Items 1-2, 8)</u>
   I have a note, deed of trust, and an assignment of deed of trust. I also have a family rider, and an assignment of deed of trust to Federal Home Loan Mortgage Corporation. Assuming there are no other documents related to paragraph 1 and 2 of the subpoena, which requests, "1. Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications. " and "2. The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.", then we appear to have these items.

3. <u>Statement of Accounts, accountings/etc. (Subpoena Items 3, 4, 6, 7)</u>
   I have an "Annual Escrow Disclosure" dated May 26, 2015. That is the only one of these I see. I am missing any others Fifth Third may have prepared
   I have inspection reports from Safeguard for 2016-2020. I do not have any others, so if there are others, they were not produced.
   I have a loan history statement consisting of 36 pages, bates nos. 126-161.  There are no other loan history statements.
   There is a loan history payoff dated May 26, 2020, which is bates Nos. 0228-0229. There are no other loan histories.

4. <u>Other documents requested by Subpoena (items 9, 10, 11, 12, and 13</u>
   I do not have documents other that those above. If there is anything applicable, such as a loan history, documents relating to forced placed insurance, payment of taxes, insurance, etc., I will need that information.

   Do you have a list of your bates numbered documents so that I may ensure that I have the same documents that you do? I would appreciate that.

   Please let me know if you are willing to provide these missing documents, including any loan history and how payments were applied, payments for insurance and taxes, etc., please send those as well.

24. On September 22, 2021, Aldridge Pite sent an **eighth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena. Specifically, Aldridge Pite again provided the Debtor with a catalog of the production. Aldridge Pite informed Debtor the above summary is inaccurate as Fifth Third previously produced many of the requested documents. Further, Aldridge

Pite re-attached the emails where our firm provided the documents to Debtor. In addition, Aldridge Pite produced additional monthly statements for 2018 - 2021.

25. On October 6, 2021, the Court held a **fourth hearing** on the Motion for Protective Order. At the hearing, the Court instructed counsel to file supplemental declarations in support of the Status Report.

26. On October 22, 2021, Aldridge Pite sent a **ninth follow up** letter to the Debtor's counsel seeking to resolve the Subpoena.

27. Below is a summary of the produced documents as provided to the Debtor's counsel:

| Address | Servicing Start Date | Discovery Produced |
|---|---|---|
| 5218 Misty Morning | Confirmation (4/2011) – Pre | - Statements produced 8/18/2021<br>-Statements, Pay Histories, Escrow Histories produced 5/29/2020<br> Claim with 410(A) history |

28. With respect to the statements from 2011 – 2014, Aldridge Pite informed Debtor Fifth Third is unable to produce said documents as the documents are not in Fifth Third's possession. However, if the statements were sent to the Debtor, she should have access to the same. Further, Aldridge Pite informed Debtor the loan is de-escrowed. Payment histories have been produced as well. Upon Debtor's review of the documents provided, Aldridge Pite requested an updated list of the discoverable documents Debtor is still seeking from Fifth Third. To date, the Debtor has yet to provide a substantive response.

/./././

/./././

29. Aldridge Pite has incurred attorneys' fees and costs in responding to the discovery dispute.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that this declaration was executed at San Diego, CA on October 27, 2021.

**ALDRIDGE PITE, LLP**

 /s/ Greg Campbell
GREG CAMPBELL
Attorneys for Fifth Third Mortgage Company

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Fifth Third Mortgage Company

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SCHULTE PROPERTIES LLC,<br><br>Debtor. | Bankruptcy Case No. 18-12734-mkn<br>Chapter 11<br><br>**CERTIFICATE OF SERVICE** |

    I, <u>Lauren Timby</u> declare that:

    I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

    On October 27, 2021, I caused the **Supplemental Declaration of Greg Campbell in Support of Fifth Third Mortgage Company's Motion For Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 863]** to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

/./././
/./././

/./././

| | |
|---|---|
| Schulte Properties LLC<br>9811 W. Charleston Blvd Ste 2-351<br>Las Vegas, NV 89117 | Matthew L. Johnson<br>Johnson & Gubler, P.C.<br>8831 West Sahara Avenue<br>Las Vegas, NV 89117<br>annabelle@mjohnsonlaw.com |

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov

/s/ Lauren Timby