Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 471-0065
Fax: (702) 471-0075
email: mjohnson@mjohnsonlaw.com
*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>SCHULTE PROPERTIES LLC,<br><br>        Debtor. | Case No. 18-12734-MKN<br>Chapter 11<br><br>**DECLARATION OF MATTHEW L. JOHNSON REGARDING SHELLPOINT MORTGAGE SERVICING'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 862], AND FIFTH THIRD BANK'S MOTION [DKT NO. 863]** |

STATE OF NEVADA    )
                                ) ss:
COUNTY OF CLARK    )

I, MATTHEW L. JOHNSON, declare under penalty of perjury as follows:

1. I am over the age of 18, am mentally competent, and have personal knowledge of the facts in this matter. I am counsel for the Debtor. I make this Declaration in support of the *Debtor's Subpoena to Shellpoint Mortgage Servicing* ("Shellpoint") and in opposition to *Shellpoint Mortgage Servicing* ("Shellpoint") *Motion For Protective Order, Supplemental Declaration Of Greg Campbell Servicing In Support Of Shellpoint Mortgage Servicing's Motion For Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 862],* and *Supplemental Declaration of Shellpoint Mortgage Servicing In Support Of Shellpoint Mortgage Servicing's Motion For*

1

*Protective Order Or, In The Alternative, Motion For Modification Of Subpoena [Dkt No. 862].* This declaration also relates to the Motion regarding Fifth Third Bank [Docket 863].

2. To the best of my knowledge and belief, Fifth Third Bank services the Debtor's Property located at 5218 Misty Morning Drive. Shellpoint services or has serviced during this case at least eight (8) of the Debtor's properties, including Discovery Creek, Cloverdale, Echo Falls, Empire Mine, Sweet Leilani, Golden Hawk, Ostrich Fern, and Ridgetree. Shellpoint previously serviced San Ardo and Peaceful Canyon.

3. To the best of my knowledge and belief, the Debtor has requested documents from Fifth Third and from Shellpoint or its predecessor servicing companies relating to these properties on at least two to three occasions. As to First Fifth and the Misty Morning property, Debtor's special counsel, Karen Kellett, requested a Rule 2004 examination on March 25, 2019 [Docket 241]. As to Shellpoint, Ms. Kellet requested documents by letters and/or Rule 2004 examinations, and the Debtor requested them for settlement conferences, and again by way of the subpoenas at issue in this declaration.

4. On November 29, 2018, the Debtor filed an Application to employ special litigation counsel, Karen Kellett [Docket 135]. After this Court approved the employment of Ms. Kellett, Ms. Kellett requested documents from each creditor first by letter, and where no response was received, Ms. Kellett set Rule 2004 examinations regarding each property.

5. With respect to Shellpoint, on or about March 25, 2019, Ms. Kellett requested Rule 2004 examinations regarding 3383 Cloverdale Court – [Docket 238] (Bayview Loan Servicing), which is currently serviced by Shellpoint. On or about July 13, 2020, Shellpoint provided some, but not most, of the monthly mortgage statements for the Cloverdale Court Property. Some of the statements were duplicates. Some made little sense, as there would be several different statements in the same month, containing different numbers, making it impossible for the Debtor to reasonably understand what the statements were saying. The July 13, 2020 production provided by Shellpoint

2

consisted of 75 pages of monthly mortgage statements (with a few additional documents). Most of these documents were monthly mortgage statements from Bayview Loan Servicing, the prior loan servicer. These statements included monthly mortgage statements regarding the Cloverdale property with the following dates:

5/16/2019

6/16/2019

7/16/2019

7/23/2019 x 2

8/14/2019 x2

8/15/2019 x2

8/16/2019

9/13/2019 x2

9/16/2019

10/3/2019 x3

10/14/2019 x2

10/16/2019

11/18/2019 x2

11/29/2019 x2

12/16/2019 x2

12/18/2019 x2

1/16/2020 x2

No other statements were received from Shellpoint regarding the Cloverdale Property at that time.

