Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 471-0065
Fax: (702) 471-0075
email: mjohnson@mjohnsonlaw.com
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In Re: | Case No. 18-12734-MKN |
|---|---|
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | **DECLARATION OF MELANI SCHULTE IN RESPONSE TO SUPPLEMENTAL DECLARATION OF GREG CAMPBELL IN SUPPORT OF FIFTH THIRD BANK MORTGAGE LOAN SERVICING MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 862] SUPPLEMENTAL DECLARATION OF FIFTH THIRD BANK IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF SUBPOENA [DKT NO. 863]** |

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

I, MELANI SCHULTE, declare under penalty of perjury as follows:

1. I am over the age of 18, am mentally competent, and have personal knowledge of the facts in this matter.

1

2.  I am the sole managing member for the Debtor, Schulte Properties, LLC's ("Debtor") in the above-captioned action.

3.  I make this Declaration in support of the *Debtor's Subpoena to Fifth Third Bank Mortgage Loan Servicing* ("Fifth Third Bank") and in opposition to *Fifth Third Bank Mortgage Loan Servicing* ("Fifth Third Bank") *Motion For Protective Order.*

4.  On or about May 28, 2021, the Debtor issued a *Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding)* ("Subpoena") to Fifth Third Bank, requesting that Fifth Third Bank produce certain documents related to the Debtor. A true and correct copy of the Subpoena is attached as *"Exhibit 1"*.

5.  In *"Exhibit A"* of said Subpoena, which was filed and served on May 28, 2021, to Fifth Third, the Debtor requested that Fifth Third provide the documents stated in Subpoena Items 1-13 (see *"Exhibit A"*).

6.  Regarding the Mortgage Statements, requested via Subpoena Item 5, I am missing all Mortgage Statements from January of 2010 through December of 2014. I have all statements for 2015. I have January through May of 2016, as well as December 2016. I am missing June through November of 2016. I have January through June of 2017. I am missing July through December of 2017. I do not have any statements for 2018. I am missing January through December of 2018. I do not have any statements for 2019. I am missing January through December of 2019. I do not have any statements for 2020. I am missing January through December of 2020. I do have some statements for 2021 that I received via U.S. Postal Services, but were not received through the Debtor's Discovery Requests.

7.  Regarding the Notes/Deeds of Trust, requested via Subpoena Items 1-2, 8, I have a Promissory Note, Deed of Trust, and an Assignment of Deed of Trust. I also have a Family Rider, and an Assignment of Deed of Trust to Federal Home Loan Mortgage Corporation. Assuming there are no other documents related to paragraph 1 and 2 of the

Case 18-12734-mkn    Doc 915    Entered 11/03/21 20:37:16    Page 3 of 8

Subpoena, which requests, "1. Note, promissory note, endorsements, allonges, riders, attachments and/or amendments.", then I appear to have these items.

8. Regarding the Statement of Accounts, Accountings/Etc. requested via Subpoena Items 3, 4, 6, and 7, I have an "Annual Escrow Disclosure" dated May 26, 2015. I am missing any other "Annual Escrow Disclosures" Fifth Third may have prepared from 2009 to current date. I have Inspection Reports from Safeguard for 2016-2020. I do not have any others if any others were produced. I have a Loan History Statement consisting of 36 pages, Bates Nos. 126-161. There are no other Loan Histories. There is a Loan History Payoff dated May 26, 2020, which is Bates Nos. 0228-0229. There are no other Loan Histories. I am requesting the full Loan History from the start of the loan.

9. Regarding any Other Documents requested by Subpoena Items 9, 10, 11, 12, and 13, I do not have any other documents than those previously listed above.

10. I have received certain copied versions of the documents referenced in Subpoena Items 1-13 that have been produced by Fifth Third Bank Mortgage Loan Servicing.

11. I am not requesting documents that have already been duplicated and produced in this matter.

12. I am only requesting documents that have already been requested numerous times, still not produced, and/or that are not complete.

DATED: November 3, 2021

_____
MELANI SCHULTE

3

# "Exhibit 1"

# "Exhibit 1"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ NEVADA _____

In re SCHULTE PROPERTIES LLC
              Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __18-12734-mkn__

Chapter __11__

_____
              Plaintiff
              v.

Adv. Proc. No. _____

_____
              Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Fifth Third Bank Mortgage Loan Servicing**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| PLACE | DATE AND TIME |
|---|---|
| 8831 W. Sahara Ave., Las Vegas, Nevada 89117 | May 31, 2021     10:00 A.M. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           CLERK OF COURT

                                        OR

_____        **/s/ Matthew L. Johnson**
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Fifth Third Bank Mortgage Loan Se**, who issues or requests this subpoena, are:
Johnson & Gubler, P.C., 8831 W. Sahara Ave., Las Vegas, Nevada 89117, mjohnson@mjohnsonlaw.com, (702)471-0065

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **EXHIBIT A**

5218 Misty Morning Drive, Las Vegas, Nevada
Loan # 201746682

Please produce the following documents for the above-referenced mortgage loan ("Loan") since the commencement of its servicing with Fifth Third Bank Mortgage Loan Servicing :

1. Note, promissory note, endorsements, allonges, riders, attachments, amendments and/or modifications.
2. The deed of trust or mortgage, with any and all endorsements, allonges, riders, attachments and/or amendments.
3. Statement of account, accounting, and/or documents that concern, refer, relate to, or describe all payments, credits, debits, interest charges, late fees, attorney fees, advances for taxes and insurance, any other fees or charges placed on the account, and credits applied to the mortgage Loan account.
4. Collection notes, full payment histories, including any and all payment history commentary, account summaries, call logs, notices, and correspondences of any kind.
5. Mortgage and escrow statements, including records indicating account balance, and status since the Loans commencement with Fifth Third Bank Mortgage Loan Servicing .
6. Internal communications such a memoranda, handwritten notes, etc. as well as all electronically-stored information such as e-mails, telephone recordings, and correspondences from the Debtor.
7. Any and all communications and/or documents sent to the Debtor at the commencement of Fifth Third Bank Mortgage Loan servicing the Loan including the address where the documents were sent.
8. Any and all contracts and/or agreements between you and the Debtor.
9. All documents evidencing any changes, fees, advances for taxes and insurance, or any amount applied for the Loan.
10. Any and all documents evidencing any transfer or assignment of the note, deed of trust and/or mortgage relating to the Loan.
11. Any and all documents that identify the owner of the mortgage Loan as well as documents governing the relationship between Fifth Third Bank Mortgage Loan Servicing and the owner of the mortgage Loan.
12. Any and all documents and electronically stored information related to or documenting the transactions through which you acquired the portfolio of the servicing rights that included the servicing right of the Loan.
13. Any and all Form 1098, Mortgage Interest Statement, for the above loan.