Regina A. Habermas, Esq.
Nevada Bar No. 8481
GHIDOTTI | BERGER LLP
7251 West Lake Mead Blvd, Ste 470
Las Vegas, NV 89128
Tel: (949) 427-2010
Fax: (949) 427-2732
ghabermas@ghidottiberger.com
Attorneys for Secured Creditors,
U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust,
U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust, and
U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| In Re:<br><br>SCHULTE PROPERTIES LLC<br><br>       Debtor. | Case No.: 18-12734-mkn<br><br>Chapter 11<br><br>**MOTION TO DISMISS OR, IN THE ALTERNATIVE, CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)**<br><br>**Hearing Date: January 19, 2022**<br>**Hearing Time: 9:30 a.m.** |

Secured Creditors, U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust, U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust, and U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust (collectively, "Secured Creditors"), by and through undersigned counsel, hereby move this Court for an Order dismissing or converting the above-captioned action pursuant to 11 U.S.C. § 1112(b).

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is based upon the following Memorandum of Point and Authorities, the papers on file herein, and any oral argument permitted by the Court.

DATED:  December 17, 2021          GHIDOTTI | BERGER LLP

By:   */s/Regina A. Habermas, Esq.*
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7251 West Lake Mead Blvd, Ste 470
Las Vegas, NV 89128
ghabermas@ghidottiberger.com
Attorneys for Secured Creditors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

11 U.S.C. §§ 101, *et al.* (the "Bankruptcy Code") imposes certain obligations upon every Chapter 11 debtor in order to facilitate the reorganization of the debtor's debts and ensure transparency and fairness for all parties affected by the debtor's filing of a bankruptcy petition.  The above-captioned action has been pending for more than three and one-half years, but Debtor Schulte Properties LLC ("Debtor") has not yet confirmed a plan of reorganization.  During that time, Debtor has enjoyed the protections of the Bankruptcy Code without seeming to have made much progress in this case.  Yet, at the same time, Debtor has failed to comply with its reporting obligations under the Bankruptcy Code as well as at least one order entered by this Court.  Those obligations are neither onerous nor costly despite the fact that they are critical to a successful reorganization.  Debtor's lack of compliance with its obligations demonstrates that cause exists for the Court to dismiss or convert the case to one under Chapter 7 of the Bankruptcy Code.

### II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

#### A.    Secured Creditors' Claims

Secured Creditors hold a total of eight claims secured by real property of the estate. Secured Creditor U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust holds one claim, which is secured by the real property commonly known as 2525 Via Di Autostrada, Henderson, NV 89074 (the "Autostrada Claim").  *See* Claim 12-1 and Doc. 562.

Claim No. 12, filed on September 11, 2018, evidences a total claim of $115,684.23, with pre-petition arrears of $39,569.42.  *Id*.

Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust holds five claims secured by property of the estate:

1.      Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust a claim secured by the real property commonly known as 8216 Peaceful Canyon Drive, Las Vegas, NV 89134 (the "Peaceful Canyon Claim").  *See* Claim 7-1 and Doc. 564.  Proof of Claim No. 7, filed on September 5, 2018, evidences a total claim of $123,097.07, with pre-petition arrears of $47,415.01.  *Id*.

2.      Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust holds a claim secured by the real property commonly known as 5609 San Ardo Place, Las Vegas, NV 89130 (the "San Ardo Claim").  *See* Claim 8-1 and Doc. 560.  Claim No. 8, filed on September 5, 2018, evidences a total claim of $130,120.69, with pre-petition arrears of $42,701.16.  *Id*.

3.      Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust holds a claim secured by the real property commonly known as 4521 W. La Madre Way, North Las Vegas, NV 89031 (the "La Madre Claim").  *See* Claim 19-1 and Doc. 556.  Claim No. 19, filed on September 12, 2018, evidences a total claim of $102,741.94, with pre-petition arrears of $36,769.08.  *Id*.

4.      Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust holds a claim secured by the real property commonly known as 1624 Desert Canyon Court, Las Vegas, NV 89128 (the "Desert Canyon Claim").  *See* Claim 20-1 and Doc. 554.  Claim No. 19, filed on September 12, 2018, evidences a total claim of $131,722.27, with pre-petition arrears of $45,399.04.  *Id*.

5.      Secured Creditor U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust holds a claim secured by the real property commonly known as 1194 Stormy Valley Road, Las Vegas, NV 89123 (the "Stormy Valley Claim").  *See* Claim 27-1, Doc. 29 and Doc. 558.  Claim No. 20, filed on September 12, 2018, evidences a total claim of

1   $142,377.26, with pre-petition arrears of $46,745.90.  *Id.*

2   Secured Creditor U.S. Bank Trust National Association as Trustee of the Bungalow

3   Series IV Trust holds two claims secured by property of the estate:

4   1.    Secured Creditor U.S. Bank Trust National Association as Trustee of the

5   Bungalow Series IV Trust the real property commonly known as 3322 Cheltenham Street, Las

6   Vegas, NV 89129 (the "Cheltenham Claim").  *See* Claim 28-1 and Doc. 917.  Claim No. 28,

7   filed on September 12, 2018, evidences a total claim of $120,027.77, with pre-petition arrears

8   of $31,124.02.  *Id.*

9   2.    Secured Creditor U.S. Bank Trust National Association as Trustee of the

10  Bungalow Series IV Trust holds a claim secured by the real property commonly known as

11  8562 Lambert Drive, Las Vegas, NV 89147 (the "Lambert Claim").  *See* Claim No. 29-2 and

12  Doc. 916.

13  **B.    Procedural History**

14  On May 10, 2018, Debtor filed the Voluntary Petition that initiated the above-

15  captioned Chapter 11 bankruptcy action (Doc. 1).  However, Debtor failed to file schedules

16  and various other required documents at that time (Doc. 8).  On May 24, 2018, the deadline to

17  do so, Debtor filed schedules and other disclosures (Doc. 23, Doc. 25, Doc. 26).  On July 6,

18  2018, Debtor filed a Monthly Operating Report for the period ending May 31, 2018 and on

19  July 18, 2018, Debtor filed a Monthly Operating Report for the period ending June 30, 2018

20  (Doc. 50, Doc. 56).  Debtor subsequently filed Monthly Operating Reports on a regular basis

21  through the period ending August 31, 2020.[1]

22  On November 1, 2018, the Court entered an Order (Doc. 114) Granting Debtor's

23  Motion to Assume Leases (Doc. 84).  On November 29, 2018, Debtor filed its Motion

24

25  _____

26  [1]  *See* Docs. 65 (July 2018), 88 (August 2018), 106 (September 2018), 129 (October 2018),
146 (November 2018), 163 (December 2018), 191 (January 2019), 213 (February 2019), 371
(March 2019), 500 (April 2019), 532 (May 2019), 543 (June 2019), 552 (July 2019), 585

27  (August 2019), 588 (September 2019), 606 (October 2019), 621 (November 2019), 622
(December 2019), 623 (January 2020), 647 (February 2020), 687 (March 2020), 695 (April

28  2020), 705 (May 2020), 714 (June 2020), 728 (July 2020), 742 (August 2020).

1   Seeking an Order Authorizing the Debtor to Obtain Post-Petition Financing (Doc. 138, the

2   "Motion for Financing," a true and correct copy of which is attached hereto as **Exhibit "A"**

3   for the Court's convenience.  In its Motion for Financing, Debtor disclosed it had already

4   obtained five post-petition loans from Melani Schulte, which totaled $33,220.00.  *Id.*  Debtor

5   then requested the Court approve those loans *nunc pro tunc* and authorize Debtor to obtain

6   additional post-petition financing pending confirmation of a plan of reorganization.  *Id.*  On

7   January 4, 2019, the Court entered an Order (Doc. 154) Granting Debtor's Application to

8   Employ Special Counsel (Doc. 135).  On February 14, 2019, the Court entered an Order

9   Granting in Part and Denying in Part Debtor's Motion for Financing (Doc. 190, the "Order

10   Authorizing Post-Petition Financing," a true and correct copy of which is attached hereto as

11   **Exhibit "B"** for the Court's convenience).  In that Order, the Court authorized Debtor to

12   borrow up to $10,000.00 per month from Melani Schulte until an order confirming a plan is

13   entered.  *Id.*  The Court also authorized Debtor to obtain a "one time loan" of $20,000.00 to

14   pay the retainer of the recently approved special litigation counsel.  *Id.*

15       On February 21, 2019, Citimortgage, Inc. filed a Motion to Dismiss Case for Cause

16   under 11 U.S.C. § 1112, or, in the Alternative, Motion to Convert Case to Chapter 7 (Doc.

17   194, "Citimortgage's Motion to Dismiss or Convert").  On February 27, 2019, Debtor filed its

18   Chapter 11 Plan of Reorganization #1 (Doc. 201, "Plan No. 1") and Disclosure Statement

19   (Doc. 202).  The Court set a hearing on the Disclosure Statement for April 17, 2019 (Doc.

20   207).  During March 2019, Debtor filed numerous Motions for 2004 Examinations concerning

21   various real properties of the estate (Docs. 216-249), which the Court granted (Docs. 250-

22   282).  During March and April 2019, several creditors objected to Plan No. 1 and the

23   Disclosure Statement.  *See, e.g.*, Docs. 283-287, Docs. 292-300.

24       On April 11, 2019, Debtor filed Amended Chapter 11 Plan Number 2 (Doc. 350, "Plan

25   No. 2") and an Amended Disclosure Statement (Doc. 351).  The Court set a hearing on the

26   Amended Disclosure Statement for May 29, 2019 (Doc. 357).  On May 1, 2019, the Court

27   entered an Order Denying Citimortgage's Motion to Dismiss or Convert (Doc. 440).  During

28   May 2019, several creditors objected to Plan No. 2 and the Amended Disclosure Statement.

1    *See, e.g.*, Docs. 455-469, Docs. 472-476, Docs. 479-487).

2    During the May 29, 2019 hearing on the Amended Disclosure Statement, the Court

3    approved the Amended Disclosure Statement and set a Status Check for December 4, 2019

4    (Doc. 513).  On June 6, 2019, the Court entered an Order Approving Disclosure Statement

5    and Setting Hearing on Confirmation (Doc. 530), in which the Court stated that a date for the

6    confirmation hearing would be determined during the December 4, 2019 Status Check.

7    During November 2019, additional objections to confirmation of Plan No. 2 were filed.  *See,*

8    *e.g.*, Docs. 597-602.  On December 4, 2019, the Court continued the Status Check on the

9    Amended Disclosure Statement to March 11, 2020 (Doc. 614).  The Court continued the

10   Status Check twice more and, on July 23, 2020, the Court entered an Order Scheduling

11   Settlement and Status Conferences (Doc. 706), in which the Court set a Settlement

12   Conference for September 18, 2020 and a further Status Check for September 30, 2020.  The

13   Settlement Conference and related Status Check were continued a number of times and,

14   ultimately, the Court set a Status Check for July 28, 2021.  *See* Docs. 734, 743, 756, 782, 783,

15   784, 790, 803, 830, 835, 840.  Although a number of settlement conferences were conducted,

16   Secured Creditors are not aware of any that were successful.

17   On April 28, 2021, the Court entered an Order (Doc. 853) granting Debtor's Motion to

18   Employ Special Litigation Counsel (Doc. 843).  On July 21, 2021, Debtor filed a Status

19   Report in which Debtor stated that some settlements had been reached with creditors, but

20   Debtor planned to file claims objections "in the next few months" (Doc. 879, a true and

21   correct copy of which is attached hereto as **Exhibit "C"** for the Court's convenience).  Debtor

22   also stated that an amended plan and disclosure statement would be filed "once the claims

23   objections have been filed."  *Id*.  During the July 28, 2021 Status Check, the Court set a

24   further Status Hearing for January 19, 2022 (Doc. 884).  As of the filing of this Motion,

25   Debtor has not filed any objections to claims or an amended plan and disclosure statement.

26                                      **III.    ARGUMENT**

27   Cause exists for the Court to dismiss or convert this Chapter 11 case due to Debtor's

28   failure to comply with the Bankruptcy Code's obligations intended to ensure an efficient

reorganization of debts where possible.  Such cause is evidenced by Debtor's failure to comply with the Order Authorizing Post-Petition Financing as well as Debtor's failure to make required reports regarding its financial condition.  The Bankruptcy Code recognizes the importance of these obligations and expressly provides for the dismissal or conversion of a case where a debtor fails to comply with them.  This is such a case and the Court should enter an order of dismissal or conversion.

### A.  Legal Standard

11 U.S.C. § 1112(b)(1) states, in pertinent part,

> …on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

As such, upon a motion filed by an interested party, this Court must first determine whether cause exists to dismiss or convert the case and then determine whether conversion or dismissal, or the appointment of a trustee, is in the "best interest of creditors and the estate." *Id.  See also In re Marciano*, 459 BR 27, 48 (9th Cir. BAP 2011) (citation omitted).  11 U.S.C. § 1112(b)(4) provides a non-exhaustive list of circumstances that amount to "cause" for dismissal or conversion pursuant to Section 1112(b)(1).  Once the movant has established that cause exists to dismiss or convert a case under 11 U.S.C. § 1112(b)(1), the burden shifts to the debtor to demonstrate the existence of "unusual circumstances," which establish that dismissal or conversion is not in the best interests of the creditors and the estate and that the debtor meets the other requirements of 11 U.S.C. § 1112(b)(2).  *Andover Covered Bridge, LLC v. Harrington*, 553 B.R. 162, 171-72 (citations omitted).

### B.  Secured Creditors Are Parties in Interest

Pursuant to 11 U.S.C. § 1190(b), Secured Creditors are parties in interest entitled to appear and be heard in this case.  As detailed above, Secured Creditors are creditors of the estate because they each hold at least one claim secured by property of the estate.

///

### C.  Cause Exists to Dismiss or Convert the Case

Cause exists to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(E) and (F) due to Debtor's failure to comply with a Court order and failure to file required reports in a timely manner.  First, cause exists pursuant to 11 U.S.C. § 1112(b)(4)(E) because Debtor has failed to comply with the Court's Order Authorizing Post-Petition Financing (Doc. 190) entered on February 14, 2019.  When Debtor requested authorization to obtain post-petition financing in November 2018, Debtor disclosed five loans totaling $33,220.00, which it had obtained from Melani Schulte between July 2018 and November 2018 (Doc. 138).  Debtor requested the Court approve those loans retroactively.  In the Order Authorizing Post-Petition Financing, the Court disallowed the five unauthorized loans, but authorized Debtor to borrow funds from Melani Schulte starting on January 23, 2019 (Doc. 190).  The Court authorized loans of "amounts up to $10,000.00 per month until such time that an order confirming a plan of reorganization is entered in this case."  *Id*.  The Court also authorized a "one time loan" of $20,000.00 to be used to pay the retainer of Debtor's special litigation counsel.  *Id*.

Debtor has violated the terms of the Order Authorizing Post-Petition Financing by obtaining loans totaling more than $10,000.00 during at least two different months.[2]  Debtor may have obtained additional loans in excess of the limit; however, as detailed below, Debtor has failed and refused to file Monthly Operating Reports for the past year and any such loans cannot be identified at this time.  The available evidence demonstrates that, during October 2019, Debtor borrowed $70,029.00 for "legal fees" paid during October and November 2019.  *See* Monthly Operating Report for period ending November 2019 (Doc. 606), a true and correct copy of which is attached hereto as **Exhibit "D"** for the Court's convenience.  Similarly, during January 2020, Debtor borrowed $15,500.00.  *See* Monthly Operating Report for period ending January 2020 (Doc. 623), a true and correct copy of which is attached as **Exhibit "E"** for the Court's convenience.

---

[2] Debtor obtained a $27,000.00 loan from Melani Schulte in February 2019; however, that amount appears to have consisted of the authorized $20,000.00 retainer for special litigation

1    In addition, Debtor's Monthly Operating Reports have not been amended to reflect the

2  Court's ruling that any loans made before January 23, 2019 were disallowed.  Three of the

3  disallowed loans, which totaled $17,500.00, were identified in the Monthly Operating Reports

4  for the periods ending September 2018, October 2018, and November 2018 (Docs. 106, 129,

5  146).  Yet, those reports have not been amended and those loans appear to still be included in

6  the cumulative total of post-petition loans obtained by Debtor.[3]

7    Debtor failed to obtain authorization for post-petition financing until after it had

8  already borrowed $33,220.00 and does not appear to have taken appropriate action to address

9  those loans following the Court's decision to disallow them.  More important, Debtor has

10  violated the restrictions the Court placed on post-petition financing on at least two occasions.

11  Debtor's violation of an order entered by this Court is cause to dismiss or convert the case.

12    Second, cause exists to dismiss or convert this case pursuant to 11 U.S.C. §

13  1112(b)(4)(F) due to Debtor's failure to comply with the reporting requirements established

14  for Chapter 11 debtors.  As a debtor in possession, Debtor is required to perform the duties

15  enumerated in 11 U.S.C. § 1106, including certain duties incorporated from 11 U.S.C. §

16  704(a).  As relevant here, Debtor is required to file "periodic reports and summaries of the

17  operation of [its] business, including a statement of receipts and disbursements, and such other

18  information as the United States trustee or the court requires."  11 U.S.C. § 704(a)(8),

19  incorporated by reference in 11 U.S.C. § 1106(a)(1).

20    The requirement to maintain records and file such reports is so important it is

21  reiterated in FRBP 2015(a)(3).  As one bankruptcy court has noted,

22    **Monthly reports** and the financial disclosures contained within them "**are the
     life-blood of the Chapter 11 process**" and are more than "mere busy work."

23    Without these reports, the UST and creditors cannot determine when a debtor is
     incurring additional losses, is rendered administratively insolvent, or is

24    transferring assets without authorization.  The **reporting requirements provide
     the primary means for monitoring the debtor's compliance** with the Code's

25

26  _____

27  counsel and an additional loan of $7,000.00, which was under the $10,000.00 per month limit.
     *See* Monthly Operating Report for February 2019 (Doc. 213).

28  [3] The other two disallowed loans ($9,720.00 in July 2018 and $6,000.00 in August 2018) were
     not disclosed in any Monthly Operating Reports.

requirements **and they serve as a litmus test for a debtor's ability to reorganize**.  Thus, non-compliance is not a "mere technicality."

*In re Whetten*, 473 B.R. 380, 383-84 (Bankr. D. Colo. 2012) (citations omitted, emphasis added).  In this case, where the Court has authorized Debtor to borrow funds, but placed limits on that authorization, the reporting requirements are even more important.

However, Debtor has not filed a Monthly Operating Report since October 2020, which report concerned the period ending August 31, 2020 (Doc. 742, a true and correct copy of which is attached hereto as **Exhibit "F"** for the Court's convenience).  As of that date, Debtor acknowledged it had obtained $209,029.00 in post-petition financing.  *Id.*  And Debtor had borrowed $10,000.00 a month for six straight months from March 2020 to August 2020 (Docs. 687, 695, 705, 714, 728, 742).  It is reasonable to infer that Debtor has continued to borrow sums during the fourteen monthly periods for which Debtor has failed to file required reports.  It is also reasonable to be concerned that Debtor has continued to violate the terms of the Order Authorizing Post-Petition Financing by borrowing more than the allowed monthly amount.

Finally, Debtor's failure to file the required reports cannot be excused by the promulgation of the U.S. Trustee Program's "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11," which became effective on June 21, 2021 and implemented uniform requirements for Chapter 11 monthly operating reports in cases such as the one at bar.  Debtor had stopped filing required reports several months before the new reports and supporting documentation were implemented.

Debtor has failed to comply with the requirement to file periodic reports disclosing key information regarding Debtor's financial condition.  Yet, without such reports, "how can creditors have any confidence that the debtor will timely and accurately report its income and make the required distributions under its plan, when the court and the UST are no longer monitoring the case?"  *In re Whetten*, 473 B.R. at 384.  Debtor's failure to comply with this basic yet crucial obligation is further cause to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(1).

# IV.    CONCLUSION

For the above and foregoing reasons, Secured Creditors respectfully request this Court enter an Order dismissing or converting the above-captioned action due to Debtor's failure to comply with the obligations imposed by the Bankruptcy Code as well as this Court's order.

DATED:  December 17, 2021                    GHIDOTTI | BERGER LLP

By:    /s/Regina A. Habermas, Esq.
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7251 West Lake Mead Blvd, Ste 470
Las Vegas, NV  89128
Attorneys for Secured Creditors

EXHIBIT "A"

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for the Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

SCHULTE PROPERTIES LLC,

Debtor.

Bankruptcy Case No. 18-12734-MKN

Chapter 11

Date:  January 2, 2019

Time: 9:30 a.m.

## MOTION SEEKING AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, GRANTING SUPER-PRIORITY ADMINISTRATIVE EXPENSE STATUS, AND MODIFYING THE AUTOMATIC STAY

SCHULTE PROPERTIES LLC, the Debtor in Possession in the above-captioned bankruptcy proceeding (the "Debtor"), hereby submits its motion ("Motion") for entry of an order authorizing the Debtor to obtain post-petition financing pursuant to Sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") by entering into that certain Debtor-in-Possession Loan and Agreement (the "DIP Agreement") by and among the Debtor and Melani Schulte (the "Post-Petition Lender"), a copy of which is attached hereto Exhibit "A," together with any related notes, as the same may be amended, supplemented, or otherwise modified from time to time, and all instruments,

agreements, assignments, and other documents referred to therein or herein or requested by the Post-Petition Lender to give effect to the terms thereof and hereof (the DIP Agreement and such other instruments, agreements, assignments, and other documents, as at any time amended, substituted, or restated, being collectively called the "DIP Financing Documents"), all subject to the terms and conditions set forth herein and therein; (2) granting priority administrative expense status to the Post-Petition Lender as specifically set forth herein and in the DIP Agreement, pursuant to Sections 364(c)(1) of the Bankruptcy Code; (3) modifying the automatic stay pursuant to Section 362(d) of the Bankruptcy Code; and (4) in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all applicable local bankruptcy rules, scheduling a final hearing (the "Final Hearing") and approving notice with respect thereto.

This Motion is made and based on the *Declaration of Melani Schulte in Support of the Debtor's Motion Seeking an Order Authorizing the Debtor to Obtain Post-Petition Financing, Granting Liens and Super-Priority Administrative Expense Status, and Modifying the Automatic Stay* (the "Declaration"), the papers and pleadings on file herein, judicial notice of which are respectfully requested, and any arguments of counsel entertained by the Court at the time of any hearings on this Motion.

## I.    BANKRUPTCY RULE 4001 CONCISE STATEMENT

By this Motion, the Debtor requests:[1] (a) entry of an Order authorizing the Debtor: (i) to obtain post-petition financing pursuant to Sections 363 and 365 of the Bankruptcy Code by entering into the DIP Agreement; (ii) to grant priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of Title 11 of the Bankruptcy Code, pursuant to section 364(c), subject to a Carve Out; and (iii) to obtain post-petition loans and financing in

---

[1]The following is only a brief summary, and nothing herein is intended or should be construed as altering or amending the DIP Agreement.

the amount of up to $10,000 per month pending confirmation of a Debtor's Plan of Reorganization.

## II.    MATERIAL PROVISIONS OF PROPOSED DIP FINANCING:

**A.**    **Borrower**:        Schulte Properties LLC

**B.**    **Lender**:        Melani Schulte

**C.**    **Loan Amount**:        up to $10,000 per month until plan confirmation

**D.**    **Purpose**:        The proceeds of the DIP Loan are to fund operations of the Debtor throughout its bankruptcy case and to fund the Debtor's Chapter 11 plan in the event that rental proceeds are inadequate to pay the Debtor's monthly operating expenses.  The funds will be used to:

1)    Pay operating expenses throughout the Chapter 11 process,

2)    Pay legal and professional fees to pursue claims against lenders and servicers, including a $20,000.00 retainer to proposed special litigation counsel Kellett & Bartholow PLLC;

**E.**    **Security**:    Priority over administrative expenses, subject to the Carve-Out.

i.    Pursuant to Section 364(c)(1) of the Bankruptcy Code, a priority over any or all administrative expenses of the kind specified in section 503(d) or 507(b) of the Bankruptcy Code, subject to the Carve-Out, is allowed.