6. Ms. Kellett also submitted 2004 examination applications for 1392 Echo Falls [Docket 231], 2614 Sweet Leilani [Docket 236], 103 Golden Hawk [Docket 426], 956 Ostrich Fern [Docket 229], and 5709 Ridgetree [Docket 244], which are all properties serviced by Shellpoint.

3

7. The Debtor received productions in June and in July of 2020. In those productions, the Debtor received some documents from Shellpoint regarding the Ostrich Fern property, Sweet Lelaini, and the Empire Mine Property, in addition to documents regarding Cloverdale noted above. These productions were similar to Cloverdale, in that there were duplicates, and many missing statements. For example, on Empire Mine, there were 71 pages consisting primarily of monthly mortgage statements from Bayview from May 16, 2019 through January 2020, again with many duplicates and statements on different days in the same month. On Ostrich Fern there were statements from 2011 through 2013 from Ocwen. On Sweet Lelaini there were 204 pages that consisted primarily of monthly mortgage statements from Bayview from September 10, 2015 but most of the production consisted of bankruptcy filings from the 2017 Schulte Properties case that the Debtor had previously dismissed. As with the Cloverdale Statements, there were multiple duplicates and statements with different dates in the same month.

8. On or about May 28, 2021, the Debtor issued a *Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding)* ("Subpoena") to Shellpoint, requesting that Shellpoint produce certain documents related to the Debtor. The Debtor also issued a similar subpoena to Fifth Third Bank regarding the Misty Morning property.

9. On July 28, 2021, I sent counsel for Shellpoint and Fifth Third an email regarding documents that were still lacking.

10. I was informed by Shellpoint's counsel, Mr. Jimenez and/or Mr. Campbell, that Shellpoint had already provided the documents that the Debtor was requesting, and that these documents had been provided to Karen Kellet, Debtor's former special litigation counsel.

11. Over several weeks I carefully reviewed all of the documents provided to Karen Kellet relating to both the properties serviced by Shellpoint and the property served by Fifth Third Bank (5218 Misty Morning).

4

12. On September 22, 2021, I sent an email to Shellpoint and Fifth Third's counsel, Greg P. Campbell and Eddie R. Jiminez, detailing the documents that I was still missing.

13. On or about September 22, 2021, I received additional documents pertaining to Ostrich Fern, Golden Hawk, Echo Falls, and Ridgetree. These documents were received from Attorney Shad Wade, and not from Mr. Jimenez or Mr. Campbell.

14. On or about October 19-21, 2021, I received additional documents from Shellpoint. They were sent by the law firm of Aldridge Pite, from the email of Lauren Timby. These included documents related to Cloverdale Court, Discovery Creek, Echo Falls, Sweet Lelani, Ostrich Fern, Empire Mine, and Golden Hawk.

15. I have gone through each of these documents. The documents pertaining to Cloverdale Court contains statements dated:

5/16/2019

6/16/2019 x2

7/23/2019

8/15/2019

8/14/2019

8/16/2019

9/13/2019

9/16/2019

10/3/2019 x2

10/14/2019

10/16/2019 x 2

11/19/2019

11/29/2019

12/16/2019

12/18/2019

1/16/2020 x2

5

Again, these are the same statements that Shellpoint sent in July 2020. All other statements from 2011 (the last confirmation order) forward are missing. Further, there is no explanation as to why there are statements on different dates in the same month. For example, in October 2019, there are statements dated October 3, 2019 (two of them), October 14, 2019, and October 16, 2019. There is no explanation as to why there are three separate statements on different dates in October of 2019.

16. In Discovery Creek, there were statements from Ditech dated:

10/9/2019 x3

11/11/2019 x3

There are no other statements. In these two statements that Shellpoint produced three times each, Ditech is charging escrow, when it should not be, and is holding funds in suspense rather than applying payments that the Debtor is making, to principal and interest. The other statements are missing.