**F.**    **Carve-Out**:  The priority or interests granted to the Post-Petition Lender will be valid, enforceable, and perfected security interests and liens, but shall be subject and subordinate to allowed claims of professionals of the Debtor (the "Carve-Out").

**G.**    **Interest**:        interest on advances shall accrue at a rate of 5% per annum until paid.

**H.    Waiver of Applicable Non-Bankruptcy Law Relating to Perfection:**

The Order is deemed to be sufficient and conclusive evidence of the priority, perfection, and validity of the post-petition liens and security interests granted therein, if any, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the subject collateral, or other act to validate or perfect such security interest or lien.

**I.    Relief from Automatic Stay:**

The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated to the extent necessary to enforce certain remedies against Post-Petition Collateral, if any, without having to obtain any further order of the Bankruptcy Court.

**J.    Application of Proceeds of Collateral:**

The Debtor shall use the proceeds of all loans made pursuant to the DIP Financing Documents and all other accommodations made by the Post-Petition Lender for the Debtor for only those purposes described herein, and not for any purpose prohibited by law or by the terms and conditions of the DIP Agreement, any of the DIP Financing Documents, or the Order; and expressly excluding use of the proceeds (including the Carve Out) for the investigation or prosecution of any claim and/or cause of action against the Post-Petition Lender, including, but not limited to, any and/or all claims and causes of action arising (i) under Sections 540 and/or 550 of the Bankruptcy Code; (ii) under a theory of equitable subordination or recharacterization; or (iii) that challenges the DIP Obligations or the security interests granted pursuant to the DIP Financing Documents or the Order.

**K.    Waiver of Section 506(c) Surcharge:**

Subject to entry of an Order, the Debtor shall not assert a claim under Section 506(c) of the Bankruptcy Code for any costs and expenses incurred in connection with the preservation, protection, or enhancement of, or realization by the Post-Petition Lender upon the Post-Petition Collateral.

### III.    STATUS OF THE CASE AND JURISDICTION

On May 10, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property and is operating and managing its businesses as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

No request for a trustee or examiner has been made and no creditors' committee has yet been appointed in this case.  This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A), (D), and (O).  Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

The statutory predicates for the relief sought herein are Sections 105(a), 361, 362, 363, and 364 of the Bankruptcy Code, Bankruptcy Rules 4001, 6004, and 9014, and LR 4001(b).

### IV.    BACKGROUND

Melani Schulte is the 100% owner of the Debtor, Schulte Properties LLC.  In Melani Schulte's personal Chapter 11 bankruptcy proceeding, case 09-29123 (the "2009 Bankruptcy"), an Order Confirming the Debtors' Chapter 11 Plan of Reorganization (the "2009 Bankruptcy Confirmed Plan") was entered by the court directed that the residential properties held by Melani Schulte or related entities (and/or her then husband, who later lost all interest to the properties through a divorce proceeding) be transferred to one "Holding Company".  That Holding Company is the Debtor, which is a Nevada Corporation and holder of 32 residential rental properties.  The Debtor currently has tenants in all 32 of its properties, although due to the nature of its business that number is regularly subject to change.  All pre-petition leases with tenants have been approved by the Court.

Each of the Debtor's 32 residential rental properties (the "Properties") is secured by one or more deeds of trust.  In most cases, the terms of the existing deeds of trust secured by the Properties were modified through confirmation of the plan in the 2009 Bankruptcy.  In **EVERY CASE**, holders and servicers of those deeds of trust violated the 2009 Bankruptcy Confirmation Order in one or more of the

following ways:

1. Failing to properly apply payments made in the amount ordered;

2. Charging interest in excess of the amount ordered;

3. Continuing to seek collection of amounts in excess of the amount ordered, or of discharged amounts; and

4. Failing to provide statements reflecting proper application of payments under the 2009 Bankruptcy Confirmed Plan.

Because payments were improperly applied, and incorrect interest charges incurred, late fees and other charges were assessed in error. Admittedly, some lenders and servicers were worse offenders than others, however in every single case the deeds of trust secured by the Properties were mismanaged, in violation of the 2009 Confirmation Order, causing injury to the Debtor. In some cases, the lenders even initiated foreclosure proceedings based upon their incorrect records. The Debtor filed for chapter 11 bankruptcy protection on May 31, 2017 as Case No. 17-12883 (the "2017 Bankruptcy") due to several pending foreclosure proceedings. Believing that it could effectively negotiate and obtain proper records from secured lenders outside of bankruptcy with reduced administrative costs, the Debtor sought and obtained voluntary dismissal of the 2017 Bankruptcy.

In May 2018 the Debtor found itself again facing a foreclosure proceeding based upon faulty records and filed the instant case, having determined that the only path forward was to bring secured lenders to be held accountable before this Court for failure to abide by the 2009 Bankruptcy Confirmation Order. The Debtor fully intends to pursue claims against lenders and servicers for their failures to abide by the 2009 Bankruptcy Confirmation Order and the resulting injuries to the Debtor, including extensive legal fees. By separate motion, the Debtor is seeking employment of special litigation counsel Kellett & Bartolow, which firm has extensive experience in pursuing lenders and servicers for their misdeeds. Kellett & Bartolow requires a $20,000 retainer to commence work, and assuming the Court approves the employment, the Debtor does not have the resources to advance the funds for special counsel's retainer.

Additionally, because the Debtor has had to pay attorneys to file the 2017 Bankruptcy and the instant bankruptcy proceeding, it does not have the cash reserves required to pay for ordinary course repairs or other expenses relating to the Properties.

Since the filing of the bankruptcy petition, Melani Schulte has contributed the following funds to the Debtor for payment of ordinary course expenses and repairs:

1. July 29, 2018 - $9720

2. August 21, 2018 - $6000

3. September 24, 2018 - $7500

4. October 25, 2018 - $5000

5. November 29, 2018 - $5000

By this Motion, the Debtor seeks nunc pro tunc approval of these contributions as post-petition financing in addition to the $20,000 retainer for Kellett & Bartolow and other ongoing advances, as needed, up to $10,000 per month until confirmation of a plan of reorganization.

## V.    RELIEF REQUESTED

The Debtor hereby requests entry of the Order granting the following relief, all as more specifically enumerated above in the introductory paragraph of this Motion.

**A.    The Debtor's Need for Financing**

The Debtor requests authority to obtain post-petition financing from the Post-Petition Lender, who is the Debtor's principal.  The requested relief is necessary for the Debtor to continue the operations of its business as a debtor-in-possession, to preserve the going-concern value of its assets, and to minimize the disruption of the Debtor as a going concern.  The Debtor will suffer immediate and irreparable harm unless it is immediately authorized to obtain financing in the amount and on the terms and conditions set forth in the Order and in the DIP Financing Documents.

The Debtor is unable to obtain financing in the form of unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a

super-priority administrative expense claim pursuant to Section 364(c)(1) of the Bankruptcy Code.

**B.      Summary of Relief Sought**

The Debtor seeks authorization to obtain, on an emergency basis, priority, post-petition financing, pursuant to Section 364(c)(1) of the Bankruptcy Code on terms as outlined in the DIP Financing Documents substantially in the form attached hereto as Exhibit "A," and incorporated herein by reference.  Specifically, the Debtor seeks the entry of an Order authorizing (a) the Debtor to enter into the DIP Agreement; (b) obtain the DIP Loan from the Post-Petition Lender, (c) to pay all interest, fees, expenses, and other obligations provided for under the Order and the DIP Financing Documents, and (d) to satisfy all conditions precedent and perform all obligations there under in accordance with the terms thereof.

A condition to the willingness of the Post-Petition Lender to fund the DIP Loan is that, as security for the prompt payment and performance of the DIP Loan and all interest, fees, expenses, and charges at any time payable by the Debtor under the Order (collectively, the "DIP Obligations"), the Post-Petition Lender receives:

i.        Pursuant to Section 364(c)(1) of the Bankruptcy Code, subject only to the Carve-Out, a priority over any or all administrative expenses of the kind specified in section 503(d) or 507(b) of the Bankruptcy Code.

The priority described above shall hereinafter be referred to as the "Post-Petition Priority". Notwithstanding any provisions, the Post-Petition Priority shall not attach to any of the following property: (I) any causes of action, including causes of action or claims pursuant to Sections 544, 545, 547, 548, 550, or 553 of the Bankruptcy Code (the "Avoidance Actions"); and (ii) any monies recovered in connection with the successful prosecution or settlement of Avoidance Actions or any other causes of action held by the Debtor's estate (collectively, the "Avoidance Proceeds").

Pursuant to the Order, all DIP Obligations will be granted administrative priority in accordance with, and shall constitute an allowed super-priority claim (the "Super-Priority Claim") pursuant to the

provisions of Section 364(c)(1) of the Bankruptcy Code with priority over all other administrative expenses in the Debtor's bankruptcy case of the kind specified in, or ordered pursuant to, Sections 105, 326, 328, 330, 331, 503(a), 503(b), 507(a), 507(b), 552, 726, 1114, or other similar section of the Bankruptcy Code.

Further, no costs or administrative expenses which have been or may be incurred in this Chapter 11 case, in any proceedings related hereto or in any superceding Chapter 7 case, and no priority claims are or will be prior to or on a parity with the Super-Priority Claim of the Post-Petition Lender against the Debtor arising under any of the DIP Financing Documents, except for the Carve-Out for professional fees and for fees payable to the U.S. Trustee and to the Clerk of the Court.

The Debtor believes that good cause has been shown for the entry of the Order to obtain the DIP Loan.  The Debtor's need for financing of the type requested herein and as afforded by the Order is immediate and critical.  Entry of the Order will minimize disruption of the Debtor's operations and business as a going concern, will preserve the assets of the Debtor's estate, and is in the best interests of the Debtor, its creditors and its estate.

The Debtor further believes that the terms of the financing are fair and reasonable, reflect the Debtor's reasonable exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration.  The DIP Agreement is necessary to help maintain the value of the Debtor's assets, including going-concern value, and the ability to continue its business and operations. For the foregoing reasons, and in order to assure operating capital, it is necessary for the Debtor to have a post-petition credit facility.  Otherwise, the Debtor will be forced to close its operations.

## V.    BASIS FOR RELIEF REQUESTED

As described above, it is essential to the Debtor's operations that it be granted immediate access to additional funds.  Absent access to the working capital financing that will be available to the Debtor under the proposed DIP loan, the Debtor will be unable to retain Special Counsel and to maintain its business operations or preserve the value of its assets.  The Debtor believes that the terms and conditions

of the DIP loan, the DIP Financing Documents, and the Order, and the related relief requested herein are fair, reasonable, and in the best interests of the Debtor, its estate and its creditors.

      A.    Approval Under Section 364(c) of the Bankruptcy Code

Section 364 of the Bankruptcy Code allows the Debtor to (a) obtain unsecured credit in the ordinary course of business, (b) obtain unsecured credit out of the ordinary course of business, and (c) obtain credit with specialized priority or with security. If a debtor-in-possession cannot obtain post-petition credit on an unsecured basis, the Court may authorize the obtaining of credit or the incurring of debt, repayment of which is entitled to super-priority administrative expense status or is secured by a priming lien on certain property and a lien on unencumbered property, or a combination of the foregoing.

The Debtor proposes to obtain financing under the DIP Loan, the DIP Financing Documents, and the Order by providing priority of payment pursuant to Section 364(c) of the Bankruptcy Code. The statutory requirement for obtaining post-petition credit under Section 364(c) is a finding, made after notice and hearing, that the Debtor is "unable to obtain unsecured credit allowable under section 503(b)(1) of [the Bankruptcy Code.]" *In re Plabell Rubber Prods., Inc.*, 137 B.R. 897, 900 (Bankr. N.D. Ohio 1992) (the debtor must show "by a good faith effort that credit was not available without" the protections of Section 364(c)). Section 364(c) financing is appropriate when the trustee or debtor-in-possession is unable to obtain unsecured credit allowable as an ordinary administrative claim. *See In re Crouse Group, Inc.*, 71 B.R. 544, 549, modified on other grounds, 75 B.R. 553 (Bankr. E.D. Pa. 1987) (secured credit under Section 364(c)(2) is authorized, after notice and hearing, upon showing that unsecured credit cannot be obtained).

Courts have articulated a three-part test to determine whether a debtor is entitled to Section 364(c) financing:

    a.    The debtor is unable to obtain unsecured credit under Section 364(b) (i.e., by allowing a lender only an administrative claim);

    b.    The credit transaction is necessary to preserve the assets of the estate; and

c.      The terms of the transaction are fair, reasonable, and adequate given the circumstances of the debtor and the proposed lender.

*See Crouse Group*, 71 B.R. at 549.  Additionally, courts will generally accord significant weight to the necessity of the debtor obtaining post-petition financing in order to remain viable.  *See In re Snowshoe Co.*, 789 F.2d 1085, 1088 (4th Cir. 1986); *In re Ames Dep't Stores*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990).

As noted above, the need for the Debtor to obtain financing is critical.  Further, the evidence at the hearing, if necessary, will show that a working capital facility of the type needed in this Chapter 11 case could not have been obtained without a priority basis.

B.      The Debtor Does Not Have an Alternative to the DIP Loan, the DIP Financing Documents, and the Order.

If necessary, the evidence at the hearing will show that a working capital facility of the type needed in this case could not have been obtained without a priority basis.  Indeed, the potential sources of a credit facility for the Debtor, obtainable on an expedited basis and on reasonable terms, are practically nonexistent.  In these circumstances, "[t]he statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable."  *Snowshoe Co.*, 789 F.2d at 1088.

A debtor need only demonstrate "by a good faith effort that credit was not available without" the protections of Section 364(c).  *Id*; *In re Plabell*, 137 B.R. at 900.  Where there are few lenders likely to be able and/or willing to extend the necessary credit to the debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct an exhaustive search for financing."  *In re Sky Valley, Inc.*, 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988), *aff'd sub nom, Anchor Sav. Bank FSB v. Sky Valley*, 99 B.R. 1997, 120 n.4 (N.D. Ga. 1989).  Thus, the evidence introduced at the hearing will satisfy the requirement of Section 364(c) that unsecured credit was unavailable to the Debtor.

The U.S. Court of Appeals for the Ninth Circuit has recognized that immediate interim relief may be crucial to the success of a corporate reorganization.

We realize that in certain circumstances, the entire reorganization effort may be thwarted if emergency leave is withheld and that reorganization under the Bankruptcy Code is a perilous process, seldom more so than at the outset of the proceedings when the debtor is often without sufficient cash flow to fund a central business operation.  It is for this reason that Congress specified that hearings concerning the use of cash collateral "shall be scheduled in accordance with the needs of the debtor."

*In re Center Wholesale, Inc.*, 759 F.2d 1440, 1440 n. 21 (9th Cir. 1985) (citations omitted).

Because of the Debtor's acute liquidity crisis, the status of the Debtor's operations and collateral base, the need to maintain confidentiality, and the impracticability of pursuing (and paying for) numerous prospective lenders, the Debtor has concluded that, in its business judgment, it was not practicable to try to "shop" the DIP loan to every possible lender.  However, only the Post-Petition Lender, which is already familiar with the Debtor's business operations, corporate structure, financing arrangements, and collateral base, and which has already performed the necessary due diligence in connection with the DIP Agreement, was able to offer a post-petition credit facility to meet the Debtor's working capital needs on the terms, and within the time frame, that the Debtor needed and pursuant to the DIP Financing Documents.

C.    Application of the Business Judgment Standard

As described above, the Debtor's management has concluded that the DIP Loan, the DIP Financing Documents, and the Order provide the only alternative available under the circumstances. Bankruptcy courts routinely defer to the debtor's business judgment on most business decisions, including the decision to borrow money.  *See Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry.*, 318 U.S. 523, 550 (1943); Ames, 115 B.R. at 38 (in examining requests by a debtor for interim financing, courts apply the same business judgment standard applicable to other business decisions; *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); *In re Lifeguard Indus., Inc.*, 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same). "More exacting scrutiny would slow the administration of the debtor's estate and increase its costs,

interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." _Richmond Leasing Co., v. Capital Bank, N.A._, 762 F.2d 1303, 1311 (5th Cir. 1985).

In general, a bankruptcy court should defer to a debtor-in-possession's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. _See In re Curlew Valley Assoc._, 14 B.R. 506, 511-13 (Bankr. D. Utah 1981).  Courts generally will not second-guess a debtor-in-possession's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the Code."  Id. at 513-14 (footnotes omitted).

The Debtor has exercised sound business judgment in determining that a post-petition credit facility is appropriate and have satisfied the legal prerequisites to borrow under the DIP Loan, the DIP Financing Documents, and the Order.  The terms of the DIP Loan are fair and reasonable and are in the best interests of the Debtor's estate.  Accordingly, the Debtor should be granted authority to borrow funds from the Post-Petition Lender on the secured, administrative super-priority basis described above, pursuant to Section 364(c) of the Bankruptcy Code, and take the other actions contemplated by the Order as requested herein.

The Debtor believes that it could not obtain financing from any other lender on terms more favorable than the DIP Loan offered by the Post-Petition Lender, and certainly not before all of the Debtor's limited cash resources were depleted by the search.  The Debtor's management exercised their best business judgment in negotiating the DIP Loan, the DIP Financing Documents, and the Order that is presently before the Court.

D.    Good Faith.

Section 364(e) of the Bankruptcy Code was designed to "encourage the extension of credit to debtors" by allowing lenders to "rely on a bankruptcy court's authorization of the transaction."  _In re EDC Holding Co._, 676 F.2d 945, 947 (7th Cir. 1982) (the purpose of Section 364(e) is "to overcome

people's natural reluctance to deal with a bankrupt firm whether as purchaser or lender by assuring them that so long as they are relying in good faith on a bankruptcy judge's approval of the transaction they need not worry about their priority merely because some creditor is objecting to the transaction and is trying to get the district court or the court of appeals to reverse the bankruptcy judge"); *see also In re North Atlantic Millwork Corp.*, 155 B.R. 271, 279 (Bankr. D. Mass. 1993) ("The purpose of section 364(e) is to allow good faith lenders to rely upon conditions at the time they extend credit and to encourage lenders to lend to bankrupt entities.").

The DIP Loan is and will be the result of good faith negotiations. The Debtor believes that the terms of the DIP Loan are fair and reasonable under the circumstances, and that the Post-Petition Lender is entitled to the benefits of Section 364(e) of the Bankruptcy Code. For purposes of full disclosure, the Lender Melani Schulte is the chief executive officer of Debtor.

## VI.    CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Motion be granted, in full, pursuant to the terms of the DIP Agreement, attached as Exhibit "A", and that any further relief as is just and equitable also be granted.

DATED: November 29, 2018.

JOHNSON & GUBLER, P.C.


/s/ Matthew L. Johnson
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
8831 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Debtor in Possession*

**EXHIBIT A**

**PROMISSORY NOTE**

**Borrower:**       Schulte Properties LLC (the "Borrower")

**Lender:**       Melani Schulte (the "Lender")

**Principal Amount:**       **Up to** $10,000.00 until a plan of reorganization is confirmed in Schulte Properties LLC Chapter 11 Bankruptcy Proceeding, case no. 18-12734.

1.  FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of borrowed from date of installment, with interest payable on the unpaid principal at the rate of 5.00% (five percent) per annum until paid.  Interest shall be calculated on each tranche of money lent on basis of 365 day year calculated from date of receipt of funds to date repayment.

2.  This Note will be repaid in full on December 31st, 2020.

3.  At any time while not in default under this Promissory Note, the Borrower may pay the outstanding balance then owing under this Promissory Note including all accrued interest to the Lender without further bonus or penalty.  There shall be no prepayment penalty.

4.  Notwithstanding anything to the contrary in this Promissory Note, if the Borrower defaults in the performance of any obligation under this Promissory Note, then the Lender may declare the principal amount owing and interest due under this Promissory Note at that time to be immediately due and payable.

5.  All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Promissory Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration of the amount due by the Lender all amounts outstanding under this Promissory Note will bear interest at the rate of 15.00 percent per annum from the date of demand until paid.

6.  If any term, covenant, condition or provision of this Promissory Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Promissory Note will in no way be affected, impaired or invalidated as a result.

7.  This Promissory Note will be construed in accordance with and governed by the laws of the State of Texas. Notwithstanding any provision herein or any document or instrument now or hereafter securing this Promissory Note, the total liability for payments in the nature

of interest shall not exceed the limits now imposed by the applicable laws of the State of Texas.

8.  This Promissory Note will inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender.  The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

9.  The failure of any holder of this Promissory Note to exercise any option hereunder shall not constitute a waiver of any right to exercise the same in the event of any subsequent default, or in the event of continuance of any existing default.

10. This Note must have priority over any or all administrative expenses of the kind specified in section 503(d) or 507(b) of the United States Bankruptcy Code, pursuant to Section 364(c)(1) of the United States Bankruptcy Code.  However, any priority granted to the Lender shall be subject and subordinate to allowed claims of professionals of the Debtor.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this _____th day of _____, 2019.

**SIGNED, SEALED, AND DELIVERED**
this ___th day of _____, 2019.

_____
Schulte Properties LLC

**SIGNED, SEALED, AND DELIVERED**
this ___th day of _____, 2019.

_____
Melani Schulte

EXHIBIT "B"



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 14, 2019

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 18-12734-MKN |
| SCHULTE PROPERTIES LLC, | Chapter 11 |
| Debtor. | Date:  January 23, 2019 |
|  | Time: 9:30 a.m. |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION SEEKING AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, AND MODIFYING THE AUTOMATIC STAY**

Upon the application of the Debtor, SCHULTE PROPERTIES LLC praying for an order

authorizing the Debtor to obtain post-petition financing, it appearing that the required notice of said

1  Application has been given to all parties in interest and a hearing on the Application having been held

2  on January 23, 2019 at the hour of 9:30 a.m., for the reasons stated orally and recorded in open court

3  that shall constitute the decision of the Court pursuant to Rule 7052 of the Federal Rules of Civil

4  Bankruptcy Procedure, and good cause appearing, it is hereby:

5          ORDERED that the Debtor's Motion Seeking an Order Authorizing the Debtor to Obtain

6  Post-Petition Financing, Granting Super-Priority Administrative Expense Status, and Modifying the

7  Automatic Stay is GRANTED IN PART under 11 USC § 364; it is further

8          ORDERED that effective January 23, 2019, the Debtor is authorized to borrow from Melani

9  Schulte amounts up to $10,000 per month until such time that an order confirming a plan of

10 reorganization is entered in this case; it is further

11         ORDERED that Debtor may take a one time loan from Schulte in the amount of $20,000 to

12 pay the retainer for Karen Kellet, special litigation counsel, (together the Schulte Loans); it is further

13         ORDERED that Melani Schulte is permitted to charge the Debtor a rate of 5% per annum on

14 the unpaid balance of the Schulte Loans; it is further

15         ORDERED that the Schulte Loans shall be deemed to be unsecured loans under 11 USC

16 §364(b), and allowable under section 503(b)(1) as an administrative claim against the Debtor's estate;

17 it is further

18         ORDERED that any loans made prior to January 23, 2019 are disallowed and that this order is

19 without prejudice to the U.S. Trustee seeking appointment of a Chapter 11 Trustee in the future.