17. In Echo Falls Shellpoint has produced statements as follows:

7/2009

7/2011

**Missing 8/2011**

9/2011

10/2011

11/2011

12/2011(x2)

**Missing 1/2012**

2/2012

3/2012

4/2012 (x2)

5/2012

6/2012

|   |   |   |
|---|---|---|
| 1 |   | 7/2012 |
| 2 |   | 8/2012 |
| 3 |   | 9/2012 |
| 4 |   | 10/2012 |
| 5 |   | 11/2012 |
| 6 |   | **Missing 11/2012** |
| 7 |   | 1/2013 |
| 8 |   | 2/2013 |
| 9 |   | 3/2013 |
| 10 |   | 4/2013 |
| 11 |   | 5/2013 |
| 12 |   | 6/2013 |
| 13 |   | 7/2013 |
| 14 |   | 8/2013 |
| 15 |   | No other statements were produced on this date. |
| 16 | 18. | As to Empire Mine, on October 21, 2021, Shellpoint sent the following statements: |
| 17 |   | 5/2019 |
| 18 |   | 6/2019 (x2) |
| 19 |   | 7/2019 (x2) |
| 20 |   | 8/2019 (x3) |
| 21 |   | 9/2019 (x3) |
| 22 |   | 10/2019 (x2) |
| 23 |   | 11/2019 (x2) |
| 24 |   | 12/2019 (x2) |
| 25 |   | 1/2020 |

Each of these are from Bayview. There were no other statements from this production. These statements also contain unapplied funds where those funds should be applied toward principal and interest as the Debtor makes payments towards this loan.

19. As to Ostrich Fern, statements were produced from 2009, 2011, 2012, and 2013. Many are duplicates, and many are not complete. Most of these statements come from Ocwen. Interestingly, although the statements are for Ostrich Fern, they were apparently being sent to Echo Falls, which, on information and belief, was always an investment property and not the residence or office address of Melani Schulte.

20. As to Sweet Lelani, Shellpoint produced various statements from Bayview from 2015 through 2019. Again, these statements are not complete, are duplicates, and do not contain statements from 2011 (the time of the prior confirmation order) to the present. Escrow was being charged when it should not have been. There are also unapplied funds. Further, there are no documents regarding the non-judicial foreclosure that the lender attempted just prior to the Debtor filing this case, and the Debtor, on information and belief, paid over $20,000.00 to stop this foreclosure just prior to the bankruptcy filing. There are no records regarding how these funds were allocated or applied.

21. As to Golden Hawk, Shellpoint has produced Ditech statements as follows:

3/2016
4/2016
5/2016
6/2016
7/2016
8/2016
9/2016
10/2016
11/2016
12/2016 (x2)

1/2017 (x2)

2/2017 (x2)

3/2017 (x2)

4/2017 (x2)

5/2017 (x2)

In addition, Shellpoint provided the Citibank statements from 2007 through 2016. Further, Interest was being charged at a higher rate than the confirmation order, though these issues have been previously addressed. Citi had previously provided these documents and the Debtor is not seeking additional mortgage statements from Shellpoint regarding the time frame when Citi held this loan. The Debtor does request that Shellpoint provide a life of the loan history, and not a partial loan history, regarding this loan.

22. Except as otherwise set forth above, to the best of my knowledge and after carefully reviewing the files produced by Shellpoint, I have not received other statements regarding the properties serviced by Shellpoint.

23. I have not received any of the requested documents for property located at 5609 San Ardo Pl., Las Vegas, Nevada 8913, which would include the Loan Documents or Pre-Petition Payment Histories for Subject Loans, requested via Subpoena Items 3 and 4.

24. I have not received any of the requested documents for property located at 8216 Peaceful Canyon Dr., Las Vegas, Nevada 89128, which would include the Loan Documents or Pre-Petition Payment Histories for Subject Loans, requested via Subpoena Items 3 and 4.

25. Except as set forth above, for the property at 1701 Empire Mine Dr. Henderson, NV 89014, I have not received the mortgage and escrow statements including records indicating account balance, and status since the Loans commencement with Shellpoint Mortgage Servicing referenced in Subpoena Items 3, 4, and 5 for January, February, March, or April of 2019.