20 Respectfully submitted by:

21 JOHNSON & GUBLER, P.C.

22

23 /s/ Matthew L. Johnson                            .
   Matthew L. Johnson, Esq.
24 8831 West Sahara Avenue
   Las Vegas, NV 89117
25

26

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

____ The court has waived the requirement set forth in LR 9021(b)(1).

____ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

>       Edward M. McDonald, Esq.
>       Edward.m.mcdonald@usdoj.cov
>       *Counsel to the United States Trustee*
>       X̶ *Edward M McDonald*
>       X̲  approved         ____ disapproved        ____ no response

____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

*/s/ Matthew L. Johnson*                    .
Matthew L. Johnson, Esq.


OFFICE OF THE UNITED STATES TRUSTEE

*[signature]*

Edward M. McDonald Jr.
Trial Attorney
300 Las Vegas Blvd., South 4300
Las Vegas, NV 89101
Edward.m.mcdonald@usdoj.gov

EXHIBIT "C"

Matthew L. Johnson (6004)                                    E-filed 7/21/2021
Russell G. Gubler (10889)
JOHNSON & GUBLER P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCHULTE PROPERTIES LLC,<br><br>              Debtor. | Bankruptcy Case No. 18-12734-MKN<br><br>Chapter 11<br><br>**STATUS REPORT** |

Schulte Properties, LLC, through its attorneys, Matthew L. Johnson, of the law firm of Johnson & Gubler, P.C., respectfully submits this Status Report to the Court.

1.    Claims Objections

The Debtor has retained, with court authority, attorney Matthew Carlyon, who is evaluating and preparing various objections to claims to be filed with the Court. These claims objections, along with settlement conferences and settlements regarding various properties, will have a significant effect on the Debtor's current plan.

2.    Subpoenas

In order to facilitate the claims objections process and to avoid unnecessarily filing claims objections where not necessary, the Debtor has issued subpoenas to various current and former lenders and servicers of the Debtor's properties. The purpose of the subpoenas is to ensure that the Debtor has current and complete information regarding the various claims so that the Debtor may properly evaluate and/or object to claims. Many of the recipients have filed objections, and others

have provided the requested information. The Debtor may seek additional documents and may

require court intervention to obtain full and complete records regarding its 32 rental properties.

3.    <u>Plan</u>

     The Debtor has filed a plan and obtained approval of a disclosure statement. However,

since that time the Debtor has engaged in many day-long settlement conferences and has resolved

several claims. The Debtor is currently evaluating claims and likely claims objections that it

intends to file in the next few months to reduce and/or amend the claims on file in this case.

Because of the settlements and the anticipated claims objections, the Debtor anticipates that it will

file an amended plan and disclosure statement once the claims objections have been filed.

DATED: July 21, 2021.

                       JOHNSON & GUBLER, P.C.


                       /s/ Matthew L. Johnson
                       Matthew L. Johnson (6004)
                       Russell G. Gubler (10889)
                       8831 West Sahara Avenue
                       Las Vegas, Nevada 89117
                       *Attorneys for the Debtor*

1

## **CERTIFICATE OF SERVICE**

2     I hereby certify that I am an employee of Johnson & Gubler, P.C. and that on July 21, 2021

3  I caused to be served a true and correct copy of STATUS REPORT in the following manner:

4     [X]   **a.**   **Electronic Service**

5         Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy
        Court for the District of Nevada, the above-referenced documents were
6         electronically filed and served through the Notice of Electronic Filing
        automatically generated by that Court's facilities on the dates of filing.

7

8     [X]   **b.**   **United States Mail**

9         By depositing a copy of the above-referenced document for mailing in the United
        States Mail, first class postage prepaid, at Las Vegas, Nevada, to the following
10         parties, at their last known mailing addresses, on the date above written.

11         See attached service list.

12     _____

13  **I declare under penalty of perjury that the foregoing is true and correct.**

    Dated: July 21, 2021.
14

15         */s/ Annabelle Nudo*_____
        An employee of Johnson & Gubler, P.C.
16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "D"

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: SCHULTE PROPERTIES LLC | **Case No.** | 18-12734-leb |
| | **CHAPTER 11**<br>**MONTHLY OPERATING REPORT**<br>**(REAL ESTATE CASE)** | |

## SUMMARY OF FINANCIAL STATUS

**MONTH ENDED:**    OCTOBER 31 2019          **PETITION DATE:**    5/10/2018 0:00

1. Debtor in possession (or trustee) hereby submits this Monthly Operating Report on the Accrual Basis of accounting (or if checked here        X
   the Office of the U.S. Trustee or the Court has approved the Cash Basis of Accounting for the Debtor).
   Dollars reported in    $1

| | | **End of Current Month** | **End of Prior Month** | **As of Petition Filing** |
|---|---|---|---|---|
| 2. | **Asset and Liability Structure** | | | |
| | a. Current Assets | $11,550 | $49,975 | |
| | b. Total Assets | $10,403,035 | $10,390,622 | $10,391,485 |
| | c. Current Liabilities | $126,529 | $56,500 | |
| | d. Total Liabilities | $10,680,772 | $10,557,243 | $10,554,243 |
| | | | | **Cumulative** |
| 3. | **Statement of Cash Receipts & Disbursements for Month** | **Current Month** | **Prior Month** | **(Case to Date)** |
| | a. Total Receipts | $49,540 | $160,477 | $1,030,501 |
| | b. Total Disbursements | $87,965 | $113,476 | $1,073,851 |
| | c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | ($38,425) | $47,001 | ($43,350) |
| | d. Cash Balance Beginning of Month | $49,975 | $2,974 | $0 |
| | e. Cash Balance End of Month (c + d) | $11,550 | $49,975 | ($43,350) |
| | | **Current Month** | **Prior Month** | **Cumulative (Case to Date)** |
| 4. | **Profit/(Loss) from the Statement of Operations** | ($110,079) | $47,001 | ($189,879) |
| 5. | **Account Receivables (Pre and Post Petition)** | $0 | $0 | |
| 6. | **Post-Petition Liabilities** | $126,529 | $54,500 | |
| 7. | **Past Due Post-Petition Account Payables (over 30 days)** | $0 | $0 | |

| At the end of this reporting month: | | **Yes** | **No** |
|---|---|---|---|
| 8. | Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| 9. | Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | X | |
| 10. | If the answer is yes to 8 or 9, were all such payments approved by the court? | X | |
| 11. | Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | X | |
| 12. | Is the estate insured for replacement cost of assets and for general liability? | X | |
| 13. | Are a plan and disclosure statement on file? | X | |
| 14. | Was there any post-petition borrowing during this reporting period? | X | |

15. **Check if paid**: Post-petition taxes ___ ;          U.S. Trustee Quarterly Fees  X  ; Check if filing is current for: Post-petition
    tax reporting and tax returns: ___ .
    (Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings
    are not current.)

I declare under penalty of perjury I have reviewed the above summary and attached financial statements, and after making reasonable inquiry believe
these documents are correct.

Date:    11/25/2019 0:00

_____
Responsible Individual

Revised 1/1/98

CASE #: 18-12734-leb          SCHULTE PROPERTIES LLC          OCTOBER 31 2019

PAGE 1. ITEM 11.  DETAIL OF ITEM MARKED "YES"

| AMOUNT | PAYEE AND REASON |
|---|---|

$ 14,382.00    PAID TO: THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC.

FOR OCTOBER 2019 MONTHLY MANAGEMENT FEES.

$ 70,029.00    LOAN CONTRIBUTION FROM MEMBER - LEGAL FEES.

| | LEGAL FEES: | 10/11/2019 | JOHNSON & GUBLER P.C. | $ 44,933.73 |
|---|---|---|---|---|
| | | 10/16/2019 | JOHNSON & GUBLER P.C. | $ 10,095.08 |
| | | 11/5/2019 | KELLETT & BARTHOLOW PLLC | $ 15,000.00 |

FEES ARE SCHEDULED MONTHLY, IN NORMAL COURSE OF BUSINESS.

THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC. IS SOLELY OWNED AND OPERATED BY MELANI SCHULTE.

**NOTE:**    TOTAL MEMBER CONTRIBUTIONS OF $123 529  ALLOCATED TO BALANCE SHEET LIABILITIES.

**NOTE:**    TOTAL BORROWINGS, WHILE *SHOWN* ON THE 'STATEMENT OF OPERATION', IS *NOT* A PROFIT AND LOSS ITEM.
ACCORDINGLY, IT HAS NOT BEEN USED TO CALCULATE "INCOME" FOR PROFIT AND LOSS PURPOSES (LINE 43)

## STATEMENT OF OPERATIONS
### (Real Estate Case)
For the Month Ended  10/31/2019

| | Current Month | | | | Cumulative (Case to Date) | Next Month Forecast |
|---|---|---|---|---|---|---|
| Actual | Forecast | Variance | | | | |
| | | | | **Revenues:** | | |
| $49,540 | $51,000 | ($1,460) | 1 | Rent/Leases | $845,660 | $52,500 |
| | | $0 | 2 | Real Property Sales Gross | | |
| | | $0 | 3 | Interest | | |
| $0 | $0 | $0 | 4 | Other Income: | $112,273 | $0 |
| $0 | $0 | $0 | 5 | REFUNDED REPAIR RESERVE | $15,720 | $0 |
| $0 | $0 | $0 | 6 | REFUNDED BANK FEES | $348 | $0 |
| $49,540 | $51,000 | ($1,460) | 7 | **Total Revenues** | $974,001 | $52,500 |
| | | | | **Expenses:** | | |
| $0 | | $0 | 8 | Cost of Property Sold | | |
| | | | 8a | Initial Cost & Improvement | | |
| | | | 8b | less: Depreciation Taken | | |
| $0 | $0 | $0 | 9 | Selling | $13 | $0 |
| $0 | $0 | $0 | 10 | Administrative | $600 | $0 |
| | | $0 | 11 | Interest | | |
| | | $0 | 12 | Compensation to Owner(s)/Officer(s) | | |
| | | $0 | 13 | Salaries | | |
| $0 | $0 | $0 | 14 | Commissions | $1,150 | $0 |
| $14,382 | $15,000 | $618 | 15 | Management Fees | $246,824 | $15,500 |
| | | | | Rent/Lease: | | |
| | | $0 | 16 | Personal Property | | |
| | | $0 | 17 | Real Property | | |
| | | $0 | 18 | Insurance | | |
| | | $0 | 19 | Depreciation | | |
| | | | | Taxes: | | |
| | | $0 | 20 | Employer Payroll Taxes | | |
| $28,333 | $0 | ($28,333) | 21 | Real Property Taxes | $48,570 | $0 |
| | | $0 | 22 | Other Taxes | | |
| $45,250 | $35,000 | ($10,250) | 23 | Other Expenses: | $767,919 | $45,000 |
| | | $0 | 24 | | | |
| | | $0 | 25 | | | |
| | | $0 | 26 | | | |
| | | $0 | 27 | | | |
| | | $0 | 28 | | | |
| | | $0 | 29 | | | |
| | | $0 | 30 | | | |
| | | $0 | 31 | | | |
| $87,965 | $50,000 | ($37,965) | 32 | **Total Expenses** | $1,065,076 | $60,500 |
| ($38,425) | $1,000 | $39,425 | 33 | Subtotal | ($91,075) | ($8,000) |
| | | | | **Reorganization Items:** | | |
| $70,029 | $0 | $70,029 | 34 | Professional Fees | $90,029 | $0 |
| | | | 35 | Provisions for Rejected Executory Contracts | | |
| | | $0 | 36 | Interest Earned on Accumulated Cash from Resulting Chp 11 Case | | |
| | | $0 | 37 | Gain or (Loss) from Sale of Equipment | | |
| $1,625 | $0 | ($1,625) | 38 | U.S. Trustee Quarterly Fees | $8,775 | $0 |
| ($70,029) | $0 | $70,029 | 39 | BORROWINGS | $126,529 | $0 |
| $1,625 | $0 | $0 | 40 | **Total Reorganization Items** | $27,725 | $0 |
| ($110,079) | ($107,076) | ($3,003) | 41 | **Net Profit (Loss) Before Federal & State Taxes** | ($189,879) | ($107,076) |
| | | $0 | 42 | Federal & State Income Taxes | | |
| ($110,079) | ($107,076) | ($3,003) | 43 | **Net Profit (Loss)** | ($189,879) | ($107,076) |

Attach an Explanation of Variance to Statement of Operations (For variances greater than +/- 10% only):

## BALANCE SHEET
### (Real Estate Case)
**For the Month Ended** ___10/31/2019 0:00___

**Assets**

|  |  | From Schedules | Market Value |
|---|---|:---:|---:|
| | **Current Assets** | | |
| 1 | Cash and cash equivalents - unrestricted | | $11,550 |
| 2 | Cash and cash equivalents - restricted | | |
| 3 | Accounts receivable (net) | A | $0 |
| 4 | Prepaid expenses | | |
| 5 | Professional retainers | | |
| 6 | Other: | | |
| 7 | | | |
| 8 | **Total Current Assets** | | $11,550 |
| | **Property and Equipment (Market Value)** | | |
| 9 | Real property | C | $10,391,485 |
| 10 | Machinery and equipment | D | $0 |
| 11 | Furniture and fixtures | D | $0 |
| 12 | Office equipment | D | $0 |
| 13 | Leasehold improvements | D | $0 |
| 14 | Vehicles | D | $0 |
| 15 | Other: | D | |
| 16 | | D | |
| 17 | | D | |
| 18 | | D | |
| 19 | | D | |
| 20 | **Total Property and Equipment** | | $10,391,485 |
| | **Other Assets** | | |
| 21 | Loans to shareholders | | |
| 22 | Loans to affiliates | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | **Total Other Assets** | | $0 |
| 28 | **Total Assets** | | $10,403,035 |

**NOTE:**

Indicate the method used to estimate the market value of assets (e.g., appraisals; familiarity with comparable market prices, etc.) and the date the value was determined.

Revised 1/1/98

## Liabilities and Equity
### (Real Estate Case)

**Liabilities From Schedules**

**Post-Petition**

**Current Liabilities**

| | | | | |
|---|---|---|---|---|
| 29 | Salaries and wages | | | |
| 30 | Payroll taxes | | | |
| 31 | Real and personal property taxes | | | |
| 32 | Income taxes | | | |
| 33 | Sales taxes | | | |
| 34 | Notes payable (short term) | | | |
| 35 | Accounts payable (trade) | A | | $0 |
| 36 | Real property lease arrearage | | | |
| 37 | Personal property lease arrearage | | | |
| 38 | Accrued professional fees | | | |
| 39 | Current portion of long-term post-petition debt (due within 12 months) | | | |
| 40 | Other:    LOAN FROM ASSOCIATED LLC | | | $3,000 |
| 41 |          LOAN FROM MEMBER | | | $123,529 |
| 42 | | | | |
| 43 | **Total Current Liabilities** | | | $126,529 |
| 44 | **Long-Term Post-Petition Debt, Net of Current Portion** | | | |
| 45 | **Total Post-Petition Liabilities** | | | $126,529 |

**Pre-Petition Liabilities (allowed amount)**

| | | | | |
|---|---|---|---|---|
| 46 | Secured claims | F | | $9,805,265 |
| 47 | Priority unsecured claims | F | | $0 |
| 48 | General unsecured claims | F | | $748,978 |
| 49 | **Total Pre-Petition Liabilities** | | | $10,554,243 |
| 50 | **Total Liabilities** | | | $10,680,772 |

**Equity (Deficit)**

| | | | |
|---|---|---|---|
| 51 | Retained Earnings/(Deficit) at time of filing | | ($277,737) |
| 52 | Capital Stock | | |
| 53 | Additional paid-in capital | | |
| 54 | Cumulative profit/(loss) since filing of case | | |
| 55 | Post-petition contributions/(distributions) or (draws) | | |
| 56 | | | |
| 57 | Market value adjustment | | |
| 58 | **Total Equity (Deficit)** | | ($277,737) |
| 59 | **Total Liabilities and Equity (Deficit)** | | $10,403,035 |

Revised 1/1/98

**SCHEDULES TO THE BALANCE SHEET**
(Real Estate Case)

Schedule A
Accounts Receivable and (Net) Payable

| Receivables and Payables Agings | Accounts Receivable [Pre and Post Petition] | Accounts Payable [Post Petition] | Past Due Post Petition Debt |
|---|---|---|---|
| 0 -30 Days | | | |
| 31-60 Days | | | |
| 61-90 Days | | | |
| 91+ Days | | | $0 |
| Total accounts receivable/payable | $0 | $0 | |
| Allowance for doubtful accounts | | | |
| Accounts receivable (net) | $0 | | |

Schedule B
Inventory/Cost of Goods Sold
Not Applicable to Real Estate Cases

Schedule C
Real Property

| Description | Cost | Market Value |
|---|---|---|
| 32 PROPERTIES PER SCHEDULES PG3 (1) THROUGH (4) | $7,085,450 | $10,391,485 |
| | | |
| | | |
| | | |
| | | |
| Total | $7,085,450 | $10,391,485 |

Schedule D
Other Depreciable Assets

| Description | Cost | Market Value |
|---|---|---|
| Machinery & Equipment - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Furniture & Fixtures - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Office Equipment - | | |
| | | |
| | | |
| Total | $0 | $0 |
| Leasehold Improvements - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Vehicles - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |

Revised 1/1/98

Schedule E
**Aging of Post-Petition Taxes**
(As of End of the Current Reporting Period)

| Taxes Payable | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | Total |
|---|---|---|---|---|---|
| **Federal** | | | | | |
| Income Tax Withholding | | | | | $0 |
| FICA - Employee | | | | | $0 |
| FICA - Employer | | | | | $0 |
| Unemployment (FUTA) | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total Federal Taxes** | $0 | $0 | $0 | $0 | $0 |
| **State and Local** | | | | | |
| Income Tax Withholding | | | | | $0 |
| Unemployment (UT) | | | | | $0 |
| Disability Insurance (DI) | | | | | $0 |
| Empl. Training Tax (ETT) | | | | | $0 |
| Sales | | | | | $0 |
| Excise | | | | | $0 |
| Real property | | | | | $0 |
| Personal property | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total State & Local Taxes** | $0 | $0 | $0 | $0 | $0 |
| **Total Taxes** | $0 | $0 | $0 | $0 | $0 |

Schedule F
**Pre-Petition Liabilities**

| List Total Claims For Each Classification - | Claimed Amount | Allowed Amount (b) |
|---|---|---|
| Secured claims  (a) | $9,805,265 | $9,805,265 |
| Priority claims other than taxes | | |
| Priority tax claims | | |
| General unsecured claims | $748,978 | $748,978 |

(a)    List total amount of claims even it under secured.

(b)    Estimated amount of claim to be allowed after compromise or litigation. As an example, you are a defendant in a lawsuit alleging damage of $10,000,000 and a proof of claim is filed in that amount. You believe that you can settle the case for a claim of $3,000,000. For Schedule F reporting purposes you should list $10,000,000 as the Claimed Amount and $3,000,000 as the Allowed Amount.

**Schedule G**
**Rental Income Information**

<u>List the Rental Information Requested Below By Properties</u>

| Description of Property | Property 1 ASPEN GLOW | Property 2 AVE CORTES | Property 3 BRIDGEFIELD | Property 4 CLOVERDALE |
|---|---|---|---|---|
| Scheduled Gross Rents | 1990 | 1585 | 1405 | 2150 |
| Less: | | | | |
|    Vacancy Factor | | | | |
|    Free Rent Incentives | | | | |
|    Other Adjustments | $0 | | | $0 |
| | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,990 | $1,585 | $1,405 | $2,150 |
| Less:  Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,990 | $1,585 | $1,405 | $2,150 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | US BANK | | | |
| Account Type | CHECKING | | | |
| Account No. | ……..223877 | | | |
| Account Purpose | ALL LLC INCOME | | | |
| Balance, End of Month | $11,550 | | | |
| Total Funds on Hand for all Accounts | $11,550 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

**Schedule G**
**Rental Income Information**

List the Rental Information Requested Below By Properties

| Description of Property | Property 5 DESERT CANYO | Property 6 DISCOVERY CRI | Property 7 ECHO FALLS | Property 8 FEATHER RIVER |
|---|---|---|---|---|
| Scheduled Gross Rents | 1850 | 1510 | 0 | 1550 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | $10 | $65 | | |
| | | | $0 | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,860 | $1,575 | $0 | $1,550 |
| Less:   Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,860 | $1,575 | $0 | $1,550 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

List the Rental Information Requested Below By Properties

| Description of Property | Property 9 MISTY MORNING | Property 10 OSTRICH FERN | Property 11 PUMPKIN PATC | Property 12 SPLINTER ROCK |
|---|---|---|---|---|
| Scheduled Gross Rents | 2045 | 1633 | 1545 | 1730 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,045 | $1,633 | $1,545 | $1,730 |
| Less:   Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $2,045 | $1,633 | $1,545 | $1,730 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

**Schedule G**
**Rental Income Information**

List the Rental Information Requested Below By Properties

| Description of Property | Property 13 SURREY MEADO | Property 14 SWEET LEILANI | Property 15 BRENTLY | Property 16 CANYON GREEN |
|---|---|---|---|---|
| Scheduled Gross Rents | 2030 | 1650 | 1475 | 3000 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | $172 | | |
| PAID PRIOR MONTH | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,030 | $1,822 | $1,475 | $3,000 |
| Less:   Rents Receivable  * | | | | |
| Scheduled Net Rents Collected  * | $2,030 | $1,822 | $1,475 | $3,000 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

## Schedule G
### Rental Income Information

**List the Rental Information Requested Below By Properties**

| | Property 17 | Property 18 | Property 19 | Property 20 |
|---|---|---|---|---|
| Description of Property | CHELTENHAM | EMPIRE MINE | GOLDEN HAWK | LA MADRE WAY |
| Scheduled Gross Rents | 1605 | 1385 | 1500 | 1650 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,605 | $1,385 | $1,500 | $1,650 |
| Less:  Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,605 | $1,385 | $1,500 | $1,650 |

\* To be completed by cash basis reporters only.

## Schedule H
### Recapitulation of Funds Held at End of Month

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

## Schedule G
### Rental Income Information

| Description of Property | Property #<br>LAMBERT | Property #<br>MANZANITA RANCE | Property #<br>MARATHON |
|---|---|---|---|
| Scheduled Gross Rents | 1888 | 1695 | 1630 |
| Less: | | | |
| Vacancy Factor | 1888 | | |
| Free Rent Incentives | | | |
| Other Adjustments | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $0 | $1,695 | $1,630 |
| Less:   Rents Receivable * | | | |
| Scheduled Net Rents Collected * | $0 | $1,695 | $1,630 |

\* To be completed by cash basis reporters only.

## Schedule H
### Recapitulation of Funds Held at End of Month

| | Account 1 | Account 2 | Account 3 |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operat

**Property 24**

NEOPOLITAN PL

| |
|---|
| 1750 |
| |
| |
| |
| |
| |
| $1,750 |
| |
| $1,750 |

**Account 4**

ing Report.

**Schedule G**
**Rental Income Information**

List the Rental Information Requested Below By Properties

| Description of Property | Property 25 PEACEFUL CANYON | Property 26 RIDGETREE AVE | Property 27 ROCK CREEK LN |
|---|---|---|---|
| Scheduled Gross Rents | 1630 | 1255 | 1605 |
| Less: | | | |
| Vacancy Factor | | | |
| Free Rent Incentives | | | |
| Other Adjustments | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $1,630 | $1,255 | $1,605 |
| Less:   Rents Receivable  * | | | |
| Scheduled Net Rents Collected  * | $1,630 | $1,255 | $1,605 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

| **Property 28** |
| --- |
| SADDLE HORN DR |
| 1405 |
| |
| |
| |
| |
| $1,405 |
| |
| $1,405 |

| **Account 4** |
| --- |
| |
| |
| |
| |
| |

ting Report.