26. Except as set forth above, for the property at 956 Ostrich Fern Ct, Las Vegas, NV 89183, I have not received the mortgage and escrow statements including records indicating account balance, and status since the Loans commencement with Shellpoint or its predecessor referenced in Subpoena Items 3, 4, and 5 for January through June, or August through December of 2009. I have not received said documents for any or all months of 2010. I have not received said documents for January through June, or August through December of 2011. I have not received said documents for September of 2012. I have not received said documents for June of 2013. I have not received said documents for any and all months in the years, 2014, 2015, or 2016. I have not received said documents for January through April, or June through December of 2017.

27. Except as set forth above, for the property at 2614 Sweet Leilani Ave., North Las Vegas, NV 89031 I have not received the mortgage and escrow statements including records indicating account balance, and status since the Loans commencement with Shellpoint Mortgage Servicing referenced in Subpoena Items 3, 4, and 5 for September through December of 2015. I have not received said documents for any or all months of 2016. I have not received said documents for February, March, or August through December of 2017. I have not received said documents for January of 2018. I have not received aid documents for any or all months of 2019. I have not received said documents for February through December of 2020.

28. Except as set forth above, for the property at 1392 Echo Falls Ave, Las Vegas, NV 89183, I have not received the mortgage and escrow statements including records indicating account balance, and status since the Loans commencement with Shellpoint Mortgage Servicing referenced in Subpoena Items 3, 4, and 5 for January through August of 2011. I have not received said documents for January or December of 2012. I have not received said documents for March, July, or September through December of 2013.

29. Except as set forth above, for the property 3729 Discovery Creek Ave, North Las Vegas, NV 89031, I have not received the mortgage and escrow statements including records indicating account balance, and status since the Loans commencement with Shellpoint Mortgage Servicing referenced in Subpoena Items 3, 4, and 5 for January through September, or December of 2019.

30. Except as set forth above, I have not received any of the requested documents referenced in Subpoena Item 6, which would include the internal communications such a memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone recordings, and correspondences from the Debtor.

31. Except as set forth above, I have not received any of the requested documents referenced in Subpoena Item 7, which would include any and all communications and/or documents sent to the Debtor at the commencement of Shellpoint Mortgage Servicing the Loan including the address where the documents were sent.

32. Except as set forth above, I have not received the requested documents referenced in Subpoena Item 8, which would include any and all contracts and/or agreements between Shellpoint and the Debtor (though I do have notes and trust deeds).

33. Except as set forth above, have not received any of the requested documents referenced in Subpoena Item 9, which would include all documents evidencing any changes, fees, advances for taxes and insurance, or any amount applied for the Loan.

34. Except as set forth above, I have not received any of the requested documents referenced in Subpoena Item 10, which would include any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage relating to the Loan.

35. Except as set forth above, I have not received any of the requested documents referenced in Subpoena Item 11, which would include any and all documents that identify the owner of the mortgage Loan as well as documents governing the

relationship between Shellpoint Mortgage Servicing and the owner of the mortgage Loan.

36. Except as set forth above, I have not received any of the requested documents referenced in Subpoena Item 12, which would include any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan

37. Except as set forth above, I have not received any of the requested documents referenced I Subpoena Item 13, which would include any and all Form 1098, Mortgage Interest Statement, for the above loan.

38. Except as set forth above, I am not requesting documents that have already been produced in this matter.

39. I am respectfully requesting that the Court enter an Order requiring Shellpoint, and as set forth in the declaration of Melani Schulte, Fifth Third, to produce the statements that have not been provided, to produce the accounting, the life of the loan history for each loan, and that both Shellpoint and Fifth Third provide a sworn statement that they have provided all of the documents requested. As to Fifth Third, these include all monthly mortgage statements and documents from 2010 through 2014.

DATED: November 3, 2021

/s/ Matthew L. Johnson
MATTHEW L. JOHNSON