Schedule G
Rental Income Information

List the Rental Information Requested Below By Properties

| Description of Property | Property 29 SAN ARDO PL | Property 30 SIERRA SUMMIT | Property 31 STORMY VALLEY |
|---|---|---|---|
| Scheduled Gross Rents | 1465 | 1920 | 1570 |
| Less: | | | |
| Vacancy Factor | | | 1570 |
| Free Rent Incentives | | | |
| Other Adjustments | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $1,465 | $1,920 | $0 |
| Less:   Rents Receivable  * | | | |
| Scheduled Net Rents Collected  * | $1,465 | $1,920 | $0 |

*  To be completed by cash basis reporters only.

Schedule H
Recapitulation of Funds Held at End of Month

| | Account 1 | Account 2 | Account 3 |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

**Property 32**

VIA DI AUTOSTRADA

1650

$1,650

$1,650

**Account 4**

ting Report.

## STATEMENT OF CASH RECEIPTS AND DISBURSEMENTS
### Increase/(Decrease) in Cash and Cash Equivalents
For the Month Ended _____ 10/31/2019 0:00

| | | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| **Cash Receipts** | | | |
| 1 | Rent/Leases Collected | $49,540 | $845,660 |
| 2 | Cash Received from Sales | | |
| 3 | Interest Received | | |
| 4 | Borrowings | $0 | $3,000 |
| 5 | Funds from Shareholders, Partners, or Other Insiders | | |
| 6 | Capital Contributions | | |
| 7 | RETURN OF REPAIR RESERVES | $0 | $15,720 |
| 8 | REFUND OF BANK FEES | | $348 |
| 9 | LLC MEMBER CONTRIBUTION | $0 | $53,500 |
| 10 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 11 | OTHER: MISC. INCOME (INSURANCE $110585) | $0 | $110,903 |
| 12 | **Total Cash Receipts** | $49,540 | $1,030,501 |
| **Cash Disbursements** | | | |
| 13 | Selling | | |
| 14 | Administrative | $0 | $20,013 |
| 15 | Capital Expenditures | $0 | $600 |
| 16 | Principal Payments on Debt | | |
| 17 | Interest Paid | | |
| | Rent/Lease: | | |
| 18 | Personal Property | | |
| 19 | Real Property | | |
| | Amount Paid to Owner(s)/Officer(s) | | |
| 20 | Salaries | | |
| 21 | Draws | | |
| 22 | Commissions/Royalties | | |
| 23 | Expense Reimbursements | | |
| 24 | Other | | |
| 25 | Salaries/Commissions (less employee withholding) | $0 | $1,150 |
| 26 | Management Fees | $14,382 | $246,824 |
| | Taxes: | | |
| 27 | Employee Withholding | | |
| 28 | Employer Payroll Taxes | | |
| 29 | Real Property Taxes | $28,333 | $48,570 |
| 30 | Other Taxes | | |
| 31 | Other Cash Outflows: | | |
| 32 | OTHER GENERAL EXPENSES | $4,595 | $75,618 |
| 33 | MORTGAGES PAID | $23,636 | $387,323 |
| 34 | INSURANCE ON PROPERTIES | $922 | $68,362 |
| 35 | REPAIRS AND MAINTENANCE | $14,055 | $198,389 |
| 36 | PROPERTY UTILITIES | $2,042 | $27,002 |
| 37 | **Total Cash Disbursements:** | $87,965 | $1,073,851 |
| 38 | **Net Increase (Decrease) in Cash** | ($38,425) | ($43,350) |
| 39 | **Cash Balance, Beginning of Period** | $49,975 | |
| 40 | **Cash Balance, End of Period** | $11,550 | |

Revised 1/1/98

## STATEMENT OF CASH FLOWS
### (Optional) Increase/(Decrease) in Cash and Cash Equivalents
For the Month Ended _____ 10/31/2019

| | Cash Flows From Operating Activities | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| 1 | Cash Received from Sales | | |
| 2 | Rent/Leases Collected | $49,540 | $845,660 |
| 3 | Interest Received | | |
| 4 | Cash Paid for Development of Real Estate | | |
| 5 | Cash Paid for Operation of Real Estate | $86,340 | $1,065,076 |
| 6 | Cash Paid for Administrative Expenses | | |
| | Cash Paid for Rents/Leases: | | |
| 7 | Personal Property | | |
| 8 | Real Property | | |
| 9 | Cash Paid for Interest | | |
| 10 | Cash Paid for Net Payroll and Benefits | | |
| | Cash Paid to Owner(s)/Officer(s) | | |
| 11 | Salaries | | |
| 12 | Draws | | |
| 13 | Commissions/Royalties | | |
| 14 | Expense Reimbursements | | |
| 15 | Other | | |
| | Cash Paid for Taxes Paid/Deposited to Tax Acct. | | |
| 16 | Employer Payroll Tax | | |
| 17 | Employee Withholdings | | |
| 18 | Real Property Taxes | | |
| 19 | Other Taxes | | |
| 20 | Cash Paid for General Expenses | | |
| 21 | | | |
| 22 | CASH REFUNDED FROM JUNE REPAIR RESERVE | $0 | $15,720 |
| 23 | BANK FEES REFUNDED | $0 | $348 |
| 24 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 25 | MISC. INCOME | $0 | $110,903 |
| 26 | | | |
| 27 | **Net Cash Provided (Used) by Operating Activities before Reorganization Items** | ($36,800) | ($91,075) |
| | **Cash Flows From Reorganization Items** | | |
| 28 | Interest Received on Cash Accumulated Due to Chp 11 Case | | |
| 29 | Professional Fees Paid for Services in Connection with Chp 11 Case | $70,029 | $90,029 |
| 30 | U.S. Trustee Quarterly Fees | $1,625 | $8,775 |
| 31 | | | |
| 32 | **Net Cash Provided (Used) by Reorganization Items** | ($71,654) | ($98,804) |
| 33 | **Net Cash Provided (Used) for Operating Activities and Reorganization Items** | ($108,454) | ($189,879) |
| | **Cash Flows From Investing Activities** | | |
| 34 | Capital Expenditures | | |
| 35 | Proceeds from Sales of Capital Goods due to Chp 11 Case | | |
| 36 | | | |
| 37 | **Net Cash Provided (Used) by Investing Activities** | $0 | $0 |
| | **Cash Flows From Financing Activities** | | |
| 38 | Net Borrowings (Except Insiders) | | |
| 39 | Net Borrowings from Shareholders, Partners, or Other Insiders | $70,029 | $123,529 |
| 40 | Capital Contributions | | |
| 41 | Principal Payments | | |
| 42 | LOAN FROM KE ALOHA HOLDINGS LLC | $0 | $3,000 |
| 43 | **Net Cash Provided (Used) by Financing Activities** | $70,029 | $126,529 |
| 44 | **Net Increase (Decrease) in Cash and Cash Equivalents** | ($38,425) | ($63,350) |
| 45 | **Cash and Cash Equivalents at Beginning of Month** | $49,975 | |
| 46 | **Cash and Cash Equivalents at End of Month** | $11,550 | |

Revised 1/1/98

Case 18-12734-mkn    Doc 606    Entered 11/26/19 16:26:33    Page 21 of 28

**U.S. bank**

Business Statement

P.O. Box 1800
Saint Paul, Minnesota 55101-0800

Account Number:
3877

4552          207          S          Y          ST01

Statement Period:
Oct 1, 2019
through
Oct 31, 2019

Page 1 of 6

000000733 02 SP     000638253227075 P
ESTATE OF SCHULTE PROPERTIES LLC
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE.2 # 351
8911 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519



☎                                    *To Contact U.S. Bank*

**24-Hour Business**
**Solutions:**                        *1-800-673-3555*

*U.S. Bank accepts Relay Calls*

*Internet:*                           *usbank.com*

Effective November 11, 2019, the *"Your Deposit Account Agreement"* booklet will include updates that may affect your rights. The main updates to note in the revised *"Your Deposit Account Agreement"* booklet sections, and sub sections include:

- Update *Online and Mobile Financial Services Agreement* document title to *Digital Services Agreement*
- Addition of Applicable Law section
- Owner's Authority section
  - Update to owner authorized actions
- Deposits section, Foreign Currency sub-section
  - Clarification on the foreign currency deposit process
- Returned Deposited and Cashed Items section
  - Clarification on the assessment of fees
- Insufficient Funds and Overdraft section
  - Available Balance and Insufficient Funds sub-sections
    - Clarification of pending merchant transactions regarding posting and impact to available balances
  - Our Fees sub-section
    - Extended overdraft fees are suspended during fraud investigations
- Closing Your Account section
  - Clarification on actions associated with closing your account
- S.T.A.R.T Goals and Rewards section
  - Removal of the Think Twice[SM] Savings feature option
- U.S. Bank Consumer Reserve Line Agreement section
  - Interest Charges and Fees sub-section
    - Change to Late Payment Fee language

Starting November 11, download a copy of the revised booklet at **usbank.com/tmtermsandconditions**. You may also call your customer service team at the phone number listed at the top of this statement to request a copy.

## PREMIUM BUSINESS CHECKING

*Member FDIC*

U.S. Bank National Association

**Account Summary**

Account Number 3877

|                              | # Items |   |            |
| ---------------------------- | ------- | - | ---------- |
| Beginning Balance on Oct 1   |         | $ | 49,975.00  |
| Customer Deposits            | 31      |   | 49,539.89  |
| Card Withdrawals             | 44      |   | 5,572.62-  |
| Other Withdrawals            | 1       |   | 131.44-    |
| Checks Paid                  | 176     |   | 82,261.12- |
| **Ending Balance on Oct 31, 2019** | | $ | 11,549.71  |

## Customer Deposits

| Number | Date  | Ref Number | Amount   | Number | Date  | Ref Number | Amount   |
| ------ | ----- | ---------- | -------- | ------ | ----- | ---------- | -------- |
|        | Oct 1 | 8357977861 | 171.89   |        | Oct 1 | 8357977569 | 1,605.00 |
|        | Oct 1 | 8357977863 | 1,255.00 |        | Oct 1 | 8357977567 | 1,630.00 |
|        | Oct 1 | 8357977559 | 1,385.00 |        | Oct 1 | 8357977563 | 1,630.00 |
|        | Oct 1 | 8357977571 | 1,405.00 |        | Oct 1 | 8357977575 | 1,650.00 |
|        | Oct 1 | 8357977869 | 1,475.00 |        | Oct 1 | 8357977561 | 1,650.00 |
|        | Oct 1 | 8357977867 | 1,605.00 |        | Oct 1 | 8357977573 | 1,730.00 |



**BALANCE YOUR ACCOUNT**

To keep track of all your transactions, you should balance your account every month. Please examine this statement immediately. We will assume that the balance and transactions shown are correct unless you notify us of an error.

**Outstanding Deposits**

| DATE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
| TOTAL | $ |

**Outstanding Withdrawals**

| DATE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL | $ |

1. List any deposits that do not appear on your statement in the Outstanding Deposits section at the left. Record the total.

2. Check off in your checkbook register all checks, withdrawals (including Debit Card and ATM) and automatic payments that appear on your statement. Withdrawals that are NOT checked off should be recorded in the Outstanding Withdrawals section at the left. Record the total.

3. Enter the ending balance shown on this statement. $_____

4. Enter the total deposits recorded in the Outstanding Deposits section. $_____

5. Total lines 3 and 4. $_____

6. Enter the total withdrawals recorded in the Outstanding Withdrawals section. $_____

7. Subtract line 6 from line 5. This is your balance. $_____

8. Enter in your register and subtract from your register balance any checks, withdrawals or other debits (including fees, if any) that appear on your statement but have not been recorded in your register.

9. Enter in your register and add to your register balance any deposits or other credits (including interest, if any) that appear in your statement but have not been recorded in your register.

10. The balance in your register should be the same as the balance shown in #7. If it does not match, review and check all figures used, and check the addition and subtraction in your register. If necessary, review and balance your statement from the previous month.

**IMPORTANT DISCLOSURES TO OUR CONSUMER CUSTOMERS**

**In Case of Errors or Questions About Your Checking, Savings, ATM, Debit Card, ACH, Bill Pay and Other Electronic Transfers**

If you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt, we must hear from you no later than 60 days* after we sent you the FIRST statement on which the error or problem appeared. Telephone us at the number listed on the front of this statement or write to us at U.S. Bank, EP-MN-WS5D, 60 Livingston Ave., St. Paul, MN 55107.

• Tell us your name and account number.
• Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
• Tell us the dollar amount of the suspected error.

We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, we may take up to 45 days to investigate your complaint. For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.
  *Please note: Paper draft and paper check claims must be disputed within 30 days per Your Deposit Account Agreement.

**IMPORTANT DISCLOSURES TO OUR BUSINESS CUSTOMERS**

Errors related to any transaction on a business account will be governed by any agreement between us and/or all applicable rules and regulations governing such transactions, including the rules of the National Automated Clearing House Association (NACHA Rules) as may be amended from time to time. If you think this statement is wrong, please telephone us at the number listed on the front of this statement immediately.

**CONSUMER BILLING RIGHTS SUMMARY REGARDING YOUR RESERVE LINE**

*What To Do If You Think You Find A Mistake on Your Statement*

If you think there is an error on your statement, write to us at:
U.S. Bank, P.O. Box 3528, Oshkosh, WI 54903-3528.
In your letter, give us the following information:

• *Account information:* Your name and account number.
• *Dollar Amount:* The dollar amount of the suspected error.
• *Description of problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors *in writing.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:

• We cannot try to collect the amount in question, or report you as delinquent on that amount.
• The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit.

**Reserve Line Balance Computation Method:** To determine your **Balance Subject to Interest Rate**, use the dates and balances provided in the Reserve Line Balance Summary section. The date next to the first Balance Subject to Interest is day one for that balance and is applicable up to (but not including) the date of the next balance (if there is one). We multiply the Balance Subject to Interest by the number of days it is applicable and add them up to get the same number of days in the billing cycle. We then divide the result by the number of billing days in the cycle. This is your **Balance Subject to Interest Rate**. Any unpaid interest charges and unpaid fees are not included in the Balance Subject to Interest. The ***INTEREST CHARGE*** begins from the date of each advance.

**REPORTS TO AND FROM CREDIT BUREAUS FOR RESERVE LINES**

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**CONSUMER REPORT DISPUTES**

We may report information about account activity on consumer and small business deposit accounts and consumer reserve lines to Consumer Reporting Agencies (CRA). As a result, this may prevent you from obtaining services at other financial institutions. If you believe we have inaccurately reported information to a CRA, you may submit a dispute by calling 844.624.8230 or by writing to: U.S. Bank Attn: Consumer Bureau Dispute Handling (CBDH), P.O. Box 3447, Oshkosh, WI 54903-3447. In order for us to assist you with your dispute, you must provide: your name, address and phone number; the account number; the specific information you are disputing; the explanation of why it is incorrect; and any supporting documentation (e.g., affidavit of identity theft), if applicable.


EQUAL HOUSING LENDER

Member FDIC

Case 18-12734-mkn    Doc 606    Entered 11/26/19 16:26:33    Page 28 of 88

**US bank.**

Business Statement

CORPORATE PERSONAL
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV  89117-7519

Account Number:
3877
Statement Period:
Oct 1, 2019
through
Oct 31, 2019



Page 2 of 6

## PREMIUM BUSINESS CHECKING                                           (CONTINUED)

U.S. Bank National Association                                    Account Number 3877

### Customer Deposits (continued)

| Number | Date | Ref Number | Amount | Number | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| | Oct 1 | 8357977555 | 1,990.00 | | Oct 3 | 8955212460 | 1,545.00 |
| | Oct 1 | 8357977577 | 2,030.00 | | Oct 3 | 8955212452 | 1,550.00 |
| | Oct 1 | 8357977565 | 2,045.00 | | Oct 3 | 8955212457 | 1,695.00 |
| | Oct 1 | 8357977985 | 2,150.00 | | Oct 4 | 9256186324 | 1,285.00 |
| | Oct 1 | 8357977557 | 3,000.00 | | Oct 4 | 9256186320 | 1,650.00 |
| | Oct 2 | 8655676877 | 1,465.00 | | Oct 4 | 9256186322 | 1,860.00 |
| | Oct 2 | 8655676875 | 1,633.00 | | Oct 8 | 8357850311 | 1,750.00 |
| | Oct 2 | 8655676879 | 1,920.00 | | Oct 9 | 8655458582 | 1,575.00 |
| | Oct 3 | 8955212450 | 1,405.00 | | Oct 10 | 8954989754 | 300.00 |
| | Oct 3 | 8955212454 | 1,500.00 | | | | | |

**Total Customer Deposits          $          49,539.89**

### Card Withdrawals

Card Number: xxxx-xxxx-xxxx-0933

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Oct 1 | Debit Purchase - VISA<br>LOWES #01836*<br>************0933 | On 093019 LAS VEGAS NV<br>REF # 2469216927310027741199 | 3100277411 | $          90.76- |
| Oct 1 | Debit Purchase - VISA<br>COSTCO WHSE #067<br>************0933 | On 093019 HENDERSON NV<br>REF # 2443106927489800061193 | 4896000051 | 324.74- |
| Oct 2 | Debit Purchase - VISA<br>LOWES #01033*<br>************0933 | On 093019 HENDERSON NV<br>REF # 2469216927410072356875 | 4100723388 | 20.85- |
| Oct 2 | Debit Purchase - VISA<br>LOWES #01703*<br>************0933 | On 093019 LAS VEGAS NV<br>REF # 2469216927410072242542 | 4100722942 | 1,332.46- |
| Oct 3 | Debit Purchase - VISA<br>LOWES #01033*<br>************0933 | On 100219 HENDERSON NV<br>REF # 2469216927510075690505 7 | 5100756905 | 136.83- |
| Oct 3 | Debit Purchase - VISA<br>LOWES #01033*<br>************0933 | On 100219 HENDERSON NV<br>REF # 2469216927510075690504 0 | 5100756905 | 243.93- |
| Oct 3 | Debit Purchase - VISA<br>LOWES #02721*<br>************0933 | On 100119 NORTH LAS VE NV<br>REF # 2469216927510046261752 5 | 5100462617 | 248.00- |
| Oct 3 | Debit Purchase - VISA<br>LOWES #02477*<br>************0933 | On 100119 LAS VEGAS NV<br>REF # 2469216927510046267005 2 | 5100462670 | 289.41- |
| Oct 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014047 | 8001523014 | 6.85- |
| Oct 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014120 | 8001523014 | 6.85- |
| Oct 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014203 | 8001523014 | 6.85- |
| Oct 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014385 | 8001523014 | 6.85- |
| Oct 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014468 | 8001523014 | 6.85- |

**US bank.**  CORPORATE TRUST SERVICES  Statement

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519

Account Number:
████████3877
Statement Period:
Oct 1, 2019
through
Oct 31, 2019

Page 3 of 6

## PREMIUM BUSINESS CHECKING                           (CONTINUED)

U.S. Bank National Association                          Account Number █████-3877

**Card Withdrawals (continued)**
Card Number: xxxx-xxxx-xxxx-0933

| Date | | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|---|
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014534 | 8001523014 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014617 | 8001523014 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014799 | 8001523014 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014872 | 8001523014 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523014955 | 8001523014 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015036 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015119 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015291 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015374 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015457 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015523 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015606 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2413746927801523015788 | 8001523015 | 6.85- |
| Oct | 7 | Debit Purchase - VISA<br>LOWES #02271*<br>************0933 | On 100619 LAS VEGAS NV<br>REF # 2469216928010599685794 | 0100599685 | 69.22- |
| Oct | 7 | Debit Purchase - VISA<br>LOWES #01836*<br>************0933 | On 100419 LAS VEGAS NV<br>REF # 2469216927100034121103 | 7100034121 | 85.94- |
| Oct | 7 | Debit Purchase - VISA<br>LOWES #01703*<br>************0933 | On 100619 LAS VEGAS NV<br>REF # 2469216927910035490309 | 9100354903 | 86.28- |
| Oct | 7 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 100319 LAS VEGAS NV<br>REF # 2461043927701018848932 | 7010188489 | 100.65- |
| Oct | 7 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 100619 LAS VEGAS NV<br>REF # 2469216927910035539818 | 9100355398 | 127.58- |



**U.S. bank.** Business Statement

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519

Account Number:
███████3877
Statement Period:
Oct 1, 2019
through
Oct 31, 2019

Page 4 of 8

U.S. Bank National Association
**Card Withdrawals (continued)**
Card Number xxxx-xxxx-xxxx-0933

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Oct 7 | Debit Purchase - VISA LOWES #02271* ************0933 | On 100619 LAS VEGAS NV REF # 2469216928010056958691 | 0100569685 | 152.32- |
| Oct 8 | Debit Purchase - VISA LOWES #01719* ************0933 | On 100719 LAS VEGAS NV REF # 2469216928010093871053 | 0100938711 | 34.81- |
| Oct 8 | Debit Purchase - VISA LOWES #01719* ************0933 | On 100719 LAS VEGAS NV REF # 2469216928010093871058 | 0100938711 | 76.74- |
| Oct 8 | Debit Purchase - VISA THE HOME DEPOT # ************0933 | On 100819 LAS VEGAS NV REF # 2461043928010194461982 | 0010194461 | 149.14- |
| Oct 9 | Debit Purchase - VISA THE HOME DEPOT # ************0933 | On 100719 LAS VEGAS NV REF # 2461043928101018580498 | 1010185804 | 18.14- |
| Oct 9 | Debit Purchase - VISA LOWES #01620* ************0933 | On 100819 LAS VEGAS NV REF # 2469216928110056942832 | 1100569428 | 69.38- |
| Oct 9 | Debit Purchase - VISA LOWES #02721* ************0933 | On 100819 NORTH LAS VE NV REF # 2469216928210083629143 | 2100836291 | 104.35- |
| Oct 9 | Debit Purchase - VISA THE HOME DEPOT 3 ************0933 | On 100719 LAS VEGAS NV REF # 2469216928110040845915 | 1100408459 | 268.94- |
| Oct 9 | Debit Purchase - VISA LOWES #02477* ************0933 | On 100819 LAS VEGAS NV REF # 2469216928210083634884 | 2100836348 | 295.57- |
| Oct 10 | Debit Purchase - VISA THE HOME DEPOT # ************0933 | On 100819 LAS VEGAS NV REF # 2461043928201018584248 | 2010185842 | 180.80- |
| Oct 11 | Debit Purchase - VISA LOWES #01639* ************0933 | On 100919 LAS VEGAS NV REF # 2469216928310043988098 | 3100439880 | 80.38- |
| Oct 21 | Debit Purchase - VISA COSTCO WHSE #068 ************0933 | On 101819 LAS VEGAS NV REF # 2443106929289800007949 | 2898000079 | 97.39- |
| Oct 31 | Debit Purchase - VISA LOWES #01836* ************0933 | On 103019 LAS VEGAS NV REF # 2469216930310019745708 | 3100197457 | 767.91- |

|  |  | | |
|---|---|---|---|
| | **Card 0933 Withdrawals Subtotal** | $ | 5,572.62- |
| | **Total Card Withdrawals** | $ | 5,572.62- |

**Other Withdrawals**

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Oct 15 | Analysis Service Charge | | 1500000000 | $ 131.44- |
| | **Total Other Withdrawals** | | $ | 131.44- |

**Checks Presented Conventionally**

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| 11563 | Oct 1 | 8356140300 | 3,565.36 | 11570 | Oct 1 | 8356140302 | 461.11 |
| 11564 | Oct 1 | 8356140299 | 530.28 | 11571 | Oct 1 | 8356140271 | 458.87 |
| 11565 | Oct 1 | 8356140298 | 514.14 | 11572 | Oct 1 | 8356140272 | 453.61 |
| 11567* | Oct 1 | 8356140297 | 495.55 | 11573 | Oct 1 | 8356140296 | 444.27 |
| 11569* | Oct 1 | 8356140301 | 461.21 | 11574 | Oct 1 | 8356140295 | 408.13 |

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519

Account Number:
XXXX3877
Statement Period:
Oct 1, 2019
through
Oct 31, 2019

Page 5 of 6

## PREMIUM BUSINESS CHECKING    (CONTINUED)

U.S. Bank National Association    **Account Number** XXXX3877

**Checks Presented Conventionally (continued)**

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| 11575 | Oct 1 | 8356140294 | 398.86 | 11735 | Oct 10 | 8954118251 | 191.00 |
| 11576 | Oct 1 | 8356140293 | 378.19 | 11736 | Oct 10 | 8954118250 | 40.00 |
| 11577 | Oct 1 | 8356140292 | 374.60 | 11737 | Oct 23 | 8655027205 | 70.00 |
| 11578 | Oct 1 | 8356140291 | 370.63 | 11738 | Oct 8 | 8356734721 | 58.00 |
| 11579 | Oct 1 | 8356140290 | 362.63 | 11739 | Oct 10 | 8955213742 | 50.00 |
| 11580 | Oct 1 | 8356140289 | 346.04 | 11740 | Oct 7 | 8058329746 | 50.00 |
| 11581 | Oct 1 | 8356140288 | 340.08 | 11741 | Oct 7 | 8058329747 | 50.00 |
| 11582 | Oct 1 | 8356140273 | 336.56 | 11742 | Oct 7 | 8058329745 | 50.00 |
| 11583 | Oct 1 | 8356140274 | 335.79 | 11743 | Oct 7 | 8058329748 | 50.00 |
| 11585* | Oct 1 | 8356140275 | 327.08 | 11744 | Oct 7 | 8058329749 | 50.00 |
| 11586 | Oct 1 | 8356140276 | 323.80 | 11746* | Oct 15 | 8450441752 | 932.43 |
| 11587 | Oct 1 | 8356140287 | 304.93 | 11747 | Oct 15 | 8450441753 | 721.85 |
| 11588 | Oct 1 | 8356140277 | 302.21 | 11748 | Oct 15 | 8450441757 | 441.76 |
| 11589 | Oct 1 | 8356140286 | 301.20 | 11749 | Oct 15 | 8450441755 | 395.60 |
| 11591* | Oct 1 | 8356140285 | 270.63 | 11750 | Oct 15 | 8450441756 | 393.03 |
| 11592 | Oct 1 | 8356140284 | 250.87 | 11751 | Oct 15 | 8450441754 | 372.75 |
| 11593 | Oct 1 | 8356140283 | 200.36 | 11752 | Oct 10 | 8955232393 | 534.17 |
| 11611* | Oct 4 | 9253138613 | 485.00 | 11753 | Oct 10 | 8953672382 | 522.64 |
| 11692* | Oct 4 | 9250301662 | 200.00 | 11754 | Oct 8 | 8355229547 | 788.08 |
| 11693 | Oct 21 | 8053830697 | 75.00 | 11755 | Oct 23 | 8655305392 | 135.69 |
| 11697* | Oct 4 | 9254778172 | 2,002.00 | 11756 | Oct 8 | 8357045039 | 602.72 |
| 11698 | Oct 3 | 8954513027 | 44.91 | 11757 | Oct 9 | 8655859542 | 760.36 |
| 11699 | Oct 3 | 8954513026 | 44.53 | 11758 | Oct 10 | 8950887535 | 692.72 |
| 11700 | Oct 3 | 8954513021 | 44.53 | 11759 | Oct 7 | 8059213045 | 572.91 |
| 11701 | Oct 3 | 8954513017 | 44.53 | 11760 | Oct 15 | 8356183301 | 551.14 |
| 11702 | Oct 3 | 8954513018 | 44.53 | 11761 | Oct 21 | 8055160987 | 657.20 |
| 11703 | Oct 3 | 8954513022 | 44.53 | 11762 | Oct 23 | 8653368917 | 602.49 |
| 11704 | Oct 3 | 8954513024 | 44.53 | 11763 | Oct 21 | 8055160988 | 559.24 |
| 11705 | Oct 3 | 8954513020 | 44.53 | 11764 | Oct 10 | 8954395224 | 887.52 |
| 11706 | Oct 3 | 8954513025 | 44.53 | 11765 | Oct 10 | 8954395225 | 676.60 |
| 11707 | Oct 3 | 8954513019 | 44.53 | 11766 | Oct 10 | 8954395181 | 557.35 |
| 11708 | Oct 3 | 8954513023 | 43.76 | 11768* | Oct 8 | 8356041379 | 358.13 |
| 11709 | Oct 2 | 8653107724 | 7,147.88 | 11769 | Oct 8 | 8356041377 | 320.08 |
| 11711* | Oct 17 | 8954061736 | 544.00 | 11770 | Oct 8 | 8356041378 | 818.33 |
| 11712 | Oct 17 | 8953199243 | 63.97 | 11771 | Oct 8 | 8356041380 | 708.60 |
| 11713 | Oct 17 | 8953199244 | 63.97 | 11772 | Oct 16 | 8656167569 | 591.75 |
| 11714 | Oct 21 | 8057451198 | 59.27 | 11773 | Oct 16 | 8656167570 | 555.37 |
| 11715 | Oct 21 | 8057451174 | 59.27 | 11774 | Oct 16 | 8656167571 | 500.12 |
| 11716 | Oct 21 | 8057451161 | 59.27 | 11775 | Oct 16 | 8656167568 | 470.92 |
| 11717 | Oct 21 | 8057451172 | 59.27 | 11776 | Oct 16 | 8656167567 | 467.00 |
| 11718 | Oct 21 | 8057451168 | 59.27 | 11777 | Oct 16 | 8656167572 | 410.31 |
| 11719 | Oct 21 | 8057451165 | 59.27 | 11778 | Oct 15 | 8356176077 | 5,458.82 |
| 11720 | Oct 21 | 8057451160 | 59.27 | 11779 | Oct 8 | 8357095915 | 568.72 |
| 11721 | Oct 21 | 8057451163 | 59.27 | 11780 | Oct 8 | 8357096727 | 49.24 |
| 11722 | Oct 17 | 8955045001 | 325.00 | 11781 | Oct 4 | 9252747821 | 5,714.50 |
| 11723 | Oct 17 | 8953281625 | 105.00 | 11782 | Oct 10 | 8952592470 | 809.16 |
| 11724 | Oct 7 | 8058744156 | 160.00 | 11783 | Oct 10 | 8952592469 | 529.07 |
| 11725 | Oct 8 | 8355259984 | 50.00 | 11784 | Oct 28 | 8054231672 | 400.00 |
| 11726 | Oct 8 | 8356734722 | 205.00 | 11785 | Oct 15 | 8356212822 | 1,305.00 |
| 11727 | Oct 7 | 8058743632 | 405.00 | 11786 | Oct 21 | 8057451166 | 100.64 |
| 11728 | Oct 8 | 8355259974 | 35.00 | 11787 | Oct 21 | 8057451171 | 65.35 |
| 11729 | Oct 11 | 9254945458 | 28.75 | 11788 | Oct 21 | 8057451164 | 65.35 |
| 11730 | Oct 7 | 8058742970 | 63.00 | 11789 | Oct 21 | 8057451170 | 59.27 |
| 11731 | Oct 7 | 8058742969 | 63.00 | 11790 | Oct 21 | 8057451167 | 57.29 |
| 11732 | Oct 8 | 8356734754 | 112.00 | 11791 | Oct 21 | 8057451169 | 38.10 |
| 11733 | Oct 8 | 8355259985 | 40.00 | 11792 | Oct 21 | 8057451173 | 33.51 |
| 11734 | Oct 8 | 8355259986 | 40.00 | 11793 | Oct 21 | 8057451159 | 26.62 |

Case 18-12734-mkn    Doc 606    Entered 11/26/19 16:26:33    Page 23 of 28

**US bank.**

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519

Statement

Account Number:
3877
Statement Period:
Oct 1, 2019
through
Oct 31, 2019

Page 6 of 8



**PREMIUM BUSINESS CHECKING** (CONTINUED)

U.S. Bank National Association                                    Account Number 3877

## Checks Presented Conventionally (continued)

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| 11794 | Oct 21 | 8057451162 | 5.22 | 11823 | Oct 18 | 9254579472 | 461.21 |
| 11795 | Oct 16 | 8667704392 | 2,030.00 | 11824 | Oct 18 | 9254579467 | 461.11 |
| 11796 | Oct 21 | 8051673269 | 200.00 | 11825 | Oct 18 | 9254579454 | 455.37 |
| 11797 | Oct 18 | 9255327042 | 46.92 | 11826 | Oct 18 | 9254579469 | 453.61 |
| 11798 | Oct 18 | 9255327039 | 46.92 | 11827 | Oct 18 | 9254579461 | 440.75 |
| 11799 | Oct 18 | 9255327043 | 46.92 | 11828 | Oct 18 | 9254579455 | 404.63 |
| 11800 | Oct 18 | 9255327040 | 46.92 | 11829 | Oct 18 | 9254579487 | 393.38 |
| 11801 | Oct 18 | 9255327041 | 46.92 | 11830 | Oct 18 | 9254579457 | 374.69 |
| 11802 | Oct 18 | 9255327036 | 46.71 | 11831 | Oct 18 | 9254579486 | 371.10 |
| 11803 | Oct 18 | 9255327035 | 46.71 | 11832 | Oct 18 | 9254579464 | 367.13 |
| 11804 | Oct 18 | 9255327037 | 44.76 | 11833 | Oct 18 | 9254579914 | 362.63 |
| 11805 | Oct 18 | 9255327038 | 44.76 | 11834 | Oct 18 | 9254579462 | 342.54 |
| 11806 | Oct 17 | 8953201049 | 83.03 | 11835 | Oct 18 | 9254579456 | 336.58 |
| 11807 | Oct 17 | 8953201048 | 9.39 | 11836 | Oct 18 | 9254579485 | 336.56 |
| 11808 | Oct 17 | 8953201050 | 9.39 | 11837 | Oct 18 | 9254579466 | 335.79 |
| 11812* | Oct 16 | 8655866097 | 2,027.50 | 11838 | Oct 18 | 9254579918 | 326.02 |
| 11813 | Oct 28 | 8053399229 | 75.00 | 11839 | Oct 18 | 9254579915 | 323.80 |
| 11814 | Oct 21 | 8056927377 | 490.00 | 11840 | Oct 18 | 9254579484 | 323.56 |
| 11815 | Oct 21 | 8056927376 | 300.00 | 11841 | Oct 18 | 9254579913 | 303.31 |
| 11816 | Oct 29 | 8356028870 | 1,625.00 | 11842 | Oct 18 | 9254579488 | 301.41 |
| 11817 | Oct 18 | 9254579483 | 3,561.82 | 11843 | Oct 18 | 9254579460 | 298.71 |
| 11818 | Oct 18 | 9254579463 | 526.78 | 11844 | Oct 18 | 9254579453 | 297.70 |
| 11819 | Oct 18 | 9254579485 | 510.62 | 11845 | Oct 18 | 9254579458 | 266.91 |
| 11820 | Oct 18 | 9254579471 | 495.04 | 11846 | Oct 18 | 9254579482 | 247.37 |
| 11821 | Oct 18 | 9254579481 | 492.01 | 11847 | Oct 18 | 9254579459 | 196.88 |
| 11822 | Oct 18 | 9254579470 | 468.53 | 11848 | Oct 18 | 9254579468 | 180.84 |

* Gap in check sequence                          Conventional Checks Paid (176)      $     82,261.12-

## Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|---|---|---|---|---|---|
| Oct 1 | 64,851.40 | Oct 9 | 58,386.77 | Oct 18 | 18,530.14 |
| Oct 2 | 61,168.21 | Oct 10 | 53,015.74 | Oct 21 | 15,225.80 |
| Oct 3 | 67,455.60 | Oct 11 | 52,906.61 | Oct 23 | 14,417.62 |
| Oct 4 | 63,849.10 | Oct 15 | 42,202.79 | Oct 28 | 13,942.62 |
| Oct 7 | 61,589.90 | Oct 16 | 35,149.82 | Oct 29 | 12,317.62 |
| Oct 8 | 58,325.51 | Oct 17 | 33,966.07 | Oct 31 | 11,549.71 |

Balances only appear for days reflecting change.

This page intentionally left blank

EXHIBIT "E"

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: SCHULTE PROPERTIES LLC | **Case No.** _____18-12734-leb_____ |
| | **CHAPTER 11**<br>**MONTHLY OPERATING REPORT**<br>**(REAL ESTATE CASE)** |

### SUMMARY OF FINANCIAL STATUS

**MONTH ENDED:**  JANUARY 31 2020       **PETITION DATE:**   _5/10/2018 0:00_

1.  Debtor in possession (or trustee) hereby submits this Monthly Operating Report on the Accrual Basis of accounting (or if checked here    X
    the Office of the U.S. Trustee or the Court has approved the Cash Basis of Accounting for the Debtor).
    Dollars reported in    _$1_

| | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| 2.  **Asset and Liability Structure** | | | |
| a.  Current Assets | $2,088 | $8,847 | |
| b.  Total Assets | $10,393,573 | $10,400,332 | $10,391,485 |
| c.  Current Liabilities | $136,529 | $126,529 | |
| d.  Total Liabilities | $10,690,772 | $10,680,772 | $10,554,243 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| 3.  **Statement of Cash Receipts & Disbursements for Month** | | | |
| a.  Total Receipts | $73,234 | $56,683 | $1,292,180 |
| b.  Total Disbursements | $84,365 | $59,386 | $1,274,963 |
| c.  Excess (Deficiency) of Receipts Over Disbursements (a - b) | ($11,131) | ($2,703) | $17,217 |
| d.  Cash Balance Beginning of Month | $13,220 | $8,847 | $0 |
| e.  Cash Balance End of Month (c + d) | $2,089 | $13,220 | $17,217 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| 4.  **Profit/(Loss) from the Statement of Operations** | ($11,131) | $47,001 | ($19,075) |
| 5.  **Account Receivables (Pre and Post Petition)** | $0 | $0 | |
| 6.  **Post-Petition Liabilities** | $136,529 | $54,500 | |
| 7.  **Past Due Post-Petition Account Payables (over 30 days)** | $0 | $0 | |

**At the end of this reporting month:**

| | | Yes | No |
|---|---|---|---|
| 8. | Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| 9. | Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| 10. | If the answer is yes to 8 or 9, were all such payments approved by the court? | | |
| 11. | Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | X | |
| 12. | Is the estate insured for replacement cost of assets and for general liability? | X | |
| 13. | Are a plan and disclosure statement on file? | X | |
| 14. | Was there any post-petition borrowing during this reporting period? | X | |

15.  **Check if paid:** Post-petition taxes ___ ;          U.S. Trustee Quarterly Fees  X  ;  Check if filing is current for: Post-petition
     tax reporting and tax returns:  ___ .
     (Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings
     are not current.)

I declare under penalty of perjury I have reviewed the above summary and attached financial statements, and after making reasonable inquiry believe
these documents are correct.

Date:    _2/18/2020 0:00_

_____
Responsible Individual

Revised 1/1/98

CASE #: 18-12734-leb                    **SCHULTE PROPERTIES LLC**                    **JANUARY 31 2020**

### PAGE 1. ITEM 11.  DETAIL OF ITEM MARKED "YES"

| AMOUNT | PAYEE AND REASON |
|---|---|
| $ 14,818.00 | PAID TO: THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC. FOR JANUARY 2020 MONTHLY MANAGEMENT FEES. |
| $ 15,500.00 | LLC MEMBER CONTRIBUTION |

FEES ARE SCHEDULED MONTHLY, IN NORMAL COURSE OF BUSINESS.

THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC. IS SOLELY OWNED AND OPERATED BY MELANI SCHULTE.

**NOTE:**    TOTAL MEMBER CONTRIBUTIONS OF $149029  ALLOCATED TO BALANCE SHEET LIABILITIES.

**NOTE:**    TOTAL BORROWINGS, WHILE *SHOWN* ON THE 'STATEMENT OF OPERATION', IS *NOT* A PROFIT AND LOSS ITEM. ACCORDINGLY, IT HAS NOT BEEN USED TO CALCULATE "INCOME" FOR PROFIT AND LOSS PURPOSES (LINE 43)

### STATEMENT OF OPERATIONS VARIANCES - OVER 10%

RENTAL INCOME:       ADDITIONAL LEASE DEPOSITS ($2600) AND APPLIANCE REIMBURSEMENT ($930) UNANTICIPATED

OTHER EXPENSES:      REPAIRS FOR FIRE DAMAGE UNANTICIPATED

COMMISSIONS PAID:    UNANTICIPTED

PROPERTY TAXES:      UNANTICIPATED

MEMBER LOAN:         UNANTICIPATED

### STATEMENT OF OPERATIONS
#### (Real Estate Case)
For the Month Ended JUARY 31 2020

| Actual | Forecast | Variance | | | Cumulative (Case to Date) | Next Month Forecast |
|---|---|---|---|---|---|---|
| | Current Month | | | | | |
| $57,734 | $52,500 | $5,234 | | **Revenues:** | | |
| | | $0 | 1 | Rent/Leases | $1,011,810 | $54,000 |
| | | $0 | 2 | Real Property Sales Gross | | |
| | | $0 | 3 | Interest | | |
| $0 | $0 | $0 | 4 | Other Income: | $112,273 | $0 |
| $0 | $0 | $0 | 5 | REFUNDED REPAIR RESERVE | $15,720 | $0 |
| $0 | $0 | $0 | 6 | REFUNDED BANK FEES | $348 | $0 |
| $57,734 | $52,500 | $5,234 | 7 | **Total Revenues** | $1,140,151 | $54,000 |
| | | | | **Expenses:** | | |
| $0 | | $0 | 8 | Cost of Property Sold | | |
| | | | 8a | Initial Cost & Improvement | | |
| | | | 8b | less: Depreciation Taken | | |
| $0 | $0 | $0 | 9 | Selling | $0 | $0 |
| $0 | $0 | $0 | 10 | Administrative | $20,613 | $0 |
| | | $0 | 11 | Interest | | |
| | | $0 | 12 | Compensation to Owner(s)/Officer(s) | | |
| | | $0 | 13 | Salaries | | |
| $400 | $0 | ($400) | 14 | Commissions | $1,950 | $0 |
| $14,814 | $15,500 | $686 | 15 | Management Fees | $293,019 | $15,500 |
| | | | | Rent/Lease: | | |
| | | $0 | 16 | Personal Property | | |
| | | $0 | 17 | Real Property | | |
| | | $0 | 18 | Insurance | | |
| | | $0 | 19 | Depreciation | | |
| | | | | Taxes: | | |
| | | $0 | 20 | Employer Payroll Taxes | | |
| $3,043 | $0 | ($3,043) | 21 | Real Property Taxes | $51,613 | $0 |
| | | $0 | 22 | Other Taxes | | |
| $66,108 | $43,000 | ($23,108) | 23 | Other Expenses: | $907,768 | $43,000 |
| | | $0 | 24 | | | |
| | | $0 | 25 | | | |
| | | $0 | 26 | | | |
| | | $0 | 27 | | | |
| | | $0 | 28 | | | |
| | | $0 | 29 | | | |
| | | $0 | 30 | | | |
| | | $0 | 31 | | | |
| $84,365 | $58,500 | ($25,865) | 32 | **Total Expenses** | $1,274,963 | $58,500 |
| ($26,631) | ($8,000) | $18,631 | 33 | Subtotal | ($134,812) | ($4,500) |
| | | | | **Reorganization Items:** | | |
| $0 | $0 | $70,029 | 34 | Professional Fees | $90,029 | $0 |
| | | | 35 | Provisions for Rejected Executory Contracts | | |
| | | $0 | 36 | Interest Earned on Accumulated Cash from Resulting Chp 11 Case | | |
| | | $0 | 37 | Gain or (Loss) from Sale of Equipment | | |
| $0 | $0 | ($1,625) | 38 | U.S. Trustee Quarterly Fees | $8,775 | $0 |
| $15,500 | $0 | $10,000 | 39 | BORROWINGS | $152,029 | $5,000 |
| $15,500 | $0 | $0 | 40 | **Total Reorganization Items** | $53,225 | $0 |
| ($11,131) | ($8,000) | ($3,131) | 41 | **Net Profit (Loss) Before Federal & State Taxes** | ($19,075) | ($8,000) |
| | | $0 | 42 | Federal & State Income Taxes | | |
| ($11,131) | ($8,000) | ($3,131) | 43 | **Net Profit (Loss)** | ($19,075) | ($8,000) |

Attach an Explanation of Variance to Statement of Operations (For variances greater than +/- 10% only):

Revised 1/1/98

## BALANCE SHEET
### (Real Estate Case)
**For the Month Ended** JANUARY 31 2020

**Assets**

|  |  | From Schedules | Market Value |
|---|---|---|---|
| | **Current Assets** | | |
| 1 | Cash and cash equivalents - unrestricted | | $2,088 |
| 2 | Cash and cash equivalents - restricted | | |
| 3 | Accounts receivable (net) | A | $0 |
| 4 | Prepaid expenses | | |
| 5 | Professional retainers | | |
| 6 | Other: | | |
| 7 | | | |
| 8 | **Total Current Assets** | | $2,088 |
| | **Property and Equipment (Market Value)** | | |
| 9 | Real property | C | $10,391,485 |
| 10 | Machinery and equipment | D | $0 |
| 11 | Furniture and fixtures | D | $0 |
| 12 | Office equipment | D | $0 |
| 13 | Leasehold improvements | D | $0 |
| 14 | Vehicles | D | $0 |
| 15 | Other: | D | |
| 16 | | D | |
| 17 | | D | |
| 18 | | D | |
| 19 | | D | |
| 20 | **Total Property and Equipment** | | $10,391,485 |
| | **Other Assets** | | |
| 21 | Loans to shareholders | | |
| 22 | Loans to affiliates | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | **Total Other Assets** | | $0 |
| 28 | **Total Assets** | | $10,393,573 |

**NOTE:**   Indicate the method used to estimate the market value of assets (e.g., appraisals; familiarity with comparable market prices, etc.) and the date the value was determined.

Revised 1/1/98

## Liabilities and Equity
### (Real Estate Case)

**Liabilities From Schedules**

  **Post-Petition**

    **Current Liabilities**

| | | | |
|---|---|---|---:|
| 29 | Salaries and wages | | |
| 30 | Payroll taxes | | |
| 31 | Real and personal property taxes | | |
| 32 | Income taxes | | |
| 33 | Sales taxes | | |
| 34 | Notes payable (short term) | | |
| 35 | Accounts payable (trade) | A | $0 |
| 36 | Real property lease arrearage | | |
| 37 | Personal property lease arrearage | | |
| 38 | Accrued professional fees | | |
| 39 | Current portion of long-term post-petition debt (due within 12 months) | | |
| 40 | Other:    LOAN FROM ASSOCIATED LLC | | $3,000 |
| 41 |       LOAN FROM MEMBER | | $133,529 |
| 42 | | | |
| 43 | **Total Current Liabilities** | | $136,529 |
| 44 | **Long-Term Post-Petition Debt, Net of Current Portion** | | |
| 45 | **Total Post-Petition Liabilities** | | $136,529 |

    **Pre-Petition Liabilities (allowed amount)**

| | | | |
|---|---|---|---:|
| 46 | Secured claims | F | $9,805,265 |
| 47 | Priority unsecured claims | F | $0 |
| 48 | General unsecured claims | F | $748,978 |
| 49 | **Total Pre-Petition Liabilities** | | $10,554,243 |
| 50 | **Total Liabilities** | | $10,690,772 |

**Equity (Deficit)**

| | | |
|---|---|---:|
| 51 | Retained Earnings/(Deficit) at time of filing | ($297,199) |
| 52 | Capital Stock | |
| 53 | Additional paid-in capital | |
| 54 | Cumulative profit/(loss) since filing of case | |
| 55 | Post-petition contributions/(distributions) or (draws) | |
| 56 | | |
| 57 | Market value adjustment | |
| 58 | **Total Equity (Deficit)** | ($297,199) |
| 59 | **Total Liabilities and Equity (Deficit)** | $10,393,573 |

Revised 1/1/98

### SCHEDULES TO THE BALANCE SHEET
(Real Estate Case)

#### Schedule A
#### Accounts Receivable and (Net) Payable

| Receivables and Payables Agings | Accounts Receivable [Pre and Post Petition] | Accounts Payable [Post Petition] | Past Due Post Petition Debt |
|---|---|---|---|
| 0 -30 Days | | | |
| 31-60 Days | | | |
| 61-90 Days | | | |
| 91+ Days | | | $0 |
| Total accounts receivable/payable | $0 | $0 | |
| Allowance for doubtful accounts | | | |
| Accounts receivable (net) | $0 | | |

#### Schedule B
#### Inventory/Cost of Goods Sold
#### Not Applicable to Real Estate Cases

#### Schedule C
#### Real Property

| Description | Cost | Market Value |
|---|---|---|
| 32 PROPERTIES PER SCHEDULES PG3 (1) THROUGH (4) | $7,085,450 | $10,391,485 |
| | | |
| | | |
| | | |
| | | |
| Total | $7,085,450 | $10,391,485 |

#### Schedule D
#### Other Depreciable Assets

| Description | Cost | Market Value |
|---|---|---|
| Machinery & Equipment - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Furniture & Fixtures - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Office Equipment - | | |
| | | |
| | | |
| Total | $0 | $0 |
| Leasehold Improvements - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Vehicles - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |

Revised 1/1/98

**Schedule E**
**Aging of Post-Petition Taxes**
**(As of End of the Current Reporting Period)**

| Taxes Payable | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | Total |
|---|---|---|---|---|---|
| **Federal** | | | | | |
| Income Tax Withholding | | | | | $0 |
| FICA - Employee | | | | | $0 |
| FICA - Employer | | | | | $0 |
| Unemployment (FUTA) | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total Federal Taxes** | $0 | $0 | $0 | $0 | $0 |
| **State and Local** | | | | | |
| Income Tax Withholding | | | | | $0 |
| Unemployment (UT) | | | | | $0 |
| Disability Insurance (DI) | | | | | $0 |
| Empl. Training Tax (ETT) | | | | | $0 |
| Sales | | | | | $0 |
| Excise | | | | | $0 |
| Real property | | | | | $0 |
| Personal property | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total State & Local Taxes** | $0 | $0 | $0 | $0 | $0 |
| **Total Taxes** | $0 | $0 | $0 | $0 | $0 |

**Schedule F**
**Pre-Petition Liabilities**

| List Total Claims For Each Classification - | Claimed Amount | Allowed Amount (b) |
|---|---|---|
| Secured claims  (a) | $9,805,265 | $9,805,265 |
| Priority claims other than taxes | | |
| Priority tax claims | | |
| General unsecured claims | $748,978 | $748,978 |

(a)    List total amount of claims even it under secured.

(b)    Estimated amount of claim to be allowed after compromise or litigation. As an example, you are a defendant in a lawsuit alleging damage of $10,000,000 and a proof of claim is filed in that amount. You believe that you can settle the case for a claim of $3,000,000. For Schedule F reporting purposes you should list $10,000,000 as the Claimed Amount and $3,000,000 as the Allowed Amount.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 1<br>ASPEN GLOW | Property 2<br>AVE CORTES | Property 3<br>BRIDGEFIELD | Property 4<br>CLOVERDALE |
|---|---|---|---|---|
| Scheduled Gross Rents | 1990 | 1585 | 1405 | 2150 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | $0 | | | $0 |
| | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,990 | $1,585 | $1,405 | $2,150 |
| Less:  Rents Receivable * | | | | |
| Scheduled Net Rents Collected  * | $1,990 | $1,585 | $1,405 | $2,150 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | US BANK | | | |
| Account Type | CHECKING | | | |
| Account No. | ……..223877 | | | |
| Account Purpose | ALL LLC INCOME | | | |
| Balance, End of Month | $2,088 | | | |
| Total Funds on Hand for all Accounts | $2,088 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | **Property 5** DESERT CANYO | **Property 6** DISCOVERY CRI | **Property 7** ECHO FALLS | **Property 8** FEATHER RIVER |
|---|---|---|---|---|
| Scheduled Gross Rents | 1850 | 1500 | 1550 | 1550 |
| Less: | | | | |
|    Vacancy Factor | | | | |
|    Free Rent Incentives | | | | |
|    Other Adjustments | | $10 | | |
| | | | $0 | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,850 | $1,510 | $1,550 | $1,550 |
| Less:  Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,850 | $1,510 | $1,550 | $1,550 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | **Account 1** | **Account 2** | **Account 3** | **Account 4** |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 9 MISTY MORNING | Property 10 OSTRICH FERN | Property 11 PUMPKIN PATC | Property 12 SPLINTER ROCK |
|---|---|---|---|---|
| Scheduled Gross Rents | 2045 | 1633 | 1545 | 1730 |
| Less: | | | | |
|     Vacancy Factor | | | | |
|     Free Rent Incentives | | | | |
|     Other Adjustments | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,045 | $1,633 | $1,545 | $1,730 |
| Less: Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $2,045 | $1,633 | $1,545 | $1,730 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 13 SURREY MEADO | Property 14 SWEET LEILANI | Property 15 BRENTLY | Property 16 CANYON GREEN |
|---|---|---|---|---|
| Scheduled Gross Rents | 2030 | 1650 | 1475 | 3000 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | | | $930 |
| PAID PRIOR MONTH | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,030 | $1,650 | $1,475 | $3,930 |
| Less:   Rents Receivable  * | | | | |
| Scheduled Net Rents Collected  * | $2,030 | $1,650 | $1,475 | $3,930 |

*   To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| | Property 17 | Property 18 | Property 19 | Property 20 |
|---|---|---|---|---|
| Description of Property | CHELTENHAM | EMPIRE MINE | GOLDEN HAWK | LA MADRE WAY |
| Scheduled Gross Rents | 1605 | 1385 | 1600 | 1710 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | | | ($100) |
| Total Deductions | | | | $100 |
| Scheduled Net Rents | $1,605 | $1,385 | $1,600 | $1,610 |
| Less:  Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,605 | $1,385 | $1,600 | $1,610 |

* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| | Property 21 | Property 22 | Property 23 |
|---|---|---|---|
| Description of Property | LAMBERT | MANZANITA RANCH | MARATHON |
| Scheduled Gross Rents | 1650 | 1695 | 1730 |
| Less: | | | |
| Vacancy Factor | | | |
| Free Rent Incentives | | | |
| Other Adjustments | | | $2,600 |
| Total Deductions | | | |
| Scheduled Net Rents | $1,650 | $1,695 | $4,330 |
| Less: Rents Receivable * | | | |
| Scheduled Net Rents Collected * | $1,650 | $1,695 | $4,330 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operati

**Property 24**

NEOPOLITAN PL

1750

$1,750

$1,750

**Account 4**

ing Report.

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

|  | **Property 25** | **Property 26** | **Property 27** |
|---|---|---|---|
| Description of Property | PEACEFUL CANYON | RIDGETREE AVE | ROCK CREEK LN |
| Scheduled Gross Rents | 1630 | 1255 | 1605 |
| Less: | | | |
| Vacancy Factor | | | |
| Free Rent Incentives | | | |
| Other Adjustments | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $1,630 | $1,255 | $1,605 |
| Less: Rents Receivable * | | | |
| Scheduled Net Rents Collected * | $1,630 | $1,255 | $1,605 |

* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

|  | **Account 1** | **Account 2** | **Account 3** |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

**Property 28**

SADDLE HORN DR

1405

$1,405

$1,405

**Account 4**

ting Report.

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| | **Property 29** | **Property 30** | **Property 31** |
|---|---|---|---|
| Description of Property | SAN ARDO PL | SIERRA SUMMIT | STORMY VALLEY |
| Scheduled Gross Rents | 1465 | 1920 | 1750 |
| Less: | | | |
|     Vacancy Factor | | | |
|     Free Rent Incentives | | | |
|     Other Adjustments | | $1 | ($100) |
| Total Deductions | | | |
| Scheduled Net Rents | $1,465 | $1,921 | $1,650 |
| Less:  Rents Receivable  * | | | |
| Scheduled Net Rents Collected  * | $1,465 | $1,921 | $1,650 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | **Account 1** | **Account 2** | **Account 3** |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

**Property 32**

VIA DI AUTOSTRADA

_____

_____ 1600

_____

_____

_____ ($50)

_____

_____

_____ $1,550

_____

_____ $1,550

**Account 4**

_____

_____

_____

_____

_____

ting Report.

## STATEMENT OF CASH RECEIPTS AND DISBURSEMENTS
### Increase/(Decrease) in Cash and Cash Equivalents
### For the Month Ended _____ JANUARY 31 2020

| | | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| | **Cash Receipts** | | |
| 1 | Rent/Leases Collected | $57,734 | $1,011,810 |
| 2 | Cash Received from Sales | | |
| 3 | Interest Received | | |
| 4 | Borrowings | $0 | $3,000 |
| 5 | Funds from Shareholders, Partners, or Other Insiders | | |
| 6 | Capital Contributions | | |
| 7 | RETURN OF REPAIR RESERVES | $0 | $15,720 |
| 8 | REFUND OF BANK FEES | | $348 |
| 9 | LLC MEMBER CONTRIBUTION | $15,500 | $149,029 |
| 10 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 11 | OTHER: MISC. INCOME (INSURANCE $110585) | $0 | $110,903 |
| 12 | **Total Cash Receipts** | $73,234 | $1,292,180 |
| | **Cash Disbursements** | | |
| 13 | Selling | | |
| 14 | Administrative | $0 | $20,013 |
| 15 | Capital Expenditures | $0 | $600 |
| 16 | Principal Payments on Debt | | |
| 17 | Interest Paid | | |
| | Rent/Lease: | | |
| 18 | Personal Property | | |
| 19 | Real Property | | |
| | Amount Paid to Owner(s)/Officer(s) | | |
| 20 | Salaries | | |
| 21 | Draws | | |
| 22 | Commissions/Royalties | | |
| 23 | Expense Reimbursements | | |
| 24 | Other | | |
| 25 | Salaries/Commissions (less employee withholding) | $400 | $1,950 |
| 26 | Management Fees | $14,814 | $293,019 |
| | Taxes: | | |
| 27 | Employee Withholding | | |
| 28 | Employer Payroll Taxes | | |
| 29 | Real Property Taxes | $3,043 | $51,613 |
| 30 | Other Taxes | | |
| 31 | Other Cash Outflows: | | |
| 32 | OTHER GENERAL EXPENSES | $2,990 | $86,700 |
| 33 | MORTGAGES PAID | $24,400 | $460,583 |
| 34 | INSURANCE ON PROPERTIES | $10,121 | $81,065 |
| 35 | REPAIRS AND MAINTENANCE | $28,506 | $249,770 |
| 36 | PROPERTY UTILITIES | $91 | $29,650 |
| 37 | **Total Cash Disbursements:** | $84,365 | $1,274,963 |
| 38 | **Net Increase (Decrease) in Cash** | ($11,131) | $17,217 |
| 39 | **Cash Balance, Beginning of Period** | $13,220 | |
| 40 | **Cash Balance, End of Period** | $2,088 | |

## STATEMENT OF CASH FLOWS
### (Optional) Increase/(Decrease) in Cash and Cash Equivalents
For the Month Ended _____ JANUARY 31 2020

| | | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| | **Cash Flows From Operating Activities** | | |
| 1 | Cash Received from Sales | | |
| 2 | Rent/Leases Collected | $57,734 | $1,011,810 |
| 3 | Interest Received | | |
| 4 | Cash Paid for Development of Real Estate | | |
| 5 | Cash Paid for Operation of Real Estate | $81,322 | $1,223,350 |
| 6 | Cash Paid for Administrative Expenses | | |
| | Cash Paid for Rents/Leases: | | |
| 7 | Personal Property | | |
| 8 | Real Property | | |
| 9 | Cash Paid for Interest | | |
| 10 | Cash Paid for Net Payroll and Benefits | | |
| | Cash Paid to Owner(s)/Officer(s) | | |
| 11 | Salaries | | |
| 12 | Draws | | |
| 13 | Commissions/Royalties | | |
| 14 | Expense Reimbursements | | |
| 15 | Other | | |
| | Cash Paid for Taxes Paid/Deposited to Tax Acct. | | |
| 16 | Employer Payroll Tax | | |
| 17 | Employee Withholdings | | |
| 18 | Real Property Taxes | $3,043 | $51,613 |
| 19 | Other Taxes | | |
| 20 | Cash Paid for General Expenses | | |
| 21 | | | |
| 22 | CASH REFUNDED FROM JUNE REPAIR RESERVE | $0 | $15,720 |
| 23 | BANK FEES REFUNDED | $0 | $348 |
| 24 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 25 | MISC. INCOME | $0 | $110,903 |
| 26 | | | |
| 27 | **Net Cash Provided (Used) by Operating Activities before Reorganization Items** | ($23,588) | ($83,199) |
| | **Cash Flows From Reorganization Items** | | |
| 28 | Interest Received on Cash Accumulated Due to Chp 11 Case | | |
| 29 | Professional Fees Paid for Services in Connection with Chp 11 Case | $0 | $90,029 |
| 30 | U.S. Trustee Quarterly Fees | $0 | $8,775 |
| 31 | | | |
| 32 | **Net Cash Provided (Used) by Reorganization Items** | $0 | ($98,804) |
| 33 | **Net Cash Provided (Used) for Operating Activities and Reorganization Items** | ($23,588) | ($182,003) |
| | **Cash Flows From Investing Activities** | | |
| 34 | Capital Expenditures | | |
| 35 | Proceeds from Sales of Capital Goods due to Chp 11 Case | | |
| 36 | | | |
| 37 | **Net Cash Provided (Used) by Investing Activities** | $0 | $0 |
| | **Cash Flows From Financing Activities** | | |
| 38 | Net Borrowings (Except Insiders) | | |
| 39 | Net Borrowings from Shareholders, Partners, or Other Insiders | $15,500 | $149,029 |
| 40 | Capital Contributions | | |
| 41 | Principal Payments | | |
| 42 | LOAN FROM KE ALOHA HOLDINGS LLC | $0 | $3,000 |
| 43 | **Net Cash Provided (Used) by Financing Activities** | $15,500 | $126,529 |
| 44 | **Net Increase (Decrease) in Cash and Cash Equivalents** | ($11,131) | ($55,474) |
| 45 | **Cash and Cash Equivalents at Beginning of Month** | $8,847 | |
| 46 | **Cash and Cash Equivalents at End of Month** | ($2,284) | |

Revised 1/1/98

# EXHIBIT "F"

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: SCHULTE PROPERTIES LLC | Case No. | 18-12734- |
|---|---|---|
| | **CHAPTER 11**<br>**MONTHLY OPERATING REPORT**<br>**(REAL ESTATE CASE)** | |

### SUMMARY OF FINANCIAL STATUS

**MONTH ENDED:**  AUGUST 31 2020                **PETITION DATE:**    5/10/2018 0:00

1.  Debtor in possession (or trustee) hereby submits this Monthly Operating Report on the Accrual Basis of accounting (or if checked here        X
    the Office of the U.S. Trustee or the Court has approved the Cash Basis of Accounting for the Debtor).
    Dollars reported in    $1

| | | End of Current<br>Month | End of Prior<br>Month | As of Petition<br>Filing |
|---|---|---|---|---|
| 2. | **Asset and Liability Structure** | | | |
| | a.  Current Assets | $17,408 | $26,092 | |
| | b.  Total Assets | $10,408,893 | $10,417,557 | $10,391,485 |
| | c.  Current Liabilities | $202,029 | $202,029 | |
| | d.  Total Liabilities | $10,756,272 | $10,756,272 | $10,554,243 |

| | | Current Month | Prior Month | Cumulative<br>(Case to Date) |
|---|---|---|---|---|
| 3. | **Statement of Cash Receipts & Disbursements for Month** | | | |
| | a.  Total Receipts | $99,314 | $81,264 | $1,792,398 |
| | b.  Total Disbursements | $107,998 | $70,624 | $1,759,861 |
| | c.  Excess (Deficiency) of Receipts Over Disbursements (a - b) | ($8,684) | $10,640 | $32,537 |
| | d.  Cash Balance Beginning of Month | $26,092 | $15,454 | $0 |
| | e.  Cash Balance End of Month (c + d) | $17,408 | $26,092 | $32,537 |

| | | Current Month | Prior Month | Cumulative<br>(Case to Date) |
|---|---|---|---|---|
| 4. | **Profit/(Loss) from the Statement of Operations** | ($8,684) | $13,595 | ($247,562) |
| 5. | **Account Receivables (Pre and Post Petition)** | $0 | $0 | |
| 6. | **Post-Petition Liabilities** | $202,029 | $202,029 | |
| 7. | **Past Due Post-Petition Account Payables (over 30 days)** | $0 | $0 | |

At the end of this reporting month:                                                                                   **Yes**                    **No**

8.   Have any payments been made on pre-petition debt, other than payments in the                                                                     X
     normal course to secured creditors or lessors? (if yes, attach listing including date of
     payment, amount of payment and name of payee)

9.   Have any payments been made to professionals?  (if yes, attach listing including date of                                                        X
     payment, amount of payment and name of payee)

10.  If the answer is yes to 8 or 9, were all such payments approved by the court?

11.  Have any payments been made to officers, insiders, shareholders, relatives? (if yes,                            X
     attach listing including date of payment, amount and reason for payment, and name of payee)

12.  Is the estate insured for replacement cost of assets and for general liability?                                  X

13.  Are a plan and disclosure statement on file?                                                                     X

14.  Was there any post-petition borrowing during this reporting period?                                             X

15.  **Check if paid:** Post-petition taxes ___ ;        U.S. Trustee Quarterly Fees   X  ; Check if filing is current for: Post-petition
     tax reporting and tax returns:
     (Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings
     are not current.)

I declare under penalty of perjury I have reviewed the above summary and attached financial statements, and after making reasonable inquiry believe
these documents are correct.

Date:    9/30/2020 0:00

_____
Responsible Individual

Revised 1/1/98

CASE #: 18-12734-leb

SCHULTE PROPERTIES LLC

AUGUST 31 2020

## PAGE 1. ITEM 11.  DETAIL OF ITEM MARKED "YES"

| AMOUNT | PAYEE AND REASON |
|---|---|
| $ 18,939.00 | PAID TO: THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC. |
|  | FOR AUGUST 2020 MONTHLY MANAGEMENT FEES. |
| $ 10,000.00 | LLC MEMBER CONTRIBUTION |

FEES ARE SCHEDULED MONTHLY, IN NORMAL COURSE OF BUSINESS.

THRIVE PROPERTY MANAGEMENT & INVESTMENTS INC. IS SOLELY OWNED AND OPERATED BY MELANI SCHULTE.

**NOTE:**  TOTAL MEMBER CONTRIBUTIONS OF $209029  ALLOCATED TO BALANCE SHEET LIABILITIES.

**NOTE:**  TOTAL BORROWINGS, WHILE *SHOWN* ON THE 'STATEMENT OF OPERATION', IS *NOT* A PROFIT AND LOSS ITEM.
ACCORDINGLY, IT HAS NOT BEEN USED TO CALCULATE "INCOME" FOR PROFIT AND LOSS PURPOSES (LINE 43)

**NOTE:**  AS ALL DEPOSITS, INCLUDING SECURITY DEPOSITS ON RENTALS, ARE MADE TO ONE ACCOUNT AND NOT
HELD IN A SEPARATE TRUST ACCOUNT, ALL SECURITY DEPOSITS ARE INCLUDED IN RENTAL INCOME IN THE
MONTH RECEIVED.
FEW, IF ANY SUCH DEPOSITS ARE REFUNDED (DUE TO DAMAGES, NON-PAYMENT OF  RENT ETC),
SO WHILE A POTENTIAL LIABILITY MAY EXIST, SUCH LIABILITY SHOULD BE OF MINOR CONSEQUENCE
WHEN AND IF RETURNED TO TENANT.

## STATEMENT OF OPERATIONS VARIANCES - OVER 10%

LINE 4:  INSURANCE RECEIPT UNANTICIPATED
LINE 14:  UNANTICIPATED COMMISSIONS.
LINE 15:  MANAGEMENT FEES MORE THAN ANTICIPATED
LINE 18:  INSURANCE PAYMENTS OF WHOLE YEAR PREMIUM UNANTICIPATED.
LINE 21:  REAL PROPERTY TAXES UNANTICIPATED
LINE 23:  OTHER EXPENSES - REPAIRS INCLUDED, CONSIDERABLY HIGHER THAN ANTICIPATED
LINE 39:  SEE NOTE ABOVE - ADDITIONAL MEMBER CONTRIBUTIONS -  $10 000 UNANTICIPATED.

## STATEMENT OF OPERATIONS
### (Real Estate Case)
For the Month Ended _____ AUGUST 31 2020 _____

| | Current Month | | | | Cumulative (Case to Date) | Next Month Forecast |
|---|---|---|---|---|---|---|
| **Actual** | **Forecast** | **Variance** | | | | |
| | | | | **Revenues:** | | |
| $55,687 | $55,000 | $687 | 1 | Rent/Leases | $1,416,453 | $55,000 |
| | | $0 | 2 | Real Property Sales Gross | | |
| | | $0 | 3 | Interest | | |
| $33,627 | $0 | $33,627 | 4 | Other Income: | $147,553 | $0 |
| $0 | $0 | $0 | 5 | REFUNDED REPAIR RESERVE | $15,720 | $0 |
| $0 | $0 | $0 | 6 | REFUNDED BANK FEES | $643 | $0 |
| $89,314 | $55,000 | $34,314 | 7 | **Total Revenues** | $1,580,369 | $55,000 |
| | | | | **Expenses:** | | |
| $0 | | $0 | 8 | Cost of Property Sold | | |
| | | | 8a | Initial Cost & Improvement | | |
| | | | 8b | less: Depreciation Taken | | |
| $0 | $0 | $0 | 9 | Selling | $0 | $0 |
| $0 | $0 | $0 | 10 | Administrative | $20,613 | $0 |
| | | $0 | 11 | Interest | | |
| | | $0 | 12 | Compensation to Owner(s)/Officer(s) | | |
| | | $0 | 13 | Salaries | | |
| $350 | $0 | ($350) | 14 | Commissions | $4,000 | $0 |
| $18,939 | $15,000 | ($3,939) | 15 | Management Fees | $404,573 | $15,000 |
| | | | | Rent/Lease: | | |
| | | $0 | 16 | Personal Property | | |
| | | $0 | 17 | Real Property | | |
| $6,164 | $5,000 | ($1,164) | 18 | Insurance | $110,885 | $5,000 |
| | | $0 | 19 | Depreciation | | |
| | | | | Taxes: | | |
| | | $0 | 20 | Employer Payroll Taxes | | |
| $16,119 | $0 | ($16,119) | 21 | Real Property Taxes | $69,506 | $0 |
| | | $0 | 22 | Other Taxes | | |
| $66,426 | $43,000 | ($23,426) | 23 | Other Expenses: | $1,046,605 | $43,000 |
| | | $0 | 24 | | | |
| | | $0 | 25 | | | |
| | | $0 | 26 | | | |
| | | $0 | 27 | | | |
| | | $0 | 28 | | | |
| | | $0 | 29 | | | |
| | | $0 | 30 | | | |
| | | $0 | 31 | | | |
| $107,998 | $63,000 | ($44,998) | 32 | **Total Expenses** | $1,656,182 | $63,000 |
| ($18,684) | $0 | $18,684 | 33 | **Subtotal** | ($75,813) | ($8,000) |
| | | | | **Reorganization Items:** | | |
| $0 | $0 | $70,029 | 34 | Professional Fees | $90,029 | $0 |
| | | | 35 | Provisions for Rejected Executory Contracts | | |
| | | $0 | 36 | Interest Earned on Accumulated Cash from Resulting Chp 11 Case | | |
| | | $0 | 37 | Gain or (Loss) from Sale of Equipment | | |
| $0 | $0 | $0 | 38 | U.S. Trustee Quarterly Fees | $13,650 | $0 |
| $10,000 | $0 | $10,000 | 39 | BORROWINGS | $212,029 | $10,000 |
| $10,000 | $0 | $0 | 40 | **Total Reorganization Items** | $108,350 | $0 |
| ($8,684) | $3,500 | ($12,184) | 41 | **Net Profit (Loss) Before Federal & State Taxes** | ($247,562) | $0 |
| | | $0 | 42 | Federal & State Income Taxes | | |
| ($8,684) | ($4,000) | ($12,184) | 43 | **Net Profit (Loss)** | ($247,562) | $0 |

Attach an Explanation of Variance to Statement of Operations (For variances greater than +/- 10% only):

Revised 1/1/98

## BALANCE SHEET
### (Real Estate Case)
### For the Month Ended      AUGUST 31 2020

**Assets**

| | | From Schedules | Market Value |
|---|---|---|---|
| | **Current Assets** | | |
| 1 | Cash and cash equivalents - unrestricted | | $17,408 |
| 2 | Cash and cash equivalents - restricted | | |
| 3 | Accounts receivable (net) | A | $0 |
| 4 | Prepaid expenses | | |
| 5 | Professional retainers | | |
| 6 | Other: _____ | | |
| 7 | _____ | | |
| 8 | **Total Current Assets** | | $17,408 |
| | **Property and Equipment (Market Value)** | | |
| 9 | Real property | C | $10,391,485 |
| 10 | Machinery and equipment | D | $0 |
| 11 | Furniture and fixtures | D | $0 |
| 12 | Office equipment | D | $0 |
| 13 | Leasehold improvements | D | $0 |
| 14 | Vehicles | D | $0 |
| 15 | Other: _____ | D | |
| 16 | _____ | D | |
| 17 | _____ | D | |
| 18 | _____ | D | |
| 19 | _____ | D | |
| 20 | **Total Property and Equipment** | | $10,391,485 |
| | **Other Assets** | | |
| 21 | Loans to shareholders | | |
| 22 | Loans to affiliates | | |
| 23 | _____ | | |
| 24 | _____ | | |
| 25 | _____ | | |
| 26 | _____ | | |
| 27 | **Total Other Assets** | | $0 |
| 28 | **Total Assets** | | $10,408,893 |

**NOTE:**

Indicate the method used to estimate the market value of assets (e.g., appraisals; familiarity with comparable market prices, etc.) and the date the value was determined.

Revised 1/1/98

## Liabilities and Equity
### (Real Estate Case)

**Liabilities From Schedules**

**Post-Petition**

**Current Liabilities**

| | | | |
|---|---|---|---|
| 29 | Salaries and wages | | |
| 30 | Payroll taxes | | |
| 31 | Real and personal property taxes | | |
| 32 | Income taxes | | |
| 33 | Sales taxes | | |
| 34 | Notes payable (short term) | | |
| 35 | Accounts payable (trade) | A | $0 |
| 36 | Real property lease arrearage | | |
| 37 | Personal property lease arrearage | | |
| 38 | Accrued professional fees | | |
| 39 | Current portion of long-term post-petition debt (due within 12 months) | | |
| 40 | Other:    LOAN FROM ASSOCIATED LLC | | $3,000 |
| 41 | LOAN FROM MEMBER | | $199,029 |
| 42 | | | |
| 43 | **Total Current Liabilities** | | $202,029 |
| 44 | **Long-Term Post-Petition Debt, Net of Current Portion** | | |
| 45 | **Total Post-Petition Liabilities** | | $202,029 |

**Pre-Petition Liabilities (allowed amount)**

| | | | |
|---|---|---|---|
| 46 | Secured claims | F | $9,805,265 |
| 47 | Priority unsecured claims | F | $0 |
| 48 | General unsecured claims | F | $748,978 |
| 49 | **Total Pre-Petition Liabilities** | | $10,554,243 |
| 50 | **Total Liabilities** | | $10,756,272 |

**Equity (Deficit)**

| | | |
|---|---|---|
| 51 | Retained Earnings/(Deficit) at time of filing | ($347,379) |
| 52 | Capital Stock | |
| 53 | Additional paid-in capital | |
| 54 | Cumulative profit/(loss) since filing of case | |
| 55 | Post-petition contributions/(distributions) or (draws) | |
| 56 | | |
| 57 | Market value adjustment | |
| 58 | **Total Equity (Deficit)** | ($347,379) |
| 59 | **Total Liabilities and Equity (Deficit)** | $10,408,893 |

Revised 1/1/98

Case 18-12734-mkn    Doc 742    Entered 10/01/20 12:36:06    Page 6 of 26

## SCHEDULES TO THE BALANCE SHEET
### (Real Estate Case)

### Schedule A
### Accounts Receivable and (Net) Payable

| Receivables and Payables Agings | Accounts Receivable [Pre and Post Petition] | Accounts Payable [Post Petition] | Past Due Post Petition Debt |
|---|---|---|---|
| 0 -30 Days | | | |
| 31-60 Days | | | |
| 61-90 Days | | | $0 |
| 91+ Days | | | |
| Total accounts receivable/payable | $0 | $0 | |
| Allowance for doubtful accounts | | | |
| Accounts receivable (net) | $0 | | |

### Schedule B
### Inventory/Cost of Goods Sold
### Not Applicable to Real Estate Cases

### Schedule C
### Real Property

| Description | Cost | Market Value |
|---|---|---|
| 32 PROPERTIES PER SCHEDULES PG3 (1) THROUGH (4) | $7,085,450 | $10,391,485 |
| | | |
| | | |
| | | |
| | | |
| Total | $7,085,450 | $10,391,485 |

### Schedule D
### Other Depreciable Assets

| Description | Cost | Market Value |
|---|---|---|
| Machinery & Equipment - | | |
| | | |
| | | |
| Total | $0 | $0 |
| Furniture & Fixtures - | | |
| | | |
| | | |
| | | |
| Total | $0 | $0 |
| Office Equipment - | | |
| | | |
| Total | $0 | $0 |
| Leasehold Improvements - | | |
| | | |
| | | |
| Total | $0 | $0 |
| Vehicles - | | |
| | | |
| | | |
| Total | $0 | $0 |

Revised 1/1/98

**Schedule E**
**Aging of Post-Petition Taxes**
**(As of End of the Current Reporting Period)**

| Taxes Payable | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | Total |
|---|---|---|---|---|---|
| **Federal** | | | | | |
| Income Tax Withholding | | | | | $0 |
| FICA - Employee | | | | | $0 |
| FICA - Employer | | | | | $0 |
| Unemployment (FUTA) | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total Federal Taxes** | $0 | $0 | $0 | $0 | $0 |
| **State and Local** | | | | | |
| Income Tax Withholding | | | | | $0 |
| Unemployment (UT) | | | | | $0 |
| Disability Insurance (DI) | | | | | $0 |
| Empl. Training Tax (ETT) | | | | | $0 |
| Sales | | | | | $0 |
| Excise | | | | | $0 |
| Real property | | | | | $0 |
| Personal property | | | | | $0 |
| Income | | | | | $0 |
| Other (Attach List) | | | | | $0 |
| **Total State & Local Taxes** | $0 | $0 | $0 | $0 | $0 |
| **Total Taxes** | $0 | $0 | $0 | $0 | $0 |

**Schedule F**
**Pre-Petition Liabilities**

| List Total Claims For Each Classification - | Claimed Amount | Allowed Amount (b) |
|---|---|---|
| Secured claims (a) | $9,805,265 | $9,805,265 |
| Priority claims other than taxes | | |
| Priority tax claims | | |
| General unsecured claims | $748,978 | $748,978 |

(a)    List total amount of claims even it under secured.

(b)    Estimated amount of claim to be allowed after compromise or litigation. As an example, you are a defendant in a lawsuit alleging damage of $10,000,000 and a proof of claim is filed in that amount. You believe that you can settle the case for a claim of $3,000,000. For Schedule F reporting purposes you should list $10,000,000 as the Claimed Amount and $3,000,000 as the Allowed Amount.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 1 ASPEN GLOW | Property 2 AVE CORTES | Property 3 BRIDGEFIELD | Property 4 CLOVERDALE |
|---|---|---|---|---|
| Scheduled Gross Rents | 1990 | 1650 | 1460 | 2350 |
| Less: | | | | |
| Vacancy Factor | | | | 2350 |
| Free Rent Incentives | | | | |
| Other Adjustments | ($45) | | $75 | |
| DEPOSIT | | $2,595 | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,945 | $4,245 | $1,535 | $0 |
| Less:   Rents Receivable  * | | | | |
| Scheduled Net Rents Collected  * | $1,945 | $4,245 | $1,535 | $0 |

*  To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | US BANK | | | |
| Account Type | CHECKING | | | |
| Account No. | ........  3877 | | | |
| Account Purpose | ALL LLC INCOME | | | |
| Balance, End of Month | $17,408 | | | |
| Total Funds on Hand for all Accounts | $17,408 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 5<br>DESERT CANYON | Property 6<br>DISCOVERY CRE | Property 7<br>ECHO FALLS | Property 8<br>FEATHER RIVER |
|---|---|---|---|---|
| Scheduled Gross Rents | 1430 | 1500 | 1080 | 1550 |
| Less: | | | | |
|     Vacancy Factor | | | 0 | |
|     Free Rent Incentives | | | | |
|     Other Adjustments | | | | |
|     UTILITY REFUND | $169 | | $12 | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,599 | $1,500 | $1,092 | $1,550 |
| Less:   Rents Receivable  * | | | | |
| Scheduled Net Rents Collected  * | $1,599 | $1,500 | $1,092 | $1,550 |

*  To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 9<br>MISTY MORNING | Property 10<br>OSTRICH FERN | Property 11<br>PUMPKIN PATC | Property 12<br>SPLINTER ROCK |
|---|---|---|---|---|
| Scheduled Gross Rents | 2045 | 1633 | 1545 | 1855 |
| Less: | | | | |
|     Vacancy Factor | | | | |
|     Free Rent Incentives | | | | |
|     Other Adjustments | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,045 | $1,633 | $1,545 | $1,855 |
| Less:   Rents Receivable  * | | | | |
| Scheduled Net Rents Collected  * | $2,045 | $1,633 | $1,545 | $1,855 |

*  To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

| Description of Property | Property 13<br>SURREY MEADO | Property 14<br>SWEET LEILANI | Property 15<br>BRENTLY | Property 16<br>CANYON GREEN |
|---|---|---|---|---|
| Scheduled Gross Rents | 2185 | 1710 | 1475 | 3000 |
| Less: | | | | |
| Vacancy Factor | | | | |
| Free Rent Incentives | | | | |
| Other Adjustments | | | | |
| DEPOSIT | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $2,185 | $1,710 | $1,475 | $3,000 |
| Less:   Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $2,185 | $1,710 | $1,475 | $3,000 |

* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | Account 1 | Account 2 | Account 3 | Account 4 |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

Revised 1/1/98

**Schedule G**
**Rental Income Information**

<u>**List the Rental Information Requested Below By Properties**</u>

| Description of Property | **Property 17**<br>CHELTENHAM | **Property 18**<br>EMPIRE MINE | **Property 19**<br>GOLDEN HAWK | **Property 20**<br>LA MADRE WAY |
|---|---|---|---|---|
| Scheduled Gross Rents | 1605 | 1490 | 1500 | 1610 |
| Less: | | | | |
|     Vacancy Factor | | | | |
|     Free Rent Incentives | | | | |
|     Other Adjustments | | | | |
|     DEPOSIT | | | | |
| Total Deductions | | | | |
| Scheduled Net Rents | $1,605 | $1,490 | $1,500 | $1,610 |
| Less:   Rents Receivable * | | | | |
| Scheduled Net Rents Collected * | $1,605 | $1,490 | $1,500 | $1,610 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | **Account 1** | **Account 2** | **Account 3** | **Account 4** |
|---|---|---|---|---|
| Bank | | | | |
| Account Type | | | | |
| Account No. | | | | |
| Account Purpose | | | | |
| Balance, End of Month | | | | |
| Total Funds on Hand for all Accounts | $0 | | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operating Report.

**Schedule G**
**Rental Income Information**

### List the Rental Information Requested Below By Properties

|  | **Property 21** | **Property 22** | **Property 23** |
|---|---|---|---|
| Description of Property | LAMBERT | MANZANITA RANCH | MARATHON |
| Scheduled Gross Rents | 1650 | 1695 | 1730 |
| Less: |  |  |  |
| Vacancy Factor |  |  |  |
| Free Rent Incentives |  |  |  |
| Other Adjustments |  |  |  |
| Total Deductions |  |  |  |
| Scheduled Net Rents | $1,650 | $1,695 | $1,730 |
| Less:   Rents Receivable * |  |  |  |
| Scheduled Net Rents Collected * | $1,650 | $1,695 | $1,730 |

* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

|  | **Account 1** | **Account 2** | **Account 3** |
|---|---|---|---|
| Bank |  |  |  |
| Account Type |  |  |  |
| Account No. |  |  |  |
| Account Purpose |  |  |  |
| Balance, End of Month |  |  |  |
| Total Funds on Hand for all Accounts | $0 |  |  |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Operati

**Property 24**

NEOPOLITAN PL

_____

_____ 1750

_____

_____

_____

_____

_____

_____ $1,750

_____

_____ $1,750

**Account 4**

_____

_____

_____

_____

_____

ing Report.

**Schedule G**
**Rental Income Information**

**List the Rental Information Requested Below By Properties**

|  | **Property 25** | **Property 26** | **Property 27** |
|---|---|---|---|
| Description of Property | PEACEFUL CANYON | RIDGETREE AVE | ROCK CREEK LN |
| Scheduled Gross Rents | 1905 | 1255 | 1605 |
| Less: | | | |
| Vacancy Factor | | | |
| Free Rent Incentives | | | |
| Other Adjustments | $200 | | |
| DEPOSIT | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $2,105 | $1,255 | $1,605 |
| Less:   Rents Receivable  * | | | |
| Scheduled Net Rents Collected  * | $2,105 | $1,255 | $1,605 |

*  To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

|  | **Account 1** | **Account 2** | **Account 3** |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

**Property 28**

SADDLE HORN DR

1750

$1,750

$1,750

**Account 4**

ting Report.

**Schedule G**
**Rental Income Information**

## List the Rental Information Requested Below By Properties

| | **Property 29** | **Property 30** | **Property 31** |
|---|---|---|---|
| Description of Property | SAN ARDO PL | SIERRA SUMMIT | STORMY VALLEY |
| Scheduled Gross Rents | 1570 | 1970 | 1650 |
| Less: | | | |
| Vacancy Factor | | | |
| Free Rent Incentives | | | |
| Other Adjustments | | | |
| DEPOSIT | | | |
| Total Deductions | | | |
| Scheduled Net Rents | $1,570 | $1,970 | $1,650 |
| Less:   Rents Receivable * | | | |
| Scheduled Net Rents Collected * | $1,570 | $1,970 | $1,650 |

\* To be completed by cash basis reporters only.

**Schedule H**
**Recapitulation of Funds Held at End of Month**

| | **Account 1** | **Account 2** | **Account 3** |
|---|---|---|---|
| Bank | | | |
| Account Type | | | |
| Account No. | | | |
| Account Purpose | | | |
| Balance, End of Month | | | |
| Total Funds on Hand for all Accounts | $0 | | |

Attach copies of the month end bank statement(s), reconciliation(s), and the check register(s) to the Monthly Opera

**Property 32**

VIA DI AUTOSTRADA

1650

$1,650

$1,650

**Account 4**

ting Report.

## STATEMENT OF CASH RECEIPTS AND DISBURSEMENTS
### Increase/(Decrease) in Cash and Cash Equivalents
#### For the Month Ended _____ AUGUST 31 2020

| | | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| | **Cash Receipts** | | |
| 1 | Rent/Leases Collected | $55,687 | $1,416,453 |
| 2 | Cash Received from Sales | | |
| 3 | Interest Received | | |
| 4 | Borrowings | $0 | $3,000 |
| 5 | Funds from Shareholders, Partners, or Other Insiders | | |
| 6 | Capital Contributions | | |
| 7 | RETURN OF REPAIR RESERVES | $0 | $15,720 |
| 8 | REFUND OF BANK FEES | $0 | $643 |
| 9 | LLC MEMBER CONTRIBUTION | $10,000 | $209,029 |
| 10 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 11 | OTHER:INSURANCE RECEIPT / UTILITY REFUND | $33,627 | $146,183 |
| 12 | **Total Cash Receipts** | $99,314 | $1,792,398 |
| | **Cash Disbursements** | | |
| 13 | Selling | | |
| 14 | Administrative | $0 | $20,013 |
| 15 | Capital Expenditures | $0 | $600 |
| 16 | Principal Payments on Debt | | |
| 17 | Interest Paid | | |
| | Rent/Lease: | | |
| 18 | Personal Property | | |
| 19 | Real Property | | |
| | Amount Paid to Owner(s)/Officer(s) | | |
| 20 | Salaries | | |
| 21 | Draws | | |
| 22 | Commissions/Royalties | | |
| 23 | Expense Reimbursements | | |
| 24 | Other | | |
| 25 | Salaries/Commissions (less employee withholding) | $350 | $4,000 |
| 26 | Management Fees | $18,939 | $404,573 |
| | Taxes: | | |
| 27 | Employee Withholding | | |
| 28 | Employer Payroll Taxes | | |
| 29 | Real Property Taxes | $16,119 | $69,506 |
| 30 | Other Taxes | | |
| 31 | Other Cash Outflows: | | |
| 32 | OTHER GENERAL EXPENSES | $6,580 | $124,834 |
| 33 | MORTGAGES PAID | $24,238 | $627,249 |
| 34 | INSURANCE ON PROPERTIES | $6,164 | $110,885 |
| 35 | REPAIRS AND MAINTENANCE | $34,402 | $358,076 |
| 36 | PROPERTY UTILITIES | $1,206 | $40,125 |
| 37 | **Total Cash Disbursements:** | $107,998 | $1,759,861 |
| 38 | **Net Increase (Decrease) in Cash** | ($8,684) | $32,537 |
| 39 | **Cash Balance, Beginning of Period** | $26,092 | |
| 40 | **Cash Balance, End of Period** | $17,408 | |

Revised 1/1/98

## STATEMENT OF CASH FLOWS
**(Optional) Increase/(Decrease) in Cash and Cash Equivalents**

**For the Month Ended _____ AUGUST 31 2020**

| | | Actual Current Month | Cumulative (Case to Date) |
|---|---|---|---|
| | **Cash Flows From Operating Activities** | | |
| 1 | Cash Received from Sales | | |
| 2 | Rent/Leases Collected | $55,687 | $1,416,453 |
| 3 | Interest Received | | |
| 4 | Cash Paid for Development of Real Estate | | |
| 5 | Cash Paid for Operation of Real Estate | $91,879 | $1,596,851 |
| 6 | Cash Paid for Administrative Expenses | | |
| | Cash Paid for Rents/Leases: | | |
| 7 | Personal Property | | |
| 8 | Real Property | | |
| 9 | Cash Paid for Interest | | |
| 10 | Cash Paid for Net Payroll and Benefits | | |
| | Cash Paid to Owner(s)/Officer(s) | | |
| 11 | Salaries | | |
| 12 | Draws | | |
| 13 | Commissions/Royalties | | |
| 14 | Expense Reimbursements | | |
| 15 | Other | | |
| | Cash Paid for Taxes Paid/Deposited to Tax Acct. | | |
| 16 | Employer Payroll Tax | | |
| 17 | Employee Withholdings | | |
| 18 | Real Property Taxes | $16,119 | $69,506 |
| 19 | Other Taxes | | |
| 20 | Cash Paid for General Expenses | | |
| 21 | | | |
| 22 | CASH REFUNDED FROM REPAIR RESERVE | $0 | $15,720 |
| 23 | BANK FEES REFUNDED | $0 | $643 |
| 24 | SECURITY DEPOSIT FORFEITSURE | $0 | $1,370 |
| 25 | MISC. INCOME | $33,627 | $146,183 |
| 26 | | | |
| 27 | **Net Cash Provided (Used) by Operating Activities before Reorganization Items** | ($18,684) # | ($85,988) |
| | **Cash Flows From Reorganization Items** | | |
| 28 | Interest Received on Cash Accumulated Due to Chp 11 Case | | |
| 29 | Professional Fees Paid for Services in Connection with Chp 11 Case | $0 | $90,029 |
| 30 | U.S. Trustee Quarterly Fees | $0 | $13,650 |
| 31 | | | |
| 32 | **Net Cash Provided (Used) by Reorganization Items** | $0 | ($103,679) |
| 33 | **Net Cash Provided (Used) for Operating Activities and Reorganization Items** | ($18,684) | ($189,667) |
| | **Cash Flows From Investing Activities** | | |
| 34 | Capital Expenditures | | |
| 35 | Proceeds from Sales of Capital Goods due to Chp 11 Case | | |
| 36 | | | |
| 37 | **Net Cash Provided (Used) by Investing Activities** | $0 | $0 |
| | **Cash Flows From Financing Activities** | | |
| 38 | Net Borrowings (Except Insiders) | | |
| 39 | Net Borrowings from Shareholders, Partners, or Other Insiders | $10,000 | $209,029 |
| 40 | Capital Contributions | | |
| 41 | Principal Payments | | |
| 42 | LOAN FROM KE ALOHA HOLDINGS LLC | $0 | $3,000 |
| 43 | **Net Cash Provided (Used) by Financing Activities** | $10,000 | $212,029 |
| 44 | **Net Increase (Decrease) in Cash and Cash Equivalents** | ($8,684) | $22,362 |
| 45 | **Cash and Cash Equivalents at Beginning of Month** | $26,092 | |
| 46 | **Cash and Cash Equivalents at End of Month** | $17,408 | |

Revised 1/1/98

**U.S. Bank**

P.O. Box 1800
Saint Paul, Minnesota .55101-0800

4552            188            S        Y        ST01

Account Number:
3877

Statement Period:
Aug 3, 2020
through
Aug 31, 2020

Page 1 of 6

000000529 01 SP    000638564104034 P
ESTATE OF SCHULTE PROPERTIES LLC
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519



☎                    **To Contact U.S. Bank**

**24-Hour Business
Solutions:**                    1-800-673-3555

**U.S. Bank accepts Relay Calls**

**Internet:**                    usbank.com

## NEWS FOR YOU

The Real-Time Payments (RTP®) network allows fund transfers directly between financial institutions with 24/7/365 payment processing. In April 2019, all U.S. Bank routing numbers became eligible to receive incoming real-time payments. Since that time, the fees for these incoming payments were waived. However, effective Aug. 1, 2020, U.S. Bank will begin charging $1.00 for each of these incoming payments. Fees will be reflected on your statement beginning in early September. If you no longer wish to receive incoming real-time payments, contact your Personal Banker, Treasury Management consultant or Commercial Customer Service team.

As the RTP® network continues to grow, it may be a good time to explore how it's 24/7, real-time payment capability could help your business. If you haven't tried RTP and want to discuss adding this capability to your U.S. Bank services, contact your Personal Banker, Treasury Management Consultant or Commercial Customer Service team.

## PREMIUM BUSINESS CHECKING                    *Member FDIC*

U.S. Bank National Association                    **Account Number**        -3877

### Account Summary

| | # Items | | |
|---|---|---|---|
| Beginning Balance on Aug 3 | | $ | 26,092.39 |
| Customer Deposits | 43 | | 99,313.83 |
| Card Withdrawals | 52 | | 8,726.31- |
| Other Withdrawals | 5 | | 1,004.28- |
| Checks Paid | 145 | | 98,267.89- |
| **Ending Balance on Aug 31, 2020** | | $ | **17,407.74** |

### Customer Deposits

| Number | Date | Ref Number | Amount | Number | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| | Aug 3 | 8057026924 | 100.00 | | Aug 3 | 8057027037 | 3,000.00 |
| | Aug 3 | 8057027064 | 1,079.67 | | Aug 4 | 8356790123 | 1,430.22 |
| | Aug 3 | 8057027041 | 1,255.00 | | Aug 4 | 8356790121 | 1,460.00 |
| | Aug 3 | 8057027035 | 1,475.00 | | Aug 4 | 8356790126 | 1,970.00 |
| | Aug 3 | 8057027062 | 1,490.00 | | Aug 4 | 8356790585 | 2,495.00 |
| | Aug 3 | 8057027057 | 1,500.00 | | Aug 5 | 8654996723 | 13.85 |
| | Aug 3 | 8057027043 | 1,545.00 | | Aug 5 | 8654996627 | 75.00 |
| | Aug 3 | 8057027060 | 1,550.00 | | Aug 5 | 8654996624 | 1,250.00 |
| | Aug 3 | 8057027070 | 1,570.00 | | Aug 5 | 8654996721 | 1,633.00 |
| | Aug 3 | 8057027066 | 1,605.00 | | Aug 5 | 8654996719 | 1,650.00 |
| | Aug 3 | 8057027039 | 1,605.00 | | Aug 6 | 8954412612 | 1,650.00 |
| | Aug 3 | 8057027055 | 1,610.00 | | Aug 10 | 8057008220 | 1,650.00 |
| | Aug 3 | 8057027053 | 1,695.00 | | Aug 11 | 8356397735 | 250.00 |
| | Aug 3 | 8057027079 | 1,710.00 | | Aug 12 | 8654648030 | 1,650.00 |
| | Aug 3 | 8057027051 | 1,730.00 | | Aug 17 | 8056771019 | 12.58 |
| | Aug 3 | 8057027068 | 1,750.00 | | Aug 24 | 8056582133 | 61.29 |
| | Aug 3 | 8057027047 | 1,750.00 | | Aug 24 | 8056582131 | 168.97 |
| | Aug 3 | 8057027073 | 1,855.00 | | Aug 25 | 8356126451 | 33,539.25 |
| | Aug 3 | 8057027033 | 1,945.00 | | Aug 26 | 8654310283 | 200.00 |
| | Aug 3 | 8057027045 | 2,005.00 | | Aug 31 | 8056628656 | 100.00 |
| | Aug 3 | 8057027049 | 2,045.00 | | Aug 31 | 8056761397 | 10,000.00 |
| | Aug 3 | 8057027075 | 2,185.00 | | | | |

Case 18-12734-mkn    Doc 742    Entered 10/01/20 12:36:06    Page 22 of 26

**US bank.**

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV  89117-7519

Account Number:
3877
Statement Period:
Aug 3, 2020
through
Aug 31, 2020

Page 2 of 6



---

## PREMIUM BUSINESS CHECKING (CONTINUED)

U.S. Bank National Association

Account Number          -3877

### Customer Deposits (continued)

| | | | | Total Customer Deposits | $ | 99,313.83 |
|---|---|---|---|---|---|---|

### Card Withdrawals

Card Number: xxxx-xxxx-xxxx-0933

| Date | Description of Transaction | | Ref Number | | Amount |
|---|---|---|---|---|---|
| Aug 3 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 073120 HENDERSON NV<br>REF # 24610430214010194720571 | 4010194720 | $ | 130.46- |
| Aug 3 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 080220 LAS VEGAS NV<br>REF # 24692160215100284006479 | 5100284006 | | 372.44- |
| Aug 5 | Debit Purchase - VISA<br>THE HOME DEPOT 3<br>************0933 | On 080320 LAS VEGAS NV<br>REF # 24692160217100639970815 | 7100639970 | | 90.44- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881121 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881204 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881386 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881469 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881535 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881618 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881790 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881873 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269881956 | 9001269881 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269882038 | 9001269882 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269882111 | 9001269882 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269882293 | 9001269882 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269882525 | 9001269882 | | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 24137460219001269882608 | 9001269882 | | 6.95- |

Case 18-12734-mkn    Doc 742    Entered 10/01/20 12:36:06    Page 23 of 26

US Bank.

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV  89117-7519

Account Number:
: 3877
Statement Period:
Aug 3, 2020
through
Aug 31, 2020

Page 3 of 6

## PREMIUM BUSINESS CHECKING                                    (CONTINUED)

U.S. Bank National Association

Account Number        -3877

### Card Withdrawals (continued)

Card Number: xxxx-xxxx-xxxx-0933

| Date | Description of Transaction | | Ref Number | Amount |
|------|----------------------------|--|-----------|--------|
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 2413746021900126988 2780 | 9001269882 | 6.95- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 2413746021900126988 2376 | 9001269882 | 7.10- |
| Aug 6 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 080520 LAS VEGAS NV<br>REF # 2413746021900126988 2459 | 9001269882 | 7.10- |
| Aug 10 | Debit Purchase - VISA<br>FERGUSON ENT #67<br>************0933 | On 080720 844-872-3857 NV<br>REF # 2443565022083911396 8822 | 0839113968 | 65.24- |
| Aug 10 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 080620 LAS VEGAS NV<br>REF # 2469216022010052028 6839 | 0100520286 | 141.56- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080720 925-8661500  CA<br>REF # 2475542022027220802 0590 | 0272208020 | 235.00- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080720 925-8661500  CA<br>REF # 2475542022027220800 5880 | 0272208005 | 235.00- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080720 925-8661500  CA<br>REF # 2475542022027220801 6218 | 0272208016 | 235.00- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080720 925-8661500  CA<br>REF # 2475542022027220801 4775 | 0272208014 | 235.00- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080820 925-8661500  CA<br>REF # 2475542022127221488 6173 | 1272214886 | 295.00- |
| Aug 10 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 080820 925-8661500  CA<br>REF # 2475542022127221488 0028 | 1272214880 | 295.00- |
| Aug 13 | Debit Purchase - VISA<br>FLOOR AND DECOR<br>************0933 | On 081220 LAS VEGAS NV<br>REF # 2443106022620092870 0852 | 6200928700 | 302.92- |
| Aug 14 | Debit Purchase - VISA<br>LOWES #01719*<br>************0933 | On 081320 LAS VEGAS NV<br>REF # 2469216022610003342 6975 | 6100033426 | 120.53- |
| Aug 17 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 081520 LAS VEGAS NV<br>REF # 2469216022810042823 8660 | 8100428238 | 161.78- |
| Aug 17 | Debit Purchase - VISA<br>LOWES #01703*<br>************0933 | On 081320 LAS VEGAS NV<br>REF # 2469216022710031687 9139 | 7100316879 | 447.56- |
| Aug 18 | Debit Purchase - VISA<br>SQ *DAMIAN DOUGL<br>************0933 | On 081720 gosq.com NV<br>REF # 2469216023010063287 7051 | 0100632877 | 500.00- |
| Aug 19 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 081820 925-8661500  CA<br>REF # 2475542023127231427 9509 | 1272314279 | 690.00- |
| Aug 24 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082020 LAS VEGAS NV<br>REF # 2461043023401019366 9700 | 4010193669 | 125.72- |

US BANK.

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV  89117-7519

Account Number:
77

Statement Period:
Aug 3, 2020
through
Aug 31, 2020



Page 4 of 6

## PREMIUM BUSINESS CHECKING                                           (CONTINUED)

.S. Bank National Association                                    **Account Number**         -3877

**Card Withdrawals (continued)**

Card Number: xxxx-xxxx-xxxx-0933

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Aug 24 | Debit Purchase - VISA<br>WANN MECHANICAL<br>************0933 | On 082320 702-279-6915 NV<br>REF # 2469216023720062502556O | 7200625025 | 225.00- |
| Aug 24 | Debit Purchase - VISA<br>NELLIS AUCTION<br>************0933 | On 082320 702-531-1300 NV<br>REF # 24489930236300482633854 | 6300482633 | 280.42- |
| Aug 24 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082020 LAS VEGAS NV<br>REF # 24610430234010193669957 | 4010193669 | 629.94- |
| Aug 26 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 082520 LAS VEGAS NV<br>REF # 24137460239001276340208 | 9001276340 | 2.05- |
| Aug 26 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 082520 925-8661500  CA<br>REF # 24755420238272380069753 | 8272380069 | 235.00- |
| Aug 26 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082420 N LAS VEGAS  NV<br>REF # 24610430238010194583807 | 8010194583 | 496.62- |
| Aug 26 | Debit Purchase - VISA<br>OLD REPUBLIC HOM<br>************0933 | On 082520 925-8661500  CA<br>REF # 24755420238272380068656 | 8272380068 | 761.67- |
| Aug 27 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 082620 LAS VEGAS NV<br>REF # 24692160239200102383373 | 9200102383 | 125.55- |
| Aug 28 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082620 LAS VEGAS NV<br>REF # 24610430240010193551223 | 0010193551 | 67.80- |
| Aug 28 | Debit Purchase - VISA<br>COSTCO WHSE #067<br>************0933 | On 082720 HENDERSON NV<br>REF # 24431060241898000075803 | 1898000075 | 135.41- |
| Aug 28 | Debit Purchase - VISA<br>COSTCO WHSE #067<br>************0933 | On 082720 HENDERSON NV<br>REF # 24431060241898000075811 | 1898000075 | 161.91- |
| Aug 31 | Debit Purchase - VISA<br>USPS PO 31489900<br>************0933 | On 082920 LAS VEGAS NV<br>REF # 24137460243001229612616 | 3001229612 | 2.05- |
| Aug 31 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082920 LAS VEGAS NV<br>REF # 24610430243010203458796 | 3010203458 | 20.56- |
| Aug 31 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 082920 LAS VEGAS NV<br>REF # 24692160243100391861861 | 3100391861 | 60.67- |
| Aug 31 | Debit Purchase - VISA<br>THE HOME DEPOT #<br>************0933 | On 082720 LAS VEGAS NV<br>REF # 24610430241010193573226 | 1010193573 | 76.37- |
| Aug 31 | Debit Purchase - VISA<br>COSTCO WHSE #068<br>************0933 | On 083020 LAS VEGAS NV<br>REF # 24431060244898000082988 | 4898000082 | 140.83- |
| Aug 31 | Debit Purchase - VISA<br>LOWES #00784*<br>************0933 | On 082920 LAS VEGAS NV<br>REF # 24692160243100391861853 | 3100391861 | 507.36- |

| | | | | |
|---|---|---|---|---|
| | | **Card 0933  Withdrawals Subtotal** | $ | 8,726.31- |
| | | **Total Card Withdrawals** | $ | 8,726.31- |

**US bank.**

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV 89117-7519

Account Number:
.3877
Statement Period:
Aug 3, 2020
through
Aug 31, 2020

Page 5 of 6

## PREMIUM BUSINESS CHECKING                                                (CONTINUED)

.S. Bank National Association                                    **Account Number**        -3877

### Other Withdrawals

| Date | Description of Transaction | | Ref Number | | Amount |
|------|---------------------------|---|-----------|---|--------|
| Aug 14 | Electronic Withdrawal | To INTUIT | | $ | 172.31- |
| | REF=202260139494360N00 | 0000756346CHECKSFORM6594322 | | | |
| Aug 14 | Analysis Service Charge | | 1400000000 | | 191.74- |
| Aug 17 | Electronic Withdrawal | To INTUIT | | | 500.25- |
| | REF=202270066245910N00 | 0000756346CHECKSFORM8548609 | | | |
| Aug 20 | Electronic Withdrawal | To INTUIT | | | 127.35- |
| | REF=202320140718370N00 | 0000756346CHECKSFORM3426504 | | | |
| Aug 21 | Electronic Withdrawal | To INTUIT | | | 12.63- |
| | REF=202330077789700N00 | 0000756346CHECKSFORM1516142 | | | |
| | | | **Total Other Withdrawals** | $ | **1,004.28-** |

### Checks Presented Conventionally

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|-------|------|-----------|--------|-------|------|-----------|--------|
| 2773 | Aug 3 | 8055786413 | 602.49 | 12927 | Aug 18 | 8356010204 | 467.00 |
| 2871* | Aug 5 | 8650406789 | 200.00 | 12928 | Aug 18 | 8356010205 | 410.31 |
| 2883* | Aug 3 | 8055985965 | 696.00 | 12929 | Aug 12 | 8654617633 | 5,458.82 |
| 2886* | Aug 11 | 8355839068 | 629.00 | 12930 | Aug 10 | 8056736071 | 568.72 |
| 2887 | Aug 7 | 9254729832 | 350.00 | 12931 | Aug 11 | 8356293912 | 49.24 |
| 2888 | Aug 3 | 8053146298 | 725.85 | 12932 | Aug 7 | 9254962384 | 160.00 |
| 2889 | Aug 11 | 8356746121 | 75.00 | 12933 | Aug 7 | 9255035541 | 50.00 |
| 2890 | Aug 11 | 8356746123 | 75.00 | 12935* | Aug 7 | 9254962235 | 430.00 |
| 2891 | Aug 11 | 8356746122 | 65.00 | 12936 | Aug 7 | 9255035540 | 35.00 |
| 2892 | Aug 4 | 8356027126 | 100.00 | 12937 | Aug 10 | 8057513068 | 28.75 |
| 2893 | Aug 5 | 8654242813 | 33.25 | 12938 | Aug 7 | 9254962078 | 63.00 |
| 2894 | Aug 4 | 8356588306 | 200.00 | 12939 | Aug 7 | 9254962077 | 63.00 |
| 2895 | Aug 6 | 8954248320 | 350.00 | 12940 | Aug 10 | 8057513567 | 112.00 |
| 2896 | Aug 10 | 8056658591 | 1,400.00 | 12941 | Aug 7 | 9255035543 | 40.00 |
| 2897 | Aug 21 | 9253467666 | 441.76 | 12942 | Aug 7 | 9255035542 | 40.00 |
| 2898 | Aug 19 | 8654837537 | 395.60 | 12943 | Aug 7 | 9254961809 | 51.00 |
| 2899 | Aug 19 | 8654837535 | 393.03 | 12947* | Aug 10 | 8057250737 | 50.00 |
| 2900 | Aug 19 | 8654837536 | 372.75 | 12948 | Aug 10 | 8057250741 | 50.00 |
| 2901 | Aug 17 | 8057225695 | 534.17 | 12949 | Aug 10 | 8057250742 | 50.00 |
| 2902 | Aug 12 | 8654969264 | 788.08 | 12950 | Aug 10 | 8057250740 | 50.00 |
| 2903 | Aug 19 | 8654033323 | 522.64 | 12951 | Aug 10 | 8057250738 | 50.00 |
| 2904 | Aug 25 | 8356412016 | 135.69 | 12952 | Aug 10 | 8057250739 | 50.00 |
| 2905 | Aug 17 | 8056870639 | 602.72 | 12953 | Aug 14 | 9255043511 | 75.00 |
| 2906 | Aug 18 | 8356780841 | 760.36 | 12954 | Aug 14 | 9255043510 | 75.00 |
| 2907 | Aug 13 | 8954630145 | 572.91 | 12955 | Aug 14 | 9255043509 | 75.00 |
| 2909* | Aug 18 | 8356256023 | 657.20 | 12956 | Aug 13 | 8954052727 | 48.22 |
| 2910 | Aug 18 | 8356256022 | 559.24 | 12957 | Aug 13 | 8954052728 | 48.22 |
| 2911 | Aug 18 | 8356038479 | 887.52 | 12958 | Aug 13 | 8954052729 | 47.85 |
| 2912 | Aug 19 | 8654042441 | 676.60 | 12959 | Aug 13 | 8954052730 | 47.85 |
| 2913 | Aug 18 | 8356038530 | 602.49 | 12960 | Aug 13 | 8954052731 | 46.23 |
| 2914 | Aug 19 | 8654042440 | 557.35 | 12961 | Aug 13 | 8954052732 | 46.23 |
| 2915 | Aug 20 | 8953374308 | 692.72 | 12962 | Aug 4 | 8356588363 | 11,893.00 |
| 2916 | Aug 18 | 8355364002 | 358.13 | 12963 | Aug 6 | 8954309058 | 700.00 |
| 2917 | Aug 18 | 8355364004 | 320.08 | 12964 | Aug 5 | 8655097061 | 4,478.90 |
| 2918 | Aug 18 | 8355364000 | 932.43 | 12965 | Aug 7 | 9254524919 | 475.00 |
| 2919 | Aug 18 | 8355364003 | 818.33 | 12966 | Aug 11 | 8355691481 | 74.08 |
| 2920 | Aug 18 | 8355364005 | 721.85 | 12967 | Aug 11 | 8354844925 | 500.00 |
| 2921 | Aug 18 | 8355364001 | 708.60 | 12968 | Aug 11 | 8355830012 | 605.00 |
| 2922 | Aug 18 | 8356010201 | 591.75 | 12969 | Aug 11 | 8355830011 | 566.00 |
| 2923 | Aug 18 | 8356010203 | 555.37 | 12970 | Aug 31 | 8055812476 | 2,555.00 |
| 2924 | Aug 18 | 8356010207 | 551.14 | 12971 | Aug 13 | 8954585232 | 75.00 |
| 2925 | Aug 18 | 8356010206 | 500.12 | 12972 | Aug 13 | 8954585234 | 75.00 |
| 2926 | Aug 18 | 8356010200 | 470.92 | 12973 | Aug 13 | 8954585233 | 15.00 |

US Bank.

DEBTOR IN POSSESSION
BANKRUPTCY CASE # 18-12734-LEB
STE 2 # 351
9811 W CHARLESTON BLVD
LAS VEGAS NV  89117-7519

Account Number:
3877
Statement Period:
Aug 3, 2020
through
Aug 31, 2020

Page 6 of 6



## PREMIUM BUSINESS CHECKING (CONTINUED)

U.S. Bank National Association

Account Number    3877

### Checks Presented Conventionally (continued)

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|-------|------|-----------|--------|-------|------|-----------|--------|
| 12974 | Aug 12 | 8654569600 | 77.32 | 13004 | Aug 19 | 8653091239 | 323.00 |
| 12975 | Aug 26 | 8652570565 | 45.00 | 13005 | Aug 19 | 8653091251 | 321.93 |
| 12976 | Aug 20 | 8954075773 | 120.00 | 13006 | Aug 19 | 8653091252 | 289.19 |
| 12977 | Aug 19 | 8653091217 | 3,804.78 | 13007 | Aug 19 | 8653091243 | 268.22 |
| 12978 | Aug 19 | 8653091218 | 530.61 | 13008 | Aug 26 | 8654408805 | 195.38 |
| 12979 | Aug 19 | 8653091221 | 492.66 | 13009 | Aug 19 | 8653091242 | 6.00 |
| 12980 | Aug 19 | 8653091220 | 492.54 | 13010 | Aug 25 | 8354502828 | 74.53 |
| 12981 | Aug 19 | 8653091222 | 490.15 | 13011 | Aug 25 | 8354502827 | 69.33 |
| 12982 | Aug 19 | 8653091215 | 482.14 | 13012 | Aug 25 | 8354502826 | 64.97 |
| 12983 | Aug 19 | 8653091223 | 474.57 | 13013 | Aug 25 | 8354502825 | 63.03 |
| 12984 | Aug 19 | 8653091224 | 436.01 | 13014 | Aug 25 | 8354502824 | 63.03 |
| 12985 | Aug 19 | 8653091254 | 424.00 | 13015 | Aug 25 | 8354502823 | 63.03 |
| 12986 | Aug 19 | 8653091255 | 404.08 | 13016 | Aug 25 | 8354502822 | 63.03 |
| 12987 | Aug 19 | 8653091225 | 400.24 | 13017 | Aug 25 | 8354502821 | 63.03 |
| 12988 | Aug 19 | 8653091213 | 357.25 | 13018 | Aug 25 | 8354502820 | 63.03 |
| 12989 | Aug 19 | 8653091214 | 356.42 | 13019 | Aug 25 | 8354502819 | 63.03 |
| 12990 | Aug 19 | 8653091226 | 350.28 | 13020 | Aug 31 | 8053239838 | 120.00 |
| 12991 | Aug 19 | 8653091219 | 343.53 | 13021 | Aug 31 | 8053239786 | 100.00 |
| 12992 | Aug 19 | 8653091216 | 214.35 | 13022 | Aug 31 | 8053239830 | 90.00 |
| 12993 | Aug 19 | 8653091244 | 566.36 | 13023 | Aug 31 | 8054565407 | 25.75 |
| 12994 | Aug 19 | 8653091245 | 549.13 | 13024 | Aug 26 | 8653943562 | 58.29 |
| 12995 | Aug 19 | 8653091246 | 529.27 | 13025 | Aug 18 | 8354274386 | 2,749.50 |
| 12996 | Aug 26 | 8654408803 | 502.33 | 13026 | Aug 26 | 8654348385 | 44.17 |
| 12997 | Aug 19 | 8653091247 | 396.02 | 13027 | Aug 26 | 8654348384 | 32.22 |
| 12998 | Aug 19 | 8653091241 | 387.47 | 13028 | Aug 25 | 8356126811 | 1,205.00 |
| 12999 | Aug 19 | 8653091248 | 369.76 | 13029 | Aug 27 | 8953428379 | 2,525.00 |
| 13000 | Aug 19 | 8653091249 | 363.40 | 13031* | Aug 28 | 9254659919 | 850.00 |
| 13001 | Aug 19 | 8653091240 | 346.02 | 13032 | Aug 28 | 9254659918 | 425.00 |
| 13002 | Aug 26 | 8654408804 | 326.04 | 13036* | Aug 31 | 8056408448 | 20,000.00 |
| 13003 | Aug 19 | 8653091250 | 325.91 | | | | |

* Gap in check sequence        Conventional Checks Paid (145)    $    98,267.89-

### Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|---------------|------|---------------|------|---------------|
| Aug 3 | 61,619.82 | Aug 12 | 45,767.04 | Aug 21 | 7,278.07 |
| Aug 4 | 56,782.04 | Aug 13 | 44,441.61 | Aug 24 | 6,247.25 |
| Aug 5 | 56,601.30 | Aug 14 | 43,732.03 | Aug 25 | 37,795.77 |
| Aug 6 | 57,082.85 | Aug 17 | 41,498.13 | Aug 26 | 35,297.00 |
| Aug 7 | 55,325.85 | Aug 18 | 27,375.79 | Aug 27 | 32,646.45 |
| Aug 10 | 52,829.58 | Aug 19 | 8,672.53 | Aug 28 | 31,006.33 |
| Aug 11 | 50,441.26 | Aug 20 | 7,732.46 | Aug 31 | 17,407.74 |

Balances only appear for days reflecting change.